UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **DENNIS GROMOV,** individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**BELKIN INTERNATIONAL, INC.,**<br><br>Defendant. | Case No. 1:22-cv-6918<br><br>Hon. Franklin U. Valderrama |

## JOINT REPORT OF THE PARTIES

The Court ordered the parties to file a "joint written status report on discovery progress and settlement status." (ECF No. 29.)

**I.  Discovery progress**

**A.  Written discovery**

The parties have each exchanged at least one round of written discovery.

*Gromov's position:*

Belkin is stalling the progress of this suit by delaying written discovery.

Gromov's requests to Belkin were served on April 21, making Belkin's responses due May 21. Gromov granted Belkin an extension to June 5. Belkin served its response at 11pm that night, but produced **zero** documents then and still has not.

Belkin stated that under Rule 34, Belkin has unilateral right to production of documents until a time of its choosing, so long as Belkin gives the date of production in its written response. Gromov does not agree with that reading of the rule. Belkin then stated:

1

> Belkin intends to begin production when documents are ready rather than holding back all documents pending the entry of a protective order. As we are already in the process of collecting documents and preparing the production, we presently do not anticipate requiring the full 30 days.

"The full 30 days" means 30 days from June 5, which would be July 5. However, to date, Belkin has still produced nothing. Gromov expects Belkin to keep its word.

Also: the parties held a meet-and-confer session on Belkin's extensive discovery objections on June 9. This session was completely unsuccessful in that this did not resolve any of Belkin's objections. Gromov intends to move to compel Belkin's responses.

Gromov has responded to all of Belkin's discovery requests, including making a production of documents. Belkin also demanded Gromov's actual battery pack and his actual cell phone. While written responses to these requests are not yet formally due, Gromov promptly asked Belkin to propose an inspection protocol as to the battery and to justify the need for inspection Gromov's cell phone. On June 12, Belkin agreed to provide these response, but it has not yet done so.

***Belkin's position:***

Gromov's characterization of Belkin as "stalling" this lawsuit and "delaying" discovery is unfounded. As Gromov acknowledges, Belkin served its discovery responses just earlier this month. Belkin has been actively working to collect responsive documents for production. Indeed, it is not uncommon for documents to be produced after the written responses. In fact, the federal rules contemplate this scenario. Federal Rule of Civil Procedure 34 states, in relevant part: "The production must then be completed no later than the time for inspection specified in the request *or another reasonable time specified in the response*." Fed. R. Civ. Proc. 34 (emphasis added). Here, Belkin's responses specify that it will produce "within 30 days of service of these

2

written responses and, where appropriate, on a rolling basis and after the entry of a suitable protective order by the Court." This response is consistent with the applicable rule.

Similarly, Gromov's characterization of the parties' meet and confer session as "completely unsuccessful" is also inaccurate. The parties spent over an hour discussing the perceived deficiencies in each side's discovery responses. The call ended cordially with both sides agreeing to look into certain issues before reverting back. For instance, Gromov failed to serve a verification under oath of his interrogatory responses. Gromov's counsel who participated in the June 9th meet and confer call agreed to provide such a verification, but still has not done so. Gromov's counsel also promised to circle back to Belkin after further investigating the basis for certain objections to Belkin's requests for production, but has not yet done so. Even though Gromov has not yet reverted on his outstanding issues, Belkin has not accused him of delay or made other unfounded accusations. The pace of discovery in this case has not been unreasonable, and there simply is no basis for hurling accusations of mal-intent.

### B. Depositions

On June 9, Belkin unilaterally selected a deposition date for Gromov's deposition and served a notice for this deposition. The next business day, Gromov notified Belkin that this date is not available. Belkin agreed to come forward with a new proposed date. This has not happened yet.

*Gromov's position:*

Gromov intends to depose Belkin early in this case and then follow up with witnesses. However, Belkin's written response is completely insufficient to prepare or take a Rule 30(b)(6) deposition, given that Belkin has produced zero documents to date.

3

*Belkin's position:*

When Gromov stated that he was unavailable for deposition on the date selected in the notice, Belkin promptly confirmed that it would be happy to pick a different date that would work better for Gromov and his counsel. Belkin is in the process of determining new available dates. Given that some of Belkin's counsel is located out-of-state, the scheduling of Gromov's deposition requires factoring in sufficient time for travel to and from Illinois.

C. **Belkin's demand for a protective order**

Belkin has withheld some of its documents on grounds that it intends to seek a protective order. On June 6, Belkin stated that it would send Gromov a draft order for review. To date, this has not happened.

*Gromov's position:*

This appears to be a further delay tactic. Belkin has done nothing to substantiate its need for a protective order. No privilege log has been produced. Belkin has not communicated to Gromov which categories of evidence might be subject to protection. And Belkin is already overdue on producing non-protectible documents, which were due on June 5.

*Belkin's position:*

Again, Gromov's accusations of delay against Belkin are baseless. Belkin already explained in both email correspondence, as well as during the telephonic June 9th meet and confer call, that a protective order is necessary for certain sales data that Belkin intends to produce in response to Gromov's discovery requests. As conveyed to Gromov, Belkin proposed using the Court's model protective order, which is not likely to be deemed controversial by either side. Gromov's counsel stated that he would discuss this with his colleagues. In addition, Belkin will produce a privilege

4

log, as needed, following its document production. Finally, Gromov's characterization of Belkin's production as "overdue" is simply wrong. As discussed above, Belkin just recently served its discovery responses this month and has been working actively to ready its production, which it has indicated will be served within 30 days of the written responses.

## II. Settlement status

Prior to the filing of this action, the parties conducted a mediation, which resulted in impasse. Communicating further details of that session would violate the confidentiality each side agreed to.

*Gromov's position:*

Gromov is not in any position to consider settlement because Belkin is obstructing progress on discovery.

*Belkin's position:*

Belkin agreed to and did participate in a mediation in late 2022 because the parties expressly agreed to certain pre-conditions. Notwithstanding the parties' express agreement, which was confirmed in email correspondence, Gromov reneged on the preconditions, so the mediation was unsuccessful.

<table>
<tr><td>Date: June 29, 2023</td><td>/s/ William F. Cash III</td></tr>
</table>

William F. Cash III (Ill. Bar No. 6330856)
bcash@levinlaw.com
Matthew D. Schultz (*pro hac vice*)
mschultz@levinlaw.com
Scott Warrick (*pro hac vice*)
swarrick@levinlaw.com
**LEVIN, PAPANTONIO, RAFFERTY, PROCTOR, BUCHANAN, O'BRIEN, BARR & MOUGEY, P.A.**
316 South Baylen Street, Suite 600
Pensacola, FL 32502
Phone: 850-435-7059

Seyed Abbas Kazerounian (Ill. Bar No. 6316129)
ak@kazlg.com
**KAZEROUNI LAW GROUP, APC**
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Phone: 800-400-6808

Jason A. Ibey (Bar. No. 16691)
jason@kazlg.com
**KAZEROUNI LAW GROUP, APC**
321 N. Mall Drive, Suite R108
St. George, Utah 84790
Phone: 800-400-6808

D. Greg Blankinship (*pro hac vice*)
gblankinship@fbfglaw.com
Bradley F. Silverman (*pro hac vice*)
bsilverman@fbfglaw.com
**FINKELSTEIN, BLANKINSHIP, FREI-PEARSON & GARBER, LLP**
1 North Broadway, Suite 900
White Plains, NY 10601
Phone: 914-298-3290

*Attorneys for Plaintiff Dennis Gromov*

/s/ Patricia Mathy

Edward Totino (admitted pro hac vice)
Nancy Nguyen Sims (admitted pro hac vice)
**BAKER & MCKENZIE LLP**
10250 Constellation Blvd., Ste. 1850
Los Angeles, CA 90067
Telephone: (310) 210-4725
edward.totino@bakermckenzie.com
nancy.sims@bakermckenzie.com

Patricia Mathy
**BAKER & MCKENZIE LLP**
300 East Randolph Street, Suite 5000
Chicago, IL 60601
Telephone: (312) 861-2885
patricia.mathy@bakermckenzie.com

*Counsel for Defendant Belkin International, Inc.*