NATHAN M. SMITH (SBN 255212)
nate@bnsklaw.com
NONA YEGAZARIAN (SBN 316458)
nona@bnsklaw.com
BROWN NERI SMITH & KHAN LLP
11601 Wilshire Boulevard, Suite 2080
Los Angeles, California 90025
Telephone:    (310) 593-9890
Facsimile:    (310) 593-9980

D. GREG BLANKINSHIP
gblankinship@fbfglaw.com
FINKELSTEIN, BLANKINSHIP,
  FREI-PEARSON & GARBER, LLP
1 North Broadway, Suite 900
White Plains, New York 10601
Telephone:    (914) 298-3290

WILLIAM F. CASH
bcash@levinlaw.com
MATTHEW D. SCHULTZ
mschultz@levinlaw.com
BRENTON J. GOODMAN
bgoodman@levinlaw.com
LEVIN, PAPANTONIO, RAFFERTY,
  PROCTOR, BUCHANAN, O'BRIEN,
  BARR, & MOUGEY, P.A.
316 South Baylen Street, Suite 600
Pensacola, Florida 32502
Telephone:    (850) 435-7059
Facsimile:    (850) 435-7020

*Attorneys for Plaintiff Lenore Miley*

SHELDON EISENBERG (SBN 100626)
seisenberg@sullivantriggs.com
GILLIAN KUHLMANN (SBN 316241)
gkuhlmann@sullivantriggs.com
NAIRI SHIRINIAN (SBN 335909)
nshirinian@sullivantriggs.com
SULLIVAN & TRIGGS, LLP
1230 Montana Avenue, Suite 201
Santa Monica, California 90403
Telephone:    (310) 451-8300
Facsimile:    (310) 451-8303

*Attorneys for Defendant Belkin International, Inc.*

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES

| | |
|---|---|
| LENORE MILEY, individually and on behalf of all others similarly situated,<br><br>            Plaintiff,<br><br>    v.<br><br>BELKIN INTERNATIONAL, INC.,<br><br>            Defendant. | Case No.: 20STCV00033<br><br>**STIPULATION FOR ORDER CONTINUING HEARING AND RESETTING BRIEFING SCHEDULE ON DEFENDANT BELKIN INTERNATIONAL, INC.'S MOTION FOR SUMMARY JUDGMENT**<br><br>Action Filed:    January 2, 2020<br>Department:    12<br>MSJ Hearing:    June 2, 2021, 1:45 p.m. |

The Parties, having met and conferred, hereby submit the following stipulation for an Order resetting the pending hearing date on Belkin International Inc.'s ("Belkin") Motion for Summary Judgment ("Motion") and the outstanding briefing schedule for the opposition and reply.

WHEREAS, the Court initially set the hearing on the Motion for March 17, 2021 at 1:45 p.m.;

WHEREAS, in light of the Parties' efforts to resolve certain disputes over the scope of the discovery undertaken by Plaintiff Lenore Miley ("Miley") in connection with the preparation of its opposition to the Motion, the Court approved the Parties' March 4, 2021 joint stipulation to continue the hearing on the Motion to June 2, 2021;

WHEREAS, although Belkin has already produced substantial documentation to Miley and Miley has taken a person most knowledgeable deposition of Belkin, Belkin is now in the process of producing additional documents in accordance with an agreed upon expanded scope of production for Miley;

WHEREAS, Miley intends to depose additional Belkin witnesses after reviewing Belkin's forthcoming document production and Belkin has agreed to such depositions;

WHEREAS, Belkin intends to complete its further production of documents by April 30 and consents to extend Miley's deadline to file a motion to compel in the event that it finds Belkin's forthcoming document production insufficient.

WHEREAS, on March 30, 2021, a California federal district court set for trial from June 1 to June 11, 2021 a case in which Belkin's counsel represents the defendant; and

WHEREAS, for all of the reasons above, the Parties have agreed that the June 2 hearing on the Motion should be continued and the current briefing schedule tied to the June 2 hearing date should be modified;

THEREFORE, the Parties hereby agree and stipulate, subject to modification pursuant to potential further agreement between the Parties, to the following revised schedule:

1. Miley's opposition to the Motion shall be filed no later than June 17, 2021.

2. Belkin's reply in support of the Motion shall be filed no later than July 8, 2021.

3. The current hearing date for the Motion for Summary Judgment, June 2, 2021, be vacated and continued to a date convenient for the Court that is no earlier than July 14, 2021.

**1**

1   A proposed order is submitted with this stipulation.

2   Dated: April 19, 2021                    Respectfully submitted,

3                                            BROWN NERI SMITH & KHAN LLP

4

5                                   By:   /s/ Nathan M. Smith
                                         Nathan M. Smith
6                                        Nona Yegazarian

7                                        Attorneys for Plaintiff Lenore Miley

8

9                                            SULLIVAN & TRIGGS, LLP

10

11                                  By:   /s/ Sheldon Eisenberg
                                         Sheldon Eisenberg
12                                       Gillian Kuhlmann
                                         Nairi Shirinian

13                                       Attorneys for Defendant Belkin International, Inc.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**STIP. FOR ORDER CONTINUING HEARING AND RESETTING BRIEFING – Case No. 20STCV00033**

## **PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

      I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is Sullivan & Triggs LLP, 1230 Montana Avenue, Suite 201, Santa Monica, California 90403.

      On **April 19, 2021**, I served the foregoing document described as:  **STIPULATION FOR ORDER CONTINUING HEARING AND RESETTING BRIEFING SCHEDULE ON DEFENDANT BELKIN INTERNATIONAL, INC.'S MOTION FOR SUMMARY JUDGMENT** on the interested parties in this action as follows:

  __X__  **By ELECTRONIC SERVICE** (I electronically served a true and correct copy of the foregoing document using the CASE ANYWHERE System which will send notification of such submission to counsel of record indicated on the attached service list.)

_____  **By PERSONAL SERVICE**

    _____  by personally delivering such envelope to the addressee.

    _____  by causing such envelope to be delivered by messenger to the office of the addressee.

_____  **By UNITED STATES MAIL** (I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.)

_____  **By OVERNIGHT DELIVERY** (by causing such envelope to be delivered to the office of the addressee by overnight delivery via Federal Express or by other similar overnight delivery service.)

  __X__  (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_____  (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

      Executed on **April 19, 2021**, at Santa Monica, California.

| | |
|---|---|
| _____Shella Anderson_____ | _____*Shella Anderson*_____ |
| Name | Signature |

**3**

Service List

| | |
|---|---|
| Nathan M. Smith (Ca. Bar No. 255212)<br>Nona Yegazarian (Ca. Bar No. 316458)<br>**BROWN NERI SMITH & KHAN LLP**<br>11601 Wilshire Boulevard, Suite 2080<br>Los Angeles, California 90025<br>Phone: 310-593-9890<br>Fax: 310-593-9980<br>Email: nate@bnsklaw.com<br>Email: nona@bnsklaw.com<br><br>D. Greg Blankinship<br>**FINKELSTEIN, BLANKINSHIP,**<br>   **FREI-PEARSON & GARBER, LLP**<br>445 Hamilton Ave, Suite 605<br>White Plains, NY 10601<br>Phone: 914-298-3290<br>Email: gblankinship@fbfglaw.com<br><br>William F. Cash<br>Matthew D. Schultz<br>Brenton J. Goodman<br>**LEVIN, PAPANTONIO, THOMAS,**<br>   **MITCHELL, RAFFERTY &**<br>**PROCTOR, P.A.**<br>316 South Baylen Street, Suite 600<br>Pensacola, FL 32502<br>Phone: 850-435-7059<br>Fax: 850-435-7020<br>Email: bcash@levinlaw.com<br>Email: mschultz@levinlaw.com<br>Email: bgoodman@levinlaw.com | Attorneys for Plaintiff Lenore Miley |

**STIP. FOR ORDER CONTINUING HEARING AND RESETTING BRIEFING – Case No. 20STCV00033**

1　SHELDON EISENBERG (SBN 100626)
　　sheldon.eisenberg@faegredrinker.com
2　ERIN E. McCRACKEN (SBN 244523)
　　erin.mccrakcen@faegredrinker.com
3　FAEGRE DRINKER BIDDLE & REATH LLP
　　1800 Century Park East, Suite 1500
4　Los Angeles, California 90067-1517
　　Telephone: (310) 203-4000
5　Facsimile: (310) 229-1285

6　Attorneys for Defendant
　　BELKIN INTERNATIONAL, INC.

7

8

9　　　　　**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10　　　　　　**FOR THE COUNTY OF LOS ANGELES**

11

12　LENORE MILEY, individually and on　　| Case No. 20STCV00033
　　behalf of all others similarly situated,

13　　　　　　　　　　　　　　　　　**NOTICE OF APPEARANCE OF ERIN E.**
　　　　　　　　　　Plaintiff,　　　　　**McCRACKEN ON BEHALF OF**
14　　　　　　　　　　　　　　　　　**DEFENDANT BELKIN**
　　　　　v.　　　　　　　　　　　　**INTERNATIONAL, INC.**
15

16　BELKIN INTERNATIONAL, INC.,
　　　　　　　　　　　　　　　　　Judge:　Hon. Carolyn B. Kuhl
17　　　　　　　　Defendant.　　　　　Dept.:　12

18　　　　　　　　　　　　　　　　　Complaint Filed: January 2, 2020

19

20

21

22

23

24

25

26

27

28

FAEGRE DRINKER
BIDDLE & REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

NOTICE OF APPEARANCE

ACTIVE.122218240.01

1    **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

2        **PLEASE TAKE NOTICE** of the entry of appearance in the above-captioned case of Erin

3    E. McCracken, Faegre Drinker Biddle & Reath LLP, as an attorney of record on behalf of

4    defendant Belkin International, Inc.  Ms. McCracken's address, telephone number, fax number

5    and e-mail address are as follows:

6        Erin E. McCracken
         Faegre Drinker Biddle & Reath LLP
7        1800 Century Park East, Suite 1500
         Los Angeles, California 90067-1517
8        Telephone:      (310) 203-4087
         Facsimile:      (310) 229-1285
9        E-Mail:         erin.mccracken@faegredrinker.com

10

11       The Parties are respectfully requested to add Ms. McCracken to the service list on any

12   documents filed.

13

14   Dated:  March 20, 2020                    Respectfully submitted,

15                                             FAEGRE DRINKER BIDDLE & REATH LLP

16

17                                             By:_____/s/ Erin E. McCracken_____
                                                        Erin E. McCracken
18                                             Attorneys for Defendant
                                               BELKIN INTERNATIONAL, INC.
19

20

21

22

23

24

25

26

27

28

FAEGRE DRINKER
BIDDLE & REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

2
NOTICE OF APPEARANCE
ACTIVE.122218240.01

1                            **PROOF OF SERVICE**

2   **STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

3         I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Faegre Drinker Biddle & Reath

4   LLP, 1800 Century Park East, Suite 1400, Los Angeles, California 90067.

5         On **March 20, 2020**, I served the foregoing document described as: **NOTICE OF APPEARANCE OF ERIN E. McCRACKEN ON BEHALF OF DEFENDANT BELKIN**

6   **INTERNATIONAL, INC.** on the interested parties in this action by transmitting a copy as follows:

7

8                       Nathan M. Smith, Esq.
                        Nona Yegazarian, Esq.

9                       BROWN NERI SMITH & KHAN LLP
                      11601 Wilshire Boulevard, Suite 2080

10                       Los Angeles, California 90025
                      Tel: (310) 593-9890 / Fax: (310) 593-9980

11                       E-Mail: nate@bnsklaw.com; nona@bnsklaw.com

12 \_\_\_\_\_   **By PERSONAL SERVICE**

13       \_\_\_\_\_   by personally delivering such envelope to the addressee.

14       \_\_\_\_\_   by causing such envelope to be delivered by messenger to the office of the addressee.

15 \_\_\_\_\_   **By UNITED STATES MAIL** (I am readily familiar with the firm's practice of

16   collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid

17   at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or

18   postage meter date is more than one day after date of deposit for mailing in affidavit.)

19 \_\_\_\_\_   **By OVERNIGHT DELIVERY** (by causing such envelope to be delivered to the office of the addressee by overnight delivery via Federal Express or by other similar overnight

20   delivery service.)

21 \_\_\_\_\_   **By FAX TRANSMISSION**

22   _X_   **By E-MAIL OR ELECTRONIC TRANSMISSION**

23   _X_   (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

24 \_\_\_\_\_   (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

25

26   Executed on **March 20, 2020**, at Los Angeles, California.

27                SHANTA TEEKAH                      S Teekah

28   Name                                      Signature

NOTICE OF APPEARANCE

ACTIVE.122218240.01

1   SHELDON EISENBERG (SBN 100626)
    sheldon.eisenberg@faegredrinker.com
2   ERIN E. McCRACKEN (SBN 244523)
    erin.mccrakcen@faegredrinker.com
3   FAEGRE DRINKER BIDDLE & REATH LLP
    1800 Century Park East, Suite 1500
4   Los Angeles, California 90067-1517
    Telephone:  (310) 203-4000
5   Facsimile:   (310) 229-1285

6   Attorneys for Defendant
    BELKIN INTERNATIONAL, INC.
7

8

9                   **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10                        **FOR THE COUNTY OF LOS ANGELES**

11

12  LENORE MILEY, individually and on        Case No. 20STCV00033
    behalf of all others similarly situated,
13                                            **NOTICE OF APPEARANCE OF**
                Plaintiff,                    **SHELDON EISENBERG ON BEHALF OF**
14                                            **DEFENDANT BELKIN**
         v.                                   **INTERNATIONAL, INC.**
15
    BELKIN INTERNATIONAL, INC.,
16                                            Judge:    Hon. Carolyn B. Kuhl
                Defendant.                     Dept.:    12
17

18                                            Complaint Filed:  January 2, 2020

19

20

21

22

23

24

25

26

27

28

NOTICE OF APPEARANCE

ACTIVE.122217874.01

1    **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

2        **PLEASE TAKE NOTICE** of the entry of appearance in the above-captioned case of

3    Sheldon Eisenberg, Faegre Drinker Biddle & Reath LLP, as an attorney of record on behalf of

4    defendant Belkin International, Inc.  Mr. Eisenberg's address, telephone number, fax number and

5    e-mail address are as follows:

6        Sheldon Eisenberg
         Faegre Drinker Biddle & Reath LLP
7        1800 Century Park East, Suite 1500
         Los Angeles, California 90067-1517
8        Telephone:     (310) 203-4035
         Facsimile:     (310) 229-1285
9        E-Mail:         sheldon.eisenberg@faegredrinker.com

10

11       The Parties are respectfully requested to add Mr. Eisenberg to the service list on any

12   documents filed.

13

14   Dated:  March 20, 2020                    Respectfully submitted,

15                                             FAEGRE DRINKER BIDDLE & REATH LLP

16

17                                             By:_____/s/ Sheldon Eisenberg_____
                                                      Sheldon Eisenberg
18                                             Attorneys for Defendant
                                               BELKIN INTERNATIONAL, INC.
19

20

21

22

23

24

25

26

27

28

FAEGRE DRINKER
BIDDLE & REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

2
NOTICE OF APPEARANCE
ACTIVE.122217874.01

## **PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is Faegre Drinker Biddle & Reath LLP, 1800 Century Park East, Suite 1400, Los Angeles, California 90067.

On **March 20, 2020**, I served the foregoing document described as:  **NOTICE OF APPEARANCE OF SHELDON EISENBERG ON BEHALF OF DEFENDANT BELKIN INTERNATIONAL, INC.** on the interested parties in this action by transmitting a copy as follows:

> Nathan M. Smith, Esq.
> Nona Yegazarian, Esq.
> BROWN NERI SMITH & KHAN LLP
> 11601 Wilshire Boulevard, Suite 2080
> Los Angeles, California 90025
> Tel:  (310) 593-9890 / Fax:  (310) 593-9980
> E-Mail:  nate@bnsklaw.com; nona@bnsklaw.com

_____  **By PERSONAL SERVICE**

_____  by personally delivering such envelope to the addressee.

_____  by causing such envelope to be delivered by messenger to the office of the addressee.

_____  **By UNITED STATES MAIL** (I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.)

_____  **By OVERNIGHT DELIVERY** (by causing such envelope to be delivered to the office of the addressee by overnight delivery via Federal Express or by other similar overnight delivery service.)

_____  **By FAX TRANSMISSION**

__X__  **By E-MAIL OR ELECTRONIC TRANSMISSION**

__X__  (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_____  (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on **March 20, 2020**, at Los Angeles, California.

_____                    _____
SHANTA TEEKAH                                    *S Teekah*
Name                                                       Signature

FAEGRE DRINKER
BIDDLE & REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

NOTICE OF APPEARANCE

ACTIVE.122217874.01

E-Served: Aug 31 2020 10:36AM PDT Via Case Anywhere

1  SHELDON EISENBERG (SBN 100626)
   seisenberg@sullivantriggs.com
2  ERIN E. McCRACKEN (SBN 244523)
   emccracken@sullivantriggs.com
3  Sullivan & Triggs, LLP
   1230 Montana Avenue, Suite 201
4  Santa Monica, California 90403
   Telephone:    (310) 451-8300
5  Facsimile:    (310) 451-8303

6  Attorneys for Defendant
   BELKIN INTERNATIONAL, INC.

7

8

9            **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10                **FOR THE COUNTY OF LOS ANGELES**

11

12  LENORE MILEY, individually and on        Case No. 20STCV00033
    behalf of all others similarly situated,
13                                            **DEFENDANT BELKIN**
                    Plaintiff,               **INTERNATIONAL, INC.'S POSITION**
14                                            **STATEMENT REGARDING ITS**
           v.                                **POTENTIAL EARLY SUMMARY**
15                                            **JUDGMENT MOTION ON THE ISSUE**
    BELKIN INTERNATIONAL, INC.,              **OF LIABILITY**
16
                    Defendant.
17                                            Judge:   Hon. Carolyn B. Kuhl
                                             Dept.:   12
18

19                                            Complaint Filed:  January 2, 2020

20

21

22

23

24

25

26

27

28

SULLIVAN &
TRIGGS, LLP
ATTORNEYS AT LAW
SANTA MONICA

1    Per the Court's direction, the parties have met and conferred regarding a potential early

2    summary judgment motion by defendant Belkin International, Inc. ("Belkin") on liability, but were

3    unable to reach agreement.

4    The primary basis of Belkin's anticipated early summary judgment motion will be that the

5    alleged misrepresentations on the Belkin Pocket Power 10000 power bank are literally true and no

6    reasonable consumer could be misled as a matter of law because the claim is contrary to common

7    sense and the obvious nature of the product, including relevant scientific principles applicable to

8    the lithium ion batteries that are a component of the power banks.  To promote economy for the

9    parties and the Court by limiting the scope of discovery until this threshold legal issue is

10   determined, Belkin proposed filing its motion after taking Plaintiff's deposition.  Plaintiff would

11   then have the opportunity to take discovery necessary only to oppose the issues raised in Belkin's

12   motion.

13   Plaintiff indicated she would be amenable to Belkin's proposal if Belkin did not depose

14   Plaintiff prior to filing its motion.  Plaintiff also indicated she would reserve the right to proceed

15   with broader discovery during the pendency of the motion if the Court were not able to hold a

16   hearing on the motion in a timely manner.

17   Although Belkin agrees it might be reasonable to allow for broader discovery if Belkin's

18   motion cannot be heard in a timely manner after the completion of briefing, Belkin cannot agree to

19   forego Plaintiff's deposition prior to filing its motion.  Plaintiff's testimony could be directly

20   relevant to issues Belkin anticipates raising in connection with Plaintiff's consumer claims.  *See,*

21   *e.g., Demeter v. Taxi Computer Servs., Inc.*, 21 Cal. App. 5th 903, 915 (2018) (granting summary

22   judgment of a UCL claim where named plaintiff testified at deposition that he had no understanding

23   of certain requirements that he was challenging as unlawful and unfair); *Baghdasarian v.*

24   *Amazon.com, Inc.*, 2009 WL 4823368, at *6 (C.D. Cal. Dec. 9, 2009) (granting summary judgment

25   where "Plaintiff's own deposition testimony undermine[d] his own claims, showing that he did not

26   actually rely on Defendant's statements"), *aff'd*, 458 F. App'x 622 (9th Cir. 2011).

27   Belkin looks forward to further discussing these issues with the Court on September 1, 2020.

28

SULLIVAN &
TRIGGS, LLP
ATTORNEYS AT LAW
SANTA MONICA

2

DEFENDANT BELKIN INTERNATIONAL, INC.'S POSITION STATEMENT RE EARLY SUMMARY
JUDGMENT MOTION

1    Dated: August 31, 2020                    Respectfully submitted,

2                                              SULLIVAN & TRIGGS, LLP

3

4                                              By: _____
                                                    Sheldon Eisenberg
5                                                   Erin E. McCracken
                                              Attorneys for Defendant
6                                             BELKIN INTERNATIONAL, INC.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SULLIVAN &
TRIGGS, LLP
ATTORNEYS AT LAW
SANTA MONICA

3
DEFENDANT BELKIN INTERNATIONAL, INC.'S POSITION STATEMENT RE EARLY SUMMARY
JUDGMENT MOTION

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

      I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Sullivan & Triggs, LLP, 1230 Montana Avenue, Suite 201, Santa Monica, California 90403.

      On **August 31, 2020**, I served the foregoing document described as: **DEFENDANT BELKIN INTERNATIONAL, INC.'S POSITION STATEMENT REGARDING ITS POTENTIAL EARLY SUMMARY JUDGMENT MOTION ON THE ISSUE OF LIABILITY** on the interested parties in this action by transmitting a copy as follows:

See Attached Service List

  _X_  **By ELECTRONIC SERVICE** (I electronically uploaded the foregoing with the Case Anywhere system which will send notification of such uploading to counsel denoted on the attached Service List.)

  _____  **By PERSONAL SERVICE**

      _____  by personally delivering such envelope to the addressee.

      _____  by causing such envelope to be delivered by messenger to the office of the addressee.

  _____  **By UNITED STATES MAIL** (I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.)

  _____  **By OVERNIGHT DELIVERY** (by causing such envelope to be delivered to the office of the addressee by overnight delivery via Federal Express or by other similar overnight delivery service.)

  _____  **By FAX TRANSMISSION**

  _X_  (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

  _____  (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on **August 31, 2020**, at Santa Monica, California.

| | |
|---|---|
|     Shella Anderson | *Shella Anderson* |
| Name | Signature |

SULLIVAN &
TRIGGS, LLP
ATTORNEYS AT LAW
SANTA MONICA

4

DEFENDANT BELKIN INTERNATIONAL, INC.'S POSITION STATEMENT RE EARLY SUMMARY JUDGMENT
MOTION

1

Service List

| Nathan M. Smith (Ca. Bar No. 255212) Nona Yegazarian (Ca. Bar No. 316458) **BROWN NERI SMITH & KHAN LLP** 11601 Wilshire Boulevard, Suite 2080 Los Angeles, California 90025 Phone: 310-593-9890 Fax: 310-593-9980 Email: nate@bnsklaw.com Email: nona@bnsklaw.com  D. Greg Blankinship **FINKELSTEIN, BLANKINSHIP,    FREI-PEARSON & GARBER, LLP** 445 Hamilton Ave, Suite 605 White Plains, NY 10601 Phone: 914-298-3290 Email: gblankinship@fbfglaw.com  William F. Cash Matthew D. Schultz Brenton J. Goodman **LEVIN, PAPANTONIO, THOMAS,    MITCHELL, RAFFERTY &   PROCTOR, P.A.** 316 South Baylen Street, Suite 600 Pensacola, FL 32502 Phone: 850-435-7059 Fax: 850-435-7020 Email: bcash@levinlaw.com Email: mschultz@levinlaw.com Email: bgoodman@levinlaw.com | Attorneys for Plaintiff Lenore Miley |
|---|---|

E-Served: Aug 31 2020 10:36AM PDT Via Case Anywhere

MC–050

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| SHELDON EISENBERG (SBN 100626)<br>Sullivan & Triggs, LLP<br>1230 Montana Avenue, Suite 201<br>Santa Monica, California 90403<br>TELEPHONE NO.: (310) 451-8300  FAX NO. *(Optional):* (310) 451-8303<br>E-MAIL ADDRESS *(Optional):* seisenberg@sullivantriggs.com<br>ATTORNEY FOR *(Name):* Defendant, Belkin International, Inc. | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles |
|---|
| STREET ADDRESS: 312 North Spring Street |
| MAILING ADDRESS: 312 North Spring Street |
| CITY AND ZIP CODE: Los Angeles 90012 |
| BRANCH NAME: Spring Street Courthouse |

| CASE NAME: Miley v. Belkin International, Inc. |
|---|

| SUBSTITUTION OF ATTORNEY—CIVIL<br>(Without Court Order) | CASE NUMBER:<br>20STCV00033 |
|---|---|

THE COURT AND ALL PARTIES ARE NOTIFIED THAT *(name):* Belkin International, Inc.   makes the following substitution:

1. **Former legal representative**   ☐ Party represented self   ☒ Attorney *(name):* Faegre Drinker Biddle & Reath LLP
2. **New legal representative**   ☐ Party is representing self*   ☒ Attorney
   a. Name: Sheldon Eisenberg   b. State Bar No. *(if applicable):* 100626
c.       Address *(number, street, city, ZIP, and law firm name, if applicable):* Sullivan & Triggs, LLP
1230 Montana Avenue, Suite 201
Santa Monica, California 90403
   d. Telephone No. *(include area code):* (310) 451-8300
3. The party making this substitution is a   ☐ plaintiff   ☒ defendant   ☐ petitioner   ☐ respondent   ☐ other *(specify):*

---

**\*NOTICE TO PARTIES APPLYING TO REPRESENT THEMSELVES**

| • **Guardian** | • **Personal Representative** | • **Guardian ad litem** |
| • **Conservator** | • **Probate fiduciary** | • **Unincorporated** |
| • **Trustee** | • **Corporation** | **association** |

If you are applying as one of the parties on this list, you may NOT act as your own attorney in most cases. Use this form to substitute one attorney for another attorney. SEEK LEGAL ADVICE BEFORE APPLYING TO REPRESENT YOURSELF.

---

**NOTICE TO PARTIES WITHOUT ATTORNEYS**
A party representing himself or herself may wish to seek legal assistance. Failure to take timely and appropriate action in this case may result in serious legal consequences.

---

4. I consent to this substitution.
   Date: 8/31/2020

   Belkin International, Inc.   ► _[signature]_

   (TYPE OR PRINT NAME)   (SIGNATURE OF PARTY)

5. ☒   I consent to this substitution.
   Date: 8 - 28 - 2020

   Faegre Drinker Biddle & Reath LLP   ► _[signature]_ Kristopher S. Davis

   (TYPE OR PRINT NAME)   (SIGNATURE OF FORMER ATTORNEY)

6. ☒   I consent to this substitution.
   Date: 8/25/2020

   Sheldon Eisenberg   ► _[signature]_ Sheldon Eisenberg

   (TYPE OR PRINT NAME)   (SIGNATURE OF NEW ATTORNEY)

(See reverse for proof of service by mail)   Page 1 of 2

| Form Adopted For Mandatory Use<br>Judicial Council of California<br>MC-050 [Rev. January 1, 2009] | **SUBSTITUTION OF ATTORNEY—CIVIL**<br>**(Without Court Order)** | Code of Civil Procedure, §§ 284(1), 285;<br>Cal. Rules of Court, rule 3.1362<br>*www.courtinfo.ca.gov*<br>American LegalNet, Inc.<br>www.FormsWorkflow.com |
|---|---|---|

MC–050

| CASE NAME:<br>Miley v. Belkin International, Inc. | CASE NUMBER:<br>20STCV00033 |
|---|---|

## PROOF OF SERVICE BY MAIL
### Substitution of Attorney—Civil

**Instructions:** *After having all parties served by mail with the Substitution of Attorney—Civil, have the person who mailed the document complete this Proof of Service by Mail. An <u>unsigned</u> copy of the Proof of Service by Mail should be completed and served with the document. Give the Substitution of Attorney—Civil and the completed Proof of Service by Mail to the clerk for filing. If you are representing yourself, someone else must mail these papers and sign the Proof of Service by Mail.*

1. I am over the age of 18 and **not a party to this cause. I** am a resident of or employed in the county where the mailing occurred. My residence or business address is *(specify):*

2. I served the Substitution of Attorney—Civil by enclosing a true copy in a sealed envelope addressed to each person whose name and address is shown below and depositing the envelope in the United States mail with the postage fully prepaid.

    (1) Date of mailing:                    (2) Place of mailing *(city and state):*

3. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____        _____
          **(TYPE OR PRINT NAME)**                            **(SIGNATURE)**

### NAME AND ADDRESS OF EACH PERSON TO WHOM NOTICE WAS MAILED

4.  a. Name of person served:
     b. Address *(number, street, city, and ZIP):*


     c. Name of person served:
     d. Address *(number, street, city, and ZIP):*


     e. Name of person served:
     f. Address *(number, street, city, and ZIP):*


     g. Name of person served:
     h. Address *(number, street, city, and ZIP):*


     i. Name of person served:
     j. Address *(number, street, city, and ZIP):*


    ☐   List of names and addresses continued in attachment.

---

MC-050 [Rev. January 1, 2009]        **SUBSTITUTION OF ATTORNEY—CIVIL**        Page 2 of 2
                       **(Without Court Order)**

American LegalNet, Inc.<br>www.FormsWorkflow.com

## <u>PROOF OF SERVICE</u>

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is Sullivan & Triggs, LLP, 1230 Montana Avenue, Suite 201, Santa Monica, California 90403.

On **August 31, 2020**, I served the foregoing document described as:  **SUBSTITUTION OF ATTORNEY** on the interested parties in this action by transmitting a copy as follows:

See Attached Service List

_X_ **By ELECTRONIC SERVICE** (I electronically uploaded the foregoing with the Case Anywhere system which will send notification of such uploading to counsel denoted on the attached Service List.)

_____ **By PERSONAL SERVICE**

_____ by personally delivering such envelope to the addressee.

_____ by causing such envelope to be delivered by messenger to the office of the addressee.

_____ **By UNITED STATES MAIL** (I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.)

_____ **By OVERNIGHT DELIVERY** (by causing such envelope to be delivered to the office of the addressee by overnight delivery via Federal Express or by other similar overnight delivery service.)

_____ **By FAX TRANSMISSION**

_X_ (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_____ (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on **August 31, 2020**, at Santa Monica, California.

_____          _____
     Shella Anderson                                          *Shella Anderson*
Name                                                     Signature

SULLIVAN & TRIGGS, LLP
ATTORNEYS AT LAW
SANTA MONICA

1

1

Service List

2

| | |
|---|---|
| Nathan M. Smith (Ca. Bar No. 255212) Nona Yegazarian (Ca. Bar No. 316458) **BROWN NERI SMITH & KHAN LLP** 11601 Wilshire Boulevard, Suite 2080 Los Angeles, California 90025 Phone: 310-593-9890 Fax: 310-593-9980 Email: nate@bnsklaw.com Email: nona@bnsklaw.com<br><br>D. Greg Blankinship **FINKELSTEIN, BLANKINSHIP, FREI-PEARSON & GARBER, LLP** 445 Hamilton Ave, Suite 605 White Plains, NY 10601 Phone: 914-298-3290 Email: gblankinship@fbfglaw.com<br><br>William F. Cash Matthew D. Schultz Brenton J. Goodman **LEVIN, PAPANTONIO, THOMAS, MITCHELL, RAFFERTY & PROCTOR, P.A.** 316 South Baylen Street, Suite 600 Pensacola, FL 32502 Phone: 850-435-7059 Fax: 850-435-7020 Email: bcash@levinlaw.com Email: mschultz@levinlaw.com Email: bgoodman@levinlaw.com | Attorneys for Plaintiff Lenore Miley |

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

DEFENDANT BELKIN INTERNATIONAL, INC.'S POSITION STATEMENT RE EARLY SUMMARY JUDGMENT MOTION

1  SHELDON EISENBERG (SBN 100626)
   seisenberg@sullivantriggs.com
2  ERIN E. McCRACKEN (SBN 244523)
   emccracken@sullivantriggs.com
3  Sullivan & Triggs, LLP
   1230 Montana Avenue, Suite 201
4  Santa Monica, California 90403
   Telephone:    (310) 451-8300
5  Facsimile:    (310) 451-8303

6  Attorneys for Defendant
   BELKIN INTERNATIONAL, INC.

7

8

9            **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10              **FOR THE COUNTY OF LOS ANGELES**

11

12 | LENORE MILEY, individually and on | Case No. 20STCV00033
   | behalf of all others similarly situated, |
13 |                                   | **DECLARATION OF NITIN KALRA IN**
   |                 Plaintiff,        | **SUPPORT OF DEFENDANT BELKIN**
14 |                                   | **INTERNATIONAL, INC.'S NOTICE OF**
   |        v.                         | **MOTION AND MOTION FOR**
15 |                                   | **SUMMARY JUDGMENT**
   | BELKIN INTERNATIONAL, INC.,       |
16 |                                   | [*Filed concurrently with Notice of Motion and*
   |                 Defendant.        | *Motion; Memorandum of in Support of Motion*
17 |                                   | *for Summary Judgment; Separate Statement of*
   |                                   | *Undisputed Material Facts; Request for*
18 |                                   | *Judicial Notice; Declaration of S. Eisenberg;*
   |                                   | *Notice of Lodgment; [Proposed] Order*
19 |                                   | *Granting Motion of Summary Judgment]*
20 |                                   | Judge:    Hon. Carolyn B. Kuhl
   |                                   | Dept.:    12
21 |                                   |
   |                                   | Complaint Filed: January 2, 2020
22 |                                   | Hearing Date:    March 17, 2021
   |                                   | Time:             1:45 pm
23 |                                   | Dept:             12
24

25

26

27

28

SULLIVAN &
TRIGGS, LLP
ATTORNEYS AT LAW
SANTA MONICA

DECL. OF N. KALRA ISO BELKIN INTERNATIONAL, INC.'S MOTION FOR SUMMARY JUDGMENT

I, Nitin Kalra, declare:

1. I am Global Product Manager for Belkin International, Inc. "Belkin." I have been employed by Belkin since 2017. The following is based upon my personal knowledge and if called as a witness, I could and would testify competently thereto.

2. I understand that Plaintiff Lenore Miley alleges she purchased a Belkin Pocket Power 10K from a Target in or around 2017. At that time, the Belkin Pocket Power 10K had a suggested retail price of $39.99.

3. In my capacity as Global Product Manager, I am familiar with the product packaging for the Belkin Pocket Power 10K.

4. Although, since 2017, there were various minor revisions to the product packaging for the Belkin Pocket Power 10K, the product packaging, as shown below, always has contained a representation on the front of the packaging which states: "Charge up to 3 times*". In addition, the front of the product packaging for the Belkin Pocket Power 10K always has featured a graphical depiction of a cell phone with a lightning bolt icon indicating it is being charged with a reference to "3x."

5. Likewise, the product packaging for the Belkin Pocket Power 10K always has contained a representation on the back of the packaging which states: "*Charges iPhone7 (running IOS10) up to 3 times on a single charge in internal testing."

6. A true and correct representation of the front of the product packaging for the Belkin Pocket Power 10K, highlighting the representations discussed above is set forth here:

DECL. OF N. KALRA ISO BELKIN INTERNATIONAL, INC.'S MOTION FOR SUMMARY JUDGMENT

7.     A true and correct representation of the back of the product packaging for the Belkin Pocket Power 10K, highlighting the representations discussed above is set forth here:



I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this 8th day of October 2020, at Santa Monica, California.

_____
Nitin Kalra

## <u>PROOF OF SERVICE</u>

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

   I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Sullivan & Triggs, LLP, 1230 Montana Avenue, Suite 201, Santa Monica, California 90403.

   On **October 13, 2020**, I served the foregoing document described as **DECLARATION OF NITIN KALRA IN SUPPORT OF DEFENDANT BELKIN INTERNATIONAL, INC.'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT** on the interested parties in this action by transmitting a copy as follows:

See Attached Service List

 **X**  **By ELECTRONIC SERVICE** (I electronically served the foregoing with the Case Anywhere system which will send notification of such filing to counsel denoted on the attached Service List.)

\_\_\_\_  **By PERSONAL SERVICE**

   \_\_\_\_  by personally delivering such envelope to the addressee.

   \_\_\_\_  by causing such envelope to be delivered by messenger to the office of the addressee.

\_\_\_\_  **By UNITED STATES MAIL** (I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.)

\_\_\_\_  **By OVERNIGHT DELIVERY** (by causing such envelope to be delivered to the office of the addressee by overnight delivery via Federal Express or by other similar overnight delivery service.)

\_\_\_\_  **By FAX TRANSMISSION**

 **X**  (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

\_\_\_\_  (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

   Executed on **October 13, 2020**, at Santa Monica, California.


   Shella Anderson       *Shella Anderson*
Name             Signature

1

Service List

| | |
|---|---|
| Nathan M. Smith (Ca. Bar No. 255212)<br>Nona Yegazarian (Ca. Bar No. 316458)<br>**BROWN NERI SMITH & KHAN LLP**<br>11601 Wilshire Boulevard, Suite 2080<br>Los Angeles, California 90025<br>Phone: 310-593-9890<br>Fax: 310-593-9980<br>Email: nate@bnsklaw.com<br>Email: nona@bnsklaw.com<br><br>D. Greg Blankinship<br>**FINKELSTEIN, BLANKINSHIP,<br>   FREI-PEARSON & GARBER, LLP**<br>445 Hamilton Ave, Suite 605<br>White Plains, NY 10601<br>Phone: 914-298-3290<br>Email: gblankinship@fbfglaw.com<br><br>William F. Cash<br>Matthew D. Schultz<br>Brenton J. Goodman<br>**LEVIN, PAPANTONIO, THOMAS,<br>   MITCHELL, RAFFERTY &<br>PROCTOR, P.A.**<br>316 South Baylen Street, Suite 600<br>Pensacola, FL 32502<br>Phone: 850-435-7059<br>Fax: 850-435-7020<br>Email: bcash@levinlaw.com<br>Email: mschultz@levinlaw.com<br>Email: bgoodman@levinlaw.com | Attorneys for Plaintiff Lenore Miley |

2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1    SHELDON EISENBERG (SBN 100626)
     seisenberg@sullivantriggs.com
2    ERIN E. McCRACKEN (SBN 244523)
     emccracken@sullivantriggs.com
3    Sullivan & Triggs, LLP
     1230 Montana Avenue, Suite 201
4    Santa Monica, California 90403
     Telephone:     (310) 451-8300
5    Facsimile:      (310) 451-8303

6    Attorneys for Defendant
     BELKIN INTERNATIONAL, INC.

7

8

9          **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10             **FOR THE COUNTY OF LOS ANGELES**

11

12    LENORE MILEY, individually and on behalf    Case No. 20STCV00033
     of all others similarly situated,

13                              **DEFENDANT BELKIN**
              Plaintiff,            **INTERNATIONAL, INC.'S NOTICE OF**
14                               **MOTION AND MOTION FOR**
         v.                        **SUMMARY JUDGMENT OR IN THE**
15                               **ALTERNATIVE SUMMARY**
     BELKIN INTERNATIONAL, INC.,           **ADJUDICATION AND FOR A**
16                               **DETERMINATION PURSUANT TO**
              Defendant.         **CIVIL CODE § 1781(c)(3) THAT THE**
17                               **FOURTH CAUSE OF ACTION IS**
                              **WITHOUT MERIT**
18

19                            [*Filed concurrently with Memorandum of*
                           *Points and Authorities in Support; Separate*
20                            *Statement of Undisputed Material Facts;*
                           *Declaration of N. Kalra; Request Judicial*
21                            *Notice; Declaration of S. Eisenberg; Notice of*
                           *Lodgment; [Proposed] Order Granting Motion*
22                            *of Summary Judgment*]

23                            Judge:     Hon. Carolyn B. Kuhl
                           Dept.:     12

24                            Complaint Filed:   January 2, 2020
                           Hearing Date:      March 17, 2021
25                            Time:               1:45 pm
                           Dept:               12
26

27

28

SULLIVAN &
TRIGGS, LLP
ATTORNEYS AT LAW
SANTA MONICA

DEFENDANT BELKIN INTERNATIONAL, INC.'S NOTICE OF MOTION AND MOTION FOR SUMMARY
JUDGMENT ETC.

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on March 17, 2021 at 1:45 p.m. or soon thereafter as the matter may be heard in Department 12 of the Superior Court of the State of California for the County of Los Angeles, Spring Street Courthouse located at 312 North Spring Street, Los Angeles, CA 90012, defendant Belkin International, Inc. ("Belkin") will move and hereby does move the Court, pursuant to Code of Civil Procedure § 437c, for summary judgment in Belkin's favor on plaintiff's complaint, or in the alternative summary adjudication in favor of Belkin on the purported first, second, third and fifth causes of action therein and for a determination pursuant to Civil Code § 1781(c)(3) that the purported fourth cause of action is without merit. This motion is made on the following grounds:

1. Belkin is entitled to summary adjudication of the purported first cause of action for breach of express warranty because there is no triable issue of material fact that Belkin breached any such warranty.

2. Belkin is entitled to summary adjudication of the purported second cause of action for unjust enrichment because in California, there is no cause of action for unjust enrichment and any purported cause of action would be duplicative of the statutory relief plaintiff seeks. Moreover, even if there were a cause of action for unjust enrichment, it would be dependent on having an underlying claim that would give rise to such a remedy. Here, Belkin is entitled to summary adjudication for the reasons set forth with respect to each such claim and therefore is entitled to summary adjudication of the purported unjust enrichment claim as well.

3. Belkin is entitled to summary adjudication of the purported third cause of action because plaintiff will be unable to establish a triable issue of material fact regarding whether Belkin's advertising was false or misleading such that reasonable consumers are likely to be misled by Belkin's statements.

4. Belkin is entitled to a determination pursuant to Civil Code § 1781(c)(3) that the purported fourth cause of action is without merit because plaintiff will be unable to establish a triable issue of material fact regarding whether Belkin engaged in any

SULLIVAN & TRIGGS, LLP
ATTORNEYS AT LAW
SANTA MONICA

2
DEFENDANT BELKIN INTERNATIONAL, INC.'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT ETC.

unfair or deceptive conduct such that reasonable consumers are likely to be misled by Belkin's statements.

5. Belkin is entitled to summary adjudication of the purported fifth cause of action because plaintiff will be unable to establish a triable issue of material fact regarding whether Belkin's advertising was false or misleading such that reasonable consumers are likely to be misled by Belkin's statements.

This motion is based upon this Notice of Motion and Motion, the Memorandum of Points and Authorities, the Separate Statement of Undisputed Material Facts, Request for Judicial Notice, the Declaration of Sheldon Eisenberg, and the Declaration of Nitrin Kalra filed concurrently, along with all other matters of which the Court may take judicial notice, the oral argument of counsel, pleadings already on file with the Court, and all other evidence or argument presented prior to the Court's ruling on this matter.

Dated: October 13, 2020

Respectfully submitted,

SULLIVAN & TRIGGS, LLP

By: _Sheldon Eisenberg_
Sheldon Eisenberg
Erin E. McCracken
Attorneys for Defendant
BELKIN INTERNATIONAL, INC.

3
DEFENDANT BELKIN INTERNATIONAL, INC.'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT ETC.

## <u>PROOF OF SERVICE</u>

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

      I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is Sullivan & Triggs, LLP, 1230 Montana Avenue, Suite 201, Santa Monica, California 90403.

      On **October 13, 2020**, I served the foregoing document described as **DEFENDANT BELKIN INTERNATIONAL, INC.'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE SUMMARY ADJUDICATION AND FOR A DETERMINATION PURSUANT TO CIVIL CODE § 1781(c)(3) THAT THE FOURTH CAUSE OF ACTION IS WITHOUT MERIT** on the interested parties in this action by transmitting a copy as follows:

See Attached Service List

  X   **By ELECTRONIC SERVICE** (I electronically served the foregoing with the Case Anywhere system which will send notification of such filing to counsel denoted on the attached Service List.)

     **By PERSONAL SERVICE**

     by personally delivering such envelope to the addressee.

     by causing such envelope to be delivered by messenger to the office of the addressee.

     **By UNITED STATES MAIL** (I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.)

     **By OVERNIGHT DELIVERY** (by causing such envelope to be delivered to the office of the addressee by overnight delivery via Federal Express or by other similar overnight delivery service.)

     **By FAX TRANSMISSION**

  X  (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

     (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on **October 13, 2020**, at Santa Monica, California.

| | |
|---|---|
|     Shella Anderson | *Shella Anderson* |
| Name | Signature |

SULLIVAN & TRIGGS, LLP
ATTORNEYS AT LAW
SANTA MONICA

1

Service List

| Nathan M. Smith (Ca. Bar No. 255212)<br>Nona Yegazarian (Ca. Bar No. 316458)<br>**BROWN NERI SMITH & KHAN LLP**<br>11601 Wilshire Boulevard, Suite 2080<br>Los Angeles, California 90025<br>Phone: 310-593-9890<br>Fax: 310-593-9980<br>Email: nate@bnsklaw.com<br>Email: nona@bnsklaw.com<br><br>D. Greg Blankinship<br>**FINKELSTEIN, BLANKINSHIP,**<br>   **FREI-PEARSON & GARBER, LLP**<br>445 Hamilton Ave, Suite 605<br>White Plains, NY 10601<br>Phone: 914-298-3290<br>Email: gblankinship@fbfglaw.com<br><br>William F. Cash<br>Matthew D. Schultz<br>Brenton J. Goodman<br>**LEVIN, PAPANTONIO, THOMAS,**<br>   **MITCHELL, RAFFERTY &**<br>**PROCTOR, P.A.**<br>316 South Baylen Street, Suite 600<br>Pensacola, FL 32502<br>Phone: 850-435-7059<br>Fax: 850-435-7020<br>Email: bcash@levinlaw.com<br>Email: mschultz@levinlaw.com<br>Email: bgoodman@levinlaw.com | Attorneys for Plaintiff Lenore Miley |
|---|---|

2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

SULLIVAN &
TRIGGS, LLP
ATTORNEYS AT LAW
SANTA MONICA

DEFENDANT BELKIN INTERNATIONAL, INC.'S NOTICE OF MOTION FOR SUMMARY JUDGMENT

1  SHELDON EISENBERG (SBN 100626)
   seisenberg@sullivantriggs.com
2  ERIN E. McCRACKEN (SBN 244523)
   emccracken@sullivantriggs.com
3  Sullivan & Triggs, LLP
   1230 Montana Avenue, Suite 201
4  Santa Monica, California 90403
   Telephone:     (310) 451-8300
5  Facsimile:     (310) 451-8303

6  Attorneys for Defendant
   BELKIN INTERNATIONAL, INC.

7

8

9              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10                **FOR THE COUNTY OF LOS ANGELES**

11

12  LENORE MILEY, individually and on behalf      Case No. 20STCV00033
    of all others similarly situated,
13                                                **[PROPOSED] ORDER GRANTING**
                                                  **DEFENDANT BELKIN**
14               Plaintiff,                       **INTERNATIONAL, INC.'S MOTION FOR**
                                                  **SUMMARY JUDGMENT OR IN THE**
15         v.                                     **ALTERNATIVE SUMMARY**
                                                  **ADJUDICATION AND FOR A**
16  BELKIN INTERNATIONAL, INC.,                   **DETERMINATION PURSUANT TO**
                                                  **CIVIL CODE § 1781(c)(3) THAT THE**
17               Defendant.                       **FOURTH CAUSE OF ACTION IS**
                                                  **WITHOUT MERIT**
18
                                                  [*Filed concurrently with Notice of Motion and*
19                                                *Motion for Summary Judgment; Memorandum*
                                                  *of Points and Authorities in Support; Separate*
20                                                *Statement of Undisputed Material Facts;*
                                                  *Declaration of N. Kalra; Request for Judicial*
21                                                *Notice; Declaration of S. Eisenberg; Notice of*
                                                  *Lodgment*]
22
                                                  Judge:    Hon. Carolyn B. Kuhl
23                                                Dept.:    12

24                                                Complaint Filed:  January 2, 2020
                                                  Hearing Date:     March 17, 2021
25                                                Time:             1:45 pm
                                                  Dept:             12
26

27

28

SULLIVAN &
TRIGGS, LLP
ATTORNEYS AT LAW
SANTA MONICA

[PROPOSED] ORDER GRANTING DEFENDANT BELKIN INTERNATIONAL, INC.'S MOTION FOR
SUMMARY JUDGMENT ETC.

Defendant Belkin International, Inc.'s ("Belkin") Motion pursuant to Code of Civil Procedure § 437c, for summary judgment in Belkin's favor on plaintiff's complaint, or, in the alternative, summary adjudication in favor of Belkin on the purported first, second, third and fifth causes of action therein and for a determination pursuant to Civil Code § 1781(c)(3) that the purported fourth cause of action is without merit, came before this Court on March 17, 2021. The parties appeared through their respective counsel.  After considering all of the papers and evidence submitted by the parties in support of and in opposition to the Motion, and the arguments of counsel in connection with this matter, and good cause appearing:

**IT IS HEREBY ORDERED THAT:**

1. Belkin is entitled to summary adjudication of the purported first cause of action for breach of express warranty because there is no triable issue of material fact that Belkin breached any such warranty.

2. Belkin is entitled to summary adjudication of the purported second cause of action for unjust enrichment because in California, there is no cause of action for unjust enrichment and any purported cause of action would be duplicative of the statutory relief plaintiff seeks.  Moreover, even if there were a cause of action for unjust enrichment, it would be dependent on having an underlying claim that would give rise to such a remedy.  Here, Belkin is entitled to summary adjudication for the reasons set forth with respect to each such claim and therefore is entitled to summary adjudication of the purported unjust enrichment claim as well.

3. Belkin is entitled to summary adjudication of the purported third cause of action because plaintiff cannot establish a triable issue of material fact regarding whether Belkin's advertising was false or misleading such that reasonable consumers are likely to be misled by Belkin's statements.

4. Belkin is entitled to a determination pursuant to Civil Code § 1781(c)(3) that the purported fourth cause of action is without merit because plaintiff cannot establish a triable issue of material fact regarding whether Belkin engaged in any unfair or deceptive conduct such that reasonable consumers are likely to be misled by Belkin's

statements.

5. Belkin is entitled to summary adjudication of the purported fifth cause of action because plaintiff cannot establish a triable issue of material fact regarding whether Belkin's advertising was false or misleading such that reasonable consumers are likely to be misled by Belkin's statements.

**IT IS SO ORDERED.**

Dated: _____          _____

**HON. CAROLYN B. KUHL**

SULLIVAN & TRIGGS, LLP
ATTORNEYS AT LAW
SANTA MONICA

3

[PROPOSED] ORDER GRANTING DEFENDANT BELKIN INTERNATIONAL, INC.'S MOTION FOR SUMMARY JUDGMENT ETC.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**<u>PROOF OF SERVICE</u>**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

      I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Sullivan & Triggs, LLP, 1230 Montana Avenue, Suite 201, Santa Monica, California 90403.

      On **October 13, 2020**, I served the foregoing document described as **[PROPOSED] ORDER GRANTING DEFENDANT BELKIN INTERNATIONAL, INC.'S MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE SUMMARY ADJUDICATION AND FOR A DETERMINATION PURSUANT TO CIVIL CODE § 1781(c)(3) THAT THE FOURTH CAUSE OF ACTION IS WITHOUT MERIT** on the interested parties in this action by transmitting a copy as follows:

See Attached Service List

  _X_  **By ELECTRONIC SERVICE** (I electronically served the foregoing with the Case Anywhere system which will send notification of such filing to counsel denoted on the attached Service List.)

_____  **By PERSONAL SERVICE**

     _____  by personally delivering such envelope to the addressee.

     _____  by causing such envelope to be delivered by messenger to the office of the addressee.

_____  **By UNITED STATES MAIL** (I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.)

_____  **By OVERNIGHT DELIVERY** (by causing such envelope to be delivered to the office of the addressee by overnight delivery via Federal Express or by other similar overnight delivery service.)

_____  **By FAX TRANSMISSION**

  _X_  (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_____  (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

      Executed on **October 13, 2020**, at Santa Monica, California.

| Shella Anderson | *Shella Anderson* |
|---|---|
| Name | Signature |

SULLIVAN &
TRIGGS, LLP
ATTORNEYS AT LAW
SANTA MONICA

[PROPOSED] ORDER GRANTING DEFENDANT BELKIN INTERNATIONAL, INC.'S MOTION FOR SUMMARY JUDGMENT ETC.

1

Service List

| | |
|---|---|
| Nathan M. Smith (Ca. Bar No. 255212) | Attorneys for Plaintiff Lenore Miley |
| Nona Yegazarian (Ca. Bar No. 316458) | |
| **BROWN NERI SMITH & KHAN LLP** | |
| 11601 Wilshire Boulevard, Suite 2080 | |
| Los Angeles, California 90025 | |
| Phone: 310-593-9890 | |
| Fax: 310-593-9980 | |
| Email: nate@bnsklaw.com | |
| Email: nona@bnsklaw.com | |
| | |
| D. Greg Blankinship | |
| **FINKELSTEIN, BLANKINSHIP,** | |
|    **FREI-PEARSON & GARBER, LLP** | |
| 445 Hamilton Ave, Suite 605 | |
| White Plains, NY 10601 | |
| Phone: 914-298-3290 | |
| Email: gblankinship@fbfglaw.com | |
| | |
| William F. Cash | |
| Matthew D. Schultz | |
| Brenton J. Goodman | |
| **LEVIN, PAPANTONIO, THOMAS,** | |
|    **MITCHELL, RAFFERTY &** | |
| **PROCTOR, P.A.** | |
| 316 South Baylen Street, Suite 600 | |
| Pensacola, FL 32502 | |
| Phone: 850-435-7059 | |
| Fax: 850-435-7020 | |
| Email: bcash@levinlaw.com | |
| Email: mschultz@levinlaw.com | |
| Email: bgoodman@levinlaw.com | |

2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

SULLIVAN &
TRIGGS, LLP
ATTORNEYS AT LAW
SANTA MONICA

5

[PROPOSED] ORDER GRANTING DEFENDANT BELKIN INTERNATIONAL, INC.'S MOTION FOR
SUMMARY JUDGMENT ETC.

1  SHELDON EISENBERG (SBN 100626)
   seisenberg@sullivantriggs.com
2  ERIN E. McCRACKEN (SBN 244523)
   emccracken@sullivantriggs.com
3  Sullivan & Triggs, LLP
   1230 Montana Avenue, Suite 201
4  Santa Monica, California 90403
   Telephone:    (310) 451-8300
5  Facsimile:    (310) 451-8303

6  Attorneys for Defendant
   BELKIN INTERNATIONAL, INC.
7

8

9              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10                  **FOR THE COUNTY OF LOS ANGELES**

11

12  LENORE MILEY, individually and on behalf      Case No. 20STCV00033
    of all others similarly situated,
13                                                 **DEFENDANT BELKIN**
                                                   **INTERNATIONAL, INC.'S**
14              Plaintiff,                         **MEMORANDUM OF POINTS AND**
                                                   **AUTHORITIES IN SUPPORT OF ITS**
15        v.                                       **MOTION FOR SUMMARY JUDGMENT**
                                                   **OR, IN THE ALTERNATIVE, FOR**
16  BELKIN INTERNATIONAL, INC.,                    **SUMMARY JUDGMENT AND FOR A**
                                                   **DETERMINATION UNDER CIVIL**
17              Defendant.                         **CODE § 1781(c)(3) THAT THE FOURTH**
                                                   **CAUSE OF ACTION HAS NO MERIT**
18
                                                   [*Filed concurrently with Notice of Motion for*
19                                                 *Summary Judgment and etc.; Separate*
                                                   *Statement of Undisputed Material Facts;*
20                                                 *Declaration of N. Kalra; Request for Judicial*
                                                   *Notice; Declaration of S. Eisenberg; Notice*
21                                                 *of Lodgment; [Proposed] Order Granting*
                                                   *Motion of Summary Judgment*]
22
                                                   Judge:   Hon. Carolyn B. Kuhl
23                                                 Dept.:   12

24
                                                   Complaint Filed: January 2, 2020
25                                                 Hearing Date:    March 17, 2021
                                                   Time:            1:45 pm
26                                                 Dept:            12

27

28

SULLIVAN &
TRIGGS, LLP
ATTORNEYS AT LAW
SANTA MONICA

DEFENDANT BELKIN INTERNATIONAL, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT ETC.

1 **TABLE OF CONTENTS**

2 I. INTRODUCTION ................................................................ 6

3 II. STATEMENT OF UNDISPUTED FACTS ..................................... 8

4     A. The Pocket Power 10K and Its Packaging ................................. 8

5     B. The Meaning of "mAh" ................................................... 9

6     C. Miley's Causes of Action ................................................ 11

7 III. ARGUMENT .................................................................. 11

8     A. Because Miley Will Be Unable to Raise a Triable Issue of Material
        Fact, Belkin Is Entitled to Summary Judgment. ........................ 11

9

10     B. Miley Cannot Establish A Triable Issue of Material Fact As to Her
        Consumer Claims Because The Packaging Is Not Likely to Deceive
        Reasonable Consumers (Third, Fourth and Fifth Causes of Action). ........ 12

11

12         1. The Packaging As A Whole Was Not, As a Matter of Law,
            Likely to Mislead Reasonable Consumers. ..................... 15

13         2. In Addition, Even the Reference to 10000mAh In Isolation
            Was Not Untrue or Likely to Mislead. .......................... 18

14

15     C. Similarly, Miley Cannot Establish At Least One Essential Element
        of Her Purported Cause of Action for Breach of Express Warranty. ........ 20

16     D. Miley Has No Claim for Unjust Enrichment. ........................... 21

17 IV. CONCLUSION ................................................................ 22

18

19

20

21

22

23

24

25

26

27

28

2

1

# **TABLE OF AUTHORITIES**

2

CASES

3

*Bobo v. Optimum Nutrition, Inc.,*
4     2015 WL 13102417 (S.D. Cal Sept. 11, 2015) ................................................. 14, 17, 20

*Brady v. Bayer Corp.,*
5     26 Cal. App. 5th 1156 (2018)............................................................................. 19

6

*Brockey v. Moore,*
7     107 Cal. App. 4th 86 (2003).............................................................................. 14

*Davis v. HSBC Bank Nevada, N.A.,*
8     691 F.3d 1152 (9th Cir. *2012*)........................................................................ 15, 20

9

*Dinan v. SanDisk LLC,*
10     2020 WL 364277 (N.D. Cal. Jan. 22, 2020) ........................................... 13, 15, 16

*Ebner v. Fresh, Inc.,*
11     838 F.3d 958 (9th Cir. 2016)......................................................................... 19, 20

12

*Everett v. Mountains Recreation & Conservation Auth.,*
13     239 Cal. App. 4th 541 (2015).......................................................................... 21

*Freeman v. Time, Inc.,*
14     68 F.3d 285 (9th Cir. 1995)............................................................................. 14

15

*Hadley v. Kellogg Sales Co.,*
16     273 F. Supp. 3d 1052 (N.D. Cal. 2017) .......................................................... 20

*Hartford Cas. Ins. v. Swift Distrib., Inc.,*
17     59 Cal. 4th 277 (2014).................................................................................... 22

18

*Haskell v. Time, Inc.,*
19     965 F. Supp. 1398 (E.D. Cal. 1997).............................................................. 14

*Hill v. Roll Internat'l Corp.,*
20     195 Cal. App. 4th 1295 (2011).................................................................. 21, 22

21

*Kennard v. Lamb Weston Holdings, Inc.,*
22     2019 WL 1586022, (N.D. Cal. April 12, 2019) ............................................ 14

*Kwikset Corp. v. Superior Court,*
23     51 Cal. 4th 310 (2011) ................................................................................... 14

24

*Lavie v. Procter & Gamble Co.,*
25     105 Cal. App. 4th 496 (2003)...................................................................... 13, 14

*Levine v. Blue Shield of California,*
26     189 Cal. App. 4th 1117 (2010)........................................................................ 21

27

*McKinnis v. Kellogg USA,*
28     2007 WL 4766060 (C.D. Cal. Sept.19, 2007) ................................................ 21

SULLIVAN &
TRIGGS, LLP
ATTORNEYS AT LAW
SANTA MONICA

3

DEFENDANT BELKIN INTERNATIONAL, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT ETC.

*Princess Cruise Lines, Ltd. v. Superior Court,*
    179 Cal. App. 4th 36 (2009)............................................................................... 12

*Puentes v. Wells Fargo Home Mortgage, Inc.,*
    160 Cal. App. 4th 638 (2008)............................................................................. 12

*Punian v. Gillette Co.,*
    No. 14-CV-05028-LHK, 2016 WL 1029607 (N.D. Cal. Mar. 15, 2016).................... 22

*Sangster v. Paetkau,*
    68 Cal. App. 4th 151 (1998)............................................................................... 12

*Shaeffer v. Califia Farms, LLC,*
    44 Cal. App. 5th 1125 (2020)........................................................... 13, 14, 20, 22

*Smith v. Wells Fargo Bank,*
    135 Cal, App. 4th 1463 (2005)........................................................................... 12

*South Bay Chevrolet v. General Motors Acceptance Corp.,*
    72 Cal. App. 4th 861 (1999)............................................................................... 13

*Southwest Sunsite, Inc. v. FTC,*
    785 F.2d 1431 (9th Cir. 1986)............................................................................ 14

*Sponchiado v. Apple, Inc.,*
    2019 WL 6117482 (N.D. Cal. Nov. 18. 2019)..................................... 14, 15, 16, 17

*Tae Hee Lee v. Toyota Motor Sales, U.S.A., Inc.,*
    992 F. Supp. 2d 962 (C.D. Cal. 2014)................................................................. 21

*Viggiano v. Hansen Nat. Corp.,*
    944 F. Supp. 2d 877 (C.D. Cal. 2013)............................................................ 20, 21

*Williams v. Gerber Prods. Co.,*
    552 F.3d 934 (9th Cir. 2008)............................................................................. 14


**STATUTES**

49 C.F.R. § 171.1............................................................................................. 10

49 C.F.R. §§ 171-180........................................................................................ 10

49 C.F.R. §173.185(a)................................................................................. 10, 18

Bus. & Prof. Code §§ 17200-17210........................................................ 11, 12, 13, 16

Bus. & Prof. Code §§ 17500 *et seq.*................................................. 11, 12, 13, 16, 17

Cal. Civ. Code §§ 1750-1785..................................................... 11, 12, 13, 16, 17

Cal. Civ. Code § 1770....................................................................................... 12

Cal. Civ. Code § 1781................................................................................. 12, 23

SULLIVAN &
TRIGGS, LLP
ATTORNEYS AT LAW
SANTA MONICA

4

Cal. Code Civ. Proc. § 437c ........................................................................... 11, 12, 14

Cal. Comm. Code § 2313 ........................................................................................... 20

Evidence Code § 452(g) and (h) .................................................................................. 8

Evidence Code § 453 ................................................................................................... 8

**OTHER AUTHORITIES**

UN Manual of Tests and Criteria, Sub-section 38.3 .................................................... 6

# I. __INTRODUCTION__

This is a consumer fraud case based on truthful packaging that, as a matter of law, is not likely to mislead any reasonable consumer. As a result, the Complaint is subject to dismissal as a matter of law.

In or about 2017, plaintiff Lenore Miley ("Miley") decided to buy a power bank at Target distributed by defendant Belkin International, Inc. ("Belkin"). Compl. ¶34. A power bank is a device that stores power – measured in milliampere hours ("mAh") – so that it can charge portable electronic devices such as cell phones ("PEDs") without being plugged in. *Id.* ¶¶4-5. Miley bought the "Pocket Power 10K" (the "Product" or "Products"), which had a suggested retail price of 39.99.[1] Its package represented that it contained 10000mAh, 2 USB ports and would "charge up to 3 times*", with the asterisk explaining that it "Charges iPhone 7 (running iOS 10) up to 3 times on a single charge in internal testing." Declaration of Nitrin Kalra ("Kalra Decl."), at ¶¶ 4, 5.[2] The Product's package also features, in a circle just like the one around "10000 mAh," an image of a PED with the lightning bolt indicating it is being charged with a reference to "3x." Compl. ¶ 22.

Miley does not contend that the Product did not in fact have storage capacity of 10000 mAh. Indeed, she does not even allege that the Product failed to charge an iPhone 7 up to three times without the Product needing to be recharged. Instead, Miley, based solely on the reference to 10000 mAh, alleges that she was "disappointed" to find that she supposedly had to recharge the Product "more often than she expected." *Id.* ¶37. However, she does not allege that she had any meaningful understanding of what "mAh" means or, at least, what it represents in terms of charging capability.[3] Rather, the crux of her claim is premised on a reading of the Product packaging that equates the actual size of the Product's 10000 mAh lithium ion battery with the Product's ability to deliver 10000 mAh of electrical charge to a consumer's devices: "Reasonable

---

[1] Declaration of Nitrin Kalra, ¶ 2.

[2] The Complaint includes an image of the front of the product packaging. Compl. ¶ 22. This explanation of the asterisk is on the back of the product packaging. Kalra Decl. ¶¶ 5, 7.

[3] For example, the formula to convert mAh to watt hours is: $(mAh) x (V) / 1000 = (Wh)$.

DEFENDANT BELKIN INTERNATIONAL, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT ETC.

SULLIVAN & TRIGGS, LLP
ATTORNEYS AT LAW
SANTA MONICA

1  consumers such as Ms. Miley would read the advertised mAh and would expect and understand

2  that the Products actually have that mAh amount, not that they are incapable of actually

3  delivering the promised mAh." *Id.* ¶29.

4  Miley's interpretation of the packaging fails to support any of her claims for two

5  fundamental reasons. First, California law is clear that the packaging *as a whole* is the touchstone

6  for determining whether its statements are untrue or misleading in a context such as this. Here,

7  there is no dispute that the packaging prominently stated the number of charges the user could

8  expect, the only aspect of the Product that Miley claims she found "disappointing." She and any

9  reasonable consumer would have looked to and relied on, not the amount of mAh, but the

10  reference to "3x" on the image of the charging PED and the statement "up to 3 times" in forming

11  those expectations. Those statements on the front of the package, which she apparently ignored,

12  are fatal to Miley's claims.

13  Second, a literally true representation (the unchallenged description of the Product's

14  10000 mAh storage capacity) cannot form the basis of a consumer claim where, as here, Miley's

15  allegations as to her expectations are contrary to the nature of the Product. For safety reasons, the

16  Products, by law, are not permitted to discharge their full capacity because the lithium ion

17  batteries contained in power banks become unstable if fully discharged. And, separately, as

18  Miley herself recognizes, the Product cannot technologically deliver its full capacity. Rather, the

19  Product uses part of the power it stores to run the Product and convert the power into a form that

20  is compatible with the PEDs. Compl. ¶27 (acknowledging that "[t]o convert and distribute the

21  power from the Products to the PEDs, the Products take power from their own internal batteries.

22  In other words, running the internal circuit board and converting power for charging PEDs is a

23  process that uses as much as 30-40% of the internal cells [sic] power."); Compl. ¶ 28 ("This

24  conversion and distribution process necessarily reduces the amount of mAH delivered into a

25  PED.").

26  In short, the question presented on this Motion is whether, as a matter of law, reasonable

27  consumers are likely to base their "expectations" regarding recharging performance solely on an

28  admittedly true statement of mAh storage capacity when the packaging itself actually explains

SULLIVAN &
TRIGGS, LLP
ATTORNEYS AT LAW
SANTA MONICA

7

DEFENDANT BELKIN INTERNATIONAL, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT ETC.

what that means in terms of the Product's performance. Of course not. Therefore, Belkin is entitled to judgment in its favor as a matter of law.

## II.     STATEMENT OF UNDISPUTED FACTS

### A. The Pocket Power 10K and Its Packaging

A power bank is a portable charger for portable electronic devices such as cell phones. Undisputed Material Fact ("UMF") 8, 16, 24, 32. It allows consumers to charge their electronic devices without access to or use of a wall outlet.

The amount of power that a power bank can store is referred to as "mAh," which stands for milliampere hours. UMF 7, 15, 23, 31. *See also* Request for Judicial Notice filed concurrently herewith ("RJN"), and exhibits thereto [Ex. 1 (ampere hours refers to theoretical capacity); Ex. 2 (graphs containing the legend "capacity (mAh)"); Ex. 3; Ex. 4 (Popular Mechanics article explaining that "a portable battery pack's capacity is measured in mAh (or milliamp hours)"]; Compl. ¶5 (definition of mAh).[4] It provides an easy way for consumers to compare the size or capacity of one battery to another: a power bank with 10000mAh holds more and thus will deliver more than a power bank with 5000mAh, as borne out by the chart at ¶33 of the Complaint.

The packaging of the power bank that Miley bought is pictured on page 6 of the Complaint. A more legible version of just the front of the package is set forth here:

\ \ \

\ \ \

\ \ \

---

[4] These and the other facts set forth herein about lithium ion batteries are not reasonably subject to dispute (and common knowledge to the extent alleged by Miley herself) and are capable of immediate and accurate determination by resort to sources of reasonably indisputable accuracy. Accordingly, Belkin requests that the Court take judicial notice of these facts under Evidence Code sections 452(g) and (h) and 453 pursuant to the RJN.

SULLIVAN & TRIGGS, LLP
ATTORNEYS AT LAW
SANTA MONICA

8
DEFENDANT BELKIN INTERNATIONAL, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT ETC.

1
2
3
4
5
6
7
8
9
10



11    As the Court can see, the left side of the packaging lists three attributes of the Product

12  presented in separate circles, one below the other: 10000mAh, 2 USB [ports] and the image of a

13  PED with the lightning bolt that symbolizes charging and in a smaller, darker circle "3x."  UMF

14  1, 3, 4, 6, 12, 14, 20, 22, 28, 30.  Below this last circle is the statement: "Charge up to 3 times*"

15  UMF 1, 4, 12, 20, 28.  The back of the packaging explains the *: "*Charges iPhone 7 (running

16  iOS 10) up to 3 times on a single charge in internal testing."  UMF 2, 5, 13, 21, 29.

17    **B.  The Meaning of "mAh"**

18    As explained above, mAh refers to the capacity of the power bank, *i.e.,* the amount of

19  power it can store.  "In practice, only a fraction of the theoretical energy of the battery is

20  realized."  *See* RJN, Ex. 5.  The reference to "mAh" on the package of any power bank does not

21  mean the amount of power that is available to charge devices.

22    There are several reasons why this is so.  Manufacturers of consumer products using

23  lithium-ion batteries are prohibited by law from selling a device that would deliver the full

24  amount of power it stores.  Lithium ion batteries can become unstable in a number of scenarios,

25  including if they are entirely discharged of the power they hold.  UMF 10, 18, 26, 34.  *See also*

26  RJN, Ex. 6 (explaining that "When your battery stops powering your phone, it doesn't mean it's

27  actually empty. It's not! Lithium-ion batteries only discharge most of the way, mainly because

28

SULLIVAN &
TRIGGS, LLP
ATTORNEYS AT LAW
SANTA MONICA

9

DEFENDANT BELKIN INTERNATIONAL, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT ETC.

1    when they discharge all the way they can get wildly unstable. If a battery comes close to that

2    danger zone, a protection circuit in the battery will trip and kill the battery forever and for real,

3    functionally destroying the battery before it can discharge to a level where it's in danger of

4    exploding."); RJN, Ex. 7 (deep or forced discharge under earlier design could result in, among

5    other things, rupture and fires). Thus, power banks must be designed to shut off automatically

6    before that happens.[5] UMF 11, 19, 27, 35. As a result of this low-voltage cut off, the entire mAh

7    is not used. UMF 11, 19, 27, 35. *See also* RJN, Ex. 8 (battery is not discharged to zero volts and

8    all of the available ampere-hour capacity is not utilized); RJN, Ex. 9 (lithium ion batteries use

9    only a percentage of the total energy in order to manage low-end voltage).

10          Moreover, the power bank itself must run on something. As Miley herself admits, some

11    of the stored power is necessarily used to run the power bank; it also takes power to convert the

12    power from the voltage of the battery to the voltage used by the device being charged. UMF 9,

13    17, 25, 33. *See also* Compl. ¶¶ 26-28 (explaining these facts and stating "[t]his conversion and

14    distribution process necessarily reduces the amount of mAh delivered into a PED"). Therefore,

---

[5] As a consequence, lithium ion batteries are regulated as a hazardous material under the U.S. Department of Transportation's (DOT's) Hazardous Materials Regulations. 49 C.F.R. §§ 171-180. Lithium ion batteries must conform to all applicable federal regulations when offered for transportation or transported by air, highway, rail, or water. *See* 49 C.F.R. § 171.1; *see also* United States Department of Transportation website at: https://www.phmsa.dot.gov/lithiumbatteries#:~:text=Lithium%20batteries%20are%20regulat ed%20as,%2C%20Parts%20171%2D180). Pursuant to 49 C.F.R. section 173.185(a), lithium ion batteries, including batteries that are components of power banks, transported in the United States must "meet the criteria in part III, sub-section 38.3 of the UN Manual of Tests and Criteria." 49 C.F.R. § 173.185(a).

      Sub-section 38.3 of the UN Manual of Tests and Criteria ("Sub-section 38.3") sets forth a series of tests that lithium ion batteries, including battery packs, must be subjected to and pass before they can be transported. One of those tests is Test T.8, which is a forced discharge test, the purpose of which is to "evaluate[] the ability of a primary or a rechargeable cell to withstand a forced discharge condition." Sub-section 38.3, at 38.3.4.8.1. As defined in Sub-Section 38.3, "fully discharged" means "a rechargeable cell or battery which has been electrically discharged to its *endpoint voltage as specified by the manufacturer*." Sub-section 38.3, at 38.3.2.3 (emphasis added). This reference to "endpoint voltage" is to the manufacturer's low voltage specification, which is typically 3.0 volts because "discharge below 3.0 V can cause degradation of electrodes," which "can lead to cell failure and cell thermal runaway." RJN, Ex. 10, at pp. 8-9. In short, manufacturers of commercial lithium ion battery packs require a low voltage specification along with under-charge protection to "disconnect the pack from the discharge load once any individual series element voltage drops below a specified cut-off" so that the battery pack cannot be fully discharged to 0 V. RJN, Ex. 10, at p. 62. This is because over-discharge to 0 V will lead to thermal runaway reactions (*i.e.,* the rapid self-heating of a cell that can result in explosions or fire).

SULLIVAN &
TRIGGS, LLP
ATTORNEYS AT LAW
SANTA MONICA

DEFENDANT BELKIN INTERNATIONAL, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT ETC.

the nature of the Product itself, understood by Miley, precludes the delivery of the entire capacity of the power bank to the PED being charged.

### C. Miley's Causes of Action

Each of Miley's purported claims incorporates the operative allegations that she bought Belkin's Pocket Power 10K based on the description "10000mAh" (apparently ignoring all the information presented within inches of it) and was "disappointed to find that she was forced to recharge the [Product] more often than she expected." Compl. ¶¶11, 36-37. She alleges that "had she known the truth about its mAh," she would not have purchased the Product. *Id.* ¶39. She does not say what her understanding of mAh was or on what it was based, how many times she "expected" to have to recharge the Product, or how many times she was able to charge her PED before she had to recharge the Product.

On this slim foundation Miley attempts to build several causes of action. She seeks relief under California's consumer fraud statutes: False Advertising Law ("FAL") (Bus. & Prof. Code §§ 17500 *et seq.*) (Third Cause of Action); Consumer Legal Remedies Act ("CLRA") (Civ. Code §§ 1750-1785) (Fourth Cause of Action); and Unfair Competition Law ("UCL") (Bus. & Prof. Code §§ 17200-17210) (Fifth Cause of Action). [6] For ease of reference, we refer to these claims jointly as Miley's "consumer claims." She also asserts a claim for breach of express warranty (First Cause of Action) and a purported claim for "unjust enrichment" (Second Cause of Action).

### III.   ARGUMENT

**A.   Because Miley Will Be Unable to Raise a Triable Issue of Material Fact, Belkin Is Entitled to Summary Judgment.**

A motion for summary judgment or summary adjudication "shall be granted if all the papers submitted show that there is no triable issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Cal. Code Civ. Proc. §§ 437c(c), 437c(f)(2). "Where, as here, the material facts are not in dispute and the parties simply dispute the legal

---

[6] We note that the face of the Complaint lists the claims under CLRA as the fifth cause of action and the claims under UCL as the fourth. The body of the Complaint has it the other way around. Accordingly, we will refer to the UCL claims as the Fifth Cause of Action and the CLRA claims as the Fourth.

SULLIVAN &
TRIGGS, LLP
ATTORNEYS AT LAW
SANTA MONICA

11

DEFENDANT BELKIN INTERNATIONAL, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT ETC.

significance of the facts, the matter may be resolved on summary judgment as a matter of law." *Puentes v. Wells Fargo Home Mortgage, Inc.*, 160 Cal. App. 4th 638, 642-43 (2008) (internal quotation marks and citation omitted) (affirming summary judgment for the defendant in a UCL case because reasonable consumers would not have been misled).

A defendant is entitled to summary judgment upon a showing that one or more elements of a cause of action "cannot be established." Cal. Code of Civ. Proc. § 437c(p)(2). Once the defendant meets that burden, the burden shifts to the plaintiff to establish, by substantial evidence, that a triable issue of material fact exists. *Id.*; *Sangster v. Paetkau*, 68 Cal. App. 4th 151,162-63 (1998) (requiring "substantial evidence"). This will be a burden Miley cannot meet.

Summary judgment is not allowed in a case that is commenced as a class action under the CLRA as provided by Civil Code § 1781(a). Cal. Civ. Code § 1781(c). Instead, the statutory scheme provides for a determination by the court that the "action is without merit." *Id.* This has been construed to be the functional equivalent of summary judgment. *See, e.g., Princess Cruise Lines, Ltd. v. Superior Court,* 179 Cal. App. 4th 36, 42 (2009) (a challenge under section 1781(c) "is treated as a motion for summary judgment") (reversing and remanding case directing trial court to enter judgment for defendants where complaint under UCL, FAL and CLRA failed as a matter of law); *Smith v. Wells Fargo Bank,* 135 Cal, App. 4th 1463, 1474 (2005) (courts "have applied the standards applicable to motions for summary judgment and summary adjudication in deciding motions for no-merit determinations").

**B.      Miley Cannot Establish A Triable Issue of Material Fact As to Her Consumer Claims Because The Packaging Is Not Likely to Deceive Reasonable Consumers (Third, Fourth and Fifth Causes of Action).**

Broadly stated, the UCL prohibits "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by [the FAL]." Bus. & Prof. Code § 17200. The FAL prohibits advertising "which is untrue or misleading, and which is known, or which, by the exercise of reasonable care should be known, to be untrue or misleading." *Id.* § 17500. The CLRA prohibits certain specified "unfair methods of competition and unfair or deceptive acts or practices." Civ. Code § 1770(a).

SULLIVAN &
TRIGGS, LLP
ATTORNEYS AT LAW
SANTA MONICA

12

DEFENDANT BELKIN INTERNATIONAL, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT ETC.

1    It is well established that "only those statements on a label that are 'likely to deceive' a

2 'reasonable consumer' are actionable" under the UCL, CLRA and FAL.  *Shaeffer v. Califia*

3 *Farms, LLC*, 44 Cal. App. 5th 1125, 1137 (2020) (trial court sustained demurrer to claims based

4 on label; affirmed because the label was unlikely to mislead the reasonable consumer); *see also*

5 *Lavie v. Procter & Gamble Co.*, 105 Cal. App. 4th 496, 504 (2003) (adopting "reasonable

6 consumer" standard and refusing to adopt a "least sophisticated consumer" standard where the

7 advertising does not target a particular disadvantaged or vulnerable group).

8    As one court recently stated in dismissing consumer claims without leave to amend based

9 on the packaging of electronic devices:

10    Plaintiffs' claims under the UCL, CLRA and FAL "are governed by the 'reasonable

11    consumer' test."  [Citation.]  To satisfy this test, a plaintiff must show that members of the

12    public are likely to be deceived.  It is not enough to allege a "mere possibility" that

13    Defendant's packaging "might conceivably be misunderstood by some few consumers

14    viewing it in an unreasonable manner."  [Citations.]  "Rather, the reasonable consumer

15    standard requires a probability 'that a significant portion of the general consuming public

16    or of targeted consumers, acting reasonably in the circumstances, could be misled.'"

17    [Citation.]

18 *Dinan v. SanDisk LLC*, 2020 WL 364277, *6 (N.D. Cal. Jan. 22, 2020).[7]

19    It is Miley's burden to prove this essential element of each of her consumer claims.

20 *Shaeffer*, 44 Cal. App. 5th at 1136 ("plaintiff's burden under [both the FAL and the fraud prong

21 of the UCL] is the same: To prevail on a claim under the false advertising law, she must show

22 that members of the public are likely to be deceived and must do so as adjudged through the eyes

23 of the reasonable consumer") (citations and internal quotation marks omitted); *South Bay*

24 *Chevrolet v. General Motors Acceptance Corp.*, 72 Cal. App. 4th 861, 883 (1999) (plaintiff has

25 burden "to establish [defendant] engaged in a business practice likely to deceive the reasonable

26 consumer to whom the practice was directed") (internal quotations marks and citations omitted),

27 ───────────────

[7] Federal cases cited in this Memorandum are applying California law under the UCL,
FAL and/or CLRA.

28

DEFENDANT BELKIN INTERNATIONAL, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT ETC.

*quoted with approval by Lavie*, 105 Cal. App. 4th at 511; *Haskell v. Time, Inc.*, 965 F. Supp. 1398, 1406-07 (E.D. Cal. 1997) ("Under the reasonable consumer standard, [the] plaintiff is required to show not simply that the defendants' [statements] *could* mislead the public, but that they were *likely* to mislead the public.") (emphasis in original); *Southwest Sunsite, Inc. v. FTC*, 785 F.2d 1431, 1436 (9th Cir. 1986) (to establish a likelihood of deception, the plaintiff "must show probable, not possible, deception").  Because Miley will be unable to establish the requisite likelihood of deception, Belkin is entitled to summary adjudication of her consumer claims.  Cal. Code Civ. Proc. § 437c(p)(2).

It is no surprise that the "primary evidence in a false advertising case is the advertising itself." *Sponchiado v. Apple, Inc.,* 2019 WL 6117482, at *3 (N.D. Cal. Nov. 18. 2019); *Brockey v. Moore,* 107 Cal. App. 4th 86, 100 (2003).  And "actions may be dismissed under the reasonable consumer test when 'the advertisement itself [makes] it impossible for the plaintiff to prove that a reasonable consumer was likely to be deceived.'" *Kennard v. Lamb Weston Holdings, Inc.,* 2019 WL 1586022, *3 (N.D. Cal. April 12, 2019), quoting *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir. 2008).  As the California Supreme Court put it, "labels matter." *Kwikset Corp. v. Superior Court,* 51 Cal. 4th 310, 328 (2011); *Shaeffer,* 44 Cal. App. 5th at 1137 (same).

Nor is it a surprise that courts applying California law require that the label be examined *as a whole*. *See, e.g., Freeman v. Time, Inc.,* 68 F.3d 285, 290 (9th Cir. 1995).  Thus, even if a statement on a package or advertisement might be ambiguous or unclear in isolation, "the presence of a disclaimer or similar clarifying language may defeat a claim of deception." *Id.* ("Any ambiguity that [the plaintiff] would read into any particular statement is dispelled by the promotion as a whole.").  As the court unequivocally observed in *Bobo v. Optimum Nutrition, Inc.*, 2015 WL 13102417, *4 (S.D. Cal Sept. 11, 2015), "[a] plaintiff cannot pursue a claim based on a statement that can only be misleading when the information surrounding it is ignored." Application of these standards to the facts here requires entry of summary judgment in Belkin's favor.

SULLIVAN & TRIGGS, LLP
ATTORNEYS AT LAW
SANTA MONICA

14

DEFENDANT BELKIN INTERNATIONAL, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT ETC.

1. <u>The Packaging As A Whole Was Not, As a Matter of Law, Likely to Mislead Reasonable Consumers.</u>

California law is clear that the Court must evaluate Miley's consumer claims by examining the Product packaging as a whole. Because the Product packaging prominently states the number of charges the user could expect, the only aspect of the Product that Miley claims she found "disappointing," reasonable consumers would not be misled about the Product's charging ability as a matter of law.

Courts applying California law have not hesitated to dispose of consumer claims "based on a statement that can only be misleading when the information surrounding it is ignored" (*id.*) or "where the packaging containing the alleged misrepresentation includes disclosures that makes the meaning of the representation clear." *Dinan,* 2019 WL 2327923, at *7 (affirming dismissal of consumer claim when "[n]one of the qualifying language is hidden or unreadably small" and appears "immediately next to the representations it qualifies"); *see also, e.g., Davis v. HSBC Bank Nevada, N.A.,* 691 F.3d 1152, 1162 (9th Cir. 2012) (no reasonable consumer could have believed there was no annual fee associated with a credit card promising reward certificates, even though there was no mention of an annual fee, where the ad legibly stated "other restrictions apply"); *Sponchiado,* 2019 WL 6117482, at *4 (finding as a matter of law that "a reasonable consumer could not be deceived by the iPhone Products' screen size representation, given the qualifying language expressly notifying the consumer that the actual screen area is less than indicated").

Two recent cases demonstrate that, even assuming *arguendo* that the reference to mAh in isolation could be reasonably understood in the vague sense alleged by Plaintiff, the rest of the package made that understanding unreasonable as a matter of law. In *Dinan,* 2020 WL 364277, the plaintiffs alleged that they thought the reference to gigabytes ("GBs") on the front of the defendant's electronic storage device meant it would store 1,073,741,824 bytes because that is how many bytes are in a GB under base 2 (binary-GB), which is the system used by most operating systems to display data storage capacity. *Id.* at *1. However, the package stated GBs using the base 10 counting system (decimal-GB), in which 1GB is 1,000,000,000 bytes. *Id.* This ambiguity was cleared up by an examination of the full package: the "64GB" on the front of the

15

SULLIVAN &
TRIGGS, LLP
ATTORNEYS AT LAW
SANTA MONICA

package was accompanied by an asterisk. On the back, the asterisk is next to the statement "1GB = 1,000,000,000 bytes." *Id.* at *3. Based on these facts, the plaintiffs brought a putative class action for violations of the UCL, FAL and CLRA. The *Dinan* court dismissed the complaint without leave to amend:

> What ultimately dooms Plaintiff's claims is that Defendant tells the consumer exactly what she is getting: the package *actually discloses* … the total number of bytes of storage. It is simply not plausible that a reasonable consumer (whether she understands the binary/decimal distinction or not) would be deceived by the number of bytes in the storage device, given that the packaging tells her exactly how many bytes she will be getting.

*Id.* at *8 (emphasis in original).[8] Similarly here, Miley, whether she understood the capacity/delivery distinction or not, could not be deceived by the reference to 10000mAh given that, within inches of that reference, the packaging states the number of charges to be expected. She did not even have to look at the back of the package as plaintiffs did in *Dinan*, although, if she did, there was yet another statement setting forth the number of charges the Product could deliver.

*Sponchiado,* 2019 WL 6117482, leads to the same conclusion. In that case, plaintiffs brought a putative class action based on, among other things, an allegation that Apple misrepresented the screen size of certain iPhones because the size advertised included rounded corners and therefore did not accurately convey the viewable screen size. Plaintiffs acknowledged that Apple included, by way of asterisk or footnote, the statement that "actual screen area is less than indicated by the diagonal measurements" or "actual viewable area is less." *Id.* at *4. The court found that the complaint could not stand because "'[a] plaintiff cannot pursue a claim based on a statement that can only be misleading when the information surrounding it is

---

[8] To be precise, the court made these findings in its order dismissing the first complaint while the opinion cited here is concerned with the amended complaint. However, the court stated that none of those findings was undermined by the new allegations in the amended complaint. *Id.* at *9.

DEFENDANT BELKIN INTERNATIONAL, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT ETC.

1   ignored.'" *Id.*, quoting *Bobo,* 2015 WL 13102417, at *4.[9]

2        Miley's consumer claims boil down to this: she saw the amount of mAh the Product

3   contained, thought (contrary to fact) it described the amount of power that could be delivered to

4   her PEDs and used that to develop some completely undefined expectation of the number of times

5   she could use the Product before it had to be recharged, and was disappointed.  Even if the Court

6   were to accept that it is likely that a reasonable consumer would develop any such expectations

7   and thus be misled by a literally true statement of mAh capacity, those claims depend on

8   impermissibly ignoring the other information on the packaging just inches from the statement of

9   mAh, showing a charging cell phone with "3x" on it and stating that the Product will "charge up

10  to 3 times*", which is on the front of the package, and the explanatory asterisk on the back of the

11  package explaining that the Product "charges iPhone7 (running IOS 10) up to 3 times on a single

12  charge in internal testing."  UMF 12, 13, 14, 20, 21, 22, 28, 29, 30.   In language equally apt

13  here, the *Bobo* court explained in dismissing purported UCL, FAL and CLRA claims: "A

14  reasonable consumer . . . cannot look at only one statement to the exclusion of everything else

15  and claim he has been misled."  *Bobo,* 2015 WL 13102417, at *5 (plaintiff's claim that he

16  thought "100% WHEY" meant "100% protein" had to be dismissed because language elsewhere

17  on the packaging clarified that it did not mean "100% protein").  Stated another way, "[i]gnoring

18  legible and clear statements on the front of the label that dispel" a consumer's inferences or

19  assumptions, as Miley has done, "is viewing the product in an unreasonable manner."  *Id.*

20       The legal question for the Court is thus whether, taking the packaging as whole, it is likely

21  that reasonable consumers would be misled about the Product's charging ability by the truthful

22  reference to the 10000mAh capacity of its lithium ion battery.  The answer is no.  The package

23  itself prominently states what consumers can expect in terms of the Product's charging ability.

24  UMF 12, 13, 14, 20, 21, 22, 28, 29, 30.  In the face of that disclosure, Miley's disappointed

25  expectations, whatever they might have been and whatever misunderstanding of mAh they might

26  _____

27      [9] The *Sponchiado* court felt compelled to give plaintiffs leave to amend after granting a 12(b)(6) motion.  It did so, however, only with the observation that it was "doubtful" plaintiffs could successfully plead consumer claims given those facts.  *Id.* at *5.

28

SULLIVAN & TRIGGS, LLP
ATTORNEYS AT LAW
SANTA MONICA

17

1   have been based on, were simply not reasonable. Moreover, if a consumer actually had the

2   specialized knowledge necessary to understand the technical specifications of a lithium ion

3   battery, they would know that mAh describes the power bank's storage capacity, and not the

4   amount of electrical charge that can be delivered by a battery with that capacity. UMF 15, 23, 31.

5   *See also* RJN, Ex. 6, Ex. 5. And if they did not have the knowledge to understand what mAh

6   capacity represents, how could they have any expectations about how often the Product would

7   have to be charged based on the number of mAh? They could not.

8       A reasonable consumer shopping for a power bank, and not a lawsuit, would set their

9   performance expectations based on the part of the package that directly and explicitly addresses

10  that issue. Here, Miley saw that she could expect to get "up to 3" charges of her PED before the

11  Product would have to be recharged. UMF 12, 13, 14, 20, 21, 22, 28, 29, 30. Because there is no

12  allegation that these representations were inaccurate or misleading, there is no basis for any claim

13  against Belkin and the consumer claims fail as a matter of law.

14       2.   <u>In Addition, Even the Reference to 10000mAh In Isolation Was Not Untrue or Likely</u>

15           <u>to Mislead.</u>

16       Miley does not contend – nor could she – that the Product did not in fact have a storage

17  capacity of 10000mAh. The literal accuracy of that representation, given the nature of the

18  Product, provides a second and independent basis for granting summary judgment in favor of

19  Defendant.

20       The fact is that a lithium ion battery cannot deliver its full storage capacity of energy to

21  devices being charged. UMF 17, 25, 33. As Miley admits as a matter of common knowledge, a

22  power bank has to use some of its power to convert and distribute the power from the Product to

23  the PED being charged, thus "necessarily reduc[ing] the amount of mAh delivered into a PED."

24  Compl. ¶28. Similarly, it is indisputable that lithium ion batteries are designed to ensure that they

25  cannot be fully discharged lest they became unstable and therefore dangerous. UMF 18, 19, 26,

26  27, 34, 35. *See also* RJN, Ex. 11(one of the most common causes of battery failure, including

27  explosion, is overdischarge); RJN, Ex. 6 ; 49 C.F.R. § 173.185(a) (mandating compliance with

28  Sub-section 38.3 of the UN Manual of Tests and Criteria, including its forced discharge test). As

SULLIVAN &
TRIGGS, LLP
ATTORNEYS AT LAW
SANTA MONICA

18

DEFENDANT BELKIN INTERNATIONAL, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT ETC.

1  a result, by its very nature, the Product cannot deliver the full amount of its actual storage

2  capacity represented in mAh.  That defeats Miley's consumer claims as a matter of law.  As the

3  Court of Appeal explains: "If a claim of misleading labeling runs counter to ordinary common

4  sense or the obvious nature of the product, the claim is fit for disposition at the demurrer stage of

5  the litigation." *Brady v. Bayer Corp.,* 26 Cal. App. 5th 1156, 1165 (2018).

6       *Ebner v. Fresh, Inc.*, 838 F.3d 958 (9th Cir. 2016) disposed of a similar claim that a

7  consumer could not obtain the entire advertised capacity of a product.  There, a package that

8  contained lip balm in a lipstick tube accurately stated its net weight.  "The [complaint] does not

9  allege that the Sugar tube contains less than the stated quantity of product.  Rather, it alleges that

10  the stated product quantity is false and misleading because only a portion of that product is

11  reasonably accessible to the consumer." *Id*. at 962.  The *Ebner* court rejected such a claim and

12  affirmed the trial court's dismissal for failure to state a claim:

13       Plaintiff's claim that the reasonable consumer would be deceived as to the amount of lip

14       product in a tube of Sugar is not plausible.  It is undisputed that the Sugar label discloses

15       the correct weight of included product.  Dispenser tubes that use a screw mechanism to

16       push up a solid bullet of lip product are commonplace in the market.  The reasonable

17       consumer understands the general mechanics of these dispenser tubes and further

18       understands that some product may be left in the tube to anchor the bullet in place.

19  *Id*. at 965.  So too here, as Miley expressly alleges in her complaint, the entire mAh capacity

20  cannot be delivered.  (Complaint, at ¶¶27, 28); UMF 17, 18, 19, 25, 26, 27, 33, 34, 35.  As with

21  the lipstick tube, the very nature of the Product makes it impossible.

22       In short, even if the Product packaging said nothing more than 10000mAh, Miley's claims

23  would fail as a matter of law.[10]  "Of course, it is possible that some consumers might hazard such

24

25       [10] The *Ebner* court's observations as to what a reasonable consumer could understand
from the packaging apply with even more force here.  In that case, unlike here, "[a]part from the

26  accurate weight label, there are no other words, pictures, or diagrams adorning the packaging …
from which *any* inference could be drawn or on which *any* reasonable belief could be based about

27  how much of the total lip product can be accessed." *Id.* at 966 (emphasis in original).  Here, by
contrast, the packaging does contain information about what the consumer can expect from the

28  Product: PEDs will charge "up to 3 times" before the Product would have to be recharged.  The

(Continued)

SULLIVAN &
TRIGGS, LLP
ATTORNEYS AT LAW
SANTA MONICA

DEFENDANT BELKIN INTERNATIONAL, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT ETC.

1   an assumption.  But "'[a] representation does not become 'false and deceptive' merely because it

2   will be unreasonably misunderstood by an insignificant and unrepresentative segment of the class

3   to whom the representation is addressed.'"  *Davis v. HSBC Bank Nevada, N.A.,* 691 F.3d 1152,

4   1162 (9th Cir. 2012).  And, where, as here, the statement on the package is true, no claim can be

5   based on unreasonable inferences a consumer might make.  *See, e.g., Shaeffer,* 44 Cal. App. 5th at

6   1137 (affirming dismissal of consumer claims where "no sugar added" statement on the label was

7   true and consumer's inferences were unreasonable).

8   **C.    Similarly, Miley Cannot Establish At Least One Essential Element of Her Purported**

9   **Cause of Action for Breach of Express Warranty.**

10  Based on the same facts that undergird her consumer claims, Miley alleges that "Belkin

11  breached its express warranties about the Products because the Products' actual mAh was lower

12  than Belkin represented."  Compl. ¶59.  This claim rises or, in this case, falls with her consumer

13  claims.  *See, e.g., Bobo,* 2015 WL 13102417, at *6 (claim for breach of express warranty failed

14  for the same reasons the consumer claims failed: defendant did not represent the product to say

15  what plaintiff claimed it said); *cf. Hadley v. Kellogg Sales Co.*, 273 F. Supp. 3d 1052, 1095 (N.D.

16  Cal. 2017) ("The Court also notes that courts in this district regularly hold that stating a claim

17  under California consumer protection statutes is sufficient to state a claim for express warranty.").

18  "To prevail on a breach of express warranty claim, a plaintiff must prove that the seller

19  '(1) made an affirmation of fact or promise or provided a description of its goods; (2) the promise

20  or description formed part of the basis of the bargain; (3) the express warranty was breached; and

21  (4) the breach caused injury to the plaintiff.'"  *Viggiano v. Hansen Nat. Corp.*, 944 F. Supp. 2d

22  877, 893 (C.D. Cal. 2013) (setting forth the elements of a claim for breach of express warranty

23  under California law, Cal. Comm. Code § 2313).  Here, Miley simply cannot raise a triable issue

24  of fact as to whether Belkin made the express warranty that the Product would deliver

25  10000mAh.  In fact, no such express warranty is made anywhere – indeed, as Miley points only

26  claim that a reasonable consumer could have been misled is accordingly even more untenable
    here than it was in *Ebner*.  In order to be on all fours with the Product packaging, the package in

27  *Ebner* would need to refer not just to the net weight but also to, for example, how many uses
    could be expected of the lip balm tube inside.

28

SULLIVAN &
TRIGGS, LLP
ATTORNEYS AT LAW
SANTA MONICA

20

DEFENDANT BELKIN INTERNATIONAL, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT ETC.

1   to her misunderstanding of the packaging.  UMF 1, 2, 3.  For that reason alone, Belkin is entitled

2   to judgment as a matter of law on this purported claim.

3          Moreover, where, as here, the actual representation is accurate – not even Miley disputes

4   that the Product had the capacity to store 10000mAh – a breach of express warranty claim

5   necessarily fails.  In *Viggiano,* for example, the court dismissed the plaintiff's express warranty

6   claim:

7          As respects Viggiano's allegation that Hansen warranted that the beverage contained "all

8          natural flavors," the court reiterates that this accurately describes the product.  Viggiano

9          does not identify any artificial flavor in the drink, and the images of the soda can and

10         packaging included in the complaint clearly identify the natural flavor found in each type

11         of soda.  As a consequence, Viggiano has failed adequately to allege that Hansen breached

12         an express warranty that the drink contained all natural flavors.

13  *Id.* at 893-94.  *See also Tae Hee Lee v. Toyota Motor Sales, U.S.A., Inc.*, 992 F. Supp. 2d 962,

14  979 (C.D. Cal. 2014) ("However, even if their breach of express warranty claim was based on

15  language from Toyota's marketing brochure (or they were given leave to amend to state such a

16  claim), Plaintiff would still be unable to state a breach of the express warranty claim.  The

17  'marketing brochure' simply contains the unquestionably true statement that the pre-collision

18  braking feature automatically reduces collision speed."); *McKinnis v. Kellogg USA*, 2007 WL

19  4766060, at *5 (C.D. Cal. Sept.19, 2007) (finding plaintiffs failed to allege sufficient facts to

20  make out a claim for breach of express warranty where the representation was true).

21  **D.     Miley Has No Claim for Unjust Enrichment.**

22         Under California law, "[u]njust enrichment is not a cause of action, just a restitution

23  claim."  *Hill v. Roll Internat'l Corp.*, 195 Cal. App. 4th 1295, 1307 (2011).  *See also Levine v.*

24  *Blue Shield of California*, 189 Cal. App. 4th 1117, 1138 (2010) ("Unjust enrichment is

25  synonymous with restitution.  Thus, the [plaintiffs'] unjust enrichment claim does not properly

26  state a cause of action."); *Everett v. Mountains Recreation & Conservation Auth.*, 239 Cal. App.

27  4th 541, 553 (2015) ("We find 'there is no cause of action in California for unjust enrichment.'").

28

SULLIVAN &
TRIGGS, LLP
ATTORNEYS AT LAW
SANTA MONICA

21

DEFENDANT BELKIN INTERNATIONAL, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT ETC.

1   This should be particularly so where, as here, the statutes on which the primary claims are based

2   allow for restitution, making any purported cause of action for unjust enrichment duplicative.

3        Moreover, because any would-be claims that might support the remedy of restitution fails,

4   a so-called claim for unjust enrichment fails with them.  *See Hill*, 195 Cal. App. 4th at 1307

5   (affirming dismissal of consumer's unjust enrichment claim, holding "[t]here being no actionable

6   wrong, there is no basis for the relief"); *see also Punian v. Gillette Co.*, No. 14-CV-05028-LHK,

7   2016 WL 1029607, at *18 (N.D. Cal. Mar. 15, 2016) (dismissing unjust enrichment claim with

8   prejudice because "[i]f a plaintiff's underlying causes of action fail, a 'claim for unjust

9   enrichment cannot stand alone as an independent claim for relief'").  So too, here, Miley is not

10  entitled to an unjust enrichment remedy (restitution) because the causes of action on which such

11  relief might be based fail as a matter of law.  UMF 4-35.

12  ## IV.  CONCLUSION

13       The only representation that the Product packaging makes about the issue that allegedly

14  concerned Miley appears on the front: the consumer can expect to be able to charge a PED "up to

15  3 times" before the Product itself would need to be recharged.  Miley ignores that fact, and

16  instead rests her claim on the literally true "10000mAh" statement on the package.  This is not

17  properly the stuff of lawsuits, much less a consumer fraud class action.  The Court should be

18  "hesitant to adopt a theory upon which 'almost any advertisement [truthfully] extolling' a

19  product's attributes 'would be fodder for litigation.'"  *Shaeffer,* 44 Cal. 5th at 1139 (quoting

20  *Hartford Cas. Ins. v. Swift Distrib., Inc.,* 59 Cal. 4th 277, 299 (2014).  For these and the other

21  \ \ \

22  \ \ \

23  \ \ \

24

25

26

27

28

DEFENDANT BELKIN INTERNATIONAL, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT ETC.

1    reasons set forth above, Belkin is entitled to summary judgment on Miley's First, Second, Third

2    and Fifth Causes of Action and a determination pursuant to Civil Code § 1781(c)(3) that her

3    Fourth Cause of Action is without merit.

4

5    Dated: October 13, 2020                    Respectfully submitted,

6                                               SULLIVAN & TRIGGS, LLP

7

8                                               By: _____

9                                                   Sheldon Eisenberg
                                                    Erin E. McCracken
10                                                  Attorneys for Defendant
                                                    BELKIN INTERNATIONAL, INC.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SULLIVAN &
TRIGGS, LLP
ATTORNEYS AT LAW
SANTA MONICA

23
DEFENDANT BELKIN INTERNATIONAL, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT ETC.

## **PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

       I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Sullivan & Triggs, LLP, 1230 Montana Avenue, Suite 201, Santa Monica, California 90403.

       On **October 13, 2020**, I served the foregoing document described as **DEFENDANT BELKIN INTERNATIONAL, INC.'S MOTION FOR SUMMARY JUDGMENT** on the interested parties in this action by transmitting a copy as follows:

See Attached Service List

  X   **By ELECTRONIC SERVICE** (I electronically served the foregoing with the Case Anywhere system which will send notification of such filing to counsel denoted on the attached Service List.)

  \_\_\_\_   **By PERSONAL SERVICE**

      \_\_\_\_  by personally delivering such envelope to the addressee.

      \_\_\_\_  by causing such envelope to be delivered by messenger to the office of the addressee.

  \_\_\_\_   **By UNITED STATES MAIL** (I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.)

  \_\_\_\_   **By OVERNIGHT DELIVERY** (by causing such envelope to be delivered to the office of the addressee by overnight delivery via Federal Express or by other similar overnight delivery service.)

  \_\_\_\_   **By FAX TRANSMISSION**

  X   (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

  \_\_\_\_   (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

       Executed on **October 13, 2020**, at Santa Monica, California.

| | |
|---|---|
| _____Shella Anderson_____ | *Shella Anderson* |
| Name | Signature |

1

Service List

2

| Nathan M. Smith (Ca. Bar No. 255212) | Attorneys for Plaintiff Lenore Miley |
|---|---|
| Nona Yegazarian (Ca. Bar No. 316458) **BROWN NERI SMITH & KHAN LLP** 11601 Wilshire Boulevard, Suite 2080 Los Angeles, California 90025 Phone: 310-593-9890 Fax: 310-593-9980 Email: nate@bnsklaw.com Email: nona@bnsklaw.com<br><br>D. Greg Blankinship **FINKELSTEIN, BLANKINSHIP, FREI-PEARSON & GARBER, LLP** 445 Hamilton Ave, Suite 605 White Plains, NY 10601 Phone: 914-298-3290 Email: gblankinship@fbfglaw.com<br><br>William F. Cash Matthew D. Schultz Brenton J. Goodman **LEVIN, PAPANTONIO, THOMAS, MITCHELL, RAFFERTY & PROCTOR, P.A.** 316 South Baylen Street, Suite 600 Pensacola, FL 32502 Phone: 850-435-7059 Fax: 850-435-7020 Email: bcash@levinlaw.com Email: mschultz@levinlaw.com Email: bgoodman@levinlaw.com | |

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SULLIVAN &
TRIGGS, LLP
ATTORNEYS AT LAW
SANTA MONICA

DEFENDANT BELKIN INTERNATIONAL, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT ETC.

1  SHELDON EISENBERG (SBN 100626)
   seisenberg@sullivantriggs.com
2  ERIN E. McCRACKEN (SBN 244523)
   emccracken@sullivantriggs.com
3  Sullivan & Triggs, LLP
   1230 Montana Avenue, Suite 201
4  Santa Monica, California 90403
   Telephone:    (310) 451-8300
5  Facsimile:    (310) 451-8303

6  Attorneys for Defendant
   BELKIN INTERNATIONAL, INC.

7

8

9              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10                  **FOR THE COUNTY OF LOS ANGELES**

11

12  LENORE MILEY, individually and on behalf       Case No. 20STCV00033
    of all others similarly situated,
13                                                 **DEFENDANT BELKIN**
                                                   **INTERNATIONAL, INC.'S NOTICE OF**
14             Plaintiff,                          **LODGMENT IN SUPPORT OF MOTION**
                                                   **FOR SUMMARY JUDGMENT OR IN**
15        v.                                       **THE ALTERNATIVE SUMMARY**
                                                   **ADJUDICATION AND FOR A**
16  BELKIN INTERNATIONAL, INC.,                    **DETERMINATION PURSUANT TO**
                                                   **CIVIL CODE § 1781(c)(3) THAT THE**
17             Defendant.                          **FOURTH CAUSE OF ACTION IS**
                                                   **WITHOUT MERIT**
18
                                                   [*Filed concurrently with Notice of Motion and*
19                                                 *Motion; Memorandum of Points and*
                                                   *Authorities in Support; Separate Statement of*
20                                                 *Undisputed Material Facts; Declaration of N.*
                                                   *Kalra; Request for Judicial Notice;*
21                                                 *Declaration of S. Eisenberg; [Proposed] Order*
                                                   *Granting Motion of Summary Judgment]*
22
                                                   Judge:    Hon. Carolyn B. Kuhl
23                                                 Dept.:    12

24                                                 Complaint Filed: January 2, 2020
                                                   Hearing Date:    March 17, 2021
25                                                 Time:            1:45 pm
                                                   Dept:            12
26

27

28

SULLIVAN &
TRIGGS, LLP
ATTORNEYS AT LAW
SANTA MONICA

DEFENDANT BELKIN INTERNATIONAL, INC.'S NOTICE OF LODGMENT ISO MOTION FOR SUMMARY
JUDGMENT ETC.

1    **TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

2       **PLEASE TAKE NOTICE** that Defendant Belkin International, Inc. ("Belkin") hereby

3 lodges with the Court, a Belkin Pocket Power 10K power bank complete with its packaging, in

4 support of its motion for summary judgment in Belkin's favor on plaintiff's complaint, or in the

5 alternative summary adjudication in favor of Belkin on the purported first, second, third and fifth

6 causes of action therein and for a determination pursuant to Civil Code § 1781(c)(3) that the

7 purported fourth cause of action is without merit.

8

9 Dated: October 13, 2020           Respectfully submitted,

10                                   SULLIVAN & TRIGGS, LLP

11

12                            By: _____

13                                     Sheldon Eisenberg
                                    Erin E. McCracken

14                            Attorneys for Defendant
                           BELKIN INTERNATIONAL, INC.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

     I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is Sullivan & Triggs, LLP, 1230 Montana Avenue, Suite 201, Santa Monica, California 90403.

     On **October 13, 2020**, I served the foregoing document described as **DEFENDANT BELKIN INTERNATIONAL, INC.'S NOTICE OF LODGMENT IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE SUMMARY ADJUDICATION AND FOR A DETERMINATION PURSUANT TO CIVIL CODE § 1781(c)(3) THAT THE FOURTH CAUSE OF ACTION IS WITHOUT MERIT** on the interested parties in this action by transmitting a copy as follows:

See Attached Service List

  X  **By ELECTRONIC SERVICE** (I electronically served the foregoing with the Case Anywhere system which will send notification of such filing to counsel denoted on the attached Service List.)

  X  **By PERSONAL SERVICE**

      X  by personally delivering such envelope to BROWN NERI SMITH & KHAN LLP.

      _____  by causing such envelope to be delivered by messenger to the office of the addressee.

_____  **By UNITED STATES MAIL** (I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.)

_____  **By OVERNIGHT DELIVERY** (by causing such envelope to be delivered to the office of the addressee by overnight delivery via Federal Express or by other similar overnight delivery service.)

_____  **By FAX TRANSMISSION**

  X  (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_____  (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

     Executed on **October 13, 2020**, at Santa Monica, California.

     Shella Anderson                  *Shella Anderson*

Name                                   Signature

SULLIVAN & TRIGGS, LLP
ATTORNEYS AT LAW
SANTA MONICA

DEFENDANT BELKIN INTERNATIONAL, INC.'S NOTICE OF LODGMENT ISO MOTION FOR SUMMARY JUDGMENT ETC.

1
Service List

| | |
|---|---|
| 2 Nathan M. Smith (Ca. Bar No. 255212)<br>Nona Yegazarian (Ca. Bar No. 316458)<br>3 **BROWN NERI SMITH & KHAN LLP**<br>11601 Wilshire Boulevard, Suite 2080<br>4 Los Angeles, California 90025<br>Phone: 310-593-9890<br>5 Fax: 310-593-9980<br>Email: nate@bnsklaw.com<br>6 Email: nona@bnsklaw.com<br>7<br>D. Greg Blankinship<br>8 **FINKELSTEIN, BLANKINSHIP,**<br> **FREI-PEARSON & GARBER, LLP**<br>9 445 Hamilton Ave, Suite 605<br>White Plains, NY 10601<br>10 Phone: 914-298-3290<br>Email: gblankinship@fbfglaw.com<br>11<br>12 William F. Cash<br>Matthew D. Schultz<br>13 Brenton J. Goodman<br>14 **LEVIN, PAPANTONIO, THOMAS,**<br> **MITCHELL, RAFFERTY &**<br>15 **PROCTOR, P.A.**<br>316 South Baylen Street, Suite 600<br>16 Pensacola, FL 32502<br>Phone: 850-435-7059<br>17 Fax: 850-435-7020<br>Email: bcash@levinlaw.com<br>18 Email: mschultz@levinlaw.com<br>Email: bgoodman@levinlaw.com<br>19<br>20 | Attorneys for Plaintiff Lenore Miley |

21

22

23

24

25

26

27

28

SULLIVAN &
TRIGGS, LLP
ATTORNEYS AT LAW
SANTA MONICA

DEFENDANT BELKIN INTERNATIONAL, INC.'S NOTICE OF LODGMENT ISO MOTION FOR SUMMARY
JUDGMENT

1   SHELDON EISENBERG (SBN 100626)
    seisenberg@sullivantriggs.com
2   ERIN E. McCRACKEN (SBN 244523)
    emccracken@sullivantriggs.com
3   Sullivan & Triggs, LLP
    1230 Montana Avenue, Suite 201
4   Santa Monica, California 90403
    Telephone:      (310) 451-8300
5   Facsimile:      (310) 451-8303

6   Attorneys for Defendant
    BELKIN INTERNATIONAL, INC.

7

8

9              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10                  **FOR THE COUNTY OF LOS ANGELES**

11

12  | LENORE MILEY, individually and on behalf of all others similarly situated, | Case No. 20STCV00033 |
    |---|---|
    | Plaintiff, | **DEFENDANT BELKIN INTERNATIONAL, INC.'S REQUEST FOR JUDICIAL NOTICE PURSUANT TO EVIDENCE CODE SECTIONS 452 AND 453; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATON OF SHELDON EISENBERG** |
    | v. | |
    | BELKIN INTERNATIONAL, INC., | |
    | Defendant. | [*Filed concurrently with Notice of Motion and Motion for Summary Judgment and etc.; Memorandum of Points and Authorities in Support; Separate Statement of Undisputed Material Facts; Declaration of N. Kalra; [Proposed] Order Granting Motion of Summary Judgment*] |
    | | Judge:      Hon. Carolyn B. Kuhl |
    | | Dept.:       12 |
    | | Complaint Filed:  January 2, 2020 |
    | | Hearing Date:     March 17, 2021 |
    | | Time:              1:45 pm |
    | | Dept:              12 |

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT BELKIN INTERNATIONAL, INC.'S REQUEST FOR JUDICIAL NOTICE ISO SUMMARY
JUDGMENT MOTION ETC.; SUPPORTING AUTHORITIES AND DECLARATION

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

  **PLEASE TAKE NOTICE** that on March 17, 2021 at 1:45 p.m. or soon thereafter as the matter may be heard in Department 12 of the Superior Court of the State of California for the County of Los Angeles, Spring Street Courthouse located at 312 North Spring Street, Los Angeles, CA 90012, defendant Belkin International, Inc. ("Belkin") will and hereby does request that the Court take judicial notice of the following:

1. The term "mAh" is an abbreviation of milliampere hours and refers to the capacity of lithium ion batteries.
2. Lithium ion batteries can become unstable if they are discharged below a certain level.
3. Lithium ion batteries are designed to switch off before they are fully discharged of their mAh capacity.

  This Motion is made pursuant to California Evidence Code §§ 452 and 453 and is made on the grounds that the above facts are not reasonably subject to dispute and are capable of immediate and accurate determination by resort to sources of reasonably indisputable accuracy (§ 452(h)). Alternatively, these facts have become a matter of common knowledge and are subject to judicial notice under Evidence Code section 452(g).

  This Motion is based on this Notice and Motion, the attached Memorandum of Points and Authorities, the attached Declaration of Sheldon Eisenberg, and the Request to Take Judicial Notice filed herewith; upon the records and files in this action; upon the oral argument of counsel; and upon all other evidence or argument presented prior to the Court's ruling on this matter.

Dated: October 13, 2020     Respectfully submitted,

              SULLIVAN & TRIGGS, LLP

              By: _____
                Sheldon Eisenberg
                Erin E. McCracken
              Attorneys for Defendant
              BELKIN INTERNATIONAL, INC

SULLIVAN &
TRIGGS, LLP
ATTORNEYS AT LAW
SANTA MONICA

2

DEFENDANT BELKIN INTERNATIONAL, INC.'S REQUEST FOR JUDICIAL NOTICE ISO SUMMARY
JUDGMENT MOTION ETC.; SUPPORTING AUTHORITIES AND DECLARATION

**MEMORANDUM OF POINTS AND AUTHORITIES**

Belkin requests judicial notice of these three facts:

1.  The term "mAh" is an abbreviation of milliampere hours and refers to the capacity of lithium ion batteries.

2.  Lithium ion batteries can become unstable if they are discharged below a certain level.

3.  Lithium ion batteries are designed to switch off before they are fully discharged of their capacity.

Each of these matters is a well-established scientific principle. As such, it is not reasonably subject to dispute and can be determined accurately and immediately through sources of reasonably indisputable accuracy. In these circumstances, judicial notice is appropriate under Evidence Code section 452(h).

Evidence Code section 452(h) ("Section 452(h)") provides for judicial notice of "[f]acts and propositions that are not reasonably subject to dispute and are capable of immediate and accurate determination by resort to sources of reasonably indisputable accuracy." Judicial notice of such matters is mandatory where, as here, a party requests that such notice be taken, furnishes the court with sufficient information to enable it to take judicial notice of the matter, and gives each adverse party sufficient notice of the request to prepare to meet it. Evid. Code § 453.

California courts can take judicial notice of scientific facts. *Brown v. Smith*, 24 Cal. App. 5th 1135, 1142 (2018). *See also McAllister v. Workmen's Comp. Appeals Bd.*, 69 Cal. 2d 408, 414 (1968) and cases cited therein. Here, references to scientific treatises demonstrate that each of the above facts fits the criteria of section 452(h).

**Indisputable Fact: The term "mAh" is an abbreviation of milliampere hours and refers to the capacity of a lithium ion batteries.**

This fact is capable of immediate and accurate determination by resort to sources of reasonably indisputable accuracy such as *Linden's Handbook of Batteries* (4th ed. 2011) ("*Linden's*") § 1.4.3 (ampere hours refers to theoretical capacity); *id.* at Figures 14.73, 14.74, 14.81 (graphs containing the legend "capacity (mAh)"); and *The Handbook of Lithium Ion*

SULLIVAN &
TRIGGS, LLP
ATTORNEYS AT LAW
SANTA MONICA

3

DEFENDANT BELKIN INTERNATIONAL, INC.'S REQUEST FOR JUDICIAL NOTICE ISO SUMMARY
JUDGMENT MOTION ETC.; SUPPORTING AUTHORITIES AND DECLARATION

*Battery Pack Design* (2015) ("*Li-ion Battery Pack Design*", p. 91.[1] It also appears to be a matter of common knowledge—judicially noticeable under Evidence Code section 452(g), which is demonstrated by a quick internet search of "what is mAh" as well as by the fact that widely read magazines of general circulation such as Popular Mechanics explain it in plain English. *See* "Eight Battery Packs to Keep Your Gadgets Going," in Popular Mechanics ("a portable battery pack's capacity is measured in mAh (or milliamp hours)").

**Indisputable Facts: Lithium ion batteries can become unstable if they are discharged below a certain level and are therefore designed to switch off before they are fully discharged of their mAh capacity.**

These facts are capable of immediate and accurate determination by resort to sources of reasonably indisputable accuracy. *E.g. Linden's* § 14.5.1 (deep or forced discharge under earlier design could result in, among other things, rupture and fires); *id.* § 3.2.1 (battery is not discharged to zero volts and all of the available ampere-hour capacity is not utilized); *id.* § 5.2 (one of the most common causes of battery failure, including explosion, is overdischarge); *Li-ion Battery Pack Design*, p. 93 (lithium-ion batteries use only a percentage of the total energy in order to manage low end voltage). The law itself recognizes this issue by regulating lithium batteries as hazardous material under the U.S. Department of Transportation's (DOT's) Hazardous Materials Regulations (49 C.F.R. §§ 171-180) and requiring that they be subjected to a forced discharge test before they can be transported.[2]

Because of this problem, battery packs are designed to switch off before they hit that low-

---

[1] The sources cited here are attached as Exhibits to the Declaration of Sheldon Eisenberg attached to this Memorandum of Points and Authorities.

[2] Lithium batteries, including batteries that are components of power banks, transported in the United States must "meet the criteria in part III, sub-section 38.3 of the UN Manual of Tests and Criteria," which sets for a series of tests that lithium batteries must be subjected to and pass before they can be transported. 49 C.F.R. § 173.185(a). One of those tests is a forced discharge test, the purpose of which is to "evaluate[] the ability of a primary or a rechargeable cell to withstand a forced discharge condition." UN Manual of Tests and Criteria section 38.3.4.8.1. "Fully discharged" is defined to mean "a rechargeable cell or battery which has been electrically discharged to its *endpoint voltage as specified by the manufacturer*." 38.3.2.3 (emphasis added). This reference to "endpoint voltage" is to the manufacturer's low voltage specification, which is typically 3.0 volts because "discharge below 3.0 V can cause degradation of electrodes," which "can lead to cell failure and cell thermal runaway." *See* "Lithium-Ion Batteries Hazard and Use Assessment," at pp. 8-9.

SULLIVAN & TRIGGS, LLP
ATTORNEYS AT LAW
SANTA MONICA

4

voltage state. As stated (at p. 62) in the scientific report entitled "Lithium-Ion Batteries Hazard and Use Assessment" prepared for the Fire Protection Research Foundation of Quincy, Massachusetts, "[m]ost consumer electronics devices set specific discharge voltage limits for their lithium-ion battery packs, at which point an electrical switch will disconnect the electrical load from the battery pack to prevent over-discharge."

Indeed, these matters now appear to be of common knowledge as demonstrated by the publication of this information in a magazine of general circulation such as Popular Mechanics and thus judicially noticeable, in the alternative, under Section 452(g). *See* "8 Essential Tips To Keep Your Phone's Battery Healthy" in Popular Mechanics ("When your battery stops powering your phone, it doesn't mean it's actually empty. It's not! Lithium-ion batteries only discharge most of the way, mainly because when they discharge all the way they can get wildly unstable. If a battery comes close to that danger zone, a protection circuit in the battery will trip and kill the battery forever and for real, functionally destroying the battery before it can discharge to a level where it's in danger of exploding.").

Belkin respectfully requests that the Court grant judicial notice of each of these three facts.

Dated: October 13, 2020

Respectfully submitted,

SULLIVAN & TRIGGS, LLP

By: _____
        Sheldon Eisenberg
        Erin E. McCracken
     Attorneys for Defendant
     BELKIN INTERNATIONAL, INC.

SULLIVAN &
TRIGGS, LLP
ATTORNEYS AT LAW
SANTA MONICA

5
DEFENDANT BELKIN INTERNATIONAL, INC.'S REQUEST FOR JUDICIAL NOTICE ISO SUMMARY
JUDGMENT MOTION ETC.; SUPPORTING AUTHORITIES AND DECLARATION

**DECLARATION OF SHELDON EISENBERG**

I, Sheldon Eisenberg , declare as follows:

    1.      I am a partner at the law firm of Sullivan & Triggs, LLP, and am counsel of record for Defendant Belkin International, Inc.  I have personal knowledge of the matters set forth herein and, if called as a witness, I could and would testify competently to such matters

    2.      Attached hereto as Exhibit 1 is a true and correct copy of section 1.4.3 of the scientific volume entitled *Linden's Handbook of Batteries* (4th ed. 2011) ("*Linden's*").

    3.      Attached hereto as Exhibit 2 is a true and correct copy of Figures 14.73, 14.74, and 14.81 of *Linden's*.

    4.      Attached hereto as Exhibit 3 is a true and correct copy of page 91 of the scientific volume entitled *The Handbook of Lithium Ion Battery Pack Design* (2015) ("*Li-ion Battery Pack Design*").

    5.      Attached hereto as Exhibit 4 is a true and correct copy of an article in *Popular Mechanics* entitled "Eight Battery Packs to Keep Your Gadgets Going," written by Don Melanson and dated November 25, 2019.  This article is available at: https://www.popularmechanics.com/technology/gadgets/g2993/best-battery-packs/ (last accessed October 9, 2020).

    6.      Attached hereto as Exhibit 5 is a true and correct copy of section 1.5 of *Linden's*.

    7.      Attached hereto as Exhibit 6 is a true and correct copy of section is a true and correct copy of an article in *Popular Mechanics* entitled "8 Essential Tips To Keep Your Phone's Battery Healthy," written by Eric Limer and dated May 26, 2015.  This article is available at: https://www.popularmechanics.com/technology/gadgets/a15731/best-way-to-keep-li-ion-batteries-charged/ (last accessed October 13, 2020).

    8.      Attached hereto as Exhibit 7 is a true and correct copy of section 14.5.1 of *Linden's*.

    9.      Attached hereto as Exhibit 8 is a true and correct copy of section 3.2.1 of *Linden's*.

    10.     Attached hereto as Exhibit 9 is a true and correct copy of page 93 of *Li-ion Battery Pack Design*.

SULLIVAN & TRIGGS, LLP
ATTORNEYS AT LAW
SANTA MONICA

6

DEFENDANT BELKIN INTERNATIONAL, INC.'S REQUEST FOR JUDICIAL NOTICE ISO SUMMARY JUDGMENT MOTION ETC.; SUPPORTING AUTHORITIES AND DECLARATION

11.     Exhibit 10 is a true and correct copy of relevant excerpts (pages 8-9 and 62) of the scientific report entitled "Lithium-Ion Batteries Hazard and Use Assessment" prepared for the Fire Protection Research Foundation of Quincy, Massachusetts.  This report is available at: https://www.nrc.gov/docs/ML1719/ML17191A294.pdf (last accessed October 10, 2020).

12.     Attached hereto as Exhibit 11 is a true and correct copy of section 5.2 of *Linden's*.


I declare under penalty of perjury that the foregoing is true and correct and that this Declaration is executed this 13th day of October, 2020 in Encino, California.

Sheldon Eisenberg

SULLIVAN & TRIGGS, LLP
ATTORNEYS AT LAW
SANTA MONICA

# EXHIBIT 1



FOURTH EDITION

# Linden's Handbook of
# Batteries

EDITED BY
THOMAS B. REDDY

Anode (oxidation potential) + cathode (reduction potential) = standard cell potential

For example, in the reaction $Zn + Cl_2 \rightarrow ZnCl_2$, the standard cell potential is:

$$
\begin{aligned}
Zn &\rightarrow Zn^{2+} + 2e &-(-0.76 \text{ V}) \\
Cl_2 &\rightarrow 2Cl^- - 2e &\underline{1.36 \text{ V}} \\
& E° = &2.12 \text{ V}
\end{aligned}
$$

The cell voltage is also dependent on other factors, including concentration and temperature, as expressed by the Nernst equation (covered in detail in Chap. 2).

### 1.4.3 Theoretical Capacity (Coulombic)

The theoretical capacity of a cell is determined by the amount of active materials in the cell. It is expressed as the total quantity of electricity involved in the electrochemical reaction and is defined in terms of coulombs or ampere-hours. The "ampere-hour capacity" of a battery is directly associated with the quantity of electricity obtained from the active materials. Theoretically, 1 gram-equivalent weight of material will deliver 96,487 C or 26.8 Ah. (A gram-equivalent weight is the atomic or molecular weight of the active material in grams divided by the number of electrons involved in the reaction.)

The electrochemical equivalence of typical materials is listed in Table 1.1 and Appendix C.

**TABLE 1.1**   Characteristics of Typical Electrode Materials*

| Material | Atomic or molecular weight, g | Standard reduction potential at 25°C, V | Valence change | Melting point, °C | Density, $g/cm^3$ | Electrochemical equivalents | | |
|---|---|---|---|---|---|---|---|---|
| | | | | | | Ah/g | g/Ah | $Ah/cm^3$ |
| Anode materials | | | | | | | | |
| $H_2$ | 2.01 | 0 | 2 | — | — | 26.59 | 0.037 | — |
| | | $-0.83^†$ | | | | | | |
| Li | 6.94 | $-3.01$ | 1 | 180 | 0.54 | 3.86 | 0.259 | 2.06 |
| Na | 23.0 | $-2.71$ | 1 | 98 | 0.97 | 1.16 | 0.858 | 1.14 |
| Mg | 24.3 | $-2.38$ | 2 | 650 | 1.74 | 2.20 | 0.454 | 3.8 |
| | | $-2.69^†$ | | | | | | |
| Al | 26.9 | $-1.66$ | 3 | 659 | 2.69 | 2.98 | 0.335 | 8.1 |
| Ca | 40.1 | $-2.84$ | 2 | 851 | 1.54 | 1.34 | 0.748 | 2.06 |
| | | $-2.35^†$ | | | | | | |
| Fe | 55.8 | $-0.44$ | 2 | 1528 | 7.85 | 0.96 | 1.04 | 7.5 |
| | | $-0.88^†$ | | | | | | |
| Zn | 65.4 | $-0.76$ | 2 | 419 | 7.14 | 0.82 | 1.22 | 5.8 |
| | | $-1.25^†$ | | | | | | |
| Cd | 112.4 | $-0.40$ | 2 | 321 | 8.65 | 0.48 | 2.10 | 4.1 |
| | | $-0.81^†$ | | | | | | |
| Pb | 207.2 | $-0.13$ | 2 | 327 | 11.34 | 0.26 | 3.87 | 2.9 |
| $(Li)C_6^§$ | 72.06 | $\sim -2.8$ | 1 | — | 2.25 | 0.372 | 2.69 | 0.837 |
| $MH^¶$ | | $-0.83^†$ | 2 | — | — | 0.305 | 3.28 | — |
| $CH_3OH$ | 32.04 | — | 6 | — | — | 5.02 | 0.20 | — |

(*Continued*)

**EXHIBIT 2**



FOURTH EDITION

# Linden's Handbook of
# Batteries

EDITED BY

THOMAS B. REDDY



**FIGURE 14.73** Discharge data from $Li/CF_{0.65}$ test cells at $-40°C$ with and without a room-temperature predischarge of 3% of the total cell capacity.

## 14.10 LITHIUM/IRON DISULFIDE (Li/FeS$_2$) BATTERIES

Iron sulfide, in both the monosulfide (FeS) and the disulfide (FeS$_2$) forms, has been considered for use in solid-cathode lithium batteries. Only the disulfide battery has been commercialized because of its performance advantage due to its higher sulfur content and higher voltage. The monosulfide electrode has the advantage of reduced corrosion, longer life, and a single voltage plateau compared to the disulfide electrode, which discharges in two steps.

These batteries have a nominal voltage of 1.5 V* and can therefore be used as replacements for aqueous batteries having a similar voltage. Button-type Li/FeS$_2$ batteries were manufactured as a replacement for zinc/silver oxide batteries but are no longer marketed. They had a higher impedance and a slightly lower power capability but were lower in cost and had better low-temperature performance and storability.

Li/FeS$_2$ batteries are now manufactured in a cylindrical configuration. These batteries have better high-drain low-temperature performance than the zinc/alkaline-manganese dioxide batteries. The capacity of these two systems on constant-current discharge at four rates is compared in Fig. 14.74 for the AA-size cells.

### 14.10.1 Chemistry

These cells[53] employ a cathode of FeS$_2$ mixed with carbon and a mixed Teflon® organic binder coated on an aluminum foil, an anode of lithium alloyed with 0.5% aluminum, and a 20 micron high-porosity polyethylene separator. The electrolyte is a 0.75 M solution of LiI in a 65:35 (V/V)

---

*ANSI Standard C18.3M, Part 1-2009.



**FIGURE 14.74**   Comparison of capacity (mAh) of AA Li/FeS$_2$ and alkaline-manganese cells on constant-current discharge at four rates (25, 250, 500, and 1000 mA) at 21°C. (*Courtesy Energizer Battery Co.*)

mixture of 1,3 dioxolane and 1,2 dimethoxyethane, which is reported to increase in conductivity as the temperature decreases. The cell reactions at high rate and ambient temperature are

| Anode | $4Li \rightarrow 4LI^+ + 4e$ |
|---|---|
| Cathode | $FeS_2 + 4e \rightarrow Fe + 2S^{-2}$ |
| Overall | $4Li + FeS_2 \rightarrow Fe + 2Li_2S$ |

At low rate and/or high temperature, a two-step discharge process occurs as seen in Fig. 14.75. The cell reactions are then given by

$$2Li + FeS_2 \rightarrow Li_2FeS_2$$
$$2Li + Li_2FeS_2 \rightarrow 2Li_2S + Fe$$



**FIGURE 14.75**   Stepped discharge curve of Li/FeS$_2$ AA-size batteries on light drain at 21°C. 5000 ohm background with 25 ohm, 1 s/week pulse. (*Courtesy of Energizer Battery Co., Inc.*)



**FIGURE 14.81**   Improvement in AA high rate performance on ANSI DSC test: 1A continuous test to 1.0 V.

of the cell or battery device designs. Service life is reduced as the discharge temperature is lowered below room temperature, though the performance of the $Li/FeS_2$ battery is affected much less by low temperature than are aqueous systems.

***Effects of Current-Limiting Devices.***   Some current-limiting devices, such as thermal fuses and PTCs, are designed to respond to high temperatures. Both the ambient temperature and internal cell heating can affect these devices, so any of the following factors may play a role:

Surrounding air temperature

Thermal insulating properties of battery container

Heat generated by equipment components during use

Cumulative heating effects of multicell batteries

Discharge rates and durations

Frequency and duration of rest periods

It may be necessary to consult the manufacturer or conduct testing to determine limitations in specific applications.

***Impedance.***   AC impedance is an electrical characteristic that is frequently used as an indicator of performance for aqueous batteries. The correlation is only poor at best with $Li/FeS_2$ batteries. There is a protective film that forms on the surface of the lithium anode. This film is an important factor in the excellent shelf life of the $Li/FeS_2$ cell. As the cell ages, this protective film increases with age. As the film increases, the impedance does as well. However, this film is easily disrupted when the battery is put on load, making impedance inappropriate as an indicator of expected $Li/FeS_2$ battery performance, especially after storage.

***Storage Temperature.***   Storage at high temperature will reduce the service life of $Li/FeS_2$ batteries, as it will with other systems. However, because of the very low levels of impurities in the materials used and the high degree of seal effectiveness required in lithium batteries, service maintenance of $Li/FeS_2$ batteries after high-temperature storage is better than expected with aqueous systems. The typical storage temperature range of $Li/FeS_2$ batteries is −40 to 60°C. Accelerated storage tests at

**EXHIBIT 3**



ELSEVIER

John Warner

# The Handbook of
# Lithium-Ion
## Battery Pack Design

Chemistry, Components, Types and Terminology

## Battery Terms

Before we begin talking about battery design, we need to first understand some of the basic terminology surrounding the battery. Please note that this list is not intended to be an exhaustive list but rather is an explanation of some of the most common terms that you will find in the lithium-ion battery industry. For a more exhaustive list of terms and definitions, again I would refer the reader to one of the industry standards organizations such as the SAE standard J1715 *"Battery Terminology"* (SAE International, 2014).

Ampere—Often referred to as "Amp," this is a unit of measurement of the battery current.

Anode—The anode is the negative "−" terminal inside the battery cell. It is typically a thin piece of highly conductive aluminum or copper that is coated with graphite, carbon, or other similarly conductive material.

Battery Management System (BMS)—The BMS is the control system within the battery pack that consists of one or more electronic controllers, which manages the charging and discharging, monitors the temperature and voltage, communicates with the vehicle system, balances the cells, and manages the safety functionality of the battery pack.

Beginning of Life (BOL)—The term BOL refers to the battery energy, capacity, and power when it is first built or is at the beginning of its life.

C-rate—The term C-rate is important; it refers to the rate at which a battery can charge or discharge all of its energy (or power). In other words, it describes how fast a battery can accept a charge or give up its power (discharge). C-rate is described in relation to a 1 h discharge, so 1C-rate is equal to the rate at which a battery is fully discharged (or charged) in 1 h. Along the same lines, 2C-rate would then be equal to the rate at which a battery is fully discharged in 30 min (60 min/2C = 30 min). If the C-rate number goes up the discharge time goes down, and vice versa. So 0.5C discharge rate would be equal to a 2 h discharge period (60 min/0.5C = 120 min or 2 h).

Capacity—Capacity is measured in Amperes (A) and is a measure of *amount* of energy in a system. Think of capacity as being analogous to the size of the hose that water may flow through. Larger capacity is equal to a larger hose. If we add in the aspect of time, Ampere hours (Ah) is akin to Miles per hour (mph).

CARB—The CARB is a legislative group in California with the mandate of passing

**EXHIBIT 4**

Best Power Banks 2019 | Portable Charger Reviews

## POPULAR MECHANICS

Gear-obsessed editors choose every product we review. We may earn commission if you buy from a link. How we test gear.

# Eight Battery Packs to Keep Your Gadgets Going

When your smartphone's battery can't get you through the day, always have a back up plan.

// BY DON MELANSON   NOV 25, 2019



STAFF

Chances are you've been stuck more than once searching for an outlet to top off a dying smartphone battery. If you're looking to avoid that stress in the future, a portable battery pack is a great way to give yourself some added peace of mind and ensure that your mobile devices are always charged when you need them. Even if you're not using it every day, it's a great thing to keep on-hand (and juiced) in the event of an emergency, power outage, or if you just need something to run your lantern off of at the campsite.

Deciding to get one is simple. Choosing which one to get, unfortunately, isn't. Some might only be able to partially recharge your smartphone or tablet, or charge it more slowly than your wall charger, while others are able to quickly recharge multiple devices but might be more than you need. Read on for helpful buying advice and things to consider, plus reviews of stand-out models that are worth your hard-earned cash.

### Size vs. Capacity

When deciding on a portable battery pack, it's important to keep in mind when and where you're going to use it, and what you'll be using it for. If you often find yourself looking to top off your smartphone battery during your daily routine, you'll likely want a more portable but smaller capacity battery pack that's easier to always carry with you. If, on the other hand, you're traveling a lot or regularly find yourself far from a power outlet for

extended periods of time, you might be more inclined to trade some portability for added capacity that can let you recharge a number of devices (even a laptop) a couple of times over.

Like your smartphone or laptop's battery, a portable battery pack's capacity is measured in mAh (or milliamp hours), which can range from 1,000 or 1,500 mAh in the smallest, most portable battery packs (enough to only partially recharge an average smartphone) to tens of thousands in higher-capacity units—the biggest of which can weigh as much as the laptops they're designed to recharge.

## Connectivity

Another important consideration when it comes to portable battery packs is connectivity. While almost all of them will have at least one standard USB port to charge a range of devices, many also have Lightning connectors for Apple devices, as well as USB-C ports for newer smartphones, laptops, and other gadgets like the Nintendo Switch. Some larger battery packs can even have a regular AC outlet built into them.

You'll also want to pay attention to the battery pack's power output, which can indicate how fast it's able to recharge devices. As you'd expect, the higher the output, the faster it's able to provide juice—given your phone or other device supports that level of charging. Chargers with a low power output (under 10 watts) will charge your phone more slowly that your regular power adapter, while a higher output (up to 45 watts) will be able to easily charge most USB-C laptops relatively quickly.

## How We Chose

To select these portable battery packs, we relied on our own previous research on the subject and experience using similar devices. Then we consulted reviews from a range of trusted publications, including *PC World*, *The Wirecutter*, and *Android Central*. We also took into account customer ratings from online retailers like Amazon and Best Buy, focusing on products that scored consistently high from more than 100 reviews.

ADVERTISEMENT - CONTINUE READING BELOW

**Mophie Powerstation XXL**

Case: 1:22-cv-06918 Document #: 36-6 Filed: 08/02/23 Page 86 of 600 PageID #:1332



**amazon.com**

BUY NOW

Mophie's battery packs have set the standard over the years, and the company's Powerstation XXL is no exception. It's *PC World*'s top choice for best power bank, with a high 10,000 -mAh capacity and a USB-C port in addition to two standard USB-A plug-ins. A fabric finish makes it feel more high-end (and easier to grip) than many other battery packs. No, it isn't cheap as far as battery packs go, but a two-year warranty (better than what many companies give) will afford you some added peace of mind for that somewhat premium price.

### Anker PowerCore Fusion 5000

Best Power Banks 2020 | Portable Charger Reviews



**amazon.com**
**$29.99**

BUY NOW

Most battery packs are designed to complement your smartphone's regular wall charger, but the Anker PowerCore Fusion recommended by *The Wirecutter* can downright replace it. Its two-in-one design lets you plug it into an outlet and use it as a regular charger when you're home, then simply flip the AC plug closed and take it with you for some power on the go. That design does expectedly make the pack a bit bulkier than some other options, but it has a decent 5,000-mAh capacity and a pair of USB-A ports to charge two devices simultaneously.

ADVERTISEMENT - CONTINUE READING BELOW

**Aukey PB-Y13**



**amazon.com**
~~$46.99~~ $29.99 (36% off)

BUY NOW

While there's no one-size-fits-all when it comes to battery packs, the 10,000-mAh variety will hit the sweet spot for a lot of folks. It has enough capacity to provide two full recharges for most smartphones, yet is still small enough to easily fit in a jacket pocket. This one from Aukey is singled out by *Android Central* for its slim, smartphone-size design, not to mention its affordable price. It'll charge USB-C devices and provide faster charging to devices that support it with a Quick Charge 3.0 USB port (alongside another standard USB port).

### MaxOak Laptop Power Bank



**amazon.com**
**$129.99**

BUY NOW

If you want to be prepared for any event—be it a long road trip or a prolonged power outage—a heavy-duty power bank like this one from Maxoak should easily keep your laptop, smartphone, and just about anything else powered for a couple of days straight. Not only does it boast a massive 50,000-mAh capacity, it has four USB ports and two DC ports, plus no less than 14 interchangeable connectors for different laptop computers. The only thing missing is USB-C—if that's a dealbreaker, you might want to look at the brand's slightly lower-capacity 36,000-mAh model.

ADVERTISEMENT - CONTINUE READING BELOW



Replay

## Anker PowerCore 20100



amazon.com
$49.99

BUY NOW

Anker's portable battery packs are among the most widely recommended, and come in sizes and capacities to suit just about any need. This one's a particularly popular choice, providing enough juice to fully recharge an iPhone 6s seven times. It's also notable for having a USB-C port in addition to a pair of standard ports, which *Macworld* found could fully charge a 12-inch Macbook with a bit of power to spare.

## Anker PowerCore+ Mini



amazon.com
$19.99

BUY NOW

Another of Anker's most popular chargers, the PowerCore+ Mini is about the size of a tube of lipstick and has maintained a four-and-a-half star rating on Amazon after nearly 25,000 customer reviews. Available in five colors, it will provide enough power for one full recharge of most phones, although it doesn't have integrated connectors (a micro-USB cable is included, iPhone users will need to use their own Lightning cable).

ADVERTISEMENT – CONTINUE READING BELOW

**Jackery Bolt**





**amazon.com**
~~$32.99~~ $24.99 (24% off)

BUY NOW

If you're looking for something that's not too big but not too underpowered, the Jackery Bolt packs a lot into a small package. It'll fully charge most smartphones at least twice before needing to be plugged in itself, and includes built-in micro-USB and Lightning connectors so you don't have to worry about carrying any extra cables.

## TravelCard Charger



COURTESY OF TRAVELCARD CHARGER

travelcardcharger.com

$29

BUY NOW

It won't keep your phone powered for an extended trip, but you'd be hard-pressed to find a much more portable option than the 5mm-thick TravelCard. It has both Lightning and micro-USB cables built-in, and *The Wirecutter found* it to be better made than most other credit card-size battery packs. You'll pay a bit of a premium for the convenience, though.

# WATCH NEXT

**MADE HERE: How Cricket Bats are Made**



### Related Videos (20)

   

| NOW WATCHING | | | | |
|---|---|---|---|---|
| How cricket bats are made in Pakistan | Squirrel-Proof Bird Feeder | Hidden Wine Cellar | First Look: GoPro Hero 9 Black | Popular Mechanics | The ultimate mechanics chair |

**MORE FROM**

Case: 1:22-cv-06918 Document #: 36-6 Filed: 08/02/23 Page 95 of 600 PageID #:1341

# BEST NEW GADGETS





**40 Great Gadget and Gear Gifts for the Holidays**

**Everything Announced at Apple's 'Time Flies' Event**

ADVERTISEMENT - CONTINUE READING BELOW







**How To Watch Apple's 'Time Flies' Event**

**How This 16-Year-Old Built His Own Smart Glasses**





**The Best Tablets You Can Buy in 2020**

**Did Apple Help the Government Build a Secret iPod?**







**Oral-B's iO Is a Tooth-Cleaning Masterpiece**



**Every New Samsung Galaxy Device, Explained**



**The 6 Best Electric Toothbrushes**



**Which Fitbit Should I Get?**

BEST PRODUCT REVIEWS, ACCORDING TO EXPERTS AND CONSUMERS

CAMPING GUIDE 2020

BEST PRODUCT REVIEWS OF 2020

BEST NEW GADGETS

NEW TECHNOLOGY

POWER UP WITH RAVPOWER'S DISCOUNTED POWER BANKS

THESE CHEAP POWER BANKS WILL KEEP YOUR PHONE GOING

ANKER'S POWERPORT II IS THE ONLY CHARGER YOU NEED

HOW TO MAKE YOUR OWN BATTERY-POWERED GADGET CHARGERS

EV DREAM: ULTRA QUICK BATTERY CHARGE SYSTEM

THIS PORTABLE POWER STATION DELIVERS 120V POWER



f   🐦   📌   📷   ▶

Newsletter

Media Kit

Contact Us

About Us

Press Room

Community Guidelines

Advertise Online

Subscribe

Give a Gift

Giveaways

BestProducts

Customer Service

Other Hearst Subscriptions

Events & Promotions

Being Green



A Part of Hearst Digital Media

Popular Mechanics participates in various affiliate marketing programs, which means we may get paid commissions on editorially chosen products purchased through our links to retailer sites.

©2020 Hearst Magazine Media, Inc. All Rights Reserved.

**Privacy Notice**    **Your California Privacy Rights**    **Interest-Based Ads**    **Terms of Use**    **Site Map**

Do Not Sell My Info

# EXHIBIT 5



FOURTH EDITION

Linden's Handbook of

# Batteries

EDITED BY

THOMAS B. REDDY

### 1.4.4  Theoretical Energy*

The capacity of a cell can also be considered on an energy (watthour) basis by taking both the voltage and the quantity of electricity into consideration. This theoretical energy value is the maximum value that can be delivered by a specific electrochemical system:

$$\text{Watthour (Wh)} = \text{voltage (V)} \times \text{ampere-hour (Ah)}$$

In the $Zn/Cl_2$ cell example, if the standard potential is taken as 2.12 V, the theoretical watthour capacity per gram of active material (theoretical gravimetric specific energy or theoretical gravimetric energy density) is

$$\text{Specific energy (watthours/gram)} = 2.12 \text{ V} \times 0.394 \text{ Ah/g} = 0.835 \text{ Wh/g or } 835 \text{ Wh/kg}$$

Table 1.2 also lists the theoretical specific energy of various electrochemical systems.

## 1.5  SPECIFIC ENERGY AND ENERGY DENSITY OF PRACTICAL BATTERIES

The theoretical electrical properties of cells and batteries are discussed in Sec. 1.4. In summary, the maximum energy that can be delivered by an electrochemical system is based on the types of active materials that are used (this determines the voltage) and on the amount of the active materials that are used (this determines ampere-hour capacity). In practice, only a fraction of the theoretical energy of the battery is realized. This is due to the need for electrolyte and nonreactive components (containers, separators, electrodes) that add to the weight and volume of the battery, as illustrated in Fig. 1.3. Another contributing factor is that the battery does not discharge at the theoretical voltage (thus lowering the average voltage), nor is it discharged completely to zero volts (thus reducing the delivered ampere-hours) (also see Sec. 3.2.1). Further, the active materials in a practical battery are usually not stoichiometrically balanced. This reduces the specific energy because an excess amount of one of the active materials is used.



**FIGURE 1.3**   Components of a cell.

---

*The energy output of a cell or battery is often expressed as a ratio of its weight or size. The preferred terminology for this ratio on a weight basis, e.g., watthours/kilogram (Wh/kg), is "specific energy;" on a volume basis, e.g., watthours/liter (Wh/L), it is "energy density." Commonly, the term "energy density" may be used to refer to either ratio.

**EXHIBIT 6**

Case: 1:22-cv-06918 Document #: 36-6 Filed: 08/02/23 Page 102 of 600 PageID #:1348



**POPULAR MECHANICS**

SUBSCRIBE    SIGN IN

Presented by 

# 8 Essential Tips To Keep Your Phone's Battery Healthy

What that battery is made of, how it works, and how to keep it working well

// BY ERIC LIMER   MAY 26, 2015



MURIEL DE SEZE / GETTY IMAGES

That phone in your pocket is a modern miracle. Ditto the laptop on your desk, the tablet in your backpack, maybe even the watch on your wrist. And regardless of what each is capable of, they all have one cornerstone component to thank, one that you probably ought to know how to take care of: A battery.

The first step to knowing your device's battery is to narrow down the kind. The first kind you might think of (and the kind you probably grew up with) are nickel-metal hydride, or NiMH batteries. These, generally, are the ones that look like a normal disposable batteries, except you can plug them into a wall charger for some extra juice whenever your TV remote dies.

The batteries in your modern-day gadgets—from iPhones to laptops to Bluetooth headphones to tablets—are a different beast entirely. These are lithium-ion (aka li-ion) batteries, and they have some pretty significant advantages over NiMH and other rechargeable batteries that came before. Lithium-ion batteries are also totally different from straight-up lithium batteries, which aren't rechargeable.

That old saw about how you always need to charge you battery all the way up, and use it until it's dead? Memory effect, as it's called, affects NiMH batteries but it doesn't apply to your phone. In fact, you're phone's battery hates when you do that. Similarly, lithium-ion batteries don't need to be "calibrated" with a full charge and a full



**POPULAR MECHANICS**

Presented by 

Li-ions can pack a lot of power into a small size, and they don't lose too much of that energy to leakage when they're not in use. It's a combination of these factors that make them great for your portable gadgets.

## How does a lithium-ion battery work?

All batteries work by having two electrodes—an anode and a cathode—with a bunch of a material called electrolyte between. When you plug a battery into a completed circuit, a chemical reaction starts taking place at the anode and electrons start building up over there. Those electrons want to travel to the cathode, where it's less crowded, but the electrolyte between these two parts keeps the electrons from taking the short way there. The only way through is the circuit that the battery is crammed into, and those electrons power your device in the process. Meanwhile, the positively charged lithium ions the electrons leave behind travel through the electrolyte to meet the electrons on the cathode side.

ADVERTISEMENT - CONTINUE READING BELOW



Once all the electrons have made the trip, your battery is dead. Except! If you're using a rechargeable battery like a lithium-ion, you can reverse the process. If you dump energy into a circuit using a charger, you can force the reaction to go in the other direction and get that electron party at the anode all crowded again. Once your battery is recharged, it'll mostly stay that way until there's something for it to power again, though all batteries leak some charge over time.

What determines the capacity of the battery—how long it can power your stuff—is the number of lithium ions that can nestle themselves into the tiny, porous craters of the anode or the cathode. Over time, with repeated charge the anode and the cathode degrade, and can't fit as many ions as they used to. As that happens, the battery stops holding a charge as well as it once did.



Lithium-ion batteries: How do they work?



Presented by 

## How does a lithium-ion battery recharge?

It's easy to think of charging a battery as though you're filling a tub with "power." Just hook up the hose until it's full! From the outside, that's exactly how it works, but on the inside it's a little more nuanced.

A lithium-ion battery typically charges in two stages. First comes the process called constant current charging. This is the part that really is pretty simple. The charger for your phone or tablet will apply a steady current of electricity to the battery to get all those electrons back to the anode. During this stage, the charger just decides how much power is coming out of the firehose and starts spraying. The higher that constant current, the faster the battery can charge. High-voltage quick chargers—like the ones that are starting to come with a lot of new phones—take advantage of this first stage to cram in the juice as quickly as possible (at the cost of a bit of extra stress on the battery).

When the battery is 70 percent recharged, the procedure changes and flips over to constant voltage charging. During this second stage, the charger makes sure that the voltage—that is, the difference in current between the battery and the charger—stays the same rather than keeping the current constant. Practically, this means that as the battery gets closer to full, the current the charger sends into it decreases. As the battery gets full, the rate at which it charges slows down. Once you reach 100 percent, the charge simply trickles in, just enough to account for the tiny, tiny bit of charge your battery loses naturally over time.

So what about over charging? Is that something you need to worry about? No. I talked to Andrew Goldberg, a technical writer for iFixit, who explained why.

> All modern Li-Ion rechargeable devices have some sort of power management IC, designed to prevent overcharging the battery. They'll keep your phone battery topped off and ready to go throughout the night with a trickle charge at most.





Case: 1:22-cv-06918 Document #: 36-6 Filed: 08/02/23 Page 105 of 600 PageID #:1351



**A Lightning charger for the iPhone**
PETRI OOSTHUIZEN / EYEEM / GETTY IMAGES

## A thousand ways to die

No matter how many times you bring it back to life, your battery will die someday, or at least degrade into a shadow of its former self. That's unavoidable. Most lithium-ion batteries have a rated lifetime of somewhere between 500 and 1,500 charge cycles.

One cycle is just one bout of discharging, but how much energy you discharge in one go—a measure referred to as depth of discharge (DoD)—matters bigtime. Lithium-ions really hate a deep depth of discharge. According to Battery University, a staggeringly exhaustive resource on the topic, a li-ion that goes through 100 percent DoD (the user runs it down all the way to zero before recharging) can degrade to 70 percent of its original capacity in 300-500 cycles. With a DoD of 25 percent, where the user plugs it in as soon as it gets to 75 percent remain, that same battery could be charged up to 2,500 times before it starts to seriously degrade.

What's far more dangerous to a battery's well-being is heat. Lithium-ion batteries despise heat. A li-ion battery that's been exposed to temperatures of around 100 degrees Fahrenheit for a year will lose about 40 percent of its overall charge capacity. At 75 degrees, it'll lose only about 20 percent.

Something that's not an issue is overcharging. Contrary to what you might think (or have been told), leaving your phone or laptop plugged in all the time is not bad for its battery. That's because your gadgets, the batteries in them, and the chargers you attach to them are actually pretty smart about the way they do business. Trickle charge —what your battery gets when it's connected and full—is way less detrimental to the battery's health than a larger discharge would be.

## LEAVING YOUR PHONE OR LAPTOP PLUGGED IN ALL THE TIME IS NOT BAD FOR ITS BATTERY





Presented by

Case: 1:22-cv-06918 Document #: 36-6 Filed: 08/02/23 Page 106 of 600 PageID #:1352

Meanwhile, a danger you might not be aware of is total discharge. When your battery stops powering your phone, it doesn't mean it's actually empty. It's not! Lithium-ion batteries only discharge most of the way, mainly because when they discharge all the way they can get wildly unstable. If a battery comes close to that danger zone, a protection circuit in the battery will trip and kill the battery forever and for real, functionally destroying the battery before it can discharge to a level where it's in danger of exploding.

## How do I take care of my precious lithium-ion battery?



1.300mAh battery for Nokia Lumia 620
TECHSTAGE

Now that you know the basics about the little chunk of power that keeps your phone going, here are some bite-



## 1. Yes, you can leave your phone plugged in overnight.

It is not the end of the world if you don't unplug your phone the second that it is charged. That charger is smarter than you give it credit for. Leaving your phone on the charger all night (or all day) is far better for your battery than running it down and charging it up.

## 2. Charge a little bit whenever you can.

Lithium-ion batteries don't respond well to being charged all the way up and then run all the way down. They take much better to little bits of charge here and there.

## 3. Yes, you can leave your laptop plugged in all the time.

Don't worry about overcharging the batteries in your gadgets, and especially don't worry about overcharging your laptop. What we just said about phones applies here, too. And on and on top of that, many laptops (most, in fact) are smart enough to cut the battery out of the charging equation entirely once it's full. The battery just sits there patiently until you need it or until it needs another little shock to top it off.



MacBook Air charging
TRAVIS ISAACS

## 4. But maybe pop out your laptop battery while it's on the charger, if you can.


POPULAR MECHANICS

Presented by 

The biggest danger to your laptop battery—and your phone battery and your tablet battery—isn't overcharging, but heat. And with that in mind, it might be wise to pop out your laptop battery while you're plugged into the wall, if you can. As Andrew from iFixit explains:

> If you're using your laptop as a desktop and generating a lot of heat, it's definitely worth it to pop out a removable battery to keep it from overheating and deteriorating. I've seen a noticeable decrease in battery capacity in my laptop over the last year that I attribute to Photoshopping at my desk.

The catch is that if you use the computer without the battery, you run the risk of a shutdown in the case of a power outage or clumsiness with the power adapter. Weigh your priorities.

If you can't or don't want to remove your laptop battery, at least make sure you've got good airflow. Don't block cooling vents. Maybe even pick up a fan with a stand.

**5. Keep your batteries cool.**

Speaking of temperature, make sure you don't leave your phone in a hot car all day. Or place it on top of your gaming PC. Or use it in a sauna. Try to avoid wireless charging if you can, because the waste-heat those chargers generate will also bake your battery. Also, beware of quick chargers. While your phone and charger are generally smart enough to minimize damage from high-voltage chargers, a lot of power super fast can generate extra heat. And if you have to store a gadget or its battery for a while, do it in a cool dry place.

**6. Store batteries with a little bit of charge.**

If you're storing batteries, you give them about a half a charge first. They'll slowly lose their charge over time, and if it drops into the true-zero danger zone, your battery will automatically trip its safety circuit and kill itself for real before it can become unstable.

**7. Maybe go replaceable if you can.**

If you're borderline insane about your battery life, consider opting for gadgets that have removable batteries when you can. For one thing, there's no faster way to "charge" a gadget than by swapping in a fully charged battery. And if you can't avoid these bad battery practices, at least you can start fresh by buying a fresh battery.

As Andrew from iFixit points out:

> For devices with an inaccessible battery, that puts a definite end-date on the device's useful life. For something that lasts around 500 charge cycles and is recharged every day, you're looking at less than 2 years before you start to see a noticeable decline in battery life.

**8. Don't let your battery rule your life.**

MARTIN ABEGGLEN



Presented by 

If you follow the most basic rules of thumb—don't go all the way from full to empty if you can avoid it and minimize the exposure to heat as best you can—you'll be fine. It's easy to obsess over battery care, to let charging superstitions metastasize into obsessive ritual. But just remember two things:

1. Your gadgets and their batteries are designed to keep you from ruining them. Lithium-ion batteries today are better, smarter, and more resilient than the nickel-metal hydrides of yesteryear.

2. Your batteries are going to die. No amount of obsessive care will save you from having to deal with a less capable battery a few years from now.

Invariably, we're all destined for the annoying endgame that comes when a battery degrades, and you're either tethered to a charger, buying a replacement battery, or buying a new gadget altogether. We've all been there before, and we'll be there again. So long as you follow the most basic of guidelines, you can maximize your distance from here to there.

---

MORE FROM

# THE CODE

**How Eddie Van Halen Hacked His Guitar**

**Two Big Ways Cordless Power Tools Will Get Even Better**

ADVERTISEMENT - CONTINUE READING BELOW

---



Presented by 

**10 Cool Tools That Cost Less Than $5**

**Build This Bench Out of Nothing But 2 x 4s**

**11 New Year's Resolutions for Old House Owners**

**Genius DIY Mod Resurrects Old Radios**

**5 Pieces of Safety Gear Every DIYer Should Own**

**Homebuilt Lego Flamethrower Spews Actual Flames**

**Magnetize Any Screwdriver With This Simple Trick**

**How to Use Hot Glue to Fasten Christmas Lights to Brick or Stucco**

 **POPULAR MECHANICS**

Presented by 

How to Keep Your Gadgets Battery Healthy

THE CODE   BEST NEW GADGETS   NEW TECHNOLOGY   TWO EASY WAYS TO KEEP YOUR PHONE BATTERY HEALTHY

THE LAST WORD ON BATTERY LONGEVITY IN GADGETS   HOW TO MAKE BATTERY POWER MORE POWERFUL

THIS ORIGAMI-INSPIRED BATTERY EXPANDS AND SHAPE-SHIFTS   LI-ION BATTERY INVENTOR INVENTS ANOTHER BATTERY

WHAT WOULD IT TAKE TO RUN THE WORLD ON BATTERIES?

**POPULAR MECHANICS**

Newsletter

Media Kit

Contact Us

Advertise Online

Subscribe

Give a Gift

Giveaways

BestProducts

About Us

Press Room

Community Guidelines

Customer Service

Other Hearst Subscriptions

Events & Promotions

Being Green



Hearst Men's and Enthusiast Media Group - A Part of Hearst Digital Media

A Part of Hearst Digital Media

Popular Mechanics participates in various affiliate marketing programs, which means we may get paid commissions on editorially chosen products purchased through our links to retailer sites.

©2020 Hearst Magazine Media, Inc. All Rights Reserved.

Privacy Notice   Your California Privacy Rights   Interest-Based Ads   Terms of Use   Site Map

Do Not Sell My Info

**EXHIBIT 7**



FOURTH EDITION

Linden's Handbook of

# Batteries

EDITED BY

THOMAS B. REDDY

cathode by precipitation of the discharge product (cathode limited). Current designs are typically limited by the cathode so that some lithium remains at the end of discharge. The good shelf life of the Li/SO$_2$ cell results from the protective lithium dithionite film on the anode formed by the initial reaction of lithium and SO$_2$. It prevents further reaction and loss of capacity during storage.

Most Li/SO$_2$ cells are now fabricated in a balanced construction where the lithium:sulfur dioxide stoichiometric ratio is in the range of Li:SO$_2$ = 0.9 – 1.05:1. With the earlier designs, where the ratio was on the order of Li:SO$_2$ = 1.5:1, high temperatures, cell venting, or rupture and fires due to an exothermic reaction between residual lithium and acetonitrile, in the absence of SO$_2$, could occur on deep or forced discharge. Lithium cyanide, methane and other organic products can also be generated through this reaction. In the balanced cell, the anode is protected by residual SO$_2$ and remains passivated. The conditions for the hazardous reaction are minimized since some protective SO$_2$ remains in the electrolyte.[16] A higher negative cell voltage, in reversal, of the balanced cell is also beneficial when using diode protection, which is used in some designs to bypass the current through the cell and minimize the adverse effects of reversal.

The use of a current collector, typically an inlayed stripe of copper metal, also helps to maintain the integrity of the anode and leads to formation of a short-circuit mechanism since copper dissolution on cell reversal causes plated copper on the cathode to form an internal ohmic bridge.

### 14.5.2   Construction

The Li/SO$_2$ cell is typically fabricated in a cylindrical structure, as shown in Fig. 14.8. A jelly-roll construction is used, made by spirally winding rectangular strips of lithium foil, a microporous polypropylene separator, the cathode electrode (a Teflon-acetylene black mix pressed on an expanded aluminum screen), and a second separator layer. This design provides the high surface area and low cell resistance to obtain high-current and low-temperature performance. The roll is inserted in a nickel-plated steel can, with the positive cathode tab welded to the pin of a glass-to-metal seal and the anode tab welded to the cell case, the top is welded in place, and the electrolyte/depolarizer is added. The safety vent releases when the internal cell pressure reaches excessive levels, typically 2.41 MPa (350 psi) caused by inadvertent abusive use, such as overheating or short-circuiting, and prevents cell rupture or explosion. The vent activates at approximately 95°C, well above the upper temperature limit for operation and storage, safely relieving the excess pressure and preventing possible cell rupture. Additional construction details have been previously described.[16] It is important to employ a corrosion-resistant glass to prevent lithiation of the glass due to the potential difference between the cell case and the pin of the glass-to-metal seal.



Terminal tab
Epoxy clear
Hermetic glass to metal seal
Hermetically sealed can
Insulator
Separator
Lithium anode
Carbon cathode
Cell case
Insulator
Rupture vent
Fill eyelet

**FIGURE 14.8**   Lithium/sulfur dioxide batteries.

**EXHIBIT 8**



FOURTH EDITION

# Linden's Handbook of
# Batteries

EDITED BY
THOMAS B. REDDY

### 3.2.1 Voltage Level

Different references are made to the voltage of a cell or battery:

1. The *theoretical voltage* is a function of the anode and cathode materials, the composition of the electrolyte, and the temperature (usually stated at 25°C).

2. The *open-circuit voltage* is the voltage under a no-load condition and is usually a close approximation of the theoretical voltage.

3. The *closed-circuit voltage* is the voltage under a load condition.

4. The *nominal voltage* is one that is generally accepted as typical of the operating voltage of the battery as, for example, 1.5 V for a zinc-manganese dioxide battery.

5. The *working voltage* is more representative of the actual operating voltage of the battery under load and will be lower than the open-circuit voltage.

6. The *average voltage* is the voltage averaged during the discharge.

7. The *midpoint voltage* is the central voltage during the discharge of the cell or battery.

8. The *end* or *cutoff voltage* is designated as the end of the discharge. Usually it is the voltage above which most of the capacity of the cell or battery has been delivered. The end voltage may also be dependent on the application requirements.

Using the lead-acid battery as an example, the theoretical and open-circuit voltages are 2.1 V, the nominal voltage is 2.0 V, the working voltage is between 1.8 and 2.0 V, and the end voltage is typically 1.75 V on moderate and low-drain discharges and 1.5 V for engine-cranking loads. On charge, the voltage may range from 2.3 to 2.8 V.

When a cell or battery is discharged, its voltage is lower than the theoretical voltage. The difference is caused by *IR* (the product of the discharge current and the internal resistance) losses due to cell (and battery) resistance and polarization of the active materials during discharge. This is illustrated in Fig. 3.1. In the idealized case, the discharge of the battery proceeds at the theoretical voltage until the active materials are consumed and the capacity is fully utilized. The voltage then drops to zero. Under actual conditions, the discharge curve is similar to the other curves in Fig. 3.1. The initial voltage of the cell under a discharge load is lower than the theoretical value due to the internal cell resistance and the resultant *IR* drop as well as polarization effects at both electrodes. The voltage also drops during discharge as the cell resistance increases due to the accumulation of discharge products, activation and concentration, polarization, and related factors. Curve 2 is similar to curve 1, but represents a cell with a higher internal resistance or a higher discharge rate, or both, compared to the cell represented by curve 1. As the cell resistance or the discharge current is increased, the discharge voltage decreases and the discharge shows a more sloping profile.

The specific energy that is delivered by a battery in practice is, therefore, lower than the theoretical specific energy of its active materials, because:

1. The average voltage during the discharge is lower than the theoretical voltage.

2. The battery is not discharged to zero volts and all of the available ampere-hour capacity is not utilized.



**FIGURE 3.1** Characteristic discharge curves.

**EXHIBIT 9**



ELSEVIER

**John Warner**



# The Handbook of
# Lithium-Ion
## Battery Pack Design

## Chemistry, Components, Types and Terminology

ferred to "ARB" for the Air Resource Board.

Cathode—The cathode is the opposite of the anode; it is the positive "+" terminal inside the battery cell. It is typically a thin piece of aluminum or copper that is coated with lithium-ion chemistry such as lithium-iron phosphate (LFP), lithium cobalt oxide (LCO), lithium-nickel/manganese/cobalt (NMC), lithium-manganese oxide (LMO), or other lithium-based chemistry.

Current—Current is the measurement of the flow of electrical charge, which may be carried by electrons moving through a wire or circuit board and by ions moving through an electrolyte between the anode and cathode and is measured in Amperes.

Cycle—The term cycle refers to the process of discharging and then charging a battery. A complete discharge and then charge is known as one cycle. A cycle may run at various levels of power and/or voltage or even using a constant rate of charge and discharge, depending on the application requirements. A cycle may be full, completely discharging and then charging the cell, or partial, only discharging to a set level and then recharging back up to starting level.

Depth of Discharge (DOD)—The DOD is a measurement of how much of the cell or pack energy will be used for that application. You will typically use lithium-ion battery only somewhere between 20% and 90% of the total amount of energy in order to prevent overcharge at the top and manage low end voltage. So if we think of the battery as a 10-gallon gas tank PHEV, it may only use 60%, or 6 gallons, of its energy—so the DOD would be 80%. For a HEV or micro-HEV, the battery may only use 30–50% of the available energy or 3–5 gallons in this example. And an EV may use 80–90% of the total energy available, about 8–9 gallons in this example. During system development one design decision that is commonly made, especially for hybrid applications, is to reduce the Depth of Discharge (DOD) during operation in order to achieve greater cycle life and improve safety in the energy storage system.

Electrodes—The term electrodes refers to the combined pair of anode and cathode when it is assembled in a battery cell.

Electrolyte—The electrolyte is liquid, gel, or other material that is used as the medium to transfer the lithium-ions back and forth between the anode and cathode.

**EXHIBIT 10**

# Lithium-Ion Batteries Hazard and Use Assessment

## *Final Report*

Prepared by:

Celina Mikolajczak, PE
Michael Kahn, PhD
Kevin White, PhD
Richard Thomas Long, PE

*Exponent Failure Analysis Associates, Inc.*

© July 2011 Fire Protection Research Foundation



THE FIRE PROTECTION RESEARCH FOUNDATION
ONE BATTERYMARCH PARK
QUINCY, MASSACHUSETTS, U.S.A. 02169
E-MAIL: Foundation@NFPA.org
WEB: www.nfpa.org/Foundation



Figure 8.        Example of a hard case prismatic cell.



Figure 9.        Example of a soft-pouch polymer cell.

An individual lithium-ion cell will have a safe[8] voltage range over which it can be cycled that will be determined by the specific cell chemistry. For most commercial lithium-ion cells, that voltage range is approximately 3.0 V (discharged, or 0 % state-of-charge, SOC) to 4.2 V (fully charged, or 100% SOC). Because of a relatively flat discharge profile, the "nominal" voltage (voltage that the cell will exhibit through most of its discharge) of a typical lithium-ion cell is usually approximately 3.6 to 3.7 V. For most cells[9], discharge below 3.0 V can cause degradation of electrodes and thus discharge below the manufacturer's low voltage specification is referred to as over-discharge. Repeated over-discharge can lead to cell failure and cell thermal

---

[8]     A safe voltage range will be a range in which the cell electrodes will not rapidly degrade due to lithium plating, copper dissolution, or other undesirable reactions.

[9]     Some specialty lithium-ion cells are available commercially that allow discharge to 0 V (e.g., see http://www.quallion.com/sub-mm-implantable.asp).

runaway (discussed below). For most cells,[10] charging significantly above 4.2 V (e.g., to 5 V) can lead to rapid, exothermic degradation of the electrodes. Charging above the manufacturer's high voltage specification is referred to as overcharge. Since overcharging can lead to violent thermal runaway reactions,[1] a number of overcharge protection devices are either designed into cells or included in the electronics protection packages for lithium-ion battery packs.

A lithium-ion battery (or battery pack) is made from one or more individual cells packaged together with their associated protection electronics (Figure 10). By connecting cells in parallel (Figure 11), designers increase pack capacity. By connecting cells in series (Figure 12), designers increase pack voltage. Thus, most battery packs will be labeled with a nominal voltage that can be used to infer the number of series elements and pack capacity in Ampere hours (Ah) or Watt hours (Wh) that will provide an indication of the capacity of each series element (size of individual cells or the number of cells connected in parallel). For example, a lithium-ion battery pack marked as 10.8 V nominal, 7.2 Ah can be assumed to contain three series elements ($3 \times 3.6$ V = 10.8 V), with each series element containing 7.2-Ah capacity. Typical 18650-sized cylindrical cells (18650 cells are the consumer electronics workhorse cell – they are found in most multi-cell battery packs) at the time of this writing, have capacities that range from 2.2 to 2.9 Ah; thus, a notebook computer battery pack with a 7.2-Ah capacity label would likely include series elements containing three 2.4-Ah cells connected in parallel, and the entire battery pack contains nine cells in a 3s, 3p arrangement (i.e., 3 series elements containing 3 cells each in parallel).

For large format battery packs, cells may be connected together (in series and/or in parallel) into modules. The modules may then be connected in series or in parallel to form full battery packs. Modules are used to facilitate readily changed configurations and easy replacement of faulty portions of large battery packs. Thus, large format battery pack architecture can be significantly more complex than small consumer electronics battery packs which typically contain series connected elements consisting of two or more parallel connected cells. Nonetheless, the simplified analysis method used above can still be applied to generally understand the total number of series elements within a battery pack, and the capacity of the parallel elements.

---

[10]    Some commercially available lithium-ion cells can be charged to higher than 4.2 V; however, these are fairly rare.

exteriors, and they usually have higher capacities. Thus, they have the potential to convert more electrical energy to internal heat. UN and UL testing requirements provide a minimum requirement for cell external short circuit resistance: discharge through a resistance of less than 0.1 ohm in a 55°C (131°F) environment. International and domestic shipping regulations (as found in the US CFR, as well as IATA and ICAO publications) require that cells or batteries be protected from short-circuiting. Investigation of a number of thermal runaway failures that have occurred during transport has revealed that improper packaging, particularly a failure to prevent short circuits is a common cause of these incidents.

## Over-Discharge

Simply over-discharging a lithium-ion cell to 0 V will not cause a thermal runaway reaction. However, such over-discharge can cause internal damage to electrodes and current collectors (i.e., dissolution of copper) (Figure 33), can lead to lithium plating if the cell is recharged (particularly, if the cell is repeatedly over-discharged), and can ultimately lead to thermal runaway. Most consumer electronics devices set specific discharge voltage limits for their lithium-ion battery packs, at which point an electrical switch will disconnect the electrical load from the battery pack to prevent over-discharge. This switch is reset upon charging. However, such a mechanism cannot completely prevent over-discharge. For example, a battery pack may be discharged to the low voltage cutoff and then stored for an extended period of time during which self-discharge of the cell ultimately results in over-discharge. Most pack protection electronics will allow the recharge of over-discharged cells, despite the potential for the negative electrode to become damaged. Therefore, over-discharge does periodically cause thermal runaway of lithium-ion cells.

Forcing a cell into "reversal" (charging to a negative voltage, "forced over-discharge") may cause thermal runaway. UL and UN tests provide a minimum requirement for resistance to forced over-discharge for cells used in multi-cell packs. These tests are designed to simulate the most likely mechanism of forced discharge, which occurs when a cell with lower capacity than its neighboring series elements is present in a multi-series battery pack that is externally short-circuited. A lower capacity cell of this type can occur due to aging of the battery pack. In this scenario, current flow from the higher capacity series elements in the pack will drive the discharged series element into reversal. The UN and UL testing does not include repeated forced discharge. Thus, if a system does not include protection electronics that will detect and disable charging of a damaged cell, it is possible a cell could be repeatedly force over-discharged and ultimately undergo a thermal runaway reaction.

# EXHIBIT 11



FOURTH EDITION

# Linden's Handbook of
# Batteries

EDITED BY
THOMAS B. REDDY

# CHAPTER 5
# BATTERY DESIGN

**Daniel D. Friel**

## 5.1  GENERAL

Proper design of the battery pack or the battery compartment is important to assure optimum, reliable, and safe operation. Many problems attributed to the battery may have been prevented had proper precautions been taken with both the design of the battery itself, any battery monitoring or protection devices or electronics, and how the battery pack is designed into the battery-operated equipment.

It is important to note that the performance of a cell in a battery can be significantly different from that of an individual cell depending on the particular environment of that cell in the battery. Specifications and data sheets provided by the manufacturers should only be used as a guide as it is not always possible to extrapolate the data to determine the performance of multicell batteries in a series/parallel configuration in a battery pack. Such factors as the cell uniformity, number of cells, series or parallel connections, battery case material and design, conditions of discharge and charge, and temperature, to name a few, influence the performance of the battery. The problem is usually exacerbated under the more stringent conditions of use, such as high-rate charging and discharging, operation, and extreme temperatures and other conditions that tend to increase the variability of the cells within the battery. Higher series/parallel configurations also present unique challenges which must be considered.

Further, specific energy and energy density data based on cell or single-cell battery performance have to be derated when the weight and volume of the battery case, battery assembly materials, and any ancillary equipment, such as monitoring or protection electronics, have to be considered in the calculation.

Another factor that must be considered, particularly with newly developing battery technologies, is the difficulty of scaling up laboratory data based on smaller individual batteries to multicell batteries using larger cells manufactured on a production line.

This chapter will address the issues that the product designer should consider. Cell and battery manufacturers should also be consulted to obtain specific details on their recommendations for the batteries they market.

## 5.2  DESIGNING TO ELIMINATE POTENTIAL SAFETY PROBLEMS

Batteries are sources of energy and when used properly will deliver their energy in a safe manner. There are instances, however, when a battery may vent, rupture, or even explode if it is abused. The design of the battery should include protective devices and other features that can prevent, or at least minimize, the problem.

Some of the most common causes for battery failure are:

1. Short-circuiting of battery terminals
2. Excessive high rate discharge or charge

**3.** Overdischarge below the minimum recommended operating voltage of the cell (also includes voltage reversal, or the discharging of the cell below 0 V)

**4.** Charging of primary batteries

**5.** Improper charge control when charging secondary batteries

**6.** Imbalance between series cells

These conditions may cause an internal pressure increase within the cells, resulting in an activation of the vent device or a rupture or explosion of the battery. Internal cell shorts can also cause failures, although these are rare. These may occur due to impurities being accidentally introduced into the cells during manufacture. There are a number of means to minimize the possibilities of these occurrences. Additional failure mechanisms can occur due to the assembly of individual cells into the battery pack improperly. For example, poor cell connector tab welds, lack of proper insulation between tabs, and improper case assembly can all lead to latent battery failures.

The use of high quality individual cells does not guarantee a safe battery pack assembly. All factors must be considered carefully, including the mechanical assembly of the pack, any internal protection devices or electronics, contacts, monitoring components, and the pack casing.

### 5.2.1  Charging Primary Batteries

All major manufacturers of primary batteries warn that the batteries may leak or explode if they are charged. As discussed in Sec. 8.4, some primary batteries can be recharged if done under controlled conditions. Nevertheless, charging primary batteries is not usually recommended because of the potential hazards.

***Protection from External Charge.***   The simplest means of preventing a battery from being charged from an external power source is to incorporate a blocking diode in the battery pack, as shown in Fig. 5.1. The diode chosen must have a current rating in excess of the operating current of the device. It should be rated, at a minimum, at twice the operating current. The forward voltage drop of the diode should be as low as possible. Schottky diodes are commonly used because of their typical 0.5 V drop in the forward direction. Another consideration in selecting the diode is the reverse voltage rating. The peak inverse voltage (PIV) rating should be at least twice the voltage of the battery.

***Protection from Charging within Battery.***   When multiple series stacks are paralleled within a battery pack, charging may occur when a defective or a low-capacity cell is present in one of the stacks (Fig. 5.2*a*). The remaining stacks of cells will charge the stack with the defective cell. At best this situation will discharge the good stack, but it could result in rupture of the cells in the weak stack. To avoid this, diodes should be placed in each series string to block charging currents from stack to stack (Fig. 5.2*b*).

When diode protection is used in each series stack, the diode will prevent the stack containing the defective cell from being charged. The diode should have the following characteristics:

**1.** Forward voltage drop should be as low as possible, Schottky type preferable.

**2.** Peak inverse voltage should be rated at twice the voltage of the individual series stack.

**3.** Forward current rating of the diodes should be a minimum of

$$I_{\min} = \frac{I_{\mathrm{op}}}{N} \times 2$$

where $I_{\mathrm{op}}$ = device operating current
        $N$ = number of parallel stacks

1

## **PROOF OF SERVICE**

2

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

3

      I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is Sullivan & Triggs, LLP, 1230 Montana Avenue, Suite 201, Santa Monica, California 90403.

4

5

      On **October 13, 2020**, I served the foregoing document described as **DEFENDANT BELKIN INTERNATIONAL, INC.'S REQUEST FOR JUDICIAL NOTICE PURSUANT TO EVIDENCE CODE SECTIONS 452 AND 453; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATON OF SHELDON EISENBERG** on the interested parties in this action by transmitting a copy as follows:

6

7

See Attached Service List

8

9

  _X_  **By ELECTRONIC SERVICE** (I electronically served the foregoing with the Case Anywhere system which will send notification of such filing to counsel denoted on the attached Service List.)

10

11

  _____  **By PERSONAL SERVICE**

12

      _____  by personally delivering such envelope to the addressee.

13

      _____  by causing such envelope to be delivered by messenger to the office of the addressee.

14

  _____  **By UNITED STATES MAIL** (I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.)

15

16

17

18

  _____  **By OVERNIGHT DELIVERY** (by causing such envelope to be delivered to the office of the addressee by overnight delivery via Federal Express or by other similar overnight delivery service.)

19

20

  _____  **By FAX TRANSMISSION**

21

  _X_  (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

22

  _____  (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

23

24

Executed on **October 13, 2020**, at Santa Monica, California.

25

26

     Shella Anderson             *Shella Anderson*
Name                            Signature

27

28

SULLIVAN &
TRIGGS, LLP
ATTORNEYS AT LAW
SANTA MONICA

1

Service List

| | |
|---|---|
| Nathan M. Smith (Ca. Bar No. 255212)<br>Nona Yegazarian (Ca. Bar No. 316458)<br>**BROWN NERI SMITH & KHAN LLP**<br>11601 Wilshire Boulevard, Suite 2080<br>Los Angeles, California 90025<br>Phone: 310-593-9890<br>Fax: 310-593-9980<br>Email: nate@bnsklaw.com<br>Email: nona@bnsklaw.com<br><br>D. Greg Blankinship<br>**FINKELSTEIN, BLANKINSHIP,<br>   FREI-PEARSON & GARBER, LLP**<br>445 Hamilton Ave, Suite 605<br>White Plains, NY 10601<br>Phone: 914-298-3290<br>Email: gblankinship@fbfglaw.com<br><br>William F. Cash<br>Matthew D. Schultz<br>Brenton J. Goodman<br>**LEVIN, PAPANTONIO, THOMAS,<br>   MITCHELL, RAFFERTY &<br>   PROCTOR, P.A.**<br>316 South Baylen Street, Suite 600<br>Pensacola, FL 32502<br>Phone: 850-435-7059<br>Fax: 850-435-7020<br>Email: bcash@levinlaw.com<br>Email: mschultz@levinlaw.com<br>Email: bgoodman@levinlaw.com | Attorneys for Plaintiff Lenore Miley |

2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

SULLIVAN &
TRIGGS, LLP
Attorneys At Law
Santa Monica

E-Served: Oct 13 2020  4:35PM PDT  Via Case Anywhere

1   SHELDON EISENBERG (SBN 100626)
    seisenberg@sullivantriggs.com
2   ERIN E. McCRACKEN (SBN 244523)
    emccracken@sullivantriggs.com
3   Sullivan & Triggs, LLP
    1230 Montana Avenue, Suite 201
4   Santa Monica, California 90403
    Telephone:     (310) 451-8300
5   Facsimile:     (310) 451-8303

6   Attorneys for Defendant
    BELKIN INTERNATIONAL, INC.

7

8

9                **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10                   **FOR THE COUNTY OF LOS ANGELES**

11

12  LENORE MILEY, individually and on behalf      Case No. 20STCV00033
    of all others similarly situated,
13                                                 **DEFENDANT BELKIN**
                                                   **INTERNATIONAL, INC.'S SEPARATE**
14            Plaintiff,                           **STATEMENT OF UNDISPUTED**
                                                   **MATERIAL FACTS IN SUPPORT OF ITS**
15       v.                                        **MOTION FOR SUMMARY JUDGMENT**
                                                   **OR IN THE ALTERNATIVE SUMMARY**
16  BELKIN INTERNATIONAL, INC.,                    **ADJUDICATION AND FOR A**
                                                   **DETERMINATION PURSUANT TO**
17            Defendant.                           **CIVIL CODE § 1781(c)(3) THAT THE**
                                                   **FOURTH CAUSE OF ACTION IS**
18                                                 **WITHOUT MERIT**

19                                                 [*Filed concurrently with Notice of Motion and*
                                                   *Motion; Memorandum of Points and*
20                                                 *Authorities in Support; Declaration of N.*
                                                   *Kalra; Notice of Motion of Motion for Judicial*
21                                                 *Notice; Declaration of S. Eisenberg; Notice of*
                                                   *Lodgment; [Proposed] Order Granting Motion*
22                                                 *of Summary Judgment]*

23                                                 Judge:    Hon. Carolyn B. Kuhl
                                                   Dept.:    12
24
                                                   Complaint Filed: January 2, 2020
25                                                 Hearing Date:    March 17, 2021
                                                   Time:            1:45 pm
26                                                 Dept:            12

27

28

SULLIVAN &
TRIGGS, LLP
ATTORNEYS AT LAW
SANTA MONICA

---

DEFENDANT BELKIN INTERNATIONAL, INC.'S SEPARATE STATEMENT ISO MOTION FOR SUMMARY
JUDGMENT ETC.

Pursuant to Code of Civil Procedure Section 437c, subdivision (b)(1), and California Rule of Court 3.1350, Defendant BELKIN INTERNATIONAL, INC. respectfully submits this Separate Statement of Undisputed Material Facts, together with references to supporting evidence, in support of its Motion for Summary Judgment or, in the Alternative, Summary Adjudication and for a Determination Pursuant to Civil Code section 1781(c)(3) that the Fourth Cause of Action Is Without Merit:

| FIRST CAUSE OF ACTION – BREACH OF EXPRESS WARRANTY | |
| --- | --- |
| **UNDISPUTED MATERAL FACTS and SUPPORTING EVIDENCE** | **PLAINTIFF'S RESPONSE and SUPPORTING EVIDENCE** |
| 1.    The front of the packaging of the power bank (the "Product") that plaintiff Miley ("Miley") bought contained the following language:  10000mAh, 2 USB and "charge up to 3 times*." <br><br>**Supporting Evidence:** Complaint ¶22; Declaration of Nitin Kalra ("Kalra Decl.") ¶¶ 4, 6. | 1. |
| 2.    The asterisk that appears next to the statement on the front of the package "charge up to 3 times" is explained on the back of the package: "Charges iPhone 7 (running iOS 10) up to 3 times on a single charge in internal testing." <br><br>**Supporting Evidence:** Kalra Decl. ¶¶ 5, 7. | 2. |
| 3.    The front of the packaging of the Product also contained a circle with an image | 3. |

SULLIVAN &
TRIGGS, LLP
ATTORNEYS AT LAW
SANTA MONICA

2
DEFENDANT BELKIN INTERNATIONAL, INC.'S SEPARATE STATEMENT ISO MOTION FOR SUMMARY JUDGMENT ETC.

| UNDISPUTED MATERAL FACTS and SUPPORTING EVIDENCE | PLAINTIFF'S RESPONSE and SUPPORTING EVIDENCE |
|---|---|
| of a cell phone with the lightning bolt indicating it is being charged with a reference to "3x." <br><br> **Supporting Evidence:** Complaint ¶22; Kalra Decl. ¶¶4, 6. | |

|  |  |
|---|---|
| **SECOND CAUSE OF ACTION – UNJUST ENRICHMENT** | |
| **UNDISPUTED MATERAL FACTS and SUPPORTING EVIDENCE** | **PLAINTIFF'S RESPONSE and SUPPORTING EVIDENCE** |
| 4.      The front of the packaging of the Product that Miley bought contained the following language: 10000mAh, 2 USB and "charge up to 3 times*." <br><br> **Supporting Evidence:** Complaint ¶22; Kalra Decl. ¶¶ 4, 6. | 4. |
| 5.      The asterisk that appears next to the statement on the front of the package "charge up to 3 times" is explained on the back of the package: "Charges iPhone 7 (running iOS 10) up to 3 times on a single charge in internal testing." <br><br> **Supporting Evidence:** Kalra Decl. ¶¶ 5, 7. | 5. |
| 6.      The front of the packaging of the Product also contained a circle with an image of a cell phone with the lightning bolt indicating it is being charged with a reference | 6. |

SULLIVAN & TRIGGS, LLP
ATTORNEYS AT LAW
SANTA MONICA

| | |
|---|---|
| to "3x."<br><br>**Supporting Evidence:** Complaint ¶22; Kalra Decl. ¶¶4, 6. | |
| 7. "mAh" stands for milliampere hours and is a measure of the storage capacity of power banks.<br><br>**Supporting Evidence:** Request for Judicial Notice filed concurrently herewith ("RJN"), attached as Exhibits ("Exs.") to the Declaration of Sheldon Eisenberg as Ex. 1, Ex. 2, Ex. 3, Ex. 4, Ex. 5. | 7. |
| 8. Power banks are portable battery chargers.<br><br>**Supporting Evidence:** Complaint ¶ 4. | 8. |
| 9. Power banks cannot deliver the full amount of energy they store because some of that energy is used to run the power bank and to convert the energy to a voltage the device being charged can use.<br><br>**Supporting Evidence:** Complaint ¶¶25-28. | 9. |
| 10. Power banks can become unstable if the lithium ion batteries they contain are fully discharged.<br><br>**Supporting Evidence:** RJN, Ex. 6, Ex. 7, Ex | 10. |

DEFENDANT BELKIN INTERNATIONAL, INC.'S SEPARATE STATEMENT ISO ITS MOTION FOR SUMMARY JUDGMENT ETC

| | |
|---|---|
| 10, at pp. 8-9, Ex. 11. | |
| 11.  Lithium ion batteries are designed to shut off before they are fully discharged.<br><br>**Supporting Evidence:**  RJN, Ex. 6, Ex. 8, Ex. 9, Ex. 10, at p. 62. | 11. |

**THIRD CAUSE OF ACTION –**
**VIOLATION OF CALIFORNIA'S FALSE ADVERTISING LAW**

| UNDISPUTED MATERAL FACTS and SUPPORTING EVIDENCE | PLAINTIFF'S RESPONSE and SUPPORTING EVIDENCE |
|---|---|
| 12.  The front of the packaging of the Product that plaintiff Miley bought contained the following language:  10000mAh, 2 USB and "charge up to 3 times*."<br><br>**Supporting Evidence:** Complaint ¶22; Kalra Decl. ¶¶ 4, 6. | 12. |
| 13.  The asterisk that appears next to the statement on the front of the package "charge up to 3 times" is explained on the back of the package: "Charges iPhone 7 (running iOS 10) up to 3 times on a single charge in internal testing."<br><br>**Supporting Evidence:** Kalra Decl. ¶¶ 5, 7. | 13. |
| 14.  The front of the packaging of the Product also contained a circle with an image of a cell phone with the lightning bolt | 14. |

| | |
|---|---|
| indicating it is being charged with a reference to "3x." **Supporting Evidence:** Complaint ¶22; Kalra Decl. ¶¶4, 6. | |
| 15. "mAh" stands for milliampere hours and is a measure of the storage capacity of power banks. **Supporting Evidence:** RJN, Exs. 1, 2, 3, 4, 5. | 15. |
| 16. Power banks are portable battery chargers. **Supporting Evidence:** Complaint ¶3. | 16. |
| 17. Power banks cannot deliver the full amount of energy they store because some of that energy is used to run the power bank and to convert the energy to a voltage the device being charged can use. **Supporting Evidence:** Complaint ¶¶25-28. | 17. |
| 18. Power banks can become unstable if the lithium ion batteries they contain are fully discharged. **Supporting Evidence:** RJN, Ex. 6, Ex. 7, Ex 10, at pp. 8-9, Ex. 11. | 18. |
| 19. Lithium ion batteries are designed to | 19. |

SULLIVAN &
TRIGGS, LLP
ATTORNEYS AT LAW
SANTA MONICA

| UNDISPUTED MATERAL FACTS and SUPPORTING EVIDENCE | PLAINTIFF'S RESPONSE and SUPPORTING EVIDENCE |
|---|---|
| shut off before they are fully discharged. **Supporting Evidence:** RJN, Ex. 6, Ex. 8, Ex. 9, Ex. 10, at p. 62. | |

| **FOURTH CAUSE OF ACTION –** **VIOLATIONS OF CALIFORNIA UNFAIR AND DECEPTIVE ACTS AND PRACTICES IN VILOATION OF THE CONSUMER LEGAL REMEDIES ACT** | |
|---|---|
| **UNDISPUTED MATERAL FACTS and SUPPORTING EVIDENCE** | **PLAINTIFF'S RESPONSE and SUPPORTING EVIDENCE** |
| 20.    The front of the packaging of the Product that Miley bought contained the following language:  10000mAh, 2 USB and "charge up to 3 times*." **Supporting Evidence:** Complaint ¶22; Kalra Decl. ¶¶ 4, 6. | 20. |
| 21.    The asterisk that appears next to the statement on the front of the package "charge up to 3 times" is explained on the back of the package: "Charges iPhone 7 (running iOS 10) up to 3 times on a single charge in internal testing." **Supporting Evidence:** Kalra Decl. ¶¶ 5, 7. | 21. |
| 22.    The front of the packaging of the Product also contained a circle with an image of a cell phone with the lightning bolt indicating it is being charged with a reference to "3x." | 22. |

DEFENDANT BELKIN INTERNATIONAL, INC.'S SEPARATE STATEMENT ISO ITS MOTION FOR SUMMARY JUDGMENT ETC

SULLIVAN & TRIGGS, LLP
ATTORNEYS AT LAW
SANTA MONICA

| | |
|---|---|
| **Supporting Evidence:** Complaint ¶22; Kalra Decl. ¶¶4, 6. | |
| 23.     "mAh" stands for milliampere hours and is a measure of the storage capacity of power banks.<br>**Supporting Evidence:** RJN, Ex. 1, Ex. 2, Ex. 3, Ex. 4, Ex. 5. | 23. |
| 24.     Power banks are portable battery chargers.<br>**Supporting Evidence:** Complaint ¶3. | 24. |
| 25.     Power banks cannot deliver the full amount of energy they store because some of that energy is used to run the power bank and to convert the energy to a voltage the device being charged can use.<br>**Supporting Evidence:** Complaint ¶¶25-28. | 25. |
| 26.     Power banks can become unstable if the lithium ion batteries they contain are fully discharged.<br>**Supporting Evidence:** RJN, Ex. 6, Ex. 7, Ex 10, at pp. 8-9, Ex. 11. | 26. |
| 27.     Lithium ion batteries are designed to shut off before they are fully discharged.<br>**Supporting Evidence:** RJN, Ex. 6, Ex. 8, Ex. | 27. |

DEFENDANT BELKIN INTERNATIONAL, INC.'S SEPARATE STATEMENT ISO ITS MOTION FOR SUMMARY JUDGMENT ETC

| 9, Ex. 10, at p. 62. | |
|---|---|
| **FIFTH CAUSE OF ACTION –**<br>**VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION ACT** | |
| **UNDISPUTED MATERAL FACTS and SUPPORTING EVIDENCE** | **PLAINTIFF'S RESPONSE and SUPPORTING EVIDENCE** |
| 28.      The front of the packaging of the Product that Miley bought contained the following language:  10000mAh, 2 USB and "charge up to 3 times*."<br><br>**Supporting Evidence:** Complaint ¶22; Kalra Decl. ¶¶ 4, 6. | 28. |
| 29.      The asterisk that appears next to the statement on the front of the package "charge up to 3 times" is explained on the back of the package: "Charges iPhone 7 (running iOS 10) up to 3 times on a single charge in internal testing."<br><br>**Supporting Evidence:** Kalra Decl. ¶¶ 5, 7. | 29. |
| 30.      The front of the packaging of the Product also contained a circle with an image of a cell phone with the lightning bolt indicating it is being charged with a reference to "3x."<br><br>**Supporting Evidence:** Complaint ¶22; Kalra Decl. ¶¶4, 6. | 30. |

SULLIVAN &
TRIGGS, LLP
ATTORNEYS AT LAW
SANTA MONICA

9
DEFENDANT BELKIN INTERNATIONAL, INC.'S SEPARATE STATEMENT ISO ITS MOTION FOR
SUMMARY JUDGMENT ETC

| | |
|---|---|
| 31. "mAh" stands for milliampere hours and is a measure of the storage capacity of power banks.<br><br>**Supporting Evidence:** RJN, Ex. 1, Ex. 2, Ex. 3, Ex. 4, Ex. 5. | 31. |
| 32. Power banks are portable battery chargers.<br><br>**Supporting Evidence:** Complaint ¶3. | 32. |
| 33. Power banks cannot deliver the full amount of energy they store because some of that energy is used to run the power bank and to convert the energy to a voltage the device being charged can use.<br><br>**Supporting Evidence:** Complaint ¶¶25-28. | 33. |
| 34. Power banks can become unstable if the lithium ion batteries they contain are fully discharged.<br><br>**Supporting Evidence:** RJN, Ex. 6, Ex. 7, Ex 10, at pp. 8-9, Ex. 11. | 34. |

\ \ \

\ \ \

\ \ \

| | |
|---|---|
| 35.      Lithium ion batteries are designed to shut off before they are fully discharged.<br><br>**Supporting Evidence:** RJN, Ex. 6, Ex. 8, Ex. 9, Ex. 10, at p. 62. | 35. |

Dated: October 13, 2020

Respectfully submitted,

SULLIVAN & TRIGGS, LLP

By: _Sheldon Eisenberg_
    Sheldon Eisenberg
    Erin E. McCracken
Attorneys for Defendant
BELKIN INTERNATIONAL, INC.

SULLIVAN &
TRIGGS, LLP
ATTORNEYS AT LAW
SANTA MONICA

11
DEFENDANT BELKIN INTERNATIONAL, INC.'S SEPARATE STATEMENT ISO MOTION FOR SUMMARY
JUDGMENT ETC.

## **PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

  I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is Sullivan & Triggs, LLP, 1230 Montana Avenue, Suite 201, Santa Monica, California 90403.

  On **October 13, 2020**, I served the foregoing document described as **DEFENDANT BELKIN INTERNATIONAL, INC.'S SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE SUMMARY ADJUDICATION AND FOR A DETERMINATION PURSUANT TO CIVIL CODE § 1781(c)(3) THAT THE FOURTH CAUSE OF ACTION IS WITHOUT MERIT** on the interested parties in this action by transmitting a copy as follows:

See Attached Service List

 __X__ **By ELECTRONIC SERVICE** (I electronically served the foregoing with the Case Anywhere system which will send notification of such filing to counsel denoted on the attached Service List.)

 _____ **By PERSONAL SERVICE**

   _____ by personally delivering such envelope to the addressee.

   _____ by causing such envelope to be delivered by messenger to the office of the addressee.

 _____ **By UNITED STATES MAIL** (I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.)

 _____ **By OVERNIGHT DELIVERY** (by causing such envelope to be delivered to the office of the addressee by overnight delivery via Federal Express or by other similar overnight delivery service.)

 _____ **By FAX TRANSMISSION**

 __X__ (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

 _____ (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

  Executed on **October 13, 2020**, at Santa Monica, California.


  Shella Anderson       *Shella Anderson*
Name              Signature

SULLIVAN &
TRIGGS, LLP
ATTORNEYS AT LAW
SANTA MONICA

DEFENDANT BELKIN INTERNATIONAL, INC.'S SEPARATE STATEMENT ISO MOTION FOR SUMMARY JUDGMENT

1

Service List

| | |
|---|---|
| Nathan M. Smith (Ca. Bar No. 255212)<br>Nona Yegazarian (Ca. Bar No. 316458)<br>**BROWN NERI SMITH & KHAN LLP**<br>11601 Wilshire Boulevard, Suite 2080<br>Los Angeles, California 90025<br>Phone: 310-593-9890<br>Fax: 310-593-9980<br>Email: nate@bnsklaw.com<br>Email: nona@bnsklaw.com<br><br>D. Greg Blankinship<br>**FINKELSTEIN, BLANKINSHIP,<br>   FREI-PEARSON & GARBER, LLP**<br>445 Hamilton Ave, Suite 605<br>White Plains, NY 10601<br>Phone: 914-298-3290<br>Email: gblankinship@fbfglaw.com<br><br>William F. Cash<br>Matthew D. Schultz<br>Brenton J. Goodman<br>**LEVIN, PAPANTONIO, THOMAS,<br>   MITCHELL, RAFFERTY &<br>PROCTOR, P.A.**<br>316 South Baylen Street, Suite 600<br>Pensacola, FL 32502<br>Phone: 850-435-7059<br>Fax: 850-435-7020<br>Email: bcash@levinlaw.com<br>Email: mschultz@levinlaw.com<br>Email: bgoodman@levinlaw.com | Attorneys for Plaintiff Lenore Miley |

2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

SULLIVAN &
TRIGGS, LLP
Attorneys At Law
Santa Monica

13

DEFENDANT BELKIN INTERNATIONAL, INC.'S SEPARATE STATEMENT ISO MOTION FOR SUMMARY
JUDGMENT

SHELDON EISENBERG (SBN 100626)
seisenberg@sullivantriggs.com
GILLIAN KUHLMANN (SBN 316241)
gkuhlmann@sullivantriggs.com
NAIRI SHIRINIAN (SBN 335909)
nshirinian@sullivantriggs.com
Sullivan & Triggs, LLP
1230 Montana Avenue, Suite 201
Santa Monica, California 90403
Telephone:    (310) 451-8300
Facsimile:    (310) 451-8303

Attorneys for Defendant
BELKIN INTERNATIONAL, INC.

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES

| | |
|---|---|
| LENORE MILEY, individually and on behalf of all others similarly situated,<br><br>                Plaintiff,<br><br>v.<br><br>BELKIN INTERNATIONAL, INC.,<br><br>                Defendant. | Case No.: 20STCV00033<br><br>**BELKIN INTERNATIONAL, INC.'S NOTICE OF WITHDRAWAL OF ERIN E. MCCRACKEN; AND NOTICE OF APPEARANCES OF GILLIAN KUHLMANN AND NAIRI SHIRINIAN**<br><br>Judge:  Hon. Carolyn B. Kuhl<br>Dept.:  12<br><br>Complaint Filed:  January 2, 2020 |

/ / /

/ / /

/ / /

**TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Defendant Belkin International, Inc. ("Belkin") hereby withdraws Erin E. McCracken as its attorney of record, as she is no longer with Sullivan & Triggs, LLP, which remains counsel of record. Effective immediately, please remove Ms. McCracken from the docket of this case.

Additionally, Belkin hereby notices the appearances of Gillian Kuhlmann and Nairi Shirinian of Sullivan & Triggs, LLP, as additional attorneys of record. Their contact information is noted below. Effective immediately, please address all future correspondence and documentation to the following:

SHELDON EISENBERG (SBN 100626)
seisenberg@sullivantriggs.com
GILLIAN KUHLMANN (SBN 316241)
gkuhlmann@sullivantriggs.com
NAIRI SHIRINIAN (SBN 335909)
nshirinian@sullivantriggs.com
Sullivan & Triggs, LLP
1230 Montana Avenue, Suite 201
Santa Monica, California 90403
Telephone:     (310) 451-8300
Facsimile:     (310) 451-8303

Date:  March 31, 2021

Respectfully submitted,
SULLIVAN & TRIGGS, LLP

By:  _____
Sheldon Eisenberg
Gillian Kuhlmann
Nairi Shirinian

Attorneys for Defendant
BELKIN INTERNATIONAL, INC.

SULLIVAN &
TRIGGS, LLP
Attorneys at Law
Santa Monica

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Sullivan & Triggs LLP, 1230 Montana Avenue, Suite 201, Santa Monica, California 90403.

On **March 31, 2021**, I served the foregoing document described as: **BELKIN INTERNATIONAL, INC.'S NOTICE OF WITHDRAWAL OF ERIN E. MCCRACKEN; AND NOTICE OF APPEARANCES OF GILLIAN KUHLMANN AND NAIRI SHIRINIAN** on the interested parties in this action as follows:

__X__ **By ELECTRONIC SERVICE** (I electronically served a true and correct copy of the foregoing document using the CASE ANYWHERE System which will send notification of such submission to counsel of record indicated on the attached service list.)

_____ **By PERSONAL SERVICE**

_____ by personally delivering such envelope to the addressee.

_____ by causing such envelope to be delivered by messenger to the office of the addressee.

_____ **By UNITED STATES MAIL** (I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.)

_____ **By OVERNIGHT DELIVERY** (by causing such envelope to be delivered to the office of the addressee by overnight delivery via Federal Express or by other similar overnight delivery service.)

__X__ (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_____ (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on **March 31, 2021**, at Santa Monica, California.

_____Shella Anderson_____          _Shella Anderson_____
Name                                              Signature

S TRIGGS, LLP
Attorneys at Law
Santa Monica

Service List

| Nathan M. Smith (Ca. Bar No. 255212)<br>Nona Yegazarian (Ca. Bar No. 316458)<br>**BROWN NERI SMITH & KHAN LLP**<br>11601 Wilshire Boulevard, Suite 2080<br>Los Angeles, California 90025<br>Phone: 310-593-9890<br>Fax: 310-593-9980<br>Email: nate@bnsklaw.com<br>Email: nona@bnsklaw.com<br><br>D. Greg Blankinship<br>**FINKELSTEIN, BLANKINSHIP,<br>   FREI-PEARSON & GARBER, LLP**<br>445 Hamilton Ave, Suite 605<br>White Plains, NY 10601<br>Phone: 914-298-3290<br>Email: gblankinship@fbfglaw.com<br><br>William F. Cash<br>Matthew D. Schultz<br>Brenton J. Goodman<br>**LEVIN, PAPANTONIO, THOMAS,<br>   MITCHELL, RAFFERTY &<br>PROCTOR, P.A.**<br>316 South Baylen Street, Suite 600<br>Pensacola, FL 32502<br>Phone: 850-435-7059<br>Fax: 850-435-7020<br>Email: bcash@levinlaw.com<br>Email: mschultz@levinlaw.com<br>Email: bgoodman@levinlaw.com | Attorneys for Plaintiff Lenore Miley |

Nathan M. Smith (Ca. Bar No. 255212)
Nona Yegazarian (Ca. Bar No. 316458)
**BROWN NERI SMITH & KHAN LLP**
11601 Wilshire Boulevard, Suite 2080
Los Angeles, California 90025
Phone: 310-593-9890
Fax: 310-593-9980
Email: nate@bnsklaw.com
Email: nona@bnsklaw.com

D. Greg Blankinship
**FINKELSTEIN, BLANKINSHIP,
FREI-PEARSON & GARBER, LLP**
445 Hamilton Ave, Suite 605
White Plains, NY 10601

Phone: 914-298-3290
Email: gblankinship@fbfglaw.com
William F. Cash
Matthew D. Schultz
Brenton J. Goodman
**LEVIN, PAPANTONIO, THOMAS,
MITCHELL, RAFFERTY & PROCTOR,
P.A.**
316 South Baylen Street, Suite 600
Pensacola, FL 32502
Phone: 850-435-7059
Fax: 850-435-7020
Email: bcash@levinlaw.com
Email: mschultz@levinlaw.com
Email: bgoodman@levinlaw.com

*Attorney for Plaintiff Lenore Miley*

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES - CENTRAL

| | |
|---|---|
| LENORE MILEY, individually and on behalf of all others similarly situated;<br><br>Plaintiff,<br><br>vs.<br><br>BELKIN INTERNATIONAL, INC.;<br><br>Defendant(s). | Civil Action No.: 20stcv00033<br><br>**[PROPOSED] ORDER GRANTING STIPULATION FOR ORDER CONTINUING HEARING ON BELKIN'S MOTION FOR SUMMARY JUDGMENT AND RESETTING DEADLINES TO OPPOSE AND REPLY TO THE MOTION**<br><br>Dept: 12<br>Judge: Honorable Carolyn B. Kuhl<br><br>Complaint Filed: 1/2/2020 |

The Court, having read the parties Stipulation for Order Continuing Hearing on Belkin's Motion for Summary Judgment and Resetting Deadlines to Oppose and Reply to the Motion, makes the following order:

1. The hearing on Belkin's Motion for Summary Judgment set for March 17, 2021, is vacated and continued to _____.

2. The Opposition shall be filed 35 calendar days in advance of the hearing.

3. Any Reply shall be filed 14 calendar days in advance of the hearing.

SO ORDERED.

_____

Judge

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in Los Angeles County, California. I am over the age of 18 and not a party to this action; my business address is 11601 Wilshire Blvd., Suite 2080, Los Angeles, California 90025. On February 17, 2021, I caused the following:

- **STIPULATION FOR ORDER CONTINUING HEARING ON BELKIN'S MOTION FOR SUMMARY JUDGMENT AND RESETTING DEADLINES TO OPPOSE AND REPLY TO THE MOTION; PROPOSED ORDER**
- **[PROPOSED] ORDER GRANTING STIPULATION FOR ORDER CONTINUING HEARING ON BELKIN'S MOTION FOR SUMMARY JUDGMENT AND RESETTING DEADLINES TO OPPOSE AND REPLY TO THE MOTION**

to be served by the method(s) indicated below on the following address(es):

## SEE ATTACHED SERVICE LIST

X  **(VIA ELECTRONIC TRANSMISSION)** Based on the Court's Order Authorizing Electronic Service, filed on August 14, 2020, I served a true and correct copy of the above document(s) on counsel of record by transmission to Case Anywhere.

I hereby certify that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on February 17, 2021, at Los Angeles, California.

Donna Brittenham

1

## SERVICE LIST

2

3  Erin E. McCracken
   Sheldon Eisenberg
4  Sullivan & Triggs, LLP
   1230 Montana Avenue, Suite 201
5  Santa Monica, California 90403
   Phone: 310-451-8300
6  emccracken@sullivantriggs.com
   seisenberg@sullivantriggs.com
7  *Attorneys for Belkin International, Inc.*

8

9  D. Greg Blankinship
   FINKELSTEIN, BLANKINSHIP,
10 FREI-PEARSON & GARBER, LLP
   445 Hamilton Ave, Suite 605
11 White Plains, NY 10601
   Phone: 914-298-3290
12 Email: gblankinship@fbfglaw.com
   *Attorney for Plaintiff Lenore Miley*

13

William F. Cash
Matthew D. Schultz
Brenton J. Goodman
LEVIN, PAPANTONIO, THOMAS,
MITCHELL, RAFFERTY & PROCTOR,
P.A.
316 South Baylen Street, Suite 600
Pensacola, FL 32502
Phone: 850-435-7059
Fax: 850-435-7020
Email: bcash@levinlaw.com
Email: mschultz@levinlaw.com
Email: bgoodman@levinlaw.com

14

15

16

17

18

19

20

21

22

23

24

25

26

27

Nathan M. Smith (Ca. Bar No. 255212)
Nona Yegazarian (Ca. Bar No. 316458)
**BROWN NERI SMITH & KHAN LLP**
11601 Wilshire Boulevard, Suite 2080
Los Angeles, California 90025
Phone: 310-593-9890
Fax: 310-593-9980
Email: nate@bnsklaw.com
Email: nona@bnsklaw.com

D. Greg Blankinship
**FINKELSTEIN, BLANKINSHIP,
FREI-PEARSON & GARBER, LLP**
445 Hamilton Ave, Suite 605
White Plains, NY 10601

Phone: 914-298-3290
Email: gblankinship@fbfglaw.com
William F. Cash
Matthew D. Schultz
Brenton J. Goodman
**LEVIN, PAPANTONIO, THOMAS,
MITCHELL, RAFFERTY & PROCTOR,
P.A.**
316 South Baylen Street, Suite 600
Pensacola, FL 32502
Phone: 850-435-7059
Fax: 850-435-7020
Email: bcash@levinlaw.com
Email: mschultz@levinlaw.com
Email: bgoodman@levinlaw.com

*Attorney for Plaintiff Lenore Miley*

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES - CENTRAL

| | |
|---|---|
| LENORE MILEY, individually and on behalf of all others similarly situated; <br><br>            Plaintiff, <br><br>      vs. <br><br> BELKIN INTERNATIONAL, INC.; <br><br>          Defendant(s). | Civil Action No.: 20stcv00033 <br><br> **STIPULATION FOR ORDER CONTINUING HEARING ON BELKIN'S MOTION FOR SUMMARY JUDGMENT AND RESETTING DEADLINES TO OPPOSE AND REPLY TO THE MOTION; PROPOSED ORDER** <br><br> Dept: 12 <br> Judge: Honorable Carolyn B. Kuhl <br><br> Complaint Filed: 1/2/2020 <br><br> MSJ HEARING: March 17, 2021, 1:45 p.m. |

The Parties, having met and conferred, hereby submit the following stipulation for an Order resetting the opposition and reply deadlines regarding Belkin's Motion for Summary Judgment.

WHEREAS, on September 1, 2020, the Court held a status conference in this matter and ordered that Defendant Belkin file its motion for summary judgment on October 13, 2020; that an opposition be filed by February 1, 2021, and a reply filed by March 5, 2021;

WHEREAS, the Court also set the hearing on the motion for summary judgment for March 17, 2021 at 1:45 pm;

WHEREAS, in order to prepare to respond to the Motion, on December 11, 2020, Plaintiff served requests for production of documents, interrogatories, requests for admission and a notice of deposition of the person most knowledgeable on Defendant Belkin;

WHEREAS, on January 27, 2021, after obtaining an agreed-upon extension, on January 27, 2021, Belkin served its written responses to Plaintiff's discovery;

WHEREAS, on January 29, 2021, Belkin produced documents in response to Plaintiff's requests for production of documents;

WHEREAS, on February 5, 2021, Plaintiff began the deposition of Belkin's person most knowledgeable;

WHEREAS, Plaintiff contends that Belkin's production of document is not complete; that Belkin has not produced a witness qualified to respond to some of the topics identified in Plaintiff's notice of deposition; and that Plaintiff cannot adequately respond to Belkin's motion for summary judgment without this information;

WHEREAS, the Parties continue to meet and confer on these issues;

WHEREAS, the Parties agree that the hearing on March 17, 2021 should be continued to the earliest available date on or after May 26, 2021;

THEREFORE, the parties hereby request the Court order the following:

1. The current hearing date for the Motion for Summary Judgment, March 17, 2021, be vacated and continued to a date selected by the Court that is no earlier than May 26, 2021.

2. The Opposition shall be filed 35 calendar days in advance of the hearing.

3. Any Reply shall be filed 14 calendar days in advance of the hearing.

A proposed order is submitted with this stipulation.

Dated: February 16, 2021

By: /s/ Nathan M. Smith
Nathan Smith
*Attorney for Plaintiff Lenore Miley*

**Brown Neri Smith & Khan LLP**
11601 Wilshire Blvd., Suite 2080
Los Angeles, CA 90025
Phone: 310-593-9890
Fax: 310-593-9980
Email: nate@bnsklaw.com

Matthew D. Schultz
William F. Cash III
Brenton Goodman
**LEVIN, PAPANTONIO, THOMAS MITCHELL,
RAFFERTY & PROCTOR, P.A.**
316 S. Baylen St., Suite 600
Pensacola, FL 32502
Phone: 850-435-7140
Fax: 850-436-6140
Email: mschultz@levinlaw.com

D. Greg Blankinship
**Finkelstein, Blankenship, Garber, LLP**
445 Hamilton Avenue, Suite 605
White Plains, NY 10601
Phone: 914-298-3290
Email: gblankinship@fbfglaw.com

Dated: February 16, 2021

SULLIVAN & TRIGGS, LLP

By: /s/ Sheldon Eisenberg
Sheldon Eisenberg
Erin E. McCracken
Attorneys for Defendant
BELKIN INTERNATIONAL, INC.

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in Los Angeles County, California. I am over the age of 18 and not a party to this action; my business address is 11601 Wilshire Blvd., Suite 2080, Los Angeles, California 90025. On February 17, 2021, I caused the following:

- **STIPULATION FOR ORDER CONTINUING HEARING ON BELKIN'S MOTION FOR SUMMARY JUDGMENT AND RESETTING DEADLINES TO OPPOSE AND REPLY TO THE MOTION; PROPOSED ORDER**
- **[PROPOSED] ORDER GRANTING STIPULATION FOR ORDER CONTINUING HEARING ON BELKIN'S MOTION FOR SUMMARY JUDGMENT AND RESETTING DEADLINES TO OPPOSE AND REPLY TO THE MOTION**

to be served by the method(s) indicated below on the following address(es):

### SEE ATTACHED SERVICE LIST

X  **(VIA ELECTRONIC TRANSMISSION)** Based on the Court's Order Authorizing Electronic Service, filed on August 14, 2020, I served a true and correct copy of the above document(s) on counsel of record by transmission to Case Anywhere.

I hereby certify that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on February 17, 2021, at Los Angeles, California.

Donna Brittenham

1

## SERVICE LIST

2

3   Erin E. McCracken
    Sheldon Eisenberg
4   Sullivan & Triggs, LLP
    1230 Montana Avenue, Suite 201
5   Santa Monica, California 90403
    Phone: 310-451-8300
6   emccracken@sullivantriggs.com
    seisenberg@sullivantriggs.com
7   *Attorneys for Belkin International, Inc.*

8

9   D. Greg Blankinship
    FINKELSTEIN, BLANKINSHIP,
10  FREI-PEARSON & GARBER, LLP
    445 Hamilton Ave, Suite 605
11  White Plains, NY 10601
    Phone: 914-298-3290
12  Email: gblankinship@fbfglaw.com
    *Attorney for Plaintiff Lenore Miley*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

William F. Cash
Matthew D. Schultz
Brenton J. Goodman
LEVIN, PAPANTONIO, THOMAS,
MITCHELL, RAFFERTY & PROCTOR,
P.A.
316 South Baylen Street, Suite 600
Pensacola, FL 32502
Phone: 850-435-7059
Fax: 850-435-7020
Email: bcash@levinlaw.com
Email: mschultz@levinlaw.com
Email: bgoodman@levinlaw.com

E-Served: Apr 19 2021 10:43AM PDT Via Case Anywhere

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF LOS ANGELES**

| | |
|---|---|
| LENORE MILEY, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>  v.<br><br>BELKIN INTERNATIONAL, INC.,<br><br>    Defendant. | Case No.: 20STCV00033<br><br>**[PROPOSED] ORDER CONTINUING HEARING AND RESETTING BRIEFING SCHEDULE ON MOTION FOR SUMMARY JUDGMENT**<br><br>Action Filed: January 2, 2020<br>Department: 12<br>MSJ Hearing: |

**[PROPOSED] ORDER**

The Parties' joint stipulation for an order continuing the hearing and resetting the briefing schedule on Defendant Belkin International, Inc.'s Motion for Summary Judgment was submitted on April 16, 2021. After considering that joint stipulation, and good cause appearing, it is hereby ordered that:

1. Plaintiff Lenore Miley's opposition to the Motion for Summary Judgment shall be filed no later than June 17, 2021.

2. Defendant Belkin International, Inc.'s reply in support of the Motion for Summary Judgment shall be filed no later than July 8, 2021.

3. The current hearing date for the Motion for Summary Judgment, June 2, 2021, shall be vacated and continued to _____, 2021 at _____ a.m./p.m.

**IT IS SO ORDERED.**

Dated: _____, 2021

_____
**HON. CAROLYN B. KUHL**

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

     I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is Sullivan & Triggs LLP, 1230 Montana Avenue, Suite 201, Santa Monica, California 90403.

     On **April 19, 2021**, I served the foregoing document described as:  **[PROPOSED] ORDER CONTINUING HEARING AND RESETTING BRIEFING SCHEDULE ON MOTION FOR SUMMARY JUDGMENT** on the interested parties in this action as follows:

  X   **By ELECTRONIC SERVICE** (I electronically served a true and correct copy of the foregoing document using the CASE ANYWHERE System which will send notification of such submission to counsel of record indicated on the attached service list.)

\_\_\_\_\_  **By PERSONAL SERVICE**

    \_\_\_\_\_  by personally delivering such envelope to the addressee.

    \_\_\_\_\_  by causing such envelope to be delivered by messenger to the office of the addressee.

\_\_\_\_\_  **By UNITED STATES MAIL** (I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.)

\_\_\_\_\_  **By OVERNIGHT DELIVERY** (by causing such envelope to be delivered to the office of the addressee by overnight delivery via Federal Express or by other similar overnight delivery service.)

  X   (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

\_\_\_\_\_  (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

     Executed on **April 19, 2021**, at Santa Monica, California.

| | |
|---|---|
| _____Shella Anderson_____ | *Shella Anderson* |
| Name | Signature |

---

Service List

| | |
|---|---|
| Nathan M. Smith (Ca. Bar No. 255212)<br>Nona Yegazarian (Ca. Bar No. 316458)<br>**BROWN NERI SMITH & KHAN LLP**<br>11601 Wilshire Boulevard, Suite 2080<br>Los Angeles, California 90025<br>Phone: 310-593-9890<br>Fax: 310-593-9980<br>Email: nate@bnsklaw.com<br>Email: nona@bnsklaw.com<br><br>D. Greg Blankinship<br>**FINKELSTEIN, BLANKINSHIP,<br>   FREI-PEARSON & GARBER, LLP**<br>445 Hamilton Ave, Suite 605<br>White Plains, NY 10601<br>Phone: 914-298-3290<br>Email: gblankinship@fbfglaw.com<br><br>William F. Cash<br>Matthew D. Schultz<br>Brenton J. Goodman<br>**LEVIN, PAPANTONIO, THOMAS,<br>   MITCHELL, RAFFERTY &<br>PROCTOR, P.A.**<br>316 South Baylen Street, Suite 600<br>Pensacola, FL 32502<br>Phone: 850-435-7059<br>Fax: 850-435-7020<br>Email: bcash@levinlaw.com<br>Email: mschultz@levinlaw.com<br>Email: bgoodman@levinlaw.com | Attorneys for Plaintiff Lenore Miley |

SHELDON EISENBERG (SBN 100626)
seisenberg@sullivantriggs.com
GILLIAN KUHLMANN (SBN 316241)
gkuhlmann@sullivantriggs.com
NAIRI SHIRINIAN (SBN 335909)
nshirinian@sullivantriggs.com
Sullivan & Triggs, LLP
1230 Montana Avenue, Suite 201
Santa Monica, California 90403
Telephone:    (310) 451-8300
Facsimile:    (310) 451-8303

Attorneys for Defendant
BELKIN INTERNATIONAL, INC.

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES

| | |
|---|---|
| LENORE MILEY, individually and on behalf of all others similarly situated,<br><br>          Plaintiff,<br><br>     v.<br><br>BELKIN INTERNATIONAL, INC.,<br><br>          Defendant. | Case No.: 20STCV00033<br><br>**DEFENDANT BELKIN INTERNATIONAL, INC.'S AMENDED RESPONSE TO PLAINTIFF'S AMENDED FIRST SET OF INTERROGATORIES**<br><br>Judge:  Hon. Carolyn B. Kuhl<br>Dept.:  12<br><br>Complaint Filed:  January 2, 2020 |

**Propounding Party:**      Lenore Miley

**Responding Party:**      Belkin International, Inc.

**Set No.:**      One -- Amended

Pursuant to California Code of Civil Procedure § 2030.210 and California Rules of Court, Rule 3.1000, Belkin International, Inc. ("Defendant") hereby amends its responses to Plaintiff's Amended First Set of Interrogatories.

## PREFATORY STATEMENT

These responses, while based on the diligent search and efforts by Defendant and its counsel, reflect only the current state of Defendant's knowledge, understanding, and belief relating to the matters

1

1  about which inquiry has been made.  Discovery and investigation are continuing. Defendant has not yet

2  completed his investigation of the facts relating to this action and may discover facts, information,

3  evidence, documents, and things that are not set forth in these responses but which may be responsive.

4  Accordingly, these responses are neither intended as, nor should in any way be deemed, an admission or

5  representation that further information or documents do not exist.  Defendant anticipates that as this

6  action proceeds, further information or documents may be discovered and, without in any way

7  obligating itself to do so, Defendant reserves the right to modify or supplement these responses, or to

8  produce documents based on subsequently discovered matters.

9  **AMENDED RESPONSES TO AMENDED SPECIAL INTERROGATORIES**

10 **AMENDED SPECIAL INTERROGATORY NO. 7:**

11 Did Belkin rely on any industry standards, industry trade association recommendations,

12 competitors' trade practices, or similar factors outside of Belkin, when Belkin determined to publish the

13 CHARGING STATEMENTS on websites? If so, state the name of the outside factor, the name of the

14 Belkin PERSON relying on it, and the date of the reliance.

15 **RESPONSE TO AMENDED SPECIAL INTERROGATORY NO. 7:**

16 Belkin incorporates herein the objections stated in Response to Interrogatory No. 1.  Subject to

17 those objections and its further objection that the phrases "CHARGING STATEMENTS" and "similar

18 factors outside of Belkin" are vague and ambiguous, Belkin responds that its statement that F7U020

19 "Charges iPhone 7 (running IOS 10) up to 3 times on a single charge" was based in part on the

20 information published by Apple on the battery capacity of its iPhone 7.   As stated above, published

21 statements on the characteristics of Belkin products are approved by Belkin's Global Product

22 Management department.  The head of Global Product Management at the time published statements for

23 F7U020 would have been approved was Fred Gransee.  That date is unknown.

24 **AMENDED RESPONSE TO AMENDED SPECIAL INTERROGATORY NO. 7:**

25 Belkin incorporates herein the objections stated in Response to Interrogatory No. 1.  Subject to

26 those objections and its further objection that the phrases "CHARGING STATEMENTS" and "similar

27 factors outside of Belkin" are vague and ambiguous, Belkin responds that its statement that F7U020

28 "Charges iPhone 7 (running IOS 10) up to 3 times on a single charge" was based in part on the iPhone 7

SULLIVAN &
TRIGGS, LLP
Attorneys at Law
Santa Monica

2

BELKIN'S AMENDED RESPONSE TO PLAINTIFF'S AMENDED FIRST SET OF INTERROGATORIES
Case No. 20STCV00033

phone specifications widely published by third-party sources after the iPhone 7 was announced. As stated above, published statements on the characteristics of Belkin products are approved by Belkin's Global Product Management department. The head of Global Product Management at the time published statements for F7U020 would have been approved was Fred Gransee. That date is unknown.

**AMENDED SPECIAL INTERROGATORY NO. 8:**

Did Belkin rely on any industry standards, industry trade association recommendations, competitors' trade practices, or similar factors outside of Belkin, when Belkin determined to publish the CHARGING STATEMENTS on packaging and labels? If so, state the name of the outside factor, the name of the Belkin PERSON relying on it, and the date of the reliance.

**RESPONSE TO AMENDED SPECIAL INTERROGATORY NO. 8:**

Belkin incorporates herein the objections stated in Response to Interrogatory No. 1. Subject to those objections and its further objection that the phrases "CHARGING STATEMENTS" and "similar factors outside of Belkin" are vague and ambiguous, Belkin responds that its statement that F7U020 "Charges iPhone 7 (running IOS 10) up to 3 times on a single charge" was based in part on the information published by Apple on the battery capacity of its iPhone 7. As stated above, published statements on the characteristics of Belkin products are approved by Belkin's Global Product Management department. The head of Global Product Management at the time published statements for F7U020 would have been approved was Fred Gransee. That date is unknown.

**AMENDED RESPONSE TO AMENDED SPECIAL INTERROGATORY NO. 8:**

Belkin incorporates herein the objections stated in Response to Interrogatory No. 1. Subject to those objections and its further objection that the phrases "CHARGING STATEMENTS" and "similar factors outside of Belkin" are vague and ambiguous, Belkin responds that its statement that F7U020 "Charges iPhone 7 (running IOS 10) up to 3 times on a single charge" was based in part on the iPhone 7 phone specifications widely published by third-party sources after the iPhone 7 was announced. As stated above, published statements on the characteristics of Belkin products are approved by Belkin's Global Product Management department. The head of Global Product Management at the time published statements for F7U020 would have been approved was Fred Gransee. That date is unknown.

///

**AMENDED SPECIAL INTERROGATORY NO. 9:**

Did Belkin rely on any industry standards, industry trade association recommendations, competitors' trade practices, or similar factors outside of Belkin, when Belkin determined to publish the CHARGING STATEMENTS in advertisements (television, print and online)? If so, state the name of the outside factor, the name of the Belkin PERSON relying on it, and the date of the reliance.

**RESPONSE TO AMENDED SPECIAL INTERROGATORY NO. 9:**

Belkin incorporates herein the objections stated in Response to Interrogatory No. 1. Subject to those objections and its further objection that the phrases "CHARGING STATEMENTS" and "similar factors outside of Belkin" are vague and ambiguous, Belkin responds that its statement that F7U020 "Charges iPhone 7 (running IOS 10) up to 3 times on a single charge" for F7U020 was based in part on the information published by Apple on the battery capacity of its iPhone 7. As stated above, published statements on the characteristics of Belkin products are approved by Belkin's Global Product Management department. The head of Global Product Management at the time published statements for F7U020 would have been approved was Fred Gransee. That date is unknown.

**AMENDED RESPONSE TO AMENDED SPECIAL INTERROGATORY NO. 9:**

Belkin incorporates herein the objections stated in Response to Interrogatory No. 1. Subject to those objections and its further objection that the phrases "CHARGING STATEMENTS" and "similar factors outside of Belkin" are vague and ambiguous, Belkin responds that its statement that F7U020 "Charges iPhone 7 (running IOS 10) up to 3 times on a single charge" was based in part on the iPhone 7 phone specifications widely published by third-party sources after the iPhone 7 was announced. As stated above, published statements on the characteristics of Belkin products are approved by Belkin's Global Product Management department. The head of Global Product Management at the time published statements for F7U020 would have been approved was Fred Gransee. That date is unknown.

///

///

///

SULLIVAN &
TRIGGS, LLP
Attorneys at Law
Santa Monica

BELKIN'S AMENDED RESPONSE TO PLAINTIFF'S AMENDED FIRST SET OF INTERROGATORIES
Case No. 20STCV00033

Date: May 24, 2021

Respectfully submitted,
SULLIVAN & TRIGGS, LLP

By: _____

Sheldon Eisenberg
Gillian Kuhlmann
Nairi Shirinian

Attorneys for Defendant
BELKIN INTERNATIONAL, INC.

BELKIN'S AMENDED RESPONSE TO PLAINTIFF'S AMENDED FIRST SET OF INTERROGATORIES
Case No. 20STCV00033

1

**VERIFICATION**

I, Norbert von Boode, declare:

I have read the foregoing **DEFENDANT BELKIN INTERNATIONAL, INC.'S AMENDED RESPONSE TO PLAINTIFF'S AMENDED FIRST SET OF INTERROGATORIES** and know its contents. I am informed and believe that the matters therein stated are true and, on that ground, allege that the matters stated therein are true.

I am the Senior Product Manager for Belkin International, Inc. party to this action. I am authorized to make this verification for and on its behalf, and I make this verification for that reason.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on May 24, 2021, at Los Angeles, California.

_____
Norbert von Boode

SULLIVAN &
TRIGGS, LLP
Attorneys at Law
Santa Monica

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

       I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Sullivan & Triggs LLP, 1230 Montana Avenue, Suite 201, Santa Monica, California 90403.

       On **May 24, 2021**, I served the foregoing document described as: **DEFENDANT BELKIN INTERNATIONAL, INC.'S AMENDED RESPONSE TO PLAINTIFF'S AMENDED FIRST SET OF INTERROGATORIES** on the interested parties in this action as follows:

  __X__  **By ELECTRONIC SERVICE** (I electronically served a true and correct copy of the foregoing document using the CASE ANYWHERE System which will send notification of such submission to counsel of record indicated on the attached service list.)

  _____  **By PERSONAL SERVICE**

      _____  by personally delivering such envelope to the addressee.

      _____  by causing such envelope to be delivered by messenger to the office of the addressee.

  _____  **By UNITED STATES MAIL** (I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.)

  _____  **By OVERNIGHT DELIVERY** (by causing such envelope to be delivered to the office of the addressee by overnight delivery via Federal Express or by other similar overnight delivery service.)

  __X__  (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

  _____  (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

       Executed on **May 24, 2021**, at Santa Monica, California.

| | |
|---|---|
| _____Shella Anderson_____ | _____*Shella Anderson*_____ |
| Name | Signature |

BELKIN'S AMENDED RESPONSE TO PLAINTIFF'S AMENDED FIRST SET OF INTERROGATORIES
Case No. 20STCV00033

SULLIVAN &
TRIGGS, LLP
Attorneys at Law
Santa Monica

Service List

| | Attorneys for Plaintiff Lenore Miley |
|---|---|
| Nathan M. Smith (Ca. Bar No. 255212)<br>Nona Yegazarian (Ca. Bar No. 316458)<br>**BROWN NERI SMITH & KHAN LLP**<br>11601 Wilshire Boulevard, Suite 2080<br>Los Angeles, California 90025<br>Phone: 310-593-9890<br>Fax: 310-593-9980<br>Email: nate@bnsklaw.com<br>Email: nona@bnsklaw.com<br><br>D. Greg Blankinship<br>**FINKELSTEIN, BLANKINSHIP,**<br>   **FREI-PEARSON & GARBER, LLP**<br>445 Hamilton Ave, Suite 605<br>White Plains, NY 10601<br>Phone: 914-298-3290<br>Email: gblankinship@fbfglaw.com<br><br>William F. Cash<br>Matthew D. Schultz<br>Brenton J. Goodman<br>**LEVIN, PAPANTONIO, THOMAS,**<br>   **MITCHELL, RAFFERTY &**<br>**PROCTOR, P.A.**<br>316 South Baylen Street, Suite 600<br>Pensacola, FL 32502<br>Phone: 850-435-7059<br>Fax: 850-435-7020<br>Email: bcash@levinlaw.com<br>Email: mschultz@levinlaw.com<br>Email: bgoodman@levinlaw.com | |

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES

| | |
|---|---|
| LENORE MILEY, individually and on behalf of all others similarly situated,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>BELKIN INTERNATIONAL, INC.,<br><br>　　　　　Defendant. | Case No.: 20STCV00033<br><br>**[PROPOSED] ORDER CONTINUING HEARING AND RESETTING BRIEFING SCHEDULE ON MOTION FOR SUMMARY JUDGMENT**<br><br>Action Filed:　　January 2, 2020<br>Department:　　12<br>MSJ Hearing: |

## [PROPOSED] ORDER

The Parties' joint stipulation for an order continuing the hearing and resetting the briefing schedule on Defendant Belkin International, Inc.'s Motion for Summary Judgment was submitted on June 16, 2021. After considering that joint stipulation, and good cause appearing, it is hereby ordered that:

1.　　Plaintiff Lenore Miley's opposition to the Motion for Summary Judgment shall be filed no later than July 21, 2021.

2.　　Defendant Belkin International, Inc.'s reply in support of the Motion for Summary Judgment shall be filed no later than August 11, 2021.

3.　　The current hearing date for the Motion for Summary Judgment shall be continued to _____, 2021 at _____ a.m./p.m.

**IT IS SO ORDERED.**

Dated: _____, 2021

_____
**HON. CAROLYN B. KUHL**

---

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in Los Angeles County, California. I am over the age of 18 and not a party to this action; my business address is 11601 Wilshire Blvd., Suite 2080, Los Angeles, California 90025. On June 17, 2021, I caused the following:

- **STIPULATION FOR ORDER CONTINUING HEARING AND RESETTING BRIEFING SCHEDULE ON DEFENDANT BELKIN INTERNATIONAL, INC.'S MOTION FOR SUMMARY JUDGMENT**

- **[PROPOSED] ORDER CONTINUING HEARING AND RESETTING BRIEFING SCHEDULE ON MOTION FOR SUMMARY JUDGMENT**

to be served by the method(s) indicated below on the following address(es):

### SEE ATTACHED SERVICE LIST

X    **(VIA ELECTRONIC TRANSMISSION)** Based on the Court's Order Authorizing Electronic Service, filed on August 14, 2020, I served a true and correct copy of the above document(s) on counsel of record by transmission to Case Anywhere.

I hereby certify that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on June 17, 2021, at Los Angeles, California.

Donna Brittenham

---

PROOF OF SERVICE

1

# SERVICE LIST

Sheldon Eisenberg
Gillian Kuhlmann
Nairi Shirinian
Sullivan & Triggs, LLP
1230 Montana Avenue, Suite 201
Santa Monica, California 90403
Phone: 310-451-8300
Email: seisenberg@sullivantriggs.com
Email: gkuhlmann@sullivantriggs.com
Email: nshirinian@sullivantriggs.com

***Attorneys for Belkin International, Inc.***


D. Greg Blankinship
FINKELSTEIN, BLANKINSHIP,
FREI-PEARSON & GARBER, LLP
445 Hamilton Ave, Suite 605
White Plains, NY 10601
Phone: 914-298-3290
Email: gblankinship@fbfglaw.com

***Attorney for Plaintiff Lenore Miley***

William F. Cash
Matthew D. Schultz
Brenton J. Goodman
LEVIN, PAPANTONIO, THOMAS,
MITCHELL, RAFFERTY & PROCTOR,
P.A.
316 South Baylen Street, Suite 600
Pensacola, FL 32502
Phone: 850-435-7059
Fax: 850-435-7020
Email: bcash@levinlaw.com
Email: mschultz@levinlaw.com
Email: bgoodman@levinlaw.com

***Attorney for Plaintiff Lenore Miley***

NATHAN M. SMITH (SBN 255212)
nate@bnsklaw.com
BROWN NERI SMITH & KHAN LLP
11601 Wilshire Boulevard, Suite 2080
Los Angeles, California 90025
Telephone:     (310) 593-9890
Facsimile:      (310) 593-9980

D. GREG BLANKINSHIP
gblankinship@fbfglaw.com
FINKELSTEIN, BLANKINSHIP,
FREI-PEARSON & GARBER, LLP
1 North Broadway, Suite 900
White Plains, New York 10601
Telephone:     (914) 298-3290

WILLIAM F. CASH III
bcash@levinlaw.com
MATTHEW D. SCHULTZ
mschultz@levinlaw.com
BRENTON J. GOODMAN
bgoodman@levinlaw.com
LEVIN, PAPANTONIO, RAFFERTY,
PROCTOR, BUCHANAN, O'BRIEN,
BARR, & MOUGEY, P.A.
316 South Baylen Street, Suite 600
Pensacola, Florida 32502
Telephone:     (850) 435-7059
Facsimile:      (850) 435-7020

*Attorneys for Plaintiff Lenore Miley*

SHELDON EISENBERG (SBN 100626)
seisenberg@sullivantriggs.com
GILLIAN KUHLMANN (SBN 316241)
gkuhlmann@sullivantriggs.com
NAIRI SHIRINIAN (SBN 335909)
nshirinian@sullivantriggs.com
SULLIVAN & TRIGGS, LLP
1230 Montana Avenue, Suite 201
Santa Monica, California 90403
Telephone:     (310) 451-8300
Facsimile:      (310) 451-8303

*Attorneys for Defendant Belkin International, Inc.*

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES

| | |
|---|---|
| LENORE MILEY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BELKIN INTERNATIONAL, INC.,<br><br>Defendant. | Case No.: 20STCV00033<br><br>**STIPULATION FOR ORDER CONTINUING HEARING AND RESETTING BRIEFING SCHEDULE ON DEFENDANT BELKIN INTERNATIONAL, INC.'S MOTION FOR SUMMARY JUDGMENT**<br><br>Action Filed:   January 2, 2020<br>Department:    12<br>MSJ Hearing:  July 19, 2021, 1:45 p.m. |

The Parties, having met and conferred, hereby submit the following stipulation for an Order resetting the pending hearing date on Belkin International Inc.'s ("Belkin") Motion for Summary Judgment ("Motion") and the outstanding briefing schedule for the opposition and reply.

WHEREAS, the Court initially set the hearing on the Motion for March 17, 2021 at 1:45 p.m.;

WHEREAS, in light of the Parties' efforts to resolve certain disputes over the scope of the discovery undertaken by Plaintiff Lenore Miley ("Miley") in connection with the preparation of its opposition to the Motion, the Court approved the Parties' March 4, 2021 joint stipulation to continue the hearing on the Motion to June 2, 2021;

WHEREAS, in light of Belkin's efforts to produce additional documents in accordance with an agreed upon expanded scope of production and Miley's intent to review the additional documents and to depose additional Belkin witnesses, the Court considered the Parties' April 19, 2021 joint stipulation and ordered the hearing date for the Motion be continued to July 19, 2021 at 1:45 p.m.;

WHEREAS, Belkin concluded production of documents related to the Motion on April 30, 2021, and Miley has completed two depositions of Belkin, the Parties are finishing the third and final deposition on June 16, 2021;

WHEREAS, Miley then requires time to receive the transcript, review with an expert, and respond to Belkin's motion for summary judgment, and Belkin requires time to reply; and

WHEREAS, for all of the reasons above, the Parties have agreed that the hearing on the Motion should be continued to a date convenient for the Court no earlier than August 25, 2021, and the current briefing schedule tied to the hearing date should be modified;

THEREFORE, the Parties hereby agree and stipulate, subject to modification pursuant to potential further agreement between the Parties, to the following revised schedule:

1. Miley's opposition to the Motion shall be filed no later than July 21, 2021.

2. Belkin's reply in support of the Motion shall be filed no later than August 11, 2021.

3. The hearing date for the Motion for Summary Judgment be vacated and continued to a date convenient for the Court that is no earlier than August 25, 2021.

A proposed order is submitted with this stipulation.

STIP. FOR ORDER CONTINUING HEARING AND RESETTING BRIEFING – Case No. 20STCV00033

Dated: June 17, 2021

Respectfully submitted,

BROWN NERI SMITH & KHAN LLP

By:  /s/ Nathan M. Smith
Nathan M. Smith

*Attorneys for Plaintiff Lenore Miley*

SULLIVAN & TRIGGS, LLP

By:  /s/ Sheldon Eisenberg
Sheldon Eisenberg
Gillian Kuhlmann
Nairi Shirinian

*Attorneys for Defendant Belkin International, Inc.*

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in Los Angeles County, California. I am over the age of 18 and not a party to this action; my business address is 11601 Wilshire Blvd., Suite 2080, Los Angeles, California 90025. On June 17, 2021, I caused the following:

- **STIPULATION FOR ORDER CONTINUING HEARING AND RESETTING BRIEFING SCHEDULE ON DEFENDANT BELKIN INTERNATIONAL, INC.'S MOTION FOR SUMMARY JUDGMENT**

- **[PROPOSED] ORDER CONTINUING HEARING AND RESETTING BRIEFING SCHEDULE ON MOTION FOR SUMMARY JUDGMENT**

to be served by the method(s) indicated below on the following address(es):

## SEE ATTACHED SERVICE LIST

X **(VIA ELECTRONIC TRANSMISSION)** Based on the Court's Order Authorizing Electronic Service, filed on August 14, 2020, I served a true and correct copy of the above document(s) on counsel of record by transmission to Case Anywhere.

I hereby certify that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on June 17, 2021, at Los Angeles, California.

Donna Brittenham

1

## SERVICE LIST

2

3  Sheldon Eisenberg
   Gillian Kuhlmann
4  Nairi Shirinian
   Sullivan & Triggs, LLP
5  1230 Montana Avenue, Suite 201
   Santa Monica, California 90403
6  Phone: 310-451-8300
   Email: seisenberg@sullivantriggs.com
7  Email: gkuhlmann@sullivantriggs.com
   Email: nshirinian@sullivantriggs.com
8

9  ***Attorneys for Belkin International, Inc.***

10

11 D. Greg Blankinship
   FINKELSTEIN, BLANKINSHIP,
   FREI-PEARSON & GARBER, LLP
12 445 Hamilton Ave, Suite 605
   White Plains, NY 10601
13 Phone: 914-298-3290
   Email: gblankinship@fbfglaw.com
14

15 ***Attorney for Plaintiff Lenore Miley***

16 William F. Cash
   Matthew D. Schultz
17 Brenton J. Goodman
   LEVIN, PAPANTONIO, THOMAS,
18 MITCHELL, RAFFERTY & PROCTOR,
   P.A.
19 316 South Baylen Street, Suite 600
   Pensacola, FL 32502
20 Phone: 850-435-7059
   Fax: 850-435-7020
21 Email: bcash@levinlaw.com
   Email: mschultz@levinlaw.com
22 Email: bgoodman@levinlaw.com

23 ***Attorney for Plaintiff Lenore Miley***

24

25

26

27

E-Served: Jun 25 2021 11:13AM PDT Via Case Anywhere

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES

| | |
|---|---|
| LENORE MILEY, individually and on behalf of all others similarly situated, | Case No.: 20STCV00033 |
| Plaintiff, | **[PROPOSED] ORDER CONTINUING HEARING AND RESETTING BRIEFING SCHEDULE ON MOTION FOR SUMMARY JUDGMENT** |
| v. | |
| BELKIN INTERNATIONAL, INC., | Action Filed:    January 2, 2020 |
| Defendant. | Department:      12 |
| | MSJ Hearing: |

## [PROPOSED] ORDER

The Parties' joint stipulation for an order continuing the hearing and resetting the briefing schedule on Defendant Belkin International, Inc.'s Motion for Summary Judgment was submitted on June 16, 2021. After considering that joint stipulation, and good cause appearing, it is hereby ordered that:

1.    Plaintiff Lenore Miley's opposition to the Motion for Summary Judgment shall be filed no later than July 21, 2021.

2.    Defendant Belkin International, Inc.'s reply in support of the Motion for Summary Judgment shall be filed no later than August 11, 2021.

3.    The current hearing date for the Motion for Summary Judgment shall be continued to _____, 2021 at _____ a.m./p.m.

**IT IS SO ORDERED.**

Dated: _____, 2021

_____
**HON. CAROLYN B. KUHL**

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

     I am employed in Los Angeles County, California.  I am over the age of 18 and not a party to this action; my business address is 11601 Wilshire Blvd., Suite 2080, Los Angeles, California 90025.  On June 25, 2021, I caused the following:

- **STIPULATION FOR ORDER CONTINUING HEARING AND RESETTING BRIEFING SCHEDULE ON DEFENDANT BELKIN INTERNATIONAL, INC.'S MOTION FOR SUMMARY JUDGMENT**

- **[PROPOSED] ORDER CONTINUING HEARING AND RESETTING BRIEFING SCHEDULE ON MOTION FOR SUMMARY JUDGMENT**

to be served by the method(s) indicated below on the following address(es):

## SEE ATTACHED SERVICE LIST

X    **(VIA ELECTRONIC TRANSMISSION)** Based on the Court's Order Authorizing Electronic Service, filed on August 14, 2020, I served a true and correct copy of the above document(s) on counsel of record by transmission to Case Anywhere.

     I hereby certify that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

     I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

     Executed on June 25, 2021, at Los Angeles, California.

Donna Brittenham

PROOF OF SERVICE
1

1

## SERVICE LIST

2

3  Sheldon Eisenberg
   Gillian Kuhlmann
4  Nairi Shirinian
   Sullivan & Triggs, LLP
5  1230 Montana Avenue, Suite 201
   Santa Monica, California 90403
6  Phone: 310-451-8300
   Email: seisenberg@sullivantriggs.com
7  Email: gkuhlmann@sullivantriggs.com
   Email: nshirinian@sullivantriggs.com
8

9  ***Attorneys for Belkin International, Inc.***

10

11 D. Greg Blankinship
   FINKELSTEIN, BLANKINSHIP,
   FREI-PEARSON & GARBER, LLP
12 445 Hamilton Ave, Suite 605
   White Plains, NY 10601
13 Phone: 914-298-3290
   Email: gblankinship@fbfglaw.com
14

15 ***Attorney for Plaintiff Lenore Miley***

16 William F. Cash
   Matthew D. Schultz
17 Brenton J. Goodman
   LEVIN, PAPANTONIO, THOMAS,
18 MITCHELL, RAFFERTY & PROCTOR,
   P.A.
19 316 South Baylen Street, Suite 600
   Pensacola, FL 32502
20 Phone: 850-435-7059
   Fax: 850-435-7020
21 Email: bcash@levinlaw.com
   Email: mschultz@levinlaw.com
22 Email: bgoodman@levinlaw.com

23 ***Attorney for Plaintiff Lenore Miley***

24

25

26

27

NATHAN M. SMITH (SBN 255212)
nate@bnsklaw.com
BROWN NERI SMITH & KHAN LLP
11601 Wilshire Boulevard, Suite 2080
Los Angeles, California 90025
Telephone:    (310) 593-9890
Facsimile:    (310) 593-9980

*Attorneys for Plaintiff Lenore Miley*

SHELDON EISENBERG (SBN 100626)
seisenberg@sullivantriggs.com
GILLIAN KUHLMANN (SBN 316241)
gkuhlmann@sullivantriggs.com
NAIRI SHIRINIAN (SBN 335909)
nshirinian@sullivantriggs.com
SULLIVAN & TRIGGS, LLP
1230 Montana Avenue, Suite 201
Santa Monica, California 90403
Telephone:    (310) 451-8300
Facsimile:    (310) 451-8303

*Attorneys for Defendant Belkin International, Inc.*

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF LOS ANGELES**

| | |
|---|---|
| LENORE MILEY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BELKIN INTERNATIONAL, INC.,<br><br>Defendant. | Case No.: 20STCV00033<br><br>**STIPULATION FOR ORDER CONTINUING HEARING AND RESETTING BRIEFING SCHEDULE ON DEFENDANT BELKIN INTERNATIONAL, INC.'S MOTION FOR SUMMARY JUDGMENT**<br><br>Action Filed:    January 2, 2020<br>Department:    12<br>MSJ Hearing:    July 19, 2021, 1:45 p.m. |

The Parties, having met and conferred, hereby submit the following stipulation for an Order resetting the pending hearing date on Belkin International Inc.'s ("Belkin") Motion for Summary Judgment ("Motion") and the outstanding briefing schedule for the opposition and reply.

WHEREAS, the Court initially set the hearing on the Motion for March 17, 2021 at 1:45 p.m.;

WHEREAS, in light of the Parties' efforts to resolve certain disputes over the scope of the discovery undertaken by Plaintiff Lenore Miley ("Miley") in connection with the preparation of its opposition to the Motion, the Court approved the Parties' March 4, 2021 joint stipulation to continue the hearing on the Motion to June 2, 2021;

WHEREAS, in light of Belkin's efforts to produce additional documents in accordance with an agreed upon expanded scope of production and Miley's intent to review the additional documents and to depose additional Belkin witnesses, the Court considered the Parties' April 19, 2021 joint stipulation and ordered the hearing date for the Motion be continued to July 19, 2021 at 1:45 p.m.;

WHEREAS, Belkin concluded production of documents related to the Motion on April 30, 2021, and Miley has completed two depositions of Belkin, the Parties are finishing the third and final deposition on June 16, 2021;

WHEREAS, Miley then requires time to receive the transcript, review with an expert, and respond to Belkin's motion for summary judgment, and Belkin requires time to reply; and

WHEREAS, for all of the reasons above, the Parties have agreed that the hearing on the Motion should be continued to a date convenient for the Court no earlier than August 25, 2021, and the current briefing schedule tied to the hearing date should be modified;

THEREFORE, the Parties hereby agree and stipulate, subject to modification pursuant to potential further agreement between the Parties, to the following revised schedule:

1.      Miley's opposition to the Motion shall be filed no later than July 21, 2021.

2.      Belkin's reply in support of the Motion shall be filed no later than August 11, 2021.

3.      The hearing date for the Motion for Summary Judgment be vacated and continued to a date convenient for the Court that is no earlier than August 25, 2021.

A proposed order is submitted with this stipulation.

Dated: June 17, 2021

Respectfully submitted,

BROWN NERI SMITH & KHAN LLP

By: /s/ Nathan M. Smith
Nathan M. Smith

*Attorneys for Plaintiff Lenore Miley*

SULLIVAN & TRIGGS, LLP

By: /s/ Sheldon Eisenberg
Sheldon Eisenberg
Gillian Kuhlmann
Nairi Shirinian

*Attorneys for Defendant Belkin International, Inc.*

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in Los Angeles County, California. I am over the age of 18 and not a party to this action; my business address is 11601 Wilshire Blvd., Suite 2080, Los Angeles, California 90025. On June 25, 2021, I caused the following:

- **STIPULATION FOR ORDER CONTINUING HEARING AND RESETTING BRIEFING SCHEDULE ON DEFENDANT BELKIN INTERNATIONAL, INC.'S MOTION FOR SUMMARY JUDGMENT**

- **[PROPOSED] ORDER CONTINUING HEARING AND RESETTING BRIEFING SCHEDULE ON MOTION FOR SUMMARY JUDGMENT**

to be served by the method(s) indicated below on the following address(es):

## SEE ATTACHED SERVICE LIST

X    **(VIA ELECTRONIC TRANSMISSION)** Based on the Court's Order Authorizing Electronic Service, filed on August 14, 2020, I served a true and correct copy of the above document(s) on counsel of record by transmission to Case Anywhere.

I hereby certify that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on June 25, 2021, at Los Angeles, California.

Donna Brittenham

PROOF OF SERVICE
1

# SERVICE LIST

Sheldon Eisenberg
Gillian Kuhlmann
Nairi Shirinian
Sullivan & Triggs, LLP
1230 Montana Avenue, Suite 201
Santa Monica, California 90403
Phone: 310-451-8300
Email: seisenberg@sullivantriggs.com
Email: gkuhlmann@sullivantriggs.com
Email: nshirinian@sullivantriggs.com

***Attorneys for Belkin International, Inc.***


D. Greg Blankinship
FINKELSTEIN, BLANKINSHIP,
FREI-PEARSON & GARBER, LLP
445 Hamilton Ave, Suite 605
White Plains, NY 10601
Phone: 914-298-3290
Email: gblankinship@fbfglaw.com

***Attorney for Plaintiff Lenore Miley***

William F. Cash
Matthew D. Schultz
Brenton J. Goodman
LEVIN, PAPANTONIO, THOMAS,
MITCHELL, RAFFERTY & PROCTOR,
P.A.
316 South Baylen Street, Suite 600
Pensacola, FL 32502
Phone: 850-435-7059
Fax: 850-435-7020
Email: bcash@levinlaw.com
Email: mschultz@levinlaw.com
Email: bgoodman@levinlaw.com

***Attorney for Plaintiff Lenore Miley***

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES

| | |
|---|---|
| LENORE MILEY, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>BELKIN INTERNATIONAL, INC.,<br><br>        Defendant. | Case No.: 20STCV00033<br><br>**[PROPOSED] ORDER ON STIPULATION AND APPLICATION TO EXTEND PAGE LIMIT FOR MEMORANDA RELATING TO BELKIN'S MOTION FOR SUMMARY JUDGMENT**<br><br>Action Filed:    January 2, 2020<br>Department:    12<br>MSJ Hearing:   August 26, 2021, 1:45 p.m. |

## [PROPOSED] ORDER

The Parties' joint stipulation for an order extending the page limit for Plaintiff's Memorandum in Opposition to Belkin International Inc.'s Motion for Summary Judgment and Belkin's Reply to Plaintiff's Opposition was submitted on June 20, 2021. After considering that joint stipulation, and good cause appearing, it is hereby ordered that:

1.     The page limit for Plaintiff's Opposition to Belkin's Motion will be extended from 20 pages to 30 pages.

2.     The page limit of Belkin's Reply to Plaintiff's Opposition to Belkin's Motion will be extended from 10 pages to 20 pages.

**IT IS SO ORDERED.**


Dated: _____, 2021

                                           _____
                                           **HON. CAROLYN B. KUHL**

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in Los Angeles County, California. I am over the age of 18 and not a party to this action; my business address is 11601 Wilshire Blvd., Suite 2080, Los Angeles, California 90025. On July 20, 2021, I caused the following:

- **STIPULATION AND APPLICATION TO EXTEND PAGE LIMIT FOR MEMORANDA RELATING TO BELKIN'S MOTION FOR SUMMARY JUDGMENT**

- **[PROPOSED] ORDER ON STIPULATION AND APPLICATION TO EXTEND PAGE LIMIT FOR MEMORANDA RELATING TO BELKIN'S MOTION FOR SUMMARY JUDGMENT**

to be served by the method(s) indicated below on the following address(es):

### SEE ATTACHED SERVICE LIST

X    **(VIA ELECTRONIC TRANSMISSION)** Based on the Court's Order Authorizing Electronic Service, filed on August 14, 2020, I served a true and correct copy of the above document(s) on counsel of record by transmission to Case Anywhere.

I hereby certify that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on July 20, 2021, at Los Angeles, California.

_____

Emily McCanna

1

## SERVICE LIST

2

3   Sheldon Eisenberg
    Gillian Kuhlmann
4   Nairi Shirinian
    Sullivan & Triggs, LLP
5   1230 Montana Avenue, Suite 201
    Santa Monica, California 90403
6   Phone: 310-451-8300
    Email: seisenberg@sullivantriggs.com
7   Email: gkuhlmann@sullivantriggs.com
    Email: nshirinian@sullivantriggs.com
8

9   ***Attorneys for Belkin International, Inc.***

10

11  D. Greg Blankinship
    FINKELSTEIN, BLANKINSHIP,
    FREI-PEARSON & GARBER, LLP
12  445 Hamilton Ave, Suite 605
    White Plains, NY 10601
13  Phone: 914-298-3290
    Email: gblankinship@fbfglaw.com
14

15  ***Attorney for Plaintiff Lenore Miley***

16  William F. Cash
    Matthew D. Schultz
17  Brenton J. Goodman
    LEVIN, PAPANTONIO, THOMAS,
18  MITCHELL, RAFFERTY & PROCTOR,
    P.A.
19  316 South Baylen Street, Suite 600
    Pensacola, FL 32502
20  Phone: 850-435-7059
    Fax: 850-435-7020
21  Email: bcash@levinlaw.com
    Email: mschultz@levinlaw.com
22  Email: bgoodman@levinlaw.com

23  ***Attorney for Plaintiff Lenore Miley***

24

25

26

27

PROOF OF SERVICE
2

NATHAN M. SMITH (SBN 255212)
nate@bnsklaw.com
BROWN NERI SMITH & KHAN LLP
11601 Wilshire Boulevard, Suite 2080
Los Angeles, California 90025
Telephone:     (310) 593-9890
Facsimile:     (310) 593-9980
*Attorney for Plaintiff Lenore Miley*

SHELDON EISENBERG (SBN 100626)
seisenberg@sullivantriggs.com
GILLIAN KUHLMANN (SBN 316241)
gkuhlmann@sullivantriggs.com
NAIRI SHIRINIAN (SBN 335909)
nshirinian@sullivantriggs.com
SULLIVAN & TRIGGS, LLP
1230 Montana Avenue, Suite 201
Santa Monica, California 90403
Telephone:     (310) 451-8300
Facsimile:     (310) 451-8303

*Attorneys for Defendant Belkin International, Inc*

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES

| | |
|---|---|
| LENORE MILEY, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br> v. <br><br> BELKIN INTERNATIONAL, INC., <br><br> Defendant. | Case No.: 20STCV00033 <br><br> **STIPULATION AND APPLICATION TO EXTEND PAGE LIMIT FOR MEMORANDA RELATING TO BELKIN'S MOTION FOR SUMMARY JUDGMENT** <br><br> Judge:          Hon. Carolyn B. Kuhl <br><br> Action Filed:    January 2, 2020 <br> Department:      12 <br> MSJ Hearing:   August 26, 2021, 1:45 p.m. |

The Parties, having met and conferred by written means, hereby submit the following stipulation for an Order extending the page limit for both Plaintiff's Memorandum in Opposition ("Opposition") to Belkin International Inc.'s ("Belkin") Motion for Summary Judgment and Belkin's Reply to Plaintiff's Opposition to Belkin's Motion.

WHEREAS, Plaintiff's opposition to Belkin's Motion is due by July 21, 2021 and Belkin's reply is due by August 11, 2021.

WHEREAS, Plaintiff's complaint involves four separate causes of action.

WHEREAS, the facts related to Belkin's motion involve technical matters that, to be understood, require the reference to many parts of depositions by three different witnesses and multiple pictures and diagrams. Despite Plaintiff's best efforts, the factual evidence and legal arguments necessary to oppose Belkin's motion cannot be fully briefed within the 20-page limit of Rule of Court 3.1113(d). Further, Belkin anticipates needing more than the 10-page limit to respond to a 30-page brief by Plaintiff.

WHEREAS, Plaintiff and Belkin have agreed that 10 extra pages would be sufficient for both parties to fully brief the issues.

THEREFORE, the Parties hereby and agree and stipulate to the following:

1. The page limit for Plaintiff's Opposition to Belkin's Motion will be extended from 20 pages to 30 pages.
2. The page limit of Belkin's Reply to Plaintiff's Opposition to Belkin's Motion will be extended from 10 pages to 20 pages.

A proposed order is submitted with this stipulation.

**STIP. AND APPLICATION TO EXTEND PAGE LIMIT FOR BELKIN'S MOTION – Case No. 20STCV00033**

Dated: July 20, 2021

Respectfully submitted,

BROWN NERI SMITH & KHAN LLP

By: _____
Nathan M. Smith

*Attorney for Plaintiff Lenore Miley*


SULLIVAN & TRIGGS, LLP

By: _____/s/ Sheldon Eisenberg_____
Sheldon Eisenberg
Gillian Kuhlmann
Nairi Shirinian

*Attorneys for Defendant Belkin International, Inc.*

**STIP. AND APPLICATION TO EXTEND PAGE LIMIT FOR BELKIN'S MOTION – Case No. 20STCV00033**

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in Los Angeles County, California. I am over the age of 18 and not a party to this action; my business address is 11601 Wilshire Blvd., Suite 2080, Los Angeles, California 90025. On July 20, 2021, I caused the following:

- **STIPULATION AND APPLICATION TO EXTEND PAGE LIMIT FOR MEMORANDA RELATING TO BELKIN'S MOTION FOR SUMMARY JUDGMENT**

- **[PROPOSED] ORDER ON STIPULATION AND APPLICATION TO EXTEND PAGE LIMIT FOR MEMORANDA RELATING TO BELKIN'S MOTION FOR SUMMARY JUDGMENT**

to be served by the method(s) indicated below on the following address(es):

### SEE ATTACHED SERVICE LIST

X      **(VIA ELECTRONIC TRANSMISSION)** Based on the Court's Order Authorizing Electronic Service, filed on August 14, 2020, I served a true and correct copy of the above document(s) on counsel of record by transmission to Case Anywhere.

I hereby certify that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on July 20, 2021, at Los Angeles, California.

_____

Emily McCanna

1

# SERVICE LIST

2

3   Sheldon Eisenberg
    Gillian Kuhlmann
4   Nairi Shirinian
    Sullivan & Triggs, LLP
5   1230 Montana Avenue, Suite 201
    Santa Monica, California 90403
6   Phone: 310-451-8300
    Email: seisenberg@sullivantriggs.com
7   Email: gkuhlmann@sullivantriggs.com
    Email: nshirinian@sullivantriggs.com
8

9   ***Attorneys for Belkin International, Inc.***

10

11  D. Greg Blankinship
    FINKELSTEIN, BLANKINSHIP,
    FREI-PEARSON & GARBER, LLP
12  445 Hamilton Ave, Suite 605
    White Plains, NY 10601
13  Phone: 914-298-3290
    Email: gblankinship@fbfglaw.com
14

15  ***Attorney for Plaintiff Lenore Miley***

16  William F. Cash
    Matthew D. Schultz
17  Brenton J. Goodman
    LEVIN, PAPANTONIO, THOMAS,
18  MITCHELL, RAFFERTY & PROCTOR,
    P.A.
19  316 South Baylen Street, Suite 600
    Pensacola, FL 32502
20  Phone: 850-435-7059
    Fax: 850-435-7020
21  Email: bcash@levinlaw.com
    Email: mschultz@levinlaw.com
22  Email: bgoodman@levinlaw.com

23  ***Attorney for Plaintiff Lenore Miley***

24

25

26

27

1   SHELDON EISENBERG (SBN 100626)
    seisenberg@sullivantriggs.com
2   GILLIAN KUHLMANN (SBN 316241)
    gkuhlmann@sullivantriggs.com
3   NAIRI SHIRINIAN (SBN 335909)
    nshirinian@sullivantriggs.com
4   Sullivan & Triggs, LLP
    1230 Montana Avenue, Suite 201
5   Santa Monica, California 90403
    Telephone:     (310) 451-8300
6   Facsimile:     (310) 451-8303

7   Attorneys for Defendant
    BELKIN INTERNATIONAL, INC.

8

9

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10

**FOR THE COUNTY OF LOS ANGELES**

11

12

| | |
|---|---|
| LENORE MILEY, individually and on behalf of all others similarly situated, | Case No. 20STCV00033 |
| Plaintiff, | **DEFENDANT BELKIN INTERNATIONAL, INC.'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** |
| v. | *Filed concurrently with Belkin's Reply ISO Request for Judicial Notice, Reply ISO Separate Statement of Undisputed Facts, and Objections to Evidence* |
| BELKIN INTERNATIONAL, INC., | |
| Defendant. | |
| | Judge:   Hon. Carolyn B. Kuhl |
| | Dept.:    12 |
| | Complaint Filed: January 2, 2020 |
| | Hearing Date: Aug. 26, 2021 |
| | Time: 1:45 pm |
| | Dept: 12 |

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# **TABLE OF CONTENTS**

I. INTRODUCTION ....................................................................................................... 5

II. BELKIN IS ENTITLED TO SUMMARY JUDGMENT ON TWO INDEPENDENT
    GROUNDS ............................................................................................................ 5

    A.    The Absence of Any Evidence that a Reasonable Consumer Is Likely to Be
    Deceived Requires Dismissal of Miley's Claims. ................................................. 5

        1.    Miley Has the Burden of Producing Evidence that a Reasonable
    Consumer Is Likely to Be Deceived. ........................................................ 5

        2.    Miley Has Not Submitted Admissible Evidence on the Likelihood of
    Deception. ................................................................................................. 7

        3.    Miley Has Not Submitted Admissible Evidence of Falsity. ...................... 12

    B.    The Undisputed Language of the Packaging Demonstrates No Likelihood of
    Deception. ......................................................................................................... 15

        1.    Whether the Packaging Could be Deceptive Is a Question of Law for
    The Court. ................................................................................................ 15

        2.    The Language on the Packaging Forecloses a Finding that a
    Reasonable Consumer Would Be Deceived. .............................................. 15

        3.    The Cases Miley Cites to Support Her Contention that a Reasonable
    Consumer Would Be Deceived by the "10000 mAh" Statement Are
    Inapposite. ............................................................................................... 18

    C.    The "10000 mAh" Statement Does Not, on Its Face, Constitute an Express Warranty
    that the Product Can Deliver 10,000 mAh of Energy to Another Device. ............ 19

    D.    Plaintiff Has No Cause of Action for Unjust Enrichment..................................... 20

III. CONCLUSION ...................................................................................................... 21

SULLIVAN &
TRIGGS, LLP
ATTORNEYS AT LAW
SANTA MONICA

2

1

**<u>TABLE OF AUTHORITIES</u>**

2

**CASES**

3

*Aghaian v. Minassian*,
 64 Cal. App. 5th 603 (2021)..........................................................................21

4

5

*Aguilar v. Atlantic Richfield Co.*,
 25 Cal. 4th 826 (2001)..............................................................................6, 7

6

*Bobo v. Optimum Nutrition, Inc.*,
 2015 WL 13102417 (S.D. Cal. Sept. 11, 2015) ...................................8, 16, 20

7

8

*Bonahoom v. Staples, Inc.*,
 2021 WL 1020986 (N.D. Ill. Mar. 17, 2021)....................................13, 18, 19

9

*Brady v. Bayer Corp.*,
 26 Cal. App. 5th 1156 (2018)......................................................................15

10

*Californians for Disability Rights v. Mervyn's, LLC*,
 39 Cal. 4th 223 (2006).................................................................................8

11

12

*Colgan v. Leatherman Tool Grp.*,
 135 Cal. App. 4th 663 (2006).................................................................6, 7, 15

13

*Consumer Advocates v. Echostar Satellite Corp.*,
 113 Cal. App. 4th 1351 (2003)..................................................................7, 12

14

*De Havilland v. FX Networks, LLC*,
 21 Cal. App. 5th 845 (2018)...................................................................20, 21

15

16

*Dinan v. SanDisk LLC*,
 2020 WL 364277 (N.D. Cal. Jan. 22, 2020) ...........................................6, 7, 16

17

*Geske v. PNY Techs., Inc.*,
 503 F. Supp. 3d 687 (N.D. Ill. 2020) .......................................................18, 19

18

19

*Hansen v. Newegg.com Americas, Inc.*,
 25 Cal. App. 5th 714 (2018)....................................................................9, 20

20

*Haskell v. Time, Inc.*,
 965 F. Supp 1398 (1997).............................................................................7

21

22

*Hill v. Roll Int'l Corp.*,
 195 Cal. App. 4th 1295 (2011)....................................................................20

23

*Jogani v. Superior Court*,
 165 Cal. App. 4th 901 (2008)......................................................................21

24

25

*Kwikset Corp. v. Superior Court*,
 51 Cal. 4th 310, n.14 (2011).......................................................................12

26

*Mancuso v. RFA Brands, LLC*,
 454 F. Supp. 3d 197 (W.D.N.Y. 2020) ....................................................18, 19

27

28

SULLIVAN &
TRIGGS, LLP
ATTORNEYS AT LAW
SANTA MONICA

3

BELKIN'S REPLY ISO MOTION FOR SUMMARY JUDGMENT
Case No. 20STCV00033

*Melchior v. New Line Prod., Inc.,*
    106 Cal. App. 4th 779 (2003)................................................................21

*Moore v. Trader Joe's Co.,*
    2021 WL 2965445 (9th Cir. July 15, 2021) .......................5, 16, 17, 18

*O'Grady v. Merchant Exch. Prod., Inc.,*
    41 Cal. App. 5th 771 (2019)...........................................................20, 21

*Prof'l Tax Appeal v. Kennedy-Wilson Holdings, Inc.,*
    29 Cal. App. 5th 230 (2018)................................................................21

*Puentes v. Wells Fargo Home Mortgage, Inc.,*
    160 Cal. App. 4th 638 (2008)..............................................................15

*Punian v. Gillette Co.,*
    2016 WL 1029607 (N.D. Cal. Mar. 15, 2016)....................................20

*Putensen v. Clay Adams, Inc.,*
    12 Cal. App. 3d 1062 (1970)...............................................................10

*Sangster v. Paetkau,*
    68 Cal. App. 4th 151 (1998)............................................................6, 19

*Sargon Enter., Inc. v. Univ. of S. California,*
    55 Cal. 4th 747 (2012)........................................................................10

*Selleck v. Globe Int'l, Inc.,*
    166 Cal. App. 3d 1123 (1985)..............................................................21

*Shaeffer v. Califia Farms, LLC,*
    44 Cal. App. 5th 1125 (2020)................................................................6

*Simpson v. The Kroger Corp.,*
    219 Cal. App. 4th 1352 (2013).............................................................15

*Viggiano v. Hansen Nat. Corp.,*
    944 F. Supp. 2d 877 (C.D. Cal. 2013)..................................................19

*Young v. Mophie, Inc.,*
    2019 WL 5173770 (C.D. Cal. Oct. 9, 2019) ..................................18, 19

**STATUTES**

Cal. Evid. Code § 1200................................................................11, 14

Cal. Evid. Code § 210.........................................................................9

Code Civ. Proc. § 437c(*o*)(1)..........................................................7, 15

**OTHER AUTHORITIES**

Cal. Prac. Guide Civ. Pro. Before Trial Ch. 10-F §10:253.1 .....................7

SULLIVAN &
TRIGGS, LLP
ATTORNEYS AT LAW
SANTA MONICA

**I. INTRODUCTION**

Plaintiff Lenore Miley's Opposition reveals this purported class action to be a purely lawyer-driven pursuit instead of a legitimate consumer grievance about misleading advertising. The Opposition does not cite to a single piece of admissible evidence that could raise an issue of fact on whether a *reasonable consumer* would likely be deceived by Defendant Belkin International, Inc.'s truthful packaging of the Pocket Power 10K (hereafter, the "Product") that is the subject of the Complaint. Remarkably, the Opposition does not even include a declaration from Miley to establish that she purchased the Product, let alone that she was deceived by its packaging. The absence of such evidence alone supports the grant of summary judgment. In any event, as illustrated by the Ninth Circuit's very recent application of California false-advertising law, claims based on technical nit-picking of accurate product labels are properly dismissed as a matter of law when actual consumers, necessarily presumed to be able to read and perform minimal research, are unlikely to have been misled. *See Moore v. Trader Joe's Co.*, 2021 WL 2965445 (9th Cir. July 15, 2021). Here, where Miley's purported confusion about the charging capacity of the Product would have been eliminated by a quick reading of just the package itself, the grounds for dismissal are far more compelling.

**II. BELKIN IS ENTITLED TO SUMMARY JUDGMENT ON TWO INDEPENDENT GROUNDS**

**A.     The Absence of Any Evidence that a Reasonable Consumer Is Likely to Be Deceived Requires Dismissal of Miley's Claims.**

**1.     Miley Has the Burden of Producing Evidence that a Reasonable Consumer Is Likely to Be Deceived.**

Miley's Complaint bases her claim that a reasonable consumer would be deceived by the "10000 mAh" statement upon only one factual allegation: that she saw the statement on the Product's packaging and believed that she would need to recharge the product less frequently than she ultimately had to recharge it. Compl. ¶ 37. In other words, Miley alleged that the "10000 mAh" statement deceived her by creating some vague and undefined expectation about how often she would need to charge the Product. *Id.*

SULLIVAN &
TRIGGS, LLP
ATTORNEYS AT LAW
SANTA MONICA

5

BELKIN'S REPLY ISO MOTION FOR SUMMARY JUDGMENT
Case No. 20STCV00033

To refute that allegation, such as it is, Belkin submitted the actual, undisputed language of the packaging for the Product to establish that the "10000 mAh" statement *could not* deceive a reasonable consumer into forming unrealistic charging expectations. *See Colgan v. Leatherman Tool Grp.*, 135 Cal. App. 4th 663, 682 (2006) ("[T]he primary evidence in a false advertising case is the advertising itself." (internal quotations omitted)). As shown in the moving papers, the Product's packaging as a whole, which informs consumers that the product can charge an iPhone 7 up to three times on a single charge (hereafter, the "Charging Statement"), specifically addresses the issue of charging capacity and eliminates any reasonable confusion based on the mAh language. *See infra* at II.B.2; *see also, e.g.*, Opp. to Mot. for Summ. Judg., Ex. A, Pecht Declaration ("Pecht Decl.") ⁋ 36 ("The front of the packaging states that the product is for smartphones and tablets, the capacity is 10000 mAh, and this product can charge an iPhone 7 (running IOS 10) up to 3 times."); *see also Dinan v. SanDisk LLC*, 2020 WL 364277, *7 (N.D. Cal. Jan. 22, 2020) (explaining that reasonable consumer test is not satisfied where packaging includes disclosures that makes meaning of the alleged misrepresentation clear); *Trader Joes*, 2021 WL 2965445 at *4-*8 (finding no likelihood of confusion as matter of law where contextual inferences and entire packaging dispel any confusion about factually accurate representation).

Belkin's Motion for Summary Judgment thus demonstrates that Miley cannot establish a central element of her claims under the False Advertising Law ("FAL"), Consumer Legal Remedies Act ("CLRA"), and Unfair Competition Law ("UCL") (Claims Three, Four, and Five, respectively): that the allegedly deceptive statement is "likely to deceive a reasonable consumer." *Shaeffer v. Califia Farms, LLC*, 44 Cal. App. 5th 1125, 1137 (2020) (internal quotations omitted).

As a result, under well-established law, the burden has shifted to Miley to prove otherwise in her Opposition. After the defendant moving for summary judgment has demonstrated that at least one element of a cause of action cannot be established, the burden shifts to the plaintiff "to show that a triable issue of one or more material facts exists as to that cause of action." *Aguilar v. Atlantic Richfield Co.*, 25 Cal. 4th 826, 849 (2001). A plaintiff cannot meet that burden by pointing to allegations in its pleadings; rather, she must set forth admissible evidence showing the existence of a triable issue of material fact. *Id.*; *see also Sangster v. Paetkau*, 68 Cal. App. 4th 151, 162-63

1   (1998) ("[I]n order to avert summary judgment the plaintiff must produce substantial responsive

2   evidence sufficient to establish a triable issue of material fact on the merits of the defendant's

3   showing."); Code Civ. Proc. § 437c(*o*)(1) (cause of action "has no merit" if "[o]ne or more of the

4   elements of the cause of action cannot be separately established, even if that element is separately

5   pleaded").

6          Given Belkin's showing, to avoid summary judgment, Miley, in opposition, had to prove

7   with admissible evidence "not simply that the defendant['s statements] *could* mislead the public,

8   but that they were *likely* to mislead the public." *Haskell v. Time, Inc.*, 965 F. Supp 1398, 1406-07

9   (1997) (emphasis in original); *see also Dinan*, 2020 WL 364277 at *6 (explaining that plaintiff

10  must show probability that significant portion of the public are likely to be deceived to satisfy

11  reasonable consumer test). As shown below, Miley has failed by a wide margin to meet her burden

12  of presenting admissible evidence that could establish that a reasonable consumer is likely to be

13  deceived about the Product's charging capacity by the "10000 mAh" statement on its packaging.[1]

14          **2.**     **Miley Has Not Submitted Admissible Evidence on the Likelihood of Deception.**

15          Miley fails to meet her burden of showing a genuine dispute of material fact that the "10000

16  mAh" statement is likely to deceive a reasonable consumer. *See Aguilar,* 25 Cal. 4th at 849; *see*

17  *also* Cal. Prac. Guide Civ. Pro. Before Trial Ch. 10-F §10:253.1 ("The party opposing summary

18  judgment must produce admissible evidence raising a triable issue of fact. Claims and theories not

19  supported by admissible evidence do *not* raise a triable issue." (emphasis in original)). That burden

20  might be met in false advertising cases through testing, scientific literature, or even anecdotal

21  evidence, *Consumer Advocates v. Echostar Satellite Corp.*, 113 Cal. App. 4th 1351, 1362 (2003),

22  with "the primary evidence . . . [being] the advertising itself," *Colgan, Inc.*, 135 Cal. App. at 682

23  (internal quotations omitted). However, Miley has produced no such evidence (or admissible

24  evidence of any sort for that matter) that it is likely a reasonable consumer would be deceived by

25  the "10000 mAh" statement.

26  _____

27          [1] As discussed below in Section II.B.1, the Court could and should still rule as a matter of
    law that there is no likelihood of deception based on the undisputed language of the packaging even

28  if Miley had submitted evidence of purported confusion, which she has not.

SULLIVAN &
TRIGGS, LLP
ATTORNEYS AT LAW
SANTA MONICA

7

BELKIN'S REPLY ISO MOTION FOR SUMMARY JUDGMENT
Case No. 20STCV00033

1

### a.   Miley Did Not Provide a Declaration to Establish Her Allegations of

2

### Deception.

3

Conspicuously missing from the Opposition and supporting documents is a declaration from

4

Miley attempting to provide anecdotal evidence about herself or anyone else that a reasonable

5

consumer is likely to be deceived. The only specific factual allegation in her complaint that bears

6

on this element is the allegation that she saw the "10000 mAh" statement on the Product's

7

packaging and believed that she would need to recharge the product less frequently than she

8

ultimately had to recharge it.[2] Compl. ¶ 37. Without a declaration, Miley has no admissible

9

evidence that she herself was deceived by the "10000 mAh" statement, let alone that a reasonable

10

consumer is likely to be deceived by that statement. Indeed, without a declaration, there is not a

11

single fact on the record establishing that Miley even purchased the Product, that she did so because

12

of the "10000 mAh" statement, or that she understood the "10000 mAh" statement to mean that the

13

Product would deliver 10,000 milliampere-hours of power (or any other amount of "mAh") to her

14

personal electronic device. Nor is there evidence demonstrating that Miley knew what "mAh"

15

meant such that she would be able to form an expectation, based on that figure, as to how many

16

times she would expect to charge her specific phone, which she has also not identified.[3]

17

18

19

20

21

22

23

[2] Even if Miley had provided testimony through a declaration that the "10000 mAh" deceived her into forming unrealistic charging expectations, her own misunderstanding does not establish that a *reasonable consumer* is likely to be deceived. *See Bobo v. Optimum Nutrition, Inc.,* 2015 WL 13102417, *5 (S.D. Cal. Sept. 11, 2015) ("A plaintiff does not state a claim when there is a mere possibility that the statement will be misunderstood by some few consumers viewing it in an unreasonable manner." (internal quotations omitted)). On the other hand, the Charging Statement conclusively establishes that a reasonable consumer could not be deceived into forming an unrealistic charging expectation because the statement establishes the expectation. *See infra* at II.B.2.

24

25

26

27

28

[3] Without any testimony that she herself was deceived by Belkin's statement, let alone that she even bought the device that is referenced in the unverified Complaint, Miley has failed to establish her standing to bring her third, fourth, and fifth causes of action. Alternately, then, the Court should dismiss these claims for lack of standing, which it can do at any time in the proceeding. *See Hansen v. Newegg.com Americas, Inc.*, 25 Cal. App. 5th 714, 723-24 (2018) (explaining that, under FAL, CLRA, and UCL, plaintiff has standing if she has suffered damages resulting from unlawful practice); *Californians for Disability Rights v. Mervyn's, LLC,* 39 Cal. 4th 223, 233 (2006) ("[C]ontentions based on a lack of standing involve jurisdictional challenges and may be raised at any time in the proceeding." (internal quotations omitted)).

SULLIVAN &
TRIGGS, LLP
ATTORNEYS AT LAW
SANTA MONICA

8

BELKIN'S REPLY ISO MOTION FOR SUMMARY JUDGMENT
Case No. 20STCV00033

### b. The Pecht Declaration Is Irrelevant and Inadmissible.

Miley's submission of the expert declaration of Dr. Michael Pecht similarly fails to create any issue of fact on the likelihood of consumer deception. Dr. Pecht, an electrical engineering professor, opines on the meaning of "rated capacity," Pecht Decl. ⁋ 30, technical standards from different third-party laboratories testing power banks, *id*. ⁋ 34, various mathematical equations related to a power bank's discharge process, *id*. ⁋⁋ 42-45, and his own testing of the Product's "deliverable value" of energy to a personal electronic device, *id*. ⁋⁋ 48-51, 56. But an electrical engineer's explanation of the workings of power banks or testing of the actual "deliverable value" of energy that the Product transfers to a personal electronic device (which are completely consistent with the evidence for which Belkin seeks judicial notice) does not address whether a reasonable consumer would be deceived by the statement "10,000 mAh" when those words appear above another equally prominent statement on the front of the Product on the subject of charging capacity ("Charge up to 3 times*"). *See* Cal. Evid. Code § 210 (defining relevance as "any tendency in reason to prove or disprove any disputed fact that is of consequence to the determination of the action").

Dr. Pecht's unsupported speculation regarding what unnamed and unidentified consumers might think is irrelevant and inadmissible. *See, e.g.*, Pecht Decl. ⁋ 34 ("Customers depend on the power bank manufacturer to provide accurate capacity information of the power bank."); *id*. ⁋ 37 ("[T]here is no reason for a consumer to think that the capacity listed refers to the battery insider [sic] the power bank, rather than the power bank itself."); *id*. ⁋ 56 ("[C]ustomers would likely anticipate the capacity value printed on the package to be a guaranteed minimum."); *id*. ⁋ 59 ("[Consumers] do consider the capacity listed on the power back for guidance in the selection of a power bank; indeed, it is the only objective measure of a power bank's capacity available to consumers at the time of the purchase."); *id*. ¶ 61 (calling Product's packaging "misleading"). But these opinions, rendered without any sort of evidentiary foundation, are inadmissible, as outside the scope of his expertise as an electrical engineer and as speculation.[4] *See Sargon Enter., Inc. v.*

---

[4] Dr. Pecht's background—devoid of any experience or education in the field of marketing

(Continued)

*Univ. of S. California*, 55 Cal. 4th 747, 770, 772 (2012) (explaining that matter expert relies on must provide reasonable basis for particular opinion offered); *Putensen v. Clay Adams, Inc.*, 12 Cal. App. 3d 1062, 1080-81 (1970) (finding that the court did not abuse its discretion in sustaining an objection to expert testifying to something outside the scope of their expertise). Dr. Pecht nowhere testifies that he studies or has any expertise on consumer expectations or the electronics market or that he undertook to conduct any such analysis with respect to consumer understanding of the Product's packaging. Without having conducted any survey, much less a scientific one, on consumers' understanding of the "10000 mAh" statement (assuming he had the qualifications to do so), Dr. Pecht's ideas about how someone might view Belkin's packaging do not constitute admissible evidence and create no issue of fact regarding the likelihood of any reasonable consumer being deceived by the Product's packaging.

### c. The Consumer Complaints Are Irrelevant and Inadmissible.

Miley devotes seven pages of her Opposition (pages 6-13) to an argument based on records produced in the course of this litigation that contain consumer inquiries about products that Miley did not buy and which implicate a different issue than the one on which Miley sued Belkin. For these reasons, the consumer complaints are irrelevant and cannot establish a genuine dispute of fact about a reasonable consumer's likelihood of deception in purchasing the Product that is the subject of the Complaint.

The consumer complaints relate to early versions of the Product primarily sold overseas or another device entirely, the Pocket Power 5K. *See* Opp. to Mot. for Summ. Judg., Ex. K at BELKIN_000258. Miley does not testify, and never alleged, that she owns either. It is apparent that most of the complaints relate to the earlier version of the Product sold overseas because of the issue communicated in those complaints: confusion about the difference between "cell capacity" and "rated capacity" screen-printed on the device itself (as opposed to the packaging).

---

or consumer behavior, and exemplified by papers with titles such as "Effects of External Pressure on Phase Stability and Diffusion Rate in Lithium-Ion Cells" and "The Significance of Aqueous Binders in Lithium-Ion Batteries"—shows he has no expertise in the field of marketing and thus would not be qualified to provide opinions on the subject.

On the earlier produced, overseas version of the Product, the device had a screen-print noting a "rated capacity" of 6,070 mAh. The resulting confusion, which Miley did not and could not have experienced, involved the difference between the "cell capacity" of 10,000 mAh and the "rated capacity" of 6,070 mAh. *See, e.g.*, Ex. K at BELKIN_000258 ("On the rear of the box it also says 10,000 mAh cell capacity. However on the product it says there is only 6,070 mAh cell capacity. Surely this isn't correct?"); *id.* at BELKIN_000263 ("Concerned about the difference in what is stated on the box, vs what is stated on the battery pack itself."). It is for this reason that Belkin eventually opted to remove the rated capacity—and its related voluntary UL safety certification—from future versions of the Product. Opp. to Mot. for Summ. Judg., Ex. M ("We would like to remove the UL/ETL certification from our power banks. . . . Belkin initially received this voluntary certification, which no specific country or customer requires, to leverage it as competitive advantage in quality over competitors. However, with the recent changes that mandates UL/ETL certified power banks to put both rated and cell capacity on the product, we've been creating a confusion with two different capacities communicated . . . .").

The Product Miley allegedly bought did not contain the rated capacity on the screen-print, and there is no evidence or even allegation to the contrary. Even if it did, the purported "deception" that is the subject of Miley's Complaint does not relate to the difference between cell capacity and rated capacity as indicated on the Product. Instead, Miley alleged—though has not proven—that the "10000 mAh" statement on the Product packaging deceived her into forming undefined charging expectations. Because none of the third party complaints Miley cites suggest that it was the "10000 mAh" statement on the Product packaging that deceived a consumer into unrealistic charging expectations, these complaints are irrelevant and do not create a genuine dispute of material fact.[5]

---

[5] Only one complaint contains an inquiry related to how frequently the Product would need to be recharged, but that record expressly ties the customer's charging expectation to the Charging Statement and not the "10000 mAh" statement. Ex. K at BELKIN_000258. This complaint is therefore irrelevant to whether a reasonable consumer would be deceived by the *"10000 mAh" statement.* It is also inadmissible hearsay to the extent Miley would rely on it as evidence of truth of the matter asserted, Cal. Evid. Code § 1200, and irrelevant as it relates to an unspecified Samsung phone as opposed to the iPhone 7 referenced on the Product package.

SULLIVAN &
TRIGGS, LLP
ATTORNEYS AT LAW
SANTA MONICA

11

BELKIN'S REPLY ISO MOTION FOR SUMMARY JUDGMENT
Case No. 20STCV00033

1
2

      **d.**     **The Statement by Belkin's Director of Global Communications Is Irrelevant and Inadmissible.**

3
4
5
6
7
8

Miley also attempts to rely on a statement drafted by Belkin's Director of Global Communications as evidence of customer confusion. Miley spends almost three pages of her Opposition discussing the admitted inaccuracies of the statement in arguing that these inaccuracies are somehow evidence of customer confusion. *See* Opp. to Mot. for Summ. Judg. at 11-13. Despite the inaccuracies in the statement, it is wholly irrelevant to whether the Product's packaging was likely to deceive a reasonable consumer.

9
10
11
12
13
14
15
16
17
18

The statement drafted by Belkin's Director of Global Communications was created to address customer inquiries caused by Belkin putting both the cell capacity and the rated capacity on an earlier version of the Product. Belkin's attempt to frame consistent, clear replies to customer inquiries in plain, non-technical language about the specific issue of explaining the difference between "cell capacity" and "rated capacity" resulted in Belkin inadvertently providing an erroneous explanation of the concepts of "minimum" and "maximum" capacity. But the statement, and the questions it was trying to address, do not involve any customer confusion or misunderstanding about how frequently a customer would need to recharge the Product in light of the "10000 mAh" statement. In fact, there is simply no evidence of any customer confusion or misunderstanding on that issue.

19
20
21
22
23
24

Additionally, this statement (including its inaccuracies) is irrelevant because Miley did not see or rely on—and does not allege that she ever saw or heard—the statement prior to purchasing the Product. Therefore, she could not have relied on it when purchasing it and it cannot serve as the basis for her Complaint. *See Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, n.14 (2011) ("[W]e will allow one party who subjectively relied on a particular deception in entering a transaction to sue, while simultaneously precluding another who subjectively did not so rely from suing.").

25

    **3.**     **Miley Has Not Submitted Admissible Evidence of Falsity.**

26
27
28

Miley has also failed to create an issue of fact on the likelihood of deception by showing falsity of the representation at issue. *See Consumer Advocates*, 113 Cal. App. 4th at 1362 ("The falsity of . . . advertising claims may be established by testing, scientific literature, or anecdotal

1   evidence."). Miley has provided no evidence that suggests the Product did not have a 10,000 mAh

2   battery or that the Product could not charge an iPhone "up to 3 times." *See Bonahoom v. Staples,*

3   *Inc.*, 2021 WL 1020986, *5 (N.D. Ill. Mar. 17, 2021) (finding that up to 2x charge not deceptive

4   and that "up to" indicates that the battery doesn't necessarily always provide 2 full charges). Quite

5   the opposite: the evidence Miley submits in opposition to Belkin's Motion corroborates the

6   accuracy of the 10,000 mAh battery and the Charging Statement.

7         With regards to the "10000 mAh" statement, Miley does not allege in her complaint that

8   the device she bought did not have a 10000 mAh battery, let alone produce evidence of such.

9   Instead, she provides the Court with several exhibits confirming that the Product has a 10,000 mAh

10  lithium-ion battery. For example, Dr. Pecht's calculations about the battery's rated capacity *rely* on

11  the fact that the battery has a cell capacity of 10,000 mAh. *See* Pecht Decl. ¶ 45. Miley's Exhibit

12  B, an internal Belkin document itemizing the Product's specifications, notes its "capacity" as

13  "10,000mAh." Opp. to Mot. for Summ. Judg., Ex. B at BELKIN_000238. Similarly, Miley cites to

14  internal Belkin emails listing the Product's cell capacity as 10,000 mAh. Opp. to Mot. for Summ.

15  Judg., Ex. F at BELKIN_000779. And Miley's Exhibit E, a report from Intertek, a third-party

16  laboratory that tested the product, lists "10000 mAh" under the technical data of the Product's

17  battery cell. Opp. to Mot. for Summ. Judg., Ex. E at BELKIN_000412. Thus, far from establishing

18  the falsity of the "10000 mAh" statement, Miley's evidence supports its accuracy.

19        Miley's evidence also fails to support the falsity of the Charging Statement and instead

20  supports the statement's accuracy. For example, her Exhibit U provides the Court with the results

21  of a specific test Belkin ran regarding how many times the Product would charge an iPhone 7 with

22  a 98% battery life, meaning the phone's battery capacity was 1921 mAh, or 98% of the phone's

23  full capacity of 1960 mAh. Opp. to Mot. for Summ. Judg., Ex. U at BELKIN_000116-17; *see also*

24  Opp. to Mot. for Summ. Judg., Ex. D, Norton Dep. ("Norton Dep.") at 85:2-87:2. But those results

25  disprove Miley's contention. They indicate that the Product output 6,440 mAh and charged the

26  iPhone 2.8 times, which provides substantial support for the claim that the Product can charge an

27  iPhone 7 "up to three times." Ex. U at BELKIN_000117. Dr. Pecht's own declaration further

28  supports the truth of the Charging Statement. In conducting what he calls a "deliverable value" test

SULLIVAN &
TRIGGS, LLP
ATTORNEYS AT LAW
SANTA MONICA

13

1  to determine how much energy the Product output during that test, Dr. Pecht ultimately found an

2  average measurement of 6,264 mAh, a figure which actually exceeds the 6,070 mAh that a third-

3  party laboratory calculated the Product's rated capacity to be (and that Belkin relied on in making

4  its "up to 3x" statement). Pecht Decl. ¶¶ 50-51; *see also* Ex. U at BELKIN_000117. Notably absent

5  from Dr. Pecht's declaration is a finding or even an opinion that the Product *cannot* charge an

6  iPhone 7 up to three times.

7  Miley's attempt to rely on the testimony given by Belkin's Director of Electrical

8  Engineering, Jack Norton, to prove the falsity of the Charging Statement completely fails. Mr.

9  Norton's testimony actually establishes the Charging Statement's accuracy. Norton explained in

10  his deposition that the exact amount of energy that the Product delivers to a personal electronic

11  device varies based on many numbers of factors, including the battery health of the consumer's

12  personal electronic device, which diminishes overtime. Norton Dep. at 85:2-87:2. Thus, depending

13  on the phone's battery health alone—to say nothing of other environmental factors that can increase

14  charging efficiency—the Product may charge a personal electronic device *more* than three times

15  on a single charge. Norton Dep. at 85:2-87:2. For example, based on the results of the Belkin test,

16  the Product would charge an iPhone 7 with 50% battery health, or 908 mAh, more than five times.[6]

17  Miley thus fails to present any evidence demonstrating the falsity of the "10000 mAh"

18  statement or the Charging Statement, and in fact provides evidence corroborating the accuracy of

19  those statements. On this point, too, she cannot create a genuine dispute of material fact.

20  * * *

21  In sum, notwithstanding that Miley had *over nine months in which to file her Opposition*,

22  she has failed to submit any evidence demonstrating that the "10000 mAh" statement is likely to

23  deceive a reasonable consumer into forming unrealistic charging expectations.  As a result, there is

24  _____

25  [6] While one consumer complaint involved a customer who purchased the Product in
   Auckland, New Zealand, contending that he could not charge his *Samsung* phone (with
   no specification of its model or age) three times, this is not evidence of the falsity of Belkin's statement

26  that the Product purchased by Miley can charge a phone up to three times based on the battery
   capacity *of an iPhone 7*. Ex. K at BELKIN_000258. This statement is also inadmissible hearsay,

27  to the extent Miley would rely on it as evidence of truth of the matter asserted—that the Product
   could not charge an unspecified Samsung model up to three times. Cal. Evid. Code § 1200.

28

SULLIVAN &
TRIGGS, LLP
ATTORNEYS AT LAW
SANTA MONICA

BELKIN'S REPLY ISO MOTION FOR SUMMARY JUDGMENT
Case No. 20STCV00033

1    no genuine dispute of material fact as to that element of the Third, Fourth, and Fifth causes of

2    action. Those claims therefore should be dismissed as a matter of law. Code Civ. Proc. § 437c(*o*)(1).

3    **B.    The Undisputed Language of the Packaging Demonstrates No Likelihood of**

4         **Deception.**

5         **1.    Whether the Packaging Could be Deceptive Is a Question of Law for The**

6              **Court.**

7         While Miley's failure to put on a single piece of evidence regarding the reasonable

8    consumer standard is enough to warrant summary judgment on that basis alone, the Court should

9    also grant summary judgment on the grounds that the "10000 mAh" statement in the context of the

10   packaging as a whole could not deceive a reasonable consumer into forming unrealistic charging

11   expectations. *See, e.g.*, *Simpson v. The Kroger Corp.*, 219 Cal. App. 4th 1352, 1371 (2013)

12   (reasonable consumer standard can be decided as a question of law when no material facts in

13   dispute). "Where, as here, the material facts are not in dispute and the parties simply dispute the

14   legal significance of the facts, the matter may be resolved on summary judgment as a matter of

15   law." *Puentes v. Wells Fargo Home Mortgage, Inc.*, 160 Cal. App. 4th 638, 642-43 (2008) (internal

16   quotations omitted) (affirming summary judgment for the defendant in a UCL case because

17   reasonable consumers would not have been misled). California courts and federal courts applying

18   California law as recently as last month have not hesitated to resolve false advertising cases as a

19   matter of law at the summary judgment stage when the facts are undisputed. *See, e.g.*, *Moore*, 2021

20   WL 2965445, *3; *Colgan*, 135 Cal. App. 4th at 692 (resolving class action claims regarding

21   violations of the FAL, UCL, and CLRA as a matter of law on summary judgment). Here, too, the

22   Court should grant summary judgment because there are no factual disputes and the Product's

23   packaging is such that no reasonable consumer could be deceived.

24        **2.    The Language on the Packaging Forecloses a Finding that a Reasonable**

25             **Consumer Would Be Deceived.**

26        The language of the Product's packaging prevents consumer deception because, when

27   considered as a whole, it clearly indicates the range of performance that can be expected from the

28   product. *See Brady v. Bayer Corp.*, 26 Cal. App. 5th 1156, 1169 (2018) (explaining that whole

SULLIVAN &
TRIGGS, LLP
Attorneys At Law
Santa Monica

15

BELKIN'S REPLY ISO MOTION FOR SUMMARY JUDGMENT
Case No. 20STCV00033

1    package should be considered when determining whether challenged statement deceptive to

2    reasonable consumer, stressing importance of qualifiers on front of package); *see also Bobo v.*

3    *Optimum Nutrition, Inc.*, 2015 WL 13102417, *4 (S.D. Cal. Sept. 11, 2015) ("A plaintiff cannot

4    pursue a claim based on a statement that can only be misleading when the information surrounding

5    it is ignored."); *Dinan*, 2020 WL 364277 at *7 ("[T]he Ninth Circuit and district courts therein have

6    held that allegations do not satisfy the reasonable consumer test where the packaging containing

7    the alleged misrepresentation includes disclosures that makes the meaning of the representation

8    clear.").

9         When applied to the facts of this case, the court's reasoning in *Dinan* is dispositive. In

10   *Dinan*, the court found that the representation that a flash drive was "64 GB" was not misleading

11   as a matter of law to a reasonable consumer because even if "GB" is "an inherently ambiguous

12   term," the disclosure on the back of the product packaging—that "1 GB = 1,000,000,000 bytes"—

13   "dispels any confusion." *Dinan*, 2020 WL 364277 at *8. The court reasoned that, because

14   "Defendant tells the consumer exactly what she is getting" in terms of the total number of bytes of

15   storage, "[i]t is simply not plausible that a reasonable consumer . . . would be deceived by the

16   number of bytes in the storage device." *Id.* Likewise, in this case, even if Belkin's use of 10000

17   mAh is ambiguous to a reasonable consumer, the Charging Statement clarifies any ambiguity about

18   the charging capabilities of the Product and "dispels any confusion" that Belkin's use of mAh could

19   create. In the words of the *Dinan* court, the Product's packaging informs the consumer "exactly

20   what she is getting." *Id.*

21        The Ninth Circuit's recent decision in *Moore* is similarly instructive. In *Moore*, the Ninth

22   Circuit held Trader Joe's manuka honey labeling, which read "100% New Zealand Manuka

23   Honey," would not mislead a reasonable consumer as a matter of law, even though the honey

24   actually only consists of between 57.3% to 62.6% honey derived from Manuka flower nectar.

25   *Moore*, 2021 WL 2965445 at *4. The Court found that the label was literally true—even if only in

26   a "legalistic sense"—because it was accurate under FDA guidelines, which permit honey to be

27   labeled with the name of the chief floral source of the honey. *Id.* *7. Further, the Court reasoned

28   that a reasonable consumer could not be misled into thinking that the honey was derived entirely

SULLIVAN &
TRIGGS, LLP
ATTORNEYS AT LAW
SANTA MONICA

16

1  from Manuka flower nectar because of the other representations on the packaging and the
2  "contextual inferences regarding the product itself." *Id.* at *5. Specifically, the Court focused on
3  three key contextual inferences: "(1) the impossibility of making a honey that is 100% derived from
4  one floral source, (2) the low price of Trader Joe's Manuka Honey, and (3) the presence of the
5  '10+' on the label," which indicates the honey's purity rating *Id*. Notably, the Court found that
6  "10+" sufficiently precluded confusion by a reasonable consumer because "the presence of this
7  rating on the label puts a reasonable consumer on notice that it must represent *something* about the
8  product." *Id.* at *7. Thus, the Court reaffirms that a reasonable consumer bears some responsibility
9  when it comes to understanding representations made on a product's packaging.

10      Similarly, here, the "10,000 mAh" representation is not misleading as a matter of law
11  because the representation is factually true: it is not disputed that the Product has a battery capacity
12  of 10,000 mAh. Though many consumers may not be familiar with "mAh," the Court's reasoning
13  in *Moore* suggests that a reasonable consumer of a portable battery would "routinely encounter"
14  this unit of measurement and "would likely have some knowledge" about it. *See id.* at *7
15  (explaining that reasonable consumers of manuka honey would routinely encounter honey purity
16  ratings and would likely have some related knowledge). At the very least, the packaging's use of
17  "mAh" to indicate battery size "puts a reasonable consumer on notice that it must representing
18  *something* about the product." *See id*.

19      Further, the packaging gives a reasonable consumer all the necessary information about the
20  product. Just like the "10+" purity rating on Trader Joe's manuka honey, the Charging Statement
21  in this case clarifies what the consumer can expect from the "10,000 mAh." In fact, Belkin's
22  Charging Statement is even clearer because, unlike the "10+" honey purity rating, the Charging
23  Statement explains in plain English what the consumer can expect from the product. It requires no
24  further research or interpretation by the consumer.

25      Lastly, contextual inferences such as the price and common knowledge about battery
26  operations would militate against an unreasonable interpretation of the Product's packaging. Even
27  if a consumer does not know what "10,000 mAh" means, the price of the Product in comparison to
28  other versions of the Pocket Power indicate the size of the battery to a reasonable consumer. For

SULLIVAN &
TRIGGS, LLP
ATTORNEYS AT LAW
SANTA MONICA

17

BELKIN'S REPLY ISO MOTION FOR SUMMARY JUDGMENT
Case No. 20STCV00033

example, a reasonable consumer would understand that the Pocket Power 10K is a larger battery than the Pocket Power 5K because it is more expensive. Further, just as "a reasonable honey consumer would know that it is impossible to produce honey that is derived exclusively from a single floral source," a reasonable consumer of portable batteries would know that it is impossible for a battery to discharge its full capacity to the device it is charging. *See id.* at *6. Indeed, Miley herself recognizes this commonly known fact in her Complaint and Opposition. Compl. ¶ 27 ("To convert and distribute the power from the Products to the PEDs, the Products take power from their own internal batteries."); Opp. to Mot. for Summ. Judg. at 6 ("The parties agree; power banks themselves consume part of the energy in their internal cells because of the charging circuitry within and due to inefficiency in converting voltages.").

The Ninth Circuit's ruling in *Moore* reaffirms the existing case law on this issue: false advertising claims can and should be resolved as a matter of law when the packaging as a whole and contextual inferences preclude a reasonable consumer from being misled by the product. The Product's packaging falls squarely within this standard.

**3.      The Cases Miley Cites to Support Her Contention that a Reasonable Consumer Would Be Deceived by the "10000 mAh" Statement Are Inapposite.**

Miley cites non-precedential trial court orders to support her contention that a reasonable consumer would be deceived by the "10,000 mAh" statement. Opp. to Mot. for Summ. Judg. at 21-23. However, these orders were all entered at the demurrer stage, which of course assumes the veracity of the allegations in the complaint, in contrast to the summary judgment stage, at which the Court considers whether the plaintiff can present evidence supporting each element of his or her claim. *See Geske v. PNY Techs., Inc.*, 503 F. Supp. 3d 687, 705 (N.D. Ill. 2020) (denying motion to dismiss because, although "Geske offers a plausible reading of the packaging, and PNY offers another," at the motion to dismiss stage "the inferences flow in favor of the plaintiff"); *Young v. Mophie, Inc.*, 2019 WL 5173770, at *2-3, *7 (C.D. Cal. Oct. 9, 2019) (denying motion to dismiss because "the parties dispute what the packaging for these batteries actually looks like"); *Bonahoom*, 2021 WL 1020986 at *1; *Mancuso v. RFA Brands, LLC*, 454 F. Supp. 3d 197, 201 (W.D.N.Y. 2020) (denying motion to dismiss because, accepting plaintiff's allegations as true, he stated a cause

SULLIVAN &
TRIGGS, LLP
ATTORNEYS AT LAW
SANTA MONICA

18

BELKIN'S REPLY ISO MOTION FOR SUMMARY JUDGMENT
Case No. 20STCV00033

of action under New York law); *see also Sangster*, 68 Cal. App. 4th at 162-63 ("[I]n order to avert summary judgment the plaintiff must produce substantial responsive evidence sufficient to establish a triable issue of material fact on the merits of the defendant's showing."). As result, those cases are both non-precedential and are procedurally inapposite. Moreover, none of these cases have been resolved on the merits in favor of the plaintiff. *See Geske v. PNY Techs., Inc.*, 1:19-cv-05170 (N.D. Illinois); *Young v. Mophie*, 8:19-cv-00827 (C.D. Cal); *Bonahoom v. Staples, Inc.*, 1:20-cv-01942 (N.D. Illinois); *Mancuso v. RFA Brands, LLC*, 6:18-cv-06807 (W.D.N.Y.).[7]

## C. The "10000 mAh" Statement Does Not, on Its Face, Constitute an Express Warranty that the Product Can Deliver 10,000 mAh of Energy to Another Device.

"To prevail on a breach of express warranty claim, a plaintiff must prove that the seller '(1) made an affirmation of fact or promise or provided a description of its goods; (2) the promise or description formed part of the basis of the bargain; (3) the express warranty was breached; and (4) the breach caused injury to the plaintiff.'" *Viggiano v. Hansen Nat. Corp.*, 944 F. Supp. 2d 877, 893 (C.D. Cal. 2013). Miley insists that Belkin made an express warranty that the Product would provide "10,000 mAh" and that "[t]here is copious evidence that consumers read and rely on such figures." Opp. to Mot. for Summ. Judg. at 28. Both assertions are wrong and fail to address the requisite elements of a breach of express warranty cause of action.

First, Belkin never made an express warranty that the Product provided 10,000 mAh to charge electronic devices. Belkin's statement that the Product has a battery cell capacity of 10,000

---

[7] In *Young*, the plaintiffs and Mophie, the industry leader in the sale of portable power banks, settled on a non-class basis. The settlement agreement, filed in that action, requires Mophie to pay just $5,000 to each of the two plaintiffs and $325,000 to the plaintiffs' counsel, including Nathan Smith and Gregory Blankinship, two of the attorneys representing Miley here. *See Young*, 8:19-cv-00827, ECF No. 90-2 ("Declaration of D. Greg Blankinship in Support of Plaintiffs' Motion for Final Approval of Calss [sic] Settlement, Attorneys' Fees and Expenses, and Service Awards" and settlement agreement attached thereto). In all but one of these cases, the consumers allegedly deceived by similar statements on a power bank's packaging are represented by counsel representing Miley here. *Geske, Inc.*, 1:19-cv-05170 (plaintiff represented by William Terrell, Gregory Blankinship, Brenton Goodman, Matthew Schultz, and William Cash); *Young*, 8:19-cv-00827 (plaintiffs represented by Nathan Smith and Gregory Blankinship); *Mancuso*, 6:18-cv-06807 (plaintiff represented by Gregory Blankinship). As a result, the initial outcomes of these cases, promoted by Plaintiff as purported evidence of the supposedly substantive nature of their allegations, belie the notion that using cell capacity to describe power banks has caused any material consumer confusion or damages.

SULLIVAN & TRIGGS, LLP
ATTORNEYS AT LAW
SANTA MONICA

mAh is not disputed in this action, and Plaintiff's unreasonable interpretation to the contrary cannot be the basis of a breach of express warranty cause of action. *See Bobo*, 2015 WL 13102417 at *6 (finding that Plaintiff's unreasonable interpretation of product label precluded breach of warranty claim). Miley now also belatedly seems to assert that Belkin's Charging Statement is false, but does not present any evidence demonstrating its falsity and, indeed, Dr. Pecht's own test confirms the opposite. *See supra* at II.A.3; *see also* Pecht Decl. ¶¶ 50-51. Because the representations made were true, Miley cannot show that there was a breach.

Second, as explained above, Plaintiff has not provided *any* admissible evidence that she relied on the representation of "10,000 mAh" when purchasing the Product, or that reasonable consumers rely on battery size representations or are likely to interpret Belkin's description of the Product to mean that the Product was capable of delivering 10,000 mAh in the charging of electronic devices. As such, Miley has not shown that there was any reliance on the express warranties in the first place.

Because Miley has failed to establish that there was reliance on or a breach of Belkin's express warranties of this Product, this claim should be dismissed.

**D.      Plaintiff Has No Cause of Action for Unjust Enrichment.**

Plaintiff has no unjust enrichment claim, first and foremost, because she has not alleged an actionable harm. *See Hill v. Roll Int'l Corp.*, 195 Cal. App. 4th 1295, 1307 (2011) (explaining that there is no basis for relief under unjust enrichment when there is "no actionable wrong"); *De Havilland v. FX Networks, LLC*, 21 Cal. App. 5th 845, 870 (2018) (same). Miley has not provided a single piece of admissible evidence that the Product's packaging misled Miley, let alone a reasonable consumer. *See supra* at II.A.2. As such, she has not sufficiently alleged a cause of action for unjust enrichment (assuming that such a separate cause of action exists). *See Hill*, 195 Cal. App. 4th at 1307; *Punian v. Gillette Co.*, 2016 WL 1029607, *18 (N.D. Cal. Mar. 15, 2016) (dismissing unjust enrichment claim because plaintiff's underlying causes of action failed).

Moreover, many California courts have found that unjust enrichment is not even a separate cognizable cause of action. There are cases to the contrary, but Miley's representation that this is the "minority" opinion is misleading. To support its contention, Miley cites *O'Grady v. Merchant*

1    *Exch. Prod., Inc.*, 41 Cal. App. 5th 771 (2019), but the court in *O'Grady* states that the <u>First</u>

2    <u>Appellate District</u> is "split on the issue." *Id.* at 791. The Second Appellate District itself has

3    frequently held that unjust enrichment is not a separate cause of action. *See, e.g.*, *De Havilland*, 21

4    Cal. App. 5th at 870 ("Unjust enrichment is not a cause of action." (internal quotations omitted));

5    *Melchior v. New Line Prod., Inc.*, 106 Cal. App. 4th 779, 793 (2003) (same); *Jogani v. Superior*

6    *Court*, 165 Cal. App. 4th 901, 911 (2008) (same). Further, the *O'Grady* court's reasoning appears

7    rooted in the principle that "the substance of the underlying allegations" is more important than

8    "how the plaintiff labels the cause of action." *O'Grady*, 41 Cal. App. 5th at 792 (explaining that

9    plaintiff was entitled to restitution for withheld service charges under the UCL). Here, there is no

10   substance underlying Miley's allegations.

11       The other cases that Miley cites do not even explain the bases for treating unjust enrichment

12   as a separate cause of action. *See generally Aghaian v. Minassian*, 64 Cal. App. 5th 603 (2021);

13   *Prof'l Tax Appeal v. Kennedy-Wilson Holdings, Inc.*, 29 Cal. App. 5th 230 (2018). Given the lack

14   of any separate doctrinal basis for the claim (even in the few cases "recognizing" the cause of

15   action), Miley's unjust enrichment claim is, at best, duplicative of her other causes of action and

16   should be dismissed as superfluous. *See Selleck v. Globe Int'l, Inc.*, 166 Cal. App. 3d 1123, 1136

17   (1985).

18                                    **III. CONCLUSION**

19       Miley's First Cause of Action has no merit because the "10000 mAh" statement does not,

20   on its face, constitute an express warranty; her Second Cause of Action has no merit because there

21   is no underlying actionable conduct and, in any event, unjust enrichment is not an independent

22   cause of action; and her Third, Fourth, and Fifth Causes of Action have no merit because Miley has

23   failed to present any evidence to raise an issue of fact on the likelihood of consumer deception and,

24   as a matter of law, the packaging read as a whole is not likely to deceive a reasonable consumer

25   into forming unreasonable charging expectations. For these reasons, Belkin respectfully requests

26   that the Court enter summary judgment on each of Miley's claims and dismiss the Complaint in its

27   entirety.

28   / / /

SULLIVAN &
TRIGGS, LLP
ATTORNEYS AT LAW
SANTA MONICA

1

Date: August 11, 2021

2

Respectfully submitted,
SULLIVAN & TRIGGS, LLP

3

4

By: _____

5

Sheldon Eisenberg

6

Gillian Kuhlmann
Nairi Shirinian

7

Attorneys for Defendant

8

BELKIN INTERNATIONAL, INC.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SULLIVAN &
TRIGGS, LLP
ATTORNEYS AT LAW
SANTA MONICA

22

BELKIN'S REPLY ISO MOTION FOR SUMMARY JUDGMENT
Case No. 20STCV00033

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Sullivan & Triggs, LLP, 1230 Montana Avenue, Suite 201, Santa Monica, California 90403.

On **August 11, 2021**, I served the foregoing document described as **DEFENDANT BELKIN INTERNATIONAL, INC.'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** on the interested parties in this action by transmitting a copy as follows:

See Attached Service List

 X   **By ELECTRONIC SERVICE** (I electronically served the foregoing with the Case Anywhere system which will send notification of such filing to counsel denoted on the attached Service List.)

**By PERSONAL SERVICE**

by personally delivering such envelope to the addressee.

by causing such envelope to be delivered by messenger to the office of the addressee.

**By UNITED STATES MAIL** (I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.)

**By OVERNIGHT DELIVERY** (by causing such envelope to be delivered to the office of the addressee by overnight delivery via Federal Express or by other similar overnight delivery service.)

**By FAX TRANSMISSION**

 X   (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

(Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on **August 11, 2021**, at Santa Monica, California.

Shella Anderson _____        _Shella Anderson_ _____
Name                                                                    Signature

SULLIVAN &
TRIGGS, LLP
ATTORNEYS AT LAW
SANTA MONICA

BELKIN'S REPLY ISO MOTION FOR SUMMARY JUDGMENT
Case No. 20STCV00033

Service List

| | |
|---|---|
| Nathan M. Smith (Ca. Bar No. 255212)<br>Nona Yegazarian (Ca. Bar No. 316458)<br>**BROWN NERI SMITH & KHAN LLP**<br>11601 Wilshire Boulevard, Suite 2080<br>Los Angeles, California 90025<br>Phone: 310-593-9890<br>Fax: 310-593-9980<br>Email: nate@bnsklaw.com<br>Email: nona@bnsklaw.com<br><br>D. Greg Blankinship<br>**FINKELSTEIN, BLANKINSHIP,**<br>  **FREI-PEARSON & GARBER, LLP**<br>445 Hamilton Ave, Suite 605<br>White Plains, NY 10601<br>Phone: 914-298-3290<br>Email: gblankinship@fbfglaw.com<br><br>William F. Cash<br>Matthew D. Schultz<br>Brenton J. Goodman<br>**LEVIN, PAPANTONIO, THOMAS,**<br>  **MITCHELL, RAFFERTY & PROCTOR,**<br>**P.A.**<br>316 South Baylen Street, Suite 600<br>Pensacola, FL 32502<br>Phone: 850-435-7059<br>Fax: 850-435-7020<br>Email: bcash@levinlaw.com<br>Email: mschultz@levinlaw.com<br>Email: bgoodman@levinlaw.com | Attorneys for Plaintiff Lenore Miley |

1  SHELDON EISENBERG (SBN 100626)
   seisenberg@sullivantriggs.com
2  GILLIAN KUHLMANN (SBN 316241)
   gkuhlmann@sullivantriggs.com
3  NAIRI SHIRINIAN (SBN 335909)
   nshirinian@sullivantriggs.com
4  Sullivan & Triggs, LLP
   1230 Montana Avenue, Suite 201
5  Santa Monica, California 90403
   Telephone:    (310) 451-8300
6  Facsimile:    (310) 451-8303

7  Attorneys for Defendant
   BELKIN INTERNATIONAL, INC.

8

9                 **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10                    **FOR THE COUNTY OF LOS ANGELES**

11

12
   LENORE MILEY, individually and on behalf      Case No. 20STCV00033
13 of all others similarly situated,
                                                 **DEFENDANT BELKIN**
14              Plaintiff,                        **INTERNATIONAL, INC.'S REPLY IN**
                                                 **SUPPORT OF REQUEST FOR JUDICIAL**
15      v.                                       **NOTICE**

16 BELKIN INTERNATIONAL, INC.,                   *[Filed concurrently with Belkin's Reply ISO*
                                                 *Motion for Summary Judgment, Reply ISO*
17              Defendant.                        *Separate Statement of Undisputed Facts, and*
                                                 *Objections to Evidence]*
18
                                                 Judge:   Hon. Carolyn B. Kuhl
19                                               Dept.:   12

20                                               Complaint Filed: January 2, 2020

21                                               Hearing Date: Aug. 26, 2021
                                                 Time: 1:45 pm
22                                               Dept: 12

23

24 / / /

25 / / /

26 / / /

27

28

SULLIVAN &
TRIGGS, LLP
ATTORNEYS AT LAW
SANTA MONICA

                              BELKIN'S REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE
                                                                    Case No. 20STCV00033

1  **I.     INTRODUCTION**

2          Miley's Opposition ("Judicial Notice Opposition") to Belkin's Request for Judicial Notice

3  ("Judicial Notice Request") concedes the veracity of the facts for which Belkin seeks judicial

4  notice. Other than one meritless relevance argument directed at two of the facts subject to the

5  Judicial Notice Request, most of the Judicial Notice Opposition repeats or elaborates on arguments

6  made in Miley's Opposition to Summary Judgment and thus appears to be an attempt to circumvent

7  the page limit for that opposition, on which Belkin already stipulated to an extension. In any event,

8  for the reasons discussed below, the Judicial Notice Opposition is without merit, and Belkin

9  respectfully requests the Court to judicially notice that: (1) "mAh" means milliampere-hours and

10  refers to the capacity of a lithium ion battery, (2) lithium ion batteries can become unstable if they

11  are discharged below a certain level, and (3) lithium ion batteries are designed to shut off before

12  they fully discharge.

13  **II.    MILEY'S JUDICIAL NOTICE OPPOSITION IS MERITLESS.**

14          **A.     Miley Concedes that "mAh" Is an Abbreviation of "Milliampere Hours" and**

15                  **Can Refer to the Capacity of Lithium Ion Batteries.**

16          Miley concedes that "mAh" means milliampere-hours. Judicial Notice Opp. at 6 ("Plaintiff

17  does not dispute that 'mAh' is an abbreviation for milliampere hours."). Miley then concedes the

18  second clause of Belkin's first-listed judicially noticeable fact by citing, among other things, her

19  expert's definition of "rated capacity" which itself refers to the capacity of a cell or battery in terms

20  of milliampere-hours. *Id.* at 8 ("Rated capacity means *the capacity, in ampere-hours or*

21  *milliampere-hours, of a cell or battery* as measured by subjecting it to a load, temperature and

22  voltage cut-off point specified by the manufacture" (emphasis added)).

23          As a result, Miley's "opposition" to Belkin's Request for Judicial Notice of this undisputed

24  scientific fact, such as it is, is wholly based on a straw argument. Belkin is not, as Miley seems to

25  contend, seeking judicial notice of whether, according to industry standards, "any listed amount on

26  a power bank should be its 'rated capacity,'" nor is it asking the Court to take judicial notice "that

27  'mAh' must, as a scientific fact, refer to battery storage and not output capacity." Judicial Notice

28  Opp. at 7.

SULLIVAN &
TRIGGS, LLP
ATTORNEYS AT LAW
SANTA MONICA

2

BELKIN'S REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE
Case No. 20STCV00033

Belkin merely asks that the Court take judicial notice of the indisputable (and undisputed) fact that mAh is the unit of measurement that is used to refer to lithium ion battery capacity. There is no doubt that the term "capacity" in relation to batteries can refer to different things such as "storage capacity" and "output capacity." However, there is also no doubt—as shown by Miley's Judicial Notice Opposition—that when individuals who know about such things want to express the amount of any such kind of "capacity," they use the term "milliampere hours," which is expressed by the abbreviation "mAh." Accordingly, the Court should grant Belkin's request for judicial notice of this particular fact on the grounds that it is not reasonably subject to dispute.[1]

**b.** **Miley Also Concedes That Lithium Batteries Can Become Unstable and Are Therefore Designed to Switch Off Before They Are Fully Discharged .**

Miley also effectively concedes that lithium ion batteries can become unstable if they are discharged below a certain level, and that they are therefore designed to shut off before they fully discharge. *See* Judicial Notice Opp. at 10 (citing expert's declaration stating: "All reliable and safe electronic products that use batteries have a battery management system (BMS) that ensures that a battery is neither overcharged or over discharged. There are thus limits given by cut-off voltages to ensure this….Thus, by following the standards…, there is no issue of selling a device that would be unsafe…."); *see also* Opp. to Summ. Judg., Ex. A, Decl. of M. Pecht, ¶ 34 n.3 ("Note that the end-of discharge (cut-off) voltage is never a zero value, since that could make the battery unreliable and in some rare instances unsafe."). The treatises cited by Belkin on the issue say the same thing, albeit more straightforwardly. *See e.g.*, Linden's 14.5.1 (deep or forced discharge under earlier designs could result in rupture or fires); Lithium-Ion Batteries Hazard and Use Assessment at 62 ("[m]ost consumer electronics devices set specific discharge voltage limits for their lithium-ion battery packs, at which point an electrical switch will disconnect the electrical load from the battery pack to prevent over-discharge."); The Handbook of Lithium-Ion Battery Pack Design at 91 (stating that lithium-ion batteries only use 20-90% of their total energy in order to "prevent overcharge at

---

[1] Miley erroneously raises a hearsay objection to the material cited in support of Belkin's Request for Judicial Notice. Hearsay, however, is not an objection to matters subject to judicial notice. Ev. C. § 454(a)(2).

1    the top and manage low end voltage."). Because these facts for which Belkin seeks judicial notice

2    are not actually disputed by Miley, it again becomes difficult to discern the point of much of Miley's

3    Judicial Notice Opposition.

4         Miley states that Belkin's Judicial Notice Request should be denied because lithium ion

5    batteries "do not pose significant safety concerns." Judicial Notice Opp. at 10. But Belkin is not

6    asking the Court to take judicial notice that lithium ion batteries pose a significant safety concern.

7    Belkin is simply asking the Court to take judicial notice of the fact that lithium-ion batteries are

8    designed in a particular way (limiting full discharge of its battery) in order to prevent the battery

9    from becoming unstable, a matter in which Miley's expert concurs. *See* Judicial Notice Opp. at 10

10   (citing *Linden's Handbook of Batteries* § 14.5.1).

11        Miley's relevance argument is also unavailing. These facts, that a lithium battery cannot, as

12   a matter of science and regulation, output all the "mAh" stored in its storage cells go to the truth of

13   Belkin's 10000 mAh package description, notwithstanding Miley's testing that the power bank

14   outputs fewer than 10000 mAh. (Miley has in fact never disputed that the power pack she purchased

15   has a storage capacity of 10000 mAh.) Given the truth of Belkin's representation, it is established

16   that no claim can be based on unreasonable inferences drawn from a true statement. *Shaeffer v.*

17   *Califia Farms, LLC*, 44 Cal. App. 5th 1125, 1137 (2020) (affirming dismissal of consumer claims

18   where "no sugar added" statement on the label was true and consumer's inferences were

19   unreasonable). Indeed, Miley's Complaint shows (although for a different reason) that it is a matter of

20   common knowledge that power banks cannot output all their stored energy. Compl. ¶ 27-29 (noting that

21   Product cannot deliver the full capacity of its battery cells) .

22        As a result, Defendant's proposed indisputable facts about how batteries operate support the

23   truth of the packaging representations and therefore are directly relevant to whether a reasonable

24   consumer would be deceived by the Pocket Power 10K's package. *See also Ebner v. Fresh, Inc.*, 838

25   F. 3d 958, 967 (9th Cir. 2016) (rejecting claim that reasonable consumer would be deceived by the

26   amount of lip product in a tube because "an accurate net weight label is affixed to every Sugar tube and

27   its accompanying cardboard box").

28   / / /

SULLIVAN &
TRIGGS, LLP
ATTORNEYS AT LAW
SANTA MONICA

4

BELKIN'S REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE
Case No. 20STCV00033

1  III.   **CONCLUSION**

2        For all the reasons stated above and in its Request for Judicial Notice, Belkin respectfully

3  requests that the Court grant its Request for Judicial Notice.

4

5   Date: August 11, 2021                    Respectfully submitted,

6

7                                            SULLIVAN & TRIGGS, LLP

8                              By:

9                                    _____

10                                   Sheldon Eisenberg
                                     Gillian Kuhlmann
11                                   Nairi Shirinian

12                                   Attorneys for Defendant
                                     BELKIN INTERNATIONAL, INC.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SULLIVAN &
TRIGGS, LLP
ATTORNEYS AT LAW
SANTA MONICA

5
BELKIN'S REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE
Case No. 20STCV00033

1

## **PROOF OF SERVICE**

2

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

3

4

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Sullivan & Triggs, LLP, 1230 Montana Avenue, Suite 201, Santa Monica, California 90403.

5

6

On **August 11, 2021**, I served the foregoing document described as **DEFENDANT BELKIN INTERNATIONAL, INC.'S REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE** on the interested parties in this action by transmitting a copy as follows:

7

See Attached Service List

8

9

X    **By ELECTRONIC SERVICE** (I electronically served the foregoing with the Case Anywhere system which will send notification of such filing to counsel denoted on the attached Service List.)

10

**By PERSONAL SERVICE**

11

by personally delivering such envelope to the addressee.

12

13

by causing such envelope to be delivered by messenger to the office of the addressee.

14

15

16

**By UNITED STATES MAIL** (I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.)

17

18

**By OVERNIGHT DELIVERY** (by causing such envelope to be delivered to the office of the addressee by overnight delivery via Federal Express or by other similar overnight delivery service.)

19

**By FAX TRANSMISSION**

20

21

X    (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

22

(Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

23

Executed on **August 11, 2021**, at Santa Monica, California.

24

25

Shella Anderson

26

Name                                                                    Signature

27

28

BELKIN'S REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE
Case No. 20STCV00033

1

Service List

| | |
|---|---|
| Nathan M. Smith (Ca. Bar No. 255212)<br>Nona Yegazarian (Ca. Bar No. 316458)<br>**BROWN NERI SMITH & KHAN LLP**<br>11601 Wilshire Boulevard, Suite 2080<br>Los Angeles, California 90025<br>Phone: 310-593-9890<br>Fax: 310-593-9980<br>Email: nate@bnsklaw.com<br>Email: nona@bnsklaw.com<br><br>D. Greg Blankinship<br>**FINKELSTEIN, BLANKINSHIP,<br> FREI-PEARSON & GARBER, LLP**<br>445 Hamilton Ave, Suite 605<br>White Plains, NY 10601<br>Phone: 914-298-3290<br>Email: gblankinship@fbfglaw.com<br><br>William F. Cash<br>Matthew D. Schultz<br>Brenton J. Goodman<br>**LEVIN, PAPANTONIO, THOMAS,<br> MITCHELL, RAFFERTY & PROCTOR,<br>P.A.**<br>316 South Baylen Street, Suite 600<br>Pensacola, FL 32502<br>Phone: 850-435-7059<br>Fax: 850-435-7020<br>Email: bcash@levinlaw.com<br>Email: mschultz@levinlaw.com<br>Email: bgoodman@levinlaw.com | Attorneys for Plaintiff Lenore Miley |

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SULLIVAN &
TRIGGS, LLP
ATTORNEYS AT LAW
SANTA MONICA

7

BELKIN'S REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE
Case No. 20STCV00033

1   SHELDON EISENBERG (SBN 100626)
    seisenberg@sullivantriggs.com
2   GILLIAN KUHLMANN (SBN 316241)
    gkuhlmann@sullivantriggs.com
3   NAIRI SHIRINIAN (SBN 335909)
    nshirinian@sullivantriggs.com
4   Sullivan & Triggs, LLP
    1230 Montana Avenue, Suite 201
5   Santa Monica, California 90403
    Telephone:    (310) 451-8300
6   Facsimile:    (310) 451-8303

7   Attorneys for Defendant
    BELKIN INTERNATIONAL, INC.

8

9

                **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10

                **FOR THE COUNTY OF LOS ANGELES**

11

12

    LENORE MILEY, individually and on behalf    Case No. 20STCV00033
13  of all others similarly situated,

14              Plaintiff,                       **DEFENDANT BELKIN
                                                 INTERNATIONAL, INC.'S SEPARATE
                                                 STATEMENT OF UNDISPUTED**
15          v.                                   **MATERIAL FACTS IN SUPPORT OF ITS
                                                 REPLY TO PLAINTIFF'S RESPONSES**
16  BELKIN INTERNATIONAL, INC.,                  **TO DEFENDANT'S SEPARATE
                                                 STATEMENT OF UNDISPUTED**
17              Defendant.                       **MATERIAL FACTS AND SEPARATE
                                                 COUNTER-STATEMENT OF**
18                                               **UNDISPUTED MATERIAL FACTS**

19
                                                 *[Filed concurrently with Belkin's Reply ISO*
20                                               *Request for Judicial Notice, Reply ISO Motion
                                                 for Summary Judgment, and Objections to*
21                                               *Evidence]*

22                                               Judge:    Hon. Carolyn B. Kuhl
                                                 Dept.:    12
23
                                                 Complaint Filed: January 2, 2020
24
                                                 Hearing Date:    Aug. 26, 2021
25                                               Time:            1:45 pm
                                                 Dept:            12
26

27  / / /

28  / / /

SULLIVAN &
TRIGGS, LLP
ATTORNEYS AT LAW
SANTA MONICA

Pursuant to Code of Civil Procedure Section 437c, subdivision (b)(4), Defendant BELKIN INTERNATIONAL, INC. respectfully submits this Separate Statement of Undisputed Material Facts in Support of its Reply to Plaintiff's Response, together with references to supporting evidence:

| FIRST CAUSE OF ACTION –<br>BREACH OF EXPRESS WARRANTY | |
| --- | --- |
| **UNDISPUTED MATERAL FACTS and SUPPORTING EVIDENCE** | **PLAINTIFF'S RESPONSE and SUPPORTING EVIDENCE** |
| 1.   The front of the packaging of the power bank (the "Product") that plaintiff Miley ("Miley") bought contained the following language:  10000mAh, 2 USB and "charge up to 3 times*."<br><br>**Supporting Evidence:** Complaint   ¶22; Declaration of Nitin Kalra ("Kalra Decl.") ¶¶ 4, 6. | 1.   **Partially disputed** - in separate places, the front of the packaging states "10000 mAh," "2 USB," and "charge up to 3 times*."<br>**Supporting Evidence:** Kalra Decl. ¶¶ 4, 6. |
| **Defendant's Reply:**<br><br>This fact is undisputed. Miley's "partially disputed" response concedes Belkin's stated fact as a whole: the front of the package included the statements "10000 mAh," "2 USB," and "charge up to 3 times*." *See* Kalra Decl. ¶¶ 4, 6. | |
| 2.   The asterisk that appears next to the statement on the front of the package "charge up to 3 times" is explained on the back of the package: "Charges iPhone 7 (running iOS 10) up to 3 times on a single charge in internal testing."<br>**Supporting Evidence:** Kalra Decl. ¶¶ 5, 7. | 2.   **Disputed** - the front of the package states, "charge up to 3 times*" and the back states, "*Charges iPhone 7 (running iOS 10) up to 3 times on a single charge in internal testing."  The later statement does not explain anything.   Further, these two statements are false. |

BELKIN'S SEPARATE STATEMENT ISO REPLY TO PLAINTIFF'S RESPONSE
Case No. 20STCV00033

SULLIVAN & TRIGGS, LLP
ATTORNEYS AT LAW
SANTA MONICA

| | |
|---|---|
| | **Supporting Evidence:** Kalra Decl. ¶¶ 5, 7; Ex. C, von Boode Dep. 57:5−15, 57:23-58:10; Ex. D, Norton Dep. II at 25:22−26:11, 32:13−33:25, 37:5−38:10; 45:15−46:23; 54:12-23.[1] |

**Defendant's Reply:**

This fact is undisputed. Belkin's proposed fact states that "*the asterisk . . . is explained on the back of the package.*" *See supra* (emphasis added). In her response, Miley does not and cannot dispute that the asterisk in front of "Charges iPhone 7 (running iOS 10) up to 3 times on a single charge in internal testing." on the back of the Product's packaging references the asterisk following "charge up to 3x" on the front of the package. Opp., Ex. A, Pecht Decl., ¶ 36 (observing that package contains statement that "this product can charge an iPhone 7 (running IOS 10) up to 3 times"); Kalra Decl. ¶¶ 5, 7 (demonstrating package); Opp, Ex. C, von Boode Dep. 57:5-15 (questioning acknowledging statements on package); Ex. D, Norton Dep. II at 23:11-27:11. Rather, she argues only that the statement on the back of the package does not effectively explain the statement on the front of the package, and that the statements on the front and the back of the package are false. Neither point has any bearing on Undisputed Fact 2.

| | |
|---|---|
| 3.     The front of the packaging of the Product also contained a circle with an image of a cell phone with the lightning bolt indicating it is being charged with a reference to "3x." <br><br>**Supporting Evidence:** Complaint ¶ 22; Kalra Decl. ¶¶ 4, 6. | 3.     **Partially disputed** - the front of the package includes a circle containing a drawing of a cell phone with a lightning bolt on its screen.  Overlapping the drawing of the cell phone is another circle containing the term "3x."  These images do not clearly "indicate[]" anything.  Further, to the extent the "3x" refers to the ability of the product to charge a cell |

---

[1] All references to exhibits by Plaintiffs are to the exhibits contained in the accompanying Declaration of William Cash III.

SULLIVAN &
TRIGGS, LLP
ATTORNEYS AT LAW
SANTA MONICA

3

BELKIN'S SEPARATE STATEMENT ISO REPLY TO PLAINTIFF'S RESPONSE
Case No. 20STCV00033

|  | phone three times, such a representation is false. **Supporting Evidence:** Kalra Decl. ¶¶ 4, 6; Ex. C, von Boode Dep. 57:5−15, 57:23-58:10; Ex. D, Norton Dep. II at 25:22−26:11, 32:13−33:25, 37:5−38:10; 45:15−46:23; 54:12-23. |
|---|---|

**Defendant's Reply:**

This fact is undisputed. It merely describes an image and statement on the Product's package that Miley has repeatedly referenced as the "charging statement" throughout this litigation. *See, e.g.*, Ex. C, von Boode Dep. 42:24-43:12 (questioning referring to statement and image in question as "charging statement"). Her argument that the Product cannot charge a cell phone up to three times has no bearing on Undisputed Material Fact 3, which merely references the existence of the statement on the Product's package.

**SECOND CAUSE OF ACTION –
UNJUST ENRICHMENT**

| UNDISPUTED MATERAL FACTS and SUPPORTING EVIDENCE | PLAINTIFF'S RESPONSE and SUPPORTING EVIDENCE |
|---|---|
| 4.    The front of the packaging of the Product that Miley bought contained the following language:  10000mAh, 2 USB and "charge up to 3 times*." **Supporting Evidence:** Complaint ¶ 22; Kalra Decl. ¶¶ 4, 6. | 4.    **Partially disputed** - In separate places, the front of the packaging states "10000 mAh," "2 USB," and "charge up to 3 times." **Supporting Evidence:** Kalra Decl. ¶¶ 4, 6. |

**Defendant's Reply:**

This fact is undisputed. Miley's "partially disputed" response concedes Belkin's stated fact as a whole: the front of the package included the statements "10000 mAh," "2 USB," and

*"charge up to 3 times*."* *See* Kalra Decl. ¶¶ 4, 6.

| | |
|---|---|
| 5.      The asterisk that appears next to the statement on the front of the package "charge up to 3 times" is explained on the back of the package: "Charges iPhone 7 (running iOS 10) up to 3 times on a single charge in internal testing."<br><br>**Supporting Evidence:** Kalra Decl. ¶¶ 5, 7. | 5.      **Disputed** - the front of the package states "charge up to 3 times*" and the back states, "*Charges iPhone 7 (running iOS 10) up to 3 times on a single charge in internal testing." The later statement does not explain anything. Further, these two statements are false.<br><br>**Supporting Evidence:** Kalra Decl. ¶¶ 5, 7; Ex. C, von Boode Dep. 57:5−15, 57:23-58:10; Ex. D, Norton Dep. II at 25:22−26:11, 32:13−33:25, 37:5−38:10; 45:15−46:23; 54:12-23. |

**Defendant's Reply:**

       This fact is undisputed. Belkin's proposed fact states that "*the asterisk . . . is explained on the back of the package.*" *See supra* (emphasis added). In her response, Miley does not and cannot dispute that the asterisk in front of "Charges iPhone 7 (running iOS 10) up to 3 times on a single charge in internal testing." on the back of the Product's packaging references the asterisk following "charge up to 3x" on the front of the package. Opp., Ex. A, Pecht Decl., ¶ 36 (observing that package contains statement that "this product can charge an iPhone 7 (running IOS 10) up to 3 times"); Kalra Decl. ¶¶ 5, 7 (demonstrating package); Opp, Ex. C, von Boode Dep. 57:5-15 (questioning acknowledging statements on package); Ex. D, Norton Dep. II at 23:11-27:11. Rather, she argues only that the statement on the back of the package does not effectively explain the statement on the front of the package, and that the statements on the front and the back of the package are false. Neither point has any bearing on Undisputed Fact 5.

| | |
|---|---|
| 6.      The front of the packaging of the Product also contained a circle with an image | 6.      **Partially disputed** - the front of the package includes a circle containing a drawing |

SULLIVAN & TRIGGS, LLP<br>ATTORNEYS AT LAW<br>SANTA MONICA

of a cell phone with the lightning bolt indicating it is being charged with a reference to "3x."

**Supporting Evidence:** Complaint ¶22; Kalra Decl. ¶¶4, 6.

of a cell phone with a lightning bolt on its screen. Overlapping the drawing of the cell phone is another circle containing the term "3x." These images do not clearly "indicate[]" anything. Further, to the extent the "3x" refers to the ability of the product to charge a cell phone three times, such a representation is false.

**Supporting Evidence:** Kalra Decl. ¶¶ 4, 6; Ex. C, von Boode Dep. 57:5−15, 57:23-58:10; Ex. D, Norton Dep. II at 25:22−26:11, 32:13−33:25, 37:5−38:10; 45:15−46:23; 54:12-23.

**Defendant's Reply:**

This fact is undisputed. It merely describes an image and statement on the Product's package that Miley has repeatedly referenced as the "charging statement" throughout this litigation. *See, e.g.*, Ex. C, von Boode Dep. 42:24-43:12 (questioning referring to statement and image in question as "charging statement"). Her argument that the Product cannot charge a cell phone up to three times has no bearing on Undisputed Material Fact 6, which merely references the existence of the statement on the Product's package.

| | |
|---|---|
| 7. "mAh" stands for milliampere hours and is a measure of the storage capacity of power banks.<br><br>**Supporting Evidence:** Request for Judicial Notice filed concurrently herewith ("RJN"), attached as Exhibits ("Exs.") to the Declaration of Sheldon Eisenberg as Ex. 1, Ex. 2, Ex. 3, Ex. | 7. **Partially disputed** - "mAh" is an abbreviation for milliampere hours. It is a measure of the output capacity of power banks. The capacity is the maximum amount of mAh output, not the amount of power that can be stored and the unit mAh is the output current integrated over time. Additionally, the RJN |

SULLIVAN & TRIGGS, LLP
ATTORNEYS AT LAW
SANTA MONICA

| | |
|---|---|
| 4, Ex. 5. | and exhibits thereto to which Defendant cites are provided without any expert foundation, constitute hearsay, and are not admissible as evidence.<br><br>**Supporting Evidence:** Ex.A, Expert Report of Dr. Michael Pecht ("Pecht Decl.") ¶¶ 30, 53-57. |

**Defendant's Reply:**

This fact is undisputed. Miley concedes that "mAh" stands for milliampere-hours. *See supra*; *see also* Opp. to Request for Judicial Notice at 6 ("Plaintiff does not dispute that 'mAh' is an abbreviation for milliampere hours."). Her point that it is "a measure of the output capacity of power bank" does not refute Undisputed Material Fact 7, that mAh is also a measure of the storage capacity of power banks. "mAh" is a unit of measurement and can, of course, be used as a measure of different quantities of energy, including a power bank's storage capacity and its rated capacity. *See, e.g.*, Pecht Decl. ¶ 60 ("For the Belkin power bank, the advertised capacity on the front of the packaging is 10000 mAh. However, this advertised capacity is not the capacity that a consumer will get delivered to their device, whether it be a smartphone, a computer, or another device."). Belkin responds to Miley's evidentiary contentions in its Reply in Support of its Request for Judicial Notice, as those contentions have no bearing on this statement of facts.

| | |
|---|---|
| 8. Power banks are portable battery chargers.<br><br>**Supporting Evidence:** Complaint ¶ 4. | 8. **Partially disputed** - Power banks contain batteries, but are not batteries themselves. The evidence cited by Defendant does not say otherwise. Power banks are portable.<br><br>**Supporting Evidence:** Pecht Decl. ¶¶ 25-26. |

**Defendant's Reply:**

This fact is undisputed. Belkin does not state that power banks are portable batteries.

SULLIVAN &
TRIGGS, LLP
ATTORNEYS AT LAW
SANTA MONICA

Rather, it states that power banks are "portable battery chargers." Power banks are portable, contain a battery cell, and charge the batteries of other electronic devices, as Miley's own expert acknowledges. Pecht Decl. ¶ 23 ("A power bank is a portable battery system that is used to provide energy to portable appliances, including laptops, smartphones, and tablets. Underwriters Laboratory (UL) 2056, titled 'Outline of Investigation for Safety of Power Banks' defines a power bank as: 'Also known as portable USB chargers or portable back-up battery power. A standalone, portable power supply with built-in lithium or nickel batteries and dc/dc converter circuitry for mobile use of powering electronic devices through USB or similar universal interfaces' [1].").

| 9. Power banks cannot deliver the full amount of energy they store because some of that energy is used to run the power bank and to convert the energy to a voltage the device being charged can use.<br><br>**Supporting Evidence:** Complaint ¶¶25-28. | 9. **Partially disputed** - the maximum output capacity of Defendant's product will be 74% of the battery cell capacity, and less than this if one considers energy losses due to the energy consumption in the circuitry of the power bank. This loss in the output capacity is caused by stepping up the battery voltage from 3.7 V to 5 V.<br><br>**Supporting Evidence:** Pecht Decl. ¶ 45. |
| --- | --- |

**Defendant's Reply:**

This fact is undisputed. Miley's statement that "the maximum output capacity of Defendant's product will be 74% of the battery cell capacity, and less than this if one considers energy losses" just rephrases Belkin's Undisputed Fact 9 that "[p]ower banks cannot deliver the full amount of energy they store." Miley's explanation of this—"energy losses due to the energy consumption in the circuitry of the power bank . . . caused by stepping up the battery voltage from 3.7 V to 5 V"—is substantively the same as Belkin's explanation, that "some of that energy is used to run the power bank and to convert the energy to a voltage the device being charged can use." Thus, Miley has no basis for disputing, partially or otherwise, Undisputed Material

SULLIVAN &
TRIGGS, LLP
ATTORNEYS AT LAW
SANTA MONICA

| Fact 9. |
| :--- |

| 10.   Power banks can become unstable if the lithium ion batteries they contain are fully discharged.<br><br>**Supporting Evidence:** RJN, Ex. 6, Ex. 7, Ex 10, at pp. 8-9, Ex. 11. | 10.   **Disputed**: All reliable and safe electronic products that use batteries have a battery management system ("BMS") that ensures that a battery is neither overcharged or over discharged. There are thus limits given by cut-off voltages to ensure this, and these cut-off voltages are always used to determine the capacity (the rated capacity given on the battery). The rated capacity is defined by IEC 482-03-15 as the "capacity value of a battery determined under specified conditions and declared by the manufacturer." This means that a battery should deliver the rated (advertised) capacity at the specified testing condition at the beginning of life without any safety or instability issues. Thus, by following the standards, such as IEC 482-03-15, there is no issue of selling a device that would be unsafe using the rated capacity of a battery. Additionally, the RJN and exhibits thereto to which Defendant cites are provided without any expert foundation, constitute hearsay, and are not admissible as evidence.<br><br>**Supporting Evidence:** Pecht Decl. ¶ 57. |

**Defendant's Reply:**

This fact is undisputed. Undisputed Material Fact 10 says a lithium ion battery can become unstable if fully discharged. Miley's response implicitly confirms the point: the battery management system and cut-off voltages Miley discusses exist to ensure that a battery "deliver[s] the rated (advertised) capacity at the specified testing condition at the beginning of life without any safety or instability issues." *See also* Reply ISO Request for Judicial Notice ("Belkin is simply asking the Court to take judicial notice of the fact that lithium-ion batteries are designed in a particular way (limiting full discharge of its battery) in order to prevent the battery from becoming unstable, a matter in which Miley's expert concurs. *See* Judicial Notice Opp. at 10 (citing *Linden's Handbook of Batteries* § 14.5.1).") Miley's statement that "by following the standards . . . there is no issue of selling a device that would be unsafe using the rated capacity of a battery" simply means that lithium ion batteries are safe as long as they are not fully discharged. Belkin responds to Miley's evidentiary contentions in its Reply in Support of its Request for Judicial Notice, as those contentions have no bearing on this statement of facts.

| | |
|---|---|
| 11. Lithium ion batteries are designed to shut off before they are fully discharged.<br><br>**Supporting Evidence:** RJN, Ex. 6, Ex. 8, Ex. 9, Ex. 10, at p. 62. | 11. **Partially disputed**: All reliable and safe electronic products that use batteries have a battery management system ("BMS") that ensures that a battery is neither overcharged or over discharged. There are thus limits given by cut-off voltages to ensure this, and these cut-off voltages are always used to determine the capacity (the rated capacity given on the battery). The rated capacity is defined by IEC 482-03-15 as the "capacity value of a battery determined under specified conditions and declared by the manufacturer." This means that a battery should deliver the rated (advertised) |

SULLIVAN &
TRIGGS, LLP
ATTORNEYS AT LAW
SANTA MONICA

capacity at the specified testing condition at the beginning of life without any safety or instability issues. Thus, by following the standards, such as IEC 482-03-15, there is no issue of selling a device that would be unsafe using the rated capacity of a battery. Additionally, the RJN and exhibits thereto to which Defendant cites are provided without any expert foundation, constitute hearsay, and are not admissible as evidence.

**Supporting Evidence:** Pecht Decl. ¶ 57.

**Defendant's Reply:**

This fact is undisputed. Undisputed Material Fact 11 says "lithium ion batteries are designed to shut off before they are fully discharged." Here, too, Miley's response implicitly confirms the point: the battery management system and cut-off voltages Miley discusses exist to ensure that a battery "deliver[s] the rated (advertised) capacity at the specified testing condition at the beginning of life without any safety or instability issues." *See also* Reply ISO Request for Judicial Notice ("Belkin is simply asking the Court to take judicial notice of the fact that lithium-ion batteries are designed in a particular way (limiting full discharge of its battery) in order to prevent the battery from becoming unstable, a matter in which Miley's expert concurs. *See* Judicial Notice Opp. at 10 (citing *Linden's Handbook of Batteries* § 14.5.1)."). Miley's statement that "by following the standards . . . there is no issue of selling a device that would be unsafe using the rated capacity of a battery" simply means that lithium ion batteries are safe as long as they are not fully discharged and so are designed to shut off before they are fully discharged. Belkin responds to Miley's evidentiary contentions in its Reply in Support of its Request for Judicial Notice, as those contentions have no bearing on this statement of facts.

SULLIVAN & TRIGGS, LLP
ATTORNEYS AT LAW
SANTA MONICA

| THIRD CAUSE OF ACTION – VIOLATION OF CALIFORNIA'S FALSE ADVERTISING LAW | |
|---|---|
| **UNDISPUTED MATERAL FACTS and SUPPORTING EVIDENCE** | **PLAINTIFF'S RESPONSE and SUPPORTING EVIDENCE** |
| 12.    The front of the packaging of the Product that plaintiff Miley bought contained the following language:  10000mAh, 2 USB and "charge up to 3 times*." <br><br> **Supporting Evidence:** Complaint ¶22; Kalra Decl. ¶¶ 4, 6. | 12.    **Partially disputed** - In separate places, the front of the packaging states "10000 mAh," "2 USB," and "charge up to 3 times*." <br><br> **Supporting Evidence:** Kalra Decl. ¶¶ 4, 6. |

**Defendant's Reply:**

This fact is undisputed. Miley's "partially disputed" response concedes Belkin's stated fact as a whole: the front of the package included the statements "10000 mAh," "2 USB," and "charge up to 3 times*." *See* Kalra Decl. ¶¶ 4, 6.

| | |
|---|---|
| 13.    The asterisk that appears next to the statement on the front of the package "charge up to 3 times" is explained on the back of the package: "Charges iPhone 7 (running iOS 10) up to 3 times on a single charge in internal testing." <br><br> **Supporting Evidence:** Kalra Decl. ¶¶ 5, 7. | 13.    **Disputed** - the front of the package states "charge up to 3 times*" and the back states, "*Charges iPhone 7 (running iOS 10) up to 3 times on a single charge in internal testing."  The later statement does not explain anything.  Further, these two statements are false. <br><br> **Supporting Evidence:** Kalra Decl. ¶¶ 5, 7; Ex. C, von Boode Dep. 57:5−15, 57:23-58:10; Ex. D, Norton Dep. II at 25:22−26:11, 32:13−33:25, 37:5−38:10; 45:15−46:23; 54:12-23. |

**Defendant's Reply:**

This fact is undisputed. Belkin's proposed fact states that "*the asterisk . . .* is explained on the back of the package." *See supra* (emphasis added). In her response, Miley does not and cannot dispute that the asterisk in front of "Charges iPhone 7 (running iOS 10) up to 3 times on a single charge in internal testing." on the back of the Product's packaging references the asterisk following "charge up to 3x" on the front of the package. Opp., Ex. A, Pecht Decl., ¶ 36 (observing that package contains statement that "this product can charge an iPhone 7 (running IOS 10) up to 3 times"); Kalra Decl. ¶¶ 5, 7 (demonstrating package); Opp, Ex. C, von Boode Dep. 57:5-15 (questioning acknowledging statements on package); Ex. D, Norton Dep. II at 23:11-27:11. Rather, she argues only that the statement on the back of the package does not effectively explain the statement on the front of the package, and that the statements on the front and the back of the package are false. Neither point has any bearing on Undisputed Fact 13.

| | |
|---|---|
| 14. The front of the packaging of the Product also contained a circle with an image of a cell phone with the lightning bolt indicating it is being charged with a reference to "3x."<br><br>**Supporting Evidence:** Complaint ¶22; Kalra Decl. ¶¶4, 6. | 14. **Partially disputed** - the front of the package includes a circle containing a drawing of a cell phone with a lightning bolt on its screen. Overlapping the drawing of the cell phone is another circle containing the term "3x." These images do not clearly "indicate[]" anything. Further, to the extent the "3x" refers to the ability of the product to charge a cell phone three times, such a representation is false.<br><br>**Supporting Evidence:** Kalra Decl. ¶¶ 4, 6; Ex. C, von Boode Dep. 57:5−15, 57:23-58:10; Ex. D, Norton Dep. II at 25:22−26:11, 32:13−33:25, 37:5−38:10; 45:15−46:23; 54:12-23. |

SULLIVAN &<br>TRIGGS, LLP<br>ATTORNEYS AT LAW<br>SANTA MONICA

**Defendant's Reply:**

This fact is undisputed. It merely describes an image and statement on the Product's package that Miley has repeatedly referenced as the "charging statement" throughout this litigation. *See, e.g.*, Ex. C, von Boode Dep. 42:24-43:12 (questioning referring to statement and image in question as "charging statement"). Her argument that the Product cannot charge a cell phone up to three times has no bearing on Undisputed Material Fact 14, which merely references the existence of the statement on the Product's package.

| | |
|---|---|
| 15.  "mAh" stands for milliampere hours and is a measure of the storage capacity of power banks.<br><br>**Supporting Evidence:**  RJN, Exs. 1, 2, 3, 4, 5. | 15.  **Partially disputed** - "mAh" is an abbreviation for milliampere hours.  It is a measure of the output capacity of power banks. The capacity is the maximum amount of mAh output, not the amount of power that can be stored and the unit mAh is the output current integrated over time.  Additionally, the RJN and exhibits thereto to which Defendant cites are provided without any expert foundation, constitute hearsay, and are not admissible as evidence.<br><br>**Supporting Evidence:** Pecht Decl. ¶¶ 30, 53-57. |

**Defendant's Reply:**

This fact is undisputed. Miley concedes that "mAh" stands for milliampere-hours. *See supra*; *see also* Opp. to Request for Judicial Notice at 6 ("Plaintiff does not dispute that 'mAh' is an abbreviation for milliampere hours."). Her point that it is "a measure of the output capacity of power bank" does not refute Undisputed Material Fact 15, that mAh is also a measure of the storage capacity of power banks. "mAh" is a unit of measurement and can, of course, be used as a measure of different quantities of energy, including a power bank's storage capacity and its

SULLIVAN & TRIGGS, LLP
ATTORNEYS AT LAW
SANTA MONICA

rated capacity. *See, e.g.*, Pecht Decl. ¶ 60 ("For the Belkin power bank, the advertised capacity on the front of the packaging is 10000 mAh. However, this advertised capacity is not the capacity that a consumer will get delivered to their device, whether it be a smartphone, a computer, or another device."). Belkin responds to Miley's evidentiary contentions in its Reply in Support of its Request for Judicial Notice, as those contentions have no bearing on this statement of facts.

| 16. Power banks are portable battery chargers. **Supporting Evidence:** Complaint ¶3. | 16. **Partially disputed** - Power banks contain batteries, but are not batteries themselves. The evidence cited by Defendant does not say otherwise. Power banks are portable. **Supporting Evidence:** Pecht Decl. ¶¶ 25-26. |
| --- | --- |

**Defendant's Reply:**

This fact is undisputed. Belkin does not state that power banks are portable batteries. Rather, it states that power banks are "portable battery chargers." Power banks are portable, contain a battery cell, and charge the batteries of other electronic devices, as Miley's own expert acknowledges. Pecht Decl. ¶ 23 ("A power bank is a portable battery system that is used to provide energy to portable appliances, including laptops, smartphones, and tablets. Underwriters Laboratory (UL) 2056, titled 'Outline of Investigation for Safety of Power Banks' defines a power bank as: 'Also known as portable USB chargers or portable back-up battery power. A standalone, portable power supply with built-in lithium or nickel batteries and dc/dc converter circuitry for mobile use of powering electronic devices through USB or similar universal interfaces' [1].").

| 17. Power banks cannot deliver the full amount of energy they store because some of that energy is used to run the power bank and to convert the energy to a voltage the device being charged can use. | 17. **Partially disputed** - the maximum output capacity of Defendant's product will be 74% of the battery cell capacity, and less than this if one considers energy losses due to the energy consumption in the circuitry of the |
| --- | --- |

| **Supporting Evidence:** Complaint ¶¶25-28. | power bank. This loss in the output capacity is caused by stepping up the battery voltage from 3.7 V to 5 V.<br><br>**Supporting Evidence:** Pecht Decl. ¶ 45. |
|---|---|

**Defendant's Reply:**

This fact is undisputed. Miley's statement that "the maximum output capacity of Defendant's product will be 74% of the battery cell capacity, and less than this if one considers energy losses" just rephrases Belkin's Undisputed Fact 17 that "[p]ower banks cannot deliver the full amount of energy they store." Miley's explanation of this—"energy losses due to the energy consumption in the circuitry of the power bank . . . caused by stepping up the battery voltage from 3.7 V to 5 V"—is substantively the same as Belkin's explanation, that "some of that energy is used to run the power bank and to convert the energy to a voltage the device being charged can use." Thus, Miley has no basis for disputing, partially or otherwise, Undisputed Material Fact 17.

| 18.     Power banks can become unstable if the lithium ion batteries they contain are fully discharged.<br>**Supporting Evidence:** RJN, Ex. 6, Ex. 7, Ex 10, at pp. 8-9, Ex. 11. | 18.     **Disputed**: All reliable and safe electronic products that use batteries have a battery management system ("BMS") that ensures that a battery is neither overcharged or over discharged. There are thus limits given by cut-off voltages to ensure this, and these cut-off voltages are always used to determine the capacity (the rated capacity given on the battery). The rated capacity is defined by IEC 482-03-15 as the "capacity value of a battery determined under specified conditions and declared by the manufacturer." This means that a battery should deliver the rated (advertised) |
|---|---|

| | capacity at the specified testing condition at the beginning of life without any safety or instability issues. Thus, by following the standards, such as IEC 482-03-15, there is no issue of selling a device that would be unsafe using the rated capacity of a battery. Additionally, the RJN and exhibits thereto to which Defendant cites are provided without any expert foundation, constitute hearsay, and are not admissible as evidence. **Supporting Evidence:** Pecht Decl. ¶ 57. |
|---|---|

**Defendant's Reply:**

This fact is undisputed. Undisputed Material Fact 18 says a lithium ion battery can become unstable if fully discharged. Miley's response implicitly confirms the point: the battery management system and cut-off voltages Miley discusses exist to ensure that a battery "deliver[s] the rated (advertised) capacity at the specified testing condition at the beginning of life without any safety or instability issues." *See also* Reply ISO Request for Judicial Notice ("Belkin is simply asking the Court to take judicial notice of the fact that lithium-ion batteries are designed in a particular way (limiting full discharge of its battery) in order to prevent the battery from becoming unstable, a matter in which Miley's expert concurs. *See* Judicial Notice Opp. at 10 (citing *Linden's Handbook of Batteries* § 14.5.1).")." Miley's statement that "by following the standards . . . there is no issue of selling a device that would be unsafe using the rated capacity of a battery" simply means that lithium ion batteries are safe as long as they are not fully discharged. Belkin responds to Miley's evidentiary contentions in its Reply in Support of its Request for Judicial Notice, as those contentions have no bearing on this statement of facts.

| 19.     Lithium ion batteries are designed to shut off before they are fully discharged. | 19.     **Partially disputed**: All reliable and safe electronic products that use batteries have |
|---|---|

| | |
|---|---|
| **Supporting Evidence:** RJN, Ex. 6, Ex. 8, Ex. 9, Ex. 10, at p. 62. | a battery management system ("BMS") that ensures that a battery is neither overcharged or over discharged. There are thus limits given by cut-off voltages to ensure this, and these cut-off voltages are always used to determine the capacity (the rated capacity given on the battery). The rated capacity is defined by IEC 482-03-15 as the "capacity value of a battery determined under specified conditions and declared by the manufacturer." This means that a battery should deliver the rated (advertised) capacity at the specified testing condition at the beginning of life without any safety or instability issues. Thus, by following the standards, such as IEC 482-03-15, there is no issue of selling a device that would be unsafe using the rated capacity of a battery. Additionally, the RJN and exhibits thereto to which Defendant cites are provided without any expert foundation, constitute hearsay, and are not admissible as evidence. **Supporting Evidence:** Pecht Decl. ¶ 57. |

**Defendant's Reply:**

This fact is undisputed. Undisputed Material Fact 19 says "lithium ion batteries are designed to shut off before they are fully discharged." Here, too, Miley's response implicitly confirms the point: the battery management system and cut-off voltages Miley discusses exist to ensure that a battery "deliver[s] the rated (advertised) capacity at the specified testing condition

SULLIVAN & TRIGGS, LLP
ATTORNEYS AT LAW
SANTA MONICA

at the beginning of life without any safety or instability issues." *See also* Reply ISO Request for Judicial Notice ("Belkin is simply asking the Court to take judicial notice of the fact that lithium-ion batteries are designed in a particular way (limiting full discharge of its battery) in order to prevent the battery from becoming unstable, a matter in which Miley's expert concurs. *See* Judicial Notice Opp. at 10 (citing *Linden's Handbook of Batteries* § 14.5.1)."). Miley's statement that "by following the standards . . . there is no issue of selling a device that would be unsafe using the rated capacity of a battery" simply means that lithium ion batteries are safe as long as they are not fully discharged and so are designed to shut off before they are fully discharged. Belkin responds to Miley's evidentiary contentions in its Reply in Support of its Request for Judicial Notice, as those contentions have no bearing on this statement of facts.

| FOURTH CAUSE OF ACTION – VIOLATIONS OF CALIFORNIA UNFAIR AND DECEPTIVE ACTS AND PRACTICES IN VILOATION OF THE CONSUMER LEGAL REMEDIES ACT | |
|---|---|
| **UNDISPUTED MATERAL FACTS and SUPPORTING EVIDENCE** | **PLAINTIFF'S RESPONSE and SUPPORTING EVIDENCE** |
| 20.    The front of the packaging of the Product that Miley bought contained the following language:  10000mAh, 2 USB and "charge up to 3 times*." <br><br> **Supporting Evidence:** Complaint ¶22; Kalra Decl. ¶¶ 4, 6. | 20.    **Partially disputed** - In separate places, the front of the packaging states "10000 mAh," "2 USB," and "charge up to 3 times*." <br><br> **Supporting Evidence:** Kalra Decl. ¶¶ 4, 6. |

**Defendant's Reply:**

This fact is undisputed. Miley's "partially disputed" response concedes Belkin's stated fact as a whole: the front of the package included the statements "10000 mAh," "2 USB," and "charge up to 3 times*." *See* Kalra Decl. ¶¶ 4, 6.

| 21.    The asterisk that appears next to the statement on the front of the package "charge | 21.    **Disputed** - the front of the package states "charge up to 3 times*" and the back |

| | |
|---|---|
| up to 3 times" is explained on the back of the package: "Charges iPhone 7 (running iOS 10) up to 3 times on a single charge in internal testing."<br><br>**Supporting Evidence:** Kalra Decl. ¶¶ 5, 7. | states, "*Charges iPhone 7 (running iOS 10) up to 3 times on a single charge in internal testing." The later statement does not explain anything. Further, these two statements are false.<br><br>**Supporting Evidence:** Kalra Decl. ¶¶ 5, 7; Ex. C, von Boode Dep. 57:5−15, 57:23-58:10; Ex. D, Norton Dep. II at 25:22−26:11, 32:13−33:25, 37:5−38:10; 45:15−46:23; 54:12-23. |

**Defendant's Reply:**

This fact is undisputed. Belkin's proposed fact states that "*the asterisk . . . is explained on the back of the package.*" *See supra* (emphasis added). In her response, Miley does not and cannot dispute that the asterisk in front of "Charges iPhone 7 (running iOS 10) up to 3 times on a single charge in internal testing." on the back of the Product's packaging references the asterisk following "charge up to 3x" on the front of the package. Opp., Ex. A, Pecht Decl., ¶ 36 (observing that package contains statement that "this product can charge an iPhone 7 (running IOS 10) up to 3 times"); Kalra Decl. ¶¶ 5, 7 (demonstrating package); Opp, Ex. C, von Boode Dep. 57:5-15 (questioning acknowledging statements on package); Ex. D, Norton Dep. II at 23:11-27:11. Rather, she argues only that the statement on the back of the package does not effectively explain the statement on the front of the package, and that the statements on the front and the back of the package are false. Neither point has any bearing on Undisputed Fact 21.

| | |
|---|---|
| 22.    The front of the packaging of the Product also contained a circle with an image of a cell phone with the lightning bolt indicating it is being charged with a reference to "3x." | 22.    **Partially disputed** - the front of the package includes a circle containing a drawing of a cell phone with a lightning bolt on its screen. Overlapping the drawing of the cell phone is another circle containing the term |

BELKIN'S SEPARATE STATEMENT ISO REPLY TO PLAINTIFF'S RESPONSE
Case No. 20STCV00033

SULLIVAN & TRIGGS, LLP
ATTORNEYS AT LAW
SANTA MONICA

| | |
|---|---|
| **Supporting Evidence:** Complaint ¶22; Kalra Decl. ¶¶4, 6. | "3x." These images do not clearly "indicate[]" anything. Further, to the extent the "3x" refers to the ability of the product to charge a cell phone three times, such a representation is false.<br><br>**Supporting Evidence:** Kalra Decl. ¶¶ 4, 6; Ex. C, von Boode Dep. 57:5−15, 57:23-58:10; Ex. D, Norton Dep. II at 25:22−26:11, 32:13−33:25, 37:5−38:10; 45:15−46:23; 54:12-23. |

**Defendant's Reply:**

This fact is undisputed. It merely describes an image and statement on the Product's package that Miley has repeatedly referenced as the "charging statement" throughout this litigation. *See, e.g.*, Ex. C, von Boode Dep. 42:24-43:12 (questioning referring to statement and image in question as "charging statement"). Her argument that the Product cannot charge a cell phone up to three times has no bearing on Undisputed Material Fact 22, which merely references the existence of the statement on the Product's package.

| | |
|---|---|
| 23.     "mAh" stands for milliampere hours and is a measure of the storage capacity of power banks.<br>**Supporting Evidence:** RJN, Ex. 1, Ex. 2, Ex. 3, Ex. 4, Ex. 5. | 23.     **Partially disputed** - "mAh" is an abbreviation for milliampere hours. It is a measure of the output capacity of power banks. The capacity is the maximum amount of mAh output, not the amount of power that can be stored and the unit mAh is the output current integrated over time. Additionally, the RJN and exhibits thereto to which Defendant cites are provided without any expert foundation, constitute hearsay, and are not admissible as |

| | evidence. |
|---|---|
| | **Supporting Evidence:** Expert Report of Dr. Michael Pecht ("Pecht Decl.") (annexed as Exhibit A to the Declaration of William Cash III) ¶¶ 30, 53-57. |

**Defendant's Reply:**

This fact is undisputed. Miley concedes that "mAh" stands for milliampere-hours. *See supra*; *see also* Opp. to Request for Judicial Notice at 6 ("Plaintiff does not dispute that 'mAh' is an abbreviation for milliampere hours."). Her point that it is "a measure of the output capacity of power bank" does not refute Undisputed Material Fact 23, that mAh is also a measure of the storage capacity of power banks. "mAh" is a unit of measurement and can, of course, be used as a measure of different quantities of energy, including a power bank's storage capacity and its rated capacity. *See, e.g.*, Pecht Decl. ¶ 60 ("For the Belkin power bank, the advertised capacity on the front of the packaging is 10000 mAh. However, this advertised capacity is not the capacity that a consumer will get delivered to their device, whether it be a smartphone, a computer, or another device."). Belkin responds to Miley's evidentiary contentions in its Reply in Support of its Request for Judicial Notice, as those contentions have no bearing on this statement of facts.

| 24.    Power banks are portable battery chargers. | 24.    **Partially disputed** - Power banks contain batteries, but are not batteries themselves.  The evidence cited by Defendant does not say otherwise.  Power banks are portable. |
|---|---|
| **Supporting Evidence:** Complaint ¶3. | **Supporting Evidence:** Pecht Decl. ¶¶ 25-26. |

**Defendant's Reply:**

This fact is undisputed. Belkin does not state that power banks are portable batteries. Rather, it states that power banks are "portable battery chargers." Power banks are portable, contain a battery cell, and charge the batteries of other electronic devices, as Miley's own expert acknowledges. Pecht Decl. ¶ 23 ("A power bank is a portable battery system that is used to provide energy to portable appliances, including laptops, smartphones, and tablets. Underwriters Laboratory (UL) 2056, titled 'Outline of Investigation for Safety of Power Banks' defines a power bank as: 'Also known as portable USB chargers or portable back-up battery power. A standalone, portable power supply with built-in lithium or nickel batteries and dc/dc converter circuitry for mobile use of powering electronic devices through USB or similar universal interfaces' [1].").

| | |
|---|---|
| 25. Power banks cannot deliver the full amount of energy they store because some of that energy is used to run the power bank and to convert the energy to a voltage the device being charged can use. **Supporting Evidence:** Complaint ¶¶25-28. | 25. **Partially disputed** - the maximum output capacity of Defendant's product will be 74% of the battery cell capacity, and less than this if one considers energy losses due to the energy consumption in the circuitry of the power bank. This loss in the output capacity is caused by stepping up the battery voltage from 3.7 V to 5 V. **Supporting Evidence:** Pecht Decl. ¶ 45. |

**Defendant's Reply:**

This fact is undisputed. Miley's statement that "the maximum output capacity of Defendant's product will be 74% of the battery cell capacity, and less than this if one considers energy losses" just rephrases Belkin's Undisputed Fact 25 that "[p]ower banks cannot deliver the full amount of energy they store." Miley's explanation of this—"energy losses due to the energy consumption in the circuitry of the power bank . . . caused by stepping up the battery voltage from 3.7 V to 5 V"—is substantively the same as Belkin's explanation, that "some of that energy

is used to run the power bank and to convert the energy to a voltage the device being charged can use." Thus, Miley has no basis for disputing, partially or otherwise, Undisputed Material Fact 25.

| 26. Power banks can become unstable if the lithium ion batteries they contain are fully discharged.<br><br>**Supporting Evidence:** RJN, Ex. 6, Ex. 7, Ex 10, at pp. 8-9, Ex. 11. | 26. **Disputed**: All reliable and safe electronic products that use batteries have a battery management system ("BMS") that ensures that a battery is neither overcharged or over discharged. There are thus limits given by cut-off voltages to ensure this, and these cut-off voltages are always used to determine the capacity (the rated capacity given on the battery). The rated capacity is defined by IEC 482-03-15 as the "capacity value of a battery determined under specified conditions and declared by the manufacturer." This means that a battery should deliver the rated (advertised) capacity at the specified testing condition at the beginning of life without any safety or instability issues. Thus, by following the standards, such as IEC 482-03-15, there is no issue of selling a device that would be unsafe using the rated capacity of a battery. Additionally, the RJN and exhibits thereto to which Defendant cites are provided without any expert foundation, constitute hearsay, and are not admissible as evidence.<br><br>**Supporting Evidence:** Pecht Decl. ¶ 57. |

SULLIVAN & TRIGGS, LLP
ATTORNEYS AT LAW
SANTA MONICA

**Defendant's Reply:**

This fact is undisputed. Undisputed Material Fact 26 says a lithium ion battery can become unstable if fully discharged. Miley's response implicitly confirms the point: the battery management system and cut-off voltages Miley discusses exist to ensure that a battery "deliver[s] the rated (advertised) capacity at the specified testing condition at the beginning of life without any safety or instability issues." *See also* Reply ISO Request for Judicial Notice ("Belkin is simply asking the Court to take judicial notice of the fact that lithium-ion batteries are designed in a particular way (limiting full discharge of its battery) in order to prevent the battery from becoming unstable, a matter in which Miley's expert concurs. *See* Judicial Notice Opp. at 10 (citing *Linden's Handbook of Batteries* § 14.5.1)."). Miley's statement that "by following the standards . . . there is no issue of selling a device that would be unsafe using the rated capacity of a battery" simply means that lithium ion batteries are safe as long as they are not fully discharged. Belkin responds to Miley's evidentiary contentions in its Reply in Support of its Request for Judicial Notice, as those contentions have no bearing on this statement of facts.

| 27. Lithium ion batteries are designed to shut off before they are fully discharged.<br><br>**Supporting Evidence:** RJN, Ex. 6, Ex. 8, Ex. 9, Ex. 10, at p. 62. | 27. **Partially disputed**: All reliable and safe electronic products that use batteries have a battery management system ("BMS") that ensures that a battery is neither overcharged or over discharged. There are thus limits given by cut-off voltages to ensure this, and these cut-off voltages are always used to determine the capacity (the rated capacity given on the battery). The rated capacity is defined by IEC 482-03-15 as the "capacity value of a battery determined under specified conditions and declared by the manufacturer." This means that a battery should deliver the rated (advertised) |

SULLIVAN & TRIGGS, LLP
ATTORNEYS AT LAW
SANTA MONICA

|  | capacity at the specified testing condition at the beginning of life without any safety or instability issues. Thus, by following the standards, such as IEC 482-03-15, there is no issue of selling a device that would be unsafe using the rated capacity of a battery. Additionally, the RJN and exhibits thereto to which Defendant cites are provided without any expert foundation, constitute hearsay, and are not admissible as evidence. |
|--|--|
|  | **Supporting Evidence:** Pecht Decl. ¶ 57. |

**Defendant's Reply:**

This fact is undisputed. Undisputed Material Fact 27 says "lithium ion batteries are designed to shut off before they are fully discharged." Here, too, Miley's response implicitly confirms the point: the battery management system and cut-off voltages Miley discusses exist to ensure that a battery "deliver[s] the rated (advertised) capacity at the specified testing condition at the beginning of life without any safety or instability issues." *See also* Reply ISO Request for Judicial Notice ("Belkin is simply asking the Court to take judicial notice of the fact that lithium-ion batteries are designed in a particular way (limiting full discharge of its battery) in order to prevent the battery from becoming unstable, a matter in which Miley's expert concurs. *See* Judicial Notice Opp. at 10 (citing *Linden's Handbook of Batteries* § 14.5.1)."). Miley's statement that "by following the standards . . . there is no issue of selling a device that would be unsafe using the rated capacity of a battery" simply means that lithium ion batteries are safe as long as they are not fully discharged and so are designed to shut off before they are fully discharged. Belkin responds to Miley's evidentiary contentions in its Reply in Support of its Request for Judicial Notice, as those contentions have no bearing on this statement of facts.

| FIFTH CAUSE OF ACTION –<br>VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION ACT | |
|---|---|
| **UNDISPUTED MATERAL FACTS and<br>SUPPORTING EVIDENCE** | **PLAINTIFF'S RESPONSE and<br>SUPPORTING EVIDENCE** |
| 28.    The front of the packaging of the Product that Miley bought contained the following language:  10000mAh, 2 USB and "charge up to 3 times*."<br><br>**Supporting Evidence:** Complaint ¶22; Kalra Decl. ¶¶ 4, 6. | 28.    **Partially disputed** - In separate places, the front of the packaging states "10000 mAh," "2 USB," and "charge up to 3 times*."<br><br>**Supporting Evidence:** Kalra Decl. ¶¶ 4, 6. |

**Defendant's Reply:**

        This fact is undisputed. Miley's "partially disputed" response concedes Belkin's stated fact as a whole: the front of the package included the statements "10000 mAh," "2 USB," and "charge up to 3 times*." *See* Kalra Decl. ¶¶ 4, 6.

| 29.    The asterisk that appears next to the statement on the front of the package "charge up to 3 times" is explained on the back of the package: "Charges iPhone 7 (running iOS 10) up to 3 times on a single charge in internal testing."<br><br>**Supporting Evidence:** Kalra Decl. ¶¶ 5, 7. | 29.    **Disputed** - the front of the package states "charge up to 3 times*" and the back states, "*Charges iPhone 7 (running iOS 10) up to 3 times on a single charge in internal testing."  The later statement does not explain anything.  Further, these two statements are false.<br><br>**Supporting Evidence:** Kalra Decl. ¶¶ 5, 7; Ex. C, von Boode Dep. 57:5−15, 57:23-58:10; Ex. D, Norton Dep. II at 25:22−26:11, 32:13−33:25,    37:5−38:10;    45:15−46:23; 54:12-23. |

**Defendant's Reply:**

This fact is undisputed. Belkin's proposed fact states that "*the asterisk . . . is explained on the back of the package.*" *See supra* (emphasis added). In her response, Miley does not and cannot dispute that the asterisk in front of "Charges iPhone 7 (running iOS 10) up to 3 times on a single charge in internal testing." on the back of the Product's packaging references the asterisk following "charge up to 3x" on the front of the package. Opp., Ex. A, Pecht Decl., ¶ 36 (observing that package contains statement that "this product can charge an iPhone 7 (running IOS 10) up to 3 times"); Kalra Decl. ¶¶ 5, 7 (demonstrating package); Opp, Ex. C, von Boode Dep. 57:5-15 (questioning acknowledging statements on package); Ex. D, Norton Dep. II at 23:11-27:11. Rather, she argues only that the statement on the back of the package does not effectively explain the statement on the front of the package, and that the statements on the front and the back of the package are false. Neither point has any bearing on Undisputed Fact 29.

| | |
|---|---|
| 30.     The front of the packaging of the Product also contained a circle with an image of a cell phone with the lightning bolt indicating it is being charged with a reference to "3x."<br><br>**Supporting Evidence:** Complaint ¶22; Kalra Decl. ¶¶4, 6. | 30.     **Partially disputed** - the front of the package includes a circle containing a drawing of a cell phone with a lightning bolt on its screen.  Overlapping the drawing of the cell phone is another circle containing the term "3x."  These images do not clearly "indicate[]" anything.  Further, to the extent the "3x" refers to the ability of the product to charge a cell phone three times, such a representation is false.<br><br>**Supporting Evidence:** Kalra Decl. ¶¶ 4, 6; Ex. C, von Boode Dep. 57:5−15, 57:23-58:10; Ex. D, Norton Dep. II at 25:22−26:11, 32:13−33:25,     37:5−38:10;     45:15−46:23; 54:12-23. |

SULLIVAN &
TRIGGS, LLP
ATTORNEYS AT LAW
SANTA MONICA

28

BELKIN'S SEPARATE STATEMENT ISO REPLY TO PLAINTIFF'S RESPONSE
Case No. 20STCV00033

**Defendant's Reply:**

This fact is undisputed. It merely describes an image and statement on the Product's package that Miley has repeatedly referenced as the "charging statement" throughout this litigation. *See, e.g.*, Ex. C, von Boode Dep. 42:24-43:12 (questioning referring to statement and image in question as "charging statement"). Her argument that the Product cannot charge a cell phone up to three times has no bearing on Undisputed Material Fact 30, which merely references the existence of the statement on the Product's package.

| | |
|---|---|
| 31. "mAh" stands for milliampere hours and is a measure of the storage capacity of power banks.<br><br>**Supporting Evidence:** RJN, Ex. 1, Ex. 2, Ex. 3, Ex. 4, Ex. 5. | 31. **Partially disputed** - "mAh" is an abbreviation for milliampere hours. It is a measure of the output capacity of power banks. The capacity is the maximum amount of mAh output, not the amount of power that can be stored and the unit mAh is the output current integrated over time. Additionally, the RJN and exhibits thereto to which Defendant cites are provided without any expert foundation, constitute hearsay, and are not admissible as evidence.<br><br>**Supporting Evidence:** Expert Report of Dr. Michael Pecht ("Pecht Decl.") (annexed as Exhibit A to the Declaration of William Cash III) ¶¶ 30, 53-57. |

**Defendant's Reply:**

This fact is undisputed. Miley concedes that "mAh" stands for milliampere-hours. *See supra*; *see also* Opp. to Request for Judicial Notice at 6 ("Plaintiff does not dispute that 'mAh' is an abbreviation for milliampere hours."). Her point that it is "a measure of the output capacity of power bank" does not refute Undisputed Material Fact 31, that mAh is also a measure of the

SULLIVAN & TRIGGS, LLP
ATTORNEYS AT LAW
SANTA MONICA

storage capacity of power banks. "mAh" is a unit of measurement and can, of course, be used as a measure of different quantities of energy, including a power bank's storage capacity and its rated capacity. *See, e.g.*, Pecht Decl. ¶ 60 ("For the Belkin power bank, the advertised capacity on the front of the packaging is 10000 mAh. However, this advertised capacity is not the capacity that a consumer will get delivered to their device, whether it be a smartphone, a computer, or another device."). Belkin responds to Miley's evidentiary contentions in its Reply in Support of its Request for Judicial Notice, as those contentions have no bearing on this statement of facts.

| 32. Power banks are portable battery chargers.<br><br>**Supporting Evidence:** Complaint ¶3. | 32. **Partially disputed** - Power banks contain batteries, but are not batteries themselves. The evidence cited by Defendant does not say otherwise. Power banks are portable.<br><br>**Supporting Evidence:** Pecht Decl. ¶¶ 25-26. |
|---|---|

**Defendant's Reply:**

This fact is undisputed. Belkin does not state that power banks are portable batteries. Rather, it states that power banks are "portable battery chargers." Power banks are portable, contain a battery cell, and charge the batteries of other electronic devices, as Miley's own expert acknowledges. Pecht Decl. ¶ 23 ("A power bank is a portable battery system that is used to provide energy to portable appliances, including laptops, smartphones, and tablets. Underwriters Laboratory (UL) 2056, titled 'Outline of Investigation for Safety of Power Banks' defines a power bank as: 'Also known as portable USB chargers or portable back-up battery power. A standalone, portable power supply with built-in lithium or nickel batteries and dc/dc converter circuitry for mobile use of powering electronic devices through USB or similar universal interfaces' [1].").

| 33. Power banks cannot deliver the full amount of energy they store because some of that energy is used to run the power bank and | 33. **Partially disputed** - the maximum output capacity of Defendant's product will be 74% of the battery cell capacity, and less than |
|---|---|

SULLIVAN &<br>TRIGGS, LLP<br>ATTORNEYS AT LAW<br>SANTA MONICA

| to convert the energy to a voltage the device being charged can use. **Supporting Evidence:** Complaint ¶¶25-28. | this if one considers energy losses due to the energy consumption in the circuitry of the power bank. This loss in the output capacity is caused by stepping up the battery voltage from 3.7 V to 5 V. <u>**Supporting Evidence:**</u> Pecht Decl. ¶ 45 |

**Defendant's Reply:**

This fact is undisputed. Miley's statement that "the maximum output capacity of Defendant's product will be 74% of the battery cell capacity, and less than this if one considers energy losses" just rephrases Belkin's Undisputed Fact 33. that "[p]ower banks cannot deliver the full amount of energy they store." Miley's explanation of this—"energy losses due to the energy consumption in the circuitry of the power bank . . . caused by stepping up the battery voltage from 3.7 V to 5 V"—is substantively the same as Belkin's explanation, that "some of that energy is used to run the power bank and to convert the energy to a voltage the device being charged can use." Thus, Miley has no basis for disputing, partially or otherwise, Undisputed Material Fact 33.

| 34.    Power banks can become unstable if the lithium ion batteries they contain are fully discharged. **Supporting Evidence:** RJN, Ex. 6, Ex. 7, Ex 10, at pp. 8-9, Ex. 11. | 34.    **Disputed**: All reliable and safe electronic products that use batteries have a battery management system ("BMS") that ensures that a battery is neither overcharged or over discharged. There are thus limits given by cut-off voltages to ensure this, and these cut-off voltages are always used to determine the capacity (the rated capacity given on the battery). The rated capacity is defined by IEC 482-03-15 as the "capacity value of a battery determined under specified conditions and |

SULLIVAN & TRIGGS, LLP
Attorneys At Law
Santa Monica

declared by the manufacturer." This means that a battery should deliver the rated (advertised) capacity at the specified testing condition at the beginning of life without any safety or instability issues. Thus, by following the standards, such as IEC 482-03-15, there is no issue of selling a device that would be unsafe using the rated capacity of a battery. Additionally, the RJN and exhibits thereto to which Defendant cites are provided without any expert foundation, constitute hearsay, and are not admissible as evidence.

**Supporting Evidence:** Pecht Decl. ¶ 57.

**Defendant's Reply:**

This fact is undisputed. Undisputed Material Fact 34 says a lithium ion battery can become unstable if fully discharged. Miley's response implicitly confirms the point: the battery management system and cut-off voltages Miley discusses exist to ensure that a battery "deliver[s] the rated (advertised) capacity at the specified testing condition at the beginning of life without any safety or instability issues." *See also* Reply ISO Request for Judicial Notice ("Belkin is simply asking the Court to take judicial notice of the fact that lithium-ion batteries are designed in a particular way (limiting full discharge of its battery) in order to prevent the battery from becoming unstable, a matter in which Miley's expert concurs. *See* Judicial Notice Opp. at 10 (citing *Linden's Handbook of Batteries* § 14.5.1).". Miley's statement that "by following the standards . . . there is no issue of selling a device that would be unsafe using the rated capacity of a battery" simply means that lithium ion batteries are safe as long as they are not fully discharged. Belkin responds to Miley's evidentiary contentions in its Reply in Support of its Request for Judicial Notice, as those contentions have no bearing on this statement of facts.

| | |
|---|---|
| 35.    Lithium ion batteries are designed to shut off before they are fully discharged.<br><br>**Supporting Evidence:** RJN, Ex. 6, Ex. 8, Ex. 9, Ex. 10, at p. 62. | 35.    **Partially disputed**: All reliable and safe electronic products that use batteries have a battery management system ("BMS") that ensures that a battery is neither overcharged or over discharged. There are thus limits given by cut-off voltages to ensure this, and these cut-off voltages are always used to determine the capacity (the rated capacity given on the battery). The rated capacity is defined by IEC 482-03-15 as the "capacity value of a battery determined under specified conditions and declared by the manufacturer." This means that a battery should deliver the rated (advertised) capacity at the specified testing condition at the beginning of life without any safety or instability issues. Thus, by following the standards, such as IEC 482-03-15, there is no issue of selling a device that would be unsafe using the rated capacity of a battery. Additionally, the RJN and exhibits thereto to which Defendant cites are provided without any expert foundation, constitute hearsay, and are not admissible as evidence.<br><br>**Supporting Evidence:** Pecht Decl. ¶ 57. |

SULLIVAN & TRIGGS, LLP
ATTORNEYS AT LAW
SANTA MONICA

**Defendant's Reply:**

This fact is undisputed. Undisputed Material Fact 35 says "lithium ion batteries are designed to shut off before they are fully discharged." Here, too, Miley's response implicitly confirms the point: the battery management system and cut-off voltages Miley discusses exist to ensure that a battery "deliver[s] the rated (advertised) capacity at the specified testing condition at the beginning of life without any safety or instability issues." *See also* Reply ISO Request for Judicial Notice ("Belkin is simply asking the Court to take judicial notice of the fact that lithium-ion batteries are designed in a particular way (limiting full discharge of its battery) in order to prevent the battery from becoming unstable, a matter in which Miley's expert concurs. *See* Judicial Notice Opp. at 10 (citing *Linden's Handbook of Batteries* § 14.5.1)."). Miley's statement that "by following the standards . . . there is no issue of selling a device that would be unsafe using the rated capacity of a battery" simply means that lithium ion batteries are safe as long as they are not fully discharged and so are designed to shut off before they are fully discharged. Belkin responds to Miley's evidentiary contentions in its Reply in Support of its Request for Judicial Notice, as those contentions have no bearing on this statement of facts.

Date: August 11, 2021

Respectfully submitted,
SULLIVAN & TRIGGS, LLP

By: _____

Sheldon Eisenberg
Gillian Kuhlmann
Nairi Shirinian

Attorneys for Defendant
BELKIN INTERNATIONAL, INC.

SULLIVAN &
TRIGGS, LLP
ATTORNEYS AT LAW
SANTA MONICA

34

BELKIN'S SEPARATE STATEMENT ISO REPLY TO PLAINTIFF'S RESPONSE
Case No. 20STCV00033

1

## **PROOF OF SERVICE**

2

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

3

4

      I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Sullivan & Triggs, LLP, 1230 Montana Avenue, Suite 201, Santa Monica, California 90403.

5

6

7

8

      On **August 11, 2021**, I served the foregoing document described as **DEFENDANT BELKIN INTERNATIONAL, INC.'S SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF ITS REPLY TO PLAINTIFF'S RESPONSES TO DEFENDANT'S SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS AND SEPARATE COUNTER-STATEMENT OF UNDISPUTED MATERIAL FACTS** on the interested parties in this action by transmitting a copy as follows:

9

See Attached Service List

10

  X   **By ELECTRONIC SERVICE** (I electronically served the foregoing with the Case Anywhere system which will send notification of such filing to counsel denoted on the attached Service List.)

11

12

      **By PERSONAL SERVICE**

13

      by personally delivering such envelope to the addressee.

14

      by causing such envelope to be delivered by messenger to the office of the addressee.

15

16

17

18

      **By UNITED STATES MAIL** (I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.)

19

20

      **By OVERNIGHT DELIVERY** (by causing such envelope to be delivered to the office of the addressee by overnight delivery via Federal Express or by other similar overnight delivery service.)

21

      **By FAX TRANSMISSION**

22

  X   (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

23

24

      (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

25

Executed on **August 11, 2021**, at Santa Monica, California.

26

27

| _____Shella Anderson_____ | \_\_\_\_\_*Shella Anderson*\_\_\_\_\_ |
|---|---|
| Name | Signature |

28

1

Service List

| Nathan M. Smith (Ca. Bar No. 255212)<br>Nona Yegazarian (Ca. Bar No. 316458)<br>**BROWN NERI SMITH & KHAN LLP**<br>11601 Wilshire Boulevard, Suite 2080<br>Los Angeles, California 90025<br>Phone: 310-593-9890<br>Fax: 310-593-9980<br>Email: nate@bnsklaw.com<br>Email: nona@bnsklaw.com<br><br>D. Greg Blankinship<br>**FINKELSTEIN, BLANKINSHIP,**<br>  **FREI-PEARSON & GARBER, LLP**<br>445 Hamilton Ave, Suite 605<br>White Plains, NY 10601<br>Phone: 914-298-3290<br>Email: gblankinship@fbfglaw.com<br><br>William F. Cash<br>Matthew D. Schultz<br>Brenton J. Goodman<br>**LEVIN, PAPANTONIO, THOMAS,**<br>  **MITCHELL, RAFFERTY &**<br>  **PROCTOR, P.A.**<br>316 South Baylen Street, Suite 600<br>Pensacola, FL 32502<br>Phone: 850-435-7059<br>Fax: 850-435-7020<br>Email: bcash@levinlaw.com<br>Email: mschultz@levinlaw.com<br>Email: bgoodman@levinlaw.com | Attorneys for Plaintiff Lenore Miley |
| --- | --- |

2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

SULLIVAN &
TRIGGS, LLP
ATTORNEYS AT LAW
SANTA MONICA

DEFENDANT BELKIN INTERNATIONAL, INC.'S SEPARATE STATEMENT ISO MOTION FOR SUMMARY JUDGMENT

1   SHELDON EISENBERG (SBN 100626)
    seisenberg@sullivantriggs.com
2   GILLIAN KUHLMANN (SBN 316241)
    gkuhlmann@sullivantriggs.com
3   NAIRI SHIRINIAN (SBN 335909)
    nshirinian@sullivantriggs.com
4   Sullivan & Triggs, LLP
    1230 Montana Avenue, Suite 201
5   Santa Monica, California 90403
    Telephone:(310) 451-8300
6   Facsimile:(310) 451-8303

7   Attorneys for Defendant
    BELKIN INTERNATIONAL, INC.

8

9

    **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10

    **FOR THE COUNTY OF LOS ANGELES**

11

12

13  LENORE MILEY, individually and on behalf    Case No. 20STCV00033
    of all others similarly situated,

14              Plaintiff,                        **DEFENDANT BELKIN
                                                  INTERNATIONAL, INC.'S OBJECTIONS
15  v.                                            TO EVIDENCE SUBMITTED IN
                                                  OPPOSITION TO ITS MOTION FOR
16  BELKIN INTERNATIONAL, INC.,                   SUMMARY JUDGMENT OR IN THE
                                                  ALTERNATIVE SUMMARY
17              Defendant.                         ADJUDICATION AND FOR A
                                                  DETERMINATION PURSUANT TO
18                                                CIVIL CODE § 1781(c)(3) THAT THE
                                                  FOURTH CAUSE OF ACTION IS
19                                                WITHOUT MERIT**

20                                                *[Filed concurrently with Belkin's Reply ISO
                                                  Motion for Summary Judgment, Reply ISO
21                                                Separate Statement of Undisputed Facts, and
                                                  Reply ISO Judicial Notice]*

22
                                                  Judge:    Hon. Carolyn B. Kuhl
23                                                Dept.:    12

24                                                Complaint Filed: January 2, 2020

25                                                Hearing Date:  Aug. 26, 2021
                                                  Time:           1:45 pm
26                                                Dept:           12

27

28  / / /

SULLIVAN &
TRIGGS, LLP
ATTORNEYS AT LAW
SANTA MONICA

1    Pursuant to Code of Civil Procedure Section 437c, subdivision (b)(4) and California Rules

2    of Court, Rule 3.1354, Defendant BELKIN INTERNATIONAL, INC. (hereinafter "Belkin")

3    respectfully submits these objections to evidence submitted in opposition of its Motion for

4    Summary Judgment or in the Alternative Summary Adjudication and for a Determination pursuant

5    to Civil Code § 1781(c)(3) that the Fourth Cause of Action is Without Merit.

6    **I.    BELKIN'S OBJECTIONS TO PLAINTIFFS' EVIDENCE**

7    A party opposing summary judgment may use declarations by an expert to raise a triable

8    issue of material fact "provided the requirements for admissibility are established as if the expert

9    was testifying at trial." *Towns v. Davidson*, 147 Cal. App. 4th 461, 472 (2007). "The same rules of

10   evidence that apply at trial also apply to the declarations submitted in support of and in opposition

11   to motions for summary judgment." *Bozzi v. Nordstrom, Inc.*, 186 Cal. App. 4th 755, 760 (2010).

12   Expert declarations must show that the declarant has personal knowledge and competency to testify,

13   must state facts (not just conclusions), and must not include inadmissible hearsay or opinion. *Bozzi*,

14   186 Cal. App. 4th at 761. Though an expert's testimony "may embrace an ultimate factual issue

15   (Evid. Code, § 805), it may not contain legal conclusions." *Id.* Further, an expert's testimony is

16   limited to opinions that are within the scope of their expertise. *See Putensen v. Clay Adams, Inc.*,

17   12 Cal. App. 3d 1062, 1080-81 (1970) (finding that court did not abuse its discretion in sustaining

18   objection to expert testifying to something outside scope of their expertise). Experts must rely on

19   matters that "can provide a reasonable basis for the opinion," and as such, opinions based on

20   speculation or conjecture are inadmissible. *Sargon Enterprises, Inc. v. University of Southern*

21   *California*, 55 Cal. 4th 747, 770, 772 (2012).

22   Belkin respectfully requests that the Court sustain its objections to Dr. Michael G. Pecht's

23   declaration on the grounds that it contains inadmissible evidence including opinions based on

24   speculation, factual conclusions lacking in foundation, improper legal conclusions, misleading

25   testimony, and inadmissible hearsay. The specific evidentiary objections are outlined below.

26   / / /

27   / / /

28   / / /

SULLIVAN &
TRIGGS, LLP
ATTORNEYS AT LAW
SANTA MONICA

## II. OBJECTIONS TO DECL. OF MICHAEL G. PECHT

| Material Objected to: | Grounds for Objection: | Ruling on the Objection: |
|---|---|---|
| **1. Declaration of Michael G. Pecht ("Pecht Decl.") ¶ 24**<br><br>"As a result, many consumers opt for power banks to enable them to charge their devices portably." | Lack of Personal Knowledge (Evid. Code §702(a)); Speculation (Evid. Code § 702); Lacks Foundation (Evid. Code § 403); Improper Opinion (Evid. Code §§ 801, 803); Misleading and Argumentative (Evid. Code § 352) | Sustained: ☐<br><br>Overruled: ☐<br><br>_____<br>Judge |
| **2. Pecht Decl. ¶ 30, n.1**<br><br>"Belkin apparently understood [that rated capacity is what can actually be delivered], because they didn't use the cell capacity in their calculation to determine how many times they could charge an iPhone 7." | Lack of Personal Knowledge (Evid. Code §702(a)); Speculation (Evid. Code § 702); Lacks Foundation (Evid. Code § 403); Improper Opinion (Evid. Code §§ 801, 803); Misleading and Argumentative (Evid. Code § 352); Irrelevant (Evid. Code . §350) | Sustained: ☐<br><br>Overruled: ☐<br><br>_____<br>Judge |
| **3. Pecht Decl. ¶ 32**<br><br>"This statement is not in accordance with accepted definitions or standards." | Lacks Foundation (Evid. Code § 403); Irrelevant (Evid. Code . §350) | Sustained: ☐<br><br>Overruled: ☐<br><br>_____<br>Judge |
| **4. Pecht Decl. ¶ 34**<br><br>"In other words, the power bank capacity per this definition is not a theoretical battery capacity, but a standard definition of output capacity at the USB port." | Lacks Foundation (Evid. Code § 403); Misleading and Argumentative (Evid. Code § 352); | Sustained: ☐<br><br>Overruled: ☐<br><br>_____<br>Judge |
| **5. Pecht Decl. ¶ 34**<br><br>"Customers depend on the power bank manufacturer to provide accurate capacity information of the power bank." | Lack of Personal Knowledge (Evid. Code §702(a)); Speculation (Evid. Code § 702); Lacks Foundation (Evid. Code § 403); Improper Opinion (Evid. Code §§ 801, 803); Misleading and Argumentative (Evid. Code § 352) | Sustained: ☐<br><br>Overruled: ☐<br><br>_____<br>Judge |

| Material Objected to: | Grounds for Objection: | Ruling on the Objection: |
|---|---|---|
| **6.   Pecht Decl. ¶ 35**<br><br>"An example where the power bank capacity is specified properly and would be in accordance to UL Standard 2056, is shown in Figure 6 below, with English translations [7]. This manufacturer states the capacity of the power bank to be 16000 mAh at 3.6 V, and 10200 mAh at 5.1 V. The capacity '10200 mAh at 5.1 V' considers the power loss caused by the voltage conversion circuitry." | Lacks Foundation (Evid. Code § 403); Misleading and Argumentative (Evid. Code § 352); | Sustained: ☐<br><br>Overruled: ☐<br><br>_____<br>Judge |
| **7.   Pecht Decl. ¶ 36**<br><br>"This wording declares that the power bank will deliver 10000 mAh of capacity." | Speculation (Evid. Code § 702); Lacks Foundation (Evid. Code § 403); Improper Opinion (Evid. Code §§801, 803); Misleading and Argumentative (Evid. Code § 352) | Sustained: ☐<br><br>Overruled: ☐<br><br>_____<br>Judge |
| **8.   Pecht Decl. ¶ 37**<br><br>"However, there is no wording on the package that gives this definition and there is no reason for a consumer to think that the capacity listed refers to the battery insider the power bank, rather than the power bank itself." | Lack of Personal Knowledge (Evid. Code §702(a)); Speculation (Evid. Code § 702); Lacks Foundation (Evid. Code § 403); Improper Opinion (Evid. Code §§ 801, 803); Misleading and Argumentative (Evid. Code § 352) | Sustained: ☐<br><br>Overruled: ☐<br><br>_____<br>Judge |
| **9.   Pecht Decl. ¶¶ 42-45**<br><br>*"Review of the Specified Parameters on the Power Bank"* | Irrelevant (Evid. Code . §350) | Sustained: ☐<br><br>Overruled: ☐<br><br>_____<br>Judge |
| **10. Pecht Decl. ¶¶ 46-47**<br><br>*"Review of the Construction of the Belkin Power Bank"* | Irrelevant (Evid. Code . §350) | Sustained: ☐<br><br>Overruled: ☐<br><br>_____<br>Judge |

| Material Objected to: | Grounds for Objection: | Ruling on the Objection: |
|---|---|---|
| **11. Pecht Decl. ¶ 52**<br><br>"In [Belkin's memorandum of points and authorities in support of its motion for summary judgment], the Defendant has made many incorrect statements that show a misunderstanding on how power banks and battery parameters are specified." | Lacks Foundation (Evid. Code § 403); Improper Opinion (Evid. Code §§ 801, 803); Misleading and Argumentative (Evid. Code § 352) | Sustained: ☐<br><br>Overruled: ☐<br><br>_____<br><br>Judge |
| **12. Pecht Decl. ¶ 53**<br><br>"The capacity is the maximum amount of mAh output, not the amount of "power" that can be stored. The unit mAh is the output current integrated over time [17][18]. The output power (mA·V) integrated over time is energy (mAh·V) [19][20]." | Lacks Foundation (Evid. Code § 403); Misleading and Argumentative (Evid. Code § 352) | Sustained: ☐<br><br>Overruled: ☐<br><br>_____<br><br>Judge |
| **13. Pecht Decl. ¶ 54**<br><br>"When a capacity value is given on a power bank, this capacity value refers to the capacity that will be delivered by the power bank at the specified output current of the power bank; it is not a theoretical and unattainable value." | Lacks Foundation (Evid. Code § 403); Improper Opinion (Evid. Code §§ 801, 803); Misleading and Argumentative (Evid. Code § 352) | Sustained: ☐<br><br>Overruled: ☐<br><br>_____<br><br>Judge |
| **14. Pecht Decl. ¶ 54**<br><br>"Furthermore, the capacity is not a value for a battery that would be discharged to any unsafe value of voltage (whether it be the high or low cutoff voltage)." | Lacks Foundation (Evid. Code § 403); Improper Opinion (Evid. Code §§ 801, 803); Misleading and Argumentative (Evid. Code § 352) | Sustained: ☐<br><br>Overruled: ☐<br><br>_____<br><br>Judge |

SULLIVAN &<br>TRIGGS, LLP<br>ATTORNEYS AT LAW<br>SANTA MONICA

| Material Objected to: | Grounds for Objection: | Ruling on the Objection: |
|---|---|---|
| **15. Pecht Decl. ¶ 55**<br><br>"This is another set of misleading statements, since the Defendants appear to consider energy and power to be synonymous, and equal to capacity, (the metric stated on the package) [see Figure 2]." | Lacks Foundation (Evid. Code § 403); Speculation (Evid. Code § 702); Improper Opinion (Evid. Code §§ 801, 803); Misleading and Argumentative (Evid. Code § 352) | Sustained: ☐<br><br>Overruled: ☐<br><br>_____<br><br>Judge |
| **16. Pecht Decl. ¶ 55**<br><br>In other words, the specified power bank capacity (what is printed on the label) is not a theoretical battery capacity, but instead the actual (deliverable and safe) output capacity measured at the output port of the power bank. | Lacks Foundation (Evid. Code § 403); Speculation (Evid. Code § 702); Improper Opinion (Evid. Code §§ 801, 803); Misleading and Argumentative (Evid. Code § 352) | Sustained: ☐<br><br>Overruled: ☐<br><br>_____<br><br>Judge |
| **17. Pecht Decl. ¶ 56**<br><br>"The capacity listed on a product should be a deliverable value, not a theoretical value per UL Standard 2056." | Lacks Foundation (Evid. Code § 403); Improper Opinion (Evid. Code §§ 801, 803); Misleading and Argumentative (Evid. Code § 352) | Sustained: ☐<br><br>Overruled: ☐<br><br>_____<br>Judge |
| **18. Pecht Decl. ¶ 56**<br><br>"A theoretical capacity value that can never be realized, or would provide unsafe results, is not useful information to customers. In fact, customers would likely anticipate the capacity value printed on the package to be a guaranteed minimum." | Lack of Personal Knowledge (Evid. Code §702(a)); Speculation (Evid. Code § 702); Lacks Foundation (Evid. Code § 403); Improper Opinion (Evid. Code §§ 801, 803); Misleading and Argumentative (Evid. Code § 352) | Sustained: ☐<br><br>Overruled: ☐<br><br>_____<br>Judge |
| **19. Pecht Decl. ¶ 57**<br><br>"Defendant again fails to account for battery standards." | Misleading and Argumentative (Evid. Code § 352) | Sustained: ☐<br><br>Overruled: ☐<br><br>_____<br><br>Judge |

| Material Objected to: | Grounds for Objection: | Ruling on the Objection: |
|---|---|---|
| **20. Pecht Decl. ¶ 58**<br><br>"Furthermore, if the power bank manufacturer does not intend to use the battery to its full rated capacity, the actual value or percentage of the battery rated capacity that is useful should be specified." | Lacks Foundation (Evid. Code § 403); Misleading and Argumentative (Evid. Code § 352); Improper Legal Opinion (Evid. Code § 310) | Sustained: ☐<br><br>Overruled: ☐<br><br>_____<br><br>Judge |
| **21. Pecht Decl. ¶ 59**<br><br>"Consumers are not battery experts, but are also not stupid. They do consider the capacity listed on the power bank for guidance in the selection of a power bank; indeed, it is the only objective measure of a power bank's capacity available to consumers at the time of purchase." | Lack of Personal Knowledge (Evid. Code §702(a)); Speculation (Evid. Code § 702); Lacks Foundation (Evid. Code § 403); Improper Opinion (Evid. Code §§ 801, 803); Misleading and Argumentative (Evid. Code § 352); Improper Legal Opinion (Evid. Code § 310) | Sustained: ☐<br><br>Overruled: ☐<br><br>_____<br><br>Judge |
| **22. Pecht Decl. ¶ 60**<br><br>"Based on experimental results, less than 64% of the advertised capacity can be delivered to charge an external device. As noted above, if a consumer used the Belkin power bank for an electronic device that needs a capacity of, for example, 2500 mAh at 5 V, they might think that they can charge their device four times, where in fact, they would even not be able to fully charge it three times." | Lack of Personal Knowledge (Evid. Code §702(a)); Speculation (Evid. Code § 702); Lacks Foundation (Evid. Code § 403); Improper Opinion (Evid. Code §§ 801, 803); Misleading and Argumentative (Evid. Code § 352); Improper Legal Opinion (Evid. Code § 310) | Sustained: ☐<br><br>Overruled: ☐<br><br>_____<br><br>Judge |

SULLIVAN & TRIGGS, LLP
ATTORNEYS AT LAW
SANTA MONICA

| Material Objected to: | Grounds for Objection: | Ruling on the Objection: |
|---|---|---|
| **23. Pecht Decl. ¶ 61**<br><br>"The misleading Belkin package labeling can have severe and unsafe consequences for a consumer of the power bank, who may need their portable devices to operate, for example, during activities like hiking, driving, international travel, or other situations where there is no facility to charge a phone or laptop." | Lack of Personal Knowledge (Evid. Code §702(a)); Speculation (Evid. Code § 702); Lacks Foundation (Evid. Code § 403); Improper Opinion (Evid. Code §§ 801, 803); Misleading and Argumentative (Evid. Code § 352); Improper Legal Opinion (Evid. Code § 310) | Sustained: ☐<br><br>Overruled: ☐<br><br>_____<br>Judge |

Date:  August 11, 2021

Respectfully submitted,
SULLIVAN & TRIGGS, LLP

By: _____
          Sheldon Eisenberg
          Gillian Kuhlmann
          Nairi Shirinian

Attorneys for Defendant
BELKIN INTERNATIONAL, INC.

## **PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is Sullivan & Triggs, LLP, 1230 Montana Avenue, Suite 201, Santa Monica, California 90403.

On **August 11, 2021**, I served the foregoing document described as **DEFENDANT BELKIN INTERNATIONAL, INC.'S OBJECTIONS TO EVIDENCE SUBMITTED IN OPPOSITION OF ITS MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE SUMMARY ADJUDICATION AND FOR A DETERMINATION PURSUANT TO CIVIL CODE § 1781(c)(3) THAT THE FOURTH CAUSE OF ACTION IS WITHOUT MERIT** on the interested parties in this action by transmitting a copy as follows:

See Attached Service List

__X__   **By ELECTRONIC SERVICE** (I electronically served the foregoing with the Case Anywhere system which will send notification of such filing to counsel denoted on the attached Service List.)

_____   **By PERSONAL SERVICE**

      _____   by personally delivering such envelope to the addressee.

      _____   by causing such envelope to be delivered by messenger to the office of the addressee.

_____   **By UNITED STATES MAIL** (I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.)

_____   **By OVERNIGHT DELIVERY** (by causing such envelope to be delivered to the office of the addressee by overnight delivery via Federal Express or by other similar overnight delivery service.)

_____   **By FAX TRANSMISSION**

__X__   (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_____   (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on **August 11, 2021**, at Santa Monica, California.


      Shella Anderson                               *Shella Anderson*

Name                                                  Signature

SULLIVAN & TRIGGS, LLP
ATTORNEYS AT LAW
SANTA MONICA

BELKIN'S OBJS. TO EVIDENCE SUBMITTED IN OPPOSITION TO MSJ
Case No. 20STCV00033

1

Service List

| Nathan M. Smith (Ca. Bar No. 255212)<br>Nona Yegazarian (Ca. Bar No. 316458)<br>**BROWN NERI SMITH & KHAN LLP**<br>11601 Wilshire Boulevard, Suite 2080<br>Los Angeles, California 90025<br>Phone: 310-593-9890<br>Fax: 310-593-9980<br>Email: nate@bnsklaw.com<br>Email: nona@bnsklaw.com<br><br>D. Greg Blankinship<br>**FINKELSTEIN, BLANKINSHIP,**<br>    **FREI-PEARSON & GARBER, LLP**<br>445 Hamilton Ave, Suite 605<br>White Plains, NY 10601<br>Phone: 914-298-3290<br>Email: gblankinship@fbfglaw.com<br><br>William F. Cash<br>Matthew D. Schultz<br>Brenton J. Goodman<br>**LEVIN, PAPANTONIO, THOMAS,**<br>    **MITCHELL, RAFFERTY &**<br>**PROCTOR, P.A.**<br>316 South Baylen Street, Suite 600<br>Pensacola, FL 32502<br>Phone: 850-435-7059<br>Fax: 850-435-7020<br>Email: bcash@levinlaw.com<br>Email: mschultz@levinlaw.com<br>Email: bgoodman@levinlaw.com | Attorneys for Plaintiff Lenore Miley |
| --- | --- |

DEFENDANT BELKIN INTERNATIONAL, INC.'S SEPARATE STATEMENT ISO MOTION FOR SUMMARY JUDGMENT

E-Served: Sep 22 2021 7:34AM PDT Via Case Anywhere

1  SHELDON EISENBERG (SBN 100626)
   seisenberg@sullivantriggs.com
2  GILLIAN KUHLMANN (SBN 316241)
   gkuhlmann@sullivantriggs.com
3  NAIRI SHIRINIAN (SBN 335909)
   nshirinian@sullivantriggs.com
4  Sullivan & Triggs, LLP
   1230 Montana Avenue, Suite 201
5  Santa Monica, California 90403
   Telephone:    (310) 451-8300
6  Facsimile:    (310) 451-8303

7  Attorneys for Defendant
   BELKIN INTERNATIONAL, INC.
8

9
                **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
10
                       **COUNTY OF LOS ANGELES**
11

12  LENORE MILEY, individually and on behalf of ) Case No.: 20STCV00033
    all others similarly situated,              )
13                                              ) **DEFENDANT BELKIN INTERNATIONAL,**
                                     Plaintiff, ) **INC.'S FIRST SET OF REQUESTS FOR**
14         v.                                   ) **INSPECTION AND TESTING**
                                                )
15  BELKIN INTERNATIONAL, INC.,                 )
                                                ) Judge: Hon. Carolyn B. Kuhl
16                                   Defendant. ) Dept.: 12
                                                )
17                                              ) Complaint Filed: January 2, 2020
                                                )

18  **Propounding Party:**      BELKIN INTERNATIONAL, INC.
    **Responding Party:**       LENORE MILEY
19  **Set No.:**                ONE

20

21  TO PLAINTIFF LENORE MILEY AND HER ATTORNEY OF RECORD:

22         Pursuant to California Code of Civil Procedure § 2031.010 *et seq.*, Belkin International, Inc.

23  ("Defendant") hereby requests that Lenore Miley ("Plaintiff") permit inspection and testing of the tangible

24  item described below in the manner prescribed by § 2031 within thirty days of service of this request. The

25  place for such inspection shall be SULLIVAN & TRIGGS, LLP, 1230 Montana Avenue, Suite 201, Santa

26  Monica, California 90403. Defendant intends to perform qualitative testing of the item requested below,

27  which will be conducted by Torus Engineering and will not permanently alter or destroy the requested

28  item.

                                                    1

**DEFINITIONS**

1.     "POCKET POWER 10K" refers to the exact Belkin Pocket Power device that Plaintiff allegedly purchased and which is the subject of the above-captioned action, including the original packaging of the device and any accessories included with the purchase of the device.

2.     "YOU" or "YOUR" means Plaintiff Lenore Miley.

**INSTRUCTIONS**

1.     In responding to this request, you must produce the POCKET POWER 10K in YOUR possession, custody, or control, which includes the possession, custody, or control of YOUR attorneys or their investigators or any third party or parties to whom YOU have surrendered possession, custody, or control, or who are acting on YOUR behalf, or who have otherwise obtained possession, custody, or control and who, upon YOUR request, would surrender possession, custody, or control to YOU.

2.     If the POCKET POWER 10K is not in YOUR custody, possession, or control, state this fact in your response, and state the name, address, telephone number, and e-mail address of the PERSON or PERSONS having custody, possession, or control of the POCKET POWER 10K.

3.     If the POCKET POWER 10K is not currently available for inspection, include a statement to that effect in your response. Include in your statement when the POCKET POWER 10K was most recently in your possession or subject to your control and what disposition was made of it, and identify each PERSON currently in possession or control of the POCKET POWER 10K by name, job title, and last known business and home address. If the POCKET POWER 10K has been destroyed, state when and where it was destroyed, identify each PERSON who directed that it be destroyed or who actually destroyed it by name, job title, and last known business and home address and state the reasons why it was destroyed.

**REQUEST FOR INSPECTION**

**REQUEST FOR INSPECTION NO. 1:**

The POCKET POWER 10K.

\ \ \

\ \ \

\ \ \

SULLIVAN &
TRIGGS, LLP
Attorneys at Law
Santa Monica

Date: September 22, 2021

Respectfully submitted,

SULLIVAN & TRIGGS, LLP

By:

Sheldon Eisenberg
Gillian Kuhlmann
Nairi Shirinian

Attorneys for Defendant
BELKIN INTERNATIONAL, INC.

SULLIVAN &
TRIGGS, LLP
Attorneys at Law
Santa Monica

BELKIN'S FIRST SET OF REQUESTS FOR INSPECTION AND TESTING
Case No. 20STCV00033

## **PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

      I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is Sullivan & Triggs LLP, 1230 Montana Avenue, Suite 201, Santa Monica, California 90403.

      On **September 22, 2021**, I served the foregoing document described as: **DEFENDANT BELKIN INTERNATIONAL, INC.'S RESPONSE TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTOIN OF DOCUMENTS** on the interested parties in this action as follows:

  X   **By ELECTRONIC SERVICE** (I electronically served a true and correct copy of the foregoing document using the CASE ANYWHERE System which will send notification of such submission to counsel of record indicated on the attached service list.)

\_\_\_\_ **By PERSONAL SERVICE**

    \_\_\_\_ by personally delivering such envelope to the addressee.

    \_\_\_\_ by causing such envelope to be delivered by messenger to the office of the addressee.

\_\_\_\_ **By UNITED STATES MAIL** (I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.)

\_\_\_\_ **By OVERNIGHT DELIVERY** (by causing such envelope to be delivered to the office of the addressee by overnight delivery via Federal Express or by other similar overnight delivery service.)

  X   (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

\_\_\_\_ (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

      Executed on **September 22, 2021**, at Santa Monica, California.

| | |
|---|---|
| _____Shella Anderson_____ | \_\_\_\_\_*Shella Anderson*\_\_\_\_\_ |
| Name | Signature |

4

BELKIN'S FIRST SET OF REQUESTS FOR INSPECTION AND TESTING
Case No. 20STCV00033

**SERVICE LIST**

| | |
|---|---|
| Nathan M. Smith (Ca. Bar No. 255212)<br>Nona Yegazarian (Ca. Bar No. 316458)<br>**BROWN NERI SMITH & KHAN LLP**<br>11601 Wilshire Boulevard, Suite 2080<br>Los Angeles, California 90025<br>Phone: 310-593-9890<br>Fax: 310-593-9980<br>Email: nate@bnsklaw.com<br>Email: nona@bnsklaw.com<br><br>D. Greg Blankinship<br>**FINKELSTEIN, BLANKINSHIP,<br>   FREI-PEARSON & GARBER, LLP**<br>445 Hamilton Ave, Suite 605<br>White Plains, NY 10601<br>Phone: 914-298-3290<br>Email: gblankinship@fbfglaw.com<br><br>William F. Cash<br>Matthew D. Schultz<br>Brenton J. Goodman<br>**LEVIN, PAPANTONIO, THOMAS,<br>   MITCHELL, RAFFERTY &<br>PROCTOR, P.A.**<br>316 South Baylen Street, Suite 600<br>Pensacola, FL 32502<br>Phone: 850-435-7059<br>Fax: 850-435-7020<br>Email: bcash@levinlaw.com<br>Email: mschultz@levinlaw.com<br>Email: bgoodman@levinlaw.com | Attorneys for Plaintiff Lenore Miley |

BELKIN'S FIRST SET OF REQUESTS FOR INSPECTION AND TESTING
Case No. 20STCV00033

SULLIVAN &
TRIGGS, LLP
Attorneys at Law
Santa Monica

Nathan M. Smith (Ca. Bar No. 257615)
Sara C. Colón (Ca. Bar No. 281514)
**BROWN NERI SMITH & KHAN LLP**
11601 Wilshire Boulevard, Suite 2080
Los Angeles, California 90025
Phone: 310-593-9890
Fax: 310-593-9980
Email: nate@bnsklaw.com
Email: sara@bnsklaw.com

[Additional Counsel Appear on Signature Page]

*Attorneys for Plaintiff Lenore Miley*

SHELDON EISENBERG (SBN 100626)
seisenberg@sullivantriggs.com
GILLIAN KUHLMANN (SBN 316241)
gkuhlmann@sullivantriggs.com
NAIRI SHIRINIAN (SBN 335909)
nshirinian@sullivantriggs.com
Sullivan & Triggs, LLP
1230 Montana Avenue, Suite 201
Santa Monica, California 90403
Telephone:    (310) 451-8300
Facsimile:    (310) 451-8303

*Attorneys for Defendant*
*BELKIN INTERNATIONAL, INC.*

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF LOS ANGELES**

| | |
|---|---|
| LENORE MILEY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BELKIN INTERNATIONAL INC.,<br><br>Defendant. | Case No.: 20STCV00033<br><br>**PARTIES' JOINT STATEMENT OF AGENDA FOR STATUS CONFERENCE**<br><br>Judge:  Hon. Carolyn B. Kuhl<br>Dept.:  12<br><br>Complaint Filed:  January 2, 2020<br>Hearing Date:  September 30, 2021<br>Time: 11:30 a.m.<br>Dept.:  12 |

\ \ \

\ \ \

\ \ \

The Court has set a status conference for September 30, 2021 at 11:30 a.m. The parties suggest the following topics for discussion:

**Plaintiff's Position:**

1. The parties' proposal to bifurcate the case
   a. Class certification discovery first
   b. Merits discovery/motions after the Court rules on class certification
2. Discovery to be taken against Belkin during class certification phase[1]
   a. Depositions
   b. Belkin's product catalog (sufficient to succinctly identify all power packs)
   c. Marketing studies and related materials
   d. Identity of distribution channels (wholesalers, retailers, private label, etc.)
   e. Information about distribution channels owned or controlled by Belkin (direct marketing, www.Belkin.com, Belkin's "Amazon store," other channels)
   f. Product components, product testing and performance characteristics, and other engineering matters
   g. Product packaging and photos of products
   h. Product spec sheets and matter distributed in connection with product sales
   i. Information regarding Belkin's cost to produce
   j. Sales volumes
3. Discovery to be taken against Miley
   a. Deposition
   b. Documents related to her purchase or purchasing decision
   c. Inspection of product
4. Third-party subpoenas
5. Parties' proposed schedule
   a. Class certification discovery to be completed by                February 1, 2022

---

[1] The topics on this agenda are what Plaintiff anticipates, but she is not stipulating that this is the complete list of relevant topics on which she'd seek discovery.

| | b. | Simultaneous exchange of expert reports on | March 1, 2022 |
| | c. | Rebuttal reports due by | April 1, 2022 |
| | d. | Expert depositions to be completed by | May 1, 2022 |
| | e. | Class certification motion due by | June 1, 2022 |
| | f. | *[ Further deadlines to be set later ]* | |

Ms. Miley will respond to Belkin's position below in greater detail at the conference. However, she will state regarding further motion practice by Belkin, she opposes Belkin's proposed stay to conduct "standing" discovery. Other matters can be discussed at the hearing.

**Defendant's Position:**

1. <u>Further Threshold Motion Practice</u> – As the Court knows, Belkin believes there are serious questions regarding Plaintiff's standing to pursue this action. To that end, Belkin intends to depose Plaintiff as soon as possible, conduct testing of Plaintiff's Belkin device, and, then, if appropriate, move to dismiss the case based on lack of standing. Because standing is a jurisdictional issue, Belkin requests that the Court exercise its discretion to stay other discovery in the manner to allow the Court the opportunity to first determine its jurisdiction. Belkin would agree to tight deadlines in the conduct of Plaintiff's deposition and the filing of any motion to dismiss to avoid undue delay in Plaintiff's ability to conduct discovery in the event Belkin's motion is denied.

2. <u>Bifurcation of Discovery</u> – Belkin is agreeable to Plaintiff's proposal to bifurcate class and merits discovery as long as Belkin can take a complete deposition of Plaintiff, including an accompanying request for production of documents, (without the need to conduct multiple sessions) and Belkin can complete its testing of Plaintiff's product—as that testing goes to both class and merits issues. Belkin notes that based on Plaintiff's listing of potential "class" discovery topics there may be disputes on what constitutes merits versus class discovery.

3. <u>Proposed Schedule</u> – Belkin agrees with Plaintiff's proposed schedule provided Plaintiff is promptly made available for deposition and her device is timely provided for testing pursuant to Belkin's pending Request for Inspection and Testing.

\ \ \

Dated: September 23, 2021

Respectfully submitted,

_____/s/_____

Nathan M. Smith (Ca. Bar No. 255212)
Sara C. Colón (Ca. Bar No. 281514)
**BROWN NERI SMITH & KHAN LLP**
11601 Wilshire Boulevard, Suite 2080
Los Angeles, California 90025
Phone: 310-593-9890
Fax: 310-593-9980
Email: nate@bnsklaw.com
Email: sara@bnsklaw.com

D. Greg Blankinship
Bradley Silverman
**FINKELSTEIN, BLANKINSHIP,**
**FREI-PEARSON & GARBER, LLP**
One North Broadway, Suite 900
White Plains, NY 10601
Phone: 914-298-3290
Email: gblankinship@fbfglaw.com
Email: bsilverman@fbfglaw.com

William F. Cash III
Matthew D. Schultz
Brenton J. Goodman
**LEVIN, PAPANTONIO, RAFFERTY,**
**PROCTOR, BUCHANAN, O'BRIEN, BARR &**
**MOUGEY, P.A.**
316 South Baylen Street, Suite 600
Pensacola, FL 32502
Phone: 850-435-7059
Fax: 850-435-7020
Email: bcash@levinlaw.com
Email: mschultz@levinlaw.com
Email: bgoodman@levinlaw.com

*Attorneys for Plaintiff Miley*

Date: September 23, 2021                                   Respectfully submitted,

SULLIVAN & TRIGGS, LLP

By:

Sheldon Eisenberg
Gillian Kuhlmann
Nairi Shirinian

*Attorneys for Defendant*
*BELKIN INTERNATIONAL, INC.*

PARTIES' JOINT STATEMENT OF AGENDA FOR STATUS CONFERENCE
Case No. 20STCV00033

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Sullivan & Triggs LLP, 1230 Montana Avenue, Suite 201, Santa Monica, California 90403.

On **September 23, 2021**, I served the foregoing document described as: **PARTIES' JOINT STATEMENT OF AGENDA FOR STATUS CONFERENCE** on the interested parties in this action as follows:

X    **By ELECTRONIC SERVICE** (I electronically served a true and correct copy of the foregoing document using the CASE ANYWHERE System which will send notification of such submission to counsel of record indicated on the attached service list.)

____    **By PERSONAL SERVICE**

____    by personally delivering such envelope to the addressee.

____    by causing such envelope to be delivered by messenger to the office of the addressee.

____    **By UNITED STATES MAIL** (I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.)

____    **By OVERNIGHT DELIVERY** (by causing such envelope to be delivered to the office of the addressee by overnight delivery via Federal Express or by other similar overnight delivery service.)

X    (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

____    (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on **September 23, 2021**, at Santa Monica, California.

_____          _____
Shella Anderson                                *Shella Anderson*
Name                                                    Signature

## SERVICE LIST

| | |
|---|---|
| Nathan M. Smith (Ca. Bar No. 255212)<br>Nona Yegazarian (Ca. Bar No. 316458)<br>**BROWN NERI SMITH & KHAN LLP**<br>11601 Wilshire Boulevard, Suite 2080<br>Los Angeles, California 90025<br>Phone: 310-593-9890<br>Fax: 310-593-9980<br>Email: nate@bnsklaw.com<br>Email: nona@bnsklaw.com<br><br>D. Greg Blankinship<br>**FINKELSTEIN, BLANKINSHIP,**<br>   **FREI-PEARSON & GARBER, LLP**<br>445 Hamilton Ave, Suite 605<br>White Plains, NY 10601<br>Phone: 914-298-3290<br>Email: gblankinship@fbfglaw.com<br><br>William F. Cash<br>Matthew D. Schultz<br>Brenton J. Goodman<br>**LEVIN, PAPANTONIO, THOMAS,**<br>   **MITCHELL, RAFFERTY & PROCTOR,**<br>**P.A.**<br>316 South Baylen Street, Suite 600<br>Pensacola, FL 32502<br>Phone: 850-435-7059<br>Fax: 850-435-7020<br>Email: bcash@levinlaw.com<br>Email: mschultz@levinlaw.com<br>Email: bgoodman@levinlaw.com | Attorneys for Plaintiff Lenore Miley |

PARTIES' JOINT STATEMENT OF AGENDA FOR STATUS CONFERENCE
Case No. 20STCV00033

E-Served: Nov 30 2021  4:42PM PST  Via Case Anywhere

1    SHELDON EISENBERG (SBN 100626)
     seisenberg@sullivantriggs.com
2    GILLIAN KUHLMANN (SBN 316241)
     gkuhlmann@sullivantriggs.com
3    NAIRI SHIRINIAN (SBN 335909)
     nshirinian@sullivantriggs.com
4    Sullivan & Triggs, LLP
     1230 Montana Avenue, Suite 201
5    Santa Monica, California 90403
     Telephone:    (310) 451-8300
6    Facsimile:    (310) 451-8303

7    Attorneys for Defendant
     BELKIN INTERNATIONAL, INC.

8

9

           **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10

              **FOR THE COUNTY OF LOS ANGELES**

11

12

13    LENORE MILEY, individually and on behalf     Case No. 20STCV00033
     of all others similarly situated,

14                Plaintiff,               **ASSIGNED FOR ALL PURPOSES TO**
                                              **HON. CAROLYN B. KUHL, DEPT. 12**

15         v.
                                              **DEFENDANT BELKIN**

16    BELKIN INTERNATIONAL, INC.,           **INTERNATIONAL, INC.'S AMENDED**
                                                **NOTICE OF DEPOSITION OF**

17               Defendant.              **PLAINTIFF LENORE MILEY**

18

19                                             Date:   December 2, 2021
                                            Time:  10:00 am

20                                             Place:  **REMOTE CONFERENCING**

21                                             Complaint Filed: January 2, 2020

22    \ \ \

23    \ \ \

24    \ \ \

25

26

27

28

**TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

 **PLEASE TAKE NOTICE THAT** pursuant to California Code of Civil Procedure section 2025.010 *et seq.* and California Rules of Court Rule 3.1010, Defendant Belkin International, Inc., by and through its attorneys of record, will take the deposition, on oral examination of Plaintiff **LENORE MILEY**, on December 2, 2021 commencing at 10:00 a.m. The deposition will be taken by remote audio-video conference hosted by TSG Reporting. The witness and her counsel will be provided a conference room located at Regus (Spaces Water Garden), 2450 Colorado Avenue, Suite 100E, Santa Monica, 90404. The deposition will be taken before a notary public or other authorized officer qualified to administer oaths. The deposition will continue from day to day, Saturdays, Sundays and legal holidays excluded, until completed, or until any time limitation imposed by statute or agreed upon by the parties is reached.

 **PLEASE TAKE FURTHER NOTICE** that under California Code of Civil Procedure sections 2025.220 and 2025.330(c), the deposition testimony will be recorded by audio and video technology, in addition to the recording of testimony by stenographic method. The deposing party specifically reserves the right to use the videotaped testimony at the time of trial or other hearing.

Date: November 30, 2021

        Respectfully submitted,

        SULLIVAN & TRIGGS, LLP

By:

        Sheldon Eisenberg
        Gillian Kuhlmann
        Nairi Shirinian

        Attorneys for Defendant
        BELKIN INTERNATIONAL, INC.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## <u>PROOF OF SERVICE</u>

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

  I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Sullivan & Triggs, LLP, 1230 Montana Avenue, Suite 201, Santa Monica, California 90403.

  On **November 30, 2021**, I served the foregoing document described as **DEFENDANT BELKIN INTERNATIONAL, INC.'S AMENDED NOTICE OF DEPOSITION OF PLAINTIFF LENORE MILEY** on the interested parties in this action by transmitting a copy as follows:

 X **By ELECTRONIC SERVICE** (I electronically served the foregoing with the Case Anywhere system which will send notification of such filing to counsel denoted on the attached Service List.)

  **By PERSONAL SERVICE**

    by personally delivering such envelope to the addressee.

    by causing such envelope to be delivered by messenger to the office of the addressee.

  **By UNITED STATES MAIL** (I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.)

  **By OVERNIGHT DELIVERY** (by causing such envelope to be delivered to the office of the addressee by overnight delivery via Federal Express or by other similar overnight delivery service.)

  **By FAX TRANSMISSION**

 X (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

  (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

  Executed on **November 30, 2021**, at Santa Monica, California.

Yeva Papayan Yeganyan
_____
Name

*Yeva Papayan Yeganyan*
_____
Signature

1

Service List

| 2<br>3<br>4<br>5<br>6<br>7<br>8<br>9<br>10<br>11<br>12<br>13<br>14<br>15<br>16<br>17<br>18<br>19<br>20 | Nathan M. Smith (Ca. Bar No. 255212)<br>Nona Yegazarian (Ca. Bar No. 316458)<br>**BROWN NERI SMITH & KHAN LLP**<br>11601 Wilshire Boulevard, Suite 2080<br>Los Angeles, California 90025<br>Phone: 310-593-9890<br>Fax: 310-593-9980<br>Email: nate@bnsklaw.com<br>Email: nona@bnsklaw.com<br><br>D. Greg Blankinship<br>**FINKELSTEIN, BLANKINSHIP,**<br>  **FREI-PEARSON & GARBER, LLP**<br>445 Hamilton Ave, Suite 605<br>White Plains, NY 10601<br>Phone: 914-298-3290<br>Email: gblankinship@fbfglaw.com<br><br>William F. Cash<br>Matthew D. Schultz<br>Brenton J. Goodman<br>**LEVIN, PAPANTONIO, THOMAS,**<br>  **MITCHELL, RAFFERTY & PROCTOR,**<br>**P.A.**<br>316 South Baylen Street, Suite 600<br>Pensacola, FL 32502<br>Phone: 850-435-7059<br>Fax: 850-435-7020<br>Email: bcash@levinlaw.com<br>Email: mschultz@levinlaw.com<br>Email: bgoodman@levinlaw.com | Attorneys for Plaintiff Lenore Miley |
|---|---|---|

21

22

23

24

25

26

27

28

SHELDON EISENBERG (SBN 100626)
seisenberg@sullivantriggs.com
GILLIAN KUHLMANN (SBN 316241)
gkuhlmann@sullivantriggs.com
NAIRI SHIRINIAN (SBN 335909)
nshirinian@sullivantriggs.com
Sullivan & Triggs, LLP
1230 Montana Avenue, Suite 201
Santa Monica, California 90403
Telephone:    (310) 451-8300
Facsimile:    (310) 451-8303

Attorneys for Defendant
*BELKIN INTERNATIONAL, INC.*

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| LENORE MILEY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BELKIN INTERNATIONAL INC.,<br><br>Defendant. | Case No.: 20STCV00033<br><br>**DEFENDANT BELKIN INTERNATIONAL, INC.'S STATUS CONFERENCE STATEMENT**<br><br>Judge:  Hon. Carolyn B. Kuhl<br>Dept.:  12<br><br>Complaint Filed:  January 2, 2020<br>Hearing Date:  January 10, 2022<br>Time: 11:00 a.m.<br>Dept.:  12 |

\ \ \

\ \ \

\ \ \

**I.    Defendant's Statement on Status Conference**

On January 3, 2022, Plaintiff Lenore Miley informed Defendant Belkin International, Inc. that rather than supply her portion of a draft joint status conference statement provided by Belkin on December 23, she would seek a further extension of the status conference now scheduled to take place on January 10, 2022, after being continued from December 7. Belkin declined to stipulate to another extension of the status conference.

Since the last status conference on October 1, 2021, Belkin deposed Plaintiff and, pursuant to a Code of Civil Procedure section 2031.010 Request for Inspection and Testing, had a third-party electrical engineering firm conduct a test of Plaintiff's Belkin power bank in accordance with protocols agreed to in advance by Plaintiff's counsel.[1] In light of the outcome of those events, discussed further below, Belkin is prepared to file a motion for summary judgment on the basis of Plaintiff's lack of standing. Belkin asks that the Court conduct the January 10 status conference as scheduled to discuss case management issues related to these next steps.

**II.    Defendant's Statement on Case Status**

Plaintiff's deposition made clear both that this case cannot be certified as a class action and that Plaintiff does not have standing to bring this case either as a class representative or on her own behalf.

Plaintiff's claim is unlikely to be certified as a class action for two primary reasons. First, Ms. Miley has an extensive history of criminal convictions and time served, including crimes involving dishonesty such as identity theft. Attached as Ex. B is a list of Ms. Miley's convictions [and copies of supporting documentation obtained to date]. In addition, Ms. Miley repeatedly and dishonestly attempted to conceal these matters in response to questions during her deposition. This exchange is just one example:

Q:      Can you remember any other crimes you were convicted of?

A:      Driving on a suspended license multiple times. There was a couple other ones,

---

[1] The testing took place over a period of three days. A copy of the resulting test report is attached hereto as Exhibit A.

2

yeah. That's about it. That's it. That's all I've ever been charged with.

Q:     So you don't remember – so you were not convicted of any other crimes?

A:     No, no. My – my rap sheet is not very pretty, but yeah, I can't remember exactly everything I've been charged with. That was not – but it was mostly that, drugs and driving on a suspended license, yes, in the past. One driving on a suspended license, yeah, that's what I did time for.

Q:     Do you remember being convicted for trespass?

A:     Oh, yeah, yeah. That was wrong place, wrong time.

(*E.g.* Exhibit C, Deposition of Lenore Miley ("Miley Dep.") at 103:2-19)

These, and other, instances of adjudicated and documented dishonesty should disqualify Plaintiff from serving as a class representative in this case. Under California law, credibility problems are grounds for rejecting the adequacy of a class representative. *See e.g., Payton v. CSI Electrical Contractors, Inc*, 27 Cal. App. 5th 832, 846-47 (2018); *Jaimez v. Daiohs USA, Inc.*, 181 Cal. App. 4th 1286, 1307-08 (2010); *Sams v. Sorenson Concrete, Inc.*, 2021 WL 5099326, *6-7 (2021).

Second, Ms. Miley repeatedly testified in her deposition that she did not rely on the challenged statements on Belkin's packaging. For instance, this is one relevant exchange:

Q:     So how did you decide to buy the Belkin power bank in particular?

A:     I told you already, they only had two power banks in the store, the whole – the whole electronics, that's all – the whole electronics section, that's all they had was two. Pick one on the shelf. The only two on the shelf – on this whole big old rack was only two. That's the only two that was there. There was nothing else there. And I was –

Q:     Did – did anybody at the store recommend it to you?

A:     No. There was nothing else to – option there were no other options to buy. There wasn't anything else to buy. You see, I don't like talking to people when I walk in stores. I like to just get in and get out, you know.

(Miley Dep. at 47:3-17)

Q:     So tell me – tell me all the reasons you chose the Belkin power bank that day.

A:     There was two power banks on the shelf. The whole shelf in the whole electronic

3

1

2

> system – section, they had nothing else there. And I chose that one because it gave – it had more juice in it, more juice than the smaller version. That's what I was looking for, longer life to keep my phone running.

3

(Miley Dep. at 47:24-48:7)

4

5

6

7

8

9

10

11

12

13

The lack of reliance on the supposedly misleading language of the packaging indicated here, and in multiple other places in her deposition, means that Ms. Miley does not have standing to pursue her purported claims under California law. *See Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 326-27 (2011) (explaining that to have standing under the UCL plaintiff must demonstrate "actual reliance on the allegedly deceptive or misleading statements" and "must show that the misrepresentation was an immediate cause of the injury-producing conduct") (internal quotations omitted); *Shaeffer v. Califia Farms, LLC*, 44 Cal. App. 5th 1125, 1143-44 (2020) (finding that plaintiff lacked standing to bring a claim based on a juice label's failure to state that it is not low calorie because plaintiff did not allege that her decision to buy the juice had anything to do with its calorie content).

14

15

16

17

18

19

20

21

22

Finally, apart from standing and the slim prospects of class certification, the testing results show that Plaintiff's claims ultimately have no substantive merit. The lack of evidence [on the performance capability of the Belkin power bank] noted by the Court in denying Belkin's Motion for Summary Judgment has now been supplied by the independent testing of Ms. Miley's device. Her device, even after supposedly everyday use by Ms. Miley for a period of at least six months several years ago, was still capable of charging an iPhone 7 (with 100% battery capacity) 3.15 times, exceeding the "Up to 3 times" representation on the Belkin packaging. Ex. A at 15. The average of the performance of the four Belkin devices tested with iPhone 7's of varying battery capacity was 3.43 times. Ex. A at 15.

23

24

25

26

27

Under these circumstances where the merits of the case are so suspect and certification is so unlikely, Belkin does not believe it is appropriate for the matter to proceed, or for it to be subject to the expense of any further discovery, before the Court has the opportunity to rule on Belkin's intended Motion for Summary Judgment based on Plaintiff's lack of standing. Belkin will be able to file the motion the week after the Status Conference.

28

1

Date:  January 3, 2022

Respectfully submitted,

SULLIVAN & TRIGGS, LLP

By:

Sheldon Eisenberg
Gillian Kuhlmann
Nairi Shirinian

*Attorneys for Defendant*
*BELKIN INTERNATIONAL, INC.*

DEFENDANT'S STATUS CONFERENCE STATEMENT
Case No. 20STCV00033

# EXHIBIT A

# POWER BANK TESTING

## TEST RESULTS

**PREPARED ON:**
**2 December 2021**

**PREPARED FOR:**
**Sullivan and Triggs, LLP**

**PREPARED BY:**
**Torus Engineering, LLC**
**Zachary Gillan**
**Zachary@TorusEngineering.com**
**(303) 204 - 3441**



# TABLE OF CONTENTS

Objective:.................................................................................................................................3

Report Overview ......................................................................................................................4

Test Video Capture..................................................................................................................5

Test Devices ............................................................................................................................6

Test 1: iPhone Battery Depletion ...........................................................................................9

    Summary ............................................................................................................................9

Test 2: DUT Charging ............................................................................................................10

    Summary ..........................................................................................................................10

Test 3: iPhone Charging with DUT ........................................................................................14

    Summary ..........................................................................................................................14

Appendix A: List of Related Documents ...............................................................................21

Appendix B: Test Devices .....................................................................................................22

Appendix C: Test Data Files ..................................................................................................23

Appendix D: Test Notes ........................................................................................................25

## LIST OF TABLES

Table 1: Power Bank DUT Devices (Plaintiff's device highlighted yellow) ...................................6
Table 2: Apple iPhone 7 Devices.......................................................................................................6
Table 3: Test 1 Log ...........................................................................................................................9
Table 4: Test 2 Log .........................................................................................................................12

## LIST OF FIGURES

Figure 1: Pocket Power 10K Power Bank (Portable Charger, Model F7U020) DUT ......................3
Figure 2: Video Capture Setup .........................................................................................................5
Figure 3: iPhone-1 Summary Screenshots.......................................................................................7
Figure 4: iPhone-2 Summary Screenshots.......................................................................................7
Figure 5: iPhone-3 Summary Screenshots.......................................................................................8
Figure 6: iPhone-4 Summary Screenshots.......................................................................................8
Figure 7: Test 2 Setup ....................................................................................................................10
Figure 8: Test 2 Completion (4 stable LEDs on each DUT) .........................................................11
Figure 9: Test 2 DUT Charging Power Draw .................................................................................13
Figure 10: Test 3 Setup ..................................................................................................................14
Figure 11: DUT Overall Charging Performance.............................................................................15
Figure 12: DUT Charging Performance vs Test Cycle ..................................................................15
Figure 13: DUT Supplied Power vs Test Cycles ...........................................................................16
Figure 14: iPhone-1 Charging Summary Screenshots....................................................................17
Figure 15: iPhone-2 Charging Summary Screenshots....................................................................18
Figure 16: iPhone-3 Charging Summary Screenshots....................................................................19
Figure 17: iPhone-4 Charging Summary Screenshots....................................................................20

# OBJECTIVE:

The purpose of this document is to present the findings and results of the Power Bank Testing as outlined in the test plan presented to Sullivan and Triggs, LLP for product testing of Belkin's Pocket Power 10K Power Bank (Model F7U020, Figure 1).



*Figure 1: Pocket Power 10K Power Bank (Portable Charger, Model F7U020) DUT*

*Source: https://www.belkin.com/us/chargers/power-banks/pocket-power-10k-power-bank-portable-charger/p/p-f7u020/*

# REPORT OVERVIEW

This report covers the three stages of the power bank testing:

1. iPhone Battery Depletion: Ensure all iPhone 7 batteries are fully depleted.
2. DUT Charging: Ensure power banks (DUTs) are fully charged.
3. iPhone Charging with DUT: Measure DUT performance when paired with an iPhone 7.

These three individual tests work to verify the:

- Number of charges and charging time available when the power banks are paired with various iPhone 7 devices.
- Electric power (voltage and current) delivered by the power bank to the iPhone 7 during charging.

See *Power Bank Testing: Test Plan* for more information regarding test plan, setup, and schematics.

See *Power Bank Test Sheet* for all test logs, notes, and further details.

# TEST VIDEO CAPTURE

Throughout all testing, an iPhone was used to record and capture video. The iPhone was begun at the beginning of each test day and left to run throughout the day. No testing or device handling (unless otherwise noted in test logs and notes) occurred off-camera.

The recording iPhone was placed on alongside the wall adjacent to the testing area to ensure clear and unobstructed viewing as shown in Figure 2.



*Figure 2: Video Capture Setup*

# TEST DEVICES

*All Devices Under Test (DUT) information and Apple iPhone information can be found in Table 1 and*

Table 2. Supporting screenshots for each iPhone can be found in the following figures.

See *Power Bank Testing: Test Plan* for further information regarding supporting test equipment.

**NOTE: The plaintiff's device (belonging to Miley Lenore, recovered by B. Carneiro on 3/11/2019, and provided to Torus Engineering by Gillian Kuhlman on 11/29/2021) corresponds to, and is referred to as, DUT-1 in all test plans, data, and reports.**

*Table 1: Power Bank DUT Devices (Plaintiff's device highlighted yellow)*

| Name | Description | Model | S/N |
|------|-------------|-------|-----|
| DUT-1 | Belkin Pocket Power 10K Power Bank | F7U020 1INP11/66/110 | 4218DO |
| DUT-2 | Belkin Pocket Power 10K Power Bank | F7U020 1INP11/66/110 | 0819DO |
| DUT-3 | Belkin Pocket Power 10K Power Bank | F7U020 INP11/66/110-1 | 4218DO |
| DUT-4 | Belkin Pocket Power 10K Power Bank | F7U020 INP11/66/110-1 | 4518DO |

*Table 2: Apple iPhone 7 Devices*

| Name | Description | Model Number | Serial Number | SW Version | Battery Health[1] |
|------|-------------|--------------|---------------|------------|---------------------|
| iPhone-1 | Apple iPhone 7 | MNAJ2LL/A | F4GSDU5HHG71 | 14.8 | 100% |
| iPhone-2 | Apple iPhone 7 | MNAC2LL/A | DX4YGCVDHG6W | 14.5.1 | 98% |
| iPhone-3 | Apple iPhone 7 | MN8N2LL/A | C6KT82WJHG73 | 15.0.1 | 91% |
| iPhone-4 | Apple iPhone 7 | MNAC2LL/A | DX4YGE45HG6W | 14.5.1 | 85% |

---

[1] Battery health as stated by Apple in iPhone settings. Battery health listed refers to iPhone battery health on 12/1/2021.

Power Bank Testing
Test Results



*Figure 3: iPhone-1 Summary Screenshots*



*Figure 4: iPhone-2 Summary Screenshots*

Power Bank Testing
Test Results



*Figure 5: iPhone-3 Summary Screenshots*



*Figure 6: iPhone-4 Summary Screenshots*

# TEST 1: IPHONE BATTERY DEPLETION

Test 1 was completed to ensure that all iPhone batteries were depleted to the point that the phone automatically powers down and requests to be charged. This verifies that all phones began charging from the same "dead" state for each cycle of Test 3.

## SUMMARY

There was no data collected throughout the four cycles of Test 1. Screenshots captured by each iPhone at the end of each cycle of Test 3 verify battery charge and discharge.

Table 3 outlines the date and time for the various cycles of Test 1.

*Table 3: Test 1 Log*

| Test 1: iPhone Battery Depletion<br>*(no data collected)* | | | | | |
|---|---|---|---|---|---|
| Cycle | Date | Start Time | End Time | Total Time | Notes |
| 1 | 11/30/2021 | - | - | - | Phones dead upon arrival to begin testing (11/29/2021) [2] |
| 2 | 11/30/2021 | 12:40:00 PM | 4:15:00 PM | 3.58 | |
| 3 | 11/30/2021 | 6:38:00 PM | 7:30:00 AM | 12.85 | Phones left to deplete battery overnight, fully depleted when arrived next morning |
| 4 | 12/1/2021 | 10:00:00 AM | 12:37:00 PM | 2.62 | DUT-2 fully depleted. iPhone 2 done charging. No need to deplete it. |

---

[2] Torus Engineering depleted all iPhone batteries prior to arrival for testing.

# TEST 2: DUT CHARGING

Test 2 was completed to ensure that all DUTs (power banks) were fully charged prior to beginning the multiple cycles of Test 1 and Test 3.

**NOTE: The plaintiff's device corresponds to DUT-1 in all test plans, data, and reports.**



*Figure 7: Test 2 Setup*

## SUMMARY

Sullivan and Triggs, LLP provided three new power bank devices (DUT-2, DUT-3, DUT-4) that matched the model of DUT-1. These new power bank devices were delivered the morning of 11/29/2021. The plaintiff's device, DUT-1, had been delivered via FedEx and was unopened. DUT-1 was opened on camera by Torus Engineering representative Zachary Gillan at roughly 10:40 AM (PT).

The DUTs were originally charging on the standard Apple iPhone 5 W (5 VDC, 1 Amp) provided charging blocks. To increase charging speed, 12 W (5 VDC, 2.4 Amp) charging blocks were purchased from Target and used to replace the original 5 W charging blocks.

After completion of Test 2 on 11/29/2021, the DUTs were left plugged in to the power supplies overnight in order to maintain charge before beginning Test 3 on 11/30/2021.

- The swapping of charging blocks does not affect test results of this or any other test performed, as Test 2 was used to verify operation and charging of only the DUTs themselves.
- Test 2 was performed only once, on 11/29/2021. The DUTs never received any supplemental charging (recharging) between cycles of Test 1 and Test 3.

Test 2 was completed when all four LEDs on each DUT were on with no blinking, noting that charging was complete, as shown in Figure 8.



*Figure 8: Test 2 Completion (4 stable LEDs on each DUT)*

Table 4 outlines Test 2 details, including: date, time, and DUT starting charge, while **Error! Reference source not found.** outlines the data files, their measurements, and their location.

*Table 4: Test 2 Log*

| DUT | Date | Start Time | Starting LED (Charge %) | End Time | Total Time |
|-----|------|-----------|------------------------|----------|-----------|
| 1 | | | 0 | 7:10:00 PM | 8.40 |
| 2 | | | 1 | 5:55:00 PM | 7.15 |
| 3 | 11/29/2021 | 10:46:00 AM | 1 | 5:55:00 PM | 7.15 |
| 4 | | | 0 | 7:10:00 PM | 8.40 |

Power Bank Testing
Test Results

Figure 9 depicts the power drawn by the DUTs from the wall power supplies while charging, as measured by the test circuit and Keysight Digital Multi-Meters.



*Figure 9: Test 2 DUT Charging Power Draw*

# TEST 3: IPHONE CHARGING WITH DUT

Test 3 measured the DUT performance when paired with an iPhone 7 device. Test 3 was the operation of the DUTs charging their respective iPhones. Test 3 was performed after Test 2. A cycle of Test 1 was completed before each cycle of Test 3.

**NOTE: The plaintiff's device corresponds to DUT-1 in all test plans, data, and reports.**



*Figure 10: Test 3 Setup*

## SUMMARY

There was a total of five Test 3 cycles performed. All four DUTs and iPhones were used in cycles 3-1, 3-2, and 3-3. DUT-1, DUT-3, and DUT-4 were then used in cycle 3-4, before just DUT-3 was used in cycle 3-5.

- Tests 3-1 and 3-2 were completed 11/30/2021.
- Tests 3-3, 3-4, and 3-5 were completed 12/1/2021. All DUTs were left unplugged (not charging) overnight between tests 3-2 and 3-3.

For all Test 3 cycles (excluding 3-5), the DUTs were paired with their respective iPhones, i.e. DUT-1 with iPhone-1, DUT-2 with iPhone-2, etc.

DUT-3 was the only DUT remaining after Test 3-4. With minimal battery remaining, it was determined to pair iPhone-4 with DUT-3 for Test 3-5. This was done to prevent having to complete another cycle of Test 1 (roughly 3 hours) knowing that minimal battery charge remained in DUT-3 (DUT-3 LED status had displayed 1 LED for nearly 1 hour).

The DUTs performance, as noted below, are captured in Figure 11 and Figure 12, the average DUT performance while charging an iPhone 7 was 3.43 times (3.41 times from a dead state if Test 3-5 is excluded).

- DUT-2 was fully depleted in cycle 3-3, charging iPhone-2: 2.71 times.
- DUT-1 was fully depleted in cycle 3-4, charging iPhone-1: 3.15 times.
- DUT-4 was fully depleted in cycle 3-4, charging iPhone-4: 3.76 times.
- DUT-3 was fully depleted in cycle 3-5, charging iPhone-3/iPhone-4: 4.11 times.
  - Charging iPhone-3: 4 times
  - Charging iPhone-4: 0.11 times



*Figure 11: DUT Overall Charging Performance*



*Figure 12: DUT Charging Performance vs Test Cycle*

Power Bank Testing
Test Results

In USB charging, the power supply (DUT in this test) does not determine the power to be supplied, rather, the power draw is controlled by the receiving USB device (iPhone 7 in this test). The power drawn by the iPhones was captured by the test circuit, and is displayed for each DUT below. The power draws show the standard decrease in power as the iPhone battery charge increases. The immediate power outages note the depletion of the DUT for the respective test cycle.



*Figure 13: DUT Supplied Power vs Test Cycles*

Power Bank Testing
Test Results

After completion of each cycle, a screenshot was collected from each iPhone's battery statistics in order to further verify charge and discharge times.



*Figure 14: iPhone-1 Charging Summary Screenshots*

Power Bank Testing

Test Results



*Figure 15: iPhone-2 Charging Summary Screenshots*

Power Bank Testing
Test Results



*Figure 16: iPhone-3 Charging Summary Screenshots*

Power Bank Testing
Test Results



*Figure 17: iPhone-4 Charging Summary Screenshots[3]*

---

[3] iPhone-4 was reset after DUT-4 was depleted during Test 3-4. In doing so, there was not sufficient data for the iPhone to track battery statistics for iPhone-4's charging during Test 3-5.

# APPENDIX A: LIST OF RELATED DOCUMENTS

| File | Description | Folder |
|------|-------------|--------|
| Power Bank Test Plan - S&T - v03 | Test plan | ~/Test Docs |
| Power Bank Test Sheet | Testing spreadsheet and log | ~/Test Docs |
| Power Bank Test Results - S&T | Test results and report | ~/Test Docs |
| - | Test 2 setup and operation photos | ~/Test Photos/Test 2 |
| - | Test 3 setup and operation photos | ~/Test Photos/Test 3 |
| - | iPhone-X screenshots | ~/Test Photos/Test 3/iPhone-X |
| - | Test-X data | ~/Test Data/Test-X |
| DMM_Data_Output | Data analysis script | ~/Test Data |
| - | Data analysis output figures | ~/Test Data/Outputs |

# APPENDIX B: TEST DEVICES

| Belkin Power Bank Device List (Updated) | | | |
|---|---|---|---|
| ID | Description | Model | Serial Number |
| 1 | Pocket Power 10K Power Bank | F7U020 1INP11/66/110 | 4218DO |
| 2 | | F7U020 1INP11/66/110 | 0819DO |
| 3 | | F7U020 INP11/66/110-1 | 4218DO |
| 4 | | F7U020 INP11/66/110-1 | 4518DO |

| Apple iPhone 7 Device List | | | | | |
|---|---|---|---|---|---|
| ID | Description | Model | Serial Number | SW Version | Stated Battery Health (11/22/20221) |
| 1 | Apple iPhone 7 | MNAJ2LL/A | F4GSDU5HHG71 | 14.8 | 100 |
| 2 | | MNAC2LL/A | DX4YGCVDHG6W | 14.5.1 | 98 |
| 3 | | MN8N2LL/A | C6KT82WJHG73 | 15.0.1 | 91 |
| 4 | | MNAC2LL/A | DX4YGE45HG6W | 14.5.1 | 85 |

| Digital Multi-Meter Device List | | | | | |
|---|---|---|---|---|---|
| ID | Description | Model | Serial Number | DUT Pairing | Measurement |
| 1 | Keysight Handheld DMM | U1233A | MY54490018 | 1 | Current (Vout) |
| 2 | | U1232A | MY61190016 | 1 | Voltage (Vusb) |
| 3 | | U1233A | MY54500023 | 2 | Current (Vout) |
| 4 | | U1232A | MY61160030 | 2 | Voltage (Vusb) |
| 5 | | U1233A | MY54500039 | 3 | Current (Vout) |
| 6 | | U1232A | MY61400033 | 3 | Voltage (Vusb) |
| 7 | | U1253B | MY54480036 | 4 | Current (Vout) |
| 8 | | U1233A | MY54490005 | 4 | Voltage (Vusb) |

# APPENDIX C: TEST DATA FILES

*Test 2 Data Log*

| DUT | Data Directory | Data Type | DMM S/N | Data File |
|-----|----------------|-----------|---------|-----------|
| 1 | (Test Root Folder)/Test 2 | Current | MY54490018 | U1233A_MY54490018_132827154541199657.xml |
| | | Voltage | MY61190016 | U1232A_MY61190016_132827154539943010.xml |
| 2 | | Current | MY54500023 | U1233A_MY54500023_132827154538676403.xml |
| | | Voltage | MY61160030 | U1232A_MY61160030_132827154537430500.xml |
| 3 | | Current | MY54500039 | U1233A_MY54500039_132827154535765990.xml |
| | | Voltage | MY61400033 | U1232A_MY61400033_132827154545208830.xml |
| 4 | | Current | MY54480036 | U1253B_MY54480036_132827154543942216.xml |
| | | Voltage | MY54490005 | U1233A_MY54490005_132827154542556052.xml |

*Test 3 Data Log*

| Data Directory | Data Type | DMM S/N | Data File | Notes |
|----------------|-----------|---------|-----------|-------|
| (Test Root Folder) /Test 3-1 | Current | MY54490018 | U1233A_MY54490018_132827820740259312.xml | |
| | Voltage | MY61190016 | U1232A_MY61190016_132827820739650956.xml | |
| | Current | MY54500023 | U1233A_MY54500023_132827820739092438.xml | |
| | Voltage | MY61160030 | U1232A_MY61160030_132827820737747946.xml | |
| | Current | MY54500039 | U1233A_MY54500039_132827820737219439.xml | |
| | Voltage | MY61400033 | U1232A_MY61400033_132827820736680805.xml | |
| | Current | MY54480036 | U1253B_MY54480036_132827820736072420.xml | |
| | Voltage | MY54490005 | U1233A_MY54490005_132827820735382222.xml | |
| (Test Root Folder) /Test 3-2 | Current | MY54490018 | U1233A_MY54490018_132828029995627495.xml | |
| | Voltage | MY61190016 | U1232A_MY61190016_132828029994629922.xml | |
| | Current | MY54500023 | U1233A_MY54500023_132828029993562915.xml | |
| | Voltage | MY61160030 | U1232A_MY61160030_132828029992625202.xml | |
| | Current | MY54500039 | U1233A_MY54500039_132828029991678059.xml | |
| | Voltage | MY61400033 | U1232A_MY61400033_132828029990700343.xml | |
| | Current | MY54480036 | U1253B_MY54480036_132828029988745575.xml | |
| | Voltage | MY54490005 | U1233A_MY54490005_132828029987309424.xml | |
| (Test Root Folder) /Test 3-3 | Current | MY54490018 | U1233A_MY54490018_132828575852713817.xml | |
| | Voltage | MY61190016 | U1232A_MY61190016_132828575851846139.xml | |
| | Current | MY54500023 | U1233A_MY54500023_132828575849833116.xml | |
| | Voltage | MY61160030 | U1232A_MY61160030_132828575849332647.xml | |
| | Current | MY54500039 | U1233A_MY54500039_132828575848875180.xml | |

Power Bank Testing
Test Results - Appendix D

| Data Directory | Data Type | DMM S/N | Data File | Notes |
|---|---|---|---|---|
| | Voltage | MY61400033 | U1232A_MY61400033_132828575848296719.xml | |
| | Current | MY54480036 | U1253B_MY54480036_132828575847789264.xml | Zero'd data until 7:49 AM (unplugged) |
| | Voltage | MY54490005 | U1233A_MY54490005_132828575847052912.xml | |
| (Test Root Folder) /Test 3-4 | Current | MY54490018 | U1233A_MY54490018_132828752666785375.xml | |
| | Voltage | MY61190016 | U1232A_MY61190016_132828752666396396.xml | |
| | Current | - | - | DUT-2 depleted on cycle 3 |
| | Voltage | - | | |
| | Current | MY54500039 | U1233A_MY54500039_132828752665985017.xml | |
| | Voltage | MY61400033 | U1232A_MY61400033_132828752665555979.xml | |
| | Current | MY54480036 | U1253B_MY54480036_132828752665066781.xml | |
| | Voltage | MY54490005 | U1233A_MY54490005_132828752664488329.xml | |
| (Test Root Folder) /Test 3-5 | Current | - | - | DUT-1 depleted on cycle 4 |
| | Voltage | - | - | |
| | Current | - | - | DUT-2 depleted on cycle 3 |
| | Voltage | - | - | |
| | Current | MY54500039 | U1233A_MY54500039_132828770094643795.xml | Started at 75% (86% - 75% = 11%) |
| | Voltage | MY61400033 | U1232A_MY61400033_132828770094055367.xml | |
| | Current | - | - | DUT-4 depleted on cycle 3 |
| | Voltage | - | - | |

# APPENDIX D: TEST NOTES

*Test 2 Notes*

| Test 2 Notes (11/29) | |
|---|---|
| 10:26:00 AM | Began charging initial DUTs, without DUT #1, no data collected |
| 10:40:00 AM | Began video recording |
| 10:40:00 AM | Opened DUT #1 FedEx packaging |
| 10:45:00 AM | Replaced DUTs #2-4 with new powerbanks delivered this morning |
| 10:45:00 AM | Verified DMM connections and settings, verified data log directory empty, began data acquisition and test. |
| 10:55:00 AM | DUT #4 charging circuit appears to be incorrect. |
| 10:57:00 AM | First tried swapping DUT #3 charging block with DUT #4 charging block. Issue not resolved. Determined to be interior to box. |
| 10:59:00 AM | Issue self resolved. Presume to be belkin powerbank calling for more power now that has more battery charge. (USB power draw controlled by charging device) |
| 2:26:00 PM | Received fast charging blocks from Target. Swapped 1 Amp chargers for fast 2.4 Amp chargers. |
| 7:10:00 PM | Charging completed. Data acquisition stopped. Powerbanks unplugged for end of data acquisition then replugged in to power for overnight. |
| 7:10:00 PM | Video recording stopped |

*Test 3 Notes*

| Test 3 Notes | |
|---|---|
| Test Notes - cycle 1 (11/30) | |
| 10:05:00 AM | Video recording began. |
| 10:05:00 AM | Found U1253B battery low, swapped battery with new one. |
| 10:10:00 AM | Connected DMMs to laptop, verified connection and settings, verified data log directory empty |
| 10:18:00 AM | Test connections made, DMM acquisition began, DUTs connected, verified all iPhones charging |
| 10:18:00 AM | iPhone 3 placed into airplane mode. Wifi and Bluetooth off. |
| 10:22:00 AM | Verified remaining iPhones all in airplane mode. Wifi and Bluetooth off. |
| 12:41:00 PM | iPhone 1 fully charged. DUT 1 unplugged, screenshot captured. |
| 1:05:00 PM | iPhone 4 fully charged. DUT 4 unplugged, screenshot captured. |
| 1:30:00 PM | iPhone 2 fully charged. DUT 2 unplugged, screenshot captured. |
| 1:35:00 PM | iPhone 3 fully charged. DUT 3 unplugged, screenshot captured. |
| Test Notes - cycle 2 (11/30) | |
| 4:20:00 PM | Connected DMMs to laptop, verified connection and settings, verified data log directory empty |
| 4:20:00 PM | Test connections made, DMM acquisition began, DUTs connected, verified all iPhones charging |
| 4:34:00 PM | Verified all iPhones in airplane mode, Wifi and bluetooth off. |
| 6:35:00 PM | iPhone 1 fully charged. DUT 1 unplugged, screenshot captured. |
| 7:17:00 PM | iPhone 4 fully charged. DUT 4 unplugged, screenshot captured. |
| 7:22:00 PM | iPhone 3 fully charged. DUT 3 unplugged, screenshot captured. |
| 7:30:00 PM | iPhone 2 fully charged. DUT 2 unplugged, screenshot captured. |
| 7:30:00 PM | Video recording stopped. |
| Test Notes - cycle 3 (12/1) | |

Power Bank Testing
Test Results - Appendix D

| Test 3 Notes | |
|---|---|
| 7:30:00 AM | Started video recording |
| 7:30:00 AM | Found U1253B battery low, swapped battery with new one. |
| 7:35:00 AM | Connected DMMs to laptop, verified connection and settings, verified data log directory empty |
| 7:35:00 AM | Test connections made, DMM acquisition began, DUTs connected, verified all iPhones charging |
| 7:38:00 AM | Verified all iPhones in airplane mode, Wifi and bluetooth off. |
| 7:48:00 AM | Found U1253B was not re-connected after morning battery swap. Re-connected device. Measuring properly. Continue test without interruption. |
| 9:15:00 AM | DUT 2 powerbank depleted. iPhone 2 reached 71% battery capacity. |
| 10:00:00 AM | iPhone 1 fully charged. DUT 1 unplugged, screenshot captured. |
| 10:23:00 AM | iPhone 4 fully charged. DUT 4 unplugged, screenshot captured. |
| 10:40:00 AM | iPhone 3 fully charged. DUT 3 unplugged, screenshot captured. |
| **Test Notes - cycle 4 (12/1)** | |
| 12:21:00 PM | Connected DMMs to laptop, verified connection and settings, verified data log directory empty |
| 12:38:00 PM | Test connections made, DMM acquisition began, DUTs connected, verified all iPhones charging |
| 12:40:00 PM | Verified all iPhones in airplane mode, Wifi and bluetooth off. |
| 12:40:00 PM | DUT 2 not tested in this cycle (already depleted) |
| 12:56:00 PM | DUT 1 powerbank depleted. iPhone 1 reached 15% battery capacity. |
| 2:10:00 PM | DUT 4 powerbank depleted. iPhone 4 reached 76% battery capacity. |
| 3:30:00 PM | iPhone 3 fully charged. DUT 3 unplugged, screenshot captured. |
| **Test Notes - cycle 5 (12/1)** | |
| 3:41:00 PM | Connected DMMs to laptop, verified connection and settings, verified data log directory empty |
| 3:41:00 PM | Test connections made, DMM acquisition began, DUTs connected, verified all iPhones charging |
| 3:41:00 PM | Verified all iPhones in airplane mode, Wifi and bluetooth off. |
| 3:41:00 PM | DUT 3 paired with iPhone-4 for quick test, there is only 1 LED remaining. |
| 4:02:00 PM | DUT 3 powerbank depleted. iPhone 4 reached 86% battery capacity from 75%. |
| 4:04:00 PM | Video recording stopped. |

**EXHIBIT B**

Exhibit B
Plaintiff Lenore Miley's Convictions

| No. | Filing Date: | Case No. | Convictions: |
|-----|-------------|----------|--------------|
| 1. | 12/22/2016 | 6AN07248 | 146601.1(B)(2) VC MISD - Driving with suspended or revoked license "within five years of a prior offense that resulted in a conviction of a violation of this section." |
| 2. | 5/9/2014 | LA077765 | Health & Safety Code 11351 – possession "for sale or purchases for purposes of sale (1) any controlled substance specified in subdivision." |
| 3. | 2/28/20214 | 2014519055 | 22349(a) VC - Exceeding Maximum Speed Limit of 65 MPH |
| 4. | 1/3/2012 | 1PY07176 | 11364(A) H&S MISD – unlawful possession of "an opium pipe or any device, contrivance, instrument, or paraphernalia used for unlawfully injecting or smoking (1) a controlled substance." |
| 5. | 9/29/2009 | 9PY06834 | 41.24(A) LAM MISD – Trespass on private property |
| 6. | 5/28/2008 | SA067925 | 530.5(A) Penal Code - Identity Theft |
| 7. | 5/20/2008 | 8SR02498 | 23152(A) Vehicle Code – Driving while under the influence of any alcoholic beverage; and\n\n14601.1(A) Vehicle Code – Driving when driving privilege is suspended or revoked |
| 8. | 3/11/2008 | LA058357 | 11377(A) Health & Safety Code - unlawful possession of methamphetamines as well as certain other narcotics |
| 9. | 6/27/2007 | 7VY02584 | 20002(A) VC MISD – failure to stop after accident |
| 10. | 3/15/2006 | 6SR01347 | 11550(A) H&S MISD – Under the influence of controlled substance |
| 11. | 8/23/2005 | PA052799 | 11377(A) H&S MISD – Possession of controlled substance; and\n\n14601.1(A) Vehicle Code – Driving when driving privilege is suspended or revoked |
| 12. | 2/1/2005 | 5SF00529 | 14601.1(A) Vehicle Code – Driving when driving privilege is suspended or revoked |

| No. | Filing Date: | Case No. | Convictions: |
|-----|--------------|----------|--------------|
| 13. | 7/14/1999 | 9PN04073 | 10852 VC MISD - willfully injuring or tampering with another's vehicle or the contents; and<br><br>14601.1(A) Vehicle Code – Driving when driving privilege is suspended or revoked |

Filing Date: 12/22/2016

Case No. 6AN07248

Conviction(s): 14601.1(B)(2) - Driving with suspended or revoked license "within five years of a prior offense that resulted in a conviction of a violation of this section."

SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

NO. 6AN07248                                          PAGE NO.  1
THE PEOPLE OF THE STATE OF CALIFORNIA     VS.        CURRENT DATE 12/21/21
DEFENDANT 01:  LENORE MARIE MILEY
LAW ENFORCEMENT AGENCY EFFECTING ARREST: LASD - ANTELOPE VALLEY STATION

BAIL: APPEARANCE  AMOUNT    DATE     RECEIPT OR  SURETY COMPANY   REGISTER
        DATE       OF BAIL  POSTED    BOND NO.                    NUMBER

CASE FILED ON 12/22/16.
 COMPLAINT FILED, DECLARED OR SWORN TO CHARGING DEFENDANT WITH HAVING
COMMITTED, ON OR ABOUT 10/27/16 IN THE COUNTY OF LOS ANGELES, THE FOLLOWING
OFFENSE(S) OF:
   COUNT 01: 14601.1(B)(2) VC MISD
   ALLEGED PRIOR CONVICTION ON COUNT 01 FOR 14601.1(A) VC ON 04/20/16 IN L.A.
    SUPER-NORTHWEST JUDICIAL DISTRICT UNDER CASE NUMBER D129318.
NEXT SCHEDULED EVENT:
 12/29/16   830 AM  ARRAIGNMENT   DIST ANTELOPE VALLEY CTHOUSE DEPT A07


ON 12/29/16 AT  830 AM  IN ANTELOPE VALLEY CTHOUSE DEPT A07

CASE CALLED FOR ARRAIGNMENT
PARTIES: SHANNON KNIGHT (JUDGE)  TIMOTHY R KIMBROUGH  (CLERK)
              KATHY THORNTON  (REP)      STEVEN Y MAC  (DA)
DEFENDANT IS PRESENT IN COURT, AND NOT REPRESENTED BY COUNSEL
DEFENDANT ADVISED OF THE FOLLOWING RIGHTS IN WRITING:
DEFENDANT PERSONALLY WAIVES RIGHT TO COUNSEL, APPEARING IN PROPRIA PERSONA.
DEFENDANT ADVISED OF THE FOLLOWING AS TO A PLEA OF GUILTY AND ADMISSION OF
 ALLEGED PRIOR CONVICTION:
DEFENDANT ADVISED OF AND PERSONALLY AND EXPLICITLY WAIVES THE FOLLOWING RIGHTS:
  WRITTEN ADVISEMENT OF RIGHTS AND WAIVERS FILED, INCORPORATED BY REFERENCE
HEREIN
  REPRESENTATION BY COUNSEL;
TRIAL BY COURT AND TRIAL BY JURY
  CONFRONTATION AND CROSS-EXAMINATION OF WITNESSES;
  SUBPOENA OF WITNESSES INTO COURT TO TESTIFY IN YOUR DEFENSE;
  AGAINST SELF-INCRIMINATION;
DEFENDANT ADVISED OF THE FOLLOWING:
 THE NATURE OF THE CHARGES AGAINST HIM, THE ELEMENTS OF THE OFFENSE IN THE

  COMPLAINT, AND POSSIBLE DEFENSES TO SUCH CHARGES;
 THE POSSIBLE CONSEQUENCES OF A PLEA OF GUILTY OR NOLO CONTENDERE, INCLUDING
  THE MAXIMUM PENALTY AND ADMINISTRATIVE SANCTIONS AND THE POSSIBLE LEGAL
  EFFECTS AND MAXIMUM PENALTIES INCIDENT TO SUBSEQUENT CONVICTIONS FOR THE
  SAME OR SIMILAR OFFENSES;
 THE EFFECTS OF PROBATION;
 IF YOU ARE NOT A CITIZEN, YOU ARE HEREBY ADVISED THAT A CONVICTION OF THE
  OFFENSE FOR WHICH YOU HAVE BEEN CHARGED WILL HAVE THE CONSEQUENCES OF
  DEPORTATION, EXCLUSION FROM ADMISSION TO THE UNITED STATES, OR DENIAL OF
  NATURALIZATION PURSUANT TO THE LAWS OF THE UNITED STATES.
COURT FINDS THAT EACH SUCH WAIVER IS KNOWINGLY, UNDERSTANDINGLY, AND EXPLICITLY
  MADE;
DEFENDANT ADVISED OF AND EXPLICITLY WAIVES THE FOLLOWING RIGHTS AS TO PRIOR
 CONVICTION:
   TRIAL BY JURY AND TRIAL BY COURT

```
CASE NO. 6AN07248                              PAGE NO.   2
DEF NO.  01                                    DATE PRINTED 12/21/21
```

    AGAINST SELF-INCRIMINATION;
      CONFRONTATION AND CROSS-EXAMINATION OF WITNESSES;
      SUBPOENA OF WITNESSES INTO COURT TO TESTIFY IN YOUR DEFENSE;
      REPRESENTATION BY COUNSEL;
THE DEFENDANT WITH THE COURTS APPROVAL, PLEADS NOLO CONTENDERE TO COUNT 01 A
  VIOLATION OF SECTION 14601.1(B)(2) VC.  THE COURT FINDS THE DEFENDANT GUILTY.
COUNT (01) : DISPOSITION: CONVICTED
  COURT ORDERS AND FINDINGS:
  -THE COURT ORDERS THE DEFENDANT TO APPEAR ON THE NEXT COURT DATE.
DEFENDANT ADMITS THE PRIOR CONVICTION OF THE CRIME IN VIOLATION AS TO COUNT 01
  OF SECTION 14601.1(A) VC, ON AND ABOUT 04/20/16 IN THE L.A. SUPER-NORTHWEST
  JUDICIAL DISTRICT UNDER CASE NUMBER D129318
COURT FINDS THAT EACH SUCH WAIVER IS KNOWINGLY, UNDERSTANDINGLY, AND EXPLICITLY
  MADE;
COURT FINDS THAT THERE IS A FACTUAL BASIS FOR DEFENDANT'S PLEA, AND COURT
  ACCEPTS PLEA.
  STATEMENT OF RIGHTS FILED.
  .

  ARBUCKLE WAIVER TAKEN.

WAIVES STATUTORY TIME.
NEXT SCHEDULED EVENT:
02/27/17   830 AM  PROBATION AND SENTENCE HEARING   DIST ANTELOPE VALLEY
CTHOUSE DEPT A07

CUSTODY STATUS: DEFENDANT REMAINS ON OWN RECOGNIZANCE


ON 02/27/17 AT  830 AM  IN ANTELOPE VALLEY CTHOUSE DEPT A07

CASE CALLED FOR PROBATION AND SENTENCE HEARING
PARTIES: SHANNON KNIGHT (JUDGE) TIMOTHY R KIMBROUGH  (CLERK)
             KATHY THORNTON      (REP)  KURT S. ABOURCHED  (DA)
DEFENDANT IS PRESENT IN COURT, AND NOT REPRESENTED BY COUNSEL
  DEFENDANT APPEARS IN PRO PER
  MATTER IS CONTINUED TO 3/14/17 AT 8:30 A.M. IN DEPARTMENT A7
  FOR PROBATION AND SENTENCE WITH VALID CDL.
  COURT ORDERS AND FINDINGS:
  -THE COURT ORDERS THE DEFENDANT TO APPEAR ON THE NEXT COURT DATE.

NEXT SCHEDULED EVENT:
  03/14/17   830 AM  PROBATION AND SENTENCE HEARING   DIST ANTELOPE VALLEY
     CTHOUSE DEPT A07

CUSTODY STATUS: DEFENDANT REMAINS ON OWN RECOGNIZANCE


ON 03/14/17 AT  830 AM  IN ANTELOPE VALLEY CTHOUSE DEPT A07

CASE CALLED FOR PROBATION AND SENTENCE HEARING
PARTIES: SHANNON KNIGHT (JUDGE) TIMOTHY R KIMBROUGH   (CLERK)
             KATHY THORNTON  (REP)    PAUL MOLL  (DA)
DEFENDANT IS PRESENT IN COURT, AND NOT REPRESENTED BY COUNSEL
  DEFENDANT APPEARS IN PRO PER
  DEFENDANT WAIVES ARRAIGNMENT FOR JUDGMENT AND STATES THERE IS NO LEGAL CAUSE
  WHY SENTENCE SHOULD NOT BE PRONOUNCED. THE COURT ORDERED THE FOLLOWING
  JUDGMENT:
AS TO COUNT  (01):
IMPOSITION OF SENTENCE SUSPENDED

```
CASE NO. 6AN07248                               PAGE NO.   3
DEF NO.  01                                     DATE PRINTED 12/21/21
```

DEFENDANT PLACED ON SUMMARY PROBATION
  FOR A PERIOD OF 036 MONTHS UNDER THE FOLLOWING TERMS AND CONDITIONS:
  PAY A FINE OF $300.00
    PLUS A STATE PENALTY FUND ASSESSMENT OF $870.00
  PLUS $1.00 NIGHT COURT.
  PLUS $60.00 CRIMINAL FINE SURCHARGE (PURSUANT TO 1465.7 P.C.)
    $30.00 CRIMINAL CONVICTION ASSESSMENT (PURSUANT TO 70373 G.C.)
    $40.00 COURT OPERATIONS ASSESSMENT (PURSUANT TO 1465.8(A)(1) P.C.)
    $30.00 INSTALLMENT & ACCOUNTS RECEIVABLE FEE (PURSUANT TO 1205(D)PC)
    $10.00 CITATION PROCESSING FEE (PURSUANT TO 1463.07 P.C.)
    $4.00 EMERGENCY MEDICAL AIR TRANSPORTATION ACT FUND PER 76000.10(C)(1) GC
  DEFENDANT TO PAY FINE TO THE COURT CLERK
IN LIEU OF FINE, DEFENDANT MAY:
  PERFORM 2 DAYS OF COMMUNITY LABOR, AND FILE PROOF OF COMPLETION WITH THE
    CLERK'S OFFICE BY 03/28/18;
  DEFENDANT SHALL PAY A RESTITUTION FINE IN THE AMOUNT OF $150.00 TO THE COURT
    TOTAL DUE: $1,495.00
  IN ADDITION:

  -DO NOT DRIVE A MOTOR VEHICLE WITHOUT A VALID DRIVER'S LICENSE IN
    YOUR POSSESSION OR WITHOUT LIABILITY INSURANCE IN AT LEAST THE
    MINIMUM AMOUNTS REQUIRED BY LAW.
  -IF YOU ARE DEPORTED FROM OR OTHERWISE LEAVE THE UNITED STATES,
    NOTIFY THE COURT (AND PROBATION) IN WRITING OF YOUR ADDRESS
    AND TELEPHONE NUMBER OUTSIDE THE UNITED STATES WITHIN 72 HOURS
    OF DEPORTATION OR DEPARTURE.  CONTINUE TO PAY ALL OF YOUR
    FINANCIAL OBLIGATIONS TO THE COURT (AND TO PROBATION) WHILE
    OUTSIDE THE UNITED STATES.
  -DEFENDANT IS ORDERED TO PAY A PROBATION REVOCATION RESTITUTION
    FINE PURSUANT TO PENAL CODE SECTION 1202.44, IN THE AMOUNT OF
    $ 150.00. THIS FINE SHALL BECOME EFFECTIVE UPON THE REVOCATION
    OF PROBATION.
  -OBEY ALL LAWS AND ORDERS OF THE COURT.
  -DEFENDANT ACKNOWLEDGES TO THE COURT THAT THE DEFENDANT
    UNDERSTANDS AND ACCEPTS ALL THE PROBATION CONDITIONS, AND
    DEFENDANT AGREES TO ABIDE BY SAME.
ANY MANDATORY AND NON-PUNITIVE FEES OR ASSESSMENTS ORDERED IN THIS CASE ARE NOT
CONDITIONS OF PROBATION

COUNT (01): DISPOSITION: CONVICTED

DMV JUDGMENT CODE  CG
ABSTRACT ISSUED ON 03/14/17 FOR COUNT 01
NEXT SCHEDULED EVENT:
  03/28/18   900 AM  FINES/FEES    DIST ANTELOPE VALLEY CTHOUSE DEPT CLK

CUSTODY STATUS: ON PROBATION

03/17/17  ARREST DISPOSITION REPORT SENT VIA FILE TRANSFER TO DEPARTMENT OF
         JUSTICE

ON 03/28/18 AT  900 AM  IN ANTELOPE VALLEY CTHOUSE DEPT CLK

CASE CALLED FOR FINES/FEES
PARTIES: NONE (JUDGE)  NONE  (CLERK)
           NONE      (REP)  NONE  (DDA)
DEFENDANT IS  NOT PRESENT IN COURT, AND NOT REPRESENTED BY COUNSEL
NEXT SCHEDULED EVENT:
FINES/FEES

```
CASE NO. 6AN07248                          PAGE NO.   4
DEF NO.  01                                DATE PRINTED 12/21/21
```

ON 03/28/18 AT  930 AM  IN ANTELOPE VALLEY CTHOUSE DEPT CLK

CASE CALLED FOR PROOF OF COMMUNITY SERVICE
PARTIES: NONE (JUDGE)  NONE  (CLERK)
              NONE    (REP)  NONE  (DDA)
DEFENDANT IS  NOT PRESENT IN COURT, AND NOT REPRESENTED BY COUNSEL
NEXT SCHEDULED EVENT:
PROOF OF COMMUNITY SERVICE


ON 04/13/18 AT  930 AM  IN ANTELOPE VALLEY CTHOUSE DEPT A07

CASE CALLED FOR JUDICIAL ACTION
PARTIES: FERNANDO L. AENLLE-ROCHA  (JUDGE) NONE   (CLERK)
              NONE  (REP)   NONE ()
DEFENDANT IS  NOT PRESENT IN COURT, AND NOT REPRESENTED BY COUNSEL
  PROBATION REVOKED

REMAINING COUNTS REVOKED
AS TO COUNT  (01):
   IN CHAMBERS:  THE DEFENDANT FAILED TO APPEAR IN THE CLERKS
   OFFICE BY 3/28/18 WITH PROOF OF PAYMENT OF FINES / FEES
   OF $1495 OR PROOF OF COMPLETION OF 2 DAYS COMMUNITY
   LABOR AND FEES OF $235.
   .
   THE COURT ISSUES A BENCH WARRANT IN THE AMOUNT OF $50.000.
   .
   PROBATION IS PRELIMINARILY REVOKED.
   .
   TCIS ENTRY BY T. E.
DMV ABSTRACT NOT REQUIRED
NEXT SCHEDULED EVENT:
  PROBATION REVOKED/BW ISSUED

04/13/18 BENCH WARRANT IN THE AMOUNT OF $50,000.00 BY ORDER OF JUDGE FERNANDO
     L. AENLLE-ROCHA ISSUED. (04/23/18).



ON 05/20/20 AT  900 AM :

   BASED ON CURRENT CONDITIONS, INCLUDING, BUT NOT LIMITED TO THE
   SPREAD OF COVID-19, THE NEED FOR SOCIAL DISTANCING, AND A STATE
   OF EMERGENCY HAVING BEEN DECLARED BY GOVERNOR NEWSOM, THE COURT
   FINDS GOODS CAUSE TO SCHEDULE A COURT DATE. DH
NEXT SCHEDULED EVENT:
   05/22/20   830 AM  POSSIBLE VIOL. OF PROBATION   DIST ANTELOPE VALLEY CTHOUSE
      DEPT A05



ON 05/22/20 AT  830 AM  IN ANTELOPE VALLEY CTHOUSE DEPT A05

CASE CALLED FOR POSSIBLE VIOL. OF PROBATION
PARTIES: ASHFAQ G. CHOWDHURY (JUDGE) MERCEDES ZELAYA  (CLERK)
           VICKI NIKOLA  (REP)    HUGH JACKSON  (DA)
DEFENDANT IS PRESENT IN COURT, AND REPRESENTED BY JACOB PAUL BAZAR DEPUTY
   PUBLIC DEFENDER
PROBATION TERMINATED
```

```
CASE NO. 6AN07248                          PAGE NO.   5
DEF NO.  01                                DATE PRINTED 12/21/21
```

AS TO COUNT  (01):
   PURSUANT TO THE DEFENDANT'S ORAL REQUEST, AND WITHOUT OBJECTION
   FROM THE PROSECUTOR, THE COURT ORDERS ALL TERMS OF PROBATION
   DELETED AND PROBATION TERMINATED.
DMV ABSTRACT NOT REQUIRED
NEXT SCHEDULED EVENT:
   PROCEEDINGS TERMINATED

05/22/20 BENCH WARRANT IN THE AMOUNT OF $50,000.00   RECALLED. (05/22/20).


ON 09/23/21 AT  800 AM :

   EFFECTIVE SEPTEMBER 23, 2021, THE CITATION PROCESSING AND
   ADMINISTRATIVE SCREENING FEES PER PC 1463.07 ARE REPEALED BY
   AB177. ANY UNPAID BALANCES OF CITATION PROCESSING FEES AND
   ADMINISTRATIVE SCREENING FEES ARE NO LONGER ENFORCEABLE OR

   COLLECTIBLE.

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## MISD... ANOR SENTENCING MEMORANDUM - VEHICLE CO...

| | | | |
|---|---|---|---|
| Defendant: Lenore Miley | | | Case No: GAN072480 |
| Date: 3-14-17 | Dept: A07 | Prosecutor: P/Moll | Defense: |
| Judge: S. Knowa | Clerk: TK | Reporter: KT | Interpreter/Language: |

As to Count ___, a violation of Vehicle Code § [ ] 23152(a)/(b) [ ] 23103 per 23103.5 [X] 14601 [ ] 12500(a) [ ] ___ with ___ admitted priors.

**Arraignment For Judgment**
[X] Arraignment for judgment and time for sentencing waived. There is no legal cause why judgment should not now be pronounced.

**Sentence**
1. [ ] Probation is denied. Defendant is to serve ___ days/hours in the Los Angeles County Jail, forthwith, [ ] consecutive [ ] concurrent with ___. Defendant to receive total credit of ___ days/hours (credit ___ days/hours actual plus ___ days GT/WT).
2. [ ] Pay a fine of $___ plus all applicable penalty assessments and enhancements.
3. [ ] Pay all fines and assessments as set forth in Paragraph 20 below.
4. [ ] Execution of the foregoing sentence is suspended, on the following terms and conditions.

**Conditional Sentence (PC §1203b)/Order of Probation (PC §1203a)**
[X] Imposition of sentence is suspended (ISS) [ ] [ ] With supervision by county probation officer (formal probation)
For a period of 36 months upon the following terms and conditions:

1. [ ] Serve ___ days/hours in the Los Angeles County Jail, [ ] consecutive [ ] concurrent with ___. Defendant to receive credit of ___ days/hours actual plus ___ days/hours GT/WT. [ ] Time may be served in any penal institution.
   [ ] Time may be served on consecutive weekends of two days each, beginning ___. (772)
   [ ] Time may be served in any city jail having actual confinement, at defendant's expense. (021)
   [ ] Defendant may not participate in Sheriff's home detention/EHM per PC 1203.016(e). (771) [ ] Work furlough / early release not allowed.
   [ ] Last ___ days of jail time to be served in: [ ] Antelope Valley Rehabilitation Center ___ Program. (002)
   Defendant to be released only on an authorized representative of that program and is to comply with all program terms and conditions. (013)
   If defendant leaves or is discharged from the program prior to completion, defendant is to report to court on the next court day. (013)
   [ ] Defendant ordered to install a SCRAM Alcohol Detection Device for ___ days.

2. [X] Pay a fine of $300 plus penalty assessments or in default thereof serve ___ additional days in County jail, consecutive or perform ___ days of Community Labor/___ or perform ___ days/hours of approved Community Service with credit for ___ days actual or $___ toward fine for jail time already served. [ ] Fine may be paid in monthly installments of $___. (124) [ ] Defendant to report to Financial Evaluator to work out a payment plan.
   [ ] Defendant elects jail in lieu of fine, forthwith, consecutive to all other time, credit ___ days actual plus ___ days GT/WT.

3. [ ] Perform ___ days of work for Community Labor/___ or perform ___ days/hours of approved Community Service, with credit for ___ days actual. Sign up for all work or Community Service only at a court-approved volunteer center or in the clerk's office. Failure to complete court-ordered work or Community Service without excuse may result in jail. This work or Community Service is in addition to that done in lieu of fine.

4. [ ] Make restitution to victim ___ per PC §1202.4(f). (048) [ ] In an amount to be determined at a hearing. (067) [ ] Harvey waiver taken.
   [ ] In the stipulated sum of $___. (048) [ ] per any final civil judgment against you. (100) [ ] Liability is admitted but amount is disputed.

5. [ ] Enroll within 21 days (or within 21 days from your release from custody) and successfully complete an approved: Defendant's BAC: ___%. [ ] Refusal
   [ ] 12 hour (SB 1176) [ ] 3 mo. (AB541)(327) [ ] 6 mo. (AB 768) [ ] 9 mo. (AB1353) [ ] 18 mo. (SB38)(328) [ ] 30 mo. alcohol education program.
   The DMV will not restore your driving privilege until you successfully complete a licensed alcohol education program. [ ] Obtain program details from Clerk or Health Officer.

6. [ ] Attend ___ Alcoholics Anonymous/Narcotics Anonymous meetings at the rate of ___ times per week, IN ADDITION to those required as part of the alcohol education program. (246)

7. [ ] Do not drive any vehicle with any measurable amount of alcohol or drugs in your blood, or refuse to take and complete any blood alcohol/drug chemical test, any field sobriety test or any preliminary alcohol screening test when requested by any peace officer. (711)

8. [X] Do not drive a motor vehicle without a valid driver's license in your possession, or without liability insurance in at least the minimum amounts required by law. (374)

9. [ ] Abstain from the use of all alcoholic beverages and stay out of all places where they are a chief item of sale. (300) [ ] Watson advisement given. (710)

10. [ ] Enroll in and complete the [ ] Hospital and Morgue ("HAM") Program. (471) [ ] MADD Victim Impact Program (472) [ ]

11. [ ] The court finds that defendant presents a traffic safety or public safety risk and, per VC §13352.4(d), disallows issuance by DMV of a restricted license. (249)

12. [ ] Your driver's license is hereby ordered [ ] suspended [ ] revoked for a period of ___ months ___ years. [ ] "M" section given in open court. (283) You may not drive a motor vehicle unless and until your driving privilege is restored. [ ] Defendant under age 21 at time of offense.

13. [ ] You are hereby declared to be a Habitual Traffic Offender for a period of ___ years. (283)

14. [ ] Comply with the "Supplemental Terms of Probation - Ignition Interlock Device" regarding installation of an ignition interlock. (248) [ ] as ordered by the DMV

15. [ ] Do not own, use, possess, buy or sell any controlled substances, or associated paraphernalia, except with valid prescription, and stay away from places where users, buyers or sellers congregate. Do not associate with persons known by you to be controlled substance users, except in an authorized drug counseling program. (926)

16. [ ] Submit your person and property to search and seizure at any time of the day or night, by any Probation Officer or other peace officer, with or without a warrant, probable cause or reasonable suspicion. (576)

17. [ ] The vehicle with license plate ___ is, after notice and hearing, ordered impounded for ___ days per Vehicle Code § 23594(a). (703)

18. [ ] The vehicle with license plate ___ is, after notice and hearing, ordered confiscated and sold per Vehicle Code § 23596(a).

19. [X] If you are deported from or otherwise leave the United States, notify the Court [and Probation] in writing of your address and telephone number outside the United States within 72 hours of deportation or departure. Continue to pay all of your financial obligations to the Court [and to Probation] while outside the United States. (474)

20. [X] Pay all of the following (check all that apply):
   [X] A restitution fine of $150, per PC §1202.4(b) through (e). (098)
   [X] A court security fee of $40.00 per PC §1465.8(a)(1). (per court) (8A:CA)
   [X] A criminal conviction/facilities assessment of $30.00 per Gov't Code §70373(a). (8A:CC)
   [ ] A probation revocation restitution fine in the same amount as the restitution fine, per PC §1202.44, payment is stayed until probation is revoked and sentence imposed.
   [ ] A criminal fine surcharge of $___ per Penal Code §1465.7 (20% of base fine). (8A:AB)
   [ ] A criminal justice administration fee of $___, payable to the local sentencing agency, per Gov't Code §§ 29550(c), 29550.1 or 29550.2 (agency's actual cost).
   [ ] Cost of probation services per PC 1203.1b, [ ] as determined by the Probation Officer, subject to a hearing if requested [ ] in the amount of $___ per month.

   [ ] An administrative screening fee of $25 per PC 1463.07/GC §29550(f) (released OR.)
   [ ] A citation processing fee of $10.00 per PC §1463.07 and GC §29550(f) (if cited and released in field or at jail facility.)
   [ ] An alcohol abuse education and prevention penalty assessment of $___ ($50 max.) per VC §23645
   [ ] An alcohol and drug problem assessment of $___ ($100.00 max.) per VC §23649.
   [ ] A drug program fee of $150.00 (per drug count except §11357(b)) per H&S §11372.7(e).
   [ ] A crime lab fee of $50.00 plus penalty assessment per H&S §11372.5. (184)

21. [X] ... pay $155.00 or 20 days ... or 2 days ... $35.00

22. [X] Obey all laws and orders of the Court (541) [ ] and rules and regulations of the Probation Department. (542)
   [ ] Defendant acknowledges that he/she understands and accepts the terms and conditions of probation. (810)
   [ ] Defendant ordered to pay attorney fees [ ] in the amount of $___ [ ] in the amount determined by the Financial Evaluator.
   [X] Counts/allegations ___ are dismissed/stricken on the People's motion pursuant to Penal Code Section 1385 as to this defendant.

**Compliance Dates: Defendant is ordered to appear in person on each of the following compliance dates. (883)**

| | |
|---|---|
| Surrender for jail: [ ] Cruz waiver taken: | Restitution Hearing in Dept. ___ at 8:30 a.m. |
| Pay fine/fees in full by: [X] installments allowed  3/28/18 | POE/Proof of Completion of Alcohol Program: |
| Complete jail work/js by: | Other: |

I understand, accept and will comply with the foregoing conditional sentence and compliance dates and will return to Court as ordered.

Defendant's Signature: _Lenore Miley_
Attorney's Signature (joining):

Defendant's Address: 16057 Sherman Way
Defendant's Telephone: ___
42 Van Nuys CA 91406
Judge/Commissioner of the Superior Court

CRIM 088 (Rev 01/12)    DISTRIBUTION: Pink - Court Copy; White - Defendant Copy

Sherman

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF LOS ANGELES**

*PRIOR ALLEGED*

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA,<br>Plaintiff,<br>v.<br>**LENORE MARIE MILEY  (DOB:** ▮▮▮▮ **)**<br>Defendant(s). | **CASE NO.**  6 A N 0 7 2 4 8<br><br>***MISDEMEANOR COMPLAINT*** |

The undersigned is informed and believes that:

COUNT 1

On or about October 27, 2016, in the County of Los Angeles, the crime of DRIVING WHEN PRIVILEGE SUSPENDED OR REVOKED AFTER A PRIOR OFFENSE, in violation of VEHICLE CODE SECTION 14601.1(b)(2), a Misdemeanor, was committed by LENORE MARIE MILEY, who drove a motor vehicle when her  driving privilege was suspended and/or revoked for a reason other than those listed in Vehicle Code Sections 14601, 14601.2 or 14601.5, knowing of the suspension and/or revocation, and, who, within the five years prior to that offense, had committed a violation of Vehicle Code Section 14601.1  that resulted in a conviction:

| Off Date | Conv Date | Code/Section | Court | Docket # |
|----------|-----------|--------------|-------|----------|
| 12/07/2015 | 04/20/2016 | VC 14601.1 | VAN NUYS | D129318 |

\* \* \* \* \*

***MISDEMEANOR COMPLAINT***

**NOTICE: Conviction of this offense will require the defendant to provide DNA samples and print impressions pursuant to Penal Code sections 296 and 296.1 if the defendant has suffered a prior felony conviction. Willful refusal to provide the samples and impressions is a crime.**

**NOTICE: The People of the State of California intend to present evidence and seek jury findings regarding all applicable circumstances in aggravation, pursuant to Penal Code section 1170(b) and *Cunningham v. California* (2007) 549 U.S. 270.**

**NOTICE: A Suspected Child Abuse Report (SCAR) may have been generated within the meaning of Penal Code §§ 11166 and 11168 involving the charges alleged in this complaint. Dissemination of a SCAR is limited by Penal Code §§ 11167 and 11167.5 and a court order is required for full disclosure of the contents of a SCAR.**

Further, attached hereto and incorporated herein are official reports and documents of a law enforcement agency which the undersigned believes establish probable cause for the arrest of defendant(s) LENORE MARIE MILEY for the above-listed crimes.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT AND THAT THIS COMPLAINT CONSISTS OF 1 COUNT(S).

Executed at LANCASTER, County of Los Angeles, on December 21, 2016.

*fon*                                ELIZABETH SHERMAN
                                     DECLARANT AND COMPLAINANT

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

JACKIE LACEY, DISTRICT DEPUTY           BY: MELITA MONTGOMERY, DEPUTY

AGENCY:   LASD -           I/O: ELIZABETH          ID NO.: 550490    PHONE : (661) 948-8466
          LANCASTER            SHERMAN
          STATION PATROL
DR NO.:   916189761127255   OPERATOR: KB

| DEFENDANT | CII NO. | CITATION NO. | BOOKING NO. | BAIL RECOM'D | CUSTODY R'TN DATE |
|---|---|---|---|---|---|
| MILEY, LENORE MARIE | 012408555 | | 4817861 | | 12/29/2016 |

Pursuant to Penal Code Section 1054.5(b), the People are hereby informally requesting that defense counsel provide discovery to the People as required by Penal Code Section 1054.3.

Filing Date: 05/09/2014

Case No. LA077765

Conviction(s): Health & Safety Code §11351 – possession "for sale or purchases for purposes of sale (1) any controlled substance specified in subdivision."

Criminal Case Summary

| | |
|---|---|
| Case Number: | LAVLA077765-01 |
| Defendant Name: | MILEY, LENORE MARIE |
| Violation Date: | May 7, 2014 |
| Filing Date: | May 9, 2014 |
| Courthouse: | Van Nuys Courthouse West |

## CASE INFORMATION

| Count | Charge Section | Charge Statute | Plea | Disposition | Disposition Date |
|---|---|---|---|---|---|
| 01 | 11351 | Health & Safety Code | Nolo Contendere | Guilty/Convicted | 05/21/2014 |
| 02 | 11378 | Health & Safety Code | Not Guilty | Di mi ed or Not Pro ecuted | 06/10/2014 |

## EVENTS

**Upcoming Scheduled Events**

None

**Past Events**

| Date | Time | Location | Dept/Room Number | Events |
|---|---|---|---|---|
| May 9, 2014 | 08:30 AM | Van Nuy Courthou e We t | 100 | ARRAIGNMENT |
| May 21, 2014 | 08:30 AM | Van Nuy Courthou e We t | 112 | PRELIMINARY HEARING |
| June 10, 2014 | 08:30 AM | Van Nuy Courthou e We t | 112 | PROBATION AND SENTENCE HEARING |
| December 19, 2014 | 11:00 AM | | CLK | DOCKET LINE ENTRY |
| January 13, 2015 | 08:30 AM | Van Nuy Courthou e We t | 112 | POSSIBLE VIOL OF PROBATION |
| January 15, 2015 | 08 30 AM | Van Nuy Courthou e We t | 112 | PROBATION VIOLATION HEARING |

| January 23, 2015 | 09:00 AM | | CLK | DOCKET LINE ENTRY |
| February 5, 2015 | 08:30 AM | Van Nuys Courthouse West | 112 | PROBATION VIOLATION HEARING |
| March 11, 2015 | 11:00 AM | | CLK | DOCKET LINE ENTRY |
| March 26, 2015 | 08:30 AM | Van Nuys Courthouse West | 112 | POSSIBLE VIOL. OF PROBATION |
| April 30, 2015 | 11:00 AM | | CLK | DOCKET LINE ENTRY |
| May 14, 2015 | 09:00 AM | | CLK | DOCKET LINE ENTRY |
| May 15, 2015 | 08:30 AM | Van Nuys Courthouse West | 112 | POSSIBLE VIOL. OF PROBATION |
| July 8, 2015 | 08:30 AM | Van Nuys Courthouse West | 112 | PROBATION VIOLATION HEARING |
| July 9, 2015 | 08:30 AM | Van Nuys Courthouse West | 112 | PROBATION VIOLATION HEARING |
| September 29, 2015 | 11:00 AM | | CLK | DOCKET LINE ENTRY |
| October 14, 2015 | 08:30 AM | Van Nuys Courthouse West | 112 | POSSIBLE VIOL. OF PROBATION |
| February 1, 2016 | 08:30 AM | Van Nuys Courthouse West | 112 | PROBATION VIOLATION HEARING |

## BAIL

No Information Found

## SENTENCING INFORMATION

THE INFORMATION PROVIDED ON THIS WEBSITE CONTAINS ONLY AN EXTRACTION FROM THE COURT RECORD. IT IS PROVIDED FOR INFORMATIONAL PURPOSES ONLY AND IS NOT A FULL AND COMPLETE RECORD OF COURT PROCEEDINGS.

| Sentencing Information | |
| SENTENCING DATE: | June 10, 2014 |

| For Count(s): | 01 | PROBATION/MANDATORY SUPERVISION: | FORMAL PROBATION 3 YEAR(S) |
|---|---|---|---|
| | | | |
| JAIL TERM: | | JAIL TERM: | 270 DAY(S) IN LOS ANGELES COUNTY JAIL |
| | | | |
| BASE FINE/TOTAL FINE: | $0.00 | BASE FINE/TOTAL FINE: | $0.00 |
| (OR) Jail term instead of fine: | | (OR) Jail term instead of fine: | |

| Additional Terms | | |
|---|---|---|
| PROGRAM: | | |
| PROGRAM INSTEAD OF FINE | | |
| | | |
| ALCOHOL PROGRAM: | | |
| | | |
| LICENSE RESTRICTION/SUSPENSION: | | |
| | | |

Filing Date: 02/28/2014

Case No. 2014519055

Conviction(s): Exceeding Maximum Speed Limit of 65 MPH

**Superior Court of California**
**County of Ventura**

| Name | Miley, Lenore Marie | | | Ca e Number | 2014519055 |
|---|---|---|---|---|---|
| Citation Number | 20010SR | Violation Date | 02/10/2014 | Case Status | Convicted - Civil Assessment |
| Arresting / Issuing Agency | California Highway Patrol | Offense Level | Infraction | Mandatory Appearance | No |
| Disposition Date | 07/15/2014 | Appearance / Due Date | 04/15/2014 | | |
| Warrant Amount | | Warrant Date | | | |
| | | | | Ca e Balance | $701.00 |

**Scheduled Hearings**

**No Results.**

**Violations**

| Violation | Offense | Correctable | Plea | Disposition |
|---|---|---|---|---|
| 22349(a) VC | Infraction | N | | Found guilty by court |
| Exceeding Maximum Speed Limit of 65 MPH | | | | |

| | |
|---|---|
| 11/01/2019 | Collections Case with a previous referral to Municipal Services Bureau is now withdrawn. Reason: Case Withdrawn by the Court . |
| 04/06/2018 | Collections Case with a previous referral to Franchise Tax Board is now withdrawn. Reason: Case Withdrawn by the Court . |
| 03/08/2017 | Satellite payment from receipt # 5988597 in the amount of $30.00 approved. |
| 03/07/2017 | Satellite Payment from receipt # 5988597 received in the amount of $30.00 |
| 02/23/2017 | DD4 sent to DMV. Return code: 800 |
| 02/07/2017 | Satellite payment from receipt # 5960885 in the amount of $30.00 approved. |
| 02/06/2017 | Satellite Payment from receipt # 5960885 received in the amount of $30.00 |
| 01/09/2017 | Satellite payment from receipt # 5935202 in the amount of $30.00 approved. |
| 01/06/2017 | Satellite Payment from receipt # 5935202 received in the amount of $30.00 |
| 08/12/2014 | DD3 sent to DMV. Return code: 800 |
| 07/16/2014 | TR-215M Decision and Notice of Decision of Trial by Written Declaration - In Absentia sent to defendant on 07/16/2014 . |
| 07/15/2014 | The Court finds the defendant guilty on count(s) 1 . Pursuant to Penal Code Section 1465.8, each violation resulting in a conviction will be assessed a $40 security fee. Pursuant to Government Code Section 70373, a Criminal Conviction Assessment fee of $35.00 on every conviction for infractions, and $30.00 on every conviction for felonies and misdemeanors will be imposed. Pursuant to Government Code Section 76000.10,an Emergency Med Air Transport fee of $4.00 will be added for each convicted vehicle code violation. |
| 07/15/2014 | You are sentenced to the following: |
| 07/15/2014 | Pay a total fine of $331.00 . (If you have been convicted of a vehicle code violation, failure to pay this fine will result in a suspension of your driver's license). |
| 07/15/2014 | Trial in Absentia - Current balance due is $716.00 (includes Civil Assessment plus fees). |
| 07/15/2014 | DD2 sent to DMV. Return code: 800 |
| 07/07/2014 | CNCV300 |
| 06/04/2014 | CNCV200 |
| 05/07/2014 | Letter NOTICE OF FAILURE TO APPEAR AND CIVIL ASSESSMENT sent. If paid on or before 06/03/2014 $506.00 07/06/2014 $606.00 On or after 07/07/2014 $706.00 Last date to file petition request to vacate Civil Assessment is 07/07/2014 . |
| 05/07/2014 | DD5 sent to DMV. Return code: 800 |
| 05/06/2014 | $100 Civil Assessment imposed. |
| 03/18/2014 | Your citation appearance date has been extended to 04/15/14 . |
| 03/03/2014 | Letter Courtesy Letter sent. Appearance Date is 03/18/2014 . |
| 03/03/2014 | If failure to appear or pay before 04/07/2014 a Civil Assessment will be imposed in the amount of $300.00. If paid on or after: 04/07/2014 pay a total of $506.00 (CIVA $100) 05/07/2014 pay a total of $606.00 (CIVA $200) 06/04/2014 pay a total of $706.00 (CIVA $300) |
| 02/28/2014 | Citation filed on 02/28/2014 by California Highway Patrol City of Simi Valley with citation # 20010SR |
| 02/28/2014 | MILEY, LENORE filed as name of record. |
| 02/28/2014 | Infraction charge of 22349(A) VC with violation date of Feb 10 2014 8:25PM filed as count 1 . |
| 02/28/2014 | Defendant balance calculated. Pay $ 331.00 for Case Balance . |
| 02/28/2014 | Defendant balance calculated. Pay $ 396.00 for Traffic School . |

Filing Date: 01/03/2012

Case No. 1PY07176

Conviction(s): 11364(A) H&S MISD – unlawful possession of "an opium pipe or any device, contrivance, instrument, or paraphernalia used for unlawfully injecting or smoking (1) a controlled substance."

SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES
NO. 1PY07176                                    PAGE NO.  1
THE PEOPLE OF THE STATE OF CALIFORNIA    VS.    CURRENT DATE 12/21/21
DEFENDANT 01:  LENORE MARIE MILEY
LAW ENFORCEMENT AGENCY EFFECTING ARREST: LAPD - NO. HOLLYWOOD AREA

BAIL: APPEARANCE  AMOUNT    DATE    RECEIPT OR  SURETY COMPANY    REGISTER
      DATE        OF BAIL   POSTED  BOND NO.                      NUMBER

CASE FILED ON 01/03/12.
 COMPLAINT FILED, DECLARED OR SWORN TO CHARGING DEFENDANT WITH HAVING
COMMITTED, ON OR ABOUT 12/13/11 IN THE COUNTY OF LOS ANGELES, THE FOLLOWING
OFFENSE(S) OF:
   COUNT 01: 11364(A) H&S MISD
NEXT SCHEDULED EVENT:
 01/24/12   830 AM  ARRAIGNMENT   DIST VAN NUYS COURTHOUSE DEPT 101


ON 01/24/12 AT  830 AM  IN VAN NUYS COURTHOUSE DEPT 101


CASE CALLED FOR ARRAIGNMENT
PARTIES: THOMAS E GRODIN (JUDGE)  HARUT YEDALYAN  (CLERK)
              DEBBIE WOLLMAN  (REP)     KENNETH D. TSO  (CA)
STIPULATED THAT THOMAS E GRODIN (JUDGE) MAY HEAR THE CAUSE AS TEMPORARY JUDGE.
DEFENDANT DEMANDS COUNSEL.
COURT REFERS DEFENDANT TO THE PUBLIC DEFENDER.
PUBLIC DEFENDER APPOINTED.  RHONDA L. HOGG - A.C.
DEFENDANT IS PRESENT IN COURT, AND REPRESENTED BY RHONDA L. HOGG ALTERNATE
  PUBLIC DEFENDER
A COPY OF THE COMPLAINT AND THE ARREST REPORT GIVEN TO DEFENDANTS COUNSEL.
DEFENDANT WAIVES ARRAIGNMENT, READING OF COMPLAINT, AND STATEMENT OF
  CONSTITUTIONAL AND STATUTORY RIGHTS.
DEFENDANT PLEADS NOT GUILTY TO COUNT 01, 11364(A) H&S.
  COURT ORDERS AND FINDINGS:
  -THE COURT ORDERS THE DEFENDANT TO APPEAR ON THE NEXT COURT DATE.
  MATTER IS SET IN DEPARTMENT 119 FOR ALL PURPOSES.
  LAST DAY FOR TRIAL: 03/09/12.
  .
  ENTERED BY: A. ATARYAN.
NEXT SCHEDULED EVENT:

02/23/12   830 AM  PRETRIAL HEARING   DIST VAN NUYS COURTHOUSE DEPT 119

CUSTODY STATUS: RELEASED ON OWN RECOGNIZANCE


ON 02/23/12 AT  830 AM  IN VAN NUYS COURTHOUSE DEPT 119

  NUNC PRO TUNC ORDER PREPARED. IT APPEARING TO THE COURT THAT THE MINUTE ORDER
 IN THE ABOVE ENTITLED ACTION DOES NOT PROPERLY REFLECT THE COURT'S ORDER. SAID
 MINUTE ORDER IS AMENDED NUNC PRO TUNC AS OF THAT DATE.  ALL OTHER ORDERS ARE
TO REMAIN IN FULL FORCE AND EFFECT. DETAILS LISTED AT END OF THIS MINUTE ORDER.
CASE CALLED FOR PRETRIAL HEARING
PARTIES: ALAN SCHNEIDER (JUDGE)  KATHERINE ALLARD  (CLERK)
            EILEEN OTOOLE  (REP)     JOSHUA M. GELLER  (CA)
DEFENDANT IS PRESENT IN COURT, AND REPRESENTED BY MAHIN V. SALEHI ALTERNATE
  PUBLIC DEFENDER
DEFENDANT ADVISED OF AND PERSONALLY AND EXPLICITLY WAIVES THE FOLLOWING RIGHTS:
   WRITTEN ADVISEMENT OF RIGHTS AND WAIVERS FILED, INCORPORATED BY REFERENCE
HEREIN

```
CASE NO. 1PY07176                           PAGE NO.   2
DEF NO.  01                                 DATE PRINTED 12/21/21
```

TRIAL BY COURT AND TRIAL BY JURY
   CONFRONTATION AND CROSS-EXAMINATION OF WITNESSES;
   SUBPOENA OF WITNESSES INTO COURT TO TESTIFY IN YOUR DEFENSE;
   AGAINST SELF-INCRIMINATION;
DEFENDANT ADVISED OF THE FOLLOWING:
  THE NATURE OF THE CHARGES AGAINST HIM, THE ELEMENTS OF THE OFFENSE IN THE
   COMPLAINT, AND POSSIBLE DEFENSES TO SUCH CHARGES;
  THE POSSIBLE CONSEQUENCES OF A PLEA OF GUILTY OR NOLO CONTENDERE, INCLUDING
   THE MAXIMUM PENALTY AND ADMINISTRATIVE SANCTIONS AND THE POSSIBLE LEGAL
   EFFECTS AND MAXIMUM PENALTIES INCIDENT TO SUBSEQUENT CONVICTIONS FOR THE
   SAME OR SIMILAR OFFENSES;
  THE EFFECTS OF PROBATION;
  IF YOU ARE NOT A CITIZEN, YOU ARE HEREBY ADVISED THAT A CONVICTION OF THE
   OFFENSE FOR WHICH YOU HAVE BEEN CHARGED WILL HAVE THE CONSEQUENCES OF
   DEPORTATION, EXCLUSION FROM ADMISSION TO THE UNITED STATES, OR DENIAL OF
   NATURALIZATION PURSUANT TO THE LAWS OF THE UNITED STATES.
THE COURT FINDS THAT EACH SUCH WAIVER IS KNOWINGLY, UNDERSTANDINGLY, AND
  EXPLICITLY MADE; COUNSEL JOINS IN THE WAIVERS

THE DEFENDANT PERSONALLY WITHDRAWS PLEA OF NOT GUILTY TO COUNT 01 AND PLEADS
  NOLO CONTENDERE WITH THE APPROVAL OF THE COURT TO A VIOLATION OF SECTION
  11364(A) H&S IN COUNT 01.  THE COURT FINDS THE DEFENDANT GUILTY.
COUNT (01) : DISPOSITION: CONVICTED
COURT FINDS THAT THERE IS A FACTUAL BASIS FOR DEFENDANT'S PLEA, AND COURT
  ACCEPTS PLEA.
WAIVES TIME FOR SENTENCE.
NEXT SCHEDULED EVENT:
  SENTENCING
  DEFENDANT WAIVES ARRAIGNMENT FOR JUDGMENT AND STATES THERE IS NO LEGAL CAUSE
  WHY SENTENCE SHOULD NOT BE PRONOUNCED. THE COURT ORDERED THE FOLLOWING
  JUDGMENT:
AS TO COUNT  (01):
IMPOSITION OF SENTENCE SUSPENDED
DEFENDANT PLACED ON SUMMARY PROBATION
  FOR A PERIOD OF 024 MONTHS UNDER THE FOLLOWING TERMS AND CONDITIONS:
  SERVE 015 DAYS IN LOS ANGELES COUNTY JAIL
    LESS CREDIT FOR 1 DAYS
  PLUS $40.00 COURT OPERATIONS ASSESSMENT (PURSUANT TO 1465.8(A)(1) P.C.)
    $30.00 CRIMINAL CONVICTION ASSESSMENT (PURSUANT TO 70373 G.C.)
    $129.00 987.8 P.C. - ATTORNEY FEES

    $10.00 CITATION PROCESSING FEE (PURSUANT TO 1463.07 P.C.)
    THE ABOVE FINE IS PAYABLE AT $309.00 ON 02/25/13,
  DEFENDANT TO PAY FINE TO THE COURT CLERK
IN LIEU OF JAIL:
  PERFORM 20 DAYS OF COMMUNITY LABOR, AND FILE PROOF OF COMPLETION WITH THE
   CLERK'S OFFICE BY 02/25/13;
  DEFENDANT SHALL PAY A RESTITUTION FINE IN THE AMOUNT OF $100.00 TO THE COURT
   TOTAL DUE: $309.00
  IN ADDITION:
  -DEFENDANT IS ORDERED TO PAY A PROBATION REVOCATION RESTITUTION
   FINE PURSUANT TO PENAL CODE SECTION 1202.44, IN THE AMOUNT OF
   $ 100.00 THIS FINE SHALL BECOME EFFECTIVE UPON THE REVOCATION
   OF PROBATION.
  COURT ORDERS AND FINDINGS:
  -DO NOT USE OR POSSESS ANY NARCOTICS, DANGEROUS OR RESTRICTED

```
CASE NO. 1PY07176                              PAGE NO.    3
DEF NO.  01                                    DATE PRINTED 12/21/21
```

    DRUGS OR ASSOCIATED PARAPHERNALIA, EXCEPT WITH A VALID
    PRESCRIPTION AND STAY AWAY FROM PLACES WHERE USERS OR SELLERS
    CONGREGATE.  DO NOT ASSOCIATE WITH DRUG USERS OR SELLERS
    UNLESS ATTENDING A DRUG TREATMENT PROGRAM.
  -OBEY ALL LAWS AND ORDERS OF THE COURT.
  -DEFENDANT ACKNOWLEDGES TO THE COURT THAT THE DEFENDANT
    UNDERSTANDS AND ACCEPTS ALL THE PROBATION CONDITIONS, AND
    DEFENDANT AGREES TO ABIDE BY SAME.
  -DEFENDANT IN OPEN COURT IS HANDED A COPY OF THE ABOVE CONDITIONS
    OF PROBATION.
  IF THE DEFENDANT SHOWS THE CLERK MEDICAL DOCUMENTATION THAN SHE
  MAY PERFORM 20 DAYS COMMUNITY SERVICE IN LIEU OF THE COMMUNITY
  LABOR.
  DEFENDANT IS GIVE CREDIT FOR 1 DAY TIME SERVED AGAINST THE
  COMMUNITY LABOR OR COMMUNITY SERVICE.
COUNT (01): DISPOSITION: CONVICTED
DMV ABSTRACT NOT REQUIRED
NEXT SCHEDULED EVENT:

  PROOF OF COMMUNITY SERVICE

CUSTODY STATUS: ON PROBATION


ON 03/16/12 AT  900 AM  IN VAN NUYS COURTHOUSE DEPT CLK

CASE CALLED FOR ADVANCEMENT
PARTIES: NONE (JUDGE)  NONE  (CLERK)
              NONE      (REP) NONE  (DDA)
DEFENDANT IS PRESENT IN COURT, AND NOT REPRESENTED BY COUNSEL
  DEFENDANT APPEARS IN PRO PER
  CASE ADVANCED FROM 022513 AND REMAIN ON CALENDAR. CASE SET IN
  DEPT 119 AT THE DATE AND TIME BELOW REGARDING COMMUNITY LABOR.
  .
  ENTRY BY C GREYWOLF.
NEXT SCHEDULED EVENT:
  03/19/12  830 AM  FURTHER PROCEEDINGS   DIST VAN NUYS COURTHOUSE DEPT 119



ON 03/19/12 AT  830 AM  IN VAN NUYS COURTHOUSE DEPT 119

CASE CALLED FOR FURTHER PROCEEDINGS
PARTIES: ALAN SCHNEIDER (JUDGE) KATHERINE ALLARD   (CLERK)
             EILEEN OTOOLE  (REP)     LINDSEY C. BLEY  (CA)
DEFENDANT IS PRESENT IN COURT, AND NOT REPRESENTED BY COUNSEL
  DEFENDANT APPEARS IN PRO PER
  PROBATION IS CONTINUED ON THE SAME TERMS AND CONDITIONS WITH THE FOLLOWING
    MODIFICATIONS:
AS TO COUNT  (01):
  PERFORM SENTENCE REDUCED TO 280 HOURS OF COMMUNITY SERVICEOF COMMUNITY
    SERVICE , AND FILE PROOF OF COMPLETION WITH THE CLERK'S OFFICE BY 02/25/13;
  THE COURT REVIEWS THE DEFENDANT'S MEDICAL RECORDS AND CONVERTS
  THE 20 DAYS COMMUNITY LABOR TO 200 HOURS COMMUNITY SERVICE WITH
  CREDIT FOR 1 DAY SERVED.  PROOF OF COMPLETION DATE REMAINS.
DMV ABSTRACT NOT REQUIRED

```
CASE NO. 1PY07176                              PAGE NO.   4
DEF NO.  01                                    DATE PRINTED 12/21/21
```

NEXT SCHEDULED EVENT:
  MATTER PREV SET/REMAIN ON CLDR


ON 02/25/13 AT  900 AM  IN VAN NUYS COURTHOUSE DEPT CLK

CASE CALLED FOR PROOF OF COMMUNITY SERVICE
PARTIES: NONE (JUDGE)  NONE  (CLERK)
              NONE       (REP)  NONE  (DDA)
THE DEFENDANT FAILS TO APPEAR, WITHOUT SUFFICIENT EXCUSE AND NOT REPRESENTED BY
  COUNSEL
  DEFENDANT FAILED TO APPEAR. CASE SENT TO DEPT 119 FOR BENCH
  WARRANT TO ISSUE.
  .
  ENTRY BY C GREYWOLF.
NEXT SCHEDULED EVENT:
BENCH/WARRANT TO ISSUE



ON 02/26/13 AT  830 AM  IN VAN NUYS COURTHOUSE DEPT 119

CASE CALLED FOR JUDICIAL ACTION
PARTIES: ALAN SCHNEIDER (JUDGE) KATHERINE ALLARD   (CLERK)
              NONE   (REP)    NONE  (CA)
THE DEFENDANT FAILS TO APPEAR, WITHOUT SUFFICIENT EXCUSE AND NOT REPRESENTED BY
  COUNSEL
  PROBATION REVOKED
AS TO COUNT  (01):
    AN ASSESSMENT ADDED: $15.00 WARRANT ASSESSMENT
    (40508.5(A)V.C./853.7A(A)P.C.)
     TOTAL DUE:  $15.00
  DEFENDANT FAILS TO APPEAR WITH PROOF OF COMMUNITY SERVICE AS
  ORDERED.
  .
  A $15.00 COUNTY WARRANT ASSESSMENT FOR FAILURE TO APPEAR
  PURSUANT TO PENAL CODE SECTION 853.7A(A) IS ORDERED.
DMV ABSTRACT NOT REQUIRED

NEXT SCHEDULED EVENT:
  BENCH/WARRANT TO ISSUE

02/26/13 BENCH WARRANT IN THE AMOUNT OF $30,000.00 BY ORDER OF JUDGE ALAN
    SCHNEIDER ISSUED. (03/28/13).



ON 05/15/13 AT  830 AM  IN VAN NUYS COURTHOUSE DEPT 119

CASE CALLED FOR BENCH WARRANT HEARING
PARTIES: ALAN SCHNEIDER (JUDGE) KATHERINE ALLARD   (CLERK)
              LYNN EVANS  (REP)    DIEGO H. EDBER  (CA)
DEFENDANT IS PRESENT IN COURT, AND REPRESENTED BY JAMES R. BRUNS ALTERNATE
  PUBLIC DEFENDER
PROBATION REINSTATED
  PROBATION IS CONTINUED ON THE SAME TERMS AND CONDITIONS WITH THE FOLLOWING
    MODIFICATIONS:
AS TO COUNT  (01):
  IN LIEU OF COMMUNITY LABOR, THE DEFENDANT MAY PERFORM COMMUNITY
```

```
CASE NO. 1PY07176                          PAGE NO.   5
DEF NO. 01                                 DATE PRINTED 12/21/21
    SERVICE AND PROOF OF COMPLETION/PAYMENT OF FEES CONTINUED TO
    THE DATE AND TIME BELOW.
DMV ABSTRACT NOT REQUIRED
NEXT SCHEDULED EVENT:
  02/25/14   900 AM  PROOF OF COMPLETION   DIST VAN NUYS COURTHOUSE DEPT CLK

05/15/13 BENCH WARRANT IN THE AMOUNT OF $30,000.00   RECALLED. (05/15/13).

CUSTODY STATUS: ON PROBATION


ON 11/12/13 AT  900 AM  IN VAN NUYS COURTHOUSE DEPT CLK

CASE CALLED FOR ADVANCEMENT
PARTIES: NONE (JUDGE)  NONE  (CLERK)
                NONE       (REP) NONE  (DDA)
DEFENDANT IS PRESENT IN COURT, AND NOT REPRESENTED BY COUNSEL
   DEFENDANT APPEARS IN PRO PER

PAYMENT IN THE AMOUNT OF $324.00 PAID ON 11/12/13 RECEIPT # LAV411582029
   CASE ADVANCED FROM 022514 AND REMAINS ON CALENDAR. FEES PAID IN
   FULL. CASE SET IN DEPT 119 AT THE DATE AND TIME BELOW REGARDING
   COMMUNITY SERVICE.
   .
   ENTRY BY C GREYWOLF.
NEXT SCHEDULED EVENT:
  11/13/13   830 AM  FURTHER PROCEEDINGS   DIST VAN NUYS COURTHOUSE DEPT 119


ON 11/13/13 AT  830 AM  IN VAN NUYS COURTHOUSE DEPT 119

CASE CALLED FOR FURTHER PROCEEDINGS
PARTIES: ALAN SCHNEIDER (JUDGE)  KATHERINE ALLARD  (CLERK)
                LYNN EVANS       (REP)  DIEGO H. EDBER  (CA)
DEFENDANT IS PRESENT IN COURT, AND REPRESENTED BY JAMES R. BRUNS ALTERNATE
   PUBLIC DEFENDER
   THE COURT DEEMS COMMUNITY SERVICE COMPLETE.
NEXT SCHEDULED EVENT:
PROBATION IN EFFECT



ON 09/12/17 AT  530 AM :


CASE FILE DESTROYED.
```

Filing Date: 09/29/2009

Case No. 9PY06834

Conviction(s): 41.24(A) LAM MISD – Trespass on private property

```
                    SUPERIOR COURT OF CALIFORNIA
                      COUNTY OF LOS ANGELES
NO. 9PY06834                              PAGE NO.  1
THE PEOPLE OF THE STATE OF CALIFORNIA    VS.    CURRENT DATE 12/21/21
DEFENDANT 01:  LENORE  MILEY
LAW ENFORCEMENT AGENCY EFFECTING ARREST: LAPD - WEST VALLEY AREA

BAIL: APPEARANCE  AMOUNT    DATE    RECEIPT OR  SURETY COMPANY   REGISTER
         DATE     OF BAIL  POSTED   BOND NO.                     NUMBER

CASE FILED ON 09/29/09.
 COMPLAINT FILED, DECLARED OR SWORN TO CHARGING DEFENDANT WITH HAVING
COMMITTED, ON OR ABOUT 09/28/09 IN THE COUNTY OF LOS ANGELES, THE FOLLOWING
OFFENSE(S) OF:
   COUNT 01: 41.24(A) LAM MISD
   COUNT 02: 602(K) PC MISD
NEXT SCHEDULED EVENT:
 09/29/09   830 AM  ARRAIGNMENT   DIST VAN NUYS COURTHOUSE DEPT 101
```

ON 09/29/09 AT  830 AM  IN VAN NUYS COURTHOUSE DEPT 101

CASE CALLED FOR ARRAIGNMENT
PARTIES: MITCHELL BLOCK (JUDGE)  U-CHIN JANG  (CLERK)
                 JOHN N. RILEY  (REP)     ROBERT A. ORLICH  (CA)
DEFENDANT DEMANDS COUNSEL.
COURT REFERS DEFENDANT TO THE PUBLIC DEFENDER.
PUBLIC DEFENDER APPOINTED.  RICHARD PAGLIARI - B.P.
PUBLIC DEFENDER DECLARES CONFLICT OF INTEREST.
DEFENDANT IS PRESENT IN COURT, AND REPRESENTED BY RICHARD PAGLIARI BAR PANEL
 ATTORNEY
DEFENDANT STATES HIS/HER TRUE NAME AS CHARGED.

DEFENDANT ADVISED OF THE FOLLOWING RIGHTS IN WRITING:
 THE RIGHT TO BE REPRESENTED BY A LAWYER AT ALL STAGES OF THE PROCEEDINGS,
  INCLUDING THE RIGHT, IF QUALIFIED, TO BE REPRESENTED BY A LAWYER AT PUBLIC
  EXPENSE;
 THE RIGHT TO REPRESENT YOURSELF, IF YOU KNOWINGLY, INTELLIGENTLY,
  UNDERSTANDINGLY, AND EXPLICITLY WAIVE YOUR RIGHT TO A LAWYER AND UNDERSTAND
  THE DANGERS AND DISADVANTAGES OF SELF-REPRESENTATION;   THE RIGHT TO A
  REASONABLE CONTINUANCE BEFORE ENTERING A PLEA;

 YOU MAY PLEAD GUILTY, NOT GUILTY OR, WITH THE CONCURRENCE OF THE COURT, NOLO
  CONTENDERE TO THE CHARGES IN THE COMPLAINT;
 A PLEA OF NOLO CONTENDERE SHALL BE CONSIDERED THE SAME AS A PLEA OF GUILTY.
  FOR THE PURPOSES OF THE CRIMINAL PROCEEDING, IT IS AN ADMISSION OF GUILT BUT
  CANNOT BE USED AGAINST YOU AS AN ADMISSION OF FAULT IN A CIVIL PROCEEDINGS
  ARISING OUT OF THE INCIDENT THAT CAUSED CRIMINAL PROCEEDINGS TO BE BROUGHT;
 IF YOU PLEAD NOT GUILTY, YOU ARE ENTITLED TO A SPEEDY AND PUBLIC TRIAL;
 YOU HAVE A RIGHT TO BE TRIED WITHIN 30 DAYS FROM THE DATE OF ARRAIGNMENT IF IN
  CUSTODY:  45 DAYS IF NOT IN CUSTODY;
 THE CASE WILL BE DISMISSED IF NOT HEARD WITHIN THE STATUTORY TIME, UNLESS GOOD
  CAUSE FOR A DELAY IS SHOWN;
 THE RIGHT TO A TRIAL BY JURY;
 THE RIGHT TO BE CONFRONTED BY AND TO CROSS-EXAMINE WITNESSES WHO TESTIFY
  AGAINST YOU AND THE RIGHT TO HAVE WITNESSES SUBPOENAED INTO COURT TO TESTIFY
  IN YOUR DEFENSE AT NO COST TO YOU;

```
CASE NO. 9PY06834                        PAGE NO.   2
DEF NO.  01                              DATE PRINTED 12/21/21
```

THE RIGHT NOT TO TESTIFY IN YOUR CASE; AND THE RIGHT TO TESTIFY IN YOUR CASE
   IF YOU WISH;
IF YOU PLEAD GUILTY, NOLO CONTENDERE OR ARE CONVICTED AFTER A TRIAL, YOU HAVE
   A RIGHT TO A REASONABLE CONTINUANCE BEFORE SENTENCE IS IMPOSED, TO WIT:  NOT
   LESS THAN 6 HOURS, NOR MORE THAN 5 DAYS;
THE RIGHT TO BE RELEASED UPON POSTING OF A REASONABLE BAIL IN AN AMOUNT TO BE
   FIXED BY THE COURT;
YOU ARE ADVISED OF THE PROVISIONS OF SECTION 1203.4 OF THE PENAL CODE;
IF YOU ARE NOT A CITIZEN, YOU ARE HEREBY ADVISED THAT A CONVICTION OF THE
   OFFENSE FOR WHICH YOU HAVE BEEN CHARGED WILL HAVE THE CONSEQUENCES OF
   DEPORTATION, EXCLUSION FROM ADMISSION TO THE UNITED STATES, OR DENIAL OF
   NATURALIZATION PURSUANT TO THE LAWS OF THE UNITED STATES.
DEFENDANT WAS INFORMED OF HIS RIGHT TO BE ADVISED OF THE FOLLOWING:
 THE EFFECTS OF A PLEA OF GUILTY OR NOLO CONTENDERE;
 THE EFFECTS OF PROBATION;

A COPY OF THE COMPLAINT AND THE ARREST REPORT GIVEN TO DEFENDANTS COUNSEL.
THE DEFENDANT IS ADVISED OF FINANCIAL RESPONSIBILITY.

DEFENDANT WAIVES FURTHER ARRAIGNMENT.
DEFENDANT ADVISED OF AND PERSONALLY AND EXPLICITLY WAIVES THE FOLLOWING RIGHTS:
   WRITTEN ADVISEMENT OF RIGHTS AND WAIVERS FILED, INCORPORATED BY REFERENCE
HEREIN
TRIAL BY JURY
   CONFRONTATION AND CROSS-EXAMINATION OF WITNESSES;
   SUBPOENA OF WITNESSES INTO COURT TO TESTIFY IN YOUR DEFENSE;
   AGAINST SELF-INCRIMINATION;
DEFENDANT ADVISED OF THE FOLLOWING:
 THE NATURE OF THE CHARGES AGAINST HIM, THE ELEMENTS OF THE OFFENSE IN THE
   COMPLAINT, AND POSSIBLE DEFENSES TO SUCH CHARGES;
 THE POSSIBLE CONSEQUENCES OF A PLEA OF GUILTY OR NOLO CONTENDERE, INCLUDING
   THE MAXIMUM PENALTY AND ADMINISTRATIVE SANCTIONS AND THE POSSIBLE LEGAL
   EFFECTS AND MAXIMUM PENALTIES INCIDENT TO SUBSEQUENT CONVICTIONS FOR THE
   SAME OR SIMILAR OFFENSES;
 THE EFFECTS OF PROBATION;
 IF YOU ARE NOT A CITIZEN, YOU ARE HEREBY ADVISED THAT A CONVICTION OF THE
   OFFENSE FOR WHICH YOU HAVE BEEN CHARGED WILL HAVE THE CONSEQUENCES OF
   DEPORTATION, EXCLUSION FROM ADMISSION TO THE UNITED STATES, OR DENIAL OF
   NATURALIZATION PURSUANT TO THE LAWS OF THE UNITED STATES.
COUNSEL FOR THE DEFENDANT JOINS IN THE WAIVERS AND CONCURS IN THE PLEA.

COURT FINDS THAT EACH SUCH WAIVER IS KNOWINGLY, UNDERSTANDINGLY, AND EXPLICITLY
   MADE;
THE DEFENDANT WITH THE COURTS APPROVAL, PLEADS NOLO CONTENDERE TO COUNT 01 A
   VIOLATION OF SECTION 41.24(A) LAM.  THE COURT FINDS THE DEFENDANT GUILTY.
COUNT (01) : DISPOSITION: CONVICTED
COURT FINDS THAT THERE IS A FACTUAL BASIS FOR DEFENDANT'S PLEA, AND COURT
   ACCEPTS PLEA.
   DEFENDANT ADVISED IF FURNISHED WITH A COURT APPOINTED LAWYER,
   THE COURT SHALL MAKE A DETERMINATION OF DEFENDANT'S ABILITY TO
   PAY ALL OR A PORTION OF COST OF COUNSEL.
WAIVES TIME FOR SENTENCE.
NEXT SCHEDULED EVENT:
   SENTENCING
STIPULATED THAT MITCHELL BLOCK (JUDGE) MAY HEAR THE CAUSE AS TEMPORARY JUDGE.
   DEFENDANT WAIVES ARRAIGNMENT FOR JUDGMENT AND STATES THERE IS NO LEGAL CAUSE

CASE NO. 9PY06834                               PAGE NO.    3
DEF NO.  01                                     DATE PRINTED 12/21/21

  WHY SENTENCE SHOULD NOT BE PRONOUNCED. THE COURT ORDERED THE FOLLOWING
  JUDGMENT:
AS TO COUNT  (01):
IMPOSITION OF SENTENCE SUSPENDED
DEFENDANT PLACED ON SUMMARY PROBATION
  FOR A PERIOD OF 024 MONTHS UNDER THE FOLLOWING TERMS AND CONDITIONS:
  SERVE 002 DAYS IN LOS ANGELES COUNTY JAIL
     LESS CREDIT FOR 2 DAYS
  PLUS $116.00 987.8 P.C. - ATTORNEY FEES
     $30.00 COURT SECURITY ASSESSMENT (PURSUANT TO 1465.8(A)(1) P.C.)
     $30.00 CRIMINAL CONVICTION ASSESSMENT (PURSUANT TO 70373 G.C.)
  DEFENDANT SHALL PAY RESTITUTION IN THE AMOUNT OF $100.00 TO THE STATE
     RESTITUTION FUND
      TOTAL DUE: $276.00
  IN ADDITION:
  -STAY AWAY FROM LOCATION OF ARREST.
  -OBEY ALL LAWS AND ORDERS OF THE COURT.
  -DEFENDANT ACKNOWLEDGES TO THE COURT THAT THE DEFENDANT

     UNDERSTANDS AND ACCEPTS ALL THE PROBATION CONDITIONS, AND
     DEFENDANT AGREES TO ABIDE BY SAME.
  COURT ORDERS AND FINDINGS:
  -THE COURT ORDERS THE DEFENDANT TO APPEAR ON THE NEXT COURT DATE.
  OBEY ALL LAWS AND FURTHER ORDERS OF THE COURT.
  A PROBATION REVOCATION RESTITUTION FINE IS STAYED UNITL
  PROBATION IS REVOKED AND SENTENCE IMPOSED.
  .
  FEES DUE BY THE DATE BELOW. RELEASE ORDER BN022651 ISSUED.
COUNT (01): DISPOSITION: CONVICTED
REMAINING COUNTS DISMISSED:
   COUNT  (02): DISMISSAL IN FURTH OF JUSTICE PER 1385 PC
DMV ABSTRACT NOT REQUIRED
NEXT SCHEDULED EVENT:
  12/28/09   900 AM  FINES/FEES   DIST VAN NUYS COURTHOUSE DEPT CLK

CUSTODY STATUS: RELEASED ON OWN RECOGNIZANCE


ON 09/30/09 AT  830 AM :


  DECLARATION AND ORDER RE FEES FOR COURT PER DIEM APPOINTMENTS
  SERIAL NO. 2405587
  SENT TO PACE AS OF THIS DATE.



ON 12/28/09 AT  900 AM  IN VAN NUYS COURTHOUSE DEPT CLK

CASE CALLED FOR FINES/FEES
PARTIES: NONE (JUDGE)  NONE  (CLERK)
               NONE      (REP)  NONE  (DDA)
DEFENDANT IS PRESENT IN COURT, AND NOT REPRESENTED BY COUNSEL
  NO FEES PAYMENT MADE, REMAINING BALANCE $276.
  CASE IS CONTINUED TO 020210 FOR FEES PAYMENT.
NEXT SCHEDULED EVENT:
  02/02/10   900 AM  FINES/FEES   DIST VAN NUYS COURTHOUSE DEPT CLK


ON 02/02/10 AT  900 AM  IN VAN NUYS COURTHOUSE DEPT CLK

```
CASE NO. 9PY06834                          PAGE NO.   4
DEF NO. 01                                 DATE PRINTED 12/21/21
```

CASE CALLED FOR FINES/FEES
PARTIES: NONE (JUDGE)  NONE  (CLERK)
              NONE       (REP)  NONE  (DDA)
DEFENDANT IS  NOT PRESENT IN COURT, AND NOT REPRESENTED BY COUNSEL
  DEFENDANT FAILED TO APPEAR.  CASE REFERRED TO CIVIL COLLECTIONS.
NEXT SCHEDULED EVENT:
  03/02/10  1000 AM  PROOF OF MISCELLANEOUS ITEM   DIST VAN NUYS COURTHOUSE
     DEPT COL


ON 03/02/10 AT 1000 AM  IN VAN NUYS COURTHOUSE DEPT COL

CASE CALLED FOR PROOF OF MISCELLANEOUS ITEM
PARTIES: NONE (JUDGE)  NONE  (CLERK)
              NONE       (REP)  ROBERT A. ORLICH  ()
DEFENDANT IS  NOT PRESENT IN COURT, AND NOT REPRESENTED BY COUNSEL
  DEFENDANT FAILED TO PAY $100 RESTITUTION FINE, $116 ATTORNEY FEE

  AND $30 SECURITY FEE.  CASE FORWARDED TO THE COLLECTION AGENCY
  AND A $300.00 CIVIL ASSESSMENT FEE IS ADDED PURSUANT TO PENAL
  CODE SECTION 1214.1
NEXT SCHEDULED EVENT:
PROCEEDINGS TERMINATED


ON 11/20/12 AT  830 AM  IN VAN NUYS COURTHOUSE DEPT CLK

CASE CALLED FOR POST SENT RPT/NON-APPEAR
PARTIES: NONE (JUDGE)  NONE  (CLERK)
              NONE       (REP)  ROBERT A. ORLICH  ()
DEFENDANT IS  NOT PRESENT IN COURT, AND NOT REPRESENTED BY COUNSEL
PAYMENT IN THE AMOUNT OF $50.00 PAID ON 11/20/12 RECEIPT # 1121120F0412
  PAYMENT REPORT RECEIVED FROM GC SERVICES INDICATING PAYMENT MADE
  TO FRANCHISE TAX BOARD FOR THE OUTSTANDING RESTITUTION FINE.
  TOTAL PAYMENT OF $50.00 WAS RECEIVED.
  ENTRY MADE BY I. PERELES
NEXT SCHEDULED EVENT:
PROCEEDINGS TERMINATED


ON 11/23/12 AT  830 AM :

  PAYMENT REPORT RECEIVED FROM GC SERVICES INDICATING PAYMENT MADE
  TO FRANCHISE TAX BOARD FOR THE OUTSTANDING RESTITUTION FINE.
  TOTAL PAYMENT OF $50.00 WAS RECEIVED.
  ENTRY MADE BY I.PERELES
PAYMENT IN THE AMOUNT OF $50.00 PAID ON 11/23/12 RECEIPT # 1121123F0508
PROCEEDINGS TERMINATED


ON 12/17/12 AT  830 AM :

  PAYMENT REPORT RECEIVED FROM GC SERVICES INDICATING PAYMENT MADE
  TO FRANCHISE TAX BOARD FOR THE OUTSTANDING CIVIL ASSESSMENT FEE.
  TOTAL PAYMENT OF $50.00 WAS RECEIVED.  RCPT #1121217F0444
  ENTRY MADE BY I. PERELES
PROCEEDINGS TERMINATED
```

CASE NO. 9PY06834                                    PAGE NO.    5
DEF NO.  01                                          DATE PRINTED 12/21/21


ON 01/15/13 AT  830 AM :

    PAYMENT REPORT RECEIVED FROM GC SERVICES INDICATING PAYMENT MADE
    TO FRANCHISE TAX BOARD FOR THE OUTSTANDING CIVIL ASSESSMENT FEE.
    TOTAL PAYMENT OF $50.00 WAS RECEIVED.  RCPT #1130115F0497
    ENTRY MADE BY I. PERELES
PROCEEDINGS TERMINATED


05/03/13  ARREST DISPOSITION REPORT SENT VIA CD TO DEPARTMENT OF JUSTICE

ON 12/18/13 AT  830 AM :

    PAYMENT REPORT RECEIVED FROM GC SERVICES INDICATING PAYMENT MADE
    TO FRANCHISE TAX BOARD FOR THE OUTSTANDING SECURITY FEE, AND

    ATTORNEY FEE.  TOTAL PAYMENT OF $346.00 WAS RECEIVED, OF WHICH
    $200.00 WAS FOR CIVIL ASSESSMENT FEE.
PAYMENT IN THE AMOUNT OF $146.00 PAID ON 12/18/13 RECEIPT # 1131218F0675
PROCEEDINGS TERMINATED


ON 06/09/16 AT  530 AM :


CASE FILE DESTROYED.


ON 09/09/21 AT  800 AM :

    EFFECTIVE JULY 1, 2021, THE ATTORNEY FEES PER PC 987.5 AND
    PC 987.8 ALONG WITH CERTAIN PROBATION ADMINISTRATIVE FEES ARE
    REPEALED BY AB1869. THE UNPAID BALANCES ARE NO LONGER
    ENFORCEABLE OR COLLECTIBLE.

Filing Date: 05/30/2008

Case No. SA067925

Conviction(s): 530.5(A) Penal Code - Identity Theft

Criminal Case Summary

| | |
|---|---|
| Case Number: | BH SA067925-01 |
| Defendant Name: | MILEY, LENORE MARIE |
| Violation Date: | May 28, 2008 |
| Filing Date: | May 30, 2008 |
| Courthouse: | Beverly Hills Courthouse |

## CASE INFORMATION

| Count | Charge Section | Charge Statute | Plea | Disposition | Disposition Date |
|---|---|---|---|---|---|
| 01 | 470(A) | Penal Code | Not Guilty | Di mi ed or Not Pro ecuted | 06/13/2008 |
| 02 | 459 | Penal Code | Nolo Contendere | Dismissed per 1203.4 P.C. | 04/13/2011 |
| 03 | 472 | Penal Code | Not Guilty | Di mi ed or Not Pro ecuted | 06/13/2008 |
| 04 | 530.5(A) | Penal Code | Nolo Contendere | Guilty/Convicted | 06/13/2008 |

## EVENTS

**Upcoming Scheduled Events**

None

**Past Events**

| Date | Time | Location | Dept/Room Number | Events |
|---|---|---|---|---|
| May 30, 2008 | 08 30 AM | | 001 | ARRAIGNMENT |
| June 13, 2008 | 08 30 AM | | 001 | PRELIM SETTING/RESETTING |
| August 11, 2008 | 09:30 AM | | CLK | DOCKET LINE ENTRY |
| September 30, 2008 | 08:30 AM | | 001 | DOCKET LINE ENTRY |
| October 16, 2008 | 08:30 AM | | 001 | SETTING OF VIOLATION HEARING |

| January 22, 2009 | 08:30 AM | | 001 | BENCH WARRANT HEARING |
| February 5, 2009 | 08:30 AM | | 001 | PROBATION VIOLATION HEARING |
| February 26, 2009 | 09:00 AM | | CLK | DOCKET LINE ENTRY |
| August 5, 2009 | 08:30 AM | | 001 | PROGRESS REPORT |
| February 2, 2010 | 08:30 AM | | 001 | PROGRESS REPORT |
| February 4, 2010 | 08 30 AM | | 001 | PROGRESS REPORT |
| September 14, 2010 | 08 30 AM | | 001 | PROGRESS REPORT |
| April 13, 2011 | 08:30 AM | | 001 | CII RECORD CHECK |
| April 13, 2011 | 09:00 AM | | 001 | MOTN/DISM PURSNT PC SEC 1203.4 |
| May 12, 2011 | 09:00 AM | | CLK | DOCKET LINE ENTRY |

## BAIL

No Information Found

## SENTENCING INFORMATION

THE INFORMATION PROVIDED ON THIS WEBSITE CONTAINS ONLY AN EXTRACTION FROM THE COURT RECORD  IT IS PROVIDED FOR INFORMATIONAL PURPOSES ONLY AND IS NOT A FULL AND COMPLETE RECORD OF COURT PROCEEDINGS

| Sentencing Information | | | |
| --- | --- | --- | --- |
| SENTENCING DATE: | June 13, 2008 | | |
| For Count(s): | 02, 04 | PROBATION/MANDATORY SUPERVISION: | FORMAL PROBATION 36 MONTH(S) |
| | | | |
| JAIL TERM: | | JAIL TERM: | 180 DAY(S) IN LOS ANGELES COUNTY JAIL |
| | | | |
| BASE FINE/TOTAL FINE | $0 00 | BASE FINE/TOTAL FINE | $0 00 |

| (OR) Jail term instead of fine: | | (OR) Jail term instead of fine: | |
|---|---|---|---|
| Additional Terms | | | |
| PROGRAM: | | | |
| PROGRAM INSTEAD OF FINE | | | |
| | | | |
| ALCOHOL PROGRAM: | | | |
| | | | |
| LICENSE RESTRICTION/SUSPENSION: | | | |
| | | | |

Filing Date: 05/20/2008

Case No. 8SR02498

Conviction(s): 23152(A) Vehicle Code – Driving while under the influence of any alcoholic beverage; and 14601.1(A) Vehicle Code – Driving when driving privilege is suspended or revoked

```
                   SUPERIOR COURT OF CALIFORNIA
                     COUNTY OF LOS ANGELES
NO. 8SR02498                                 PAGE NO.  1
THE PEOPLE OF THE STATE OF CALIFORNIA    VS.    CURRENT DATE 12/21/21
DEFENDANT 01:  LENORE MARIE MILEY
LAW ENFORCEMENT AGENCY EFFECTING ARREST: CHP - WEST VALLEY STATION

BAIL: APPEARANCE  AMOUNT     DATE    RECEIPT OR  SURETY COMPANY   REGISTER
         DATE     OF BAIL   POSTED   BOND NO.                     NUMBER

CASE FILED ON 05/20/08.
 COMPLAINT FILED, DECLARED OR SWORN TO CHARGING DEFENDANT WITH HAVING
COMMITTED, ON OR ABOUT 04/29/08 IN THE COUNTY OF LOS ANGELES, THE FOLLOWING
OFFENSE(S) OF:
   COUNT 01: 23152(A) VC MISD
   COUNT 02: 11500 VC MISD
   COUNT 03: 14601.1(A) VC MISD
   (ENTERED BY EE)
   ALLEGED PRIOR CONVICTION ON COUNT 03 FOR 14601.1(A) VC ON 08/31/05 IN SAN
     FERNANDO CTHOUSE JUDICIAL DISTRICT UNDER CASE NUMBER PA052799.
   ALLEGED PRIOR CONVICTION ON COUNT 03 FOR 14601.1(A) VC ON 02/01/05 IN SAN

     FERNANDO CTHOUSE JUDICIAL DISTRICT UNDER CASE NUMBER 5SF00529.
NEXT SCHEDULED EVENT:
  05/30/08  830 AM  ARRAIGNMENT   DIST SAN FERNANDO COURTHOUSE DEPT 139


ON 05/30/08 AT  830 AM  IN SAN FERNANDO COURTHOUSE DEPT 139

CASE CALLED FOR ARRAIGNMENT
PARTIES: DANIEL B. FELDSTERN (JUDGE)  ANGELINA KAUFMAN  (CLERK)
                 FRANCES MOXLEY (REP)     JOSE GARZA  (CA)
DEFENDANT IS NOT PRESENT IN COURT, AND NOT REPRESENTED BY COUNSEL
   DEFENDANT FAILS TO APPEAR.  BENCH WARRANT TO ISSUE FOR $30,000.
   (ENTERED BY E. MUNOZ)
NEXT SCHEDULED EVENT:
   BENCH/WARRANT TO ISSUE

05/30/08 BENCH WARRANT IN THE AMOUNT OF $30,000.00 BY ORDER OF JUDGE DANIEL B.
    FELDSTERN ISSUED. (05/30/08).



ON 06/03/08 AT  830 AM :

DEFENDANT SERVED 16 DAYS IN JAIL IN LIEU OF FINE.
MATTER PREV SET/REMAIN ON CLDR


ON 06/03/08 AT  830 AM  IN SAN FERNANDO COURTHOUSE DEPT 139

CASE CALLED FOR ARRAIGNMENT
PARTIES: DANIEL B. FELDSTERN (JUDGE)  ANGELINA KAUFMAN  (CLERK)
                 FRANCES MOXLEY (REP)     JOSE GARZA  (CA)
DEFENDANT DEMANDS COUNSEL.
COURT REFERS DEFENDANT TO THE PUBLIC DEFENDER.
PUBLIC DEFENDER APPOINTED.
PUBLIC DEFENDER DECLARES UNAVAILIBILITY.
COURT APPOINTED COUNSEL PURSUANT TO 987.2 P.C. DANIEL J. TEOLA - B.P.
THE DEFENDANT IS PRESENT(IN LOCK UP) AND REPRESENTED BY DANIEL J. TEOLA BAR
   PANEL ATTORNEY
DEFENDANT STATES HIS/HER TRUE NAME AS CHARGED.
```

```
CASE NO. 8SR02498                              PAGE NO.   2
DEF NO.  01                                    DATE PRINTED 12/21/21
```

DEFENDANT ADVISED OF THE FOLLOWING RIGHTS ORALLY:
 DEFENDANT ARRAIGNED AND ADVISED OF THE FOLLOWING RIGHTS AT MASS
   ADVISEMENT:  SPEEDY PUBLIC TRIAL, TRIAL WITHIN 30/45 DAYS, RIGHT
   TO REMAIN SILENT, SUBPOENA POWER OF COURT, CONFRONTATION AND
   CROSS EXAMINATION, JURY TRIAL, COURT TRIAL, RIGHT TO ATTORNEY,
   SELF REPRESENTATION, REASONABLE BAIL, CITIZENSHIP, EFFECT OF
   PRIORS, PLEAS AVAILABLE PROBATION.
A COPY OF THE COMPLAINT AND THE ARREST REPORT GIVEN TO DEFENDANTS COUNSEL.
DEFENDANT WAIVES FURTHER ARRAIGNMENT.
DEFENDANT ADVISED OF AND PERSONALLY AND EXPLICITLY WAIVES THE FOLLOWING RIGHTS:
   WRITTEN ADVISEMENT OF RIGHTS AND WAIVERS FILED, INCORPORATED BY REFERENCE
HEREIN
TRIAL BY COURT AND TRIAL BY JURY
   CONFRONTATION AND CROSS-EXAMINATION OF WITNESSES;
   SUBPOENA OF WITNESSES INTO COURT TO TESTIFY IN YOUR DEFENSE;
   AGAINST SELF-INCRIMINATION;
DEFENDANT ADVISED OF THE FOLLOWING:
 THE NATURE OF THE CHARGES AGAINST HIM, THE ELEMENTS OF THE OFFENSE IN THE

   COMPLAINT, AND POSSIBLE DEFENSES TO SUCH CHARGES;
 THE POSSIBLE CONSEQUENCES OF A PLEA OF GUILTY OR NOLO CONTENDERE, INCLUDING
   THE MAXIMUM PENALTY AND ADMINISTRATIVE SANCTIONS AND THE POSSIBLE LEGAL
   EFFECTS AND MAXIMUM PENALTIES INCIDENT TO SUBSEQUENT CONVICTIONS FOR THE
   SAME OR SIMILAR OFFENSES;
 THE EFFECTS OF PROBATION;
 IF YOU ARE NOT A CITIZEN, YOU ARE HEREBY ADVISED THAT A CONVICTION OF THE
   OFFENSE FOR WHICH YOU HAVE BEEN CHARGED WILL HAVE THE CONSEQUENCES OF
   DEPORTATION, EXCLUSION FROM ADMISSION TO THE UNITED STATES, OR DENIAL OF
   NATURALIZATION PURSUANT TO THE LAWS OF THE UNITED STATES.
COUNSEL FOR THE DEFENDANT JOINS IN THE WAIVERS AND CONCURS IN THE PLEA.
COURT FINDS THAT EACH SUCH WAIVER IS KNOWINGLY, UNDERSTANDINGLY, AND EXPLICITLY
  MADE;
THE DEFENDANT WITH THE COURTS APPROVAL, PLEADS NOLO CONTENDERE TO COUNT 01 A
  VIOLATION OF SECTION 23152(A) VC.  THE COURT FINDS THE DEFENDANT GUILTY.
COUNT (01) : DISPOSITION: CONVICTED
THE DEFENDANT WITH THE COURTS APPROVAL, PLEADS NOLO CONTENDERE TO COUNT 03 A
  VIOLATION OF SECTION 14601.1(A) VC.  THE COURT FINDS THE DEFENDANT GUILTY.
COUNT (03) : DISPOSITION: CONVICTED
DEFENDANT ADMITS THE PRIOR CONVICTION OF THE CRIME IN VIOLATION AS TO COUNT 03
  OF SECTION 14601.1(A) VC, ON AND ABOUT 08/31/05 IN THE SAN FERNANDO CTHOUSE

  JUDICIAL DISTRICT UNDER CASE NUMBER PA052799
DEFENDANT ADMITS THE PRIOR CONVICTION OF THE CRIME IN VIOLATION AS TO COUNT 03
  OF SECTION 14601.1(A) VC, ON AND ABOUT 02/01/05 IN THE SAN FERNANDO CTHOUSE
  JUDICIAL DISTRICT UNDER CASE NUMBER 5SF00529
COURT FINDS THAT THERE IS A FACTUAL BASIS FOR DEFENDANT'S PLEA, AND COURT
  ACCEPTS PLEA.
NEXT SCHEDULED EVENT:
  SENTENCING
  DEFENDANT WAIVES ARRAIGNMENT FOR JUDGMENT AND STATES THERE IS NO LEGAL CAUSE
  WHY SENTENCE SHOULD NOT BE PRONOUNCED. THE COURT ORDERED THE FOLLOWING
  JUDGMENT:
AS TO COUNT  (01):
  DEFENDANT GIVEN TOTAL CREDIT FOR 13 DAYS IN CUSTODY 9 DAYS ACTUAL CUSTODY
   AND 4 DAYS GOOD TIME/WORK TIME
IMPOSITION OF SENTENCE SUSPENDED

```
CASE NO. 8SR02498                          PAGE NO.   3
DEF NO.  01                                DATE PRINTED 12/21/21
```

DEFENDANT PLACED ON SUMMARY PROBATION
  FOR A PERIOD OF 036 MONTHS UNDER THE FOLLOWING TERMS AND CONDITIONS:
  PAY A FINE OF $390.00
     PLUS A STATE PENALTY FUND ASSESSMENT OF $936.00
  PLUS $20.00 COURT SECURITY ASSESSMENT (PURSUANT TO 1465.8(A)(1) P.C.)
    $78.00 CRIMINAL FINE SURCHARGE (PURSUANT TO 1465.7 P.C.)
    $50.00 ALCOHOL ABUSE/PREVENTION ASSESSMENT (23645 V.C.)
    $33.00 LABORATORY SERVICE FUND(PURSUANT TO 1463.14(B) P.C.)
    $25.00 ADMINISTRATIVE SCREENING FEE (PURSUANT TO 1463.07PC)
    $35.00 INSTALLMENT & ACCOUNTS RECEIVABLE FEE (PURSUANT TO 1205(D)PC)
  OR SERVE 13 DAYS IN LOS ANGELES COUNTY JAIL
  COMMITMENT ISSUED
  DEFENDANT TO PAY FINE TO THE COURT CLERK
IN LIEU OF JAIL OR FINE, DEFENDANT MAY:
  PERFORM 13 DAYS OF CAL TRANS
THE DEFENDANT SHALL ENROLL AND PARTICIPATE IN AND SUCCESSFULLY COMPLETE, A
3-MONTH LICENSED FIRST-OFFENDER ALCOHOL AND OTHER DRUG EDUCATION AND COUNSELING
 PROGRAM

  DEFENDANT SHALL PAY A RESTITUTION FINE IN THE AMOUNT OF $100.00 TO THE COURT
    TOTAL DUE: $1,667.00
  IN ADDITION:
  -DO NOT DRIVE ANY VEHICLE WITH ANY MEASURABLE AMOUNT OF ALCOHOL
    OR DRUGS IN YOUR BLOOD OR REFUSE TO TAKE AND COMPLETE ANY BLOOD
    ALCOHOL OR DRUG CHEMICAL TEST, ANY FIELD SOBRIETY TEST, AND ANY
    PRELIMINARY ALCOHOL SCREENING TEST, WHEN REQUESTED BY ANY PEACE
    OFFICER.
  -DO NOT DRIVE A MOTOR VEHICLE WITHOUT A VALID DRIVER'S LICENSE IN
    YOUR POSSESSION OR WITHOUT LIABILITY INSURANCE IN AT LEAST THE
    MINIMUM AMOUNTS REQUIRED BY LAW.
  -THE DEFENDANT WAS ADVISED AND UNDERSTOOD THAT BEING UNDER THE
    INFLUENCE OF ALCOHOL OR DRUGS, OR BOTH, IMPAIRS HIS/HER ABILITY
    TO SAFELY OPERATE A MOTOR VEHICLE, AND IT IS EXTREMELY DANGEROUS
    TO HUMAN LIFE TO DRIVE WHILE UNDER THE INFLUENCE OF ALCOHOL OR
    DRUGS, OR BOTH.  DEFENDANT WAS FURTHER ADVISED THAT IF HE/SHE
    CONTINUES TO DRIVE WHILE UNDER THE INFLUENCE OF ALCOHOL OR
    DRUGS, OR BOTH, AND AS A RESULT OF HIS/HER DRIVING, SOMEONE IS
    KILLED, THE DEFENDANT CAN BE CHARGED WITH MURDER.
  -DEFENDANT ACKNOWLEDGES THAT HE/SHE UNDERSTANDS AND ACCEPTS EACH
    TERM AND CONDITION OF  PROBATION.

  OBEY ALL LAWS AND FURTHER ORDERS OF THE COURT.
  $100 REVOCATION FINE IS IMPOSED AND STAYED.
  .
  PROOF OF ENROLLMENT TO THE ALCOHOL PROGRAM IS DUE BY 8-4-08 IN
  THE CLERK'S OFFICE.
  .
  PROOF OF COMPLETION AND PAYMENT OF FEES ARE DUE BY 3-3-09 IN
  THE CLERK'S OFFICE.
  .
  (ENTERED BY D.JENKINS)
COUNT (01): DISPOSITION: CONVICTED
ABSTRACT ISSUED ON 06/03/08 FOR COUNT 01
DMV JUDGMENT CODE  QWG
NEXT SCHEDULED EVENT:
  08/04/08   900 AM  PROOF OF ENROLLMENT   DIST SAN FERNANDO COURTHOUSE DEPT

```
CASE NO. 8SR02498                          PAGE NO.   4
DEF NO.  01                                DATE PRINTED 12/21/21
     CLK
NEXT SCHEDULED EVENT:
  03/03/09   900 AM  PROOF OF COMPLETION/FINE   DIST SAN FERNANDO COURTHOUSE
     DEPT CLK
  DEFENDANT WAIVES ARRAIGNMENT FOR JUDGMENT AND STATES THERE IS NO LEGAL CAUSE
  WHY SENTENCE SHOULD NOT BE PRONOUNCED. THE COURT ORDERED THE FOLLOWING
  JUDGMENT:
AS TO COUNT  (03):
IMPOSITION OF SENTENCE SUSPENDED
DEFENDANT PLACED ON SUMMARY PROBATION
  FOR A PERIOD OF 036 MONTHS UNDER THE FOLLOWING TERMS AND CONDITIONS:
  SERVE 005 DAYS IN LOS ANGELES COUNTY JAIL
     FORTHWITH
  PAY A FINE OF $500.00
     PLUS A STATE PENALTY FUND ASSESSMENT OF $1,200.00
  PLUS $100.00 CRIMINAL FINE SURCHARGE (PURSUANT TO 1465.7 P.C.)
  OR SERVE 16 DAYS IN LOS ANGELES COUNTY JAIL
  COMMITMENT ISSUED

  DEFENDANT TO PAY FINE TO THE COURT CLERK
IN LIEU OF JAIL OR FINE, DEFENDANT MAY:
  PERFORM 16 DAYS OF CAL TRANS
     TOTAL DUE: $1,800.00
  IN ADDITION:
  -DO NOT DRIVE A MOTOR VEHICLE WITHOUT A VALID DRIVER'S LICENSE IN
     YOUR POSSESSION OR WITHOUT LIABILITY INSURANCE IN AT LEAST THE
     MINIMUM AMOUNTS REQUIRED BY LAW.
  -DO NOT OWN, USE, POSSESS, BUY OR SELL, OR ATTEMPT TO BUY OR SELL
     ANY AEROSOL PAINT CONTAINERS, FELT TIP MARKERS, INDELIBLE INK
     MARKERS, TO MARK ANY PROPERTY OR WRITE GRAFFITI.
  OBEY ALL LAWS AND FURTHER ORDERS OF THE COURT.
  DEFENDANT ELECTS JAIL IN LIEU OF FINE, FORTHWITH, CONSECTIVE TO
  ALL OTHER TIME.

  (ENTERED BY D.JENKINS)
COUNT (03): DISPOSITION: CONVICTED
REMAINING COUNTS DISMISSED:
   COUNT  (02): DISMISSAL IN FURTH OF JUSTICE PER 1385 PC
ABSTRACT ISSUED ON 06/03/08 FOR COUNT 03
DMV JUDGMENT CODE  JWG

NEXT SCHEDULED EVENT:
  MATTER PREV SET/REMAIN ON CLDR

06/03/08 BENCH WARRANT IN THE AMOUNT OF $30,000.00   RECALLED. (06/03/08).

CUSTODY STATUS: ON PROBATION/REMANDED
CUSTODY STATUS: ON PROBATION/REMANDED


ON 08/04/08 AT  900 AM  IN SAN FERNANDO COURTHOUSE DEPT CLK

CASE CALLED FOR PROOF OF ENROLLMENT
PARTIES: NONE (JUDGE)  NONE  (CLERK)
             NONE      (REP) NONE  (DDA)
DEFENDANT IS  NOT PRESENT IN COURT, AND NOT REPRESENTED BY COUNSEL
  DEFENDANT FAILED TO APPEAR FOR NON COMPLIANCE IN ALCOHOL PROGRAM
  CASE FILE PREPARED ON 08/07/08 AND FORWARDED TO DEPARTMENT
  139/M FOR POSSIBLE BENCH WARRANT.
  ENTERED BY GAYANE K.
NEXT SCHEDULED EVENT:
```

```
CASE NO. 8SR02498                          PAGE NO.   5
DEF NO.  01                                DATE PRINTED 12/21/21

BENCH/WARRANT TO ISSUE


ON 08/04/08 AT  900 AM  IN SAN FERNANDO COURTHOUSE DEPT 139

CASE CALLED FOR POST SENTENCING
PARTIES: MARTIN R. GLADSTEIN (JUDGE) NONE   (CLERK)
               NONE  (REP)   NONE ()
DEFENDANT IS  NOT PRESENT IN COURT, AND NOT REPRESENTED BY COUNSEL
  PROBATION REVOKED
AS TO COUNT  (01):
  DEFENDANT FAILED TO APPEAR AS ORDERED.
  PROBATION IS REVOKED AND BENCH WARRANT ISSUE.           GG
DMV ABSTRACT NOT REQUIRED
NEXT SCHEDULED EVENT:
  BENCH/WARRANT TO ISSUE
  PROBATION REVOKED

AS TO COUNT  (03):
  DEFENDANT FAILED TO APPEAR AS ORDERED.
  PROBATION IS REVOKED AND BENCH WARRANT ISSUE.           GG
DMV ABSTRACT NOT REQUIRED
NEXT SCHEDULED EVENT:
  BENCH/WARRANT TO ISSUE

08/04/08 BENCH WARRANT IN THE AMOUNT OF $35,000.00 BY ORDER OF JUDGE MARTIN R.
    GLADSTEIN ISSUED. (08/13/08).



ON 01/20/09 AT  830 AM  IN SAN FERNANDO COURTHOUSE DEPT 139

CASE CALLED FOR POSSIBLE VIOL. OF PROBATION
PARTIES: MARTIN R. GLADSTEIN (JUDGE) LAURA HIDALGO   (CLERK)
          DEMETRA BENNETT  (REP)     APRAHAM ATTEUKENIAN  (CA)
DEFENDANT IS PRESENT IN COURT, AND REPRESENTED BY F. DARVEY BAR PANEL ATTORNEY
 THE DEFENDANT IS ADVISED OF RIGHTS RE HEARING ON VIOLATION AND WAIVES RIGHTS
TO A REVOCATION HEARING.
 DEFENDANT AND COUNSEL ADMIT TO VIOLATION OF PROBATION IN OPEN COURT.

COURT FINDS DEFENDANT IN VIOLATION OF PROBATION.
PROBATION REINSTATED
  PROBATION IS CONTINUED ON THE SAME TERMS AND CONDITIONS WITH THE FOLLOWING
    MODIFICATIONS:
AS TO COUNT  (01):
  DEFENDANT IS TO SERVE 40 DAYS IN COUNTY JAIL.

  DEFENDANT IS GIVEN CUSTODY CREDITS OF 8 DAYS ( 6  DAYS
  ACTUAL AND 2   DAYS GOOD TIME/WORK TIME).

  FEES DELETED.  ALCOHOL PROGRAM DELETED.

  ENTERED BY K. ELLIS ON 1-26-09.
DMV ABSTRACT NOT REQUIRED
NEXT SCHEDULED EVENT:
```

```
CASE NO. 8SR02498                          PAGE NO.   6
DEF NO.  01                                DATE PRINTED 12/21/21
```

PROBATION IN EFFECT/REMANDED

01/20/09 BENCH WARRANT IN THE AMOUNT OF $35,000.00    RECALLED. (01/20/09).

CUSTODY STATUS: ON PROBATION/REMANDED


ON 09/29/09 AT  830 AM  IN VAN NUYS COURTHOUSE DEPT 101

CASE CALLED FOR POSSIBLE VIOL. OF PROBATION
PARTIES: MITCHELL BLOCK (JUDGE) U-CHIN JANG   (CLERK)
              JOHN N. RILEY  (REP)      ROBERT A. ORLICH  (CA)
STIPULATED THAT MITCHELL BLOCK (JUDGE) MAY HEAR THE CAUSE AS TEMPORARY JUDGE.
DEFENDANT IS PRESENT IN COURT, AND REPRESENTED BY RICHARD PAGLIARI BAR PANEL
  ATTORNEY
 THE DEFENDANT IS ADVISED OF RIGHTS RE HEARING ON VIOLATION AND WAIVES RIGHTS
TO A REVOCATION HEARING.
 DEFENDANT AND COUNSEL STIPULATE TO VIOLATION OF PROBATION IN OPEN COURT.

COURT FINDS DEFENDANT IN VIOLATION OF PROBATION.
  PROBATION REVOKED
PROBATION REINSTATED
  PROBATION IS CONTINUED ON SAME TERMS AND CONDITIONS.
AS TO COUNT  (01):
  ******************  NO LEGAL FILE IN COURT  ******************
  CASE HEARD ON DUPLICATE DOCKET. REF. CASE 9PY06834.
  NO MODIFICATION(S) OF PROBATION.
DMV ABSTRACT NOT REQUIRED
NEXT SCHEDULED EVENT:
  PROBATION IN EFFECT

CUSTODY STATUS: ON PROBATION

04/21/10  ARREST DISPOSITION REPORT SENT VIA FILE TRANSFER TO DEPARTMENT OF
          JUSTICE

ON 09/24/18 AT  530 AM :


CASE FILE DESTROYED.

Filing Date: 03/11/2008

Case No. LA058357

Conviction(s): 11377(A) Health & Safety Code - unlawful possession of methamphetamines as well as certain other narcotics

Criminal Case Summary

| | |
|---|---|
| Case Number: | LAVLA058357-01 |
| Defendant Name: | MILEY, LENORE MARIE |
| Violation Date: | March 9, 2008 |
| Filing Date: | March 11, 2008 |
| Courthouse: | Van Nuys Courthouse West |

## CASE INFORMATION

| Count | Charge Section | Charge Statute | Plea | Disposition | Disposition Date |
|---|---|---|---|---|---|
| 01 | 11377(A) | Health & Safety Code | PLead Guilty | Guilty/Convicted | 03/20/2008 |

## EVENTS

**Upcoming Scheduled Events**

None

**Pa t Event**

| Date | Time | Location | Dept/Room Number | Events |
|---|---|---|---|---|
| March 11, 2008 | 08 30 AM | Van Nuys Courthouse West | 100 | ARRAIGNMENT |
| March 20, 2008 | 01 30 PM | | 111 | PROP 36 ELIGIBILITY DETERMIN |
| June 13, 2008 | 08 30 AM | | CLK | DOCKET LINE ENTRY |
| June 17, 2008 | 08 30 AM | | 001 | POSSIBLE PROP36 PGM VIOLATION |
| July 7, 2008 | 09 00 AM | | CLK | DOCKET LINE ENTRY |
| Augu t 7, 2008 | 09 30 AM | | CLK | CASE TRANSFERRED |
| Augu t 19, 2008 | 08 30 AM | Van Nuys Courthouse West | 100 | PROBATION VIOLATION HEARING |

| January 22, 2009 | 08:30 AM | | 001 | PROGRESS REPORT |
|---|---|---|---|---|

## BAIL

No Information Found

## SENTENCING INFORMATION

THE INFORMATION PROVIDED ON THIS WEBSITE CONTAINS ONLY AN EXTRACTION FROM THE COURT RECORD. IT IS PROVIDED FOR INFORMATIONAL PURPOSES ONLY AND IS NOT A FULL AND COMPLETE RECORD OF COURT PROCEEDINGS.

| Sentencing Information | | | |
|---|---|---|---|
| SENTENCING DATE: | March 20, 2008 | | |
| For Count(s): | 01 | PROBATION/MANDATORY SUPERVISION | FORMAL PROBATION 3 YEAR(S) |
| | | | |
| JAIL TERM | | JAIL TERM | 18 DAY(S) IN LOS ANGELES COUNTY JAIL |
| | | | |
| BASE FINE/TOTAL FINE: | $0.00 | BASE FINE/TOTAL FINE: | $0.00 |
| (OR) Jail term instead of fine: | | (OR) Jail term instead of fine: | |
| Additional Terms | | | |
| PROGRAM | | | |
| PROGRAM INSTEAD OF FINE: | | | |
| | | | |
| ALCOHOL PROGRAM: | | | |
| | | | |
| LICENSE RESTRICTION/SUSPENSION | | | |
| | | | |

Filing Date: 06/27/2007

Case No. 7VY02584

Conviction(s): 20002(A) Vehicle Code – failure to stop after accident

```
                      SUPERIOR COURT OF CALIFORNIA
                         COUNTY OF LOS ANGELES
NO. 7VY02584                                     PAGE NO.  1
THE PEOPLE OF THE STATE OF CALIFORNIA    VS.     CURRENT DATE 12/21/21
DEFENDANT 01:  LENORE MARIE MILEY
LAW ENFORCEMENT AGENCY EFFECTING ARREST: LAPD - VALLEY TRAFFIC DIVISION


BAIL: APPEARANCE  AMOUNT    DATE    RECEIPT OR  SURETY COMPANY   REGISTER
         DATE     OF BAIL  POSTED   BOND NO.                     NUMBER

CASE FILED ON 06/27/07.
 COMPLAINT FILED, DECLARED OR SWORN TO CHARGING DEFENDANT WITH HAVING
COMMITTED, ON OR ABOUT 05/24/07 IN THE COUNTY OF LOS ANGELES, THE FOLLOWING
OFFENSE(S) OF:
    COUNT 01: 20002(A) VC MISD
    COUNT 02: 12500(A) VC MISD
    COUNT 03: 16028(A) VC INF
NEXT SCHEDULED EVENT:
  07/10/07   830 AM  ARRAIGNMENT   DIST VAN NUYS COURTHOUSE DEPT 103



ON 07/10/07 AT  830 AM  IN VAN NUYS COURTHOUSE DEPT 103

CASE CALLED FOR ARRAIGNMENT
PARTIES: CMR. REBECCA OMENS (JUDGE)  JAMES SHERMAN  (CLERK)
             BETTY OLSEN      (REP)  TEDDY J. EDEN   (CA)
THE DEFENDANT FAILS TO APPEAR, WITHOUT SUFFICIENT EXCUSE AND NOT REPRESENTED BY
  COUNSEL
  DEFENDANT FAILED TO APPEAR.  CASE IS REFERRED FOR ARREST
  WARRANT.
NEXT SCHEDULED EVENT:
ARREST WARRANT TO ISSUE

07/12/07 ARREST WARRANT IN THE AMOUNT OF $6,000.00 BY ORDER OF JUDGE KAREN J.
    NUDELL ISSUED. (07/12/07).



ON 09/07/07 AT  830 AM  IN VAN NUYS COURTHOUSE DEPT 103

CASE CALLED FOR ARRAIGNMENT AND PLEA

PARTIES: CMR. REBECCA OMENS (JUDGE)  LAWANDA WILLIAMS  (CLERK)
             ELAINE ALAOGLU      (REP)  HARVEY CRESPY  (CA)
DEFENDANT IS PRESENT IN COURT, AND NOT REPRESENTED BY COUNSEL
STIPULATED THAT A TEMPORARY JUDGE MAY HEAR THE CASE
  DEFENDANT'S MOTION TO CONTINUE MATTER TO 09-13-07 IS GRANTED.
  THE COURT FINDS GOOD CAUSE.
  COURT ORDERS AND FINDINGS:
  -THE COURT ORDERS THE DEFENDANT TO APPEAR ON THE NEXT COURT DATE.
WAIVES STATUTORY TIME.
NEXT SCHEDULED EVENT:
  09/13/07   830 AM  ARRAIGNMENT AND PLEA   DIST VAN NUYS COURTHOUSE DEPT 103

09/07/07 ARREST WARRANT IN THE AMOUNT OF $6,000.00   RECALLED. (09/07/07).

CUSTODY STATUS: RELEASED ON OWN RECOGNIZANCE


ON 09/13/07 AT  830 AM  IN VAN NUYS COURTHOUSE DEPT 103

CASE CALLED FOR ARRAIGNMENT AND PLEA
PARTIES: ALVIN NIERENBERG (TEMPORARY JUDGE)  LAWANDA WILLIAMS  (CLERK)
```

```
CASE NO. 7VY02584                          PAGE NO.    2
DEF NO.  01                                DATE PRINTED 12/21/21
```

                ELAINE ALAOGLU     (REP)  ROBERT A. ORLICH  (CA)
THE DEFENDANT FAILS TO APPEAR, WITHOUT SUFFICIENT EXCUSE AND NOT REPRESENTED BY
   COUNSEL
   DEFENDANT FAILED TO APPEAR.
   THE COURT ORDERS A BENCH WARRANT TO ISSUE WITH BAIL SET AT
   $35,000.
NEXT SCHEDULED EVENT:
BENCH/WARRANT TO ISSUE

09/13/07 BENCH WARRANT IN THE AMOUNT OF $35,000.00 BY ORDER OF JUDGE KATHRYNE A
     STOLTZ ISSUED. (09/13/07).


ON 09/17/07 AT  830 AM :

NEXT SCHEDULED EVENT:
  09/17/07   830 AM  ARRAIGNMENT   DIST VAN NUYS COURTHOUSE DEPT 103


ON 09/17/07 AT  830 AM  IN VAN NUYS COURTHOUSE DEPT 103

CASE CALLED FOR ARRAIGNMENT
PARTIES: CMR. REBECCA OMENS (JUDGE)  LAWANDA WILLIAMS  (CLERK)
               ELAINE ALAOGLU  (REP)      HARVEY CRESPY  (CA)
STIPULATED THAT CMR. REBECCA OMENS (JUDGE) MAY HEAR THE CAUSE AS TEMPORARY
   JUDGE.
DEFENDANT DEMANDS COUNSEL.
COURT REFERS DEFENDANT TO THE PUBLIC DEFENDER.
PUBLIC DEFENDER APPOINTED.  DAVID D. MARSH - P.D.
DEFENDANT IS PRESENT IN COURT, AND REPRESENTED BY DAVID D. MARSH DEPUTY PUBLIC
   DEFENDER
THE DEFENDANT IS ADVISED OF FINANCIAL RESPONSIBILITY.
DEFENDANT WAIVES ARRAIGNMENT, READING OF COMPLAINT, AND STATEMENT OF
   CONSTITUTIONAL AND STATUTORY RIGHTS.
DEFENDANT PLEADS NOT GUILTY TO COUNT 01, 20002(A) VC.
DEFENDANT PLEADS NOT GUILTY TO COUNT 02, 12500(A) VC.
DEFENDANT PLEADS NOT GUILTY TO COUNT 03, 16028(A) VC.

   COURT ORDERS AND FINDINGS:
   -THE COURT ORDERS THE DEFENDANT TO APPEAR ON THE NEXT COURT DATE.
   MATTER SET IN DEPARTMENT 113 FOR ALL PURPOSES.
   LAST DAY FOR TRIAL: 11/02/07.
   .
   REFER TO 5SF00529 AND PA052799.
   .
   BENCH WARRANT IS RECALLED AND QUASHED.
NEXT SCHEDULED EVENT:
10/17/07   830 AM  PRETRIAL HEARING   DIST VAN NUYS COURTHOUSE DEPT 113

09/17/07 BENCH WARRANT IN THE AMOUNT OF $35,000.00   RECALLED. (09/17/07).

CUSTODY STATUS: DEFENDANT REMAINS ON OWN RECOGNIZANCE


ON 10/17/07 AT  830 AM  IN VAN NUYS COURTHOUSE DEPT 113

CASE CALLED FOR PRETRIAL HEARING
PARTIES: JESSICA SILVERS (JUDGE)  WENDY DELGADO  (CLERK)

```
CASE NO. 7VY02584                              PAGE NO.   3
DEF NO.  01                                    DATE PRINTED 12/21/21
                    PATTI SUNDSTROM      (REP)  MICHAEL R. AMERIAN  (CA)
THE DEFENDANT FAILS TO APPEAR, WITHOUT SUFFICIENT EXCUSE AND REPRESENTED BY
  ALLISON DREW DEPUTY PUBLIC DEFENDER
  DEFENDANT FAILS TO APPEAR.  O.R. IS REVOKED.  A BENCH WARRANT
  IS ISSUED WITH BAIL SET AT $50,000.00.
NEXT SCHEDULED EVENT:
BENCH/WARRANT ISSUED


10/17/07 BENCH WARRANT IN THE AMOUNT OF $50,000.00 BY ORDER OF JUDGE JESSICA
    SILVERS ISSUED. (10/17/07).


10/29/07 BENCH WARRANT IN THE AMOUNT OF $50,000.00   RECALLED. (10/29/07).



ON 11/02/07 AT  830 AM  IN VAN NUYS COURTHOUSE DEPT 113

CASE CALLED FOR JURY TRIAL

PARTIES: MICHAEL A. LATIN (JUDGE)  WENDY DELGADO  (CLERK)
                    PATTI SUNDSTROM      (REP)  MICHAEL R. AMERIAN  (CA)
DEFENDANT IS PRESENT IN COURT, AND REPRESENTED BY ALLISON DREW DEPUTY PUBLIC
  DEFENDER
  THE TRIAL IS TRAILED TO DECEMBER 5, 2007, AT 8:30 A.M. IN THIS
  DEPARTMENT. THE LAST DAY IS DECEMBER 13, 2007.
  COURT ORDERS AND FINDINGS:
  -THE COURT ORDERS THE DEFENDANT TO APPEAR ON THE NEXT COURT DATE.
NEXT SCHEDULED EVENT:
  12/05/07   830 AM  JURY TRIAL   DIST VAN NUYS COURTHOUSE DEPT 113

CUSTODY STATUS: DEFENDANT REMAINS ON OWN RECOGNIZANCE


ON 12/05/07 AT  830 AM  IN VAN NUYS COURTHOUSE DEPT 113

CASE CALLED FOR JURY TRIAL
PARTIES: MICHAEL A. LATIN (JUDGE)  WENDY DELGADO  (CLERK)
                    PATTI SUNDSTROM      (REP)  MICHAEL R. AMERIAN  (CA)
THE DEFENDANT FAILS TO APPEAR, WITHOUT SUFFICIENT EXCUSE AND REPRESENTED BY
  ALLISON DREW DEPUTY PUBLIC DEFENDER

  DEFENDANT FAILS TO APPEAR. O.R. IS REVOKED. A BENCH WARRANT IS
  ISSUED WITH BAIL SET AT $50,000.00.
NEXT SCHEDULED EVENT:
BENCH/WARRANT ISSUED

12/05/07 BENCH WARRANT IN THE AMOUNT OF $50,000.00 BY ORDER OF JUDGE MICHAEL A.
    LATIN ISSUED. (12/05/07).



ON 02/08/08 AT  830 AM  IN VAN NUYS COURTHOUSE DEPT 113

CASE CALLED FOR JURY TRIAL
PARTIES: T.K. HERMAN (JUDGE)  MICHAEL ARTIS  (CLERK)
                    PEGGY DOWNS  (REP)      MICHAEL R. AMERIAN  (CA)
DEFENDANT IS PRESENT IN COURT, AND REPRESENTED BY ALLISON DREW DEPUTY PUBLIC
  DEFENDER
DEFENDANT ADVISED OF AND PERSONALLY AND EXPLICITLY WAIVES THE FOLLOWING RIGHTS:
  WRITTEN ADVISEMENT OF RIGHTS AND WAIVERS FILED, INCORPORATED BY REFERENCE
HEREIN
```

```
CASE NO. 7VY02584                          PAGE NO.    4
DEF NO.  01                                DATE PRINTED 12/21/21
```

TRIAL BY COURT AND TRIAL BY JURY
    CONFRONTATION AND CROSS-EXAMINATION OF WITNESSES;
    SUBPOENA OF WITNESSES INTO COURT TO TESTIFY IN YOUR DEFENSE;
    AGAINST SELF-INCRIMINATION;
COUNSEL FOR THE DEFENDANT JOINS IN THE WAIVERS AND CONCURS IN THE PLEA.
COURT FINDS THAT EACH SUCH WAIVER IS KNOWINGLY, UNDERSTANDINGLY, AND EXPLICITLY
    MADE;
THE DEFENDANT PERSONALLY WITHDRAWS PLEA OF NOT GUILTY TO COUNT 01 AND PLEADS
    NOLO CONTENDERE WITH THE APPROVAL OF THE COURT TO A VIOLATION OF SECTION
    20002(A) VC IN COUNT 01.  THE COURT FINDS THE DEFENDANT GUILTY.
COUNT (01) : DISPOSITION: CONVICTED
COURT ACCEPTS PLEA
    THE DEFENDANT APPEARS IN CUSTODY ON THE COURT'S BENCH WARRANT.
    .
    THE BENCH WARRANT IS ORDERED RECALLED.
WAIVES TIME FOR SENTENCE.
NEXT SCHEDULED EVENT:
    SENTENCING

    DEFENDANT WAIVES ARRAIGNMENT FOR JUDGMENT AND STATES THERE IS NO LEGAL CAUSE
    WHY SENTENCE SHOULD NOT BE PRONOUNCED. THE COURT ORDERED THE FOLLOWING
    JUDGMENT:
AS TO COUNT  (01):
IMPOSITION OF SENTENCE SUSPENDED
DEFENDANT PLACED ON SUMMARY PROBATION
    FOR A PERIOD OF 036 MONTHS UNDER THE FOLLOWING TERMS AND CONDITIONS:
    SERVE 030 DAYS IN LOS ANGELES COUNTY JAIL
        LESS CREDIT FOR 2 DAYS
    PLUS $20.00 COURT SECURITY ASSESSMENT (PURSUANT TO 1465.8(A)(1) P.C.)
IN LIEU OF JAIL:
    PERFORM 20 DAYS OF CAL TRANS
    DEFENDANT SHALL PAY A RESTITUTION FINE IN THE AMOUNT OF $100.00 TO THE COURT
        TOTAL DUE: $120.00
    IN ADDITION:
    -DO NOT DRIVE A MOTOR VEHICLE WITHOUT A VALID DRIVER'S LICENSE IN
      YOUR POSSESSION OR WITHOUT LIABILITY INSURANCE IN AT LEAST THE
      MINIMUM AMOUNTS REQUIRED BY LAW.
    -OBEY ALL LAWS AND ORDERS OF THE COURT.
    -DEFENDANT ACKNOWLEDGES TO THE COURT THAT THE DEFENDANT
      UNDERSTANDS AND ACCEPTS ALL THE PROBATION CONDITIONS, AND

      DEFENDANT AGREES TO ABIDE BY SAME.
THE DEFENDANT IS ORDERED TO MAKE RESTITUTION TO VICTIM, NICOLE
PADILLA, IN AMOUNT TO BE DETERMINED AT THE RESTITUTION HEARING.
THE DEFENDANT ADMITS LIABILITY, BUT THE DISPUTES THE AMOUNT.
.
THE COURT STATES THAT THE DEFENDANT MAY PERFORM GRAFFITI
REMOVAL OR BEAUTIFICATION IN LIEU OF CAL TRANS.
.
THE DEFENDANT IS ORDERED TO RETURN TO THIS COURT ON THE DATE AND
TIME INDICATED BELOW FOR RESTITUTION HEARING AND TO PROVIDE
PROGRESS IN GRAFFITI REMOVAL/BEAUTIFICATION AND FEES.
.
THE DEFENDANT REPRESENTS TO THE COURT THAT SHE WILL PERFORM
GRAFFITI REMOVAL/BEAUTIFICATION IN LIEU OF JAIL AND IS ORDERED
RELEASED (RELEASE# BN006178 IS ISSUED).

```
CASE NO. 7VY02584                              PAGE NO.   5
DEF NO. 01                                     DATE PRINTED 12/21/21
```

COUNT (01): DISPOSITION: CONVICTED
REMAINING COUNTS DISMISSED:
   COUNT (02): DISMISSED DUE TO PLEA NEGOTIATION
   COUNT (03): DISMISSED DUE TO PLEA NEGOTIATION
ABSTRACT ISSUED ON 02/08/08 FOR COUNT 01
DMV JUDGMENT CODE  JG
NEXT SCHEDULED EVENT:
  03/24/08  830 AM  RESTITUTION HEARING   DIST VAN NUYS COURTHOUSE DEPT 113

02/08/08 BENCH WARRANT IN THE AMOUNT OF $50,000.00   RECALLED. (02/08/08).

CUSTODY STATUS: ON PROBATION


ON 03/11/08 AT  800 AM :

  FILE SENT TO DEPT 100 FOR POSSIBLE PROBATION VIOLATION HEARING
  ON 031108. REFERENCE CASE LA058357.

NEXT SCHEDULED EVENT:
  03/11/08  830 AM  POSSIBLE VIOL. OF PROBATION   DIST VAN NUYS COURTHOUSE
   DEPT 100



ON 03/11/08 AT  830 AM  IN VAN NUYS COURTHOUSE DEPT 100

CASE CALLED FOR POSSIBLE VIOL. OF PROBATION
PARTIES: MICHAEL K. KELLOGG (JUDGE) LORINE BABIK   (CLERK)
             ENEDINA GONZALES  (REP)     JANE WINSTON  (DA)
DEFENDANT IS PRESENT IN COURT, AND REPRESENTED BY JAMES R BENDAT DEPUTY PUBLIC
  DEFENDER
  PROBATION REVOKED
AS TO COUNT  (01):
  DEFENDANT TO PAY FINE TO THE COURT CLERK
  COURT ORDERS AND FINDINGS:
  THE COURT ORDERS THE DEFENDANT TO APPEAR ON THE NEXT COURT DATE.
  REFER TO CASE LA058357-01. PROBATION VIOLATION HEARING SET FOR
  032008. REMANDING ORDER ISSUED.
BAIL SET AT $10,000.

DMV ABSTRACT NOT REQUIRED
NEXT SCHEDULED EVENT:
  03/20/08  130 PM  PROBATION VIOLATION HEARING   DIST VAN NUYS COURTHOUSE
   DEPT 111

CUSTODY STATUS: REMANDED TO CUSTODY


ON 03/20/08 AT  130 PM  IN VAN NUYS COURTHOUSE DEPT 111

CASE CALLED FOR PROBATION VIOLATION HEARING
PARTIES: MICHAEL K. KELLOGG (JUDGE) LORINE BABIK  (CLERK)
             ENEDINA GONZALES      (REP)  JANE WINSTON  (DA)
DEFENDANT IS PRESENT IN COURT, AND REPRESENTED BY MARTY PORRECA DEPUTY PUBLIC
  DEFENDER
BAIL SET AT $10,000
  PROBATION REMAINS REVOKED PENDING REINSTATEMENT AND RESTITUTION
  HEARING IN DEPARTMENT 113 ON 03/24/08 AS PREVIOUSLY SET.
  REFERENCE CASE NO. LA058357-01.

```
CASE NO. 7VY02584                           PAGE NO.   6
DEF NO.  01                                 DATE PRINTED 12/21/21
```

REMOVAL ORDER ISSUED.
COURT ORDERS AND FINDINGS:
-THE COURT ORDERS THE DEFENDANT TO APPEAR ON THE NEXT COURT DATE.
NEXT SCHEDULED EVENT:
MATTER PREV SET/REMAIN ON CLDR

CUSTODY STATUS: REMANDED TO CUSTODY


ON 03/24/08 AT  830 AM  IN VAN NUYS COURTHOUSE DEPT 113

CASE CALLED FOR RESTITUTION HEARING
PARTIES: MICHAEL E. KNIGHT (JUDGE)  HARUT YEDALYAN  (CLERK)
            PAMELA NICKLAUS    (REP)  JOSHUA M. GELLER  (CA)
DEFENDANT IS PRESENT IN COURT, AND REPRESENTED BY MEGAN N. GALLOW DEPUTY PUBLIC
  DEFENDER
  RESTITUTION HEARING IS PLACED OFF CALENDAR. CASE IS SET FOR
  PROOF OF PROGRESS RE THE CALTRANS AND COURT FEES ON

  05/05/08 IN THIS DEPARTMENT 113..
  .
  COURT ORDERS AND FINDINGS:
  -THE COURT ORDERS THE DEFENDANT TO APPEAR ON THE NEXT COURT DATE.
NEXT SCHEDULED EVENT:
  05/05/08   830 AM  PROGRESS REPORT   DIST VAN NUYS COURTHOUSE DEPT 113

CUSTODY STATUS: ON PROBATION


ON 04/07/08 AT  130 PM  IN VAN NUYS COURTHOUSE DEPT 111

CASE CALLED FOR FURTHER PROCEEDINGS
PARTIES: MICHAEL K. KELLOGG (JUDGE) LORINE BABIK   (CLERK)
            ENEDINA GONZALES  (REP)      JOSHUA M. GELLER  (CA)
THE DEFENDANT IS PRESENT(IN LOCK UP) AND NOT REPRESENTED BY COUNSEL
  PROBATION REVOKED
PROBATION REINSTATED
  PROBATION IS CONTINUED ON SAME TERMS AND CONDITIONS.
AS TO COUNT  (01):
  THE DEFENDANT WAS PRESENT IN DEPARTMENT 113, RESTITUTION HEARING

  WAS TAKEN OFF CALENDAR AND PROGRESS REPORT IS SCHEDULED ON
  05/05/08 IN DEPARTMENT 113.
  DEFENDANT IS SERVING TIME IN COUNTY JAIL ON REFERENCE CASE NO.
  6SR01347-01; PA052799-01; AND 5SF00529-01.
  DEFENDANT IS RELEASED ON THIS CASE; RELEASE NO. BN009518 IS
  ISSUED THIS DATE.
DMV ABSTRACT NOT REQUIRED
NEXT SCHEDULED EVENT:
  MATTER PREV SET/REMAIN ON CLDR

CUSTODY STATUS: ON PROBATION


ON 05/05/08 AT  830 AM  IN VAN NUYS COURTHOUSE DEPT 113

CASE CALLED FOR PROGRESS REPORT
PARTIES: JAMES A. STEELE (JUDGE)  HARUT YEDALYAN  (CLERK)
            CHRISTOPHER FEDOROFF       (REP)  JOSHUA M. GELLER  (CA)
DEFENDANT IS PRESENT IN COURT, AND REPRESENTED BY MEGAN N. GALLOW DEPUTY PUBLIC
```

```
CASE NO. 7VY02584                                PAGE NO.   7
DEF NO.  01                                      DATE PRINTED 12/21/21
```

    DEFENDER
    DEFENDANT PROVIDES PROOF OF THE CAR IMPOUND. DEFENDANT IS TO
    PROVIDE PROOF OF THE ENROLLMENT IN THE CALTRANS PROGRAM ON
    05/09/08 IN THE CLERKS OFFICE AT 9:00 A.M.
    .
    COURT ORDERS AND FINDINGS:
    -THE COURT ORDERS THE DEFENDANT TO APPEAR ON THE NEXT COURT DATE.
NEXT SCHEDULED EVENT:
    05/09/08   900 AM  PROOF OF ENROLLMENT   DIST VAN NUYS COURTHOUSE DEPT CLK

CUSTODY STATUS: ON PROBATION


ON 05/09/08 AT  900 AM  IN VAN NUYS COURTHOUSE DEPT CLK

CASE CALLED FOR PROOF OF ENROLLMENT
PARTIES: NONE (JUDGE)  NONE  (CLERK)
                NONE          (REP)  NONE  (DDA)

DEFENDANT IS  NOT PRESENT IN COURT, AND NOT REPRESENTED BY COUNSEL
    DEFENDANT FAILED TO APPEAR, SENT TO COURT FOR BENCH WARRANT
    TO BE ISSUED. SENT TO DEPARTMENT 113
NEXT SCHEDULED EVENT:
BENCH/WARRANT TO ISSUE



ON 05/13/08 AT  830 AM  IN VAN NUYS COURTHOUSE DEPT 113

CASE CALLED FOR POST SENTENCING
PARTIES: JAMES A. STEELE (JUDGE) HARUT YEDALYAN   (CLERK)
                BRIAN LUCY (REP)     JOSHUA M. GELLER  (CA)
THE DEFENDANT FAILS TO APPEAR, WITHOUT SUFFICIENT EXCUSE AND NOT REPRESENTED BY
    COUNSEL
    PROBATION REVOKED
AS TO COUNT  (01):
    DEFENDANT FAILS TO APPEAR FOR PROGRESS RE THE CALTRANS PROGRAM.
    BENCH WARRANT IS ISSUED IN THE AMOUNT OF $30,000.
DMV ABSTRACT NOT REQUIRED
NEXT SCHEDULED EVENT:

    PROBATION REVOKED/BW ISSUED

05/13/08 BENCH WARRANT IN THE AMOUNT OF $30,000.00 BY ORDER OF JUDGE JAMES A.
    STEELE ISSUED. (05/13/08).



ON 06/02/08 AT  830 AM  IN VAN NUYS COURTHOUSE DEPT 113

CASE CALLED FOR PROBATION VIOLATION HEARING
PARTIES: JAMES A. STEELE (JUDGE) HARUT YEDALYAN   (CLERK)
                STEPHANIE STROMER  (REP)     JOSHUA M. GELLER  (CA)
DEFENDANT IS PRESENT IN COURT, AND REPRESENTED BY MEGAN N. GALLOW DEPUTY PUBLIC
    DEFENDER
    THE DEFENDANT IS ADVISED OF RIGHTS RE HEARING ON VIOLATION AND WAIVES RIGHTS
TO A REVOCATION HEARING.
    DEFENDANT AND COUNSEL STIPULATE TO VIOLATION OF PROBATION IN OPEN COURT.
COURT FINDS DEFENDANT IN VIOLATION OF PROBATION.
    PROBATION REVOKED
PROBATION REINSTATED

```
CASE NO. 7VY02584                              PAGE NO.   8
DEF NO.  01                                    DATE PRINTED 12/21/21
```

PROBATION IS CONTINUED ON THE SAME TERMS AND CONDITIONS WITH THE FOLLOWING
    MODIFICATIONS:
AS TO COUNT  (01):
  DEFENDANT IS A BENCH WARRANT PICK UP. BENCH WARRANT IS RECALLED
  AND QUASHED.
  .
  COURT ORDERS THE CALTRANS DELETED.
  .
  DEFENDANT IS ORDERED TO SERVE THE 30 DAYS OF JAIL TIME.
  DEFENDANT RECEIVES CREDIT FOR 8 DAYS OF TIME SERVED. (6 DAYS OF
  ACTUAL TIME AND 2 DAYS OF GOOD TIME WORK TIME)
  .
  COMMITMENT IS ISSUED FORTHWITH.
  .
DMV ABSTRACT NOT REQUIRED
NEXT SCHEDULED EVENT:
  PROBATION IN EFFECT/REMANDED


06/02/08 BENCH WARRANT IN THE AMOUNT OF $30,000.00   RECALLED. (06/02/08).

CUSTODY STATUS: ON PROBATION


ON 06/03/08 AT  800 AM :

  FILE SENT TO BEVERLY HILLS COURT FOR POSSIBLE PROBATION
  VIOLATION HEARING ON 061308 IN DEPT 001. REFERENCE CASE SA067925
NEXT SCHEDULED EVENT:
  06/13/08   830 AM  POSSIBLE VIOL. OF PROBATION   DIST BEVERLY HILLS CRTHOUSE
    DEPT 001


ON 06/13/08 AT  830 AM  IN BEVERLY HILLS CRTHOUSE DEPT 001

CASE CALLED FOR POSSIBLE VIOL. OF PROBATION
PARTIES: ELDEN FOX (JUDGE) GAIL BLOCK   (CLERK)
                CARYN HOBBIS  (REP)     SHARON L. RANSOM  (CA)
DEFENDANT IS PRESENT IN COURT, AND REPRESENTED BY KENNETH P. ERLICH DEPUTY

  PUBLIC DEFENDER
  PROBATION IS CONTINUED ON SAME TERMS AND CONDITIONS.
AS TO COUNT  (01):
  CASE IS CALLED FOR PROBATION VIOLATION.
  THE COURT FINDS THE PROBATION VIOLATION WAS HANDLED ON 6-2-08.
  PROBATION TO CONTINUE ON SAME TERMS AND CONDITIONS.
  .
  THIS CASE IS RETURNED TO THE VAN NUYS COURTHOUSE VIA
  COUNTY MESSENGER.
DMV ABSTRACT NOT REQUIRED
NEXT SCHEDULED EVENT:
  PROBATION IN EFFECT


05/03/13  ARREST DISPOSITION REPORT SENT VIA CD TO DEPARTMENT OF JUSTICE

ON 06/02/17 AT  530 AM :


CASE FILE DESTROYED.

```
CASE NO. 7VY02584                    PAGE NO.    9
DEF NO.  01                          DATE PRINTED 12/21/21
```

Filing Date: 03/15/2006

Case No. 6SR01347

Conviction(s): 11550(A) H&S MISD – Under the influence of controlled substance

SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

NO. 6SR01347                                            PAGE NO.  1
THE PEOPLE OF THE STATE OF CALIFORNIA    VS.    CURRENT DATE 12/21/21
DEFENDANT 01:  LENORE MARIE MILEY
LAW ENFORCEMENT AGENCY EFFECTING ARREST: LAPD - DEVONSHIRE AREA

BAIL: APPEARANCE   AMOUNT    DATE    RECEIPT OR  SURETY COMPANY   REGISTER
        DATE       OF BAIL  POSTED   BOND NO.                     NUMBER

CASE FILED ON 03/15/06.
 COMPLAINT FILED, DECLARED OR SWORN TO CHARGING DEFENDANT WITH HAVING
COMMITTED, ON OR ABOUT 03/13/06 IN THE COUNTY OF LOS ANGELES, THE FOLLOWING
OFFENSE(S) OF:
   COUNT 01: 11550(A) H&S MISD
NEXT SCHEDULED EVENT:
 03/15/06   830 AM  ARRAIGNMENT   DIST SAN FERNANDO COURTHOUSE DIV  139


ON 03/15/06 AT  830 AM  IN SAN FERNANDO COURTHOUSE DIV  139


CASE CALLED FOR ARRAIGNMENT
PARTIES: H. JAY FORD III (JUDGE)  BERNICE REAL  (CLERK)
             PATTI SUNDSTROM  (REP)     JOSE GARZA  (CA)
STIPULATED THAT H. JAY FORD III (JUDGE) MAY HEAR THE CAUSE AS TEMPORARY JUDGE.
THE DEFENDANT IS PRESENT(IN LOCK UP) AND REPRESENTED BY PEGGY LOVEMAN DEPUTY
  PUBLIC DEFENDER
  ARRAIGNMENT AND PLEA IS CONTINUED TO 03/30/06 IN DIVISIN 139.
BAIL SET AT $10,000.
WAIVES STATUTORY TIME.
NEXT SCHEDULED EVENT:
03/30/06   830 AM  ARRAIGNMENT AND PLEA   DIST SAN FERNANDO COURTHOUSE DIV  139

CUSTODY STATUS: REMANDED TO CUSTODY


ON 03/30/06 AT  830 AM  IN SAN FERNANDO COURTHOUSE DIV  139

CASE CALLED FOR ARRAIGNMENT AND PLEA
PARTIES: H. JAY FORD III (JUDGE)  BERNICE REAL  (CLERK)
           FRANCES MOXLEY  (REP)     JOSE GARZA  (CA)

STIPULATED THAT H. JAY FORD III (JUDGE) MAY HEAR THE CAUSE AS TEMPORARY JUDGE.
DEFENDANT IS PRESENT IN COURT, AND REPRESENTED BY PEGGY LOVEMAN DEPUTY PUBLIC
  DEFENDER
DEFENDANT ADVISED OF THE FOLLOWING RIGHTS VIA VIDEO CASSETTE:
 DEFENDANT ARRAIGNED AND ADVISED OF THE FOLLOWING RIGHTS AT MASS
  ADVISEMENT:  SPEEDY PUBLIC TRIAL, TRIAL WITHIN 30/45 DAYS, RIGHT
   TO REMAIN SILENT, SUBPOENA POWER OF COURT, CONFRONTATION AND
   CROSS EXAMINATION, JURY TRIAL, COURT TRIAL, RIGHT TO ATTORNEY,
   SELF REPRESENTATION, REASONABLE BAIL, CITIZENSHIP, EFFECT OF
   PRIORS, PLEAS AVAILABLE PROBATION.
DEFENDANT ADVISED OF AND PERSONALLY AND EXPLICITLY WAIVES THE FOLLOWING RIGHTS:
  WRITTEN ADVISEMENT OF RIGHTS AND WAIVERS FILED, INCORPORATED BY REFERENCE
HEREIN
TRIAL BY COURT AND TRIAL BY JURY
   CONFRONTATION AND CROSS-EXAMINATION OF WITNESSES;

```
CASE NO. 6SR01347                              PAGE NO.   2
DEF NO.  01                                    DATE PRINTED 12/21/21
```

     SUBPOENA OF WITNESSES INTO COURT TO TESTIFY IN YOUR DEFENSE;
     AGAINST SELF-INCRIMINATION;
DEFENDANT ADVISED OF THE FOLLOWING:
  THE NATURE OF THE CHARGES AGAINST HIM, THE ELEMENTS OF THE OFFENSE IN THE
     COMPLAINT, AND POSSIBLE DEFENSES TO SUCH CHARGES;
  THE POSSIBLE CONSEQUENCES OF A PLEA OF GUILTY OR NOLO CONTENDERE, INCLUDING
     THE MAXIMUM PENALTY AND ADMINISTRATIVE SANCTIONS AND THE POSSIBLE LEGAL
     EFFECTS AND MAXIMUM PENALTIES INCIDENT TO SUBSEQUENT CONVICTIONS FOR THE
     SAME OR SIMILAR OFFENSES;
  THE EFFECTS OF PROBATION;
COUNSEL FOR THE DEFENDANT JOINS IN THE WAIVERS AND CONCURS IN THE PLEA.
COURT FINDS THAT EACH SUCH WAIVER IS KNOWINGLY, UNDERSTANDINGLY, AND EXPLICITLY
     MADE;
DEFENDANT PLEADS GUILTY TO COUNT 01, 11550(A) H&S.
COUNT (01) : DISPOSITION: DEFERRED ENTRY OF JUDGMENT
COURT FINDS THAT THERE IS A FACTUAL BASIS FOR DEFENDANT'S PLEA, AND COURT
     ACCEPTS PLEA.
NEXT SCHEDULED EVENT:

     SENTENCING
STIPULATED THAT H. JAY FORD III (JUDGE) MAY HEAR THE CAUSE AS TEMPORARY JUDGE.
     DEFENDANT WAIVES ARRAIGNMENT FOR JUDGMENT AND STATES THERE IS NO LEGAL CAUSE
     WHY SENTENCE SHOULD NOT BE PRONOUNCED. THE COURT ORDERED THE FOLLOWING
     JUDGMENT:
AS TO COUNT   (01):
THE DEFENDANT IS PLACED ON DEFERRED ENTRY OF JUDGMENT
     FOR A PERIOD OF 018 MONTHS
     PLUS $20.00 COURT SECURITY ASSESSMENT (PURSUANT TO 1465.8(A)(1) P.C.)
        $95.00 987.8 P.C. - ATTORNEY FEES
     DEFENDANT TO PAY FINE TO THE COURT CLERK
        DEFENDANT TO PAY COURT COST OF $150 .
     DEFENDANT SHALL PAY A RESTITUTION FINE IN THE AMOUNT OF $100.00 TO THE COURT
        TOTAL DUE: $215.00
     OBEY ALL LAWS AND FURTHER ORDERS OF THE COURT.
     ENROLL IN AND COMPLETE A DRUG EDUCATION PROGRAM AS APPROVED BY
     THE COURT.
     .
     COMPLETION OF DRUG PROGRAM IS FILED RE CASE PA052799.
     .
     CASE CONTINUED TO 09/27/07 IN DIVISION 139 FOR DISMISSAL.

COUNT (01): DISPOSITION: DEFERRED ENTRY OF JUDGMENT
DMV ABSTRACT NOT REQUIRED
NEXT SCHEDULED EVENT:
     09/27/06   830 AM  DEJ PROGRESS REPORT   DIST SAN FERNANDO COURTHOUSE DIV
     139

CUSTODY STATUS: ON DIVERSION


ON 09/27/06 AT  830 AM  IN SAN FERNANDO COURTHOUSE DEPT 139

CASE CALLED FOR DEJ PROGRESS REPORT
PARTIES: H. JAY FORD III (JUDGE) BERNICE REAL    (CLERK)
                LYNN REAVES  (REP)      JOSE GARZA  (CA)
DEFENDANT IS  NOT PRESENT IN COURT, AND NOT REPRESENTED BY COUNSEL
AS TO COUNT  (01):
     MINUTES ENTERED BY C. PARRAZ.
     .
     DEFENDANT FAILED TO APPEAR.  THE COURT ORDERS A BENCH WARRANT

```
CASE NO. 6SR01347                                    PAGE NO.   3
DEF NO.  01                                          DATE PRINTED 12/21/21
```

   ISSUED FORTHWITH WITH BAIL SET IN THE AMOUNT OF $10,000.
DMV ABSTRACT NOT REQUIRED
NEXT SCHEDULED EVENT:
   BENCH/WARRANT ISSUED

09/27/06 BENCH WARRANT IN THE AMOUNT OF $10,000.00 BY ORDER OF JUDGE H. JAY
      FORD III ISSUED. (09/27/06).


ON 10/23/06 AT  830 AM  IN SAN FERNANDO COURTHOUSE DEPT 139

CASE CALLED FOR FURTHER PROCEEDINGS
PARTIES: H. JAY FORD III (JUDGE)  BERNICE REAL  (CLERK)
               LYNN REAVES    (REP)  JOSE GARZA  (CA)
DEFENDANT IS PRESENT IN COURT, AND REPRESENTED BY PEGGY LOVEMAN DEPUTY PUBLIC
   DEFENDER
STIPULATED THAT A TEMPORARY JUDGE MAY HEAR THE CASE

   BENCH WARRANT IS RECALLED AND QUASHED; ISSUED IN ERROR.
   .
   DEJ NOT TERMINATED.
   CASE CONTINUED TO 09/27/07 FOR DISMISSAL AND FEES.
NEXT SCHEDULED EVENT:
   09/27/07   830 AM  DEJ PROGRESS REPORT   DIST SAN FERNANDO COURTHOUSE DEPT
      139

10/23/06 BENCH WARRANT IN THE AMOUNT OF $10,000.00   RECALLED. (10/23/06).


ON 09/27/07 AT  830 AM  IN SAN FERNANDO COURTHOUSE DEPT 139

CASE CALLED FOR DEJ PROGRESS REPORT
PARTIES: CRAIG RICHMAN (JUDGE)  GABRIELA LOPEZ  (CLERK)
               MARY LU MURPHY  (REP)    JOSE GARZA  (CA)
DEFENDANT IS NOT PRESENT IN COURT, AND NOT REPRESENTED BY COUNSEL
DEFERRED ENTRY OF JUDGMENT TERMINATED FOR COUNT 01 AND CRIMINAL PROCEEDINGS
REINSTATED.
COUNT (01) : DISPOSITION: CONVICTED

   DEFENDANT FAILS TO APPEAR. BENCH WARRANT TO ISSUE FOR $10,000.
   .
   (ENTERED BY L.LEMUS)
NEXT SCHEDULED EVENT:
   BENCH/WARRANT TO ISSUE

09/27/07 BENCH WARRANT IN THE AMOUNT OF $10,000.00 BY ORDER OF JUDGE CRAIG
      RICHMAN ISSUED. (09/28/07).


ON 02/14/08 AT  900 AM :

   ARREST WARRANT RECALLED; DEFENDANT CITED OUT AND MATTER SET ON
   CALENDAR FOR 04/08/08  IN DEPARTMENT NVM.
   .
   ENTERED BY IR.
MATTER PREV SET/REMAIN ON CLDR

02/14/08 BENCH WARRANT IN THE AMOUNT OF $10,000.00   RECALLED. (02/14/08).

```
CASE NO. 6SR01347                          PAGE NO.   4
DEF NO.  01                                DATE PRINTED 12/21/21
```

ON 03/11/08 AT  830 AM  IN VAN NUYS COURTHOUSE DEPT 100

CASE CALLED FOR FURTHER PROCEEDINGS
PARTIES: MICHAEL K. KELLOGG (JUDGE)  LORINE BABIK  (CLERK)
                ENEDINA GONZALES        (REP)  JANE WINSTON  (DA)
DEFENDANT IS PRESENT IN COURT, AND REPRESENTED BY JAMES R BENDAT DEPUTY PUBLIC
  DEFENDER
  REFER TO CASE LA058357. CASE CONTINUED FOR DEFERRED ENTRY OF
  JUDGMENT VIOLATION HEARING TO 032008.
  CASE FILE HAS BEEN ORDERED BY CLERK'S OFFICE FROM SAN FERNANDO.
  CASE FILE UNAVAILABLE.
  COURT ORDERS AND FINDINGS:
  -THE COURT ORDERS THE DEFENDANT TO APPEAR ON THE NEXT COURT DATE.
NEXT SCHEDULED EVENT:
  03/20/08   130 PM  SETTING OF VIOLATION HEARING   DIST VAN NUYS COURTHOUSE
    DEPT 111

ON 03/20/08 AT  130 PM  IN VAN NUYS COURTHOUSE DEPT 111

CASE CALLED FOR SETTING OF VIOLATION HEARING
PARTIES: MICHAEL K. KELLOGG (JUDGE) LORINE BABIK   (CLERK)
                ENEDINA GONZALES (REP)      JANE WINSTON  (DA)
DEFENDANT IS PRESENT IN COURT, AND REPRESENTED BY MARTY PORRECA DEPUTY PUBLIC
  DEFENDER
 THE DEFENDANT IS ADVISED OF RIGHTS RE HEARING ON VIOLATION AND WAIVES RIGHTS
TO A REVOCATION HEARING.
 DEFENDANT AND COUNSEL ADMIT TO VIOLATION OF PROBATION IN OPEN COURT.
COURT FINDS DEFENDANT IN VIOLATION OF PROBATION.
  PROBATION REVOKED
PROBATION TERMINATED
DEFERRED ENTRY OF JUDGMENT TERMINATED, CRIMINAL PROCEEDINGS REINSTATED
AS TO COUNT  (01):
  SERVE  180 DAYS IN LOS ANGELES COUNTY JAIL
   DEFENDANT GIVEN TOTAL CREDIT FOR 018 DAYS IN CUSTODY  012 DAYS ACTUAL
    CUSTODY AND  006 DAYS GOOD TIME/WORK TIME

  THE DEFENDANT AGREES TO THE SENTENCE NOW IMPOSED; DEFENDANT IS
  SENTENCED TO SERVE 180 DAYS IN COUNTY JAIL WITH CREDIT OF 18
  DAYS;12 ACTUAL DAYS AND 6 GOOD TIME/WORK TIME DAYS.
  THE COURT ORDERS PROBATION TERMINATED UPON COMPLETION OF THE
  JAIL TIME.CUSTODY TIME IS TO RUN CONCURRENT WITH ANY OTHER
  TIME IMPOSED.
  NO FURTHER FINES AND FEES.
  NO FURTHER PROCEEDINGS.
  .
  REFERENCE CASE NO. LA058357-01.
  COMMITMENT ISSUED THIS DATE.
  **********************LEGAL FILE UNAVAILABLE********************
COUNT (01): DISPOSITION: CONVICTED
DMV ABSTRACT NOT REQUIRED
NEXT SCHEDULED EVENT:
```

```
CASE NO. 6SR01347                          PAGE NO.    5
DEF NO.  01                                DATE PRINTED 12/21/21
```

PROCEEDINGS TERMINATED

05/03/13  ARREST DISPOSITION REPORT SENT VIA CD TO DEPARTMENT OF JUSTICE

ON 08/21/17 AT  530 AM :

CASE FILE DESTROYED.


ON 09/07/21 AT  800 AM :

EFFECTIVE JULY 1, 2021, THE ATTORNEY FEES PER PC 987.5 AND
PC 987.8 ALONG WITH CERTAIN PROBATION ADMINISTRATIVE FEES ARE
REPEALED BY AB1869. THE UNPAID BALANCES ARE NO LONGER
ENFORCEABLE OR COLLECTIBLE.

Filing Date: 08/23/2005

Case No. PA052799

Conviction(s): 11377(A) H&S MISD – Possession of controlled substance; and

14601.1(A) Vehicle Code – Driving when driving privilege is suspended or revoked

SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

NO. PA052799                                        PAGE NO.  1
THE PEOPLE OF THE STATE OF CALIFORNIA     VS.     CURRENT DATE 12/21/21
DEFENDANT 01:  LENORE MARIE MILEY
LAW ENFORCEMENT AGENCY EFFECTING ARREST: LAPD - DEVONSHIRE AREA

BAIL: APPEARANCE   AMOUNT    DATE     RECEIPT OR  SURETY COMPANY   REGISTER
         DATE      OF BAIL   POSTED   BOND NO.                     NUMBER

CASE FILED ON 08/23/05.
 COMPLAINT FILED, DECLARED OR SWORN TO CHARGING DEFENDANT WITH HAVING
COMMITTED, ON OR ABOUT 08/19/05 IN THE COUNTY OF LOS ANGELES, THE FOLLOWING
OFFENSE(S) OF:
   COUNT 01: 11377(A) H&S MISD
   COUNT 02: 25658(A) B&P MISD
   COUNT 03: 14601.1(A) VC MISD
NEXT SCHEDULED EVENT:
 08/23/05   830 AM  ARRAIGNMENT   DIST SAN FERNANDO COURTHOUSE DIV  130


ON 08/23/05 AT  830 AM  IN SAN FERNANDO COURTHOUSE DIV  130

CASE CALLED FOR ARRAIGNMENT
PARTIES: JEFFREY M. HARKAVY (JUDGE)  ELIZABETH OUELLETTE  (CLERK)
              KIRSTI EDMONDS-WEST  (REP)      FERNANDO GUZMAN  (DA)
DEFENDANT DEMANDS COUNSEL.
PUBLIC DEFENDER APPOINTED.  JAMES RACUSIN - P.D.
DEFENDANT IS PRESENT IN COURT, AND REPRESENTED BY JAMES RACUSIN DEPUTY PUBLIC
 DEFENDER
DEFENDANT WAIVES ARRAIGNMENT, READING OF COMPLAINT, AND STATEMENT OF
 CONSTITUTIONAL AND STATUTORY RIGHTS.
DEFENDANT WAIVES FURTHER ARRAIGNMENT.
DEFENDANT PLEADS NOT GUILTY TO COUNT 01, 11377(A) H&S.
DEFENDANT PLEADS NOT GUILTY TO COUNT 02, 25658(A) B&P.
DEFENDANT PLEADS NOT GUILTY TO COUNT 03, 14601.1(A) VC.
   COURT ORDERS AND FINDINGS:
   -THE COURT ORDERS THE DEFENDANT TO APPEAR ON THE NEXT COURT DATE.
BAIL SET AT $10,000.
NEXT SCHEDULED EVENT:
08/31/05   830 AM  PRELIM SETTING/RESETTING   DIST SAN FERNANDO COURTHOUSE DIV

 133
DAY 06 OF 10
NEXT SCHEDULED EVENT :
 09/01/05   830 AM  PRELIMINARY HEARING   DIST SAN FERNANDO COURTHOUSE DIV
   133
DAY 08 OF 10

CUSTODY STATUS: REMANDED TO CUSTODY


ON 08/31/05 AT  830 AM  IN SAN FERNANDO COURTHOUSE DIV  133

CASE CALLED FOR PRELIM SETTING/RESETTING
PARTIES: SANJAY T. KUMAR (JUDGE)  GABINA MALDONADO  (CLERK)
              MARY GODINEZ  (REP)     PAUL MOLL  (DA)
DEFENDANT IS PRESENT IN COURT, AND REPRESENTED BY JOHN MICHAEL LEE DEPUTY
 PUBLIC DEFENDER
DEFENDANT ADVISED OF AND PERSONALLY AND EXPLICITLY WAIVES THE FOLLOWING RIGHTS:
 WRITTEN ADVISEMENT OF RIGHTS AND WAIVERS FILED, INCORPORATED BY REFERENCE

CASE NO. PA052799                                  PAGE NO.    2
DEF NO.  01                                        DATE PRINTED 12/21/21

HEREIN
TRIAL BY COURT AND TRIAL BY JURY
    CONFRONTATION AND CROSS-EXAMINATION OF WITNESSES;
    SUBPOENA OF WITNESSES INTO COURT TO TESTIFY IN YOUR DEFENSE;
    AGAINST SELF-INCRIMINATION;
DEFENDANT ADVISED OF THE FOLLOWING:
 THE NATURE OF THE CHARGES AGAINST HIM, THE ELEMENTS OF THE OFFENSE IN THE
    COMPLAINT, AND POSSIBLE DEFENSES TO SUCH CHARGES;
 THE POSSIBLE CONSEQUENCES OF A PLEA OF GUILTY OR NOLO CONTENDERE, INCLUDING
    THE MAXIMUM PENALTY AND ADMINISTRATIVE SANCTIONS AND THE POSSIBLE LEGAL
    EFFECTS AND MAXIMUM PENALTIES INCIDENT TO SUBSEQUENT CONVICTIONS FOR THE
    SAME OR SIMILAR OFFENSES;
 THE EFFECTS OF PROBATION;
 IF YOU ARE NOT A CITIZEN, YOU ARE HEREBY ADVISED THAT A CONVICTION OF THE
    OFFENSE FOR WHICH YOU HAVE BEEN CHARGED WILL HAVE THE CONSEQUENCES OF
    DEPORTATION, EXCLUSION FROM ADMISSION TO THE UNITED STATES, OR DENIAL OF
    NATURALIZATION PURSUANT TO THE LAWS OF THE UNITED STATES.
THE COURT FINDS THAT EACH SUCH WAIVER IS KNOWINGLY, UNDERSTANDINGLY, AND

    EXPLICITLY MADE; COUNSEL JOINS IN THE WAIVERS
UPON MOTION OF DEFENDANT, PLEA TO COUNT 01 VACATED AND SET ASIDE, AND NEW AND
    DIFFERENT PLEA OF GUILTY ENTERED.
COUNT (01) : DISPOSITION: DEFERRED ENTRY OF JUDGMENT
UPON MOTION OF DEFENDANT, PLEA TO COUNT 03 VACATED AND SET ASIDE, AND NEW AND
    DIFFERENT PLEA OF GUILTY ENTERED.
COUNT (03) : DISPOSITION: CONVICTED
COURT FINDS THAT THERE IS A FACTUAL BASIS FOR DEFENDANT'S PLEA, AND COURT
    ACCEPTS PLEA.
WAIVES TIME FOR SENTENCE.
NEXT SCHEDULED EVENT:
    SENTENCING
AS TO COUNT  (01):
THE DEFENDANT IS PLACED ON DEFERRED ENTRY OF JUDGMENT
    FOR A PERIOD OF 003 YEARS
    PLUS $20.00 COURT SECURITY ASSESSMENT (PURSUANT TO 1465.8(A)(1) P.C.)
    DEFENDANT SHALL PAY RESTITUTION IN THE AMOUNT OF $100.00 TO THE STATE
      RESTITUTION FUND
       TOTAL DUE: $120.00
    IN ADDITION:
    -DO NOT USE OR POSSESS ANY NARCOTICS, DANGEROUS OR RESTRICTED

      DRUGS OR ASSOCIATED PARAPHERNALIA, EXCEPT WITH A VALID
      PRESCRIPTION AND STAY AWAY FROM PLACES WHERE USERS OR SELLERS
      CONGREGATE.  DO NOT ASSOCIATE WITH DRUG USERS OR SELLERS
      UNLESS ATTENDING A DRUG TREATMENT PROGRAM.
    -NOT ASSOCIATE WITH PERSONS KNOWN BY YOU TO BE NARCOTIC OR DRUG
      USERS OR SELLERS.
    -OBEY ALL LAWS AND ORDERS OF THE COURT.
    -DEFENDANT ACKNOWLEDGES TO THE COURT THAT THE DEFENDANT
      UNDERSTANDS AND ACCEPTS ALL THE PROBATION CONDITIONS, AND
      DEFENDANT AGREES TO ABIDE BY SAME.
    COURT ORDERS AND FINDINGS:
    -THE COURT ORDERS THE DEFENDANT TO APPEAR ON THE NEXT COURT DATE.
    DEFENDANT IS TO PAY $150.00 COURT COSTS.
    DEFENDANT IS TO PAY A $50.00 LAB ANALYSIS FEE.
COUNT (01): DISPOSITION: DEFERRED ENTRY OF JUDGMENT

```
CASE NO. PA052799                        PAGE NO.   3
DEF NO.  01                              DATE PRINTED 12/21/21
```

DMV ABSTRACT NOT REQUIRED
NEXT SCHEDULED EVENT:
   SENTENCING
   DEFENDANT WAIVES ARRAIGNMENT FOR JUDGMENT AND STATES THERE IS NO LEGAL CAUSE
WHY SENTENCE SHOULD NOT BE PRONOUNCED. THE COURT ORDERED THE FOLLOWING
JUDGMENT:
AS TO COUNT  (03):
IMPOSITION OF SENTENCE SUSPENDED
DEFENDANT PLACED ON SUMMARY PROBATION
   FOR A PERIOD OF 036 MONTHS UNDER THE FOLLOWING TERMS AND CONDITIONS:
   SERVE 021 DAYS IN LOS ANGELES COUNTY JAIL
    DEFENDANT GIVEN TOTAL CREDIT FOR 21 DAYS IN CUSTODY 13 DAYS ACTUAL CUSTODY
    AND 8 DAYS GOOD TIME/WORK TIME
   PLUS $20.00 COURT SECURITY ASSESSMENT (PURSUANT TO 1465.8(A)(1) P.C.)
    $95.00 987.8 P.C. - ATTORNEY FEES
   DEFENDANT SHALL PAY RESTITUTION IN THE AMOUNT OF $100.00 TO THE STATE
    RESTITUTION FUND
     TOTAL DUE: $215.00

   IN ADDITION:
   -NOT DRIVE A MOTOR VEHICLE WITHOUT A VALID CALIFORNIA DRIVER'S
    LICENSE IN YOUR POSSESSION.
   -NOT DRIVE A MOTOR VEHICLE UNLESS LAWFULLY LICENSED AND INSURED.
   -SAID RESTITUTION FINE SHALL BE STAYED WHILE THE DEFENDANT IS ON
    PROBATION. IF DEFENDANT SUCCESSFULLY COMPLETES PROBATION, THE
    STAY SHALL BE MADE PERMANENT.
   RELEASE NUMBER BG010591 IS WRITTEN THIS DATE.
   MINUTE ORDER PREPARED BY J. JACKSON.
COUNT (03): DISPOSITION: CONVICTED
REMAINING COUNTS DISMISSED:
   COUNT  (02): DISMISSED DUE TO PLEA NEGOTIATION
ABSTRACT ISSUED ON 08/31/05 FOR COUNT 03
DMV JUDGMENT CODE  JG
NEXT SCHEDULED EVENT:
   09/30/05   830 AM  DEJ PROGRESS REPORT   DIST SAN FERNANDO COURTHOUSE DIV
   133
NEXT SCHEDULED EVENT:
   08/31/06   900 AM  PROOF OF FINE PAYMENT   DIST SAN FERNANDO COURTHOUSE  DIV
   CLK


CUSTODY STATUS: ON DIVERSION


ON 09/30/05 AT  830 AM  IN SAN FERNANDO COURTHOUSE DIV  133

CASE CALLED FOR DEJ PROGRESS REPORT
PARTIES: SANJAY T. KUMAR (JUDGE)  GABINA MALDONADO  (CLERK)
          MARY GODINEZ      (REP)  PAMELA M. REVEL  (DA)
DEFENDANT IS PRESENT IN COURT, AND REPRESENTED BY VERA KOULIAN DEPUTY PUBLIC
   DEFENDER
   ENROLLMENT IN DEFERRED ENTRY OF JUDGMENT PROGRAM FILED.
   MATTER IS CONTINUED TO 3-30-06 AT 8:30 A.M. IN THIS DIVISION
   FOR COMPLETION OF PROGRAM.
COURT ORDERS AND FINDINGS:
   -THE COURT ORDERS THE DEFENDANT TO APPEAR ON THE NEXT COURT DATE.
NEXT SCHEDULED EVENT:
   03/30/06   830 AM  DEJ PROGRESS REPORT   DIST SAN FERNANDO COURTHOUSE DIV
   133

```
CASE NO. PA052799                          PAGE NO.    4
DEF NO.  01                                DATE PRINTED 12/21/21
```

CUSTODY STATUS: ON DIVERSION

ON 03/30/06 AT  830 AM  IN SAN FERNANDO COURTHOUSE DIV  133

CASE CALLED FOR DEJ PROGRESS REPORT
PARTIES: DALILA CORRAL LYONS (JUDGE)  CYNTHIA PARRAZ  (CLERK)
         KATHY TABAK     (REP)  TAMAR TOKAT  (DA)
DEFENDANT IS PRESENT IN COURT, AND NOT REPRESENTED BY COUNSEL
  DEFENDANT APPEARS IN PRO PER
  PROGRESS REPORT IS FILED THIS DATE.
  DEFERRED ENTRY OF JUDGMENT IS CONTINUED ON THE SAME TERMS AND
  CONDITIONS.
  COURT ORDERS AND FINDINGS:
  -THE COURT ORDERS THE DEFENDANT TO APPEAR ON THE NEXT COURT DATE.
NEXT SCHEDULED EVENT:
  10/02/06   830 AM  DEJ PROGRESS REPORT   DIST SAN FERNANDO COURTHOUSE DIV

     133

CUSTODY STATUS: ON DIVERSION

ON 10/02/06 AT  830 AM  IN SAN FERNANDO COURTHOUSE DEPT 133

CASE CALLED FOR DEJ PROGRESS REPORT
PARTIES: DALILA CORRAL LYONS (JUDGE)  PHANOR QUINTANA  (CLERK)
         KATHY TABAK     (REP)  WILLIAM S. CHUNG  (DA)
DEFENDANT IS  NOT PRESENT IN COURT, BUT REPRESENTED BY LESLIE WARREN DEPUTY
  PUBLIC DEFENDER
  COURT ORDERS BENCH WARRANT ISSUED AND HELD TO 10-20-06 AT
  8:30 A.M. IN THIS DEPARTMENT.
  BAIL IS SET AT $30,000.
  COURT PREVIOUSLY SET CASE ON SATURDAY 9-30-06.
NEXT SCHEDULED EVENT:
  10/20/06   830 AM  BENCH WARRANT HOLD   DIST SAN FERNANDO COURTHOUSE DEPT 133


ON 10/20/06 AT  830 AM  IN SAN FERNANDO COURTHOUSE DEPT 133

CASE CALLED FOR BENCH WARRANT HOLD
PARTIES: DALILA CORRAL LYONS (JUDGE) PHANOR QUINTANA   (CLERK)
         KATHY TABAK   (REP)     CHRISTOPHER BAKER  (DA)
THE DEFENDANT FAILS TO APPEAR, WITHOUT SUFFICIENT EXCUSE AND REPRESENTED BY
  LESLIE WARREN DEPUTY PUBLIC DEFENDER
DEFERRED ENTRY OF JUDGMENT TERMINATED, CRIMINAL PROCEEDINGS REINSTATED
AS TO COUNT  (01):
  DEFENDANT TO PAY FINE TO THE COURT CLERK
  COURT ORDERS BENCH WARRANT ISSUED.  BAIL IS SET AT NO BAIL.

  MINUTES ENTERED BY G. MALDONADO.
COUNT (01): DISPOSITION: CONVICTED
DMV ABSTRACT NOT REQUIRED
NEXT SCHEDULED EVENT:
```

CASE NO. PA052799                          PAGE NO.   5
DEF NO.  01                                DATE PRINTED 12/21/21

    BENCH/WARRANT TO ISSUE
    PROBATION REVOKED
AS TO COUNT  (03):
    DEFENDANT TO PAY FINE TO THE COURT CLERK
DMV ABSTRACT NOT REQUIRED
NEXT SCHEDULED EVENT:
    BENCH/WARRANT TO ISSUE


ON 10/20/06 AT  130 PM  IN SAN FERNANDO COURTHOUSE DEPT 133

CASE CALLED FOR BENCH WARRANT HEARING
PARTIES: DALILA CORRAL LYONS (JUDGE) PHANOR QUINTANA   (CLERK)
              KATHY TABAK  (REP)     CHRISTOPHER BAKER  (DA)
DEFENDANT IS PRESENT IN COURT, AND REPRESENTED BY LESLIE WARREN DEPUTY PUBLIC
    DEFENDER
DEFERRED ENTRY OF JUDGMENT REINSTATED

AS TO COUNT  (01):
    BENCH WARRANT IS RECALLED AND QUASHED.
    MATTER IS CONTINUED AS INDICATED BELOW FOR POSSIBLE DISMISSAL
    AND PAYMENT OF FEES.

    MINUTES ENTERED BY G. MALDONADO.
DMV ABSTRACT NOT REQUIRED
NEXT SCHEDULED EVENT:
    11/08/06  830 AM  DEJ PROGRESS REPORT   DIST SAN FERNANDO COURTHOUSE DEPT
    133
PROBATION REINSTATED
    PROBATION IS CONTINUED ON SAME TERMS AND CONDITIONS.
AS TO COUNT  (03):
DMV ABSTRACT NOT REQUIRED
NEXT SCHEDULED EVENT:
    MATTER PREV SET/REMAIN ON CLDR

10/20/06 BENCH WARRANT IN THE AMOUNT OF NO BAIL BY ORDER OF JUDGE DALILA CORRAL
     LYONS ISSUED. (10/20/06).

10/20/06 BENCH WARRANT IN THE AMOUNT OF NO BAIL   RECALLED. (10/20/06).


CUSTODY STATUS: ON DIVERSION
CUSTODY STATUS: ON PROBATION


ON 11/08/06 AT  830 AM  IN SAN FERNANDO COURTHOUSE DEPT 133

CASE CALLED FOR DEJ PROGRESS REPORT
PARTIES: RICK BROWN (JUDGE)  PHANOR QUINTANA  (CLERK)
              KATHY TABAK  (REP)     CHRISTOPHER BAKER  (DA)
DEFENDANT IS NOT PRESENT IN COURT, BUT REPRESENTED BY CHARLES E. MACK DEPUTY
    PUBLIC DEFENDER
DEFERRED ENTRY OF JUDGMENT TERMINATED FOR COUNT 01 AND CRIMINAL PROCEEDINGS
REINSTATED.
COUNT (01) : DISPOSITION: CONVICTED
NEXT SCHEDULED EVENT:
    BENCH/WARRANT TO ISSUE
    PROBATION REVOKED
AS TO COUNT  (03):

```
CASE NO. PA052799                           PAGE NO.   6
DEF NO.  01                                 DATE PRINTED 12/21/21
```

   BENCH WARRANT ISSUED.  BAIL IS SET AT $30,000.
DMV ABSTRACT NOT REQUIRED
NEXT SCHEDULED EVENT:
   BENCH/WARRANT TO ISSUE

11/08/06 BENCH WARRANT IN THE AMOUNT OF $30,000.00 BY ORDER OF JUDGE RICK BROWN
     ISSUED. (11/08/06).


ON 02/13/07 AT  830 AM  IN SAN FERNANDO COURTHOUSE DEPT 133

CASE CALLED FOR BENCH WARRANT HEARING
PARTIES: DALILA CORRAL LYONS (JUDGE)  PHANOR QUINTANA  (CLERK)
                 KATHY TABAK  (REP)       CHRISTOPHER BAKER  (DA)
DEFENDANT IS PRESENT IN COURT, AND REPRESENTED BY VERA KOULIAN DEPUTY PUBLIC
   DEFENDER
COUNT (01) : DISPOSITION: DEFERRED ENTRY OF JUDGMENT

   BENCH WARRANT IS RECALLED AND QUASHED.

   PROOF OF PAYMENT OF FINE/FEES AS TO COUNT 1 IN THE SUM OF
   $415.00 IS NOTED BY THE COURT.

   C.I.I. REPORT TO BE PREPARED BY THE PEOPLE FOR HEARING ON
   3/14/007.
NEXT SCHEDULED EVENT:
03/14/07   830 AM  DEJ PROGRESS REPORT    DIST SAN FERNANDO COURTHOUSE DEPT 133
PROBATION REINSTATED
   PROBATION IS CONTINUED ON THE SAME TERMS AND CONDITIONS WITH THE FOLLOWING
   MODIFICATIONS:
AS TO COUNT  (03):
   THE COURT ORDERS THE DEFENDANT TO APPEAR ON THE NEXT COURT DATE.
   THE CASE IS CONTINUED FOR PROOF OF PAYMENT OF BALANCE OF FINE/
   FEES IN THE SUM OF $120.00 TO MARCH 14, 2007, AT 8:30 A.M. IN
   THIS DEPARTMENT.
DMV ABSTRACT NOT REQUIRED
NEXT SCHEDULED EVENT:
   DEJ PROGRESS REPORT


CUSTODY STATUS: ON DIVERSION


ON 02/13/07 AT  900 AM  IN SAN FERNANDO COURTHOUSE DEPT CLK

CASE CALLED FOR FINES/FEES
PARTIES: NONE (JUDGE)  NONE  (CLERK)
                 NONE      (REP) NONE   (DDA)
DEFENDANT IS PRESENT IN COURT, AND NOT REPRESENTED BY COUNSEL
PAYMENT IN THE AMOUNT OF $415.00 PAID ON 02/13/07 RECEIPT # LAS482279049
NEXT SCHEDULED EVENT:
MATTER PREV SET/REMAIN ON CLDR

02/13/07 BENCH WARRANT IN THE AMOUNT OF $30,000.00   RECALLED. (02/13/07).


ON 03/14/07 AT  830 AM  IN SAN FERNANDO COURTHOUSE DEPT 133

CASE CALLED FOR DEJ PROGRESS REPORT
PARTIES: DALILA CORRAL LYONS (JUDGE)  PHANOR QUINTANA  (CLERK)

```
CASE NO. PA052799                       PAGE NO.   7
DEF NO.  01                             DATE PRINTED 12/21/21
```

                    KATHY TABAK  (REP)     TALY PERETZ  (DA)
THE DEFENDANT FAILS TO APPEAR, WITHOUT SUFFICIENT EXCUSE AND REPRESENTED BY
   VERA KOULIAN DEPUTY PUBLIC DEFENDER APPEARING BY ELLEN BRESTICKER
DEFERRED ENTRY OF JUDGMENT TERMINATED FOR COUNT 01 AND CRIMINAL PROCEEDINGS
REINSTATED.
COUNT (01) : DISPOSITION: CONVICTED
NEXT SCHEDULED EVENT:
  PROBATION VIOLATION HEARING
  PROBATION REVOKED
AS TO COUNT  (03):
  DEFENDANT'S COUNSEL INDICATES NO CONTACT WITH THE DEFENDANT.
  .
  BENCH WARRANT IS ORDERED ISSUED AND HELD TO MARCH 29, 2007, AT
  8:30 A.M. IN THIS DEPARTMENT.
DMV ABSTRACT NOT REQUIRED
NEXT SCHEDULED EVENT:
  03/29/07   830 AM  BENCH WARRANT HOLD    DIST SAN FERNANDO COURTHOUSE DEPT 133


ON 03/29/07 AT  830 AM  IN SAN FERNANDO COURTHOUSE DEPT 133

CASE CALLED FOR BENCH WARRANT HOLD
PARTIES: DALILA CORRAL LYONS (JUDGE)  PHANOR QUINTANA  (CLERK)
                CARYN CONLIN      (REP)  JULIE F. KRAMER  (DA)
THE DEFENDANT FAILS TO APPEAR, WITHOUT SUFFICIENT EXCUSE AND REPRESENTED BY
   VERA KOULIAN DEPUTY PUBLIC DEFENDER APPEARING BY JUSTINE ESACK
   DEFERRED ENTRY OF JUDGMENT REMAINS TERMINATED AS TO COUNT 1,
   AND PROBATION REMAINS REVOKED AS TO COUNT 3.
   .
   BENCH WARRANT IS ORDERED ISSUED AND BAIL IS SET AT THIRTY
   THOUSAND DOLLARS ($30,000.00).
NEXT SCHEDULED EVENT:
BENCH/WARRANT TO ISSUE

03/29/07 BENCH WARRANT IN THE AMOUNT OF $30,000.00 BY ORDER OF JUDGE DALILA
    CORRAL LYONS ISSUED. (04/02/07).



ON 04/03/07 AT  830 AM  IN SAN FERNANDO COURTHOUSE DEPT 133

CASE CALLED FOR BENCH WARRANT HEARING
PARTIES: DALILA CORRAL LYONS (JUDGE)  PHANOR QUINTANA  (CLERK)
                KATHY TABAK  (REP)     JULIE F. KRAMER  (DA)
DEFENDANT IS PRESENT IN COURT, AND REPRESENTED BY MITCHELL BRUCKNER DEPUTY
   PUBLIC DEFENDER
DEFERRED JUDGMENT REINSTATED FOR COUNT 01
COUNT (01) : DISPOSITION: DEFERRED ENTRY OF JUDGMENT
   BENCH WARRANT IS RECALLED AND QUASHED.
   .
   DEFENDANT'S REQUEST FOR EXTENSION TO PAY MANDATORY FEES IN THE
   SUM OF $120.00 IS GRANTED.
   .
   THE CASE IS CONTINUED FOR POSSIBLE DISMISSAL AS TO COUNT 1 ONLY
   AND PAYMENT OF MANDATORY FEES TO SEPTEMBER 13, 2007.

```
CASE NO. PA052799                            PAGE NO.   8
DEF NO.  01                                  DATE PRINTED 12/21/21
```

C.I.I. REPORT TO BE PREPARED BY THE PEOPLE FOR HEARING ON
SEPTEMBER 13, 2007.

ORDER FOR RELEASE NUMBER BG003853 IS ISSUED.
NEXT SCHEDULED EVENT:
  PROBATION VIOLATION HEARING
PROBATION REINSTATED
  PROBATION IS CONTINUED ON THE SAME TERMS AND CONDITIONS WITH THE FOLLOWING
    MODIFICATIONS:
AS TO COUNT  (03):
DMV ABSTRACT NOT REQUIRED
NEXT SCHEDULED EVENT:
  09/13/07   830 AM  DEJ PROGRESS REPORT    DIST SAN FERNANDO COURTHOUSE DEPT
    133

04/03/07 BENCH WARRANT IN THE AMOUNT OF $30,000.00   RECALLED. (04/03/07).


CUSTODY STATUS: ON DIVERSION
CUSTODY STATUS: ON PROBATION


ON 07/03/07 AT  830 AM :

  CASE SET AND SENT TO VAN NUYS COURT FOR POSSIBLE PROBATION
  VIOLATION.     REFERENCE CASE NUMBER IS 7VY02584       GG
NEXT SCHEDULED EVENT:
  07/10/07   830 AM  POSSIBLE VIOL. OF PROBATION   DIST VAN NUYS COURTHOUSE
    DEPT 103


ON 07/10/07 AT  830 AM  IN VAN NUYS COURTHOUSE DEPT 103

CASE CALLED FOR POSSIBLE VIOL. OF PROBATION
PARTIES: CMR. REBECCA OMENS (JUDGE)  JAMES SHERMAN  (CLERK)
              BETTY OLSEN  (REP)     TEDDY J. EDEN  (DDA)
THE DEFENDANT FAILS TO APPEAR, WITHOUT SUFFICIENT EXCUSE AND NOT REPRESENTED BY
  COUNSEL

DEFERRED ENTRY OF JUDGMENT TERMINATED FOR COUNT 01 AND CRIMINAL PROCEEDINGS
REINSTATED.
COUNT (01) : DISPOSITION: CONVICTED
  DEFENDANT FAILED TO APPEAR.  THE COURT ORDERS A BENCH WARRANT TO
  ISSUE WITH BAIL SET AT $35,000.
NEXT SCHEDULED EVENT:
  BENCH/WARRANT TO ISSUE

07/10/07 BENCH WARRANT IN THE AMOUNT OF $35,000.00 BY ORDER OF JUDGE CMR.
    REBECCA OMENS ISSUED. (07/12/07).


ON 09/07/07 AT  830 AM  IN VAN NUYS COURTHOUSE DEPT 103

CASE CALLED FOR PROBATION VIOLATION HEARING
PARTIES: CMR. REBECCA OMENS (JUDGE) LAWANDA WILLIAMS   (CLERK)
              ELAINE ALAOGLU  (REP)      HARVEY CRESPY  (DA)
STIPULATED THAT CMR. REBECCA OMENS (JUDGE) MAY HEAR THE CAUSE AS TEMPORARY
  JUDGE.

```
CASE NO. PA052799                           PAGE NO.    9
DEF NO.  01                                 DATE PRINTED 12/21/21
```

DEFENDANT IS PRESENT IN COURT, AND NOT REPRESENTED BY COUNSEL
    PROBATION REVOKED
DEFERRED ENTRY OF JUDGMENT REINSTATED
AS TO COUNT  (01):
    PROBATION VIOLATION HEARING IS SET IN DEPARTMENT 103 ON 09/13/07
    REFER TO 7VY02584 AND 5SF00529.
DMV ABSTRACT NOT REQUIRED
NEXT SCHEDULED EVENT:
    09/13/07   830 AM  PROBATION VIOLATION HEARING   DIST VAN NUYS COURTHOUSE
        DEPT 103

09/07/07 BENCH WARRANT IN THE AMOUNT OF $35,000.00   RECALLED. (09/07/07).

CUSTODY STATUS: RELEASED ON OWN RECOGNIZANCE


ON 09/13/07 AT  830 AM  IN VAN NUYS COURTHOUSE DEPT 103


CASE CALLED FOR PROBATION VIOLATION HEARING
PARTIES: ALVIN NIERENBERG (TEMPORARY JUDGE) LAWANDA WILLIAMS   (CLERK)
              ELAINE ALAOGLU  (REP)     ROBERT A. ORLICH  (DA)
THE DEFENDANT FAILS TO APPEAR, WITHOUT SUFFICIENT EXCUSE AND NOT REPRESENTED BY
    COUNSEL
    PROBATION REVOKED
DEFERRED ENTRY OF JUDGMENT REINSTATED
AS TO COUNT  (01):
    BAIL SET AT $10,000.
    REFER TO 7VY02584 AND 5SF00529.
DMV ABSTRACT NOT REQUIRED
NEXT SCHEDULED EVENT:
    BENCH/WARRANT TO ISSUE

09/13/07 BENCH-WARRANT IN THE AMOUNT OF $10,000.00 BY ORDER OF JUDGE KATHRYNE A
    STOLTZ ISSUED. (09/13/07).



ON 09/17/07 AT  830 AM  IN VAN NUYS COURTHOUSE DEPT 103


CASE CALLED FOR POSSIBLE VIOL. OF PROBATION
PARTIES: CMR. REBECCA OMENS (JUDGE) LAWANDA WILLIAMS   (CLERK)
              ELAINE ALAOGLU  (REP)     HARVEY CRESPY  (DA)
STIPULATED THAT CMR. REBECCA OMENS (JUDGE) MAY HEAR THE CAUSE AS TEMPORARY
    JUDGE.
DEFENDANT IS PRESENT IN COURT, AND REPRESENTED BY DAVID D. MARSH DEPUTY PUBLIC
    DEFENDER
    PROBATION REVOKED
DEFERRED ENTRY OF JUDGMENT REINSTATED
AS TO COUNT  (01):
    PROBATION REVOKED PENDING HEARING.  NEW CASE REFERENCE
    7VY02584.
DMV ABSTRACT NOT REQUIRED
NEXT SCHEDULED EVENT:
    10/17/07   830 AM  PROBATION VIOLATION HEARING   DIST VAN NUYS COURTHOUSE

```
CASE NO. PA052799                          PAGE NO.  10
DEF NO.  01                                DATE PRINTED 12/21/21

     DEPT 113

09/17/07 BENCH WARRANT IN THE AMOUNT OF $10,000.00   RECALLED. (09/17/07).


ON 10/17/07 AT 830 AM  IN VAN NUYS COURTHOUSE DEPT 113

CASE CALLED FOR PROBATION VIOLATION HEARING
PARTIES: JESSICA SILVERS (JUDGE) WENDY DELGADO   (CLERK)
              PATTI SUNDSTROM  (REP)      MICHAEL R. AMERIAN   (DA)
THE DEFENDANT FAILS TO APPEAR, WITHOUT SUFFICIENT EXCUSE AND REPRESENTED BY
  ALLISON DREW DEPUTY PUBLIC DEFENDER APPEARING BY
  PROBATION REVOKED
AS TO COUNT  (03):
  DEFENDANT FAILS TO APPEAR.  A BENCH WARRANT IS ISSUED WITH BAIL
  SET AT $25,000.00.
DMV ABSTRACT NOT REQUIRED

NEXT SCHEDULED EVENT:
  PROBATION REVOKED/BW ISSUED

10/17/07 BENCH WARRANT IN THE AMOUNT OF $25,000.00 BY ORDER OF JUDGE JESSICA
    SILVERS ISSUED. (10/17/07).

10/29/07 BENCH WARRANT IN THE AMOUNT OF $25,000.00   RECALLED. (10/29/07).


ON 11/02/07 AT  830 AM  IN VAN NUYS COURTHOUSE DEPT 113

CASE CALLED FOR PROBATION VIOLATION HEARING
PARTIES: MICHAEL A. LATIN (JUDGE) WENDY DELGADO (CLERK)
              PATTI SUNDSTROM       (REP)  MICHAEL R. AMERIAN  (CA)
DEFENDANT IS PRESENT IN COURT, AND REPRESENTED BY ALLISON DREW DEPUTY PUBLIC
  DEFENDER
  -TRAILING CASE NO. 7VY02584.

  THE PROBATION VIOLATION HEARING IS CONTINUED TO DECEMBER 5,
  2007, AT 8:30 A.M. IN DEPARTMENT 113. PROBATION REMAINS REVOKED.

  COURT ORDERS AND FINDINGS:
  -THE COURT ORDERS THE DEFENDANT TO APPEAR ON THE NEXT COURT DATE.
NEXT SCHEDULED EVENT:
  12/05/07   830 AM  PROBATION VIOLATION HEARING   DIST VAN NUYS COURTHOUSE
    DEPT 113

CUSTODY STATUS: DEFENDANT REMAINS ON OWN RECOGNIZANCE


ON 12/05/07 AT  830 AM  IN VAN NUYS COURTHOUSE DEPT 113

CASE CALLED FOR PROBATION VIOLATION HEARING
PARTIES: MICHAEL A. LATIN (JUDGE) WENDY DELGADO   (CLERK)
              PATTI SUNDSTROM  (REP)      MICHAEL R. AMERIAN  (CA)
THE DEFENDANT FAILS TO APPEAR, WITHOUT SUFFICIENT EXCUSE AND REPRESENTED BY
  ALLISON DREW DEPUTY PUBLIC DEFENDER APPEARING BY
  PROBATION REVOKED
AS TO COUNT  (03):
  DEFENDANT FAILS TO APPEAR. A BENCH WARRANT IS ISSUED WITH BAIL
```

```
CASE NO. PA052799                          PAGE NO.  11
DEF NO.  01                                DATE PRINTED 12/21/21
```

```
   SET AT $38,000.00.
DMV ABSTRACT NOT REQUIRED
NEXT SCHEDULED EVENT:
   PROBATION REVOKED/BW ISSUED
```

12/05/07 BENCH WARRANT IN THE AMOUNT OF $38,000.00 BY ORDER OF JUDGE MICHAEL A.
     LATIN ISSUED. (12/05/07).


ON 02/08/08 AT  830 AM  IN VAN NUYS COURTHOUSE DEPT 113

CASE CALLED FOR PROBATION VIOLATION HEARING
PARTIES: T.K. HERMAN (JUDGE) MICHAEL ARTIS   (CLERK)
              PEGGY DOWNS  (REP)     MICHAEL R. AMERIAN  (CA)
DEFENDANT IS PRESENT IN COURT, AND REPRESENTED BY ALLISON DREW DEPUTY PUBLIC
   DEFENDER
 THE DEFENDANT IS ADVISED OF RIGHTS RE HEARING ON VIOLATION AND WAIVES RIGHTS
TO A REVOCATION HEARING.
 DEFENDANT AND COUNSEL ADMIT TO VIOLATION OF PROBATION IN OPEN COURT.
COURT FINDS DEFENDANT IN VIOLATION OF PROBATION.
   PROBATION REVOKED
   PROBATION IS CONTINUED ON SAME TERMS AND CONDITIONS.
DEFERRED ENTRY OF JUDGMENT REINSTATED
AS TO COUNT  (01):
DMV ABSTRACT NOT REQUIRED
NEXT SCHEDULED EVENT:
   PROBATION VIOLATION HEARING
NEXT SCHEDULED EVENT:
   PROBATION VIOLATION HEARING
 THE DEFENDANT IS ADVISED OF RIGHTS RE HEARING ON VIOLATION AND WAIVES RIGHTS
TO A REVOCATION HEARING.
 DEFENDANT AND COUNSEL ADMIT TO VIOLATION OF PROBATION IN OPEN COURT.
COURT FINDS DEFENDANT IN VIOLATION OF PROBATION.
   PROBATION REVOKED
PROBATION REINSTATED
   PROBATION IS CONTINUED ON SAME TERMS AND CONDITIONS.
AS TO COUNT  (03):
   THE DEFENDANT APPEARS IN CUSTODY ON THE COURT'S BENCH WARRANT.


  THE BENCH WARRANT IS ORDERED RECALLED.

  VIOLATION IS BASED ON THE DEFENDANT'S FAILURE TO OBEY ALL LAWS
  IN REFERENCE CASE 7VY02584.

  THE DEFENDANT IS ORDERED RELEASED (RELEASE# BN006178 IS ISSUED).
DMV ABSTRACT NOT REQUIRED
NEXT SCHEDULED EVENT:
   PROBATION IN EFFECT

02/08/08 BENCH WARRANT IN THE AMOUNT OF $38,000.00   RECALLED. (02/08/08).

CUSTODY STATUS: ON DIVERSION
CUSTODY STATUS: ON PROBATION


ON 02/13/08 AT  800 AM :

   FILE RETURNED TO SAN FERNANDO COURT. FINISHED CASE.
```

```
CASE NO. PA052799                           PAGE NO.  12
DEF NO.  01                                 DATE PRINTED 12/21/21

PROBATION IN EFFECT


ON 03/11/08 AT  830 AM  IN VAN NUYS COURTHOUSE DEPT 100

CASE CALLED FOR PROBATION VIOLATION HEARING
PARTIES: MICHAEL K. KELLOGG (JUDGE) LORINE BABIK  (CLERK)
             ENEDINA GONZALES  (REP)    JANE WINSTON  (DA)
DEFENDANT IS PRESENT IN COURT, AND REPRESENTED BY JAMES R BENDAT DEPUTY PUBLIC
  DEFENDER APPEARING BY
  PROBATION REVOKED
AS TO COUNT  (03):
  COURT ORDERS AND FINDINGS:
  THE COURT ORDERS THE DEFENDANT TO APPEAR ON THE NEXT COURT DATE.
  REFER TO CASE LA0583527. PROBATION VIOLATION AND DEFERRED ENTRY
  OF JUDGMENT VIOLATION HEARING AS TO COUNT 1 CONTINUED TO 032008.
  CASE FILE IS UNAVAILABLE.

BAIL SET AT $10,000.
DMV ABSTRACT NOT REQUIRED
NEXT SCHEDULED EVENT:
  03/20/08   130 PM  PROBATION VIOLATION HEARING   DIST VAN NUYS COURTHOUSE
    DEPT 111

CUSTODY STATUS: REMANDED TO CUSTODY


ON 03/11/08 AT  900 AM :

  CASE SET AND SENT TO VAN NUYS COURT FOR POSSIBLE PROBATION
  VIOLATION.      REFERENCE CASE NUMBER IS LA058357         GG
NEXT SCHEDULED EVENT:
  03/11/08   900 AM  POSSIBLE VIOL. OF PROBATION   DIST VAN NUYS COURTHOUSE
    DEPT 100



ON 03/20/08 AT  130 PM  IN VAN NUYS COURTHOUSE DEPT 111


CASE CALLED FOR PROBATION VIOLATION HEARING
PARTIES: MICHAEL K. KELLOGG (JUDGE)  LORINE BABIK  (CLERK)
             ENEDINA GONZALES  (REP)    JANE WINSTON  (DA)
DEFENDANT IS PRESENT IN COURT, AND REPRESENTED BY MARTY PORRECA DEPUTY PUBLIC
  DEFENDER
DEFERRED ENTRY OF JUDGMENT TERMINATED FOR COUNT 01 AND CRIMINAL PROCEEDINGS
REINSTATED.
NEXT SCHEDULED EVENT:
  PROCEEDINGS TERMINATED
PROBATION TERMINATED
DEFERRED ENTRY OF JUDGMENT REINSTATED
AS TO COUNT  (01):
DMV ABSTRACT NOT REQUIRED
NEXT SCHEDULED EVENT:
  PROCEEDINGS TERMINATED
```

CASE NO. PA052799                          PAGE NO.  13
DEF NO.  01                                DATE PRINTED 12/21/21

    THE DEFENDANT IS ADVISED OF RIGHTS RE HEARING ON VIOLATION AND WAIVES RIGHTS
TO A REVOCATION HEARING.
    DEFENDANT AND COUNSEL ADMIT TO VIOLATION OF PROBATION IN OPEN COURT.
COURT FINDS DEFENDANT IN VIOLATION OF PROBATION.
    PROBATION REVOKED
    PROBATION MODIFIED AS FOLLOWS:
PROBATION TERMINATED
AS TO COUNT  (03):
    SERVE  180 DAYS IN LOS ANGELES COUNTY JAIL
     DEFENDANT GIVEN TOTAL CREDIT FOR ADDITIONAL 018 DAYS IN CUSTODY ADDITIONAL
      012 DAYS ACTUAL CUSTODY AND ADDITIONAL 006 DAYS GOOD TIME/WORK TIME
    THE DEFENDANT AGREES TO THE SENTENCE NOW IMPOSED; DEFENDANT IS
    SENTENCED TO SERVE 180 DAYS IN COUNTY JAIL WITH CREDIT OF 18
    DAYS;12 ACTUAL DAYS AND 6 GOOD TIME/WORK TIME DAYS.
    THE COURT ORDERS PROBATION TERMINATED UPON COMPLETION OF THE
    JAIL TIME.CUSTODY TIME IS TO RUN CONCURRENT WITH ANY OTHER
    TIME IMPOSED.
    NO FURTHER FINES AND FEES.

    NO FURTHER PROCEEDINGS.
    .
    REFERENCE CASE NO. LA058357-01.
    COMMITMENT ISSUED THIS DATE.
DMV ABSTRACT NOT REQUIRED
NEXT SCHEDULED EVENT:
    PROCEEDINGS TERMINATED


ON 03/20/08 AT  200 PM  IN VAN NUYS COURTHOUSE DEPT 111

CASE CALLED FOR PROBATION VIOLATION HEARING
PARTIES: MICHAEL K. KELLOGG (JUDGE) LORINE BABIK   (CLERK)
          ENEDINA GONZALES  (REP)     JANE WINSTON  (DA)
DEFENDANT IS PRESENT IN COURT, AND REPRESENTED BY MARTY PORRECA DEPUTY PUBLIC
    DEFENDER
PROBATION TERMINATED
DEFERRED ENTRY OF JUDGMENT TERMINATED, CRIMINAL PROCEEDINGS REINSTATED
AS TO COUNT  (01):
    RELEASE NO.BN009066 ISSUED AS TO A WRONG CASE NO.PA052779-01 TO

    CORRECT A CLERICAL ERROR.
COUNT (01): DISPOSITION: CONVICTED
DMV ABSTRACT NOT REQUIRED
NEXT SCHEDULED EVENT:
    PROCEEDINGS TERMINATED


ON 05/14/08 AT  800 AM :

    FILE RETURNED TO SAN FERNANDO COURT. FINIISHED CASE.
PROCEEDINGS TERMINATED


05/03/13  ARREST DISPOSITION REPORT SENT VIA CD TO DEPARTMENT OF JUSTICE

ON 09/09/14 AT  530 AM :


CASE FILE DESTROYED.

CASE NO. PA052799
DEF NO.  01

PAGE NO.  14
DATE PRINTED 12/21/21

Filing Date: 02/01/2005

Case No. 5SF00529

Conviction(s): 14601.1(A) Vehicle Code – Driving when driving privilege is suspended or revoked

SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

NO. 5SF00529                                              PAGE NO.  1
THE PEOPLE OF THE STATE OF CALIFORNIA      VS.    CURRENT DATE 12/21/21
DEFENDANT 01:  LENORE MARIE MILEY
LAW ENFORCEMENT AGENCY EFFECTING ARREST: LAPD - DEVONSHIRE AREA

BAIL: APPEARANCE   AMOUNT     DATE     RECEIPT OR  SURETY COMPANY   REGISTER
       DATE       OF BAIL    POSTED   BOND NO.                     NUMBER

CASE FILED ON 02/01/05.
  COMPLAINT FILED, DECLARED OR SWORN TO CHARGING DEFENDANT WITH HAVING
COMMITTED, ON OR ABOUT 01/28/05 IN THE COUNTY OF LOS ANGELES, THE FOLLOWING
OFFENSE(S) OF:
   COUNT 01: 12500(A) VC MISD
   COUNT 02: 14601.1(A) VC MISD
   PCD FOUND   01-28-05   14:05
NEXT SCHEDULED EVENT:
  02/01/05   830 AM  ARRAIGNMENT   DIST SAN FERNANDO COURTHOUSE DIV  139


ON 02/01/05 AT  830 AM  IN SAN FERNANDO COURTHOUSE DIV  139

CASE CALLED FOR ARRAIGNMENT
PARTIES: JEFFREY M. HARKAVY (JUDGE)  ELIZABETH OUELLETTE  (CLERK)
         LAURA GONZALEZ  (REP)    JOSE GARZA  (CA)
STIPULATED THAT JEFFREY M. HARKAVY (JUDGE) MAY HEAR THE CAUSE AS TEMPORARY
  JUDGE.
DEFENDANT DEMANDS COUNSEL.
COURT REFERS DEFENDANT TO THE PUBLIC DEFENDER.
PUBLIC DEFENDER APPOINTED.  PAUL NICHOLS - P.D.
DEFENDANT IS PRESENT IN COURT, AND REPRESENTED BY PAUL NICHOLS DEPUTY PUBLIC
  DEFENDER
DEFENDANT STATES HIS/HER TRUE NAME AS CHARGED.
DEFENDANT ADVISED OF THE FOLLOWING RIGHTS ORALLY:
 DEFENDANT ARRAIGNED AND ADVISED OF THE FOLLOWING RIGHTS AT MASS
  ADVISEMENT:   SPEEDY PUBLIC TRIAL, TRIAL WITHIN 30/45 DAYS, RIGHT
  TO REMAIN SILENT, SUBPOENA POWER OF COURT, CONFRONTATION AND
  CROSS EXAMINATION, JURY TRIAL, COURT TRIAL, RIGHT TO ATTORNEY,
  SELF REPRESENTATION, REASONABLE BAIL, CITIZENSHIP, EFFECT OF
  PRIORS, PLEAS AVAILABLE PROBATION.

A COPY OF THE COMPLAINT AND THE ARREST REPORT GIVEN TO DEFENDANTS COUNSEL.
DEFENDANT WAIVES FURTHER ARRAIGNMENT.
DEFENDANT ADVISED OF AND PERSONALLY AND EXPLICITLY WAIVES THE FOLLOWING RIGHTS:
  WRITTEN ADVISEMENT OF RIGHTS AND WAIVERS FILED, INCORPORATED BY REFERENCE
HEREIN
TRIAL BY COURT AND TRIAL BY JURY
   CONFRONTATION AND CROSS-EXAMINATION OF WITNESSES;
   SUBPOENA OF WITNESSES INTO COURT TO TESTIFY IN YOUR DEFENSE;
   AGAINST SELF-INCRIMINATION;
DEFENDANT ADVISED OF THE FOLLOWING:
 THE NATURE OF THE CHARGES AGAINST HIM, THE ELEMENTS OF THE OFFENSE IN THE
   COMPLAINT, AND POSSIBLE DEFENSES TO SUCH CHARGES;
 THE POSSIBLE CONSEQUENCES OF A PLEA OF GUILTY OR NOLO CONTENDERE, INCLUDING
   THE MAXIMUM PENALTY AND ADMINISTRATIVE SANCTIONS AND THE POSSIBLE LEGAL
   EFFECTS AND MAXIMUM PENALTIES INCIDENT TO SUBSEQUENT CONVICTIONS FOR THE

```
CASE NO. 5SF00529                              PAGE NO.   2
DEF NO.  01                                    DATE PRINTED 12/21/21
     SAME OR SIMILAR OFFENSES;
 THE EFFECTS OF PROBATION;
COUNSEL FOR THE DEFENDANT JOINS IN THE WAIVERS AND CONCURS IN THE PLEA.
COURT FINDS THAT EACH SUCH WAIVER IS KNOWINGLY, UNDERSTANDINGLY, AND EXPLICITLY
   MADE;
THE DEFENDANT WITH THE COURTS APPROVAL, PLEADS NOLO CONTENDERE TO COUNT 02 A
   VIOLATION OF SECTION 14601.1(A) VC.  THE COURT FINDS THE DEFENDANT GUILTY.
COUNT (02) : DISPOSITION: CONVICTED
COURT FINDS THAT THERE IS A FACTUAL BASIS FOR DEFENDANT'S PLEA, AND COURT
   ACCEPTS PLEA.
NEXT SCHEDULED EVENT:
   SENTENCING
STIPULATED THAT JEFFREY M. HARKAVY (JUDGE) MAY HEAR THE CAUSE AS TEMPORARY
   JUDGE.
   DEFENDANT WAIVES ARRAIGNMENT FOR JUDGMENT AND STATES THERE IS NO LEGAL CAUSE
   WHY SENTENCE SHOULD NOT BE PRONOUNCED. THE COURT ORDERED THE FOLLOWING
   JUDGMENT:
AS TO COUNT  (02):

IMPOSITION OF SENTENCE SUSPENDED
DEFENDANT PLACED ON SUMMARY PROBATION
   FOR A PERIOD OF 036 MONTHS UNDER THE FOLLOWING TERMS AND CONDITIONS:
   SERVE 020 DAYS IN LOS ANGELES COUNTY JAIL
    DEFENDANT GIVEN TOTAL CREDIT FOR 7 DAYS IN CUSTODY 5 DAYS ACTUAL CUSTODY AND
     2 DAYS GOOD TIME/WORK TIME
       FORTHWITH
   PAY A FINE OF $300.00
   PLUS $20.00 COURT SECURITY ASSESSMENT (PURSUANT TO 1465.8(A)(1) P.C.)
   OR SERVE 10 DAYS IN LOS ANGELES COUNTY JAIL
   COMMITMENT ISSUED
   DEFENDANT TO PAY FINE TO THE COURT CLERK
   DEFENDANT SHALL PAY A RESTITUTION FINE IN THE AMOUNT OF $100.00 TO THE COURT
     TOTAL DUE: $420.00
   IN ADDITION:
   -NOT DRIVE WITHOUT VALID DRIVER'S LICENSE IN POSSESSION AND
     INSURANCE AS PRESCRIBED BY LAW.

   OBEY ALL LAWS AND FURTHER ORDERS OF THE COURT.
   JAIL IS FORTHWITH AND CONSECUTIVE TO ANY OTHER CASE.
   JAIL IS IN LIEU OF THE FINE.

   DEFENDANT GIVEN ORAL ADVISEMENT ON CONDITION FOR DRIVING.
   FINE/FEES DUE BY 08/01/05 IN THE CLERK'S OFFICE.
COUNT (02): DISPOSITION: CONVICTED
REMAINING COUNTS DISMISSED:
    COUNT  (01): DISMISSED DUE TO PLEA NEGOTIATION
ABSTRACT ISSUED ON 02/01/05 FOR COUNT 02
DMV JUDGMENT CODE  JWG
NEXT SCHEDULED EVENT:
  08/01/05   900 AM  FINES/FEES   DIST SAN FERNANDO COURTHOUSE DIV  CLK

CUSTODY STATUS: ON PROBATION/REMANDED


ON 02/01/05 AT  900 AM :

DEFENDANT SERVED 10 DAYS IN JAIL IN LIEU OF FINE.
MATTER PREV SET/REMAIN ON CLDR


ON 08/01/05 AT  900 AM  IN SAN FERNANDO COURTHOUSE DIV  CLK
```

```
CASE NO. 5SF00529                          PAGE NO.   3
DEF NO.  01                                DATE PRINTED 12/21/21
```

CASE CALLED FOR FINES/FEES
PARTIES: NONE (JUDGE) NONE  (CLERK)
                NONE       (REP)  JOSE GARZA  (DDA)
DEFENDANT IS  NOT PRESENT IN COURT, AND NOT REPRESENTED BY COUNSEL
   DEFENDANT FAILED TO PAY ATTORNEY FEES AND OR RESTITUTION FINE.
   CASE IS REFERRED TO COLLECTIONS. A 60 DAY CALENDAR IS SET.
NEXT SCHEDULED EVENT:
   10/11/05  1000 AM  PROOF OF MISCELLANEOUS ITEM   DIST SAN FERNANDO COURTHOUSE
      DIV  COL


ON 08/23/05 AT  800 AM :

   CASE FILE SET FOR POSSIBLE PROBATION VIOLATION ON 082305 AT DIV.
   130.
   REFERENCE NUMBER PA052799.

NEXT SCHEDULED EVENT:
   08/23/05   830 AM  POSSIBLE VIOL. OF PROBATION   DIST SAN FERNANDO COURTHOUSE
      DIV  130


ON 08/23/05 AT  830 AM  IN SAN FERNANDO COURTHOUSE DIV  130

CASE CALLED FOR POSSIBLE VIOL. OF PROBATION
PARTIES: JEFFREY M. HARKAVY (JUDGE) ELIZABETH OUELLETTE   (CLERK)
                KIRSTI EDMONDS-WEST  (REP)     JOSE GARZA  (CA)
DEFENDANT IS PRESENT IN COURT, AND REPRESENTED BY JAMES RACUSIN DEPUTY PUBLIC
   DEFENDER
   PROBATION REVOKED
AS TO COUNT   (02):
   COURT ORDERS AND FINDINGS:
   THE COURT ORDERS THE DEFENDANT TO APPEAR ON THE NEXT COURT DATE.
   REFERENCE CASE NUMBER PA052799
BAIL SET AT $10,000.
DMV JUDGMENT CODE  GJW
CORRECTED AMENDED 08/23/05

NEXT SCHEDULED EVENT:
   08/31/05   830 AM  PROBATION VIOLATION HEARING   DIST SAN FERNANDO COURTHOUSE
      DIV  133

CUSTODY STATUS: REMANDED TO CUSTODY


ON 08/31/05 AT  830 AM  IN SAN FERNANDO COURTHOUSE DIV  133

CASE CALLED FOR PROBATION VIOLATION HEARING
PARTIES: SANJAY T. KUMAR (JUDGE) GABINA MALDONADO   (CLERK)
                MARY GODINEZ (REP)     PAUL MOLL  (CA)
DEFENDANT IS PRESENT IN COURT, AND REPRESENTED BY JOHN MICHAEL LEE DEPUTY
   PUBLIC DEFENDER
 THE DEFENDANT IS ADVISED OF RIGHTS RE HEARING ON VIOLATION AND WAIVES RIGHTS
TO A REVOCATION HEARING.
 DEFENDANT AND COUNSEL STIPULATE TO VIOLATION OF PROBATION IN OPEN COURT.
COURT FINDS DEFENDANT IN VIOLATION OF PROBATION.
   PROBATION REVOKED

```
CASE NO. 5SF00529                              PAGE NO.   4
DEF NO.  01                                    DATE PRINTED 12/21/21
```

PROBATION REINSTATED
   PROBATION IS CONTINUED ON THE SAME TERMS AND CONDITIONS WITH THE FOLLOWING
      MODIFICATIONS:
AS TO COUNT  (02):
   DEFENDANT IS FOUND IN VIOLATION OF HER PROBATION PURSUANT TO
   HER PLEA IN CASE NUMBER PA052799-01.  PROBATION IS REVOKED
   AND REINSTATED WITH THE FOLLOWING MODIFICATION:  DEFENDANT IS
   TO SERVE 10 DAYS IN COUNTY JAIL FORTHWITH CONSECUTIVE TO ANY
   OTHER TIME IMPOSED.  ALL TERMS AND CONDITIONS OF PROBATION
   REMAIN IN FULL FORCE AND EFFECT.
   MINUTE ORDER PREPARED BY J. JACKSON.
DMV ABSTRACT NOT REQUIRED
NEXT SCHEDULED EVENT:
   PROBATION IN EFFECT/REMANDED

CUSTODY STATUS: ON PROBATION/REMANDED


ON 10/11/05 AT 1000 AM  IN SAN FERNANDO COURTHOUSE DIV  COL

CASE CALLED FOR PROOF OF MISCELLANEOUS ITEM
PARTIES: NONE (JUDGE)  NONE  (CLERK)
                  NONE       (REP)  NONE  (DDA)
DEFENDANT IS  NOT PRESENT IN COURT, AND NOT REPRESENTED BY COUNSEL
   DEFENDANT FAILED TO APPEAR FOR PAYMENT OF RESTITUTION $100  ,
   ATTORNEY $       , COURT SECURITY $20  AND DVC $       FINE/FEES.
   INFRACTION AMOUNT $      .CIVIL ASSESSMENT OF $300 IS ADDED AND
   THE CASE IS REFERRED TO THE COLLECTION AGENCY.
NEXT SCHEDULED EVENT:
PROCEEDINGS TERMINATED


ON 03/15/06 AT  830 AM :

   CASE SET IN DIVISION 139 FOR POSSIBLE PROBATION VIOLATION.
   REFERENCE CASE NUMBER 6SR01347
NEXT SCHEDULED EVENT:
   03/15/06   830 AM  POSSIBLE VIOL. OF PROBATION   DIST SAN FERNANDO COURTHOUSE

      DIV  139


ON 03/15/06 AT  830 AM  IN SAN FERNANDO COURTHOUSE DIV  139

CASE CALLED FOR POSSIBLE VIOL. OF PROBATION
PARTIES: H. JAY FORD III (JUDGE) BERNICE REAL   (CLERK)
                  PATTI SUNDSTROM  (REP)      JOSE GARZA  (CA)
STIPULATED THAT H. JAY FORD III (JUDGE) MAY HEAR THE CAUSE AS TEMPORARY JUDGE.
DEFENDANT IS PRESENT IN COURT, AND REPRESENTED BY PEGGY LOVEMAN DEPUTY PUBLIC
   DEFENDER
   PROBATION REVOKED
AS TO COUNT  (02):
   NEW CASE REFERENCE: 6SR01347.
   .
   PROBATION VIOLATION HEARING IS SET FOR 03/30/06 IN
   DIVISION 139.
BAIL SET AT $5,000.

```
CASE NO. 5SF00529                          PAGE NO.   5
DEF NO.  01                                DATE PRINTED 12/21/21
```

ABSTRACT ISSUED ON 03/15/06
  FOR COUNT 02
CORRECTED AMENDED 03/16/06
NEXT SCHEDULED EVENT:
  03/30/06   830 AM   PROBATION VIOLATION HEARING    DIST SAN FERNANDO COURTHOUSE
    DIV  139

CUSTODY STATUS: REMANDED TO CUSTODY


ON 03/30/06 AT  830 AM  IN SAN FERNANDO COURTHOUSE DIV  139

CASE CALLED FOR PROBATION VIOLATION HEARING
PARTIES: H. JAY FORD III (JUDGE) BERNICE REAL   (CLERK)
              FRANCES MOXLEY  (REP)     JOSE GARZA  (CA)
STIPULATED THAT H. JAY FORD III (JUDGE) MAY HEAR THE CAUSE AS TEMPORARY JUDGE.
DEFENDANT IS PRESENT IN COURT, AND REPRESENTED BY PEGGY LOVEMAN DEPUTY PUBLIC
  DEFENDER

 THE DEFENDANT IS ADVISED OF RIGHTS RE HEARING ON VIOLATION AND WAIVES RIGHTS
TO A REVOCATION HEARING.
 DEFENDANT AND COUNSEL ADMIT TO VIOLATION OF PROBATION IN OPEN COURT.
COURT FINDS DEFENDANT IN VIOLATION OF PROBATION.
  PROBATION REVOKED
PROBATION REINSTATED
  PROBATION IS CONTINUED ON THE SAME TERMS AND CONDITIONS WITH THE FOLLOWING
    MODIFICATIONS:
AS TO COUNT  (02):
  FEES PER CIVIL JUDGMENT.

  MINUTE ORDER PREPARED BY S. SCHROEDER.
DMV ABSTRACT NOT REQUIRED
NEXT SCHEDULED EVENT:
  PROBATION IN EFFECT

CUSTODY STATUS: ON PROBATION


ON 06/26/07 AT  830 AM :


  CASE SET AND SENT TO VAN NUYS COURT FOR POSSIBLE PROBATION
  VIOLATION.      REFERENCE CASE NUMBER IS 7VY02584        GG
NEXT SCHEDULED EVENT:
  07/10/07   830 AM  POSSIBLE VIOL. OF PROBATION   DIST VAN NUYS COURTHOUSE
    DEPT 103



ON 07/10/07 AT  830 AM  IN VAN NUYS COURTHOUSE DEPT 103

CASE CALLED FOR POSSIBLE VIOL. OF PROBATION
PARTIES: CMR. REBECCA OMENS (JUDGE) JAMES SHERMAN   (CLERK)
              BETTY OLSEN  (REP)     TEDDY J. EDEN  (CA)
THE DEFENDANT FAILS TO APPEAR, WITHOUT SUFFICIENT EXCUSE AND NOT REPRESENTED BY
  COUNSEL
  PROBATION REVOKED
AS TO COUNT  (02):
  DEFENDANT FAILED TO APPEAR.  PROBATION IS REVOKED.  THE COURT
  ORDERS A BENCH WARRANT TO ISSUE WITH BAIL SET AT $35,000.

```
CASE NO. 5SF00529                              PAGE NO.   6
DEF NO.  01                                    DATE PRINTED 12/21/21
DMV ABSTRACT NOT REQUIRED
NEXT SCHEDULED EVENT:
  BENCH/WARRANT TO ISSUE

07/10/07 BENCH WARRANT IN THE AMOUNT OF $35,000.00 BY ORDER OF JUDGE CMR.
    REBECCA OMENS ISSUED. (07/11/07).



ON 09/07/07 AT  830 AM  IN VAN NUYS COURTHOUSE DEPT 103

CASE CALLED FOR PROBATION VIOLATION HEARING
PARTIES: CMR. REBECCA OMENS (JUDGE) LAWANDA WILLIAMS   (CLERK)
              ELAINE ALAOGLU (REP)      HARVEY CRESPY  (CA)
STIPULATED THAT CMR. REBECCA OMENS (JUDGE) MAY HEAR THE CAUSE AS TEMPORARY
  JUDGE.
DEFENDANT IS PRESENT IN COURT, AND NOT REPRESENTED BY COUNSEL
  PROBATION REVOKED

AS TO COUNT  (02):
  PROBATION VIOLATION HEARING IS SET IN DEPARTMENT 103 ON 09/13/07
  REFER TO 7VY02584 AND PA052799.
DMV ABSTRACT NOT REQUIRED
NEXT SCHEDULED EVENT:
  09/13/07   830 AM  PROBATION VIOLATION HEARING   DIST VAN NUYS COURTHOUSE
    DEPT 103

09/07/07 BENCH WARRANT IN THE AMOUNT OF $35,000.00   RECALLED. (09/07/07).

CUSTODY STATUS: RELEASED ON OWN RECOGNIZANCE


ON 09/13/07 AT  830 AM  IN VAN NUYS COURTHOUSE DEPT 103

CASE CALLED FOR PROBATION VIOLATION HEARING
PARTIES: ALVIN NIERENBERG (TEMPORARY JUDGE) LAWANDA WILLIAMS   (CLERK)
              ELAINE ALAOGLU (REP)      ROBERT A. ORLICH  (CA)
THE DEFENDANT FAILS TO APPEAR, WITHOUT SUFFICIENT EXCUSE AND NOT REPRESENTED BY
  COUNSEL
  PROBATION REVOKED

AS TO COUNT  (02):
  BAIL SET AT $10,000.
  REFER TO 7VY02584 AND PA052799.
DMV ABSTRACT NOT REQUIRED
NEXT SCHEDULED EVENT:
  BENCH/WARRANT TO ISSUE

09/13/07 BENCH WARRANT IN THE AMOUNT OF $10,000.00 BY ORDER OF JUDGE KATHRYNE A
    STOLTZ ISSUED. (09/13/07).



ON 09/17/07 AT  830 AM  IN VAN NUYS COURTHOUSE DEPT 103

CASE CALLED FOR POSSIBLE VIOL. OF PROBATION
PARTIES: CMR. REBECCA OMENS (JUDGE) LAWANDA WILLIAMS   (CLERK)
              ELAINE ALAOGLU (REP)      HARVEY CRESPY  (CA)
STIPULATED THAT CMR. REBECCA OMENS (JUDGE) MAY HEAR THE CAUSE AS TEMPORARY
  JUDGE.
DEFENDANT IS PRESENT IN COURT, AND REPRESENTED BY DAVID D. MARSH DEPUTY PUBLIC
```

```
CASE NO. 5SF00529                         PAGE NO.   7
DEF NO.  01                               DATE PRINTED 12/21/21
```

DEFENDER
PROBATION REVOKED
AS TO COUNT  (02):
  PROBATION REVOKED PENDING HEARING.  NEW CASE REFERENCE
  7VY02584.
DMV ABSTRACT NOT REQUIRED
NEXT SCHEDULED EVENT:
  10/17/07   830 AM  PROBATION VIOLATION HEARING   DIST VAN NUYS COURTHOUSE
    DEPT 113

09/17/07 BENCH WARRANT IN THE AMOUNT OF $10,000.00   RECALLED. (09/17/07).


ON 10/17/07 AT  830 AM  IN VAN NUYS COURTHOUSE DEPT 113

CASE CALLED FOR PROBATION VIOLATION HEARING
PARTIES: JESSICA SILVERS (JUDGE) WENDY DELGADO   (CLERK)

                PATTI SUNDSTROM  (REP)     MICHAEL R. AMERIAN  (CA)
THE DEFENDANT FAILS TO APPEAR, WITHOUT SUFFICIENT EXCUSE AND REPRESENTED BY
  ALLISON DREW DEPUTY PUBLIC DEFENDER
PROBATION TO REMAIN REVOKED
AS TO COUNT  (02):
  DEFENDANT FAILS TO APPEAR.  A BENCH WARRANT IS ISSUED WITH BAIL
  SET AT $10,000.00.
DMV ABSTRACT NOT REQUIRED
NEXT SCHEDULED EVENT:
  PROBATION REVOKED/BW ISSUED

10/17/07 BENCH WARRANT IN THE AMOUNT OF $10,000.00 BY ORDER OF JUDGE JESSICA
    SILVERS ISSUED. (10/17/07).

10/29/07 BENCH WARRANT IN THE AMOUNT OF $10,000.00   RECALLED. (10/29/07).


ON 11/02/07 AT  830 AM  IN VAN NUYS COURTHOUSE DEPT 113

CASE CALLED FOR PROBATION VIOLATION HEARING

PARTIES: MICHAEL A. LATIN (JUDGE)  WENDY DELGADO  (CLERK)
                PATTI SUNDSTROM       (REP)  MICHAEL R. AMERIAN  (CA)
DEFENDANT IS PRESENT IN COURT, AND REPRESENTED BY ALLISON DREW DEPUTY PUBLIC
  DEFENDER
  -TRAILING CASE NO. 7VY02584.

  THE PROBATION VIOLATION HEARING IS CONTINUED TO DECEMBER 5,
  2007, AT 8:30 A.M. IN DEPARTMENT 113. PROBATION REMAINS REVOKED.
  COURT ORDERS AND FINDINGS:
  -THE COURT ORDERS THE DEFENDANT TO APPEAR ON THE NEXT COURT DATE.
NEXT SCHEDULED EVENT:
  12/05/07   830 AM  PROBATION VIOLATION HEARING   DIST VAN NUYS COURTHOUSE
    DEPT 113

CUSTODY STATUS: DEFENDANT REMAINS ON OWN RECOGNIZANCE


ON 12/05/07 AT  830 AM  IN VAN NUYS COURTHOUSE DEPT 113

```
CASE NO. 5SF00529                            PAGE NO.   8
DEF NO.  01                                  DATE PRINTED 12/21/21
```

CASE CALLED FOR PROBATION VIOLATION HEARING
PARTIES: MICHAEL A. LATIN (JUDGE) WENDY DELGADO   (CLERK)
                PATTI SUNDSTROM  (REP)     MICHAEL R. AMERIAN  (CA)
THE DEFENDANT FAILS TO APPEAR, WITHOUT SUFFICIENT EXCUSE AND REPRESENTED BY
  ALLISON DREW DEPUTY PUBLIC DEFENDER
  PROBATION REVOKED
AS TO COUNT  (02):
  DEFENDANT FAILS TO APPEAR. A BENCH WARRANT IS ISSUED WITH BAIL
  SET AT $38,000.00.
DMV ABSTRACT NOT REQUIRED
NEXT SCHEDULED EVENT:
  PROBATION REVOKED/BW ISSUED

12/05/07 BENCH WARRANT IN THE AMOUNT OF $38,000.00 BY ORDER OF JUDGE MICHAEL A.
     LATIN ISSUED. (12/05/07).



ON 02/08/08 AT  830 AM  IN VAN NUYS COURTHOUSE DEPT 113

CASE CALLED FOR PROBATION VIOLATION HEARING
PARTIES: T.K. HERMAN (JUDGE) MICHAEL ARTIS    (CLERK)
                PEGGY DOWNS  (REP)     MICHAEL R. AMERIAN  (CA)
DEFENDANT IS PRESENT IN COURT, AND REPRESENTED BY ALLISON DREW DEPUTY PUBLIC
  DEFENDER
 THE DEFENDANT IS ADVISED OF RIGHTS RE HEARING ON VIOLATION AND WAIVES RIGHTS
TO A REVOCATION HEARING.
 DEFENDANT AND COUNSEL ADMIT TO VIOLATION OF PROBATION IN OPEN COURT.
COURT FINDS DEFENDANT IN VIOLATION OF PROBATION.
  PROBATION REVOKED
PROBATION REINSTATED
  PROBATION IS CONTINUED ON SAME TERMS AND CONDITIONS.
AS TO COUNT  (02):
  THE DEFENDANT APPEARS IN CUSTODY ON THE COURT'S BENCH WARRANT.
  .
THE BENCH WARRANT IS ORDERED RECALLED.

  .
VIOLATION IS BASED ON THE DEFENDANT'S FAILURE TO OBEY ALL LAWS

 IN REFERENCE CASE 7VY02584.

  .
  THE DEFENDANT IS ORDERED RELEASED (RELEASE# BN006178 IS ISSUED).
DMV ABSTRACT NOT REQUIRED
NEXT SCHEDULED EVENT:
  PROBATION VIOLATION HEARING

02/08/08 BENCH WARRANT IN THE AMOUNT OF $38,000.00   RECALLED. (02/08/08).

CUSTODY STATUS: ON PROBATION


ON 02/13/08 AT  800 AM :

  FILE RETURNED TO SAN FERNANDO COURT. FINISHED CASE.
PROBATION IN EFFECT



ON 03/11/08 AT  830 AM  IN VAN NUYS COURTHOUSE DEPT 100

```
CASE NO. 5SF00529                            PAGE NO.    9
DEF NO.  01                                  DATE PRINTED 12/21/21
```

CASE CALLED FOR PROBATION VIOLATION HEARING
PARTIES: MICHAEL K. KELLOGG (JUDGE) LORINE BABIK   (CLERK)
              ENEDINA GONZALES  (REP)     JANE WINSTON  (DA)
DEFENDANT IS PRESENT IN COURT, AND REPRESENTED BY JAMES R BENDAT DEPUTY PUBLIC
  DEFENDER
  PROBATION REVOKED
AS TO COUNT  (02):
  REFER TO CASE LA058357-01. PROBATION VIOLATION HEARING SET FOR
  032008. REMANDING ORDER ISSUED.
  CASE FILE IS UNAVAILABLE.
BAIL SET AT $10,000.
DMV ABSTRACT NOT REQUIRED
NEXT SCHEDULED EVENT:
  03/20/08   130 PM  PROBATION VIOLATION HEARING   DIST VAN NUYS COURTHOUSE
     DEPT 111


CUSTODY STATUS: REMANDED TO CUSTODY



ON 03/11/08 AT  900 AM :

  CASE SET AND SENT TO VAN NUYS COURT FOR POSSIBLE PROBATION
  VIOLATION.       REFERENCE CASE NUMBER IS LA058357       GG
NEXT SCHEDULED EVENT:
  03/11/08   900 AM  POSSIBLE VIOL. OF PROBATION   DIST VAN NUYS COURTHOUSE
     DEPT 100



ON 03/20/08 AT  130 PM  IN VAN NUYS COURTHOUSE DEPT 111

CASE CALLED FOR PROBATION VIOLATION HEARING
PARTIES: MICHAEL K. KELLOGG (JUDGE) LORINE BABIK   (CLERK)
              ENEDINA GONZALES  (REP)     JANE WINSTON  (DA)
DEFENDANT IS PRESENT IN COURT, AND REPRESENTED BY MARTY PORRECA DEPUTY PUBLIC
  DEFENDER
  THE DEFENDANT IS ADVISED OF RIGHTS RE HEARING ON VIOLATION AND WAIVES RIGHTS
TO A REVOCATION HEARING.
  DEFENDANT AND COUNSEL ADMIT TO VIOLATION OF PROBATION IN OPEN COURT.

COURT FINDS DEFENDANT IN VIOLATION OF PROBATION.
  PROBATION REVOKED
  PROBATION MODIFIED AS FOLLOWS:
PROBATION TERMINATED
AS TO COUNT  (02):
  SERVE  180 DAYS IN LOS ANGELES COUNTY JAIL
  DEFENDANT GIVEN TOTAL CREDIT FOR ADDITIONAL 018 DAYS IN CUSTODY ADDITIONAL
   012 DAYS ACTUAL CUSTODY AND ADDITIONAL 006 DAYS GOOD TIME/WORK TIME
  THE DEFENDANT AGREES TO THE SENTENCE NOW IMPOSED; DEFENDANT IS
  SENTENCED TO SERVE 180 DAYS IN COUNTY JAIL WITH CREDIT OF 18
  DAYS;12 ACTUAL DAYS AND 6 GOOD TIME/WORK TIME DAYS.
  THE COURT ORDERS PROBATION TERMINATED UPON COMPLETION OF THE
  JAIL TIME.CUSTODY TIME IS TO RUN CONCURRENT WITH ANY OTHER
  TIME IMPOSED.
  NO FURTHER FINES AND FEES.

```
CASE NO. 5SF00529                          PAGE NO.  10
DEF NO.  01                                DATE PRINTED 12/21/21

   NO FURTHER PROCEEDINGS.
   .
   REFERENCE CASE NO. LA058357-01.
   COMMITMENT ISSUED THIS DATE.
DMV ABSTRACT NOT REQUIRED
NEXT SCHEDULED EVENT:
   PROCEEDINGS TERMINATED


ON 05/28/08 AT  800 AM :

   FILE RETURNED TO SAN FERNANDO COURT. FINISHED CASE.
PROCEEDINGS TERMINATED


ON 06/26/17 AT  530 AM :


CASE FILE DESTROYED.
```

Filing Date: 07/14/1999

Case No. 9PN04073

Conviction(s): 10852 VC MISD - willfully injuring or tampering with another's vehicle or the contents; and

14601.1(A) Vehicle Code – Driving when driving privilege is suspended or revoked

```
             IN THE MUNICIPAL COURT OF VAN NUYS COURTHOUSE JUDICIAL DISTRICT,
                    COUNTY OF LOS ANGELES, STATE OF CALIFORNIA
  NO. 9PN04073                                    PAGE NO.   1
  THE PEOPLE OF THE STATE OF CALIFORNIA    VS.    CURRENT DATE 12/21/21
  DEFENDANT 01:  LENORE MARIE MILEY
  LAW ENFORCEMENT AGENCY EFFECTING ARREST: LAPD - DEVONSHIRE AREA

  BAIL: APPEARANCE  AMOUNT    DATE    RECEIPT OR  SURETY COMPANY    REGISTER
        DATE        OF BAIL   POSTED  BOND NO.                      NUMBER

  CASE FILED ON 07/14/99.
   COMPLAINT FILED, DECLARED OR SWORN TO CHARGING DEFENDANT WITH HAVING
  COMMITTED, ON OR ABOUT 07/12/99 IN THE COUNTY OF LOS ANGELES, THE FOLLOWING
  OFFENSE(S) OF:
      COUNT 01: 10851(A) VC MISD
      COUNT 02: 10852 VC MISD
      COUNT 03: 14601.1(A) VC MISD
      COUNT 04: 148.9(A) PC MISD
  NEXT SCHEDULED EVENT:
   07/14/99   830 AM  ARRAIGNMENT   DIST VAN NUYS COURTHOUSE DIV  101



  ON 07/14/99 AT  830 AM  IN VAN NUYS COURTHOUSE DIV  101

  CASE CALLED FOR ARRAIGNMENT
  PARTIES: KAREN J. NUDELL (JUDGE)  LYNNE GARCIA  (CLERK)
                  ELSIE DIWA  (REP)       TEDDY J. EDEN  (CA)
  COURT REFERS DEFENDANT TO THE PUBLIC DEFENDER.
  PUBLIC DEFENDER APPOINTED.  MARK GILBERT - P.D.
  DEFENDANT IS PRESENT IN COURT, AND REPRESENTED BY MARK GILBERT DEPUTY PUBLIC
   DEFENDER
  A COPY OF THE COMPLAINT AND THE ARREST REPORT GIVEN TO DEFENDANTS COUNSEL.
  DEFENDANT WAIVES FURTHER ARRAIGNMENT.
  DEFENDANT ADVISED OF AND PERSONALLY AND EXPLICITLY WAIVES THE FOLLOWING RIGHTS:
   WRITTEN ADVISEMENT OF RIGHTS AND WAIVERS FILED, INCORPORATED BY REFERENCE
  HEREIN
  COUNSEL FOR THE DEFENDANT JOINS IN THE WAIVERS AND CONCURS IN THE PLEA.
  COURT FINDS THAT EACH SUCH WAIVER IS KNOWINGLY, UNDERSTANDINGLY, AND EXPLICITLY
   MADE;
  THE DEFENDANT WITH THE COURTS APPROVAL, PLEADS NOLO CONTENDERE TO COUNT 02 A
   VIOLATION OF SECTION 10852 VC.  THE COURT FINDS THE DEFENDANT GUILTY.

  COUNT (02) : DISPOSITION: CONVICTED
  THE DEFENDANT WITH THE COURTS APPROVAL, PLEADS NOLO CONTENDERE TO COUNT 03 A
   VIOLATION OF SECTION 14601.1(A) VC.  THE COURT FINDS THE DEFENDANT GUILTY.
  COUNT (03) : DISPOSITION: CONVICTED
  COURT FINDS THAT THERE IS A FACTUAL BASIS FOR DEFENDANT'S PLEA, AND COURT
   ACCEPTS PLEA.
   DEFENDANT HAS BEEN ADVISED IF FURNISHED A COURT APPOINTED
   ATTORNEY THE COURT SHALL DETERMINE IF ABILITY TO PAY ALL OR
   A PORTION OF THE COST OF COUNSEL.
  WAIVES TIME FOR SENTENCE.
  NEXT SCHEDULED EVENT:
   SENTENCING
   DEFENDANT WAIVES ARRAIGNMENT FOR JUDGMENT AND STATES THERE IS NO LEGAL CAUSE
   WHY SENTENCE SHOULD NOT BE PRONOUNCED. THE COURT ORDERED THE FOLLOWING
   JUDGMENT:
```

```
CASE NO. 9PN04073                         PAGE NO.    2
DEF NO. 01                                DATE PRINTED 12/21/21
AS TO COUNT  (02):
IMPOSITION OF SENTENCE SUSPENDED
DEFENDANT PLACED ON SUMMARY PROBATION
  FOR A PERIOD OF 024 MONTHS UNDER THE FOLLOWING TERMS AND CONDITIONS:
  SERVE 003 DAYS IN LOS ANGELES COUNTY JAIL
    LESS CREDIT FOR 3 DAYS
  PLUS $77.75 987.8 P.C. - ATTORNEY FEES
  DEFENDANT SHALL PAY A RESTITUTION FINE IN THE AMOUNT OF $100.00 TO THE COURT
    TOTAL DUE: $177.75
  IN ADDITION:
  -DEFENDANT ACKNOWLEDGES TO THE COURT THAT THE DEFENDANT
    UNDERSTANDS AND ACCEPTS ALL THE PROBATION CONDITIONS, AND
    DEFENDANT AGREES TO ABIDE BY SAME.
  OBEY ALL LAWS AND FURTHER ORDERS OF THE COURT.
  USE TRUE NAME ONLY. RELEASE # RB100964 ISSUED.
  RESTITUTION HEARING AND COURT FEES DUE 09-14-99.
COUNT (02): DISPOSITION: CONVICTED
ABSTRACT ISSUED ON 07/14/99 FOR COUNT 02

DMV JUDGMENT CODE  JG
NEXT SCHEDULED EVENT:
  09/14/99   830 AM  RESTITUTION HEARING   DIST VAN NUYS COURTHOUSE DIV  101
AS TO COUNT  (03):
IMPOSITION OF SENTENCE SUSPENDED
DEFENDANT PLACED ON SUMMARY PROBATION
  FOR A PERIOD OF 024 MONTHS UNDER THE FOLLOWING TERMS AND CONDITIONS:
  PAY A FINE OF $300.00
    PLUS A STATE PENALTY FUND ASSESSMENT OF $510.00
  PLUS $35.00 INSTALLMENT & ACCOUNTS RECEIVABLE FEE (PURSUANT TO 1205(D)PC)
  DEFENDANT TO PAY FINE TO THE COURT CLERK
    TOTAL DUE: $845.00
  IN ADDITION:
  -DEFENDANT ACKNOWLEDGES TO THE COURT THAT THE DEFENDANT
    UNDERSTANDS AND ACCEPTS ALL THE PROBATION CONDITIONS, AND
    DEFENDANT AGREES TO ABIDE BY SAME.
  OBEY ALL LAWS AND FURTHER ORDERS OF THE COURT.
  DO NOT DRIVE WITHOUT A VALID DRIVER'S LICENSE AND INSURANCE.
COUNT (03): DISPOSITION: CONVICTED
REMAINING COUNTS DISMISSED:
  COUNT  (01): DISMISSAL IN FURTH OF JUSTICE PER 1385 PC

  COUNT  (04): DISMISSAL IN FURTH OF JUSTICE PER 1385 PC
ABSTRACT ISSUED ON 07/14/99 FOR COUNT 03
DMV JUDGMENT CODE  CG
NEXT SCHEDULED EVENT:
  MATTER PREV SET/REMAIN ON CLDR



ON 09/14/99 AT  830 AM  IN VAN NUYS COURTHOUSE DIV  101

CASE CALLED FOR RESTITUTION HEARING
PARTIES: KAREN J. NUDELL (JUDGE)  LYNNE GARCIA  (CLERK)
               TINA-HELENE RICHARDS       (REP)  KENNETH D. TSO  (CA)
DEFENDANT IS PRESENT IN COURT, AND REPRESENTED BY ELLEN COLEMAN DEPUTY PUBLIC
  DEFENDER
  ZERO PROGRESS ON COURT FINE OF $1023.75. RESTITUTION HEARING
  OFF CALENDAR.
NEXT SCHEDULED EVENT:
  10/15/99   900 AM  PROOF: RESTITUTION FUND PAYMNT   DIST VAN NUYS COURTHOUSE
```

```
CASE NO. 9PN04073                          PAGE NO.    3
DEF NO.  01                                DATE PRINTED 12/21/21

    DIV  CLK


ON 10/15/99 AT  830 AM  IN VAN NUYS COURTHOUSE DIV  101

CASE CALLED FOR PROOF OF ENROLLMENT
PARTIES: KAREN J. NUDELL (JUDGE) LYNNE GARCIA  (CLERK)
            MADGE NUEWIRTH        (REP) TEDDY J. EDEN  (CA)
DEFENDANT IS PRESENT IN COURT, AND NOT REPRESENTED BY COUNSEL
  DEFENDANT APPEARS IN PRO PER
PAYMENT IN THE AMOUNT OF $20.00 PAID ON 10/15/99 RECEIPT # LAV452344064
  $20 PAID FORTHWITH, BALANCE $1003.75. DEFENDANT MAY PAY $100
  PER MMONTH.
NEXT SCHEDULED EVENT:
  11/19/99  830 AM  FINES/FEES   DIST VAN NUYS COURTHOUSE DIV  101



ON 11/19/99 AT  830 AM  IN VAN NUYS COURTHOUSE DIV  101

CASE CALLED FOR FINES/FEES
PARTIES: KAREN J. NUDELL (JUDGE)  LYNNE GARCIA  (CLERK)
              ANNETTE CLEMENS     (REP) TEDDY J. EDEN  (CA)
DEFENDANT IS PRESENT IN COURT, AND NOT REPRESENTED BY COUNSEL
  DEFENDANT APPEARS IN PRO PER
PAYMENT IN THE AMOUNT OF $50.00 PAID ON 11/19/99 RECEIPT # LAV452344007
  $50 DUE FORTHWITH. DEFENDANT ORDERED TO PAY $50 AT WINDOW ON
  MONDAY 11-29-99.
NEXT SCHEDULED EVENT:
  11/29/99  900 AM  FINES/FEES   DIST VAN NUYS COURTHOUSE DIV  CLK
NEXT SCHEDULED EVENT:
  12/17/99  830 AM  FINES/FEES   DIST VAN NUYS COURTHOUSE DIV  101



ON 11/19/99 AT  900 AM  IN VAN NUYS COURTHOUSE DIV  CLK

CASE CALLED FOR PROOF OF MISCELLANEOUS ITEM

PARTIES: NONE (JUDGE)  NONE  (CLERK)
              NONE      (REP) NONE  (DDA)
DEFENDANT IS  NOT PRESENT IN COURT, AND NOT REPRESENTED BY COUNSEL
  DEFENDANT FAILED TO PAY ASSESSMENT FEES.  CASE SENT TO CIVIL
  SECTION FOR COLLECTION.
NEXT SCHEDULED EVENT:
PROCEEDINGS TERMINATED



ON 11/29/99 AT  900 AM  IN VAN NUYS COURTHOUSE DIV  CLK

CASE CALLED FOR FINES/FEES
PARTIES: NONE (JUDGE)  NONE  (CLERK)
              NONE      (REP) NONE  (DDA)
DEFENDANT IS  NOT PRESENT IN COURT, AND NOT REPRESENTED BY COUNSEL
  DEFENDANT FAILED TO PAY $50.00 FINE. DEFENDANT IS SCHEDULED TO
  APPEAR ON 12/17/99 IN DIV. 101 TO PAY BALANCE ON A FINE.
NEXT SCHEDULED EVENT:
```

```
CASE NO. 9PN04073                        PAGE NO.   4
DEF NO.  01                              DATE PRINTED 12/21/21
```

MATTER PREV SET/REMAIN ON CLDR


ON 12/02/99 AT  900 AM :

   THE DEFENDANT FAILED TO PAY RESTITUION FINE BALANCE OWING IS
   $107.75 AND CASE REFERRED TO COLLECTION.
NEXT SCHEDULED EVENT:
  02/01/00  1000 AM  PROOF: RESTITUTION FINE PAYMNT   DIST VAN NUYS COURTHOUSE
    DIV  COL


ON 12/17/99 AT  830 AM  IN VAN NUYS COURTHOUSE DIV  101

CASE CALLED FOR FINES/FEES
PARTIES: DEBRE KATZ WEINTRAUB (JUDGE)  LYNNE GARCIA  (CLERK)

             MADGE NUEWIRTH       (REP)  TEDDY J. EDEN  (CA)
DEFENDANT IS PRESENT IN COURT, AND NOT REPRESENTED BY COUNSEL
  DEFENDANT APPEARS IN PRO PER
PAYMENT IN THE AMOUNT OF $100.00 PAID ON 12/17/99 RECEIPT # LAV450303021
  DEFENDANT PRESENT IN COURT AND ORDERED TO MAKE PAYMENT.  MATTER
  IS CONTINUED TO JANUARY 13, 2000 FOR PROGRESS ON COURT FINES.
  $100 PAID FORTHWITH.
NEXT SCHEDULED EVENT:
  01/13/00  830 AM  FINES/FEES   DIST VAN NUYS COURTHOUSE DIV  101


ON 01/13/00 AT  830 AM  IN VAN NUYS COURTHOUSE DIV  101

CASE CALLED FOR FINES/FEES
PARTIES: KAREN J. NUDELL (JUDGE)  LYNNE GARCIA  (CLERK)
         DONNA L. TURNER      (REP)  KENNETH D. TSO  (CA)
DEFENDANT IS PRESENT IN COURT, AND NOT REPRESENTED BY COUNSEL
  DEFENDANT APPEARS IN PRO PER
PAYMENT IN THE AMOUNT OF $100.00 PAID ON 01/13/00 RECEIPT # LAV450303030
  $100 DUE FORTHWITH, BALANCE DUE 3-1-00.

NEXT SCHEDULED EVENT:
  03/01/00  830 AM  FINES/FEES   DIST VAN NUYS COURTHOUSE DIV  101


ON 03/01/00 AT  830 AM  IN VAN NUYS COURTHOUSE DIV  101

CASE CALLED FOR FINES/FEES
PARTIES: KAREN J. NUDELL (JUDGE)  LYNNE GARCIA  (CLERK)
        CHRISTOPHER FEDOROFF       (REP)  KENNETH D. TSO  (CA)
DEFENDANT IS PRESENT IN COURT, AND REPRESENTED BY ELLEN COLEMAN DEPUTY PUBLIC
DEFENDER
PAYMENT IN THE AMOUNT OF $10.00 PAID ON 03/01/00 RECEIPT # LAV450303014
  $10 DUE FORTHWITH, FINE BALANCE DUE $743.75.
NEXT SCHEDULED EVENT:
  03/03/00  830 AM  FINES/FEES   DIST VAN NUYS COURTHOUSE DIV  101


ON 03/03/00 AT  830 AM  IN VAN NUYS COURTHOUSE DIV  101

```
CASE NO. 9PN04073                           PAGE NO.   5
DEF NO. 01                                  DATE PRINTED 12/21/21
CASE CALLED FOR FINES/FEES
PARTIES: KAREN J. NUDELL (JUDGE)  LYNNE GARCIA  (CLERK)
                CHRISTOPHER FEDOROFF     (REP)  TEDDY J. EDEN  (CA)
DEFENDANT IS PRESENT IN COURT, AND REPRESENTED BY LISA BRACKELMANNS DEPUTY
  PUBLIC DEFENDER
PAYMENT IN THE AMOUNT OF $90.00 PAID ON 03/03/00 RECEIPT # LAV253984030
  $90 DUE FORTHWITH, BALANCE DUE $653.75.
NEXT SCHEDULED EVENT:
  04/05/00   900 AM  FINES/FEES   DIST VAN NUYS COURTHOUSE DIV  CLK



ON 04/05/00 AT  900 AM  IN VAN NUYS COURTHOUSE DIV  CLK

CASE CALLED FOR FINES/FEES
PARTIES: NONE (JUDGE)  NONE  (CLERK)
                NONE       (REP)  NONE  (DDA)
DEFENDANT IS  NOT PRESENT IN COURT, AND NOT REPRESENTED BY COUNSEL

  DEFENDANT FAILED TO APPEAR. CASE SENT TO COURT FOR BENCH WARRANT
  TO ISSUE.
NEXT SCHEDULED EVENT:
  04/05/00   930 AM  BENCH/WARRANT TO ISSUE   DIST VAN NUYS COURTHOUSE DIV  101



ON 04/05/00 AT  930 AM  IN VAN NUYS COURTHOUSE DIV  101

CASE CALLED FOR BENCH/WARRANT TO ISSUE
PARTIES: KAREN J. NUDELL (JUDGE)  DIANNE WRIGHT  (CLERK)
                CHRISTOPHER FEDOROFF     (REP)  KENNETH D. TSO  (CA)
DEFENDANT IS  NOT PRESENT IN COURT, AND NOT REPRESENTED BY COUNSEL
  DEFENDANT FAILED TO APPEAR TO PAY BALANCE ON A FINE. DEFENDANT A
  APPEAR ON 04/06/00 ON A PROBATION VIOLATION HEARING.
      .
NEXT SCHEDULED EVENT:
MATTER PREV SET/REMAIN ON CLDR



ON 04/06/00 AT  830 AM  IN VAN NUYS COURTHOUSE DIV  101

CASE CALLED FOR PROBATION VIOLATION HEARING
PARTIES: KAREN J. NUDELL (JUDGE) LYNNE GARCIA   (CLERK)
                CHRISTOPHER FEDOROFF  (REP)     TEDDY J. EDEN  (CA)
DEFENDANT IS PRESENT IN COURT, AND REPRESENTED BY LISA BRACKELMANNS DEPUTY
  PUBLIC DEFENDER
COURT FINDS DEFENDANT IN VIOLATION OF PROBATION.
  PROBATION REVOKED
PROBATION REINSTATED
  PROBATION IS CONTINUED ON THE SAME TERMS AND CONDITIONS WITH THE FOLLOWING
  MODIFICATIONS:
AS TO COUNT  (02):
  DEFENDANT TO PAY COURT COST OF  $25.00 .
    TOTAL DUE:  $25.00
  $300 DUE FORTHWITH, BALANCE DUE AT WINDOW 15/16 5-11-00.
```

```
CASE NO. 9PN04073                          PAGE NO.   6
DEF NO.  01                                DATE PRINTED 12/21/21
DMV ABSTRACT NOT REQUIRED
NEXT SCHEDULED EVENT:
  05/11/00   900 AM  FINES/FEES   DIST VAN NUYS COURTHOUSE DIV  CLK


ON 04/06/00 AT  900 AM  IN VAN NUYS COURTHOUSE DIV  CLK

CASE CALLED FOR FINES/FEES
PARTIES: NONE (JUDGE)  NONE  (CLERK)
                NONE       (REP)  NONE  (DDA)
DEFENDANT IS PRESENT IN COURT, AND NOT REPRESENTED BY COUNSEL
  DEFENDANT SENT TO COURT.  BENCH WARRANT NOT ISSUED.
NEXT SCHEDULED EVENT:
  04/06/00   930 AM  FINES/FEES   DIST VAN NUYS COURTHOUSE DIV  101


ON 04/06/00 AT  900 AM :

  $300 DUE FORTHWITH.
PAYMENT IN THE AMOUNT OF $300.00 PAID ON 04/06/00 RECEIPT # LAV220512036
MATTER PREV SET/REMAIN ON CLDR


ON 05/11/00 AT  900 AM  IN VAN NUYS COURTHOUSE DIV  CLK

CASE CALLED FOR FINES/FEES
PARTIES: NONE (JUDGE)  NONE  (CLERK)
                NONE       (REP)  NONE  (DDA)
DEFENDANT IS  NOT PRESENT IN COURT, AND NOT REPRESENTED BY COUNSEL
  DEFENDANT FAILED TO APPEAR. CASE SENT TO COURT FOR BENCH WARRANT
  TO ISSUE.
NEXT SCHEDULED EVENT:
  05/11/00   930 AM  BENCH/WARRANT TO ISSUE   DIST VAN NUYS COURTHOUSE DIV  101


ON 05/11/00 AT  930 AM  IN VAN NUYS COURTHOUSE DIV  101

CASE CALLED FOR BENCH/WARRANT TO ISSUE
PARTIES: KAREN J. NUDELL (JUDGE) DIANNE WRIGHT  (CLERK)
                CHRISTOPHER FEDOROFF       (REP)  KENNETH D. TSO  (CA)
DEFENDANT IS  NOT PRESENT IN COURT, AND NOT REPRESENTED BY COUNSEL
  DEFENDANT FAILED TO APPEAR TO PAY BALANCE ON A FINE. PROBATION
  REVOKED. BENCH WARRANT TO BE ISSUED. BAIL IS SET IN THE AMOUNT
  OF $2,500.00
NEXT SCHEDULED EVENT:
MATTER PREV SET/REMAIN ON CLDR


ON 05/15/00 AT  830 AM  IN VAN NUYS COURTHOUSE DIV  101

CASE CALLED FOR PROBATION VIOLATION HEARING
PARTIES: KAREN J. NUDELL (JUDGE) LYNNE GARCIA   (CLERK)
                CHRISTOPHER FEDOROFF  (REP)     KENNETH D. TSO  (CA)
DEFENDANT IS PRESENT IN COURT, AND REPRESENTED BY LISA BRACKELMANNS DEPUTY
```

```
CASE NO. 9PN04073                                    PAGE NO.   7
DEF NO.  01                                          DATE PRINTED 12/21/21
```

   PUBLIC DEFENDER
PROBATION REINSTATED
   PROBATION IS CONTINUED ON THE SAME TERMS AND CONDITIONS WITH THE FOLLOWING
     MODIFICATIONS:
AS TO COUNT  (02):
   ALL FEES DUE FORTHWITH.
DMV ABSTRACT NOT REQUIRED
NEXT SCHEDULED EVENT:
   PROCEEDINGS TERMINATED


ON 05/15/00 AT  900 AM :

   $403.75 DUE FORTHWITH.
PAYMENT IN THE AMOUNT OF $403.75 PAID ON 05/15/00 RECEIPT # LAV220512025
PROCEEDINGS TERMINATED


ON 08/29/00 AT  830 AM  IN VAN NUYS COURTHOUSE DIV  101

CASE CALLED FOR FURTHER PROCEEDINGS
PARTIES: KAREN J. NUDELL (JUDGE) LYNNE GARCIA    (CLERK)
               NONE  (REP)      NONE ()
DEFENDANT IS  NOT PRESENT IN COURT, AND NOT REPRESENTED BY COUNSEL
   PROBATION REVOKED
AS TO COUNT  (02):
DMV ABSTRACT NOT REQUIRED
NEXT SCHEDULED EVENT:
   BENCH/WARRANT TO ISSUE

08/29/00 BENCH WARRANT IN THE AMOUNT OF $5,000.00 BY ORDER OF JUDGE KAREN J.
    NUDELL ISSUED. (08/29/00).


ON 04/30/01 AT  830 AM  IN VAN NUYS COURTHOUSE DIV  101


CASE CALLED FOR PROBATION VIOLATION HEARING
PARTIES: MARTIN WEGMAN (JUDGE) MICHAEL LOPEZ    (CLERK)
               ELLEN ALO  (REP)      KENNETH D. TSO  (CA)
DEFENDANT IS PRESENT IN COURT, AND REPRESENTED BY MARK GILBERT DEPUTY PUBLIC
  DEFENDER
 THE DEFENDANT IS ADVISED OF RIGHTS RE HEARING ON VIOLATION AND WAIVES RIGHTS
TO A REVOCATION HEARING.
 DEFENDANT AND COUNSEL STIPULATE TO VIOLATION OF PROBATION IN OPEN COURT.
COURT FINDS DEFENDANT IN VIOLATION OF PROBATION.
   PROBATION REVOKED
PROBATION REINSTATED
   PROBATION IS CONTINUED ON THE SAME TERMS AND CONDITIONS WITH THE FOLLOWING
     MODIFICATIONS:
AS TO COUNT  (02):
   SERVE ADDITIONAL 003 DAYS IN LOS ANGELES COUNTY JAIL

```
CASE NO. 9PN04073                          PAGE NO.   8
DEF NO.  01                                DATE PRINTED 12/21/21
```

```
     LESS CREDIT FOR ADDITIONAL 003 DAYS
  BALANCE OF FINE CONTINUE TO 05/30/01/ RELEASED #RA280256 ISSUED.
DMV ABSTRACT NOT REQUIRED
NEXT SCHEDULED EVENT:
  05/30/01   900 AM  FINES/FEES   DIST VAN NUYS COURTHOUSE DIV  CLK
```

04/30/01 BENCH WARRANT IN THE AMOUNT OF $5,000.00   RECALLED. (04/30/01).

ON 05/30/01 AT  900 AM  IN VAN NUYS COURTHOUSE DIV  CLK

```
CASE CALLED FOR FINES/FEES
PARTIES: NONE (JUDGE)  NONE  (CLERK)
                 NONE      (REP)  KENNETH D. TSO  ()
DEFENDANT IS  NOT PRESENT IN COURT, AND NOT REPRESENTED BY COUNSEL
  DEFENDANT FAILED TO APPEAR.
NEXT SCHEDULED EVENT:
```

BENCH/WARRANT TO ISSUE

ON 05/31/01 AT  830 AM  IN VAN NUYS COURTHOUSE DIV  101

```
CASE CALLED FOR FINES/FEES
PARTIES: MARTIN WEGMAN (JUDGE)  MICHAEL LOPEZ  (CLERK)
                 ELLEN ALO       (REP)  ROBERT A. ORLICH  (CA)
DEFENDANT IS PRESENT IN COURT, AND NOT REPRESENTED BY COUNSEL
  DEFENDANT APPEARS IN PRO PER
  FINE BALANCE CONTINUE TO 06/29/01
NEXT SCHEDULED EVENT:
  06/29/01   900 AM  FINES/FEES   DIST VAN NUYS COURTHOUSE DIV  CLK
```

ON 05/31/01 AT  900 AM  IN VAN NUYS COURTHOUSE DIV  CLK

```
CASE CALLED FOR FINES/FEES
PARTIES: NONE (JUDGE)  NONE  (CLERK)

                 NONE      (REP)  KENNETH D. TSO  ()
DEFENDANT IS PRESENT IN COURT, AND NOT REPRESENTED BY COUNSEL
  BENCH WARRANT QUASHED. DEFENDANT APPEARED AND PAID $200.00.
  BALANCE OF $112.00 REMAINS DUE, CASE SENT TO COURT.
NEXT SCHEDULED EVENT:
  05/31/01   830 AM  FINES/FEES   DIST VAN NUYS COURTHOUSE DIV  101
```

ON 06/29/01 AT  900 AM  IN VAN NUYS COURTHOUSE DIV  CLK

```
CASE CALLED FOR FINES/FEES
PARTIES: NONE (JUDGE)  NONE  (CLERK)
                 NONE      (REP)  NONE  (DDA)
DEFENDANT IS PRESENT IN COURT, AND NOT REPRESENTED BY COUNSEL
  DEFENDANT APPEARS IN PRO PER
PAYMENT IN THE AMOUNT OF $112.00 PAID ON 06/29/01 RECEIPT # LAV463762081
  FINE PAID IN FULL.
NEXT SCHEDULED EVENT:
```

```
CASE NO. 9PN04073                           PAGE NO.    9
DEF NO.  01                                 DATE PRINTED 12/21/21
```

PROCEEDINGS TERMINATED


ON 08/26/11 AT  530 AM :

BY ORDER OF THE SUPERVISING JUDGE OF CRIMINAL, CASE FILE ORDERED DESTROYED
   PURSUANT TO GOVERNMENT CODE SECTION 68153.


ON 12/12/11 AT  530 AM :

CASE FILE DESTROYED.


ON 09/09/21 AT  800 AM :

   EFFECTIVE JULY 1, 2021, THE ATTORNEY FEES PER PC 987.5 AND
   PC 987.8 ALONG WITH CERTAIN PROBATION ADMINISTRATIVE FEES ARE
   REPEALED BY AB1869. THE UNPAID BALANCES ARE NO LONGER
   ENFORCEABLE OR COLLECTIBLE.

# EXHIBIT C

1        SUPERIOR COURT OF THE STATE OF CALIFORNIA
              FOR THE COUNTY OF LOS ANGELES
2

3   LENORE MILEY, INDIVIDUALLY )
    AND ON BEHALF OF ALL        )
4   OTHERS SIMILARLY SITUATED,  )
                                )
5              Plaintiff,       )
                                )
6         vs.                   ) CASE NO. 20STCV00033
                                )
7   BELKIN INTERNATIONAL,       )
    INC.,                       )
8                               )
              Defendant.        )
9

10

11

12

13

14

15      VIDEOTAPED DEPOSITION OF LENORE MILEY

16            SANTA MONICA, CALIFORNIA

17           THURSDAY, DECEMBER 2, 2021

18

19              (Reported Remotely)

20

21

22

23  REPORTED BY:  TANYA L. VERHOVEN-PAGE,
                  CCR-B-1790
24

25  FILE NO.  203270

1          So how did you decide to buy the Belkin

2   power bank in particular?

3       A    I told you already, they only had two

4   power banks in the store, the whole -- the whole

5   electronics, that's all -- the whole electronics

6   section, that's all they had was two.  Pick one on

7   the shelf.  The only two on the shelf -- on this

8   whole big old rack was only two.  That's the only two

9   that was there.  There was nothing else there.  And I

10  was --

11      Q    Did -- did anybody at the store recommend

12  it to you?

13      A    No.  There was nothing else to -- option

14  -- there were no other options to buy.  There wasn't

15  anything else to buy.  You see, I don't like talking

16  to people when I walk in stores.  I like to just get

17  in and get out, you know.

18          MR. CASH:  Yeah, slow down.

19          THE WITNESS:  I'm sorry.

20  BY MR. EISENBERG:

21      Q    All right.  I think I've got the picture

22  now, but I do want you to answer this question,

23  Ms. Miley, if you can.

24          So tell me -- tell me all the reasons you

25  chose the Belkin power bank that day.

1      A     There was two power banks on the shelf.

2   The whole shelf in the whole electronic system --

3   section, they had nothing else there.  And I chose

4   that one because it gave -- it had more juice in it,

5   more juice than the smaller version.  That's what I

6   was looking for, longer life to keep my phone

7   running.

8              So, you know, carrying around a bunch of

9   battery packs, it gets kind of heavy on your back.

10  You know what I'm saying?  You're walking and on

11  buses and it's an all-day chore.  You don't want to

12  be carrying around, lugging log around a bunch of

13  stuff.  And it's kind of daunting, so I was just

14  looking for something lighter I could carry, instead

15  of like five, so that's why I picked that one.  And

16  they only had two, two to pick from, so.

17      Q     Okay.  And did you read the package

18  before you purchased it?

19      A     Yeah.  There was only two there.  It was

20  quite advertised, what was there.  It was -- kind of

21  checked it out a little bit and, okay, this one looks

22  like it's going to last longer and keep my phone

23  going longer, so I picked the one -- the one I

24  bought.

25              You know, there was only two options I

1      A     No, I did community service.

2      Q     Can you remember any other crimes you
3  were convicted of?

4      A     Driving on a suspended license multiple
5  times.  There was a couple other ones, yeah.  That's
6  about it.  That's it.  That's all I've ever been
7  charged with.

8      Q     So you don't remember -- so you were not
9  convicted of any other crimes?

10     A     No, no.  My -- my rap sheet is not very
11  pretty, but yeah, I can't remember exactly everything
12  I've been charged with.  That was not -- but it was
13  mostly that, drugs and driving on a suspended
14  license, yes, in the past.  One driving on a
15  suspended license, yeah, that's what I did time for.

16     Q     Do you remember being convicted for
17  trespass?

18     A     Oh, yeah, yeah.  That was wrong place,
19  wrong time.

20     Q     Tell me the circumstances of that.

21     A     I was with a friend and we stopped by at
22  another friend's house and -- where they stay and
23  they didn't -- we didn't know that the person was not
24  supposed to be there.  So I served eight hours in
25  jail and got released and -- yeah, that's about it.

1          (Thereupon, the deposition was

2      concluded at approximately 2:25 p.m.)

3

4

5

6

7                                    _____

8                              LENORE MILEY

9

10

11   Subscribed and sworn to before me

12   this_____ day of_____, 2021.

13   _____

14

15

16

17

18

19

20

21

22

23

24

25

```
 1                 C E R T I F I C A T E

 2

 3   STATE OF CALIFORNIA:

 4   LOS ANGELES COUNTY:

 5

 6           I hereby certify that the foregoing

 7       deposition was reported, as stated in the

 8       caption, and the questions and answers

 9       thereto were reduced to written page

10       under my direction, that the preceding

11       pages represent a true and correct

12       transcript of the evidence given by said

13       witness.

14           I further certify that I am not of

15       kin or counsel to the parties in the

16       case, am not in the regular employ of

17       counsel for any of said parties, nor am I

18       in any way financially interested in the

19       result of said case.

20           Dated this 14th day of December,

21       2021.

22

23       _____
         Tanya L. Verhoven-Page,
24       Certified Court Reporter,
         B-1790.
25
```

*Tanya L. Verhoven-Page*

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

     I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Sullivan & Triggs LLP, 1230 Montana Avenue, Suite 201, Santa Monica, California 90403.

     On **January 3, 2022**, I served the foregoing document described as: **DEFENDANT BELKIN INTERNATIONAL, INC.'S STATUS CONFERENCE STATEMENT** on the interested parties in this action as follows:

  X  **By ELECTRONIC SERVICE** (I electronically served a true and correct copy of the foregoing document using the CASE ANYWHERE System which will send notification of such submission to counsel of record indicated on the attached service list.)

\_\_\_\_  **By PERSONAL SERVICE**

    \_\_\_\_  by personally delivering such envelope to the addressee.

    \_\_\_\_  by causing such envelope to be delivered by messenger to the office of the addressee.

\_\_\_\_  **By UNITED STATES MAIL** (I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.)

\_\_\_\_  **By OVERNIGHT DELIVERY** (by causing such envelope to be delivered to the office of the addressee by overnight delivery via Federal Express or by other similar overnight delivery service.)

  X  (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

\_\_\_\_  (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

     Executed on **January 3, 2022**, at Santa Monica, California.

_____
    Yeva Papayan Yeganyan            *Yeva Papayan Yeganyan*
Name                        Signature

1

## SERVICE LIST

2

| | |
|---|---|
| Nathan M. Smith (Ca. Bar No. 255212)<br>Nona Yegazarian (Ca. Bar No. 316458)<br>**BROWN NERI SMITH & KHAN LLP**<br>11601 Wilshire Boulevard, Suite 2080<br>Los Angeles, California 90025<br>Phone: 310-593-9890<br>Fax: 310-593-9980<br>Email: nate@bnsklaw.com<br>Email: nona@bnsklaw.com<br><br>D. Greg Blankinship<br>**FINKELSTEIN, BLANKINSHIP,**<br>   **FREI-PEARSON & GARBER, LLP**<br>445 Hamilton Ave, Suite 605<br>White Plains, NY 10601<br>Phone: 914-298-3290<br>Email: gblankinship@fbfglaw.com<br><br>William F. Cash<br>Matthew D. Schultz<br>Brenton J. Goodman<br>**LEVIN, PAPANTONIO, THOMAS,**<br>   **MITCHELL, RAFFERTY & PROCTOR,**<br>**P.A.**<br>316 South Baylen Street, Suite 600<br>Pensacola, FL 32502<br>Phone: 850-435-7059<br>Fax: 850-435-7020<br>Email: bcash@levinlaw.com<br>Email: mschultz@levinlaw.com<br>Email: bgoodman@levinlaw.com | Attorneys for Plaintiff Lenore Miley |

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SHELDON EISENBERG (SBN 100626)
seisenberg@sullivantriggs.com
GILLIAN KUHLMANN (SBN 316241)
gkuhlmann@sullivantriggs.com
NAIRI SHIRINIAN (SBN 335909)
nshirinian@sullivantriggs.com
Sullivan & Triggs, LLP
1230 Montana Avenue, Suite 201
Santa Monica, California 90403
Telephone:    (310) 451-8300
Facsimile:    (310) 451-8303

Attorneys for Defendant
BELKIN INTERNATIONAL, INC.

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| LENORE MILEY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BELKIN INTERNATIONAL, INC.,<br><br>Defendant. | Case No. 20STCV00033<br><br>**ANSWER TO COMPLAINT**<br><br>Judge:    Hon. Carolyn B. Kuhl<br>Dept.:    12<br><br>Complaint Filed:  January 2, 2020 |

\ \ \

\ \ \

\ \ \

ANSWER TO COMPLAINT
Case No. 20STCV00033

SULLIVAN &
TRIGGS, LLP
Attorneys at Law
Santa Monica

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

Defendant, Belkin International Inc., hereby answers the Complaint filed by Plaintiff Lenore Miley pursuant to California Code of Civil Procedure section 431.30, as follows:

## GENERAL DENIAL

1.     Pursuant to California Code of Civil Procedure § 431.30(d), Defendant Belkin International, Inc. generally and specifically denies each and every allegation contained in Plaintiff Lenore Miley's Complaint. Defendant further denies that Plaintiff has suffered any injury or damages in any manner or amount, whatsoever, or at all, and consequently denies that Plaintiff is entitled to any of the relief sought by way of her Complaint. Defendant further denies that Plaintiff has sustained or will sustain injuries or damages by reason of any act or omission on the part of Defendant.

## AFFIRMATIVE DEFENSES

2.     Defendant alleges the following separate and additional affirmative defenses to the Complaint. All such defenses are pleaded in the alternative and do not constitute an admission of liability or that Plaintiff is entitled to any relief.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action)

3.     Plaintiff is barred from relief under the Complaint to the extent that each purported cause of action, claim, violation, and/or breach asserted therein fails to state facts sufficient to constitute a cause of action against Defendant.

## SECOND AFFIRMATIVE DEFENSE

### (Lack of Standing)

4.     Plaintiff lacks standing to bring any of the causes of action asserted in the Complaint to the extent that she did not suffer any injury or damage as a result of Defendant's representations or conduct, and she did not actually rely on any representations made by Defendant.

\ \ \

\ \ \

\ \ \

ANSWER TO COMPLAINT

Case No. 20STCV00033

SULLIVAN &
TRIGGS, LLP
Attorneys at Law
Santa Monica

### THIRD AFFIRMATIVE DEFENSE

### (No Damages)

5.     Plaintiff has not suffered any cognizable injury, harm, or damages as a result of any act, conduct, or omission by Defendant.

### FOURTH AFFIRMATIVE DEFENSE

### (Laches)

6.     Plaintiff is barred from relief to the extent that the cause of action alleged in the Complaint is barred in whole or in part by the doctrine of laches, which equitably prevents a party from unreasonably delaying the pursuit of a claim. Plaintiff delayed for an unreasonable time in asserting her purported claims, and Plaintiff's unreasonable delay in bringing this lawsuit is unfairly prejudicial to Defendant. As such, Plaintiff's claims should be equitably barred.

### FIFTH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

7.     Plaintiff's Complaint is barred, in whole or in part, on the ground that Plaintiff would be unjustly enriched if she were granted the relief sought.

### SIXTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

8.     Plaintiff is barred from relief to the extent that the Complaint, and each purported cause of action, claim, and/or breach asserted therein is barred by such statutory and contractual limitations periods as may be applicable.

### SEVENTH AFFIRMATIVE DEFENSE

### (Estoppel)

9.     Plaintiff is barred from relief to the extent that each purported cause of action in the Complaint is barred in whole or in part by the doctrine of estoppel.

\ \ \

\ \ \

\ \ \

ANSWER TO COMPLAINT
Case No. 20STCV00033

SULLIVAN &
TRIGGS, LLP
Attorneys at Law
Santa Monica

### EIGHTH AFFIRMATIVE DEFENSE

**(Speculative Damages)**

10.     Plaintiff is barred from relief because the damages alleged in the Complaint are too speculative to give rise to any of the causes of action alleged in the Complaint.

### NINTH AFFIRMATIVE DEFENSE

**(Waiver)**

11.     Plaintiff is barred from relief under the Complaint to the extent that each purported cause of action and/or breach asserted therein is barred by the doctrine of waver in that Plaintiff had knowledge, either actual or constructive, of her rights and either had an actual intention to relinquish such rights or engaged in acts, conduct, or omissions so inconsistent with such rights so as to induce a reasonable belief on the part of Defendant that such rights had been waived, relinquished, and/or abandoned.

### TENTH AFFIRMATIVE DEFENSE

**(Failure to Mitigate)**

12.     To the extent Plaintiff has suffered any loss, injury, or damage, Plaintiff has directly and proximately contributed to such purported loss, injury, or damage by failing to act in such a way as to mitigate, minimize, or avoid such purported loss, injury, or damage.

### ELEVENTH AFFIRMATIVE DEFENSE

**(No Punitive Damages)**

13.     The Complaint is barred, in whole or in part, because Plaintiff has failed to state a claim against Defendant that would allow for an award of punitive damages, because no act or omission by Defendant was malicious, willful, wanton, reckless, or grossly negligent. Further, an award of punitive damages, if granted, would violate Defendant's state and federal constitutional rights.

### TWELFTH AFFIRMATIVE DEFENSE

**(Failure to Provide Notice)**

14.     The Complaint is barred to the extent that Plaintiff failed to provide requisite notice to Defendant of the purported CLRA violations by certified or registered mail 30 days or more before filing an action for damages, pursuant to California Civil Code § 1782.

\ \ \

SULLIVAN &
TRIGGS, LLP
Attorneys at Law
Santa Monica

ANSWER TO COMPLAINT
Case No. 20STCV00033

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Consent)

15.     Plaintiff is barred from any recovery because Plaintiff willingly and voluntarily consented, expressly or impliedly, after full and complete disclosure by Defendant of all relevant and material facts, to purchase the product at issue.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Reservation of Rights)

16.     Defendant presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated affirmative defenses available. Defendant reserves the right to assert additional defenses in the event that discovery indicates it would be appropriate.

## PRAYER FOR RELIEF

**WHEREFORE**, Defendant prays for relief as follows:

1.  That judgment be entered against Plaintiff;

2.  That judgment be entered in favor of Defendant;

3.  That the Complaint be dismissed with prejudice;

4.  For costs of suit herein and attorneys' fees to the extent permitted by law, contract, or otherwise; and

5.  For such other and further relief as the Court may deem proper and just.


Dated:  March 23, 2022                    Respectfully submitted,

                                          SULLIVAN & TRIGGS, LLP

                          By:

                                          Sheldon Eisenberg
                                          Gillian Kuhlmann
                                          Nairi Shirinian

                                          *Attorneys for Defendant*
                                          *BELKIN INTERNATIONAL, INC.*

ANSWER TO COMPLAINT
Case No. 20STCV00033

SULLIVAN &
TRIGGS, LLP
Attorneys at Law
Santa Monica

## **PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

      I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is Sullivan & Triggs LLP, 1230 Montana Avenue, Suite 201, Santa Monica, California 90403.

      On **March 23, 2022**, I served the foregoing document described as: **ANSWER TO COMPLAINT** on the interested parties in this action as follows:

  X    **By ELECTRONIC SERVICE** (I electronically served a true and correct copy of the foregoing document using the CASE ANYWHERE System which will send notification of such submission to counsel of record indicated on the attached service list.)

\_\_\_\_    **By PERSONAL SERVICE**

    \_\_\_\_    by personally delivering such envelope to the addressee.

    \_\_\_\_    by causing such envelope to be delivered by messenger to the office of the addressee.

\_\_\_\_    **By UNITED STATES MAIL** (I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.)

\_\_\_\_    **By OVERNIGHT DELIVERY** (by causing such envelope to be delivered to the office of the addressee by overnight delivery via Federal Express or by other similar overnight delivery service.)

  X    (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

\_\_\_\_    (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

      Executed on **March 23, 2022**, at Santa Monica, California.

_____Yeva Papayan Yeganyan_____        *Yeva Papayan Yeganyan*
Name                              Signature

SULLIVAN & TRIGGS, LLP
Attorneys at Law
Santa Monica

ANSWER TO COMPLAINT
Case No. 20STCV00033

1

## SERVICE LIST

2

| | |
|---|---|
| Nathan M. Smith (Ca. Bar No. 255212)<br>Nona Yegazarian (Ca. Bar No. 316458)<br>**BROWN NERI SMITH & KHAN LLP**<br>11601 Wilshire Boulevard, Suite 2080<br>Los Angeles, California 90025<br>Phone: 310-593-9890<br>Fax: 310-593-9980<br>Email: nate@bnsklaw.com<br>Email: nona@bnsklaw.com<br><br>D. Greg Blankinship<br>**FINKELSTEIN, BLANKINSHIP,**<br>   **FREI-PEARSON & GARBER, LLP**<br>445 Hamilton Ave, Suite 605<br>White Plains, NY 10601<br>Phone: 914-298-3290<br>Email: gblankinship@fbfglaw.com<br><br>William F. Cash<br>Matthew D. Schultz<br>Brenton J. Goodman<br>**LEVIN, PAPANTONIO, THOMAS,**<br>   **MITCHELL, RAFFERTY & PROCTOR,**<br>**P.A.**<br>316 South Baylen Street, Suite 600<br>Pensacola, FL 32502<br>Phone: 850-435-7059<br>Fax: 850-435-7020<br>Email: bcash@levinlaw.com<br>Email: mschultz@levinlaw.com<br>Email: bgoodman@levinlaw.com | Attorneys for Plaintiff Lenore Miley |

ANSWER TO COMPLAINT
Case No. 20STCV00033

SHELDON EISENBERG (SBN 100626)
seisenberg@sullivantriggs.com
COURTNEY ELGART (SBN 344360)
celgart@sullivantriggs.com
NAIRI SHIRINIAN (SBN 335909)
nshirinian@sullivantriggs.com
Sullivan & Triggs, LLP
1230 Montana Avenue, Suite 201
Santa Monica, California 90403
Telephone:    (310) 451-8300
Facsimile:    (310) 451-8303

Attorneys for Defendant
BELKIN INTERNATIONAL, INC.

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF LOS ANGELES**

**CENTRAL JUDICIAL DISTRICT**

| | |
|---|---|
| LENORE MILEY, individually and on behalf of all others similarly situated,<br><br>                              Plaintiff,<br><br>        v.<br><br>BELKIN INTERNATIONAL, INC.,<br><br>                              Defendant. | Case No.: 20STCV00033<br><br>ASSIGNED FOR ALL PURPOSES TO HON. CAROLYN B. KUHL, DEPT.:12<br><br>**DECLARATION OF NAIRI SHIRINIAN IN SUPPORT OF DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR RELIEF UNDER CODE OF CIV. PROC. § 473(b)**<br><br>[*Filed concurrently herewith: Opposition and Memorandum of Points of Authorities*]<br><br>Complaint Filed:  January 2, 2020<br><br>Hearing Date: July 18, 2022<br>Hearing Time: 1:45 |

\ \ \

\ \ \

\ \ \

SULLIVAN & TRIGGS, LLP
Attorneys at Law
Santa Monica

DECL. OF N. SHIRINIAN IN SUPPORT OF DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR RELIEF UNDER CODE OF CIV. PROC. § 473(b) - Case No. 20STCV00033

I, Nairi Shirinian, declare:

1. I am an attorney of record for the Defendant Belkin International, Inc. in this action and am duly licensed to practice in this State of California. I am an associate at the law firm of Sullivan & Triggs, LLP. I respectfully submit this declaration in support of Defendant's opposition to Plaintiff's motion for relief under Code Civ. Proc. § 473(b). The following is based upon personal knowledge and if called as a witness, I could and would testify competently thereto.

2. Plaintiff propounded its first sets of Special Interrogatories, Requests for Admission, and Requests for Production on December 4, 2020. Plaintiff then propounded amended Requests for Admission, Requests for Production, and Special Interrogatories on December 11, 2020.

3. Defendant responded to Plaintiff's Special Interrogatories, Requests for Admission, and Requests for Production on January 27, 2021. Defendant later amended its Special Interrogatory responses on May 24, 2021.

4. Defendant began producing documents in January 2021, making a total of three productions on January 29, 2021, April 21, 2021, and April 30, 2021.

5. At no point did the parties discuss or agree on an extension of Plaintiff's deadline to move to compel on her written discovery requests.

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this 30th day of June 2022, at Glendale, California.

_____
Nairi Shirinian

DECL. OF N. SHIRINIAN IN SUPPORT OF DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR RELIEF UNDER CODE OF CIV. PROC. § 473(b) - Case No. 20STCV00033

SULLIVAN &
TRIGGS, LLP
Attorneys at Law
Santa Monica

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Sullivan & Triggs LLP, 1230 Montana Avenue, Suite 201, Santa Monica, California 90403.

On **June 30, 2022**, I served the foregoing document described as: **DECLARATION OF NAIRI SHIRINIAN IN SUPPORT OF DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR RELIEF UNDER CODE OF CIV. PROC. § 473(b)** on the interested parties in this action as follows:

__X__ **By ELECTRONIC SERVICE** (I electronically served a true and correct copy of the foregoing document using the CASE ANYWHERE System which will send notification of such submission to counsel of record indicated on the attached service list.)

_____ **By PERSONAL SERVICE**

    _____ by personally delivering such envelope to the addressee.

    _____ by causing such envelope to be delivered by messenger to the office of the addressee.

_____ **By UNITED STATES MAIL** (I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.)

_____ **By OVERNIGHT DELIVERY** (by causing such envelope to be delivered to the office of the addressee by overnight delivery via Federal Express or by other similar overnight delivery service.)

__X__ (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_____ (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on **June 30, 2022**, at Santa Monica, California.

_____    _____
    Shella Anderson
Name                          Signature

SULLIVAN &
TRIGGS, LLP
Attorneys at Law
Santa Monica

3
DECL. OF N. SHIRINIAN IN SUPPORT OF DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR RELIEF
UNDER CODE OF CIV. PROC. § 473(b) - Case No. 20STCV00033

Service List

| Nathan M. Smith (Ca. Bar No. 255212)<br>Nona Yegazarian (Ca. Bar No. 316458)<br>**BROWN NERI SMITH & KHAN LLP**<br>11601 Wilshire Boulevard, Suite 2080<br>Los Angeles, California 90025<br>Phone: 310-593-9890<br>Fax: 310-593-9980<br>Email: nate@bnsklaw.com<br>Email: nona@bnsklaw.com<br><br>D. Greg Blankinship<br>**FINKELSTEIN, BLANKINSHIP,<br>    FREI-PEARSON & GARBER, LLP**<br>445 Hamilton Ave, Suite 605<br>White Plains, NY 10601<br>Phone: 914-298-3290<br>Email: gblankinship@fbfglaw.com<br><br>William F. Cash<br>Matthew D. Schultz<br>Brenton J. Goodman<br>**LEVIN, PAPANTONIO, THOMAS,<br>    MITCHELL, RAFFERTY &<br>PROCTOR, P.A.**<br>316 South Baylen Street, Suite 600<br>Pensacola, FL 32502<br>Phone: 850-435-7059<br>Fax: 850-435-7020<br>Email: bcash@levinlaw.com<br>Email: mschultz@levinlaw.com<br>Email: bgoodman@levinlaw.com | Attorneys for Plaintiff Lenore Miley |

SULLIVAN &
TRIGGS, LLP
Attorneys at Law
Santa Monica

DECL. OF N. SHIRINIAN IN SUPPORT OF DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR RELIEF
UNDER CODE OF CIV. PROC. § 473(b) - Case No. 20STCV00033

SHELDON EISENBERG (SBN 100626)
seisenberg@sullivantriggs.com
COURTNEY ELGART (SBN 344360)
celgart@sullivantriggs.com
NAIRI SHIRINIAN (SBN 335909)
nshirinian@sullivantriggs.com
Sullivan & Triggs, LLP
1230 Montana Avenue, Suite 201
Santa Monica, California 90403
Telephone:     (310) 451-8300
Facsimile:      (310) 451-8303

Attorneys for Defendant
BELKIN INTERNATIONAL, INC.

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF LOS ANGELES**

**CENTRAL JUDICIAL DISTRICT**

| | |
|---|---|
| LENORE MILEY, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> BELKIN INTERNATIONAL, INC., <br><br> Defendant. | Case No.: 20STCV00033 <br><br> ASSIGNED FOR ALL PURPOSES TO HON. CAROLYN B. KUHL, DEPT.:12 <br><br> **DEFENDANT BELKIN INTERNATIONAL, INC.'S OPPOSITION TO PLAINTIFF'S RENEWED MOTION TO COMPEL DISCOVERY** <br><br> Complaint Filed:  January 2, 2020 <br><br> Hearing Date: July 18, 2022 <br> Hearing Time: 1:45 |

\ \ \

\ \ \

\ \ \

1

SULLIVAN &
TRIGGS, LLP
Attorneys at Law
Santa Monica

DEFENDANT BELKIN'S OPPOSITION TO PLAINTIFF'S RENEWED MOTION TO COMPEL DISCOVERY
Case No. 20STCV00033

Plaintiff's Renewed Motion to Compel should be denied for the reasons set forth in Defendant's concurrently filed Opposition to Plaintiff's Motion for Relief pursuant to Cal. Code of Civil Procedure § 473(b).

Date:  June 30, 2022

Respectfully submitted,
SULLIVAN & TRIGGS, LLP

By: _____

Sheldon Eisenberg
Courtney Elgart
Nairi Shirinian

Attorneys for Defendant
BELKIN INTERNATIONAL, INC.

SULLIVAN &
TRIGGS, LLP
Attorneys at Law
Santa Monica

2
DEFENDANT BELKIN'S OPPOSITION TO PLAINTIFF'S RENEWED MOTION TO COMPEL DISCOVERY
Case No. 20STCV00033

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

     I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is Sullivan & Triggs LLP, 1230 Montana Avenue, Suite 201, Santa Monica, California 90403.

     On **June 30, 2022**, I served the foregoing document described as: **DEFENDANT BELKIN INTERNATIONAL, INC.'S OPPOSITION TO PLAINTIFF'S RENEWED MOTION TO COMPEL DISCOVERY** on the interested parties in this action as follows:

  X  **By ELECTRONIC SERVICE** (I electronically served a true and correct copy of the foregoing document using the CASE ANYWHERE System which will send notification of such submission to counsel of record indicated on the attached service list.)

\_\_\_\_\_  **By PERSONAL SERVICE**

    \_\_\_\_\_  by personally delivering such envelope to the addressee.

    \_\_\_\_\_  by causing such envelope to be delivered by messenger to the office of the addressee.

\_\_\_\_\_  **By UNITED STATES MAIL** (I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.)

\_\_\_\_\_  **By OVERNIGHT DELIVERY** (by causing such envelope to be delivered to the office of the addressee by overnight delivery via Federal Express or by other similar overnight delivery service.)

  X  (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

\_\_\_\_\_  (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

     Executed on **June 30, 2022**, at Santa Monica, California.

_____ Shella Anderson _____      _____
Name                          Signature

SULLIVAN & TRIGGS, LLP
Attorneys at Law
Santa Monica

DEFENDANT BELKIN'S OPPOSITION TO PLAINTIFF'S RENEWED MOTION TO COMPEL DISCOVERY
Case No. 20STCV00033

Service List

| | Attorneys for Plaintiff Lenore Miley |
|---|---|
| Nathan M. Smith (Ca. Bar No. 255212)<br>Nona Yegazarian (Ca. Bar No. 316458)<br>**BROWN NERI SMITH & KHAN LLP**<br>11601 Wilshire Boulevard, Suite 2080<br>Los Angeles, California 90025<br>Phone: 310-593-9890<br>Fax: 310-593-9980<br>Email: nate@bnsklaw.com<br>Email: nona@bnsklaw.com<br><br>D. Greg Blankinship<br>**FINKELSTEIN, BLANKINSHIP,**<br>    **FREI-PEARSON & GARBER, LLP**<br>445 Hamilton Ave, Suite 605<br>White Plains, NY 10601<br>Phone: 914-298-3290<br>Email: gblankinship@fbfglaw.com<br><br>William F. Cash<br>Matthew D. Schultz<br>Brenton J. Goodman<br>**LEVIN, PAPANTONIO, THOMAS,**<br>    **MITCHELL, RAFFERTY &**<br>**PROCTOR, P.A.**<br>316 South Baylen Street, Suite 600<br>Pensacola, FL 32502<br>Phone: 850-435-7059<br>Fax: 850-435-7020<br>Email: bcash@levinlaw.com<br>Email: mschultz@levinlaw.com<br>Email: bgoodman@levinlaw.com | |

SHELDON EISENBERG (SBN 100626)
seisenberg@sullivantriggs.com
COURTNEY ELGART (SBN 344360)
celgart@sullivantriggs.com
NAIRI SHIRINIAN (SBN 335909)
nshirinian@sullivantriggs.com
Sullivan & Triggs, LLP
1230 Montana Avenue, Suite 201
Santa Monica, California 90403
Telephone:     (310) 451-8300
Facsimile:     (310) 451-8303

Attorneys for Defendant
BELKIN INTERNATIONAL, INC.

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES

### CENTRAL JUDICIAL DISTRICT

| | |
|---|---|
| LENORE MILEY, individually and on behalf of all others similarly situated, | Case No.: 20STCV00033 |
| Plaintiff, | ASSIGNED FOR ALL PURPOSES TO HON. CAROLYN B. KUHL, DEPT.:12 |
| v. | **DEFENDANT BELKIN INTERNATIONAL, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR RELIEF UNDER CODE OF CIV. PROC. § 473(b); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| BELKIN INTERNATIONAL, INC., | |
| Defendant. | |
| | *[Filed concurrently herewith: Declaration of Nairi Shirinian]* |
| | Complaint Filed:  January 2, 2020 |
| | Hearing Date: July 18, 2022 Hearing Time: 1:45 |

\ \ \

\ \ \

\ \ \

1

SULLIVAN &
TRIGGS, LLP
Attorneys at Law
Santa Monica

**TO THE COURT AND ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:**

Defendant Belkin International, Inc. ("Defendant"), hereby opposes the motion of Plaintiff Lenore Miley ("Plaintiff") for an order granting relief from Plaintiff's waiver of the right to compel discovery found in the Court's April 27, 2022 Minute Order pursuant to Code of Civ. Proc. § 473(b).

This Opposition is based upon the complete files and records in this action, the following Memorandum of Points and Authorities, the Declaration of Nairi Shirinian, and any documentary and/or oral evidence as may be presented at the time of the hearing of the Motion.

Date: June 30, 2022

Respectfully submitted,
SULLIVAN & TRIGGS, LLP

By: _____
Sheldon Eisenberg
Courtney Elgart
Nairi Shirinian

Attorneys for Defendant
BELKIN INTERNATIONAL, INC.

SULLIVAN &
TRIGGS, LLP
Attorneys at Law
Santa Monica

<div align="center">**MEMORANDUM OF POINTS AND AUTHORITIES**</div>

## I.  Introduction

Plaintiff Lenore Miley's motion for relief under California Code of Civil Procedure section 473(b) ("Section 473") from her failure to timely move to compel further responses to discovery fails as a matter of law. "C.C.P. 473(b) relief is not available for failure to meet mandatory deadlines deemed jurisdictional in nature. (*Maynard v. Brandon* (2005) 36 C.4th 364, 372, 30 C.R.3d 558, 114 P.3d 795, 1 Cal. Proc. (6th), Attorneys, § 249.)." 8 Witkin, Cal. Proc. 6th Attack § 151 (2022). Moreover, even if such relief were available, Plaintiff has failed to submit any facts demonstrating the type of excusable neglect that would warrant relief under section 437(b). As a result, Plaintiff's motion should be denied, and there is no need to address the concurrently filed "renewed" motion to compel discovery that the Court already denied in its April 27, 2022 order.

## II.  Plaintiff if not entitled to relief under CCP section 473(b) because the statute does not afford relief from jurisdictional deadlines.

It is well established that Section 473 does not offer relief from mandatory deadlines deemed jurisdictional in nature. *Maynard v. Brandon*, 36 Cal. 4th 364, 372-73 (2005). As explained in *Maynard*, this is because a mandatory deadline deprives a court of jurisdiction to consider action "taken subsequent to the expiration of the statutory period." *Id.*; *Alliance for Protection of Auburn Comm. Environment v. County of Placer*, 215 Cal. App. 4th 25, 31 (2013); *see also Van Gaalen v. Superior Court*, 80 Cal. App. 3d 371, 378 (1978) (explaining that "jurisdictional" in the context of relief under Section 473 means that the trial court is without power to entertain an untimely motion).

This principle is the logical consequence of the existence of deadlines deemed by the Legislature to be mandatory or "jurisdictional." As the Court of Appeal in *Alliance for Protection of Auburn Comm. Environment* explained in the context of the deadline for taking an appeal: "[t]he requirement as to the time for taking an appeal is mandatory, and the court is without jurisdiction to consider one which has been taken subsequent to the expiration of the statutory period. In the absence of statutory authorization, neither the trial nor appellate courts may extend or shorten the time for appeal, even to relieve against mistake, inadvertence, accident, or misfortune." 215 Cal. App. 4th at 31 (internal quotations and citations omitted). Simply put, if Section 473(b) could be used to evade the consequence of missing a mandatory

<div align="center">3</div>

SULLIVAN &
TRIGGS, LLP
Attorneys at Law
Santa Monica

DEF BELKIN'S OPP TO PLAINTIFF'S MTN FOR RELIEF UNDER CODE OF CIV. PROC. § 473(b);
MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT THEREOF - Case No. 20STCV00033

deadline, the deadline would not actually be mandatory and any legislative edict to that effect would lose its meaning.

A motion to compel further responses to requests for admission, requests for production, and/or interrogatories therefore must be made within 45 days after service of the verified responses or supplemental responses in question. Cal. Code Civ. Proc. §§ 2033.290; 2031.310; 2030.300; *See Sperber v. Robinson*, 26 Cal. App. 4th 736, 745-46 (1994) (motion to compel production of documents properly denied as untimely because notice was not made within 45 days of responses). As the Court recently found, the 45-day deadline to file a motion to compel is "mandatory and jurisdictional." *See Sexton v. Superior Court*, 58 Cal. App. 4th 1403, 1409-10 (1997) ("[W]e conclude that the time within which to make a motion to compel production of documents is mandatory and jurisdictional just as it is for motions to compel further answers to interrogatories."); April 27, 2022 Minute Order ("Order") at 4.

Plaintiff erroneously argues without support that courts nonetheless have the authority to grant relief from motion to compel deadlines. Because there is no textual statutory basis for extension of those deadlines by court order, the Court in *Sexton* properly concluded that the 45-day limit is jurisdictional. And there are no cases holding jurisdictional deadlines in the discovery context are an exception to the limitations on the availability of relief under Section 473(b). As a result, Section 473(b) affords Miley no relief in this circumstance and her motion should be denied as a matter of law.

### III. Even if Section 473(b) relief were available, Plaintiff has failed to demonstrate the requisite excusable neglect.

A party seeking discretionary relief from a court order pursuant to section 473(b) bears the burden of demonstrating excusable neglect. Cal. Code of Civ. Proc. § 473(b); *Luri v. Greenwald*, 107 Cal. App. 4th 1119, 1128 (2003). "The test of whether neglect [is] excusable is whether a reasonably prudent person under the same or similar circumstances might have made the same error." *Luri*, 107 Cal. App. 4th at 1128 (internal quotations and citations omitted). Conduct falling below the professional standard of care, such as failing to object in a timely manner or failing to discover a fact until it is too late, is not excusable neglect. *See Ambrose v. Michelin N. Am., Inc.*, 134 Cal. App. 4th 1350, 1354 (2005); *Barragan v. County of Los Angeles*, 184 Cal. App. 4th 1373, 1383 (2010); *see also Younessi v. Woolf*, 244 Cal. App. 4th 1137, 1146–47 (2016) ("[A]n attorney acting within his or her professional capacity ... may not

4

DEF BELKIN'S OPP TO PLAINTIFF'S MTN FOR RELIEF UNDER CODE OF CIV. PROC. § 473(b);
MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT THEREOF - Case No. 20STCV00033

be excused by section 473 from errors occurring during the discharge of strictly professional duties. The inadvertence contemplated by the statute does not mean mere inadvertence in the abstract. If it is wholly inexcusable it does not justify relief." (internal quotations and citations omitted)).

Plaintiff argues that her counsel's neglect with regard to the 45-day motion to compel deadline was "excusable" for two reasons: (1) "reasonable minds could differ" as to when the 45-day clock began to run, Mot. at 15, and (2) Plaintiff could not have moved to compel within the 45-day time period, Mot. at 15. Neither assertion is correct and neither supports Plaintiff's contention that missing the deadline was excusable neglect.

A. <u>The 45-day statutory deadline to move to compel is not one on which reasonable minds could differ.</u>

Plaintiff's counsel's mistake as to the 45-day deadline does not concern an issue of law on which reasonable minds could differ. Far from being "complex and debatable" as Plaintiff's motion suggests, the statute is unambiguous: notice of a motion to compel must be given within 45 days of the service of the verified response, or any supplemental verified response. CCP § 2031.310.

Moreover, the supposedly "unusual procedural history" of the case, including the bifurcation of discovery, adds no uncertainty to the applicability of the clear statutory deadline. Belkin served verified responses to Plaintiff's Requests for Admission, Requests for Production, and Special Interrogatories on January 27, 2021, and amended verified responses to Special Interrogatories on May 24, 2021. Declaration of Nairi Shirinian ("Shirinian Decl.") ¶ 3. Therefore, in no uncertain terms, the 45-day clock began to run on the Requests for Admission and the Requests for Production on January 27, 2021, and on the Special Interrogatories on May 24, 2021. The Court already made this clear in her April 27 Order denying Plaintiff's motion to compel. Order at 3-4.

Therefore, even if the bifurcation order entered on October 1, 2021, had addressed the topic of Belkin's supposedly inadequate discovery responses, discovery was bifurcated over *seven months* after Plaintiff's deadline expired as to the Requests for Admission and Requests for Production, and over *three months* after the deadline expired as to the Special Interrogatories.

Plaintiff seemingly attempts to shift the blame for her missing this deadline to the Court and to Defendant. Declaration of William Cash ¶¶ 4, 6. Plaintiff argues that the Court's purported lack of clarity

5

SULLIVAN & TRIGGS, LLP
Attorneys at Law
Santa Monica

on when the 45-day period began to run (and Belkin's failure to mention the rule to Plaintiff's counsel) shows that Plaintiff's own failure to realize the 45-day clock had begun to run was "reasonable." This approach is unavailing. First and foremost, it is not the Court's or Defendant's responsibility to keep track of Plaintiff's critical deadlines. *Gonzalez v. County of Los Angeles*, 122 Cal. App. 4th 1124, 1130-31 (2004) ("[I]t is a plaintiff's duty, rather than the trial court's, to keep track of critical dates." (internal quotations omitted)); *Jordan v. Superstar Sandcars*, 182 Cal. App. 4th 1416, 1422 (2010) (finding it is plaintiff's obligation to monitor and keep track of relevant dates). The same principle holds in the Section 473(b) context:

> "'[Courts] do not act as guardians for incompetent parties or parties who are grossly careless as to their own affairs. There must be rules and regulations by which rights are determined and under which judgments become final.'" This is a rule of necessity, for "'[w]hen inexcusable neglect is condoned even tacitly by the courts, they themselves unwittingly become instruments undermining the orderly process of the law.'"

*Hopkins & Carley v. Gens*, 200 Cal. App. 4th 1401, 1415 (2011) (internal citations omitted).

Second, Plaintiff's odd suggestion that the Court was unclear on when the clock began to run (Mot. at 4, 15-16, fn. 8) is completely unfounded. The April 27 Order states that "[a] party moving to compel further discovery responses must file her motion to compel within 45 days of the service of the opposing party's verified responses." Order at 3. The Court also made clear in its April 27 Order that the Court's January 10, 2022 Minute Order granting Plaintiff permission to file her motion to compel in no way extended the 45-day deadline or constituted a ruling on the validity of Plaintiff's motion. Order at 4. Further, that Belkin raised the deadline only in opposition to the motion to compel is irrelevant. Belkin, too, has no obligation to warn its adversary of impending deadlines.

Plaintiff would also not be entitled to relief under Section 473(b) because she has not offered any admissible evidence establishing the minimal diligence required to obtain such relief. In this context of untimely action, that evidentiary showing would require at least some evidence that Plaintiff's counsel made an effort to ascertain and stay abreast of discovery deadlines or at least moved quickly to remedy its default. *Younessi*, 244 Cal. App. 4th at 1145 (denying relief under Section 473(b) on the grounds that moving papers did not provide a reason, or any supporting evidence thereof, for the delay at issue). Yet, the only evidence submitted in support of Plaintiff's Motion, the Declaration of William Cash, is

SULLIVAN & TRIGGS, LLP
Attorneys at Law
Santa Monica

DEF BELKIN'S OPP TO PLAINTIFF'S MTN FOR RELIEF UNDER CODE OF CIV. PROC. § 473(b);
MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT THEREOF - Case No. 20STCV00033

completely silent on Plaintiff's counsel's diligence in tracking deadlines or seeking to remedy their default. Instead, in paragraphs 4 and 6 of that Declaration, Mr. Cash only points fingers at the Court and Belkin's counsel—essentially for either not being certain of the deadline or not telling him about the deadline. Declaration of William Cash ¶¶ 4, 6. The suggestion about the Court's purported lack of clarity merits no further response. And while defense counsel would not have had any obligation to respond, Plaintiff does not even present proof that her counsel ever even made any inquiry about the deadline or attempted to research the issue themselves. Plaintiff's utter failure to establish by admissible evidence that she exercised even the most minimal diligence on the matter would bar relief under Section 473(b) even if it were available in this context of a mandatory deadline. *Younessi*, 244 Cal. App. 4th at 1145 (finding that diligence requirement was not satisfied given the absence of evidence explaining the delay at issue in Section 473(b) motion).

Plaintiff's only cited case in support of her contention that her counsel's mistake of law was excusable is inapposite. In *Miller v. City of Hermosa Beach*, the court found that Miller's mistake of law regarding the 90-day hearing notice requirement was excusable because the relevant deadline was not spelled out in the California Environmental Quality Act or in any reported decision. 13 Cal. App. 4th 1118, 1136-37 (1993). Here, the statute could not be clearer: "Unless notice of this motion is given within 45 days of the service of the verified response, or any supplemental verified response, or on or before any specific later date to which the demanding party and the responding party have agreed in writing, the demanding party waives any right to compel a further response to the demand." CCP § 2031.310. Moreover, many cases discuss the 45-day deadline to move to compel. *E.g. Sperber*, 26 Cal. App. 4th at 745-46; *Sexton*, 58 Cal. App. 4th at 1409-10. Because Miley's failure to timely move to compel was not even remotely an excusable mistake and because Miley failed to submit any evidence to establish that it was, there is an independent basis for the denial of Plaintiff's Section 473(b) motion.

     B.  <u>Plaintiff's argument that she "could not" move to compel fails to address why Plaintiff did not meet and confer to toll the statutory deadline.</u>

Plaintiff's argument that she "could not" move to compel within 45-days because the requests were beyond the scope of permitted discovery is nonsense. The September 1, 2020 Minute Order referred to by Plaintiff obviously made no ruling on whether the subject discovery requests <u>served three months</u>

7

later in December were beyond the scope of permitted discovery. And the Minute Order certainly included no ruling modifying any deadlines in the Code of Civil Procedure. Moreover, contrary to Plaintiff's obviously fabricated, after-the-fact argument that it ("both parties") believed that discovery pertaining to "other power bank models" was outside the scope of the Court's September Minute Order (Mot. at 12), Plaintiff propounded that discovery in December <u>two months after</u> the summary judgment motion was filed and <u>three months after</u> the September Minute Order. If Plaintiff at that time did not believe that discovery was within the scope of the Court's order, why did Plaintiff propound that discovery in violation of that order, never withdraw it, and require Belkin to provide responses to that discovery? Whatever Plaintiff may have thought, it is not subject to dispute that there was nothing in effect that prevented Plaintiff from making a motion to compel with respect to responses it voluntarily necessitated.

In any event, even if Plaintiff, contrary to its contemporaneous actions, truly believed the subject discovery was beyond the scope of permitted discovery at the time and thus precluded a motion to compel, Plaintiff fails to explain why she made no effort to extend or toll the mandatory statutory deadline. *See* Shirinian Decl. ¶ 5. Pursuant to CCP § 2031.310, the demanding party and the responding party may agree in writing to toll the 45-day deadline to a specific later date. Therefore, even if there were a plausible issue on whether a motion to compel was permitted in early 2021 (and there is not), Plaintiff's failure to seek to toll the deadline, either by order from the Court or agreement with opposing counsel—and her failure to offer any explanation as to why she did not do so—falls well short of the minimal level of diligence required to obtain relief under Section 437(b) even if such relief were available with respect to a mandatory statutory deadline.

\ \ \

\ \ \

\ \ \

SULLIVAN & TRIGGS, LLP
Attorneys at Law
Santa Monica

## IV.    <u>CONCLUSION</u>

For all the foregoing reasons, Plaintiff's motion should be denied in its entirety.

Date:  June 30, 2022

Respectfully submitted,
SULLIVAN & TRIGGS, LLP

By:  _____

Sheldon Eisenberg
Courtney Elgart
Nairi Shirinian

Attorneys for Defendant
BELKIN INTERNATIONAL, INC.

SULLIVAN &
TRIGGS, LLP
Attorneys at Law
Santa Monica

DEF BELKIN'S OPP TO PLAINTIFF'S MTN FOR RELIEF UNDER CODE OF CIV. PROC. § 473(b);
MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT THEREOF - Case No. 20STCV00033

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Sullivan & Triggs LLP, 1230 Montana Avenue, Suite 201, Santa Monica, California 90403.

On **June 30, 2022**, I served the foregoing document described as: **DEFENDANT BELKIN INTERNATIONAL, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR RELIEF UNDER CODE OF CIV. PROC. § 473(b); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** on the interested parties in this action as follows:

  **X**  **By ELECTRONIC SERVICE** (I electronically served a true and correct copy of the foregoing document using the CASE ANYWHERE System which will send notification of such submission to counsel of record indicated on the attached service list.)

\_\_\_\_\_ **By PERSONAL SERVICE**

    \_\_\_\_\_ by personally delivering such envelope to the addressee.

    \_\_\_\_\_ by causing such envelope to be delivered by messenger to the office of the addressee.

\_\_\_\_\_ **By UNITED STATES MAIL** (I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.)

\_\_\_\_\_ **By OVERNIGHT DELIVERY** (by causing such envelope to be delivered to the office of the addressee by overnight delivery via Federal Express or by other similar overnight delivery service.)

  **X**  (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

\_\_\_\_\_ (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on **June 30, 2022**, at Santa Monica, California.

_____Shella Anderson_____     _____
Name                               Signature

SULLIVAN & TRIGGS, LLP
Attorneys at Law
Santa Monica

DEF BELKIN'S OPP TO PLAINTIFF'S MTN FOR RELIEF UNDER CODE OF CIV. PROC. § 473(b); MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT THEREOF - Case No. 20STCV00033

Service List

| | |
|---|---|
| Nathan M. Smith (Ca. Bar No. 255212)<br>Nona Yegazarian (Ca. Bar No. 316458)<br>**BROWN NERI SMITH & KHAN LLP**<br>11601 Wilshire Boulevard, Suite 2080<br>Los Angeles, California 90025<br>Phone: 310-593-9890<br>Fax: 310-593-9980<br>Email: nate@bnsklaw.com<br>Email: nona@bnsklaw.com<br><br>D. Greg Blankinship<br>**FINKELSTEIN, BLANKINSHIP,<br>  FREI-PEARSON & GARBER, LLP**<br>445 Hamilton Ave, Suite 605<br>White Plains, NY 10601<br>Phone: 914-298-3290<br>Email: gblankinship@fbfglaw.com<br><br>William F. Cash<br>Matthew D. Schultz<br>Brenton J. Goodman<br>**LEVIN, PAPANTONIO, THOMAS,<br>  MITCHELL, RAFFERTY &<br>PROCTOR, P.A.**<br>316 South Baylen Street, Suite 600<br>Pensacola, FL 32502<br>Phone: 850-435-7059<br>Fax: 850-435-7020<br>Email: bcash@levinlaw.com<br>Email: mschultz@levinlaw.com<br>Email: bgoodman@levinlaw.com | Attorneys for Plaintiff Lenore Miley |

SULLIVAN &
TRIGGS, LLP
Attorneys at Law
Santa Monica

11

DEF BELKIN'S OPP TO PLAINTIFF'S MTN FOR RELIEF UNDER CODE OF CIV. PROC. § 473(b);
MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT THEREOF - Case No. 20STCV00033

SHELDON EISENBERG (SBN 100626)
seisenberg@sullivantriggs.com
COURTNEY ELGART (SBN 344360)
celgart@sullivantriggs.com
NAIRI SHIRINIAN (SBN 335909)
nshirinian@sullivantriggs.com
Sullivan & Triggs, LLP
1230 Montana Avenue, Suite 201
Santa Monica, California 90403
Telephone:       (310) 451-8300
Facsimile:       (310) 451-8303

Attorneys for Defendant
BELKIN INTERNATIONAL, INC.

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF LOS ANGELES**

**CENTRAL JUDICIAL DISTRICT**

| | |
|---|---|
| LENORE MILEY, individually and on behalf of all others similarly situated,<br><br>                     Plaintiff,<br><br>          v.<br><br>BELKIN INTERNATIONAL, INC.,<br><br>                     Defendant. | Case No.: 20STCV00033<br><br>ASSIGNED FOR ALL PURPOSES TO HON. CAROLYN B. KUHL, DEPT.:12<br><br>**BELKIN INTERNATIONAL, INC.'S NOTICE OF WITHDRAWAL OF GILLIAN KUHLMANN; AND NOTICE OF APPEARANCE OF COURTNEY ELGART**<br><br>Complaint Filed:  January 2, 2020 |

\ \ \

\ \ \

\ \ \

1

SULLIVAN & TRIGGS, LLP
Attorneys at Law
Santa Monica

BELKIN INTERNATIONAL, INC.'S NOTICE OF WITHDRAWAL OF GILLIAN KUHLMANN; AND NOTICE OF APPEARANCE OF COURTNEY ELGART - Case No. 20STCV00033

**TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Defendant Belkin International, Inc. ("Belkin") hereby withdraws Gillian Kuhlmann as its attorney of record, as she is no longer with Sullivan & Triggs, LLP, which remains counsel of record. Effective immediately, please remove Ms. Kuhlmann from the docket of this case.

Additionally, Belkin hereby notices the appearance of Courtney Elgart of Sullivan & Triggs, LLP, as additional attorney of record. Ms. Elgart's contact information is noted below. Effective immediately, please address all future correspondence and documentation to the following:

SHELDON EISENBERG (SBN 100626)
seisenberg@sullivantriggs.com
COURTNEY ELGART (SBN 344360)
celgart@sullivantriggs.com
NAIRI SHIRINIAN (SBN 335909)
nshirinian@sullivantriggs.com
Sullivan & Triggs, LLP
1230 Montana Avenue, Suite 201
Santa Monica, California 90403
Telephone:      (310) 451-8300
Facsimile:      (310) 451-8303

Date:  June 30, 2022

Respectfully submitted,
SULLIVAN & TRIGGS, LLP

By: _____

Sheldon Eisenberg
Courtney Elgart
Nairi Shirinian

Attorneys for Defendant
BELKIN INTERNATIONAL, INC.

SULLIVAN &
TRIGGS, LLP
Attorneys at Law
Santa Monica

2

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Sullivan & Triggs LLP, 1230 Montana Avenue, Suite 201, Santa Monica, California 90403.

On **June 30, 2022**, I served the foregoing document described as: **BELKIN INTERNATIONAL, INC.'S NOTICE OF WITHDRAWAL OF GILLIAN KUHLMANN; AND NOTICE OF APPEARANCE OF COURTNEY ELGART** on the interested parties in this action as follows:

__X__ **By ELECTRONIC SERVICE** (I electronically served a true and correct copy of the foregoing document using the CASE ANYWHERE System which will send notification of such submission to counsel of record indicated on the attached service list.)

_____ **By PERSONAL SERVICE**

_____ by personally delivering such envelope to the addressee.

_____ by causing such envelope to be delivered by messenger to the office of the addressee.

_____ **By UNITED STATES MAIL** (I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.)

_____ **By OVERNIGHT DELIVERY** (by causing such envelope to be delivered to the office of the addressee by overnight delivery via Federal Express or by other similar overnight delivery service.)

__X__ (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_____ (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on **June 30, 2022**, at Santa Monica, California.

_____Shella Anderson_____          _____
Name                                                              Signature

3

BELKIN INTERNATIONAL, INC.'S NOTICE OF WITHDRAWAL OF GILLIAN KUHLMANN; AND NOTICE OF APPEARANCE OF COURTNEY ELGART - Case No. 20STCV00033

SULLIVAN &
TRIGGS, LLP
Attorneys at Law
Santa Monica

Service List

| Nathan M. Smith (Ca. Bar No. 255212) | Attorneys for Plaintiff Lenore Miley |
|---|---|
| Nona Yegazarian (Ca. Bar No. 316458) | |
| **BROWN NERI SMITH & KHAN LLP** | |
| 11601 Wilshire Boulevard, Suite 2080 | |
| Los Angeles, California 90025 | |
| Phone: 310-593-9890 | |
| Fax: 310-593-9980 | |
| Email: nate@bnsklaw.com | |
| Email: nona@bnsklaw.com | |
| | |
| D. Greg Blankinship | |
| **FINKELSTEIN, BLANKINSHIP,** | |
| **  FREI-PEARSON & GARBER, LLP** | |
| 445 Hamilton Ave, Suite 605 | |
| White Plains, NY 10601 | |
| Phone: 914-298-3290 | |
| Email: gblankinship@fbfglaw.com | |
| | |
| William F. Cash | |
| Matthew D. Schultz | |
| Brenton J. Goodman | |
| **LEVIN, PAPANTONIO, THOMAS,** | |
| **  MITCHELL, RAFFERTY &** | |
| **PROCTOR, P.A.** | |
| 316 South Baylen Street, Suite 600 | |
| Pensacola, FL 32502 | |
| Phone: 850-435-7059 | |
| Fax: 850-435-7020 | |
| Email: bcash@levinlaw.com | |
| Email: mschultz@levinlaw.com | |
| Email: bgoodman@levinlaw.com | |

SULLIVAN &
TRIGGS, LLP
Attorneys at Law
Santa Monica

E-Served: Jul 12 2022 2:18PM PDT Via Case Anywhere

**RA-010**

| | | |
|---|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER: 344360 | |
| NAME: Courtney Elgart | | |
| FIRM NAME: Sullivan & Triggs, LLP | | |
| STREET ADDRESS: 1230 Montana Avenue, Suite 201 | | |
| CITY: Santa Monica STATE: CA ZIP CODE: 90403 | | |
| TELEPHONE NO.: (310) 451-8300 FAX NO.: (310) 451-8303 | | |
| EMAIL ADDRESS: celgart@sullivantriggs.com | | |
| ATTORNEY FOR (name): BELKIN INTERNATIONAL, INC. | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
STREET ADDRESS: 312 North Spring Street
MAILING ADDRESS: 312 North Spring Street
CITY AND ZIP CODE: Los Angeles 90012
BRANCH NAME: Spring Street Courthouse

PLAINTIFF/PETITIONER: Lenore Miley

DEFENDANT/RESPONDENT: Belkin International, Inc.

OTHER CASE NAME:

| | |
|---|---|
| **NOTICE OF REMOTE APPEARANCE** | CASE NUMBER: 20STCV00033 |

> You must use this form to tell the court you intend to appear remotely in a civil case, unless the court's website describes an online process for giving notice. You may also use it to give the required notice to all other parties in the case. (Do not use this form in a juvenile dependency proceeding.)
>
> Check the court's website for information about how to appear remotely, including the departments and types of cases or proceedings that allow remote appearances and ways to appear remotely in their departments for such appearances.
>
> See page 3 of this form for more information, including deadlines for giving notice and for opposing a remote appearance if this notice is for an evidentiary hearing or trial.
>
> **A person appearing remotely should conduct themselves as though appearing in court in person.**

1. The person who intends to appear remotely is *(check and complete all that apply)*:
   - ☐ Plaintiff/Petitioner *(name)*:
   - ☐ Attorney for Plaintiff/Petitioner *(name)*:
   - ☐ Defendant/Respondent *(name)*:
   - ☒ Attorney for Defendant/Respondent *(name)*: Courtney Elgart
   - ☐ Other *(name and role in case)*:

2. The person or persons in 1 intends to appear remotely *(check one)*:
   a. ☐ Throughout the case.
   b. ☒ At the proceeding described below, including on any later dates if the proceeding is continued *(describe)*:
      Type of proceeding: Motion for Relief, Renewed Motion to Compel, and Status Conference
      Set on *(date)*: July 18,2022    at *(time)*: 1:45 pm    in *(department)*: 12
      Before *(name of judicial officer, if known)*: Hon. Carolyn B. Kuhl

3. The person intends to appear by *(check court's website for method that may be used)*:
   - ☒ Videoconference    ☐ Audio only (including telephone)

4. ☐ For evidentiary hearing or trial only (where testimony may be given): the party requests the following additional aspects of the proceeding be conducted remotely *(describe what the party wants to be done remotely and why; attach form MC-25 if more space is needed)*:

| | | |
|---|---|---|
| Form Adopted for Mandatory Use | **NOTICE OF REMOTE APPEARANCE** | **Page 1 of 3** |
| Judicial Council of California | | Code of Civil Procedure, § 367.75; |
| RA-010 [New January 1, 2022] | | Cal. Rules of Court, rule 3.672 |
| | | *www.courts.ca.gov* |

RA-010

| PLAINTIFF: Lenore Miley | CASE NUMBER: |
|---|---|
| DEFENDANT: Belkin International, Inc. | 20STCV00033 |

5. ☒ I agree to keep the proceeding confidential to the same extent as would be required if I were appearing in person.

Date: July 12, 2022

Courtney Elgart
_____
(TYPE OR PRINT NAME)

► _____
(SIGNATURE)

## Notice to Other Parties

Anyone intending to appear remotely must provide notice to all other parties by the deadlines stated in Cal. Rules of Court, rule 3.672, and described on the next page. Notice may be provided orally, electronically, or by giving the other parties this form in a way to ensure it is received by the applicable deadline. The party must tell the court this was done either by filing a proof of service (this may be done on forms POS-040 or POS-050 for electronic service) or by completing and signing the declaration below.

## Declaration of Notice

I gave notice that I intend to appear remotely to the other parties or persons entitled to receive notice in this case as stated below.
*Complete one item below for each person notice was given to, and enter one of the following options for "Method of notice" in c.*

- **Mail**: By mailing them a copy of this form (write the mailing address in d.)
- **Overnight delivery**: By having a copy of this form delivered overnight (write the delivery address in d.)
- **Electronic notice**: By e-mail or text message (write the e-mail or phone number in d.)
- **Phone**: By telling them over the telephone or leaving them voice mail (write the phone number in d.), or
- **In person**: By giving them a copy of this form in person, or by telling them orally in person (write the address in d.)

1. ☐ Plaintiff/Petitioner
   a. Name:
   b. Date of notice:
   c. Method of notice:
   d. Address (mailing, in-person, or email) or phone number:

   PLEASE SEE ATTACHED
   PROOF OF SERVICE

2. ☐ Attorney for:
   a. Name:
   b. Date of notice:
   c. Method of notice:
   d. Address (mailing, in-person, or email) or phone number:

3. ☐ Defendant/Respondent
   a. Name:
   b. Date of notice:
   c. Method of notice:
   d. Address (mailing, in-person, or email) or phone number:

4. ☐ Attorney for:
   a. Name:
   b. Date of notice:
   c. Method of notice:
   d. Address (mailing, in-person, or email) phone number:

5. ☐ Other *(specify)*:
   a. Name:
   b. Date of notice:
   c. Method of notice:
   d. Address (mailing, in-person, or email) or phone number:

6. ☐ Attorney for:
   a. Name:
   b. Date of notice:
   c. Method of notice:
   d. Address (mailing, in-person, or email) phone number:

7. ☐ Other *(specify)*:
   a. Name:
   b. Date of notice:
   c. Method of notice:
   d. Address (mailing, in-person, or email) or phone number:

7. ☐ Other *(specify)*:
   a. Name:
   b. Date of notice:
   c. Method of notice:
   d. Address (mailing, in-person, or email) or phone number:

☐ If more people were given notice, check here, attach form MC-025, titled as Attachment Notice, and add the information about how and when notice was given to each person.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____
(TYPE OR PRINT NAME)

► _____
(SIGNATURE)

RA-010 [New January 1, 2022]

**NOTICE OF REMOTE APPEARANCE**

Page 2 of 3
[page 3 need not be filed]

1
2

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

3
4

     I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is Sullivan & Triggs, LLP, 1230 Montana Avenue, Suite 201, Santa Monica, California 90403.

5
6

     On **July 12, 2022**, I served the foregoing document described as **[BELKIN INTERNATIONAL, INC.'S] NOTICE OF REMOTE APPEARANCE** on the interested parties in this action by transmitting a copy as follows:

7

See Attached Service List

8
9

 X   **By ELECTRONIC SERVICE** (I electronically served the foregoing with the Case Anywhere system which will send notification of such filing to counsel denoted on the attached Service List.)

10

     **By PERSONAL SERVICE**

11

     by personally delivering such envelope to the addressee.

12
13

     by causing such envelope to be delivered by messenger to the office of the addressee.

14

 X   (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

15
16

     (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

17

Executed on **July 12, 2022**, at Santa Monica, California.

18
19

_____     _____
     Shella Anderson
Name                           Signature

20
21
22
23
24
25
26
27
28

SULLIVAN &
TRIGGS, LLP
ATTORNEYS AT LAW
SANTA MONICA

1

Service List

| | |
|---|---|
| Nathan M. Smith (Ca. Bar No. 255212)<br>Nona Yegazarian (Ca. Bar No. 316458)<br>**BROWN NERI SMITH & KHAN LLP**<br>11601 Wilshire Boulevard, Suite 2080<br>Los Angeles, California 90025<br>Phone: 310-593-9890<br>Fax: 310-593-9980<br>Email: nate@bnsklaw.com<br>Email: nona@bnsklaw.com<br><br>D. Greg Blankinship<br>**FINKELSTEIN, BLANKINSHIP,<br>   FREI-PEARSON & GARBER, LLP**<br>445 Hamilton Ave, Suite 605<br>White Plains, NY 10601<br>Phone: 914-298-3290<br>Email: gblankinship@fbfglaw.com<br><br>William F. Cash<br>Matthew D. Schultz<br>Brenton J. Goodman<br>**LEVIN, PAPANTONIO, THOMAS,<br>   MITCHELL, RAFFERTY &<br>   PROCTOR, P.A.**<br>316 South Baylen Street, Suite 600<br>Pensacola, FL 32502<br>Phone: 850-435-7059<br>Fax: 850-435-7020<br>Email: bcash@levinlaw.com<br>Email: mschultz@levinlaw.com<br>Email: bgoodman@levinlaw.com | Attorneys for Plaintiff Lenore Miley |

2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**SULLIVAN &**
**TRIGGS, LLP**
ATTORNEYS AT LAW
SANTA MONICA

E-Served: Jul 13 2022 5:30PM PDT Via Case Anywhere

`
Nathan M. Smith (Ca. Bar No. 257615)
Sara C. Colón (Ca. Bar No. 281514)
**BROWN NERI SMITH & KHAN LLP**
11601 Wilshire Boulevard, Suite 2080
Los Angeles, California 90025
Phone: 310-593-9890
Fax: 310-593-9980
Email: nate@bnsklaw.com
Email: sara@bnsklaw.com

[Additional Counsel Appear on Following Page]

*Attorneys for Plaintiff Lenore Miley*

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| LENORE MILEY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BELKIN INTERNATIONAL INC.,<br><br>Defendant. | Case No.: 20STCV00033<br><br>**PARTIES' JOINT STATUS CONFERENCE STATEMENT**<br><br>Judge: Hon. Carolyn B. Kuhl<br>Dept.: 12<br><br>Complaint Filed: January 2, 2020<br>Hearing Date: July 18, 2022<br>Time: 1:45 p.m.<br>Dept.: 12 |

Greg Blankinship (admitted *pro hac vice*)
Bradley Silverman (admitted *pro hac vice*)
**FINKELSTEIN, BLANKINSHIP,**
**FREI-PEARSON & GARBER, LLP**
One North Broadway, Suite 900
White Plains, NY 10601
Phone: 914-298-3290
Email: gblankinship@fbfglaw.com
Email: bsilverman@fbfglaw.com

William F. Cash III (admitted *pro hac vice*)
Brenton J. Goodman (admitted *pro hac vice*)
**LEVIN, PAPANTONIO, RAFFERTY,**
**PROCTOR, BUCHANAN, O'BRIEN,**
**BARR & MOUGEY, P.A.**
316 South Baylen Street, Suite 600
Pensacola, FL 32502
Phone: 850-435-7059
Fax: 850-435-7020
Email: bcash@levinlaw.com
Email: bgoodman@levinlaw.com

*Attorneys for Plaintiff*

SHELDON EISENBERG (SBN 100626)
seisenberg@sullivantriggs.com
COURTNEY ELGART (SBN 344360)
celgart@sullivantriggs.com
NAIRI SHIRINIAN (SBN 335909)
nshirinian@sullivantriggs.com
**Sullivan & Triggs, LLP**
1230 Montana Avenue, Suite 201
Santa Monica, California 90403
Telephone:     (310) 451-8300
Facsimile:     (310) 451-8303

*Attorneys for Defendant*
BELKIN INTERNATIONAL, INC.

The parties submit this joint status conference statement in advance of the status conference on July 18, 2022.

**I.     Discovery Matters**

**A.     Pending Motion for Relief Under Code Civ. Proc. § 473(b) and Renewed Motion to Compel Discovery**

Since the last status conference on April 26, 2022, Plaintiff has filed a Motion for Relief under California Code of Civil Procedure § 473(b) and a Renewed Motion to Compel. Defendant filed its oppositions to these motions on June 30, 2022, and Plaintiff filed her Reply on July 11, 2022.

**Plaintiff's Position:**

After this Court denied Defendant's motion for summary judgment, the parties continued with the discovery process. Plaintiff alleges that the milliampere-hour ("mAh") rating of Defendant's power banks is deceptive and false and does not accurately represent the actual output of the devices. The proposed class is comprised of purchasers in California of all of Defendant's power banks because all such power banks, regardless of model, are labeled in the same deceptive manner—they all have an mAh rating that is higher than the amount of mAh they are capable of delivering. (Compl. ¶¶ 11, 24, 27, 33, and 47.) Yet, Defendant refuses to produce documents regarding any power bank models other than the specific model Plaintiff purchased. The other power bank models are substantially similar and therefore are within the scope of this action. The law is clear that plaintiffs may assert claims on behalf of purchasers of products that are substantially similar to the one purchased by a plaintiff, even where the plaintiff did not purchase such substantially similar products. *See, e.g., Ruiz v. Celsius Holdings, Inc.*, 2021 WL 5811264, at *4 (S.D. Cal. Jul. 28, 2021). In order to obtain discovery on the other power bank models, Plaintiff has filed motions for relief under Code Civ. Proc. § 473(b) and a renewed motion to compel this discovery. Both are set to be heard on July 18, 2022.

**Defendant's Position:**

Miley's initial motion to compel was properly denied as untimely. See April 27, 2022 Minute Order. Miley's motion for relief under Cal. Code of Procedure § 473(b), and the

accompanying renewed motion to compel, should be denied because § 473(b) does not afford relief from jurisdictional deadlines. *See Maynard v. Brandon*, 36 Cal. 4th 364, 372-73 (2005). Further, even if relief were available under § 473(b), Miley has failed to demonstrate the requisite excusable neglect. See Code of Civ. Proc. § 473(b); *Luri v. Greenwald*, 107 Cal. App. 4th 1119, 1128 (2003).

### B. Deposition *Duces Tecum* of Belkin's Corporate Representative

**Plaintiff's Position:**

Plaintiff needs to depose Belkin's corporate representative, not only as a matter of routine discovery, but precisely because Defendant intends to bring another summary judgment motion. Defendant likely will need time to choose the corporate representative(s) and to prepare the *duces tecum* information as appropriate. The scope of the deposition and the scope of the *duces tecum* will depend on the Court's ruling on the pending motions for relief under Code Civ. Proc. § 473(b) and a renewed motion to compel this discovery.

**Defendant's Position:**

Belkin believes that the parties should meet and confer on this issue before addressing it with the Court.

### II. *Belaire* Opt-Out Notices

**Plaintiff's Position:**

Plaintiff anticipates discovery that will require the notice procedure as set forth in *Belaire-W. Landscape v. Superior Court*, 149 Cal. App. 4th 554, 57 Cal. Rptr. 3d 197 (2007) and *Pioneer Elecs. (USA) v. Superior Court*, 40 Cal. 4th 360, 150 P.3d 198 (2007). Under *Belaire*, consumers have the right to opt out of having their contact information disclosed to the named plaintiff in a putative class action. Thus, Plaintiff will seek an order requiring the *Belaire* notice procedure in order to protect the privacy of these California consumers and to comply with the California Consumer Privacy Act (CCPA).

**Defendant's Position:**

Belkin believes that the parties should meet and confer on this issue before addressing it with the Court.

### III.    Class Certification Deadline

By Order dated April 27, 2022, the Court directed the parties to "meet and confer with regard to a briefing schedule for the Motion for Class Certification and when ready, the parties shall call court staff for a hearing date consistent with the agreed briefing schedule."

Plaintiff and Defendant met and conferred on June 2, during which Plaintiff's counsel requested that Defendant stipulate to an extension of Plaintiff's deadline to file until December 1, 2022. On June 9, 2022, Defendant responded to this request, offering to stipulate to a September 1, 2022 deadline for Plaintiff's class certification motion.

An agreement has not been reached.

**Plaintiff's Position:**

Plaintiff believes she will need until at least December 1, 2022, to file motion papers. Such a date is dependent upon Defendant's ability to produce certain discovery including (but not limited to) the discovery sought in the pending renewed motion to compel, as well as the above-discussed deposition of Defendant. We are also continuing to search for additional class representatives, as previously discussed with the Court.

**Defendant's Position:**

Miley filed suit against Belkin over 30 months ago. In that time, Miley has not prosecuted this case with reasonable diligence. In addition to missing discovery deadlines, Miley also failed to file a class certification motion by June 1, 2022, as directed by the Court. Specifically, on October 1, 2021, this Court issued a minute order stating: "The Motion for Class Certification is to be filed by 6/1/2022." The order also directed the parties to meet and confer about the briefing schedule to follow the motion.

Fast forward eight months and June 1 came and went without Miley filing any motion for class certification. Instead, the afternoon the motion was due, Miley's counsel left a voicemail for Belkin asking to discuss the class certification date. At a meet and confer the next day, on June 2, Miley's counsel offered no explanation for why she was delayed in filing the motion. Instead, they asked for an extension to November 1, 2022.

On June 9, Belkin responded by offering to compromise with a stipulated extension to

September 1, 2022. Belkin's suggested deadline of September 1, at the time it was offered, gave Miley an additional three months to file its class certification motion. Miley did not respond to Belkin's offer or attempt to negotiate a different deadline. Instead, in this joint status report, Miley asked for even more time—until December 1, 2022, nearly three years after Miley first filed suit—to file for class certification.

Miley's joint status report suggests two reasons that she needs an additional six months from the Court's June 1 deadline, for a total of 35 months from filing this lawsuit, to file a motion for class certification. First, Miley states she needs the additional time for additional discovery, primarily the discovery that is the subject of the renewed motion to compel. Of course, because Miley's renewed motion to compel is jurisdictionally unsound, it cannot support extending the class certification motion. But even that is beside the point. If discovery on power bank models other than the one purchased by Miley was necessary to the motion for class certification, Miley should have been diligent in seeking the discovery over 17 months ago when Belkin first responded to Miley's request for discovery.

Second, Miley explains that she is seeking new class representatives to join her. This statement exposes that Miley and her counsel have put the cart well before the horse. Rather than an eleventh-hour scramble to locate someone who has some plausible claim that they were injured by Belkin, the effort to identify an appropriate class representative to prosecute these claims should have occurred years ago, before a lawsuit was ever filed. This sue first, search for an injured party later strategy should not be rewarded because it costs the targeted companies, Belkin here, significant resources and the strategy taxes the courts' dockets with lawsuit seeking to resolve controversies that do not exist.

As this case drags on because of Miley's lethargy in prosecuting it, Belkin is prejudiced by the cloud of Miley's accusation and the costs that accumulate from protracted litigation. Continuing to postpone Miley's deadline to file for class certification would constitute a further unreasonable burden on Belkin.

Dated: July 13, 2022

Respectfully submitted,

By: ___/s/ Greg Blankinship___
Greg Blankinship (admitted *pro hac vice*)
Bradley Silverman (admitted *pro hac vice*)
**FINKELSTEIN, BLANKINSHIP,**
**FREI-PEARSON & GARBER, LLP**
One North Broadway, Suite 900
White Plains, NY 10601
Phone: 914-298-3290
Email: gblankinship@fbfglaw.com
Email: bsilverman@fbfglaw.com

William F. Cash III (admitted *pro hac vice*)
Brenton J. Goodman (admitted *pro hac vice*)
**LEVIN, PAPANTONIO, RAFFERTY,**
**PROCTOR, BUCHANAN, O'BRIEN, BARR &**
**MOUGEY, P.A.**
316 South Baylen Street, Suite 600
Pensacola, FL 32502
Phone: 850-435-7059
Fax: 850-435-7020
Email: bcash@levinlaw.com
Email: bgoodman@levinlaw.com

Nathan M. Smith (Ca. Bar No. 257615)
Sara C. Colón (Ca. Bar No. 281514)
**BROWN NERI SMITH & KHAN LLP**
11601 Wilshire Boulevard, Suite 2080
Los Angeles, California 90025
Phone: 310-593-9890
Fax: 310-593-9980
Email: nate@bnsklaw.com
Email: sara@bnsklaw.com

*Attorneys for Plaintiff*

Date: July 13, 2022

Respectfully submitted,
SULLIVAN & TRIGGS, LLP

By: ___/s/ Courtney Elgart___
Sheldon Eisenberg
Courtney Elgart
Nairi Shirinian

*Attorneys for Defendant*
BELKIN INTERNATIONAL, INC.

Nathan M. Smith (Ca. Bar No. 255212)
**BROWN NERI SMITH & KHAN LLP**
11601 Wilshire Boulevard, Suite 2080
Los Angeles, California 90025
Phone: 310-593-9890
Fax: 310-593-9980
Email: nate@bnsklaw.com

[Additional Counsel Appear on Signature Page]

*Attorneys for Plaintiff Lenore Miley*

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| LENORE MILEY, individually and on behalf of all others similarly situated, | Case No.: 20STCV00033 |
| Plaintiff, | **STIPULATION TO STAY ACTION PENDING MEDIATION; [PROPOSED] ORDER THEREON** |
| v. | Judge: Hon. Carolyn B. Kuhl |
| BELKIN INTERNATIONAL INC., | Dept.: 12 |
| Defendant. | Complaint Filed: January 2, 2020 |

Plaintiff Lenore Miley ("Plaintiff") and Defendant Belkin International, Inc. ("Defendant") (collectively the "Parties") respectfully request that the Court stay the action in its entirety through and including December 15, 2022, in order to afford time for completion of private mediation. As good cause in support thereof, the Parties state as follows:

1. Plaintiff filed a Complaint on January 2, 2020. The Parties have litigated this action since that time, including Defendant's filing of an Answer to the Complaint on or about March 23, 2022.

2. In a separate dispute, a potential plaintiff, Dennis Gromov, raised claims against Defendant on behalf of a potential nationwide putative class that are similar to those alleged in this action. Defendant has agreed to mediate that dispute.

3. Those parties are working towards and intend to schedule mediation to take place in November 2022.

4. The mediation in this other matter potentially could result in a nationwide settlement that would resolve the claims in this California action, including that of Plaintiff.

5. All counsel for Plaintiff are involved in the other matter involving Mr. Gromov. However, Belkin's counsel in this California action are not directly involved in the mediation of the other dispute.

6. Plaintiff's deadline to file a motion for class certification is November 4, 2022.

7. The Court has scheduled a non-appearance case review for November 12, 2022.

WHEREFORE, in the interest of conserving judicial resources and party resources, the Parties respectively request that the action be stayed in its entirety until following the completion of the aforementioned mediation. The Parties are willing to provide a joint status report to the Court concerning the outcome of mediation by December 8, 2022.

1  Dated: September 23, 2022                    Respectfully submitted,

2                                               By: __/s/ Nathan Smith___
                                                Nathan M. Smith (Ca. Bar No. 255212)
3                                               **BROWN NERI SMITH & KHAN LLP**
                                                11601 Wilshire Boulevard, Suite 2080
4                                               Los Angeles, California 90025
                                                Phone: 310-593-9890
5                                               Fax: 310-593-9980
                                                Email: nate@bnsklaw.com
6                                               Email: sara@bnsklaw.com

7                                               Greg Blankinship (admitted *pro hac vice*)
                                                Bradley Silverman (admitted *pro hac vice*)
8                                               **FINKELSTEIN, BLANKINSHIP,**
                                                **FREI-PEARSON & GARBER, LLP**
9                                               One North Broadway, Suite 900
                                                White Plains, NY 10601
10                                              Phone: 914-298-3290
                                                Email: gblankinship@fbfglaw.com
11                                              Email: bsilverman@fbfglaw.com

12                                              William F. Cash III (admitted *pro hac vice*)
                                                Brenton J. Goodman (admitted *pro hac vice*)
13                                              **LEVIN, PAPANTONIO, RAFFERTY,**
                                                **PROCTOR, BUCHANAN, O'BRIEN, BARR &**
14                                              **MOUGEY, P.A.**
                                                316 South Baylen Street, Suite 600
15                                              Pensacola, FL 32502
                                                Phone: 850-435-7059
16                                              Fax: 850-435-7020
                                                Email: bcash@levinlaw.com
17                                              Email: bgoodman@levinlaw.com

18                                              *Attorneys for Plaintiff*
                                                *Lenore Miley*
19

20                                              By: __/s/ Sheldon Eisenberg___
21                                              Sheldon Eisenberg (SBN 100626)
                                                Nairi Shirinian (SBN 335909)
22                                              **Sullivan & Triggs, LLP**
                                                1230 Montana Avenue, Suite 201
23                                              Santa Monica, CA 90403
                                                Phone: (310) 451-8300
24                                              Fax: (310) 451-8303
                                                Email: seisenberg@sullivantriggs.com
25                                              Email: nshirinian@sullivantriggs.com

26                                              *Attorneys for Defendant*
                                                *Belkin International, Inc.*
27

28

Stipulation to Stay Action Pending Mediation; [Proposed] Order
Case No. 20STCV00033

[PROPOSED] **<u>ORDER</u>**

Having considered the Parties' stipulation to stay the action pending mediation, and finding good cause, the Court stays the action in its entirety through December 15, 2022, and orders the Parties to file a joint status report concerning the outcome of mediation no later than December 8, 2022.

IT IS SO ORDERED.


Dated: _____, 2022          _____
                                        HON. KAREN B. KUHL
                                        SUPERIOR COURT JUDGE

Nathan M. Smith (Ca. Bar No. 255212)
**BROWN NERI SMITH & KHAN LLP**
11601 Wilshire Boulevard, Suite 2080
Los Angeles, California 90025
Phone: 310-593-9890
Fax: 310-593-9980
Email: nate@bnsklaw.com

[Additional Counsel Appear on Signature Page]

*Attorneys for Plaintiff Lenore Miley*

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| LENORE MILEY, individually and on behalf of all others similarly situated, | Case No.: 20STCV00033 |
| Plaintiff, | **JOINT STATUS REPORT RE: OUTCOME OF MEDIATION** |
| v. | Judge: Hon. Carolyn B. Kuhl<br>Dept.: 12 |
| BELKIN INTERNATIONAL INC., | Complaint Filed: January 2, 2020 |
| Defendant. | Non-appearance case review:<br>December 14, 2022 |
| | Dept.: 12 |

The parties submit this joint status report in advance of the non-appearance case review scheduled December 14, 2022.

On September 29, 2022, the Court entered an order that stayed this action in its entirety through December 15, 2022 and vacated all current dates and deadlines at joint request of all parties to facilitate mediation of separate but related dispute that could have resulted in a nationwide settlement and resolve the claims of this California action. That order also set a deadline of December 8, 2022 to file a status report concerning the outcome of mediation.

That mediation occurred on November 29, 2022 and was not successful. As a result, the claims in this California action, including those of Plaintiff Lenore Miley, were not resolved.

**Plaintiff's: Position:**

Plaintiff disagrees with the unduly short schedule that Defendant suggests below. As previously discussed with the Court, certain discovery still must be completed, including *Bel-Aire* Opt Out notices and the deposition Belkin's corporate representative that is the person most qualified (PMQ) to testify. The parties should meet and confer to discuss a potential schedule in good faith first, before putting the issue before the Court.

**Defendant's Position:**

Defendant believes that the Court should set the deadline for the filing of Miley's motion for class certification (previously due November 4, 2022) for 45 days from the date of this report and require the opposition to be filed 60 days thereafter.

Dated: December 08, 2022

Respectfully submitted,

By: __/s/ Nathan Smith__
Nathan M. Smith (Ca. Bar No. 255212)
**BROWN NERI SMITH & KHAN LLP**
11601 Wilshire Boulevard, Suite 2080
Los Angeles, California 90025
Phone: 310-593-9890
Fax: 310-593-9980
Email: nate@bnsklaw.com
Email: sara@bnsklaw.com

Greg Blankinship (admitted *pro hac vice*)
Bradley Silverman (admitted *pro hac vice*)
**FINKELSTEIN, BLANKINSHIP,
FREI-PEARSON & GARBER, LLP**
One North Broadway, Suite 900
White Plains, NY 10601
Phone: 914-298-3290
Email: gblankinship@fbfglaw.com
Email: bsilverman@fbfglaw.com

William F. Cash III (admitted *pro hac vice*)
**LEVIN, PAPANTONIO, RAFFERTY,
PROCTOR, BUCHANAN, O'BRIEN, BARR &
MOUGEY, P.A.**
316 South Baylen Street, Suite 600
Pensacola, FL 32502
Phone: 850-435-7059
Fax: 850-435-7020
Email: bcash@levinlaw.com
Email: bgoodman@levinlaw.com

*Attorneys for Plaintiff*
*Lenore Miley*

By: ___/s/ Sheldon Eisenberg___
Sheldon Eisenberg (SBN 100626)
Nairi Shirinian (SBN 335909)
**Sullivan & Triggs, LLP**
1230 Montana Avenue, Suite 201
Santa Monica, CA 90403
Phone: (310) 451-8300
Fax: (310) 451-8303
Email: seisenberg@sullivantriggs.com
Email: nshirinian@sullivantriggs.com

*Attorneys for Defendant*
*Belkin International, Inc.*

E-Served: Feb 1 2023 12:33PM PST Via Case Anywhere

**RA-010**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY:      STATE BAR NUMBER: 100626 <br> NAME: SHELDON EISENBERG <br> FIRM NAME: Sullivan & Triggs, LLP <br> STREET ADDRESS: 1230 Montana Avenue, Suite 201 <br> CITY: Santa Monica     STATE: CA    ZIP CODE: 90403 <br> TELEPHONE NO.: (310) 451-8300    FAX NO.: (310) 451-8303 <br> EMAIL ADDRESS: seisenberg@sullivantriggs.com <br> ATTORNEY FOR (name): BELKIN INTERNATIONAL INC. | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
STREET ADDRESS: 312 N. Spring St.
MAILING ADDRESS: 312 N. Spring St.
CITY AND ZIP CODE: Los Angeles, 90012
BRANCH NAME: Spring Street Courthouse

PLAINTIFF/PETITIONER: LENORE MILEY

DEFENDANT/RESPONDENT: BELKIN INTERNATIONAL INC.

OTHER CASE NAME:

| NOTICE OF REMOTE APPEARANCE | CASE NUMBER: <br> 20STCV00033 |
|---|---|

> You must use this form to tell the court you intend to appear remotely in a civil case, unless the court's website describes an online process for giving notice. You may also use it to give the required notice to all other parties in the case. (Do not use this form in a juvenile dependency proceeding.)
>
> Check the court's website for information about how to appear remotely, including the departments and types of cases or proceedings that allow remote appearances and ways to appear remotely in their departments for such appearances.
>
> See page 3 of this form for more information, including deadlines for giving notice and for opposing a remote appearance if this notice is for an evidentiary hearing or trial.
>
> **A person appearing remotely should conduct themselves as though appearing in court in person.**

1. The person who intends to appear remotely is *(check and complete all that apply):*
   - ☐ Plaintiff/Petitioner *(name):*
   - ☐ Attorney for Plaintiff/Petitioner *(name):*
   - ☐ Defendant/Respondent *(name):*
   - ☒ Attorney for Defendant/Respondent *(name):* Sheldon Eisenberg
   - ☐ Other *(name and role in case):*

2. The person or persons in 1 intends to appear remotely *(check one):*
   a. ☐ Throughout the case.
   b. ☒ At the proceeding described below, including on any later dates if the proceeding is continued *(describe):*
      Type of proceeding: Further Status Conference
      Set on *(date):* 2/9/2023     at *(time):* 11:00 a.m.     in *(department):* 12
      Before *(name of judicial officer, if known):* Honorable Carolyn B. Kuhl

3. The person intends to appear by *(check court's website for method that may be used):*
   - ☒ Videoconference     ☐ Audio only (including telephone)

4. ☐ For evidentiary hearing or trial only (where testimony may be given): the party requests the following additional aspects of the proceeding be conducted remotely *(describe what the party wants to be done remotely and why; attach form MC-25 if more space is needed):*

| | | |
|---|---|---|
| Form Adopted for Mandatory Use <br> Judicial Council of California <br> RA-010 [New January 1, 2022] | **NOTICE OF REMOTE APPEARANCE** | Code of Civil Procedure, § 367.75; <br> Cal. Rules of Court, rule 3.672 <br> *www.courts.ca.gov* |

RA-010

| | |
|---|---|
| PLAINTIFF: LENORE MILEY | CASE NUMBER: |
| DEFENDANT: BELKIN INTERNATIONAL INC. | 20STCV00033 |

5. ☒ I agree to keep the proceeding confidential to the same extent as would be required if I were appearing in person.

Date: 2/1/2023

Sheldon Eisenberg
(TYPE OR PRINT NAME)

▶ *Sheldon Eisenberg* (SIGNATURE)

## Notice to Other Parties

Anyone intending to appear remotely must provide notice to all other parties by the deadlines stated in Cal. Rules of Court, rule 3.672, and described on the next page. Notice may be provided orally, electronically, or by giving the other parties this form in a way to ensure it is received by the applicable deadline. The party must tell the court this was done either by filing a proof of service (this may be done on forms POS-040 or POS-050 for electronic service) or by completing and signing the declaration below.

## Declaration of Notice

I gave notice that I intend to appear remotely to the other parties or persons entitled to receive notice in this case as stated below.
*Complete one item below for each person notice was given to, and enter one of the following options for* "Method of notice" *in c.*
- **Mail**: By mailing them a copy of this form (write the mailing address in d.)
- **Overnight delivery**: By having a copy of this form delivered overnight (write the delivery address in d.)
- **Electronic notice**: By e-mail or text message (write the e-mail or phone number in d.)
- **Phone**: By telling them over the telephone or leaving them voice mail (write the phone number in d.), or
- **In person**: By giving them a copy of this form in person, or by telling them orally in person (write the address in d.)

1. ☐ Plaintiff/Petitioner
   a. Name: PLEASE SEE ATTACHED PROOF OF SERVICE
   b. Date of notice:
   c. Method of notice:
   d. Address (mailing, in-person, or email) or phone number:

2. ☐ Attorney for:
   a. Name:
   b. Date of notice:
   c. Method of notice:
   d. Address (mailing, in-person, or email) or phone number:

3. ☐ Defendant/Respondent
   a. Name:
   b. Date of notice:
   c. Method of notice:
   d. Address (mailing, in-person, or email) or phone number:

4. ☐ Attorney for:
   a. Name:
   b. Date of notice:
   c. Method of notice:
   d. Address (mailing, in-person, or email) phone number:

5. ☐ Other *(specify)*:
   a. Name:
   b. Date of notice:
   c. Method of notice:
   d. Address (mailing, in-person, or email) or phone number:

6. ☐ Attorney for:
   a. Name:
   b. Date of notice:
   c. Method of notice:
   d. Address (mailing, in-person, or email) phone number:

7. ☐ Other *(specify)*:
   a. Name:
   b. Date of notice:
   c. Method of notice:
   d. Address (mailing, in-person, or email) or phone number:

7. ☐ Other *(specify)*:
   a. Name:
   b. Date of notice:
   c. Method of notice:
   d. Address (mailing, in-person, or email) or phone number:

☐ If more people were given notice, check here, attach form MC-025, titled as Attachment Notice, and add the information about how and when notice was given to each person.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____
(TYPE OR PRINT NAME)

▶

_____
(SIGNATURE)

1

## **PROOF OF SERVICE**

2

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

3

4

      I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Sullivan & Triggs, LLP, 1230 Montana Avenue, Suite 201, Santa Monica, California 90403.

5

6

      On **February 1, 2023**, I served the foregoing document described as **[BELKIN INTERNATIONAL, INC.'S] NOTICE OF REMOTE APPEARANCE [EISENBERG]** on the interested parties in this action by transmitting a copy as follows:

7

See Attached Service List

8

  X  **By ELECTRONIC SERVICE** (I electronically served the foregoing with the Case Anywhere system which will send notification of such filing to counsel denoted on the attached Service List.)

9

10

     **By PERSONAL SERVICE**

11

     by personally delivering such envelope to the addressee.

12

     by causing such envelope to be delivered by messenger to the office of the addressee.

13

14

  X  (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

15

     (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

16

17

Executed on **February 1, 2023**, at Santa Monica, California.

18

19

     Shella Anderson                         

Name                             Signature

20

21

22

23

24

25

26

27

28

SULLIVAN &
TRIGGS, LLP
ATTORNEYS AT LAW
SANTA MONICA

1

Service List

| | |
|---|---|
| Nathan M. Smith (Ca. Bar No. 255212)<br>Nona Yegazarian (Ca. Bar No. 316458)<br>**BROWN NERI SMITH & KHAN LLP**<br>11601 Wilshire Boulevard, Suite 2080<br>Los Angeles, California 90025<br>Phone: 310-593-9890<br>Fax: 310-593-9980<br>Email: nate@bnsklaw.com<br>Email: nona@bnsklaw.com<br><br>D. Greg Blankinship<br>**FINKELSTEIN, BLANKINSHIP,**<br>    **FREI-PEARSON & GARBER, LLP**<br>445 Hamilton Ave, Suite 605<br>White Plains, NY 10601<br>Phone: 914-298-3290<br>Email: gblankinship@fbfglaw.com<br><br>William F. Cash<br>Matthew D. Schultz<br>Brenton J. Goodman<br>**LEVIN, PAPANTONIO, THOMAS,**<br>    **MITCHELL, RAFFERTY &**<br>**PROCTOR, P.A.**<br>316 South Baylen Street, Suite 600<br>Pensacola, FL 32502<br>Phone: 850-435-7059<br>Fax: 850-435-7020<br>Email: bcash@levinlaw.com<br>Email: mschultz@levinlaw.com<br>Email: bgoodman@levinlaw.com | Attorneys for Plaintiff Lenore Miley |

2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Nathan M. Smith (Ca. Bar No. 255212)
**BROWN NERI SMITH & KHAN LLP**
11601 Wilshire Boulevard, Suite 2080
Los Angeles, California 90025
Phone: 310-593-9890
Fax: 310-593-9980
Email: nate@bnsklaw.com

[Additional Counsel Appear on Signature Page]

*Attorneys for Plaintiff Lenore Miley*

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| LENORE MILEY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BELKIN INTERNATIONAL INC.,<br><br>Defendant. | Case No.: 20STCV00033<br><br>**JOINT STATUS REPORT**<br><br>Judge:  Hon. Carolyn B. Kuhl<br>Dept.:  12<br><br>Complaint Filed:  January 2, 2020<br><br>Dept.:  12 |

Plaintiff Lenore Miley ("Plaintiff") and defendant Belkin International, Inc. ("Defendant") respectfully submit this joint status report in advance of the status conference scheduled for February 9, 2023.

**Plaintiff's: Position:**

As the Court is aware, a mediation was held on November 29, 2022, but no resolution was reached.  Now that the stay has been lifted, Plaintiff needs certain discovery in advance of a class certification motion.  Among other things, Defendant has raised concerns about the adequacy of the named Plaintiff.  While Plaintiff disputes that Ms. Miley is inadequate, in an abundance of caution, Plaintiff has been seeking one or more additional named plaintiffs to add to an amended pleading.  Efforts to do so, to date, have been unsuccessful.  For these reasons, Plaintiff has served discovery seeking the names and contact information of potential class members.  Plaintiff intends to use this information to serve *Belaire-West* notices.  It is entirely appropriate to engage in such discovery, and to serve such notices, in order to find new or additional named plaintiffs when there is a question regarding the adequacy of a named plaintiff. *See, e.g.*, *CashCall, Inc. v. Superior Court* (2008), 159 Cal. App. 4th 273, 278  (affirming order for "precertification discovery in a class action for the purpose of identifying class members who may become substitute plaintiffs in place of named plaintiffs who were not members of the class they purported to represent."); *Safeco Ins. Co. of America v. Superior Court* (2009), 173 Cal. App. 4th 814, 818 (affirming order "granting a motion by the plaintiffs' class representative [ ] for precertification discovery for the purpose of finding a new class representative."); *see also Williams v. Superior Court* (2017) 3 Cal.5th 531, 538 ("[T]he contact information of those a plaintiff purports to represent is routinely discoverable as an essential prerequisite to effectively seeking group relief, without any requirement that the plaintiff first show good cause.").

Such discovery and use of *Belaire-West* notices would also not be an abuse of the class procedure.  It cannot be reasonably argued that Plaintiff's claims were originally brought in bad faith.  *See Safeco*, 173 Cal. App. 4th at 834.  Moreover, any delay, in seeking leave to serve *Belaire-West* notices does not mean that the "the liberal policy in favor of allowing the amendment of a complaint necessarily must yield to their claim of prejudice." *Id.* at 835.  Of

1  course, the bulk of the delays in the action have been the result of Defendant's doomed motion

2  for summary judgment, which this Court denied.  Further, the substantial evidence supporting

3  Plaintiff's claims that were submitted in opposition to that motion further demonstrate that leave

4  to serve notices would be appropriate.  *Id*. at 834.  Additionally, the rights of putative class

5  members are substantial and majority of the putative class members would be left without a

6  remedy if this class action was dismissed without the opportunity to add a new named plaintiff.

7       Plaintiff expects Defendant to object to the production of the sought discovery, as well as

8  the service of *Belaire-West* notices.  This will necessitate a motion to compel discovery, as well

9  as a motion for leave to serve the notices. Putting aside the issue of adequacy, Plaintiff will be

10  able to present a strong motion for class certification, as demonstrated by the plethora of

11  evidence submitted in opposition to Defendant's denied motion for summary judgment.

12  However, Plaintiff needs to serve the *Belaire-West* notices and allow that process to run its

13  course before Plaintiff may be able to have a reasonable opportunity to amend her complaint to

14  add one or more additional named plaintiffs and file a class certification motion.

15       To accelerate this process to the extent possible -- assuming that Defendant does not

16  consent to the production of names and contact information for potential class members or to the

17  service of *Belaire-West* notices -- Plaintiff proposes that the Court permit Plaintiff to file motions

18  to compel and for leave to serve *Belaire-West* notice without having to wait for Defendant to

19  serve formal objections to the served discovery.

20       Finally, below, "Defendant's Position" misstates facts regarding the mediation.

21  Defendant's Position suggests that Plaintiff misled Defendant about whether a potential

22  resolution of the present action was within the scope of the mediation.  This is categorically

23  false.  As an initial matter, Belkin was represented in the mediation by a different law firm than

24  the one representing Belkin in the present action.  That other firm also represents Belkin in the

25  related action, *Gromov v. Belkin International, Inc*., Case No. 1:22-cv-6918 (N.D. Ill).  The

26  attorneys representing Belkin in the present action had nothing to do with the mediation and

27  appear to be unfamiliar with what actually transpired during the mediation.  This lack of first-

28

1   hand knowledge on the part of counsel appears to be the basis for the confusion demonstrated in

2   Defendant's Position, below.

3       Plaintiff is limited in what is permitted to be said regarding what occurred during the

4   mediation.  *See, e.g.,* Cal. Evid. Code §§ 1119, 1126, 1129.  We believe we can say the

5   following.  The stipulation the parties submitted to this Court stated that: "The mediation in this

6   other matter potentially could result in a nationwide settlement that would resolve the claims in

7   this California action."  That forward-looking statement was accurate.  Nevertheless,

8   Defendant's Position suggests that this statement was false because the complaint in *Gromov v.*

9   *Belkin International, Inc.*, Case No. 1:22-cv-6918 (N.D. Ill) only alleges an Illinois class and a

10  multi-state class (as opposed to a nationwide class).  However, the pleadings in *Gromov* would

11  not preclude a nationwide settlement.  They certainly would not preclude a resolution that

12  encompasses the claims in the present action.  Accordingly, there is no basis for the suggestion

13  that Plaintiff misrepresented the nature of the mediation or the purpose for the stay.

14

15  **Defendant's Position:**

16      Defendant intends to object to the discovery requests very belatedly propounded by

17  Plaintiff on January 31, 2023 on the grounds that Plaintiff's taking of pre-certification discovery

18  would constitute an abuse of class action procedures outweighing the rights of potential class

19  members under the circumstances. Defendant requests an opportunity to fully brief the issue of

20  pre-certification discovery before providing any substantive response to Plaintiff's requests.

21      Pre-certification discovery for the purpose of identifying a new class representative is

22  permissible *in certain circumstances*. *See CVS Pharmacy, Inc. v. Superior Court*, 241 Cal. App.

23  4th 300, 307-08 (2015). Because courts have found that precertification discovery presents the

24  potential for abuse of class action procedure, a trial court ruling on a motion to compel directed at

25  identifying potential class members must "expressly identify any potential abuses of the class

26  action procedure that may be created if the discovery is permitted and weigh the danger of such

27  abuses against the rights of the parties under the circumstances." *Id.* at 308 (quoting *Parris v.*

28  *Superior Court*, 109 Cal. App. 4th 285, 300-01 (2003) (internal quotations omitted)).

Here, even assuming Plaintiff in this matter qualifies as a party entitled to seek such discovery, application of the normal balancing test militates against permitting such discovery for at least three reasons, including that Plaintiff has had years to find an adequate Plaintiff. Moreover, Plaintiff's counsel has been specifically aware of Plaintiff Miley's inadequacy as a class representative at least since December 2, 2021, when her deposition was taken and she first concealed but then disclosed her multiple criminal convictions involving dishonesty and her failure to rely on any of the purported misleading labeling on the product. Plaintiff's counsel's unreasonable delay in finding or even seeking a suitable class representative over the intervening months has left Defendant subject to litigation and has resulted in the exact type of discovery abuse that Proposition 64 was meant to prevent—the use of Ms. Miley as a "placeholder" until they find a stand in for counsel's action.

Plaintiff's abuse also outweighs the rights of the potential class members because this class action is not the only avenue for relief. For instance, dissatisfied purchasers can simply return their power bank and ask for a refund. *See Cryoport Sys. v. CNA Ins. Cos.*, 149 Cal. App. 4th 627, 634 (2007). In fact, Defendant offered Miley a refund or replacement product prior to the filing of this lawsuit and Miley refused. August 2, 2019 letter from Belkin International, Inc. to Mr. Brenton Goodman. Further, Miley herself purchased the product from a Target, where she could have returned the product if she was dissatisfied. *See* Miley Depo. at 26:3-5.

In addition, Belkin believes that Plaintiff's counsel misled it in order to obtain other significant delays in the case, including delays of the Court's most recent deadline of November 4, 2022 to file a motion for class certification. On September 23, 2022, the parties filed a stipulation to stay this action pending pre-litigation mediation of a separate dispute involving a plaintiff named Dennis Gromov who raised claims "on behalf of a potential nationwide putative class," which Plaintiff's counsel represented "could result in a nationwide settlement that would resolve the claims in this California action, including that of Plaintiff." Stipulation to Stay Action Pending Mediation at 2. As Belkin counsel could only rely on Plaintiff's counsel's representation on what the *Gromov* action might entail, Belkin agreed to the proposed stay. The mediation occurred on November 29 and failed. On December 9, 2022, these same counsel filed their Complaint in the

*Gromov* action that did not include nationwide class allegations, the basis for Belkin's belief that a stay would be appropriate given that this action might be resolved by agreement or otherwise in an action asserting the existence of a nationwide class. Instead, the *Gromov* action only seeks to certify a class encompassing ten states, not including California. *Gromov v. Belkin Int'l, Inc.*, Compl. ¶ 77. In other words, Plaintiff's counsel obtained Belkin's consent to a four month stay of this action, by representing that the "potential nationwide putative class" in the *Gromov* matter could resolve this action.

As a result of all the foregoing, Defendant requests the re-institution of a firm deadline for Plaintiff to file the class certification motion. Plaintiff's lethargic prosecution of this case has resulted in undue delay and burden on Defendant. Defendant believes that a deadline for filing any motion for class certification of no later than March 17, 2023 is appropriate under the circumstances.

Dated: February 3, 2023                    Respectfully submitted,

                                           By:   */s/ Bradley F. Silverman*

                                           Greg Blankinship (admitted *pro hac vice*)
                                           Bradley Silverman (admitted *pro hac vice*)
                                           **FINKELSTEIN, BLANKINSHIP,**
                                           **FREI-PEARSON & GARBER, LLP**
                                           One North Broadway, Suite 900
                                           White Plains, NY 10601
                                           Phone: 914-298-3290
                                           Email: gblankinship@fbfglaw.com
                                           Email: bsilverman@fbfglaw.com

                                           Nathan M. Smith (Ca. Bar No. 255212)
                                           **BROWN NERI SMITH & KHAN LLP**
                                           11601 Wilshire Boulevard, Suite 2080
                                           Los Angeles, California 90025
                                           Phone: 310-593-9890
                                           Fax: 310-593-9980
                                           Email: nate@bnsklaw.com
                                           Email: sara@bnsklaw.com

1

William F. Cash III (admitted *pro hac vice*)
**LEVIN, PAPANTONIO, RAFFERTY,**
**PROCTOR, BUCHANAN, O'BRIEN, BARR &**
**MOUGEY, P.A.**
316 South Baylen Street, Suite 600
Pensacola, FL 32502
Phone: 850-435-7059
Fax: 850-435-7020
Email: bcash@levinlaw.com
Email: bgoodman@levinlaw.com

2

3

4

5

6

*Attorneys for Plaintiff*
*Lenore Miley*

7

8

9

By: ___*/s/ Sheldon Eisenberg*___
Sheldon Eisenberg (SBN 100626)
Nairi Shirinian (SBN 335909)
**Sullivan & Triggs, LLP**
1230 Montana Avenue, Suite 201
Santa Monica, CA 90403
Phone: (310) 451-8300
Fax: (310) 451-8303
Email: seisenberg@sullivantriggs.com
Email: nshirinian@sullivantriggs.com

10

11

12

13

14

*Attorneys for Defendant*
*Belkin International, Inc.*

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

   I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is Sullivan & Triggs, LLP, 1230 Montana Avenue, Suite 201, Santa Monica, California 90403.

   On **February 3, 2023**, I served the foregoing document described as **JOINT STATUS REPORT** on the interested parties in this action by transmitting a copy as follows:

        See Attached Service List

_X_ **By ELECTRONIC SERVICE** (I electronically served the foregoing with the Case Anywhere system which will send notification of such filing to counsel denoted on the attached Service List.)

\_\_\_\_ **By PERSONAL SERVICE**

   \_\_\_\_ by personally delivering such envelope to the addressee.

   \_\_\_\_ by causing such envelope to be delivered by messenger to the office of the addressee.

_X_ (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

\_\_\_\_ (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

   Executed on **February 3, 2023**, at Santa Monica, California.

     Shella Anderson
Name               Signature

1

Service List

| | |
|---|---|
| Nathan M. Smith (Ca. Bar No. 255212)<br>Nona Yegazarian (Ca. Bar No. 316458)<br>**BROWN NERI SMITH & KHAN LLP**<br>11601 Wilshire Boulevard, Suite 2080<br>Los Angeles, California 90025<br>Phone: 310-593-9890<br>Fax: 310-593-9980<br>Email: nate@bnsklaw.com<br>Email: nona@bnsklaw.com<br><br>D. Greg Blankinship<br>**FINKELSTEIN, BLANKINSHIP,**<br>   **FREI-PEARSON & GARBER, LLP**<br>445 Hamilton Ave, Suite 605<br>White Plains, NY 10601<br>Phone: 914-298-3290<br>Email: gblankinship@fbfglaw.com<br><br>William F. Cash<br>Matthew D. Schultz<br>Brenton J. Goodman<br>**LEVIN, PAPANTONIO, THOMAS,**<br>   **MITCHELL, RAFFERTY &**<br>**PROCTOR, P.A.**<br>316 South Baylen Street, Suite 600<br>Pensacola, FL 32502<br>Phone: 850-435-7059<br>Fax: 850-435-7020<br>Email: bcash@levinlaw.com<br>Email: mschultz@levinlaw.com<br>Email: bgoodman@levinlaw.com | Attorneys for Plaintiff Lenore Miley |

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

E-Served: Mar 15 2023 4:16PM PDT Via Case Anywhere

1  SHELDON EISENBERG (SBN 100626)
   seisenberg@sullivantriggs.com
2  COURTNEY ELGART (SBN 344360)
   celgart@sullivantriggs.com
3  NAIRI SHIRINIAN (SBN 335909)
   nshirinian@sullivantriggs.com
4  Sullivan & Triggs, LLP
   1230 Montana Avenue, Suite 201
5  Santa Monica, California 90403
   Telephone:    (310) 451-8300
6  Facsimile:    (310) 451-8303

7  Attorneys for Defendant
   BELKIN INTERNATIONAL, INC.

8

9

10                 **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

11                        **COUNTY OF LOS ANGELES**

12                        **CENTRAL JUDICIAL DISTRICT**

13

14  LENORE MILEY, individually and on behalf of     )   Case No.: 20STCV00033
    all others similarly situated,                  )
15                                                   )   ASSIGNED FOR ALL PURPOSES TO
                            Plaintiff,               )   HON. CAROLYN B. KUHL, DEPT.:12
16         v.                                        )
                                                     )   **DECLARATION OF NAIRI SHIRINIAN IN**
17  BELKIN INTERNATIONAL, INC.,                      )   **SUPPORT OF DEFENDANT'S OPPOSITION**
                                                     )   **TO PLAINTIFF'S MOTION FOR LEAVE TO**
18                          Defendant.               )   **CONDUCT *BELAIRE-WEST* NOTICES**
                                                     )
19                                                   )   [*Filed concurrently herewith: Opposition and*
                                                     )   *Memorandum of Points of Authorities*]
20                                                   )
                                                     )
21                                                   )   Complaint Filed:  January 2, 2020
                                                     )
22                                                   )   Hearing Date:  April 12, 2023
                                                     )   Hearing Time: 1:45
23  ─────────────────────────────────────           )   Dept.           12

24  \ \ \

25  \ \ \

26  \ \ \

27

28

                                                1

SULLIVAN &
TRIGGS, LLP
Attorneys at Law
Santa Monica

I, Nairi Shirinian, declare:

1.    I am an attorney of record for the Defendant Belkin International, Inc. in this action and am duly licensed to practice in this State of California. I am an associate at the law firm of Sullivan & Triggs, LLP. I respectfully submit this declaration in support of Defendant's opposition to Plaintiff's motion for relief under Code Civ. Proc. § 473(b). The following is based upon personal knowledge and if called as a witness, I could and would testify competently thereto.

2.    Plaintiff filed an untimely Motion to Compel discovery on February 28, 2022, nine months after Plaintiff initially served her discovery requests. The Court denied the motion on April 27, 2022 on the grounds that the motion was untimely. Plaintiff then filed a Motion for Relief and Renewed Motion to Compel Discovery on May 13, 2022. The Court denied these motions on July 20, 2022, on the grounds that Plaintiff failed to show that she was under a reasonable misconception which led to her failure to file a motion to compel discovery or seek an extension by stipulation within 45 days of Defendant's responses.

3.    Plaintiff's initial deadline to move for class certification was June 1, 2022. A true and correct copy of the Court's Minute Order dated October 1, 2021 is attached hereto as **Exhibit A**.

4.    On June 2, 2022, one day after Plaintiff's deadline to move for class certification, Plaintiff's counsel Bradley Silverman emailed Defendant's counsel about meeting and conferring on a class certification schedule. A true and correct copy of Mr. Silverman's email is attached hereto as **Exhibit B**.

5.    Plaintiff's deadline to file a motion for class certification was moved to November 4, 2022. On September 23, 2022, the parties filed a stipulation to stay this action pending pre-litigation mediation of a separate dispute involving a plaintiff named Dennis Gromov who raised claims "on behalf of a potential nationwide putative class," which Plaintiff's counsel represented "could result in a nationwide settlement that would resolve the claims in this California action, including that of Plaintiff." As Belkin's counsel could only rely on Plaintiff's counsel's representation on what the Gromov action might entail, Belkin agreed to the proposed stay. The mediation occurred on November 29 and failed. A true and correct copy of the parties' September 23, 2022 stipulation is attached hereto as **Exhibit C**.

6.    On December 9, 2022, Plaintiff's counsel filed their complaint in the Gromov action that

2

did not include nationwide class allegations, the basis for Belkin's belief that a stay would be appropriate given that this action might be resolved by agreement or otherwise in an action asserting the existence of a nationwide class. Instead, the Gromov action only seeks to certify a class encompassing ten states, not including California. *Gromov v. Belkin Int'l, Inc.*, Compl. ¶ 77.

7.     On August 2, 2019, Belkin offered Miley a refund or replacement product. Miley refused. A true and correct copy of Belkin's letter is attached hereto as **Exhibit D**.

8.     On January 29, 2021, Belkin produced the names, email addresses, and phone numbers of any customers who registered any kind of complaint directly to Belkin regarding Belkin's power banks. A true and correct copy of Belkin's production is attached hereto as **Exhibit E**.

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this 15th day of March 2023, at Glendale, California.

Nairi Shirinian

DECL. OF N. SHIRINIAN IN SUPPORT OF DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR
LEAVE TO CONDUCT *BELAIRE-WEST* NOTICES - Case No. 20STCV00033

SULLIVAN &
TRIGGS, LLP
Attorneys at Law
Santa Monica

# EXHIBIT A

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Spring Street Courthouse, Department 12

**20STCV00033**                                                October 1, 2021
**LENORE MILEY, et al. vs BELKIN INTERNATIONAL, INC.**              9:00 AM

Judge: Honorable Carolyn B. Kuhl          CSR: None
Judicial Assistant: L. M'Greene           ERM: None
Courtroom Assistant: D. McKinney          Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): William F. Cash LACourtConnect; Brenton J. Goodman LACourtConnect;

Bradley F. Silverman LACourtConnect -- See additional appearances below.

For Defendant(s): Sheldon Eliot Eisenberg LACourtConnect

Other Appearance Notes: Gillian Kuhlmann- LACourtConnect Defendant,

**NATURE OF PROCEEDINGS:** Status Conference

The matter is called for hearing.

The Court and counsel discuss taking the deposition of the plaintiff as a priority.

Discovery is bifurcated with discovery as to class certification first and priority to defendant's discovery on plaintiff's standing.

The Court will allow defendant to bring a motion on standing without further pre-pleading conference.

The Motion for Class Certification is to be filed by 6/1/2022.

Non-Appearance Case Review re: Filing of Class Certification Motion is scheduled for 06/08/2022 at 04:30 PM in Department 12 at Spring Street Courthouse.

The parties shall meet and confer with regard to a briefing schedule for the Motion for Class Certification and when ready, the parties shall call court staff for a hearing date consistent with the agreed briefing schedule.

Further Status Conference is scheduled for 12/07/2021 at 11:00 AM in Department 12 at Spring Street Courthouse.

A Joint Status Report is to be filed five days prior to the hearing.

Notice is waived.

---

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Spring Street Courthouse, Department 12

**20STCV00033**                                                              October 1, 2021
**LENORE MILEY, et al. vs BELKIN INTERNATIONAL, INC.**                         9:00 AM

Judge: Honorable Carolyn B. Kuhl              CSR: None
Judicial Assistant: L. M'Greene               ERM: None
Courtroom Assistant: D. McKinney              Deputy Sheriff: None

Additional appearance for Plaintiff(s):
Nathan Michael Smith LACourtConnect

---

Minute Order                                                                Page 2 of 2

**EXHIBIT B**

**From:** Bradley Silverman
**Sent:** Thursday, June 2, 2022 7:28 PM
**To:** Sheldon Eisenberg <seisenberg@sullivantriggs.com>
**Cc:** Greg Blankinship <gblankinship@FBFGLaw.com>; Bill Cash <bcash@levinlaw.com>; Nate Smith <nate@bnsklaw.com>; Scott Warrick <swarrick@levinlaw.com>
**Subject:** Miley v. Belkin

Sheldon:

It was good to speak with you. As we discussed on the phone, given the pending motion to compel, I am proposing a revised schedule with a November 1 deadline for a class certification motion. The hearing on the pending motion is July 18. The proposed schedule would give us about 3 months to complete discovery. We are happy to give you as much time as you want for your opposition papers.

Thank you,

Brad


Bradley F. Silverman
Finkelstein, Blankinship, Frei-Pearson & Garber, LLP
One North Broadway, Suite 900
White Plains, New York 10601
Tel: 914-298-3282 | Fax: 914-298-3282
bsilverman@fbfglaw.com

# EXHIBIT C

Electronically Received 09/26/2022 12:00 AM
Electronically Received 09/26/2022 12:00 AM

Nathan M. Smith (Ca. Bar No. 255212)
**BROWN NERI SMITH & KHAN LLP**
11601 Wilshire Boulevard, Suite 2080
Los Angeles, California 90025
Phone: 310-593-9890
Fax: 310-593-9980
Email: nate@bnsklaw.com

**FILED**
Superior Court of California
County of Los Angeles

09/29/2022

Sherri R. Carter, Executive Officer / Clerk of Court

By: _____ L. M'Greené _____ Deputy

[Additional Counsel Appear on Signature Page]

*Attorneys for Plaintiff Lenore Miley*

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| LENORE MILEY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BELKIN INTERNATIONAL INC.,<br><br>Defendant. | Case No.: 20STCV00033<br><br>**STIPULATION TO STAY ACTION PENDING MEDIATION; [PROPOSED] ORDER THEREON**<br><br>Judge:  Hon. Carolyn B. Kuhl<br>Dept.:  12<br><br>Complaint Filed:  January 2, 2020 |

Plaintiff Lenore Miley ("Plaintiff") and Defendant Belkin International, Inc. ("Defendant") (collectively the "Parties") respectfully request that the Court stay the action in its entirety through and including December 15, 2022, in order to afford time for completion of private mediation. As good cause in support thereof, the Parties state as follows:

1. Plaintiff filed a Complaint on January 2, 2020. The Parties have litigated this action since that time, including Defendant's filing of an Answer to the Complaint on or about March 23, 2022.

2. In a separate dispute, a potential plaintiff, Dennis Gromov, raised claims against Defendant on behalf of a potential nationwide putative class that are similar to those alleged in this action. Defendant has agreed to mediate that dispute.

3. Those parties are working towards and intend to schedule mediation to take place in November 2022.

4. The mediation in this other matter potentially could result in a nationwide settlement that would resolve the claims in this California action, including that of Plaintiff.

5. All counsel for Plaintiff are involved in the other matter involving Mr. Gromov. However, Belkin's counsel in this California action are not directly involved in the mediation of the other dispute.

6. Plaintiff's deadline to file a motion for class certification is November 4, 2022.

7. The Court has scheduled a non-appearance case review for November 12, 2022.

WHEREFORE, in the interest of conserving judicial resources and party resources, the Parties respectively request that the action be stayed in its entirety until following the completion of the aforementioned mediation. The Parties are willing to provide a joint status report to the Court concerning the outcome of mediation by December 8, 2022.

1  Dated: September 23, 2022

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

By: ___/s/ Nathan Smith_____
Nathan M. Smith (Ca. Bar No. 255212)
**BROWN NERI SMITH & KHAN LLP**
11601 Wilshire Boulevard, Suite 2080
Los Angeles, California 90025
Phone: 310-593-9890
Fax: 310-593-9980
Email: nate@bnsklaw.com
Email: sara@bnsklaw.com

Greg Blankinship (admitted *pro hac vice*)
Bradley Silverman (admitted *pro hac vice*)
**FINKELSTEIN, BLANKINSHIP,**
**FREI-PEARSON & GARBER, LLP**
One North Broadway, Suite 900
White Plains, NY 10601
Phone: 914-298-3290
Email: gblankinship@fbfglaw.com
Email: bsilverman@fbfglaw.com

William F. Cash III (admitted *pro hac vice*)
Brenton J. Goodman (admitted *pro hac vice*)
**LEVIN, PAPANTONIO, RAFFERTY,**
**PROCTOR, BUCHANAN, O'BRIEN, BARR &**
**MOUGEY, P.A.**
316 South Baylen Street, Suite 600
Pensacola, FL 32502
Phone: 850-435-7059
Fax: 850-435-7020
Email: bcash@levinlaw.com
Email: bgoodman@levinlaw.com

*Attorneys for Plaintiff*
*Lenore Miley*

By: ___/s/ Sheldon Eisenberg___
Sheldon Eisenberg (SBN 100626)
Nairi Shirinian (SBN 335909)
**Sullivan & Triggs, LLP**
1230 Montana Avenue, Suite 201
Santa Monica, CA 90403
Phone: (310) 451-8300
Fax: (310) 451-8303
Email: seisenberg@sullivantriggs.com
Email: nshirinian@sullivantriggs.com

*Attorneys for Defendant*
*Belkin International, Inc.*

# [PROPOSED] **ORDER**

Having considered the Parties' stipulation to stay the action pending mediation, and finding good cause, the Court stays the action in its entirety through December 15, 2022, and orders the Parties to file a joint status report concerning the outcome of mediation no later than December 8, 2022.

IT IS SO ORDERED.

Dated: ___09/29/2022___, 2022

_____

Carolyn B. Kuhl / Judge

~~HON. KAREN B. KUHL~~

SUPERIOR COURT JUDGE

# EXHIBIT D



Belkin International, Inc.
12045 E. Waterfront Drive
Playa Vista, California 90094

August 2, 2019

VIA OVERNIGHT COURIER

Mr. Brenton Goodman
Levin Papantonio Thomas Mitchell Rafferty & Proctor P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502

Re: _Notice and Demand for Corrective Action Dated June 7, 2019_

Dear Mr. Goodman:

This letter is in response to your letter dated June 7, 2019 to Belkin International, Inc., relating to the Belkin Model F7U020 portable charger ("Portable Charger") purchased by Lenore Miley.

Belkin has been in business for over 35 years and we strive to offer the best quality products available. This is a result of our longstanding commitment to quality, which is why we offer a 2-year warranty on all our Portable Charger products.

The mAh number on each of Belkin's Portable Chargers indicates the battery cell capacity of the battery inside the Portable Charger. This refers to maximum battery cell capacity, and the battery inside the Portable Charger has been tested and certified to this capacity. It is an industry standard to list the cell capacity of the battery on the product, and this listed mAh is required for regulatory and transportation safety reasons. The battery cell capacity is not an indication of the actual mAh the average consumer will achieve under normal use conditions. Rather, actual results will vary depending on storage conditions, battery degradation over time, and other factors during use such as temperature, connected cables, discharge rate, and types of devices being charged. For more information on portable chargers and how they work, see https://www.belkin.com/us/Resource-Center/portable-charging/.

Our records show that less than 1% of all Belkin customer support calls relating to Portable Chargers mention anything related to mAh, or Milliamp Hours. Most of our customers are very satisfied with their Belkin Portable Chargers.

If a Belkin customer is not satisfied with her Portable Charger and has a Belkin-certified Portable Charger (i.e., purchased from an authorized Belkin reseller and not counterfeit), Belkin stands behind its 2-year warranty. We searched our records, and based on the information you provided, it does not appear that Ms. Miley has contacted our customer support team about the Portable Charger product she bought. The Model F7U020 Portable Charger purchased in the summer of 2017 according to your letter may still be under warranty. As your letter is dated June 7, 2019, we will honor this product's warranty even if the 2-year warranty has expired. If Ms. Miley is not happy with this product, she can contact our customer support team for a refund or replacement product, and our team would be glad to help her.

We would also be willing to review any mAh tests you may have conducted, although we caution that these types of test results can vary widely based on testing conditions and individual use of the particular product tested.

Please feel free to contact me at 949-238-4508 or Anilisa.Lunger@belkin.com with any questions you may have about this matter.


Very truly yours,

Anilisa Lunger
Deputy General Counsel
Belkin International, Inc.

# EXHIBIT E

Case: 10280212 ~ Salesforce - Unlimited Edition          https://belkin my.salesforce.com/50034000016EGan/p?retURL=/50034...



- Close Window
- Print This Page

## Case: 10280212

### Customer

| | | | |
|---|---|---|---|
| **Account Name** | Amie Rampton | **Contact Phone** | 0226498837 |
| **Contact Name** | Amie Rampton | **Contact Email** | amie@ramptons.net |
| **Asset** | P-F7U020 \| POCKET POWER 10000 | **Theatre** | ANZ |
| **Hot On hand** | 0 | | |
| **Available Inventory** | 0 | | |
| **Multiple CR's to same details** | ☐ | | |
| **Multiple SORMA's to same details** | ☐ | | |

### Case Details

| | | | |
|---|---|---|---|
| **Subject** | BelkinChat_ProductFeatures_F7U020 | | |
| **Case Owner** | Robert Anthony Lamata Gerochi [Change] | **Case Number** | 10280212 [View Hierarchy] |
| **Status** | Resolved | **Parent Case** | |
| **Sales Order Number** | | **progress field** | |
| **WebEx Session ID** | | **Case Record Type** | Belkin Tech Support [Change] |
| | | **Case Origin** | Chat |
| **IR Number** | | | |

### Service Offerings Detail

| | | | |
|---|---|---|---|
| **Hardware Warranty Status** | | **Entitlement** | |
| **Complimentary Assisted Support** | | **Subscription Return Call** | ☐ |
| **Service Offerings** | | **Coupon Provided** | |
| **Agent Assist PIN** | | **Coupon Code** | |
| **Referral Programs** | | **Coupon Amount** | |

### Problem Identification

| | | | |
|---|---|---|---|
| **Initial Installation** | ☐ | **Brand** | Belkin |
| **Problem Category** | Product Features Question | **Grief Reason** | |
| | | **ISP** | |
| | | **ISP Other** | |
| **Description** | | | |

### Solution

CONFIDENTIAL

1/28/2021, 4:39 PM

BELKIN_000256

Case: 10280212 ~ Salesforce - Unlimited Edition                    https://belkin.my.salesforce.com/50034000016EGan/p?retURL=/50034...

| | | | |
|---|---|---|---|
| **TS Problem Category Level1** | General Processes | **CS Problem Category Level1** | |
| **TS Problem Category Level2** | Inquiry Calls | **CS Problem Category Level2** | |
| **TS Problem Category Level3** | Product Features Question | **CS Problem Category Level3** | |
| **TS Solution Category** | Resolved | **CS Solution Category** | |
| **Escalation Reason** | | | |
| **Escalation Priority** | | **Mis Transferred Reason** | |
| **Bubble Up** | ☐ | **Escalation Notes** | |
| **Category** | | **Disconnected in the Middle of TS** | ☐ |
| **Escalated** | ☐ | | |

---

### CSAT Information

| | | | |
|---|---|---|---|
| **Q1 - Rate Support Experience** | | **Q3 - Number of Contacts to Resolve** | |
| **Q2 - Issue Resolved?** | | **Q4 - NPS** | |
| **Survey Recorded Date** | | | |

---

### System Information

| | | | |
|---|---|---|---|
| **Created By** | Live Agent Belkin Site Guest User, 10/15/2018 2:44 PM | **Last Modified By** | Robert Anthony Lamata Gerochi, 10/17/2018 4:18 PM |
| **Category - Solution** | Resolved | **Status** | Resolved |
| | | **Priority** | Medium |

---

## Activity History
### Initial Call

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

| | |
|---|---|
| **Task** | ✓ |
| **Assigned To** | Robert Anthony Lamata Gerochi |
| **Sent Connection Name** | [Manage Connections] |
| **Last Modified Date/Time** | 10/15/2018 3:04 PM |
| **Call Object Identifier** | |
| **Comments** | **CX disconnected chat before TS was able to closing spiel**

---

**Skip to main contentContent Starts Here**
**Chat session ended by visitor.**
**Robert Anthony Lamata G**
**Hello Amie Rampton. My name is Robert Anthony Lamata.**
**Thank you for choosing Belkin chat support. Is this your first time to contact Belkin or do you have a case number?05:49:14**

**Amie Rampton**
**first time05:50:03**

**Robert Anthony Lamata G**
**Hello, Amie. Let us create a case record for you.05:51:15**

**Email amie@ramptons.net**
**FirstName Amie** |

**CONFIDENTIAL**                                          **BELKIN_000257**

LastName Rampton
Phone 0226498837

Is the information correct?05:51:25

Amie Rampton
yes05:51:37

I purchases a Belkin pocket power 10k and have used it a few times. On the box it says charges up to 3 times But I struggle to get twice. On the rear of the box it also says 10,000mAh cell capacity. However on the product it says there is only 6,070mAh cell capacity. Surely this isnt correct?05:51:45

Robert Anthony Lamata G
Your case number is 10280212.

For quality assurance purposes, you will be receiving a survey regarding your service experience today.

May I have the part number of your product? It is usually located on the receipt or on top of the bar code which is located at the bottom part of the box. It starts with F, or if purchased from the Apple Store, it starts with H.05:52:48

Amie Rampton
F7U020btSLV05:53:16

Robert Anthony Lamata G
When and where was this purchased?05:53:34

Amie Rampton
September 30 from Auckland duty free05:54:02

Robert Anthony Lamata G
Thank you.05:55:33

May I know the model of the device you are using on the power bank?05:55:48

Amie Rampton
Samsung S805:56:07

Robert Anthony Lamata G
Thank you.05:57:34

The Belkin promise to deliver the highest quality products translates to the way we conduct testing. We commissioned third party labs to test our power banks and are legally required as a global company to communicate the product's full spectrum of capacity. Its maximum capacity is on package and its minimum capacity is noted in fine print on the product. The minimum capacity is also known as the "rated capacity" and is our way of testing products under the most extreme conditions to ensure that they operate above and beyond the industry standard.05:58:13

Amie Rampton
so then the minimum is 6070mAh05:59:09

?05:59:10

Robert Anthony Lamata G
Yes, the minimum mAh is 6070 mAh.05:59:34

## Chat Transcripts
01659308



| End Time | 10/15/2018 2:59 PM |
| Status | Completed |

CONFIDENTIAL

## Case History

### Status

| | |
|---|---|
| Old Value | **New** |
| New Value | **Resolved** |
| Start Time | **10/15/2018 3:03 PM** |
| End Time | |
| Elapsed Time (days) | |
| Created By | **Robert Anthony Lamata Gerochi, 10/15/2018 3:03 PM** |
| Created Date | **10/15/2018** |
| Case History Number | **CH-40668946** |

### Case Type

| | |
|---|---|
| Old Value | |
| New Value | **Customer Service** |
| Start Time | **10/15/2018 3:00 PM** |
| End Time | |
| Elapsed Time (days) | |
| Created By | **Robert Anthony Lamata Gerochi, 10/15/2018 3:00 PM** |
| Created Date | **10/15/2018** |
| Case History Number | **CH-40668842** |

### Owner

| | |
|---|---|
| Old Value | **Live Agent Belkin Site Guest User** |
| New Value | **Robert Anthony Lamata Gerochi** |
| Start Time | **10/15/2018 2:55 PM** |
| End Time | |
| Elapsed Time (days) | |
| Created By | **Robert Anthony Lamata Gerochi, 10/15/2018 2:55 PM** |
| Created Date | **10/15/2018** |
| Case History Number | **CH-40668733** |

### Owner

| | |
|---|---|
| Old Value | ▆▆▆▆▆ |
| New Value | **Live Agent Belkin Site Guest User** |
| Start Time | **10/15/2018 2:44 PM** |
| End Time | **10/15/2018 2:55 PM** |
| Elapsed Time (days) | **0** |
| Created By | **Live Agent Belkin Site Guest User, 10/15/2018 2:44 PM** |
| Created Date | **10/15/2018** |
| Case History Number | **CH-40668474** |

### Status

| | |
|---|---|
| ▆▆▆▆▆ | ▆▆▆▆▆ |
| Start Time | **10/15/2018 2:44 PM** |
| End Time | **10/15/2018 3:03 PM** |
| Elapsed Time (days) | **0** |
| Created By | **Live Agent Belkin Site Guest User, 10/15/2018 2:44 PM** |
| Created Date | **10/15/2018** |
| Case History Number | **CH-40668475** |

**CONFIDENTIAL**

1/28/2021, 4:39 PM

**BELKIN_000259**

Copyright © 2000-2021 salesforce.com, inc. All rights reserved.

CONFIDENTIAL                                BELKIN_000260

Case: 08987826 ~ Salesforce - Unlimited Edition                    https://belkin.my.salesforce.com/5003400000zoE0r/p?retURL=/500340...



- Close Window
- Print This Page

## Case: 08987826

| Customer | | | |
|---|---|---|---|
| **Account Name** | Erik Young | **Contact Phone** | 8178055653 |
| **Contact Name** | Erik Young | **Contact Email** | erik.young@mac.com |
| **Asset** | P-F7U020 \| POCKET POWER 10000 | **Theatre** | NA |
| **Hot On hand** | 0 | | |
| **Available Inventory** | 0 | | |
| **Multiple CR's to same details** | ☐ | | |
| **Multiple SORMA's to same details** | ☐ | | |

| Case Details | | | |
|---|---|---|---|
| **Subject** | Belkin Chat_INQ_F7U020_General Inquiry | | |
| **Case Owner** | Jesslyn Ponraj [Change] | **Case Number** | 08987826 [View Hierarchy] |
| **Status** | Resolved | **Parent Case** | |
| **Sales Order Number** | | **progress field** | |
| **WebEx Session ID** | | **Case Record Type** | Belkin Tech Support [Change] |
| | | **Case Origin** | Chat |
| **IR Number** | | | |

| Service Offerings Detail | | | |
|---|---|---|---|
| **Hardware Warranty Status** | Not Eligible | **Entitlement** | |
| **Complimentary Assisted Support** | Not Eligible | **Subscription Return Call** | ☐ |
| **Service Offerings** | Declined - No Support Provided | **Coupon Provided** | |
| **Agent Assist PIN** | | **Coupon Code** | |
| **Referral Programs** | | **Coupon Amount** | |

| Problem Identification | | | |
|---|---|---|---|
| **Initial Installation** | ☐ | **Brand** | Belkin |
| **Problem Category** | Product Specification Request | **Grief Reason** | |
| | | **ISP** | |
| | | **ISP Other** | |
| **Description** | | | |

| Solution | | | |
|---|---|---|---|

**CONFIDENTIAL**

1/28/2021, 4:24 PM

**BELKIN_000261**

Case: 08987826 ~ Salesforce - Unlimited Edition                    https://belkin my.salesforce.com/5003400000zoE0r/p?retURL=/500340...

| | | | |
|---|---|---|---|
| **TS Problem Category Level1** | General Processes | **CS Problem Category Level1** | |
| **TS Problem Category Level2** | Inquiry Calls | **CS Problem Category Level2** | |
| **TS Problem Category Level3** | Product Specification Request | **CS Problem Category Level3** | |
| **TS Solution Category** | Resolved | **CS Solution Category** | |
| **Escalation Reason** | | | |
| **Escalation Priority** | | **Mis Transferred Reason** | |
| **Bubble Up** | ☐ | **Escalation Notes** | |
| **Category** | | **Disconnected in the Middle of TS** | ☐ |
| **Escalated** | ☐ | | |

---

### CSAT Information

| | | | |
|---|---|---|---|
| **Q1 - Rate Support Experience** | | **Q3 - Number of Contacts to Resolve** | |
| **Q2 - Issue Resolved?** | | **Q4 - NPS** | |
| **Survey Recorded Date** | | | |

---

### System Information

| | | | |
|---|---|---|---|
| **Created By** | Live Agent Belkin Site Guest User, 12/4/2017 9:15 AM | **Last Modified By** | Jesslyn Ponraj, 12/4/2017 9:33 AM |
| **Category - Solution** | Resolved | **Status** | Resolved |
| | | **Priority** | Medium |

---

## Activity History
### Initial Call

| | |
|---|---|
| ██████████████ | |
| **Task** | ✔ |
| **Assigned To** | Jesslyn Ponraj |
| **Sent Connection Name** | [Manage Connections] |
| **Last Modified Date/Time** | 12/4/2017 9:32 AM |
| **Call Object Identifier** | |
| **Comments** | Skip to main contentContent Starts Here<br>**End Chat**<br>Chat session ended by visitor.<br>Jesslyn P<br>Hello Erik Young. My name is Jesslyn.<br>Thank you for choosing Belkin chat support. Is this your first time to contact Belkin or do you have a case number?22:46:47<br>Erik Young<br>First contact22:46:57<br>Jesslyn P<br>How may I help you today?22:47:27<br>Erik Young<br>I purchased the Belkin 10,000mAh battery pack F7U020btBLK22:47:28<br>The print on the back of the battery pack states Cell capacity of 6070 mAh, though22:47:59<br>Jesslyn P<br>Okay Erik22:48:32<br>So, You're unable to charge your mobile. Right?22:49:36 |

**CONFIDENTIAL**

Erik Young
It's working. Concerned about the difference in what is stated on the box, vs what is stated on the battery pack iteself22:50:58
Jesslyn P
Not to worry, I understand your concern. I would do my best to assist you with the issue.22:51:19
Before we proceed, please confirm if the following information is correct so that I can create a case for your issue:

Name:Erik Young
Phone no.:8178055653
Location: United States
Email address:erik.young@mac.com22:51:37
Erik Young
Yes22:51:59
Jesslyn P
Thank you for verifying your information.22:52:06
For quality assurance purposes, you may be selected to receive a survey regarding your service experience.22:52:22
Please make a note of this case number:0898782622:52:29
In order to check the entitlement status of your device, please confirm the product details.

Model Number:F7U02022:52:40
Erik Young
That's correct22:53:25
Jesslyn P
Thank you22:53:28
http://www.belkin.com/us/F7U020/p/P-F7U020/22:53:30
Please click on that link and it is for your reference22:53:50
In our website it shows as 10,000mAh battery pack22:54:11
Erik Young
Yes, but the printing on the actual battery pack says 6070 mAh22:54:41
Jesslyn P
Since I have checked from my end it shows as 10,000MAh. So since we are from technical team I will help you with the dedicated support team number and they will help you in this22:57:06
Please do contact our Customer support with Toll free number (1800-223-5546) followed by an IVR Option 4 followed by 2. They can help you further with this issue.22:58:13
Their working time is 6 AM to 8 PM Monday through Friday PST and 8 AM to 5 PM PST on Saturday.22:58:19
Send

## Chat Transcripts
**01446468**

| Start Time | **12/4/2017 9:16 AM** |
| --- | --- |
| End Time | **12/4/2017 9:30 AM** |
| Status | **Completed** |

Copyright © 2000-2021 salesforce.com, inc. All rights reserved.

**CONFIDENTIAL**                    **BELKIN_000263**

Case: 09198060 ~ Salesforce - Unlimited Edition          https://belkin.my.salesforce.com/50034000010dlFd/p?retURL=/500340...



- Close Window
- Print This Page

## Case: 09198060

### Customer

| | | | |
|---|---|---|---|
| **Account Name** | Fritzh Gelvezon | **Contact Phone** | (778) 676-7172 |
| **Contact Name** | Fritzh Gelvezon | **Contact Email** | fritzhie1987@gmail.com |
| **Web Email** | fritzhie1987@gmail.com | **Theatre** | NA |
| **Asset** | P-F7U020 | POCKET POWER 10000 | | |
| **Hot On hand** | 0 | | |
| **Available Inventory** | 0 | | |
| **Multiple CR's to same details** | ☐ | | |
| **Multiple SORMA's to same details** | ☐ | | |

### Case Details

| | | | |
|---|---|---|---|
| **Subject** | Question about the real capacity of my powerbank | | |
| **Case Owner** | Klaudette Soroño [Change] | **Case Number** | 09198060 [View Hierarchy] |
| **Status** | Resolved | **Parent Case** | |
| **Sales Order Number** | | **progress field** | |
| **WebEx Session ID** | | **Case Record Type** | Social Media [Change] |
| | | **Case Origin** | Email |
| **IR Number** | | | |

### Service Offerings Detail

| | | | |
|---|---|---|---|
| **Hardware Warranty Status** | | **Entitlement** | |
| **Complimentary Assisted Support** | | **Subscription Return Call** | ☐ |
| **Service Offerings** | | **Coupon Provided** | |
| **Agent Assist PIN** | | **Coupon Code** | |
| **Referral Programs** | | **Coupon Amount** | |

### Problem Identification

| | | | |
|---|---|---|---|
| **Initial Installation** | ☐ | **Brand** | Belkin |
| **Problem Category** | Product Features Question | **Grief Reason** | |
| | | **ISP** | |
| | | **ISP Other** | |
| **Description** | Hi belkin so i purchased this 10,000 mah battery at the source here in canada hoping to get more juice for my gadgets but unfortunately i noticed some irregularities with the fine print at the back of your powerbank. | | |

CONFIDENTIAL

1/28/2021, 4:32 PM

BELKIN_000264

https://belkin.my.salesforce.com/50034000010dlFd/p?retURL=/500340...

Because it only says there that it only has 6070 mah capacity. Not 10,000.
Any explanations about this? I attached some pictures from the powerbank
itself for you reference.

## Solution

| | | | |
|---|---|---|---|
| **TS Problem Category Level1** | General Processes | **CS Problem Category Level1** | |
| **TS Problem Category Level2** | Inquiry Calls | **CS Problem Category Level2** | |
| **TS Problem Category Level3** | Product Features Question | **CS Problem Category Level3** | |
| **TS Solution Category** | | | |
| **Escalation Reason** | | **CS Solution Category** | |
| **Escalation Priority** | | **Mis Transferred Reason** | |
| **Bubble Up** | ☐ | **Escalation Notes** | |
| **Category** | | **Disconnected in the Middle of TS** | ☐ |
| **Escalated** | ☐ | | |

## CSAT Information

| | | | |
|---|---|---|---|
| **Q1 - Rate Support Experience** | | **Q3 - Number of Contacts to Resolve** | |
| **Q2 - Issue Resolved?** | | **Q4 - NPS** | |
| **Survey Recorded Date** | | | |

## System Information

| | | | |
|---|---|---|---|
| **Created By** | Utility Account, 1/14/2018 12:50 AM | **Last Modified By** | Utility db Account, 7/9/2018 1:43 PM |
| **Category - Solution** | | **Status** | Resolved |
| | | **Priority** | TBD |

## Activity History

**Email: RE: Question about the real capacity of my powerbank [ ref:_00D306e4T._5003410dlFd:ref ]**

| | |
|---|---|
| **Task** | ✓ |
| **Assigned To** | **Klaudette Soroño** |
| **Sent Connection Name** | **[Manage Connections]** |
| **Last Modified Date/Time** | **1/16/2018 8:29 AM** |
| **Call Object Identifier** | |
| **Comments** | **Additional To:** fritzhie1987@gmail.com<br>**CC:**<br>**BCC:** klaudette.sorono@concentrix.com<br>**Attachment:**<br><br>**Subject: RE: Question about the real capacity of my powerbank [ ref:_00D306e4T._5003410dlFd:ref ]**<br>**Body:**<br>Hi, Fritzh,<br><br>We understand. Please circle back should you encounter the same issue (or other concerns) with the replacement unit. We'll be right here. |

**CONFIDENTIAL**

1/28/2021, 4:32 PM

**BELKIN_000265**

Regards,

Belkin Support
www.belkin.com

--------------- Original Message ---------------
From: Fritzh Gelvezon [fritzhie1987@gmail.com]
Sent: 1/16/2018 6:50 AM
To: belkincares@belkin.com
Subject: RE: Question about the real capacity of my powerbank [ ]

Yup i know its possible to return it to the store because they got 15 day
return policy. but im pretty sure that im still gonna get the same cosmetic
problem at the back of the powerbank. there is actually no problem with the
powerbank because its working good. but im kinda dissapointed at first when
i saw that im only paying for 6070mah instead of 10000mah. well im just
addressing the problem to you guys. and you already got the response so it
seems that its a valid reason to me. thank you and have a wonderful day.

On Jan 16, 2018 6:41 AM, "BelkinCares@belkin.com" <belkincares@belkin.com>
wrote:

> Hello, Fritzh,
>
> That's noted. It seems that the unit is still within the store's return
> policy. Would it be possible to have it replaced from them first? Should
> you encounter troubles in doing so, let us know right away.
>
> Regards,
>
> Belkin Support
> http://www.belkin.com
>
> --------------- Original Message ---------------
> From: Fritzh Gelvezon [fritzhie1987@gmail.com]
> Sent: 1/16/2018 6:22 AM
> To: belkincares@belkin.com
> Subject: RE: Question about the real capacity of my powerbank [ ]
>
> Good day Belkin.
> Happy New Year as well. thanks for your quick response. i already attached
> a photo of my receipt from The Source and here is my shipping address. 841
> Cecil Blogg Dr. Victoria British Columbia, Canada. Postal Code is V9C3H8.
> my contact number is 778-6767172.
> On Jan 15, 2018 10:40 AM, "BelkinCares@belkin.com" <belkincares@belkin.com
> >
> wrote:
>
> > Hello, Fritzh,
> >
> > Happy new year!
> >
> > Thank you for reaching out to us. We agree that the incident that you
> have
> > reported seems to be a cosmetic issue. May we have the receipt? Provide
> us
> > your contact number and shipping address too so we can complete your
> record
> > in our system.
> >
> > We'll be waiting for your response.
> >
> > Regards,
> >
> > Belkin Support
> > http://www.belkin.com

CONFIDENTIAL

BELKIN_000266

```
> >
> > --------------- Original Message ---------------
> > From: Fritzh Gelvezon [fritzhie1987@gmail.com]
> > Sent: 1/14/2018 12:49 AM
> > To: belkincares@belkin.com
> > Subject: Question about the real capacity of my powerbank
> >
> > Hi belkin so i purchased this 10,000 mah battery at the source here in
> > canada hoping to get more juice for my gadgets but unfortunately i
> noticed
> > some irregularities with the fine print at the back of your powerbank.
> > Because it only says there that it only has 6070 mah capacity. Not
> 10,000.
> > Any explanations about this? I attached some pictures from the powerbank
> > itself for you reference.
> >
> >
>
>
ref:_00D306e4T._5003410dlFd:ref
```

**Email: RE: Question about the real capacity of my powerbank [ ref:_00D306e4T._5003410dlFd:ref ]**

|  |  |
|---|---|
| Name | Fritzh Gelvezon |
| Task | ✓ |
| Assigned To | Klaudette Soroño |
| Sent Connection Name | **[Manage Connections]** |
| Last Modified Date/Time | 1/16/2018 6:41 AM |
| Call Object Identifier | |
| Comments | |

**Additional To:** fritzhie1987@gmail.com
**CC:**
**BCC:** klaudette.sorono@concentrix.com
**Attachment:**

**Subject:** RE: Question about the real capacity of my powerbank [
ref:_00D306e4T._5003410dlFd:ref ]
**Body:**
Hello, Fritzh,

That's noted. It seems that the unit is still within the store's return policy. Would it be possible to
have it replaced from them first? Should you encounter troubles in doing so, let us know right
away.

Regards,

Belkin Support
www.belkin.com

--------------- Original Message ---------------
From: Fritzh Gelvezon [fritzhie1987@gmail.com]
Sent: 1/16/2018 6:22 AM
To: belkincares@belkin.com
Subject: RE: Question about the real capacity of my powerbank [ ]

Good day Belkin.
Happy New Year as well. thanks for your quick response. i already attached
a photo of my receipt from The Source and here is my shipping address. 841
Cecil Blogg Dr. Victoria British Columbia, Canada. Postal Code is V9C3H8.
my contact number is 778-6767172.

On Jan 15, 2018 10:40 AM, "BelkinCares@belkin.com" <belkincares@belkin.com>
wrote:

> Hello, Fritzh,
>
> Happy new year!

CONFIDENTIAL          BELKIN_000267

> 
> Thank you for reaching out to us. We agree that the incident that you have
> reported seems to be a cosmetic issue. May we have the receipt? Provide us
> your contact number and shipping address too so we can complete your record
> in our system.
>
> We'll be waiting for your response.
>
> Regards,
>
> Belkin Support
> http://www.belkin.com
>
> -------------- Original Message ---------------
> From: Fritzh Gelvezon [fritzhie1987@gmail.com]
> Sent: 1/14/2018 12:49 AM
> To: belkincares@belkin.com
> Subject: Question about the real capacity of my powerbank
>
> Hi belkin so i purchased this 10,000 mah battery at the source here in
> canada hoping to get more juice for my gadgets but unfortunately i noticed
> some irregularities with the fine print at the back of your powerbank.
> Because it only says there that it only has 6070 mah capacity. Not 10,000.
> Any explanations about this? I attached some pictures from the powerbank
> itself for you reference.
>
>
ref:_00D306e4T._5003410dlFd:ref

**Email: RE: Question about the real capacity of my powerbank [ ref:_00D306e4T._5003410dlFd:ref ]**

| | |
|---|---|
| Name | |
| Task | ✓ |
| Assigned To | Klaudette Soroño |
| Sent Connection Name | [Manage Connections] |
| Last Modified Date/Time | 1/15/2018 10:40 AM |
| Call Object Identifier | |
| | Additional To: fritzhie1987@gmail.com<br>CC:<br>BCC: klaudette.sorono@concentrix.com<br>Attachment:<br><br>Subject: RE: Question about the real capacity of my powerbank [<br>ref:_00D306e4T._5003410dlFd:ref ]<br>Body:<br>Hello, Fritzh,<br><br>Happy new year!<br><br>Thank you for reaching out to us. We agree that the incident that you have reported seems to be a cosmetic issue. May we have the receipt? Provide us your contact number and shipping address too so we can complete your record in our system.<br><br>We'll be waiting for your response.<br><br>Regards,<br><br>Belkin Support<br>www.belkin.com<br><br>-------------- Original Message ---------------<br>From: Fritzh Gelvezon [fritzhie1987@gmail.com]<br>Sent: 1/14/2018 12:49 AM<br>To: belkincares@belkin.com<br>Subject: Question about the real capacity of my powerbank |
| Comments | |

**CONFIDENTIAL**

**BELKIN_000268**

Case: 09198060 ~ Salesforce - Unlimited Edition     https://belkin.my.salesforce.com/50034000010dlFd/p?retURL=/500340...

**Hi belkin so i purchased this 10,000 mah battery at the source here in canada hoping to get more juice for my gadgets but unfortunately i noticed some irregularities with the fine print at the back of your powerbank. Because it only says there that it only has 6070 mah capacity. Not 10,000. Any explanations about this? I attached some pictures from the powerbank itself for you reference.**
**ref:_00D306e4T._5003410dlFd:ref**

## Case History
### Status

| | |
|---|---|
| Old Value | **Updated** |
| New Value | **Resolved** |
| Start Time | **1/16/2018 8:29 AM** |
| End Time | |
| Elapsed Time (days) | |
| Created By | **Klaudette Soroño, 1/16/2018 8:29 AM** |
| Created Date | **1/16/2018** |
| Case History Number | **CH-35773560** |

### Status

| | |
|---|---|
| Old Value | **Resolved** |
| New Value | **Updated** |
| Start Time | **1/16/2018 6:50 AM** |
| End Time | **1/16/2018 8:29 AM** |
| Elapsed Time (days) | **0** |
| Created By | **Utility Account, 1/16/2018 6:50 AM** |
| Created Date | **1/16/2018** |
| Case History Number | **CH-35771283** |

### Status

| | |
|---|---|
| Old Value | **Updated** |
| New Value | **Resolved** |
| Start Time | **1/16/2018 6:41 AM** |
| End Time | **1/16/2018 6:50 AM** |
| Elapsed Time (days) | **0** |
| Created By | **Klaudette Soroño, 1/16/2018 6:41 AM** |
| Created Date | **1/16/2018** |
| Case History Number | **CH-35770992** |

### Status

| | |
|---|---|
| New Value | **Updated** |
| Start Time | **1/16/2018 6:23 AM** |
| End Time | **1/16/2018 6:41 AM** |
| Elapsed Time (days) | **0** |
| Created By | **Utility Account, 1/16/2018 6:23 AM** |
| Created Date | **1/16/2018** |
| Case History Number | **CH-35770747** |

### Status

| | |
|---|---|
| Start Time | **1/15/2018 10:41 AM** |
| End Time | **1/16/2018 6:23 AM** |

**CONFIDENTIAL**

1/28/2021, 4:32 PM

**BELKIN_000269**

https://belkin.my.salesforce.com/50034000010dlFd/p?retURL=/500340...

| | |
|---|---|
| Elapsed Time (days) | **1** |
| Created By | **Klaudette Soroño, 1/15/2018 10:41 AM** |
| Created Date | **1/15/2018** |
| Case History Number | **CH-35751291** |

Copyright © 2000-2021 salesforce.com, inc. All rights reserved.

**CONFIDENTIAL**                    **BELKIN_000270**

1/28/2021, 4:32 PM

Case: 09947271 ~ Salesforce - Unlimited Edition          https://belkin.my.salesforce.com/50034000014bemn/p?retURL=/500340...



- Close Window
- Print This Page

## Case: 09947271

### Customer

| | | | |
|---|---|---|---|
| **Account Name** | Gaurev Sharma | **Contact Phone** | 02102529315 |
| **Contact Name** | Gaurev Sharma | **Contact Email** | imgrv@live.com |
| **Asset** | P-F7U020 | POCKET POWER 10000 | **Recall OptIn** | ☐ |
| **Hot On hand** | 0 | | |
| **Available Inventory** | 0 | | |
| **Multiple CR's to same details** | ☐ | | |
| **Multiple SORMA's to same details** | ☐ | | |

### Case Details

| | | | |
|---|---|---|---|
| **Subject** | INQ CALL F7U020 | | |
| **Case Owner** | Rovie Mae Sagarino [Change] | **Case Type** | Customer Service |
| **Status** | Resolved | **progress field** | |
| **Case Number** | 09947271 [View Hierarchy] | **Customer Service Brand** | Belkin |
| **Parent Case** | | **Case Record Type** | Customer Service [Change] |
| | | **Case Origin** | Phone |
| **IR Number** | | | |

### Service Offerings Detail

| | | | |
|---|---|---|---|
| **Hardware Warranty Status** | | **Place of Purchase** | Other |
| **Service Offerings** | | **Coupon Provided** | |
| **Sales Order Number** | | **Coupon Code** | |
| **Agent Assist PIN** | | **Coupon Amount** | |

### Problem Identification

| | | | |
|---|---|---|---|
| **CS Problem Category Level1** | General Process | **Brand** | Belkin |
| **CS Problem Category Level2** | Inquiry Call | **Grief Reason** | |
| **CS Problem Category Level3** | Product Features and/or Compatibility | **Disconnected in the Middle of TS** | ☐ |
| **Description** | | | |

### Escalation Details

| | | | |
|---|---|---|---|
| **CS Solution Category** | Answered Customer Inquiry | **Escalation Notes** | |

CONFIDENTIAL

1/28/2021, 4:38 PM

BELKIN_000271

Case: 09947271 ~ Salesforce - Unlimited Edition          https://belkin.my.salesforce.com/50034000014bemn/p?retURL=/500340...

| Escalation Reason | Customer Service | PO/RMA Number | |
|---|---|---|---|
| Escalation Priority | P2 | | |

## System Information

| Created By | Rovie Mae Sagarino, 7/23/2018 12:13 AM | Last Modified By | Rovie Mae Sagarino, 7/23/2018 12:25 AM |
|---|---|---|---|
| Status | Resolved | Priority | Medium |

## Activity History
### Initial Call

| | |
|---|---|
| Name | **Gaurev Sharma** |
| Task | ✓ |
| Assigned To | **Rovie Mae Sagarino** |
| Sent Connection Name | **[Manage Connections]** |
| Last Modified Date/Time | **7/23/2018 12:24 AM** |
| Call Object Identifier | |
| Comments | **Name: Gaurev Sharma**<br>**Phone: 02102529315**<br>**Email: imgrv@live.com**<br>**Shipping Address (with County):**<br>**Shipping Method:**<br><br>**Model Number:**<br>**Comparable Unit: n/a**<br>**Quantity:**<br>**Available:**<br>**Hot: 0**<br>**DOP: 07/22/2018**<br>**POP: AB TECH**<br><br>**Additional Notes:**<br><br>**> cx calling about the F7U020**<br>**> acknowledge cx concern**<br>**> csat and phone speil**<br>**> cx has a power pack**<br>**> cx wanted to know the information regarding to the power capacity**<br>**> 10k - box**<br>**> 6070 mah in the battery it self**<br>**> told cx mayber there is something wrong in printing the information in the box or in the item**<br>**> cx understood**<br>**> told cx that since he juts purchase it yesterday he can go back to the store and ask for other power pack if the information still the same**<br>**> cx agree**<br>**> if so, told cx to call us back so that we can raise the concern to HQ**<br>**> cx understood**<br>**> provide case #09947271**<br>**> no more concern**<br>**> mentioned website**<br>**> end call** |

## Case History
### Case Type

| ████████████ | ████████████████████ |
|---|---|
| Start Time | **7/23/2018 12:25 AM** |
| End Time | |
| Elapsed Time (days) | |

**CONFIDENTIAL**

1/28/2021, 4:38 PM

**BELKIN_000272**

Case: 09947271 ~ Salesforce - Unlimited Edition                    https://belkin.my.salesforce.com/50034000014bemn/p?retURL=/500340...

| | |
|---|---|
| Created By | **Rovie Mae Sagarino, 7/23/2018 12:25 AM** |
| Created Date | **7/23/2018** |
| Case History Number | **CH-39092868** |

### Status

| | |
|---|---|
| Old Value | **Escalated** |
| New Value | **Resolved** |
| Start Time | **7/23/2018 12:25 AM** |
| End Time | |
| Elapsed Time (days) | |
| Created By | **Rovie Mae Sagarino, 7/23/2018 12:25 AM** |
| Created Date | **7/23/2018** |
| Case History Number | **CH-39092866** |

### Status

| | |
|---|---|
| Old Value | **New** |
| New Value | **Escalated** |
| Start Time | **7/23/2018 12:21 AM** |
| End Time | **7/23/2018 12:25 AM** |
| Elapsed Time (days) | **0** |
| Created By | **Rovie Mae Sagarino, 7/23/2018 12:21 AM** |
| Created Date | **7/23/2018** |
| Case History Number | **CH-39092844** |

### Owner

| | |
|---|---|
| Old Value | |
| New Value | **Rovie Mae Sagarino** |
| Start Time | **7/23/2018 12:13 AM** |
| End Time | |
| Elapsed Time (days) | |
| Created By | **Rovie Mae Sagarino, 7/23/2018 12:13 AM** |
| Created Date | **7/23/2018** |
| Case History Number | **CH-39092817** |

### Status

| | |
|---|---|
| | ███████████ |
| New Value | **New** |
| Start Time | **7/23/2018 12:13 AM** |
| End Time | **7/23/2018 12:21 AM** |
| Elapsed Time (days) | **0** |
| Created By | **Rovie Mae Sagarino, 7/23/2018 12:13 AM** |
| Created Date | **7/23/2018** |
| Case History Number | **CH-39092818** |

Copyright © 2000-2021 salesforce.com, inc. All rights reserved.

1/28/2021, 4:38 PM

**CONFIDENTIAL**                    **BELKIN_000273**

Case: 09813105 ~ Salesforce - Unlimited Edition · · · · · · · · · · · · https://belkin.my.salesforce.com/50034000013wyzX/p?retURL=/50034...



- Close Window
- Print This Page

## Case: 09813105

### Customer

| | | | |
|---|---|---|---|
| Account Name | Harrison Mitgang | Contact Phone | 650644843 |
| Contact Name | Harrison Mitgang | Contact Email | hmitgang@gmail.com |
| Asset | P-F7U020 \| POCKET POWER 10000 | Theatre | NA |
| Hot On hand | 0 | | |
| Available Inventory | 0 | | |
| Multiple CR's to same details | ☐ | | |
| Multiple SORMA's to same details | ☐ | | |

### Case Details

| | | | |
|---|---|---|---|
| Subject | Inquiry Call_F7U020btBLK | | |
| Case Owner | Melchor Bobby Gay Ral Gayramara [Change] | Case Number | 09813105 [View Hierarchy] |
| Status | Resolved | Parent Case | |
| Sales Order Number | | progress field | |
| WebEx Session ID | | Case Record Type | Belkin Tech Support [Change] |
| | | Case Origin | Phone |
| IR Number | | | |

### Service Offerings Detail

| | | | |
|---|---|---|---|
| Hardware Warranty Status | | Entitlement | |
| Complimentary Assisted Support | | Subscription Return Call | ☐ |
| Service Offerings | | Coupon Provided | |
| Agent Assist PIN | | Coupon Code | |
| Referral Programs | | Coupon Amount | |

### Problem Identification

| | | | |
|---|---|---|---|
| Initial Installation | ☐ | Brand | Belkin |
| Problem Category | Product Specification Request | Grief Reason | |
| | | ISP | |
| | | ISP Other | |
| Description | | | |

### Solution

CONFIDENTIAL

1/28/2021, 4:37 PM

BELKIN_000274

Case: 09813105 ~ Salesforce - Unlimited Edition                https://belkin.my.salesforce.com/50034000013wyzX/p?retURL=/50034...

| | | | |
|---|---|---|---|
| TS Problem Category Level1 | General Processes | CS Problem Category Level1 | |
| TS Problem Category Level2 | Inquiry Calls | CS Problem Category Level2 | |
| TS Problem Category Level3 | Product Specification Request | CS Problem Category Level3 | |
| TS Solution Category | Resolved | CS Solution Category | |
| Escalation Reason | | | |
| Escalation Priority | | Mis Transferred Reason | |
| Bubble Up | ☐ | Escalation Notes | |
| Category | | Disconnected in the Middle of TS | ☐ |
| Escalated | ☐ | | |

### CSAT Information

| | | | |
|---|---|---|---|
| Q1 - Rate Support Experience | | Q3 - Number of Contacts to Resolve | |
| Q2 - Issue Resolved? | | Q4 - NPS | |
| Survey Recorded Date | | | |

### System Information

| | | | |
|---|---|---|---|
| Created By | Melchor Bobby Gay Ral Gayramara, 6/17/2018 10:56 AM | Last Modified By | Joel Miasco, 7/13/2018 3:18 PM |
| Category - Solution | Resolved | Status | Resolved |
| | | Priority | Medium |

## Activity History
### Initial Call

███████████████████████████████

| | |
|---|---|
| Task | ✓ |
| Assigned To | **Melchor Bobby Gay Ral Gayramara** |
| Sent Connection Name | **[Manage Connections]** |
| Last Modified Date/Time | **6/17/2018 11:21 AM** |
| Call Object Identifier | |
| | **Problem:Inquiry call**<br>**Old Case Number:**<br>**RMA Number:**<br>**If RMA, Units Available:**<br>**Units available in HOT:**<br>**Order Number:**<br>**PO #:** |
| Comments | **POP: Best buy**<br>**DOP: 06/17/2018** |
| | **Customer has Receipt:**<br>**//na** |
| | **Transferred call to: n/a**<br>**Resolution/Remarks:** |

CONFIDENTIAL

1/28/2021, 4:37 PM

BELKIN_000275

Case: 09813105 ~ Salesforce - Unlimited Edition     https://belkin my.salesforce.com/50034000013wyzX/p?retURL=/50034...

--Cx is calling for the power pack 10K
--Cx provided F7U020btBLK
--Cx said there is a marking on the bank
--Cx said its says 6000-7000 mah and he purchased the 10K
--talked this case to BO Regilene Come
--put Cx on hold for almose 8 mins since we're still verffying this case with BO Regilene Come
--inform Cx that we dont have an information regarding this product why its indicated 6000-7000 mah
--inform Cx to receive a feedback within 1-2 business days
--Cx understood
--Cx provided new phone number and email since he wants to change the first one the provided
--from hmitgang@gmail.com, 650644843 to 6508882468 mmithang@gmail.com
--no other concern
--EOC

## Case History

### Status

| | |
|---|---|
| Old Value | **Pending** |
| New Value | **Resolved** |
| Start Time | **7/11/2018 2:14 PM** |
| End Time | |
| Elapsed Time (days) | |
| Created By | **Joel Miasco, 7/11/2018 2:14 PM** |
| Created Date | **7/11/2018** |
| Case History Number | **CH-38901321** |

### Status

| | |
|---|---|
| Old Value | **New** |
| New Value | **Pending** |
| Start Time | **6/17/2018 11:23 AM** |
| End Time | **7/11/2018 2:14 PM** |
| Elapsed Time (days) | **24** |
| Created By | **Melchor Bobby Gay Ral Gayramara, 6/17/2018 11:23 AM** |
| Created Date | **6/17/2018** |
| Case History Number | **CH-38492270** |

### Owner

| | |
|---|---|
| ██████████████ | ███████████████████████████ |
| New Value | **Melchor Bobby Gay Ral Gayramara** |
| Start Time | **6/17/2018 10:56 AM** |
| End Time | |
| Elapsed Time (days) | |
| Created By | **Melchor Bobby Gay Ral Gayramara, 6/17/2018 10:56 AM** |
| Created Date | **6/17/2018** |
| Case History Number | **CH-38491961** |

### Status

| | |
|---|---|
| ██████████████ | ███████████████████████████ |
| Start Time | **6/17/2018 10:56 AM** |
| End Time | **6/17/2018 11:23 AM** |
| Elapsed Time (days) | **0** |
| Created By | **Melchor Bobby Gay Ral Gayramara, 6/17/2018 10:56 AM** |
| Created Date | **6/17/2018** |
| Case History Number | **CH-38491962** |

**CONFIDENTIAL**

1/28/2021, 4:37 PM

**BELKIN_000276**

Copyright © 2000-2021 salesforce.com, inc. All rights reserved.

Case: 08996610 ~ Salesforce - Unlimited Edition          https://belkin.my.salesforce.com/5003400000zoiRZ/p?retURL=/500340...



- <u>Close Window</u>
- <u>Print This Page</u>

## Case: 08996610

### Customer

| | | | |
|---|---|---|---|
| **Account Name** | <u>JJ Tang</u> | **Contact Phone** | |
| **Contact Name** | <u>JJ Tang</u> | **Contact Email** | <u>jingjie.tang38@gmail.com</u> |
| **Asset** | <u>P-F7U020 | POCKET POWER 10000</u> | **Theatre** | APAC |
| **Hot On hand** | 0 | | |
| **Available Inventory** | 0 | | |
| **Multiple CR's to same details** | ☐ | | |
| **Multiple SORMA's to same details** | ☐ | | |

### Case Details

| | | | |
|---|---|---|---|
| **Subject** | Belkin chat_INQ_F7U020_product features. | | |
| **Case Owner** | <u>Asvini Masilamani</u> [Change] | **Case Number** | 08996610 [View Hierarchy] |
| **Status** | Resolved | **Parent Case** | |
| **Sales Order Number** | | **progress field** | |
| **WebEx Session ID** | | **Case Record Type** | Belkin Tech Support [Change] |
| | | **Case Origin** | Chat |
| **IR Number** | | | |

### Service Offerings Detail

| | | | |
|---|---|---|---|
| **Hardware Warranty Status** | Not Eligible | **Entitlement** | |
| **Complimentary Assisted Support** | Not Eligible | **Subscription Return Call** | ☐ |
| **Service Offerings** | Declined - No Support Provided | **Coupon Provided** | |
| **Agent Assist PIN** | | **Coupon Code** | |
| **Referral Programs** | | **Coupon Amount** | |

### Problem Identification

| | | | |
|---|---|---|---|
| **Initial Installation** | ☐ | **Brand** | Belkin |
| **Problem Category** | <u>Product Features Question</u> | **Grief Reason** | |
| | | **ISP** | |
| | | **ISP Other** | |
| **Description** | | | |

### Solution

**CONFIDENTIAL**

1/28/2021, 4:25 PM

**BELKIN_000278**

Case: 08996610 ~ Salesforce - Unlimited Edition          https://belkin.my.salesforce.com/5003400000zoiRZ/p?retURL=/500340...

| | | | |
|---|---|---|---|
| **TS Problem Category Level1** | General Processes | **CS Problem Category Level1** | |
| **TS Problem Category Level2** | Inquiry Calls | **CS Problem Category Level2** | |
| **TS Problem Category Level3** | Product Features Question | **CS Problem Category Level3** | |
| **TS Solution Category** | Resolved | **CS Solution Category** | |
| **Escalation Reason** | | | |
| **Escalation Priority** | | **Mis Transferred Reason** | |
| **Bubble Up** | ☐ | **Escalation Notes** | |
| **Category** | | **Disconnected in the Middle of TS** | ☐ |
| **Escalated** | ☐ | | |

## CSAT Information

| | | | |
|---|---|---|---|
| **Q1 - Rate Support Experience** | | **Q3 - Number of Contacts to Resolve** | |
| **Q2 - Issue Resolved?** | | **Q4 - NPS** | |
| **Survey Recorded Date** | | | |

## System Information

| | | | |
|---|---|---|---|
| **Created By** | Live Agent Belkin Site Guest User, 12/5/2017 7:44 PM | **Last Modified By** | Asvini Masilamani, 12/6/2017 4:23 PM |
| **Category - Solution** | Resolved | **Status** | Resolved |
| | | **Priority** | Medium |

## Activity History
### Initial Call

| | |
|---|---|
| | ███████████████████ |
| **Task** | ✓ |
| **Assigned To** | Asvini Masilamani |
| **Sent Connection Name** | [Manage Connections] |
| **Last Modified Date/Time** | 12/5/2017 8:17 PM |
| **Call Object Identifier** | |
| **Comments** | Skip to main contentContent Starts Here<br>**End Chat**<br>Chat session ended by visitor.<br>Asvini M<br>Hello JJ Tang. My name is Asvini.<br>Thank you for choosing Belkin chat support. Is this your first time to contact Belkin or do you have a case number?09:16:12<br>JJ Tang<br>This is the first time09:16:23<br>Asvini M<br>How may I help you today?09:16:52<br>JJ Tang<br>I dont have a case number.09:16:55<br>I purchased the pocket power 10K charger09:17:06<br>so i took it out from the box.. and when i looked at the back of the power bank...09:17:38<br>it indicates that it has a capacity of 6070mAh09:17:48<br>why is this the case? can u check? i believe the product is supposed to have a 10000 mAh |

**CONFIDENTIAL**          **BELKIN_000279**

capacity09:18:19
**Asvini M**
**You need to check the power specification of your Belkin charger,right?09:18:43**
**JJ Tang**
yes, i am telling u the specification on the packaging says 10000 mAh.09:19:20
i am refering to the product Belkin Pocket Power 10k09:19:34
it is indicated on your website that this product is supposed to have a capacity of 10000 mAh09:19:56
**Asvini M**
**Can you please help me with the model number of the device?09:20:08**
**JJ Tang**
Pocket Power 10K Power Bank (aka Portable Charger)
F7U020btBLK09:20:44
**Asvini M**
**Please give me a minute.09:21:25**
**JJ Tang**
what i am saying is the physical item i got... when i looked at the fine prints at the back of it... it is saying that it has a capacity of 6070mAh09:21:34
**Asvini M**
**Package Includes:**

**10,000 mAh power bank**
**6 inch micro-USB cable09:23:06**
**http://www.belkin.com/my/p/P-F7U020/09:23:15**
**JJ Tang**
that is not my question.09:23:22
i know everything that is listed on the website.09:23:31
the fine print on the product itself states otherwise09:23:48
u need to see the product09:23:58
indicated clearly at the back 6070mAh09:24:08
**Asvini M**
**Are you sure of the model number Tang?09:24:18**
**JJ Tang**
yes09:24:23
**Asvini M**
**Tang , The information I gave you is from our official website.09:25:20**
**JJ Tang**
u are not answering my question09:25:34
it is a waste of time.09:25:43
i will send an email instead.09:25:54
**Send**

## Chat Transcripts
**01447629**



| | |
|---|---|
| Start Time | **12/5/2017 7:46 PM** |
| End Time | **12/5/2017 7:55 PM** |
| Status | **Completed** |

Copyright © 2000-2021 salesforce.com, inc. All rights reserved.

Case: 08996673 ~ Salesforce - Unlimited Edition       https://belkin.my.salesforce.com/5003400000zoiYz/p?retURL=/500340...



- Close Window
- Print This Page

## Case: 08996673

### Customer

| | | | |
|---|---|---|---|
| **Account Name** | JJ Tang | **Contact Phone** | |
| **Contact Name** | JJ Tang | **Contact Email** | jingjie.tang38@gmail.com |
| **Web Email** | jingjie.tang38@gmail.com | **Theatre** | APAC |
| **Asset** | P-F7U020 \| POCKET POWER 10000 | | |
| **Hot On hand** | 0 | | |
| **Available Inventory** | 0 | | |
| **Multiple CR's to same details** | ☐ | | |
| **Multiple SORMA's to same details** | ☐ | | |

### Case Details

| | | | |
|---|---|---|---|
| **Subject** | Re: Belkin pocket power 10k | | |
| **Case Owner** | Social Media [Change] | **Case Number** | 08996673 [View Hierarchy] |
| **Status** | Resolved | **Parent Case** | |
| **Sales Order Number** | | **progress field** | |
| **WebEx Session ID** | | **Case Record Type** | Social Media [Change] |
| | | **Case Origin** | Email |
| **IR Number** | | | |

### Service Offerings Detail

| | | | |
|---|---|---|---|
| **Hardware Warranty Status** | | **Entitlement** | |
| **Complimentary Assisted Support** | | **Subscription Return Call** | ☐ |
| **Service Offerings** | | **Coupon Provided** | |
| **Agent Assist PIN** | | **Coupon Code** | |
| **Referral Programs** | | **Coupon Amount** | |

### Problem Identification

| | | | |
|---|---|---|---|
| **Initial Installation** | ☐ | **Brand** | Belkin |
| **Problem Category** | Product Features Question | **Grief Reason** | |
| | | **ISP** | |
| | | **ISP Other** | |
| **Description** | Hi Benson, | | |
| | Also adding BelkinCares email alias. | | |

@BelkinCares - I recently purchased a Be kin Pocket Power 10K portable
charger. When I looked at the fineprint at the back of the product, it
indicates that the product has a capacity of 6070mAh only. Why is this so?
I thought I was paying for 10000mAh. See attached photo.

Thanks.

Tang

On Wed, Dec 6, 2017 at 11:42 AM, Jing Jie Tang <jingjie.tang38@gmail.com>
wrote:

> Hi Benson,
>
> Yes, it is unfortunate that I lost the receipt. I believe I might have
> threw it away together with the plastic bag from Best Denki. I will try to
> get a copy of the receipt from Takashimaya Best Denki if required.
>
> I think the main concern is why is your product indicating 6070 mAh at the
> back? The box claims that it has a capacity of 10000 mAh. Just FYI again,
> the item I purchased is the Belkin Pocket Power 10K. I added some contrast
> to the photo attached. Hopefully you can see it better now. This is
> something you should investigate with Belkin.
>
> Tang
>
> On Wed, Dec 6, 2017 at 11:31 AM, Benson Ong <benson_ong@banleong.com.sg>
> wrote:
>
>>
>>
>>
>>
>> Hi Jing Jie Tang
>>
>>
>> You lost the receipt within a day?
>>
>> Are you able to go back to Taka Best Denki to reprint your receipt?
>>
>> In the meantime, I need to check with Be kin about your Pocket Power 10K.
>>
>>
>>
>>
>>
>>
>>
>>
>>
>> *Best Regards,*
>>
>>
>>
>> Benson Ong
>>
>> *IT Technical Support*
>> *Tel*: +65 6512 9221 <+65%206512%209221> (Main Line)
>>
>> : +65 6512 9250 <+65%206512%209250> (Service Hotline)
>>
>> *Fax*: +65 6848 4558 <+65%206848%204558>
>>
>> *E-mail*: benson_ong@banleong.com.sg
>>

**CONFIDENTIAL**                                                    **BELKIN_000282**

>> *Address*: 150, Ubi Avenue 4, #04
>> <https://maps.google.com/?q=150, Ubi Avenue 4, #04&entry=gmail&source=g>-01,
>> Singapore 408825
>>
>> *Url*: http://www.banleong.com
>>
>>
>>
>> *Opening Hours:*
>>
>> Mon-Fri
>>
>> 0900-1200
>>
>> 1400-1700
>>
>> Sat
>>
>> 0900-1200
>>
>> [image: cid:image001.jpg@01D333A4.33062450]
>>
>> [image: cid:image002.png@01D333A4.33062450]"Save the Earth. Think before
>> you print."
>>
>>
>>
>> *From:* Jing Jie Tang [mailto:jingjie.tang38@gmail.com]
>> *Sent:* Tuesday, December 05, 2017 4:37 PM
>> *To:* Benson Ong
>> *Cc:* support@banleong.com.sg
>> *Subject:* Re: Belkin pocket power 10k
>>
>>
>>
>> Hi Benson,
>>
>>
>>
>> Unfortunately, I lost my receipt.
>>
>>
>>
>> The photo I have provided to you is the best shot because the text is
>> really small on the back of the power bank and i keep getting reflections
>> because of the black surface.
>>
>>
>>
>> Would you be able to pick one power bank in your inventory to see what it
>> states at the back?
>>
>>
>>
>>
>>
>> Tang
>>
>>
>>
>>
>>
>>
>>
>> On Tue, Dec 5, 2017 at 11:00 AM, Benson Ong <benson_ong@banleong.com.sg>
>> wrote:
>>
>>

CONFIDENTIAL      BELKIN_000283

>>
>>
>> Hi Jing Jie Tang
>>
>>
>>
>>
>> Thank you for contacting BanLeong.
>>
>> With reference to your query, could you provide me a clearer close up
>> shot for the Belkin Powerbank as shown in the pic.
>> I need to show the products details.
>> Please do provide me a copy of your purchase receipt / invoice as well.
>>
>>
>>
>>
>>
>>
>>
>> Best Regards,
>>
>>
>>
>> Benson Ong
>>
>> IT Technical Support
>>
>> Tel: +65 6512 9221 <+65%206512%209221> (Main Line)
>>
>> : +65 6512 9250 <+65%206512%209250> (Service Hotline)
>>
>> Fax: +65 6848 4558 <+65%206848%204558>
>>
>> E-mail: benson_ong@banleong.com.sg
>>
>> Address: 150, Ubi Avenue 4, #04
>> <https://maps.google.com/?q=150, Ubi Avenue 4, #04&entry=gmail&source=g>-01,
>> Singapore 408825
>>
>> Url: http://www.banleong.com
>>
>>
>>
>> Opening Hours:
>>
>> Mon-Fri
>>
>> 0900-1200
>>
>> 1400-1700
>>
>> Sat
>>
>> 0900-1200
>>
>>
>>
>> "Save the Earth. Think before you print."
>>
>>
>>
>> -----Original Message-----
>> From: Jing Jie Tang [mailto:jingjie.tang38@gmail.com]

**CONFIDENTIAL**

>> Sent: Saturday, December 02, 2017 11:06 PM
>> To: support@banleong.com.sg
>> Subject: Belkin pocket power 10k
>>
>>
>>
>> Hi,
>>
>>
>>
>> I bought the Belkin pocket power 10k from Taka Best Denki today.
>>
>>
>>
>> The pack is supposed to have 10000 mAh capacity. However, the printing at
>> the back of the battery pack indicates 6070. Can you please check if this
>> is right before I head down to the store and ask for a return? See attached
>> photos.
>>
>>
>>
>>
>>
>
>

---

### Solution

| | | | |
|---|---|---|---|
| TS Problem Category Level1 | General Processes | CS Problem Category Level1 | |
| TS Problem Category Level2 | Inquiry Calls | CS Problem Category Level2 | |
| TS Problem Category Level3 | Product Features Question | CS Problem Category Level3 | |
| TS Solution Category | | | |
| Escalation Reason | | CS Solution Category | |
| Escalation Priority | | Mis Transferred Reason | |
| Bubble Up | ☐ | Escalation Notes | |
| Category | | Disconnected in the Middle of TS | ☐ |
| Escalated | ☐ | | |

---

### CSAT Information

| | | | |
|---|---|---|---|
| Q1 - Rate Support Experience | | Q3 - Number of Contacts to Resolve | |
| Q2 - Issue Resolved? | | Q4 - NPS | |
| Survey Recorded Date | | | |

---

### System Information

| | | | |
|---|---|---|---|
| Created By | Utility Account, 12/5/2017 8:03 PM | Last Modified By | Utility db Account, 7/9/2018 1:20 PM |
| Category - Solution | | Status | Resolved |
| | | Priority | TBD |

---

## Activity History

CONFIDENTIAL

Case: 08996673 ~ Salesforce - Unlimited Edition                    https://belkin.my.salesforce.com/5003400000zoiYz/p?retURL=/500340...

**Email: Re: Belkin pocket power 10k [ ref:_00D306e4T._50034zoiYz:ref ]**

| | |
|---|---|
| Name | **JJ Tang** |
| Task | ✓ |
| Assigned To | **Klaudette Soroño** |
| Sent Connection Name | **[Manage Connections]** |
| Last Modified Date/Time | **12/10/2017 7:10 AM** |
| Call Object Identifier | |
| Comments | **Additional To: jingjie.tang38@gmail.com**<br>**CC:**<br>**BCC: klaudette.sorono@concentrix.com**<br>**Attachment:**<br><br>**Subject: Re: Belkin pocket power 10k [ ref:_00D306e4T._50034zoiYz:ref ]**<br>**Body:**<br>**Hello, Tang,**<br><br>**Good day!**<br><br>**Thank you for reaching out to us. The incident you have reported with the Belkin Power Pack could be a cosmetic issue. If the model number of your unit is stated as F7U020, then it should have a 10,000-mAh battery capacity. Should that be the case, please be informed that we can't ship to Hong Kong due to shipping regulations. Hence, it's best to have the unit replaced directly from the store.**<br><br>**We hope for your kind understanding, and have a great week ahead.**<br><br>**Regards,**<br><br>**Belkin Support**<br>**www.belkin.com**<br><br>-------------- Original Message ---------------<br>**From: Jing Jie Tang [jingjie.tang38@gmail.com]**<br>**Sent: 12/5/2017 8:02 PM**<br>**To: belkincares@belkin.com; benson_ong@banleong.com.sg**<br>**Cc: support@banleong.com.sg**<br>**Subject: Re: Belkin pocket power 10k**<br><br>**Hi Benson,**<br><br>**Also adding BelkinCares email alias.**<br><br>**@BelkinCares - I recently purchased a Belkin Pocket Power 10K portable charger. When I looked at the fineprint at the back of the product, it indicates that the product has a capacity of 6070mAh only. Why is this so? I thought I was paying for 10000mAh. See attached photo.**<br><br>**Thanks.**<br><br>**Tang**<br><br>**On Wed, Dec 6, 2017 at 11:42 AM, Jing Jie Tang <jingjie.tang38@gmail.com> wrote:**<br><br>**> Hi Benson,**<br>**>**<br>**> Yes, it is unfortunate that I lost the receipt. I believe I might have**<br>**> threw it away together with the plastic bag from Best Denki. I will try to**<br>**> get a copy of the receipt from Takashimaya Best Denki if required.**<br>**>**<br>**> I think the main concern is why is your product indicating 6070 mAh at the**<br>**> back? The box claims that it has a capacity of 10000 mAh. Just FYI again,**<br>**> the item I purchased is the Belkin Pocket Power 10K. I added some contrast**<br>**> to the photo attached. Hopefully you can see it better now. This is**<br>**> something you should investigate with Belkin.**<br>**>** |

**CONFIDENTIAL**                    **BELKIN_000286**

> Tang
>
> On Wed, Dec 6, 2017 at 11:31 AM, Benson Ong <benson_ong@banleong.com.sg>
> wrote:
>
>>
>>
>>
>>
>> Hi Jing Jie Tang
>>
>>
>>
>> You lost the receipt within a day?
>>
>> Are you able to go back to Taka Best Denki to reprint your receipt?
>>
>>
>>
>> In the meantime, I need to check with Belkin about your Pocket Power 10K.
>>
>>
>>
>>
>>
>>
>>
>>
>>
>> *Best Regards,*
>>
>>
>>
>> Benson Ong
>>
>> *IT Technical Support*
>> *Tel*: +65 6512 9221 <+65%206512%209221> (Main Line)
>>
>> : +65 6512 9250 <+65%206512%209250> (Service Hotline)
>>
>> *Fax*: +65 6848 4558 <+65%206848%204558>
>>
>> *E-mail*: benson_ong@banleong.com.sg
>>
>> *Address*: 150, Ubi Avenue 4, #04
>> <https://maps.google.com/?q=150, Ubi Avenue 4, #04&entry=gmail&source=g>-01,
>> Singapore 408825
>>
>> *Url*: http://www.banleong.com
>>
>>
>>
>> *Opening Hours:*
>>
>> Mon-Fri
>>
>> 0900-1200
>>
>> 1400-1700
>>
>> Sat
>>
>> 0900-1200
>>
>> [image: cid:image001.jpg@01D333A4.33062450]
>>
>> [image: cid:image002.png@01D333A4.33062450]"Save the Earth. Think before
>> you print."

**CONFIDENTIAL**

BELKIN_000287

>>
>>
>> *From:* Jing Jie Tang [mailto:jingjie.tang38@gmail.com]
>> *Sent:* Tuesday, December 05, 2017 4:37 PM
>> *To:* Benson Ong
>> *Cc:* support@banleong.com.sg
>> *Subject:* Re: Belkin pocket power 10k
>>
>>
>>
>> Hi Benson,
>>
>>
>>
>> Unfortunately, I lost my receipt.
>>
>>
>>
>> The photo I have provided to you is the best shot because the text is
>> really small on the back of the power bank and i keep getting reflections
>> because of the black surface.
>>
>>
>>
>> Would you be able to pick one power bank in your inventory to see what it
>> states at the back?
>>
>>
>>
>>
>>
>>
>> Tang
>>
>>
>>
>>
>>
>>
>>
>> On Tue, Dec 5, 2017 at 11:00 AM, Benson Ong <benson_ong@banleong.com.sg>
>> wrote:
>>
>>
>>
>>
>>
>>
>> Hi Jing Jie Tang
>>
>>
>>
>>
>>
>> Thank you for contacting BanLeong.
>>
>> With reference to your query, could you provide me a clearer close up
>> shot for the Belkin Powerbank as shown in the pic.
>> I need to show the products details.
>> Please do provide me a copy of your purchase receipt / invoice as well.
>>
>>
>>
>>
>>
>>
>>
>>
>>

**CONFIDENTIAL**                    **BELKIN_000288**

>> Best Regards,
>>
>>
>>
>> Benson Ong
>>
>> IT Technical Support
>>
>> Tel: +65 6512 9221 <+65%206512%209221> (Main Line)
>>
>> : +65 6512 9250 <+65%206512%209250> (Service Hotline)
>>
>> Fax: +65 6848 4558 <+65%206848%204558>
>>
>> E-mail: benson_ong@banleong.com.sg
>>
>> Address: 150, Ubi Avenue 4, #04
>> <https://maps.google.com/?q=150, Ubi Avenue 4, #04&entry=gmail&source=g>-01,
>> Singapore 408825
>>
>> Url: http://www.banleong.com
>>
>>
>> Opening Hours:
>>
>> Mon-Fri
>>
>> 0900-1200
>>
>> 1400-1700
>>
>> Sat
>>
>> 0900-1200
>>
>>
>>
>> "Save the Earth. Think before you print."
>>
>>
>>
>> -----Original Message-----
>> From: Jing Jie Tang [mailto:jingjie.tang38@gmail.com]
>> Sent: Saturday, December 02, 2017 11:06 PM
>> To: support@banleong.com.sg
>> Subject: Belkin pocket power 10k
>>
>>
>> Hi,
>>
>>
>> I bought the Belkin pocket power 10k from Taka Best Denki today.
>>
>>
>> The pack is supposed to have 10000 mAh capacity. However, the printing at
>> the back of the battery pack indicates 6070. Can you please check if this
>> is right before I head down to the store and ask for a return? See attached
>> photos.
>>
>>
>>
>>
>>
>>
>

**CONFIDENTIAL**

**BELKIN_000289**

Case: 08996673 ~ Salesforce - Unlimited Edition                    https://belkin my.salesforce.com/5003400000zoiYz/p?retURL=/500340...

>
**ref:_00D306e4T._50034zoiYz:ref**

Copyright © 2000-2021 salesforce.com, inc. All rights reserved.

**CONFIDENTIAL**                    **BELKIN_000290**

Case: 09026876 ~ Salesforce - Unlimited Edition        https://belkin.my.salesforce.com/50034000010BHfT/p?retURL=/50034...



• Close Window
• Print This Page

## Case: 09026876

### Customer

| | | | |
|---|---|---|---|
| **Account Name** | JJ Tang | **Contact Phone** | |
| **Contact Name** | JJ Tang | **Contact Email** | jingjie.tang38@gmail.com |
| **Web Email** | jingjie.tang38@gmail.com | **Theatre** | APAC |
| **Asset** | P-F7U020 | POCKET POWER 10000 | | |
| **Hot On hand** | 0 | | |
| **Available Inventory** | 0 | | |
| **Multiple CR's to same details** | ☐ | | |
| **Multiple SORMA's to same details** | ☐ | | |

### Case Details

| | | | |
|---|---|---|---|
| **Subject** | Re: Somebody answered your question | | |
| **Case Owner** | Social Media [Change] | **Case Number** | 09026876 [View Hierarchy] |
| **Status** | Resolved | **Parent Case** | |
| **Sales Order Number** | | **progress field** | |
| **WebEx Session ID** | | **Case Record Type** | Social Media [Change] |
| | | **Case Origin** | Email |
| **IR Number** | | | |

### Service Offerings Detail

| | | | |
|---|---|---|---|
| **Hardware Warranty Status** | | **Entitlement** | |
| **Complimentary Assisted Support** | | **Subscription Return Call** | ☐ |
| **Service Offerings** | | **Coupon Provided** | |
| **Agent Assist PIN** | | **Coupon Code** | |
| **Referral Programs** | | **Coupon Amount** | |

### Problem Identification

| | | | |
|---|---|---|---|
| **Initial Installation** | ☐ | **Brand** | Belkin |
| **Problem Category** | Product Specification Request | **Grief Reason** | |
| | | **ISP** | |
| | | **ISP Other** | |

**Description**    Hi,

Please find attached photo of fineprint. Notice it indicates 6070mAh. It's really small and difficult to read because of the black backing, small fonts and reflection. The English text states that each port supports up to 6070mAh which is still okay but it gets confusing as the Chinese text indicates that the charger has a total capacity of 6070mAh.

I went to the store for an exchange for the rose gold version (not my preferred choice of colors but that is the only other color they carry and the text behind it is correct - clearly indicating 10000mAh). I didn't want another black version as they all state 6070mAh only at the back.

Just as an FYI - I have also written into BelkinCares@belkin.com prior to your response on Q&A. Your colleague asked me to get a exchange from the store but he/she had impression that I am in Hong Kong. I am actually based in Singapore.

Tang
mobile: +65 98268038

On Mon, Dec 11, 2017 at 11:17 PM, Belkin International, Inc. < noreply@belkin.com> wrote:

> See what they wrote —

**CONFIDENTIAL**                             **BELKIN_000291**

Case: 09026876 ~ Salesforce - Unlimited Edition                    https://belkin.my.salesforce.com/50034000010BHfT/p?retURL=/50034...

>
>
>
> Tang,
>
> Thanks for inspiring a conversation. We hope to hear from you again.
>
> Read the full thread
> <http://click.sa bazaarvoice.com
/?qs=4cd6b1ac94adf53d8e5bfedbc626523acd6b4d86f5eeeae2d029418c1d694555f4e8037f9763e606fd4b0078b33baeb8601deefa2ed7da3a>
>
> Thanks again,
> *Belkin*
>
>
> Hi, Tang. The Belkin Pocket Power Bank (F7U020) should be 10,000 mah. We
> believe that this may be a cosmetic issue on the packaging and we'd like to
> look into this issue further. Kindly e-mail us a photo of the fineprint and
> send it to us at BelkinCares@belkin.com including your contact details
> and the link to this post for our reference. We'll take it from there.
>
> Contact Customer Service
> <http://click.sa bazaarvoice.com
/?qs=47b43c548b0755192ee2c519b158cdbc74469cc95ea2b9342817707d1d0c0bb60378666fa9543bba71a6d4114f0e3ff113a8174d3380c430>
> with questions or concerns. If you no longer wish to receive notifications
> like this, you can unsubscribe
> <http://click.sa bazaarvoice.com
/?qs=00ff2d26ed06c200f67950b3c6ccfa4b13f2b74a1c58daec88489323de70314c09446b4a4dada47c5b3d97164207238618a48b3b7d86715d>
> any time.
>
> If you are experiencing issues with your product, please contact our
> customer service with questions or concerns and let us know how we can help.
>
> Customer Service
> 1-800-223-5546 <(800)%20223-5546>
> 6 AM to 8 PM Monday thru Friday PT
> 8 AM to 5 PM Saturday PST
>
>

## Solution

| | | | |
|---|---|---|---|
| TS Problem Category Level1 | General Processes | CS Problem Category Level1 | |
| TS Problem Category Level2 | Inquiry Calls | CS Problem Category Level2 | |
| TS Problem Category Level3 | Product Specification Request | CS Problem Category Level3 | |
| TS Solution Category | Resolved | CS Solution Category | |
| Escalation Reason | | Mis Transferred Reason | |
| Escalation Priority | | Escalation Notes | |
| Bubble Up | ☐ | Disconnected in the Middle of TS | ☐ |
| Category | | | |
| Escalated | ☐ | | |

## CSAT Information

| | | | |
|---|---|---|---|
| Q1 - Rate Support Experience | | Q3 - Number of Contacts to Resolve | |
| Q2 - Issue Resolved? | | Q4 - NPS | |
| Survey Recorded Date | | | |

## System Information

| | | | |
|---|---|---|---|
| Created By | Utility Account, 12/11/2017 6 04 PM | Last Modified By | Utility db Account, 7/9/2018 1:40 PM |
| Category - Solution | Resolved | Status | Resolved |
| | | Priority | TBD |

## Activity History

**Email: Re: Somebody answered your question [ ref:_00D306e4T._5003410BHfT:ref ]**

| | |
|---|---|
| Name | JJ Tang |
| Task | ✓ |
| Assigned To | Princes Lorenz Saarenas Centeno |
| Sent Connection Name | [Manage Connections] |
| Last Modified Date/Time | 12/23/2017 1 23 AM |
| Call Object Identifier | |

**CONFIDENTIAL**

**BELKIN_000292**

Case: 09026876 ~ Salesforce - Unlimited Edition          https://belkin.my.salesforce.com/50034000010BHfT/p?retURL=/50034...

Additional To  jingjie.tang38@gmail.com
CC
BCC  princes.centeno@concentrix.com
Attachment

Subject  Re  Somebody answered your question [ ref  00D306e4T.  5003410BHfT ref ]
Body
Hello, Jing,

We appreciate your giving us visibility with regard to your case and we'll make sure to relay this to our product management team so they can look into this matter. Also, we've already updated your location on our system.

Seems like you've already sorted out your challenge  should you need our assistance again, feel free to tap us anytime as we're available 24/7.

Regards,

Belkin Support
www.belkin.com

--------------- Original Message ---------------
From  Jing Jie Tang [jingjie.tang38@gmail.com]
Sent  12/11/2017 6 03 PM
To  belkincares@belkin.com
Subject  Re  Somebody answered your question

Hi,

Please find attached photo of fineprint. Notice it indicates 6070mAh. It's really small and difficult to read because of the black backing, small fonts and reflection. The English text states that each port supports up to 6070mAh which is still okay but it gets confusing as the Chinese text indicates that the charger has a total capacity of 6070mAh.

I went to the store for an exchange for the rose gold version (not my preferred choice of colors but that is the only other color they carry and the text behind is correct - clearly indicating 10000mAh). I didn't want another black version as they all state 6070mAh only at the back.

Just as an FYI - I have also written into BelkinCares@belkin.com prior to your response on Q&A. Your colleague asked me to get a exchange from the store but he/she had impression that I am in Hong Kong. I am actually based in Singapore.

Comments

Tang
mobile  +65 98268038

On Mon, Dec 11, 2017 at 11 17 PM, Belkin International, Inc. < noreply@belkin.com> wrote

> See what they wrote —
>
>
> Tang,
>
> Thanks for inspiring a conversation. We hope to hear from you again.
>
> Read the full thread
> <http //click.sa.bazaarvoice.com
/?qs=4cd6b1ac94adf53d8e5bfedbc626523acd6b4d86f5eeeae2d029418c1d694555f4e8037f9763e606fd4b0078b33baeb8601deefa2ed7da3a>
>
> Thanks again,
> *Belkin*
>
>
> Hi, Tang. The Belkin Pocket Power Bank (F7U020) should be 10,000 mah. We
> believe that this may be a cosmetic issue on the packaging and we'd like to
> look into this issue further. Kindly e-mail us a photo of the fineprint and
> send it to us at BelkinCares@belkin.com including your contact details
> and the link to this post for our reference. We'll take it from there.
>
> Contact Customer Service
> <http //click.sa.bazaarvoice.com
/?qs=47b43c548b0755192ee2c519b158cdbc74469cc95ea2b9342817707d1d0c0bb60378666fa9543bba71a6d4114f0e3ff113a8174d3380c430>
> with questions or concerns. If you no longer wish to receive notifications
> like this, you can unsubscribe
> <http //click.sa.bazaarvoice.com
/?qs=00ff2d26ed06c200f67950b3c6ccfa4b13f2b74a1c58daec88489323de70314c09446b4a4dada47c5b3d9716420723 8618a48b3b7d86715d>
> any time.
>
> If you are experiencing issues with your product, please contact our
> customer service with questions or concerns and let us know how we can help.
>
> Customer Service
> 1-800-223-5546 <(800)%20223-5546>
> 6 AM to 8 PM Monday thru Friday PT

CONFIDENTIAL

1/28/2021, 4:26 PM

BELKIN_000293

> 8 AM to 5 PM Saturday PST
>
>
ref  00D306e4T.  5003410BHfT ref

---

Copyright © 2000-2021 salesforce com, inc. All rights reserved.

1/28/2021, 4:26 PM

**CONFIDENTIAL**                    **BELKIN_000294**

Case: 09648761 ~ Salesforce - Unlimited Edition        https://belkin.my.salesforce.com/500340000134gAS/p?retURL=/50034...



• Close Window
• Print This Page

## Case: 09648761

### Customer

| | | | |
|---|---|---|---|
| Account Name | Joanna Ramirez | Contact Phone | |
| Contact Name | | Contact Email | |
| Asset | P-F7U020 \| POCKET POWER 10000 | Theatre | APAC |
| Hot On hand | 0 | | |
| Available Inventory | 0 | | |
| Multiple CR's to same details | ☐ | | |
| Multiple SORMA's to same details | ☐ | | |

### Case Details

| | | | |
|---|---|---|---|
| Subject | BelkinChat_ProductFeatures_F7U020 | | |
| Case Owner | Robert Anthony Lamata Gerochi [Change] | Case Number | 09648761 [View Hierarchy] |
| Status | Resolved | Parent Case | |
| Sales Order Number | | progress field | |
| WebEx Session ID | | Case Record Type | Belkin Tech Support [Change] |
| | | Case Origin | Chat |
| IR Number | | | |

### Service Offerings Detail

| | | | |
|---|---|---|---|
| Hardware Warranty Status | | Entitlement | |
| Complimentary Assisted Support | | Subscription Return Call | ☐ |
| Service Offerings | | Coupon Provided | |
| Agent Assist PIN | | Coupon Code | |
| Referral Programs | | Coupon Amount | |

### Problem Identification

| | | | |
|---|---|---|---|
| Initial Installation | ☐ | Brand | Belkin |
| Problem Category | Product Features Question | Grief Reason | |
| | | ISP | |
| | | ISP Other | |
| Description | | | |

### Solution

CONFIDENTIAL

1/28/2021, 4:37 PM

BELKIN_000295

Case: 09648761 ~ Salesforce - Unlimited Edition                    https://belkin.my.salesforce.com/500340000134gAS/p?retURL=/50034...

| | | | |
|---|---|---|---|
| **TS Problem Category Level1** | General Processes | **CS Problem Category Level1** | |
| **TS Problem Category Level2** | Inquiry Calls | **CS Problem Category Level2** | |
| **TS Problem Category Level3** | Product Features Question | **CS Problem Category Level3** | |
| **TS Solution Category** | Resolved | **CS Solution Category** | |
| **Escalation Reason** | | **Mis Transferred Reason** | |
| **Escalation Priority** | | | |
| **Bubble Up** | ☐ | **Escalation Notes** | |
| **Category** | | **Disconnected in the Middle of TS** | ☐ |
| **Escalated** | ☐ | | |

## CSAT Information

| | | | |
|---|---|---|---|
| **Q1 - Rate Support Experience** | | **Q3 - Number of Contacts to Resolve** | |
| **Q2 - Issue Resolved?** | | **Q4 - NPS** | |
| **Survey Recorded Date** | | | |

## System Information

| | | | |
|---|---|---|---|
| **Created By** | Live Agent Belkin Site Guest User, 5/4/2018 6:18 PM | **Last Modified By** | Robert Anthony Lamata Gerochi, 5/6/2018 7:43 PM |
| **Category - Solution** | Resolved | **Status** | Resolved |
| | | **Priority** | Medium |

## Activity History
### Initial Call

████████████████████████████████████████████

| | |
|---|---|
| Task | ✔ |
| Assigned To | **Robert Anthony Lamata Gerochi** |
| Sent Connection Name | **[Manage Connections]** |
| Last Modified Date/Time | **5/4/2018 6:38 PM** |
| Call Object Identifier | |
| Comments | **CX wanted to know if Powerbank can be brought inside Air Asia**<br>**Informed CX the limit of Air Asia is 100Wh, which means a maximum capacity of 20000mAh with voltage of 5V**<br>**Cx provided that powerbank is 6070mah**<br>**Told CX it is within the limit set by Air Asia**<br>**Set Cx expectation it is still within Air Asia's discretion**<br>**No other concerns**<br>**CX disconnected chat before closing speil**<br>**End of chat**<br>————————————————————<br>**Chat session ended by visitor.**<br>**Robert Anthony Lamata G**<br>**Hello Joanna Ramirez. My name is Robert Anthony Lamata.**<br>**Thank you for choosing Belkin chat support. Is this your first time to contact Belkin or do you have a case number?09:19:03**<br><br>**Hello, Joanna. Are you still there?09:21:27** |

**Joanna Ramirez**
yes09:21:37

can i bring my Belkin powerbank to Air Asia airplane?09:22:06

**Robert Anthony Lamata G**
May I know the model number of the Powerbank?09:22:58

It seems here that Air Asia allows powerbanks with wattage of 100Wh, which means a maximum capacity of 20000mAh with voltage of 5V.09:24:18

Hello, Joanna. Are you still there?09:26:08

Hello, Joanna. Are we still connected?09:29:27

**Joanna Ramirez**
yes09:29:35

it is F7u02009:30:09

it says 6070mah09:30:37

input 2.0A09:30:52

**Robert Anthony Lamata G**
Then it should be within the allowed limit, Joanna.09:31:02

**Joanna Ramirez**
output 2.5A09:31:05

okay09:31:12

good to know09:31:17

thanks a lot RObert09:31:22

**Robert Anthony Lamata G**
However, it is still within the discretion of the plane whether you can bring it our not.09:31:31

So it is still safer to ask them directly.09:31:40

**Joanna Ramirez**
ok thanks09:32:43

bye09:32:45

**Robert Anthony Lamata G**
Is there anything else I may assist you with?09:32:53

**Joanna Ramirez**
no09:33:03

thanks09:33:04

## Chat Transcripts
01543623

| | |
|---|---|
| End Time | **5/4/2018 6:33 PM** |
| Status | **Completed** |

## Case History
 Status

|  |  |
|---|---|

**CONFIDENTIAL**       **BELKIN_000297**

Case: 09648761 ~ Salesforce - Unlimited Edition                    https://belkin.my.salesforce.com/500340000134gAS/p?retURL=/50034...

|                        |                                                |
|------------------------|------------------------------------------------|
| New Value              | **Resolved**                                   |
| Start Time             | **5/4/2018 6:38 PM**                           |
| End Time               |                                                |
| Elapsed Time (days)    |                                                |
| Created By             | **Robert Anthony Lamata Gerochi, 5/4/2018 6:38 PM** |
| Created Date           | **5/4/2018**                                   |
| Case History Number    | **CH-37771230**                                |

**Owner**

|                        |                                                |
|------------------------|------------------------------------------------|
| Old Value              | **Live Agent Belkin Site Guest User**          |
| New Value              | **Robert Anthony Lamata Gerochi**              |
| Start Time             | **5/4/2018 6:35 PM**                           |
| End Time               |                                                |
| Elapsed Time (days)    |                                                |
| Created By             | **Robert Anthony Lamata Gerochi, 5/4/2018 6:35 PM** |
| Created Date           | **5/4/2018**                                   |
| Case History Number    | **CH-37771184**                                |

**Case Type**

|                        |                                                |
|------------------------|------------------------------------------------|
| Old Value              |                                                |
| New Value              | **Customer Service**                           |
| Start Time             | **5/4/2018 6:35 PM**                           |
| End Time               |                                                |
| Elapsed Time (days)    |                                                |
| Created By             | **Robert Anthony Lamata Gerochi, 5/4/2018 6:35 PM** |
| Created Date           | **5/4/2018**                                   |
| Case History Number    | **CH-37771182**                                |

**Owner**

|                        |                                                |
|------------------------|------------------------------------------------|
| Old Value              | ████████                                       |
| New Value              | **Live Agent Belkin Site Guest User**          |
| Start Time             | **5/4/2018 6:18 PM**                           |
| End Time               | **5/4/2018 6:35 PM**                           |
| Elapsed Time (days)    | **0**                                          |
| Created By             | **Live Agent Belkin Site Guest User, 5/4/2018 6:18 PM** |
| Created Date           | **5/4/2018**                                   |
| Case History Number    | **CH-37770993**                                |

**Status**

|                        |                                                |
|------------------------|------------------------------------------------|
| New Value              | **New**                                        |
| Start Time             | **5/4/2018 6:18 PM**                           |
| End Time               | **5/4/2018 6:38 PM**                           |
| Elapsed Time (days)    | **0**                                          |
| Created By             | **Live Agent Belkin Site Guest User, 5/4/2018 6:18 PM** |
| Created Date           | **5/4/2018**                                   |
| Case History Number    | **CH-37770994**                                |

Copyright © 2000-2021 salesforce.com, inc. All rights reserved.

**CONFIDENTIAL**

1/28/2021, 4:37 PM

**BELKIN_000298**

Case: 09571614 ~ Salesforce - Unlimited Edition      https://belkin.my.salesforce.com/50034000012ZchA/p?retURL=/50034...



- Close Window
- Print This Page

## Case: 09571614

### Customer

| | | | |
|---|---|---|---|
| **Account Name** | Joe Stasiek | **Contact Phone** | (720) 334-6549 |
| **Contact Name** | Joe Stasiek | **Contact Email** | jpstasiek@msn.com |
| **Asset** | P-F7U020 \| POCKET POWER 10000 | **Theatre** | NA |
| **Hot On hand** | 0 | | |
| **Available Inventory** | 0 | | |
| **Multiple CR's to same details** | ☐ | | |
| **Multiple SORMA's to same details** | ☐ | | |

### Case Details

| | | | |
|---|---|---|---|
| **Subject** | product inquiry | | |
| **Case Owner** | Ivan Emmanuel Bombeo [Change] | **Case Number** | 09571614 [View Hierarchy] |
| **Status** | Resolved | **Parent Case** | |
| **Sales Order Number** | | **progress field** | |
| **WebEx Session ID** | | **Case Record Type** | Belkin Tech Support [Change] |
| | | **Case Origin** | Email |
| **IR Number** | | | |

### Service Offerings Detail

| | | | |
|---|---|---|---|
| **Hardware Warranty Status** | | **Entitlement** | |
| **Complimentary Assisted Support** | | **Subscription Return Call** | ☐ |
| **Service Offerings** | | **Coupon Provided** | |
| **Agent Assist PIN** | | **Coupon Code** | |
| **Referral Programs** | | **Coupon Amount** | |

### Problem Identification

| | | | |
|---|---|---|---|
| **Initial Installation** | ☐ | **Brand** | Belkin |
| **Problem Category** | Product Specification Request | **Grief Reason** | |
| | | **ISP** | |
| | | **ISP Other** | |
| **Description** | | | |

### Solution

CONFIDENTIAL

1/28/2021, 4:36 PM

BELKIN_000299

Case: 09571614 ~ Salesforce - Unlimited Edition       https://belkin.my.salesforce.com/50034000012ZchA/p?retURL=/50034...

| | | | |
|---|---|---|---|
| **TS Problem Category Level1** | General Processes | **CS Problem Category Level1** | |
| **TS Problem Category Level2** | Inquiry Calls | **CS Problem Category Level2** | |
| **TS Problem Category Level3** | Product Specification Request | **CS Problem Category Level3** | |
| **TS Solution Category** | RMA | **CS Solution Category** | |
| **Escalation Reason** | | | |
| **Escalation Priority** | | **Mis Transferred Reason** | |
| **Bubble Up** | ☐ | **Escalation Notes** | |
| **Category** | | **Disconnected in the Middle of TS** | ☐ |
| **Escalated** | ☐ | | |

---

### CSAT Information

| | | | |
|---|---|---|---|
| **Q1 - Rate Support Experience** | | **Q3 - Number of Contacts to Resolve** | |
| **Q2 - Issue Resolved?** | | **Q4 - NPS** | |
| **Survey Recorded Date** | | | |

---

### System Information

| | | | |
|---|---|---|---|
| **Created By** | Ivan Emmanuel Bombeo, 4/13/2018 8:00 AM | **Last Modified By** | Ivan Emmanuel Bombeo, 4/15/2018 2:39 PM |
| **Category - Solution** | RMA | **Status** | Resolved |
| | | **Priority** | Medium |

---

## Activity History
### Call Back – Level 1

| | |
|---|---|
| **Task** | ✔ |
| **Assigned To** | **Ivan Emmanuel Bombeo** |
| **Sent Connection Name** | **[Manage Connections]** |
| **Last Modified Date/Time** | **4/13/2018 1:34 PM** |
| **Call Object Identifier** | |
| | **Resolution/Remarks:**<br>**> processed call back**<br>**> cx ans.**<br>**> 1st attempt -no ans**<br>**> 2nd attempt - no ans**<br>**> 3rd attempt - no ans**<br>**> ask permision to send an email to teh customer. approved by TC jole Miasco. email content below** |
| **Comments** | **Thank you for taking the time to contact us at Belkin. The 6070 listed is the minimum capacity on the battery while the 10K is the maximum capacity.The Belkin promise to deliver the highest quality products translates to the way we conduct testing. We commissioned third party labs to test our power banks and are legally required as a global company to communicate the product's full spectrum of capacity. Its maximum capacity is on package and its minimum capacity is noted in fine print on the product. The minimum capacity is also known as the "rated capacity" and is our way of testing products under the most extreme conditions to ensure that they operate above and beyond the industry standard.**<br>**> case close, resolve it under my name** |

Case: 09571614 ~ Salesforce - Unlimited Edition        https://belkin.my.salesforce.com/50034000012ZchA/p?retURL=/50034...

### Email: Belkin Support Case: 09571614 [ ref:_00D306e4T._5003412ZchA:ref ]

| | |
|---|---|
| Name | Joe Stasiek |
| Task | ✓ |
| Assigned To | Ivan Emmanuel Bombeo |
| Sent Connection Name | [Manage Connections] |
| Last Modified Date/Time | 4/13/2018 1:33 PM |
| Call Object Identifier | |
| Comments | Additional To: jpstasiek@msn.com<br>CC:<br>BCC:<br>Attachment:<br><br>Subject: Belkin Support Case: 09571614 [ ref:_00D306e4T._5003412ZchA:ref ]<br>Body:<br>Dear Joe Stasiek,<br><br>Thank you for taking the time to contact us at Belkin. The 6070 listed is the minimum capacity on the battery while the 10K is the maximum capacity.The Belkin promise to deliver the highest quality products translates to the way we conduct testing. We commissioned third party labs to test our power banks and are legally required as a global company to communicate the product's full spectrum of capacity. Its maximum capacity is on package and its minimum capacity is noted in fine print on the product. The minimum capacity is also known as the "rated capacity" and is our way of testing products under the most extreme conditions to ensure that they operate above and beyond the industry standard.<br><br> If you have any further questions please feel free to contact our customer support team at 1-800-223-5546 and provide your case number of 09571614 so that we may pull up your records.<br><br>Thank you,<br>Belkin Support<br><br>ref:_00D306e4T._5003412ZchA:ref |

### Initial Call

| | |
|---|---|
| Name | Joe Stasiek |
| Task | ✓ |
| Assigned To | Ivan Emmanuel Bombeo |
| Sent Connection Name | [Manage Connections] |
| Last Modified Date/Time | 4/13/2018 8:17 AM |
| Call Object Identifier | |
| Comments | Name: Joe Stasiek<br>Phone Number: 7203346549<br>Email: jpStasiek@msn.com<br>Shipping Address (with County):<br>Shipping Method:<br>Problem: pocket power 10k<br>Case Number: 09571614<br>RMA Number: n/a<br>If RMA, Units Available:<br>Units available in HOT:<br><br>Order Number: n/a<br>PO #:<br><br>Model Number: F7U020<br>Serial Number: 111111111111<br>Date of Purchase: April 12 2018<br>Place of Purchase: Target<br>//Local Store (Specify Name of Store)<br>Resolution/Remarks:<br>> cx said that the he purchase a power bank 10k but when he opened it, it says 670amp.<br>> part number F7U020<br>> item is Pocket Power 10K Power Bank (aka Portable Charger) |

1/28/2021, 4:36 PM

**CONFIDENTIAL**                    **BELKIN_000301**

> ask to be place opn hold ccx agreed
> i tried to find the same information from the email since I had the same concernt befiore buit I cant
> back to cx and apologize for the long hold,cx
> inform aht i had this concern before already but i am still looking for the informatio given
> ask to give us 1 to 2 business days and we will provide a feed back. cx agreed
> anything else
> closin spiel
. eoc

**ADHERENCE (Specifics should already by in Remarks):**
**RMA Option, Offered Store Call Out://No**
**Mentioned RMA Type://Yes//NO//NA**
**Customer will pay for ship cost://Yes//No//NA**
**For RMA, Mentioned IY Return Address://Yes//No**
**Explained Shipping Timeframe://Yes**

## Case History

### Status

| | |
|---|---|
| Old Value | **Updated** |
| New Value | **Resolved** |
| Start Time | **4/13/2018 1:34 PM** |
| End Time | |
| Elapsed Time (days) | |
| Created By | **Ivan Emmanuel Bombeo, 4/13/2018 1:34 PM** |
| Created Date | **4/13/2018** |
| Case History Number | **CH-37426856** |

### Status

| | |
|---|---|
| Old Value | **New** |
| New Value | **Updated** |
| Start Time | **4/13/2018 1:33 PM** |
| End Time | **4/13/2018 1:34 PM** |
| Elapsed Time (days) | **0** |
| Created By | **Utility Account, 4/13/2018 1:33 PM** |
| Created Date | **4/13/2018** |
| Case History Number | **CH-37426846** |

### Case Type

| | |
|---|---|
| New Value | **Customer Service** |
| Start Time | **4/13/2018 8:14 AM** |
| End Time | |
| Elapsed Time (days) | |
| Created By | **Ivan Emmanuel Bombeo, 4/13/2018 8:14 AM** |
| Created Date | **4/13/2018** |
| Case History Number | **CH-37421502** |

### Owner

| | |
|---|---|
| Start Time | **4/13/2018 8:00 AM** |
| End Time | |
| Elapsed Time (days) | |
| Created By | **Ivan Emmanuel Bombeo, 4/13/2018 8:00 AM** |
| Created Date | **4/13/2018** |

CONFIDENTIAL

1/28/2021, 4:36 PM

BELKIN_000302

Case: 09571614 ~ Salesforce - Unlimited Edition                    https://belkin.my.salesforce.com/50034000012ZchA/p?retURL=/50034...

Case History Number **CH-37421265**

**Status**

| | |
|---|---|
| Old Value | |
| New Value | **New** |
| Start Time | **4/13/2018 8:00 AM** |
| End Time | **4/13/2018 1:33 PM** |
| Elapsed Time (days) | **0** |
| Created By | **Ivan Emmanuel Bombeo, 4/13/2018 8:00 AM** |
| Created Date | **4/13/2018** |
| Case History Number | **CH-37421266** |

Copyright © 2000-2021 salesforce.com, inc. All rights reserved.

1/28/2021, 4:36 PM

**CONFIDENTIAL**                                    **BELKIN_000303**

Case: 09244626 ~ Salesforce - Unlimited Edition      https://belkin.my.salesforce.com/50034000010shXi/p?retURL=/500340...



- Close Window
- Print This Page

## Case: 09244626

### Customer

| | | | |
|---|---|---|---|
| **Account Name** | Justin Williams | **Contact Phone** | 6045213749 |
| **Contact Name** | Justin Williams | **Contact Email** | justin.williams@telus.com |
| **Asset** | P-F7U020 | POCKET POWER 10000 | **Theatre** | NA |
| **Hot On hand** | 0 | | |
| **Available Inventory** | 0 | | |
| **Multiple CR's to same details** | ☐ | | |
| **Multiple SORMA's to same details** | ☐ | | |

### Case Details

| | | | |
|---|---|---|---|
| **Subject** | Belkin chat_INQ_F7U020_Product features | | |
| **Case Owner** | Syed Irfanuddin [Change] | **Case Number** | 09244626 [View Hierarchy] |
| **Status** | Resolved | **Parent Case** | |
| **Sales Order Number** | | **progress field** | |
| **WebEx Session ID** | | **Case Record Type** | Belkin Tech Support [Change] |
| | | **Case Origin** | Chat |
| **IR Number** | | | |

### Service Offerings Detail

| | | | |
|---|---|---|---|
| **Hardware Warranty Status** | Not Eligible | **Entitlement** | |
| **Complimentary Assisted Support** | Not Eligible | **Subscription Return Call** | ☐ |
| **Service Offerings** | Declined - No Support Provided | **Coupon Provided** | |
| **Agent Assist PIN** | | **Coupon Code** | |
| **Referral Programs** | | **Coupon Amount** | |

### Problem Identification

| | | | |
|---|---|---|---|
| **Initial Installation** | ☐ | **Brand** | Belkin |
| **Problem Category** | Product Features Question | **Grief Reason** | |
| | | **ISP** | |
| | | **ISP Other** | |
| **Description** | | | |

### Solution

**CONFIDENTIAL**

1/28/2021, 4:34 PM

**BELKIN_000304**

Case: 09244626 ~ Salesforce - Unlimited Edition                    https://belkin.my.salesforce.com/50034000010shXi/p?retURL=/500340...

| | | | |
|---|---|---|---|
| TS Problem Category Level1 | General Processes | CS Problem Category Level1 | |
| TS Problem Category Level2 | Inquiry Calls | CS Problem Category Level2 | |
| TS Problem Category Level3 | Product Features Question | CS Problem Category Level3 | |
| TS Solution Category | Resolved | CS Solution Category | |
| Escalation Reason | | Mis Transferred Reason | |
| Escalation Priority | | | |
| Bubble Up | ☐ | Escalation Notes | |
| Category | | Disconnected in the Middle of TS | ☐ |
| Escalated | ☐ | | |

## CSAT Information

| | | | |
|---|---|---|---|
| Q1 - Rate Support Experience | | Q3 - Number of Contacts to Resolve | |
| Q2 - Issue Resolved? | | Q4 - NPS | |
| Survey Recorded Date | | | |

## System Information

| | | | |
|---|---|---|---|
| Created By | Live Agent Belkin Site Guest User, 1/23/2018 2:31 PM | Last Modified By | Syed Irfanuddin, 1/23/2018 2:56 PM |
| Category - Solution | Resolved | Status | Resolved |
| | | Priority | Medium |

## Activity History
**Initial Call**

████████████████████████████████████

| | |
|---|---|
| Task | ✔ |
| Assigned To | **Syed Irfanuddin** |
| Sent Connection Name | **[Manage Connections]** |
| Last Modified Date/Time | **1/23/2018 2:55 PM** |
| Call Object Identifier | |
| Comments | **Skip to main contentContent Starts Here**<br>**End Chat**<br>**Chat session ended by visitor.**<br>**Syed I**<br>**Hello Justin Williams. My name is Syed.**<br>**Thank you for choosing Belkin chat support. Is this your first time to contact Belkin or do you have a case number?04:02:21**<br><br>**Justin Williams**<br>**This is my first time contacting support.04:02:49**<br><br>**Syed I**<br>**How may I help you today?04:03:00**<br><br>**Justin Williams**<br>**I purchase a Pocket Power 10000 mAh a couple weeks ago. the product itself says that it is only 6070 mAh.04:03:49** |

CONFIDENTIAL                    1/28/2021, 4:34 PM

**BELKIN_000305**

Case: 09244626 ~ Salesforce - Unlimited Edition          https://belkin.my.salesforce.com/50034000010shXi/p?retURL=/500340...

The packaging said that it was 10000 mAh and I bought it thinking it had 10000 but it only has 6070 mAh?04:05:42

Syed I
Could you please help me with the model number so that I can check with my resources?04:06:49

Justin Williams
Sorry, one moment. The numbers are very small. What am I looking for?04:08:03

Oh I think I found it.04:08:15

F7U020 INP11/66/110-104:09:04

Syed I
Let me check.04:09:20

Thank you Justin In this case I will help you with the customer support number just contact them and they will assist you further and thank you for bringing this to our attention.04:14:08

Justin Williams
Okay.04:14:29

What is the best number to call?04:14:38

1-800 223 5546?04:14:59

Syed I
Yes Justin IVR option 4 followed by 2.04:18:50

Justin Williams
Thank you.04:18:57

Send

## Chat Transcripts
### 01483991

| | |
|---|---|
| Owner | **sirfa** |
| Start Time | **1/23/2018 2:32 PM** |
| End Time | **1/23/2018 2:49 PM** |
| Status | **Completed** |

## Case History
### Status

| | |
|---|---|
| New Value | **Resolved** |
| Start Time | **1/23/2018 2:56 PM** |
| End Time | |
| Elapsed Time (days) | |
| Created By | **Syed Irfanuddin, 1/23/2018 2:56 PM** |
| Created Date | **1/23/2018** |
| Case History Number | **CH-35939090** |

### Owner

| | |
|---|---|
| Start Time | **1/23/2018 2:51 PM** |
| End Time | |
| Elapsed Time (days) | |
| Created By | **Syed Irfanuddin, 1/23/2018 2:51 PM** |

1/28/2021, 4:34 PM

**CONFIDENTIAL**          **BELKIN_000306**

Case: 09244626 ~ Salesforce - Unlimited Edition      https://belkin.my.salesforce.com/50034000010shXi/p?retURL=/500340...

| | |
|---|---|
| Created Date | **1/23/2018** |
| Case History Number | **CH-35938905** |

**Owner**

| | |
|---|---|
| Old Value | |
| New Value | **Live Agent Belkin Site Guest User** |
| Start Time | **1/23/2018 2:31 PM** |
| End Time | **1/23/2018 2:51 PM** |
| Elapsed Time (days) | **0** |
| Created By | **Live Agent Belkin Site Guest User, 1/23/2018 2:31 PM** |
| Created Date | **1/23/2018** |
| Case History Number | **CH-35938113** |

**Status**

| | |
|---|---|
| Old Value | |
| New Value | **New** |
| Start Time | **1/23/2018 2:31 PM** |
| End Time | **1/23/2018 2:56 PM** |
| Elapsed Time (days) | **0** |
| Created By | **Live Agent Belkin Site Guest User, 1/23/2018 2:31 PM** |
| Created Date | **1/23/2018** |
| Case History Number | **CH-35938114** |

Copyright © 2000-2021 salesforce.com, inc. All rights reserved.

1/28/2021, 4:34 PM

**CONFIDENTIAL**            **BELKIN_000307**

Case: 09244868 ~ Salesforce - Unlimited Edition                    https://belkin.my.salesforce.com/50034000010si8y/p?retURL=/5003400...



- <u>Close Window</u>
- <u>Print This Page</u>

## Case: 09244868

### Customer

| | | | |
|---|---|---|---|
| **Account Name** | Justin Williams | **Contact Phone** | (604) 802-5934 |
| **Contact Name** | Justin Williams | **Contact Email** | jwill2211@gmail.com |
| **Asset** | P-F7U020 \| POCKET POWER 10000 | **Recall OptIn** | ☐ |
| **Hot On hand** | 0 | | |
| **Available Inventory** | 0 | | |
| **Multiple CR's to same details** | ☐ | | |
| **Multiple SORMA's to same details** | ☐ | | |

### Case Details

| | | | |
|---|---|---|---|
| **Subject** | Power pack label issue | | |
| **Case Owner** | Ivan Emmanuel Bombeo [Change] | **Case Type** | Customer Service |
| **Status** | Resolved | **progress field** | |
| **Case Number** | 09244868 [View Hierarchy] | **Customer Service Brand** | Belkin |
| **Parent Case** | | **Case Record Type** | Customer Service [Change] |
| | | **Case Origin** | Phone |
| **IR Number** | | | |

### Service Offerings Detail

| | | | |
|---|---|---|---|
| **Hardware Warranty Status** | | **Place of Purchase** | Other |
| **Service Offerings** | | **Coupon Provided** | |
| **Sales Order Number** | | **Coupon Code** | |
| **Agent Assist PIN** | | **Coupon Amount** | |

### Problem Identification

| | | | |
|---|---|---|---|
| **CS Problem Category Level1** | Marketplace | **Brand** | Belkin |
| **CS Problem Category Level2** | Customer Complaints | **Grief Reason** | |
| **CS Problem Category Level3** | Product Related | **Disconnected in the Middle of TS** | ☐ |
| **Description** | | | |

### Escalation Details

| | | | |
|---|---|---|---|
| **CS Solution Category** | Escalated to HQ Team | **Escalation Notes** | |

CONFIDENTIAL

1/28/2021, 4:34 PM

BELKIN_000308

Case: 09244868 ~ Salesforce - Unlimited Edition

https://belkin.my.salesforce.com/50034000010si8y/p?retURL=/5003400...

| | | | |
|---|---|---|---|
| **Escalation Reason** | X - IY/ND3 - Order/RMA Related | **PO/RMA Number** | |
| **Escalation Priority** | P2 | | |

### System Information

| | | | |
|---|---|---|---|
| **Created By** | Ivan Emmanuel Bombeo, 1/23/2018 3:00 PM | **Last Modified By** | Ivan Emmanuel Bombeo, 2/4/2018 7:12 PM |
| **Status** | Resolved | **Priority** | Medium |

## Emails

### Re: Belkin Support Case: 09244868 [ ref:_00D306e4T._5003410si8y:ref ]

| | |
|---|---|
| Message Date | 1/24/2018 10:14 PM |
| Has Attachment | ✓ |
| Email Address | jwill2211@gmail.com |
| Status | **Read** |
| Subject | **Re: Belkin Support Case: 09244868 [ ref:_00D306e4T._5003410si8y:ref ]** |
| | **Attaching better pictures of both the Belkin Pocket Power 5000 and Pocket Power 10000. The 5000 has 2900 mAh on the product. The 10000 has 6070 mAh on the product.** |
| | **On Jan 23, 2018 3:11 PM, "Justin Williams" <jwill2211@gmail.com> wrote:** |
| | **On Jan 23, 2018 3:08 PM, "support@belkin.com" <support@belkin.com> wrote:** |
| | **> Hello Justin Williams,** |
| | **>** |
| Text Body | **> Thank you for your recent contact to Belkin Customer Care. This email is** |
| | **> to confirm your case number of 09244868. Please have this number** |
| | **> available should you need to contact us again.** |
| | **>** |
| | **> If you have any questions please feel free to call us at 1-800-223-5546** |
| | **> <(800)%20223-5546>.** |
| | **>** |
| | **> Best Regards,** |
| | **> Belkin Support** |
| | **>** |
| | **> ref:_00D306e4T._5003410si8y:ref** |
| | **>** |

### Re: Belkin Support Case: 09244868 [ ref:_00D306e4T._5003410si8y:ref ]

| | |
|---|---|
| ██████████████████████████████ | |
| Has Attachment | ✓ |
| Email Address | jwill2211@gmail.com |
| Status | **Read** |
| Subject | **Re: Belkin Support Case: 09244868 [ ref:_00D306e4T._5003410si8y:ref ]** |
| | **On Jan 23, 2018 3:08 PM, "support@belkin.com" <support@belkin.com> wrote:** |
| | **> Hello Justin Williams,** |
| | **>** |
| | **> Thank you for your recent contact to Belkin Customer Care. This email is** |
| | **> to confirm your case number of 09244868. Please have this number** |
| | **> available should you need to contact us again.** |
| Text Body | **>** |
| | **> If you have any questions please feel free to call us at 1-800-223-5546** |
| | **> <(800)%20223-5546>.** |
| | **>** |
| | **> Best Regards,** |
| | **> Belkin Support** |
| | **>** |

**CONFIDENTIAL**

1/28/2021, 4:34 PM

**BELKIN_000309**

Case: 09244868 ~ Salesforce - Unlimited Edition          https://belkin.my.salesforce.com/50034000010si8y/p?retURL=/5003400...

> ref:_00D306e4T._5003410si8y:ref
>

**Belkin Support Case: 09244868 [ ref:_00D306e4T._5003410si8y:ref ]**

| | |
|---|---|
| Message Date | 1/23/2018 3:08 PM |
| Has Attachment | ☐ |
| Email Address | jwill2211@gmail.com |
| Status | **Sent** |
| Subject | **Belkin Support Case: 09244868 [ ref:_00D306e4T._5003410si8y:ref ]** |
| Text Body | **Hello Justin Williams,**<br><br>**Thank you for your recent contact to Belkin Customer Care.  This email is to confirm your case number of  09244868.  Please have this number available should you need to contact us again.**<br><br>If you have any questions please feel free to call us at 1-800-223-5546.<br><br>**Best Regards,**<br>**Belkin Support**<br><br>**ref:_00D306e4T._5003410si8y:ref** |

## Activity History
### Call Back – Level 1

| | |
|---|---|
| Name | **Justin Williams** |
| Task | ✓ |
| Assigned To | **Ivan Emmanuel Bombeo** |
| Sent Connection Name | **[Manage Connections]** |
| Last Modified Date/Time | **2/4/2018 7:12 PM** |
| Call Object Identifier | |
| Comments | **Resolution/Remarks:**<br>**> processed call back**<br>**> 1st attemp - no ans**<br>**> 2nd attemp - no ans**<br>**> 3rd attempt - cx ans**<br>**> verified that this is about the power pack he is inquiring**<br>**> apologize for hte delay response,**<br>**> explain this top cx by sumarizong Its maximum capacity is on package and its minimum capacity is noted in fine print on the product. The minimum capacity is also known as the "rated capacity" and is our way of testing products under the most extreme conditions to ensure that they operate above and beyond the industry standard."**<br>**> cx said that he just wantedt o know ti so that he can ans also some cx that will ask him in the future.**<br>**> cx said okay**<br>**> thanks for ans**<br>**> anything else**<br>**> closing spiel**<br>**> eoc**<br>**> set the case to resolve** |

### Initial Call

| | |
|---|---|
| ██████████████ | ✓ |
| Assigned To | **Ivan Emmanuel Bombeo** |
| Sent Connection Name | **[Manage Connections]** |
| Last Modified Date/Time | **1/23/2018 3:29 PM** |
| Call Object Identifier | |
| Comments | **Name: Justin Williams**<br>**Phone Number: 6048025934**<br>**Email: jwill2211@gmail.com** |

**CONFIDENTIAL**

1/28/2021, 4:34 PM

**BELKIN_000310**

Case: 09244868 ~ Salesforce - Unlimited Edition                     https://belkin.my.salesforce.com/50034000010si8y/p?retURL=/5003400...

**Shipping Address (with County):**
**Shipping Method:**
**Problem: power pack has defferent label in the product compare to the label in the box**
**Case Number: 09244868**
**RMA Number: n/a**
**If RMA, Units Available: 11267**
**Units available in HOT: 2664**

**Order Number: n/a**
**PO #:**

**Model Number: F7U020btBLK**
**Serial Number: 1111111111**
**Date of Purchase: Dec 1 2017**
**Place of Purchase: Telus Store**
**//Local Store (Specify Name of Store)**

**Customer has Receipt:**
**//Yes**

**Transferred call to: n/a**

**Resolution/Remarks:**
**> cx said the label in the box is defferent from the model in the device**
**> part number F7U020**
**> verified the item Pocket Power 10K Power Bank (aka Portable Charger)**
**> cx said that in the box it says 10k but in the device its 6k**
**> ask to be placem on hold, cx agreed**
**> back to cx**
**> device has no any damages and still wokring**
**> ask for a photo `to validate it**
**> cx said yes**
**> cx manage to send it**
**> ask to be place on hold, cx agreed**
**> ask TC Julie, said we have to escalate the case**
**> back to cx**
**> inform that we have to escalate the case and if he send a more clear photo of the device**
**> cx said yes he can, and also said that they sell this product and a customer is actully then one who brought this up, some got 5k mah, inform tha tif he can send a picture of that too, cx said he will try**
**> inform to give us aleats 24 to 48 hours to give feed back**
**> cx agreed**
**> anything else**
**> closing spiel**
**> eoc**

**Email: Belkin Support Case: 09244868 [ ref:_00D306e4T._5003410si8y:ref ]**

|  |  |
|---|---|
| Task | ✓ |
| Assigned To | **Ivan Emmanuel Bombeo** |
| Sent Connection Name | **[Manage Connections]** |
| Last Modified Date/Time | **1/23/2018 3:08 PM** |
| Call Object Identifier | |
| | **Additional To: jwill2211@gmail.com**<br>**CC:**<br>**BCC: ivan.bombeo@concentrix.com**<br>**Attachment:** |
| Comments | **Subject: Belkin Support Case: 09244868 [ ref:_00D306e4T._5003410si8y:ref ]**<br>**Body:**<br>**Hello Justin Williams,**<br><br>**Thank you for your recent contact to Belkin Customer Care.  This email is to confirm your case number of  09244868.  Please have this number available should you need to contact us again.** |

1/28/2021, 4:34 PM

**CONFIDENTIAL**                                    **BELKIN_000311**

Case: 09244868 ~ Salesforce - Unlimited Edition                    https://belkin.my.salesforce.com/50034000010si8y/p?retURL=/5003400...

**If you have any questions please feel free to call us at 1-800-223-5546.**

**Best Regards,**
**Belkin Support**

**ref:_00D306e4T._5003410si8y:ref**

## Case History

### Status

|  |  |
|---|---|
| Old Value | **Updated** |
| New Value | **Resolved** |
| Start Time | **2/4/2018 7:12 PM** |
| End Time | |
| Elapsed Time (days) | |
| Created By | **Ivan Emmanuel Bombeo, 2/4/2018 7:12 PM** |
| Created Date | **2/4/2018** |
| Case History Number | **CH-36188381** |

### Status

|  |  |
|---|---|
| Old Value | **Escalated** |
| New Value | **Updated** |
| Start Time | **1/24/2018 10:14 PM** |
| End Time | **2/4/2018 7:12 PM** |
| Elapsed Time (days) | **11** |
| Created By | **Utility Account, 1/24/2018 10:14 PM** |
| Created Date | **1/24/2018** |
| Case History Number | **CH-35970890** |

### Status

|  |  |
|---|---|
| Old Value | **Updated** |
| New Value | **Escalated** |
| Start Time | **1/23/2018 6:36 PM** |
| End Time | **1/24/2018 10:14 PM** |
| Elapsed Time (days) | **1** |
| Created By | **Ivan Emmanuel Bombeo, 1/23/2018 6:36 PM** |
| Created Date | **1/23/2018** |
| Case History Number | **CH-35944398** |

### Case Type

|  |  |
|---|---|
| New Value | **Customer Service** |
| Start Time | **1/23/2018 3:29 PM** |
| End Time | |
| Elapsed Time (days) | |
| Created By | **Ivan Emmanuel Bombeo, 1/23/2018 3:29 PM** |
| Created Date | **1/23/2018** |
| Case History Number | **CH-35940033** |

### Status

|  |  |
|---|---|
| Start Time | **1/23/2018 3:12 PM** |
| End Time | **1/23/2018 6:36 PM** |

**CONFIDENTIAL**

1/28/2021, 4:34 PM

**BELKIN_000312**

https://belkin.my.salesforce.com/50034000010si8y/p?retURL=/5003400...

| | |
|---|---|
| Elapsed Time (days) | **0** |
| Created By | **Utility Account, 1/23/2018 3:12 PM** |
| Created Date | **1/23/2018** |
| Case History Number | **CH-35939595** |

Copyright © 2000-2021 salesforce.com, inc. All rights reserved.

1/28/2021, 4:34 PM

**CONFIDENTIAL**     **BELKIN_000313**

Case: 09304137 ~ Salesforce - Unlimited Edition                    https://belkin.my.salesforce.com/50034000011H928/p?retURL=/500340...



- Close Window
- Print This Page

## Case: 09304137

### Customer

| | | | |
|---|---|---|---|
| Account Name | Mr 毕 | Contact Phone | (86)13888590590 |
| Contact Name | Mr 毕 | Contact Email | biwei@aliyun.com |
| Asset | P-F7U020 \| POCKET POWER 10000 | Theatre | APAC |
| Hot On hand | 0 | | |
| Available Inventory | 0 | | |
| Multiple CR's to same details | ☐ | | |
| Multiple SORMA's to same details | ☐ | | |

### Case Details

| | | | |
|---|---|---|---|
| Subject | Belkin POCKET POWER F7U020 feature asking | | |
| Case Owner | Ting Chen [Change] | Case Number | 09304137 [View Hierarchy] |
| Status | Resolved | Parent Case | |
| Sales Order Number | | progress field | |
| WebEx Session ID | | Case Record Type | Belkin Tech Support [Change] |
| | | Case Origin | Phone |
| IR Number | | | |

### Service Offerings Detail

| | | | |
|---|---|---|---|
| Hardware Warranty Status | | Entitlement | |
| Complimentary Assisted Support | | Subscription Return Call | ☐ |
| Service Offerings | | Coupon Provided | |
| Agent Assist PIN | | Coupon Code | |
| Referral Programs | | Coupon Amount | |

### Problem Identification

| | | | |
|---|---|---|---|
| Initial Installation | ☐ | Brand | Belkin |
| Problem Category | Product Features Question | Grief Reason | |
| | | ISP | |
| | | ISP Other | |
| Description | | | |

### Solution

CONFIDENTIAL

1/28/2021, 4:36 PM

BELKIN_000314

Case: 09304137 ~ Salesforce - Unlimited Edition        https://belkin.my.salesforce.com/50034000011H928/p?retURL=/500340...

| | | | |
|---|---|---|---|
| **TS Problem Category Level1** | General Processes | **CS Problem Category Level1** | |
| **TS Problem Category Level2** | Inquiry Calls | **CS Problem Category Level2** | |
| **TS Problem Category Level3** | Product Features Question | **CS Problem Category Level3** | |
| **TS Solution Category** | Resolved | **CS Solution Category** | |
| **Escalation Reason** | | **Mis Transferred Reason** | |
| **Escalation Priority** | | | |
| **Bubble Up** | ☐ | **Escalation Notes** | |
| **Category** | | **Disconnected in the Middle of TS** | ☐ |
| **Escalated** | ☐ | | |

---

### CSAT Information

| | | | |
|---|---|---|---|
| **Q1 - Rate Support Experience** | | **Q3 - Number of Contacts to Resolve** | |
| **Q2 - Issue Resolved?** | | **Q4 - NPS** | |
| **Survey Recorded Date** | | | |

---

### System Information

| | | | |
|---|---|---|---|
| **Created By** | Ting Chen, 2/5/2018 10:19 PM | **Last Modified By** | Ting Chen, 7/31/2018 7:43 PM |
| **Category - Solution** | Resolved | **Status** | Resolved |
| | | **Priority** | Medium |

## Activity History
### Belkin Product Replacement Approval

| | |
|---|---|
| Name | |
| Task | ✔ |
| Assigned To | **Ting Chen** |
| Sent Connection Name | **[Manage Connections]** |
| Last Modified Date/Time | **7/31/2018 7:43 PM** |
| Call Object Identifier | |
| Comments | **Email Sent to - biwei@aliyun.com**<br>**Email Sent Date and Time - 08-01-2018 10:43:40**<br>**Agent's Time Zone - Asia/Shanghai**<br>**Email Subject Line - Belkin Product Replacement Approval** |

### Initial Call

| | |
|---|---|
| Task | ✔ |
| Assigned To | **Ting Chen** |
| Sent Connection Name | **[Manage Connections]** |
| Last Modified Date/Time | **2/22/2018 9:19 PM** |
| Call Object Identifier | |
| Comments | 客户来电，表示充电宝是1万毫安机身上标示6000左右，告知客户回复邮件查看。 |

Case: 09304137 ~ Salesforce - Unlimited Edition          https://belkin.my.salesforce.com/50034000011H928/p?retURL=/500340...

**Email: 贝尔金技术支持 [ ref:_00D306e4T._5003411H928:ref ]**

| | |
|---|---|
| Name | **Mr 毕** |
| Task | ✔ |
| Assigned To | **Ting Chen** |
| Sent Connection Name | **[Manage Connections]** |
| Last Modified Date/Time | **2/22/2018 9:19 PM** |
| Call Object Identifier | |
| | **Additional To: biwei@aliyun.com**<br>**CC:**<br>**BCC: ting.chen@concentrix.com**<br>**Attachment:** |
| | **Subject: 贝尔金技术支持 [ ref:_00D306e4T._5003411H928:ref ]**<br>**Body:**<br>**尊敬的Mr 毕：** |
| Comments | **请回复一下内容：**<br>**1）购买产品的发票（如天猫/京东购买，找不到发票可回复购买记录截图）；**<br>**2）产品准确的型号（以英文字母F开头，可通过包装盒条码上标识或咨询销售方）；**<br>**3）产品外观完整拍照。**<br><br>**如有问题，欢迎来电查询（4008211805 中文组）或是通过我们的邮件，回邮到我们的邮箱，你亦可以到我们的官方网站查询（www.belkin.com）。**<br><br>**Best Regards**<br><br>**Product Support Specialist**<br>**Belkin Technical Support**<br><br>**ref:_00D306e4T._5003411H928:ref** |

## Case History

### Status

| | |
|---|---|
| Old Value | **Pending** |
| New Value | **Resolved** |
| Start Time | **7/31/2018 7:43 PM** |
| End Time | |
| Elapsed Time (days) | |
| Created By | **Ting Chen, 7/31/2018 7:43 PM** |
| Created Date | **7/31/2018** |
| Case History Number | **CH-39250973** |

### Status

| | |
|---|---|
| New Value | **Pending** |
| Start Time | **7/31/2018 2:26 AM** |
| End Time | **7/31/2018 7:43 PM** |
| Elapsed Time (days) | **1** |
| Created By | **Ting Chen, 7/31/2018 2:26 AM** |
| Created Date | **7/31/2018** |
| Case History Number | **CH-39234695** |

### Owner

| | |
|---|---|
| Start Time | **2/5/2018 10:19 PM** |

1/28/2021, 4:36 PM<br>**CONFIDENTIAL**          **BELKIN_000316**

|  |  |
|---|---|
| End Time | |
| Elapsed Time (days) | |
| Created By | **Ting Chen, 2/5/2018 10:19 PM** |
| Created Date | **2/5/2018** |
| Case History Number | **CH-36212280** |

### Status

|  |  |
|---|---|
| Old Value | |
| New Value | **New** |
| Start Time | **2/5/2018 10:19 PM** |
| End Time | **7/31/2018 2:26 AM** |
| Elapsed Time (days) | **175** |
| Created By | **Ting Chen, 2/5/2018 10:19 PM** |
| Created Date | **2/5/2018** |
| Case History Number | **CH-36212281** |

Copyright © 2000-2021 salesforce.com, inc. All rights reserved.

**CONFIDENTIAL**      1/28/2021, 4:36 PM

**BELKIN_000317**

Case: 09133829 ~ Salesforce - Unlimited Edition        https://belkin.my.salesforce.com/50034000010at5S/p?retURL=/500340...



- Close Window
- Print This Page

## Case: 09133829

### Customer

| | | | |
|---|---|---|---|
| **Account Name** | Nathan Chen | **Contact Phone** | 0415211777 |
| **Contact Name** | Nathan Chen | **Contact Email** | nathan_chen12@hotmail.com |
| **Asset** | P-F7U020 \| POCKET POWER 10000 | **Theatre** | ANZ |
| **Hot On hand** | 0 | | |
| **Available Inventory** | 0 | | |
| **Multiple CR's to same details** | ☐ | | |
| **Multiple SORMA's to same details** | ☐ | | |

### Case Details

| | | | |
|---|---|---|---|
| **Subject** | Belkin chat_INQ_F7U020_product specifications. | | |
| **Case Owner** | Asvini Masilamani [Change] | **Case Number** | 09133829 [View Hierarchy] |
| **Status** | Resolved | **Parent Case** | |
| **Sales Order Number** | | **progress field** | |
| **WebEx Session ID** | | **Case Record Type** | Belkin Tech Support [Change] |
| | | **Case Origin** | Chat |
| **IR Number** | | | |

### Service Offerings Detail

| | | | |
|---|---|---|---|
| **Hardware Warranty Status** | Not Eligible | **Entitlement** | |
| **Complimentary Assisted Support** | Not Eligible | **Subscription Return Call** | ☐ |
| **Service Offerings** | Declined - No Support Provided | **Coupon Provided** | |
| **Agent Assist PIN** | | **Coupon Code** | |
| **Referral Programs** | | **Coupon Amount** | |

### Problem Identification

| | | | |
|---|---|---|---|
| **Initial Installation** | ☐ | **Brand** | Belkin |
| **Problem Category** | Product Features Question | **Grief Reason** | |
| | | **ISP** | |
| | | **ISP Other** | |
| **Description** | | | |

### Solution

**CONFIDENTIAL**

1/28/2021, 4:30 PM

**BELKIN_000318**

Case: 09133829 ~ Salesforce - Unlimited Edition

https://belkin.my.salesforce.com/50034000010at5S/p?retURL=/500340...

| | | | |
|---|---|---|---|
| TS Problem Category Level1 | General Processes | CS Problem Category Level1 | |
| TS Problem Category Level2 | Inquiry Calls | CS Problem Category Level2 | |
| TS Problem Category Level3 | Product Features Question | CS Problem Category Level3 | |
| TS Solution Category | Resolved | CS Solution Category | |
| Escalation Reason | | Mis Transferred Reason | |
| Escalation Priority | | | |
| Bubble Up | ☐ | Escalation Notes | |
| Category | | Disconnected in the Middle of TS | ☐ |
| Escalated | ☐ | | |

### CSAT Information

| | | | |
|---|---|---|---|
| Q1 - Rate Support Experience | | Q3 - Number of Contacts to Resolve | |
| Q2 - Issue Resolved? | | Q4 - NPS | |
| Survey Recorded Date | | | |

### System Information

| | | | |
|---|---|---|---|
| Created By | Live Agent Belkin Site Guest User, 1/2/2018 6:33 PM | Last Modified By | Asvini Masilamani, 1/2/2018 8:23 PM |
| Category - Solution | Resolved | Status | Resolved |
| | | Priority | Medium |

## Activity History
### Initial Call

███████████████████████████████████

| | |
|---|---|
| Task | ✓ |
| Assigned To | **Asvini Masilamani** |
| Sent Connection Name | **[Manage Connections]** |
| Last Modified Date/Time | **1/2/2018 7:40 PM** |
| Call Object Identifier | |
| Comments | **Skip to main contentContent Starts Here**<br>**End Chat**<br>**Chat session ended by agent.**<br>**Asvini M**<br>**Hello Nathan Chen. My name is Asvini.**<br>**Thank you for choosing Belkin chat support. Is this your first time to contact Belkin or do you have a case number?08:04:28**<br><br>**Nathan Chen**<br>**first time08:04:49**<br><br>**hello?08:05:06**<br><br>**helloooo?08:05:28**<br><br>**helloooo???08:06:10** |

**CONFIDENTIAL**

**BELKIN_000319**

sir?08:06:33

**Asvini M**
**How may I help you today?08:06:51**

**Nathan Chen**
**ma'am?08:07:01**

**i bought a protable charger that says 10000mAh on the box but says 6070mAh on the actual product08:07:45**

**Asvini M**
**Can you please help me with the model number of the device?08:09:13**

**Nathan Chen**
**F7U-02008:09:43**

**Asvini M**
**http://www.belkin.com/us/p/P-F7U020/08:10:17**

**Please click on the above link and confirm if it is your product.08:10:23**

**Nathan Chen**
**yes it is08:10:53**

**Asvini M**
**As per our official website, Package Includes:**
**10,000 mAh power bank**
**6 inch micro-USB cable08:13:05**

**Nathan Chen**
**yes. and thats why i bought it. however on the actual product, it states it as a 6070mAh powerbank08:13:41**

**Asvini M**
**http://www.belkin.com/au/support-article?articleNum=25512708:14:02**

**Nathan Chen**
**that was no help08:15:01**

**Asvini M**
**Please do contact Australia Belkin Support – 1800 235 546, they will help you further.08:16:23**

**Nathan Chen**
**your products are at fault08:19:37**

**why is this the case?08:19:45**

**Asvini M**
**Not to worry, Please do contact them, they will help you.08:20:21**

**Nathan Chen**
**i would like you to help08:20:55**

**Asvini M**
**They are the dedicated Team in Australia, They are very well aware of the Australian product specifications.08:21:53**

**Nathan Chen**
**how do you know its only an australian fault?08:22:19**

**Asvini M**
**The specification may very.08:25:10**

**Nathan Chen**
**what if i bought it overseae08:25:30**

**not in australia08:25:35**

**CONFIDENTIAL**                                    **BELKIN_000320**

**Asvini M**
**http://www.belkin.com/us/support-article?articleNum=5502208:26:40**

**Are we connected?08:30:45**

**Are we still connected?08:33:09**

**I am really sorry since there is no response from your side I am forced to disconnect this chat form my end. If you have any issues you can feel free to chat with us any time.**

**Belkin provides the 24x7 Chat assistance.**


**You may also visit our support site at belkin.com. We are open 24/7.**

**Please feel free to contact us any time. Again, this is Asvini.**

**Thank you for choosing Belkin and have a great day!08:34:40**

**Send**

## Chat Transcripts
**01468264**

| | |
|---:|:---|
| Owner | **amasi** |
| Start Time | **1/2/2018 6:34 PM** |
| End Time | **1/2/2018 7:04 PM** |
| Status | **Completed** |

## Case History
### Status

| | |
|---:|:---|
| Old Value | **New** |
| New Value | **Resolved** |
| Start Time | **1/2/2018 8:23 PM** |
| End Time | |
| Elapsed Time (days) | |
| Created By | **Asvini Masilamani, 1/2/2018 8:23 PM** |
| Created Date | **1/2/2018** |
| Case History Number | **CH-35438013** |

### Owner

| | |
|---:|:---|
| New Value | **Asvini Masilamani** |
| Start Time | **1/2/2018 7:40 PM** |
| End Time | |
| Elapsed Time (days) | |
| Created By | **Asvini Masilamani, 1/2/2018 7:40 PM** |
| Created Date | **1/2/2018** |
| Case History Number | **CH-35437315** |

### Owner

| | |
|---:|:---|
| Start Time | **1/2/2018 6:33 PM** |
| End Time | **1/2/2018 7:40 PM** |
| Elapsed Time (days) | **0** |

**CONFIDENTIAL**

1/28/2021, 4:30 PM

**BELKIN_000321**

Created By  **Live Agent Belkin Site Guest User, 1/2/2018 6:33 PM**
Created Date  **1/2/2018**
Case History Number  **CH-35435597**

**Status**

Old Value
New Value  **New**
Start Time  **1/2/2018 6:33 PM**
End Time  **1/2/2018 8:23 PM**
Elapsed Time (days)  **0**
Created By  **Live Agent Belkin Site Guest User, 1/2/2018 6:33 PM**
Created Date  **1/2/2018**
Case History Number  **CH-35435598**

Copyright © 2000-2021 salesforce.com, inc. All rights reserved.

1/28/2021, 4:30 PM

**CONFIDENTIAL**           **BELKIN_000322**

Case: 10169309 ~ Salesforce - Unlimited Edition          https://belkin.my.salesforce.com/50034000015o3ln/p?retURL=/500340...



- Close Window
- Print This Page

## Case: 10169309

### Customer

| | | | |
|---|---|---|---|
| Account Name | tammy bodd | Contact Phone | (469) 986-5336 |
| Contact Name | tammy bodd | Contact Email | 4699865336@linksys.com |
| Asset | P-F7U020 \| POCKET POWER 10000 | Theatre | NA |
| Hot On hand | 0 | | |
| Available Inventory | 0 | | |
| Multiple CR's to same details | ☐ | | |
| Multiple SORMA's to same details | ☐ | | |

### Case Details

| | | | |
|---|---|---|---|
| Subject | Inquiry_F7U020btSLV | | |
| Case Owner | Duane Tu ba Zuniga [Change] | Case Number | 10169309 [View Hierarchy] |
| Status | Resolved | Parent Case | |
| Sales Order Number | | progress field | |
| WebEx Session ID | | Case Record Type | Belkin Tech Support [Change] |
| | | Case Origin | Phone |
| IR Number | | | |

### Service Offerings Detail

| | | | |
|---|---|---|---|
| Hardware Warranty Status | | Entitlement | |
| Complimentary Assisted Support | | Subscription Return Call | ☐ |
| Service Offerings | | Coupon Provided | |
| Agent Assist PIN | | Coupon Code | |
| Referral Programs | | Coupon Amount | |

### Problem Identification

| | | | |
|---|---|---|---|
| Initial Installation | ☐ | Brand | Belkin |
| Problem Category | Product Features Question | Grief Reason | |
| | | ISP | |
| | | ISP Other | |
| Description | | | |

### Solution

CONFIDENTIAL

1/28/2021, 4:38 PM

BELKIN_000323

Case: 10169309 ~ Salesforce - Unlimited Edition                    https://belkin.my.salesforce.com/50034000015o3ln/p?retURL=/500340...

| | | | |
|---|---|---|---|
| TS Problem Category Level1 | General Processes | CS Problem Category Level1 | |
| TS Problem Category Level2 | Inquiry Calls | CS Problem Category Level2 | |
| TS Problem Category Level3 | Product Features Question | CS Problem Category Level3 | |
| TS Solution Category | Resolved | CS Solution Category | |
| Escalation Reason | | | |
| Escalation Priority | | Mis Transferred Reason | |
| Bubble Up | ☐ | Escalation Notes | |
| Category | | Disconnected in the Middle of TS | ☐ |
| Escalated | ☐ | | |

### CSAT Information

| | | | |
|---|---|---|---|
| Q1 - Rate Support Experience | | Q3 - Number of Contacts to Resolve | |
| Q2 - Issue Resolved? | | Q4 - NPS | |
| Survey Recorded Date | | | |

### System Information

| | | | |
|---|---|---|---|
| Created By | Duane Tulba Zuniga, 9/17/2018 7:38 PM | Last Modified By | Duane Tulba Zuniga, 9/17/2018 7:41 PM |
| Category - Solution | Resolved | Status | Resolved |
| | | Priority | Medium |

## Activity History
### Initial Call

████████████████████████████████████████

| | |
|---|---|
| Task | ✓ |
| Assigned To | **Duane Tulba Zuniga** |
| Sent Connection Name | **[Manage Connections]** |
| Last Modified Date/Time | **9/17/2018 7:41 PM** |
| Call Object Identifier | |
| | **Problem: cx is asking about the information on the power pack**<br>**Old Case Number:**<br>**RMA Number:**<br>**If RMA, Units Available:**<br>**Units available in HOT:**<br>**Order Number:**<br>**PO #:** |
| Comments | **model number: F7U020btSLV**<br>**POP:**<br>**DOP:**<br><br>**Customer has Receipt:**<br>**//na**<br><br>**Transferred call to: n/a**<br>**Resolution/Remarks:** |

CONFIDENTIAL                BELKIN_000324

- cx is asking about the information on the power pack
- cx name is Cameron Annan
- cx said that its a 10K powerpack and yet on the markings it says 6K power pack
- informed cx that its a mistake and its a 10K power pack
- cx agreed and understood
- closing spiel
- EOC

ADHERENCE (Specifics should already by in Remarks): Standard RMA
RMA Option, Offered Store Call Out: Standard RMA
//Yes
Mentioned RMA Type:
//NA
Customer will pay for ship cost:
//NA
For RMA, Mentioned IY Return Address:
//No
Explained Shipping Timeframe:
//Yes

## Case History
### Status

| | |
|---|---|
| Old Value | **New** |
| New Value | **Resolved** |
| Start Time | **9/17/2018 7:41 PM** |
| End Time | |
| Elapsed Time (days) | |
| Created By | **Duane Tulba Zuniga, 9/17/2018 7:41 PM** |
| Created Date | **9/17/2018** |
| Case History Number | **CH-40164577** |

### Owner

| | |
|---|---|
| Old Value | ████████ |
| New Value | **Duane Tulba Zuniga** |
| Start Time | **9/17/2018 7:38 PM** |
| End Time | |
| Elapsed Time (days) | |
| Created By | **Duane Tulba Zuniga, 9/17/2018 7:38 PM** |
| Created Date | **9/17/2018** |
| Case History Number | **CH-40164532** |

### Status

| | |
|---|---|
| | ████████ |
| New Value | **New** |
| Start Time | **9/17/2018 7:38 PM** |
| End Time | **9/17/2018 7:41 PM** |
| Elapsed Time (days) | **0** |
| Created By | **Duane Tulba Zuniga, 9/17/2018 7:38 PM** |
| Created Date | **9/17/2018** |
| Case History Number | **CH-40164533** |

Copyright © 2000-2021 salesforce.com, inc. All rights reserved.

**CONFIDENTIAL**

**BELKIN_000325**

Case: 09133828 ~ Salesforce - Unlimited Edition    https://belkin my.salesforce.com/50034000010at5I/p?retURL=/5003400...



• Close Window
• Print This Page

## Case: 09133828

### Customer

| | | | |
|---|---|---|---|
| **Account Name** | Tina Chen | **Contact Phone** | +61415080199 |
| **Contact Name** | Tina Chen | **Contact Email** | tiinaachen@hotmail.com |
| **Asset** | P-F7U020 \| POCKET POWER 10000 | **Theatre** | ANZ |
| **Hot On hand** | 0 | | |
| **Available Inventory** | 0 | | |
| **Multiple CR's to same details** | ☐ | | |
| **Multiple SORMA's to same details** | ☐ | | |

### Case Details

| | | | |
|---|---|---|---|
| **Subject** | Be kin chat_INQ_F7U020_product specifications. | | |
| **Case Owner** | Asvini Masilamani [Change] | **Case Number** | 09133828 [View Hierarchy] |
| **Status** | Resolved | **Parent Case** | |
| **Sales Order Number** | | **progress field** | |
| **WebEx Session ID** | | **Case Record Type** | Belkin Tech Support [Change] |
| | | **Case Origin** | Chat |
| **IR Number** | | | |

### Service Offerings Detail

| | | | |
|---|---|---|---|
| **Hardware Warranty Status** | Not Eligible | **Entitlement** | |
| **Complimentary Assisted Support** | Not Eligible | **Subscription Return Call** | ☐ |
| **Service Offerings** | Declined - No Support Provided | **Coupon Provided** | |
| **Agent Assist PIN** | | **Coupon Code** | |
| **Referral Programs** | | **Coupon Amount** | |

### Problem Identification

| | | | |
|---|---|---|---|
| **Initial Installation** | ☐ | **Brand** | Belkin |
| **Problem Category** | Product Features Question | **Grief Reason** | |
| | | **ISP** | |
| | | **ISP Other** | |
| **Description** | | | |

### Solution

| | | | |
|---|---|---|---|
| **TS Problem Category Level1** | General Processes | **CS Problem Category Level1** | |

CONFIDENTIAL

1/28/2021, 4:30 PM

BELKIN_000326

Case: 09133828 ~ Salesforce - Unlimited Edition          https://belkin my.salesforce.com/50034000010at5I/p/retURL=/5003400...

| | | | |
|---|---|---|---|
| **TS Problem Category Level2** | Inquiry Calls | **CS Problem Category Level2** | |
| **TS Problem Category Level3** | Product Features Question | **CS Problem Category Level3** | |
| **TS Solution Category** | Resolved | **CS Solution Category** | |
| **Escalation Reason** | | **Mis Transferred Reason** | |
| **Escalation Priority** | | **Escalation Notes** | |
| **Bubble Up** | ☐ | **Disconnected in the Middle of TS** | ☐ |
| **Category** | | | |
| **Escalated** | ☐ | | |

### CSAT Information

| | | | |
|---|---|---|---|
| **Q1 - Rate Support Experience** | | **Q3 - Number of Contacts to Resolve** | |
| **Q2 - Issue Resolved?** | | **Q4 - NPS** | |
| **Survey Recorded Date** | | | |

### System Information

| | | | |
|---|---|---|---|
| **Created By** | Live Agent Belkin Site Guest User, 1/2/2018 6:32 PM | **Last Modified By** | Asvini Masilamani, 1/2/2018 8:22 PM |
| **Category - Solution** | Resolved | **Status** | Resolved |
| | | **Priority** | Medium |

## Activity History
### Initial Call

| | |
|---|---|
| **Name** | Tina Chen |
| **Task** | ✓ |
| **Assigned To** | Asvini Masilamani |
| **Sent Connection Name** | [Manage Connections] |
| **Last Modified Date/Time** | 1/2/2018 7:40 PM |
| **Call Object Identifier** | |
| **Comments** | **Skip to main contentContent Starts Here**<br>**End Chat**<br>**Chat session ended by visitor.**<br>**Asvini M**<br>**Hello Tina Chen. My name is Asvini.**<br>**Thank you for choosing Belkin chat support. Is this your first time to contact Belkin or do you have a case number?08:03:17**<br><br>**Tina Chen**<br>**First time08:03:29**<br><br>Hello??08:04:54<br><br>**Asvini M**<br>**How may I help you today?08:04:57**<br><br>**Tina Chen**<br>**I bought a power bank which is 10,000mAh08:05:15**<br><br>**But on the actual power bank. It says 6070mAh08:05:33**<br><br>**The product code matches the criteria which I typed, and I had searched it up and it is 10,000mah. But it says 6070mah on the afriql08:05:56** |

**CONFIDENTIAL**

1/28/2021, 4:30 PM

**BELKIN_000327**

Case: 09133828 ~ Salesforce - Unlimited Edition    https://belkin.my.salesforce.com/50034000010at5I/p?retURL=/5003400...

on the actual power bank**08:06:06

I have a photo as evidence08:07:23

**Asvini M**
**Can you please help me with the model number of the device?08:07:32**

**Tina Chen**
**F2U02008:08:40**

There's another code on the power bank which is 2917DO08:09:14

**Asvini M**
**http://www.belkin.com/us/p/P-F7U020/08:10:13**

**Please click on the above link and confirm if it is your product.08:10:26**

**Tina Chen**
**Yes it is08:10:58**

**Asvini M**
**As per our official website, Package Includes:**
**10,000 mAh power bank**
**6 inch micro-USB cable08:12:51**

**Tina Chen**
**Yep, I understand that but on my actual product it says 6070mAh08:13:11**

**Which is why I am chatting to you today08:13:21**

**Asvini M**
**http://www.belkin.com/au/support-article?articleNum=25512708:14:08**

**The model may be different.08:14:19**

**Tina Chen**
**It isn't08:14:51**

**Regardless of that , you don't have a product that is 6070mAh08:15:14**

**Even if you did, the colour and look of the product is different08:15:35**

**Asvini M**
**Please do contact Australia Belkin Support – 1800 235 546, they will help you further.08:16:17**

Send

## Chat Transcripts
### 01468265

| | |
|---|---|
| Start Time | **1/2/2018 6:33 PM** |
| End Time | **1/2/2018 6:48 PM** |
| Status | **Completed** |

## Case History
### Status

| | |
|---|---|
| Start Time | **1/2/2018 8:22 PM** |
| End Time | |
| Elapsed Time (days) | |
| Created By | **Asvini Masilamani, 1/2/2018 8:22 PM** |
| Created Date | **1/2/2018** |
| Case History Number | **CH-35437989** |

1/28/2021, 4:30 PM

**CONFIDENTIAL**                    **BELKIN_000328**

Case: 09133828 ~ Salesforce - Unlimited Edition          https://belkin.my.salesforce.com/50034000010at5I/p?retURL=/5003400...

**Owner**

| | |
|---|---|
| Old Value | **Live Agent Belkin Site Guest User** |
| New Value | **Asvini Masilamani** |
| Start Time | **1/2/2018 7:40 PM** |
| End Time | |
| Elapsed Time (days) | |
| Created By | **Asvini Masilamani, 1/2/2018 7:40 PM** |
| Created Date | **1/2/2018** |
| Case History Number | **CH-35437319** |

**Owner**

| | |
|---|---|
| Old Value | |
| New Value | **Live Agent Belkin Site Guest User** |
| Start Time | **1/2/2018 6:32 PM** |
| End Time | **1/2/2018 7:40 PM** |
| Elapsed Time (days) | **0** |
| Created By | **Live Agent Belkin Site Guest User, 1/2/2018 6:32 PM** |
| Created Date | **1/2/2018** |
| Case History Number | **CH-35435587** |

**Status**

| | |
|---|---|
| Old Value | |
| New Value | **New** |
| Start Time | **1/2/2018 6:32 PM** |
| End Time | **1/2/2018 8:22 PM** |
| Elapsed Time (days) | **0** |
| Created By | **Live Agent Belkin Site Guest User, 1/2/2018 6:32 PM** |
| Created Date | **1/2/2018** |
| Case History Number | **CH-35435588** |

Copyright © 2000-2021 salesforce.com, inc. All rights reserved.

1/28/2021, 4:30 PM

**CONFIDENTIAL**                    **BELKIN_000329**

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

      I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is Sullivan & Triggs LLP, 1230 Montana Avenue, Suite 201, Santa Monica, California 90403.

      On **March 15, 2023**, I served the foregoing document described as:  **DECLARATION OF NAIRI SHIRINIAN IN SUPPORT OF DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO CONDUCT *BELAIRE-WEST* NOTICES** on the interested parties in this action as follows:

  __X__  **By ELECTRONIC SERVICE** (I electronically served a true and correct copy of the foregoing document using the CASE ANYWHERE System which will send notification of such submission to counsel of record indicated on the attached service list.)

  _____  **By PERSONAL SERVICE**

      _____  by personally delivering such envelope to the addressee.

      _____  by causing such envelope to be delivered by messenger to the office of the addressee.

  _____  **By UNITED STATES MAIL** (I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.)

  _____  **By OVERNIGHT DELIVERY** (by causing such envelope to be delivered to the office of the addressee by overnight delivery via Federal Express or by other similar overnight delivery service.)

  __X__  (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

  _____  (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

      Executed on **March 15, 2023**, at Santa Monica, California.

_____Shella Anderson_____        _____
Name                              Signature

SULLIVAN & TRIGGS, LLP
Attorneys at Law
Santa Monica

DECL. OF N. SHIRINIAN IN SUPPORT OF DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO CONDUCT *BELAIRE-WEST* NOTICES - Case No. 20STCV00033

Service List

| Nathan M. Smith (Ca. Bar No. 255212) | Attorneys for Plaintiff Lenore Miley |
|---|---|
| Nona Yegazarian (Ca. Bar No. 316458) | |
| **BROWN NERI SMITH & KHAN LLP** | |
| 11601 Wilshire Boulevard, Suite 2080 | |
| Los Angeles, California 90025 | |
| Phone: 310-593-9890 | |
| Fax: 310-593-9980 | |
| Email: nate@bnsklaw.com | |
| Email: nona@bnsklaw.com | |
| | |
| D. Greg Blankinship | |
| **FINKELSTEIN, BLANKINSHIP,** | |
| **FREI-PEARSON & GARBER, LLP** | |
| 445 Hamilton Ave, Suite 605 | |
| White Plains, NY 10601 | |
| Phone: 914-298-3290 | |
| Email: gblankinship@fbfglaw.com | |
| | |
| William F. Cash | |
| Matthew D. Schultz | |
| Brenton J. Goodman | |
| **LEVIN, PAPANTONIO, THOMAS,** | |
| **MITCHELL, RAFFERTY &** | |
| **PROCTOR, P.A.** | |
| 316 South Baylen Street, Suite 600 | |
| Pensacola, FL 32502 | |
| Phone: 850-435-7059 | |
| Fax: 850-435-7020 | |
| Email: bcash@levinlaw.com | |
| Email: mschultz@levinlaw.com | |
| Email: bgoodman@levinlaw.com | |

DECL. OF N. SHIRINIAN IN SUPPORT OF DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO CONDUCT *BELAIRE-WEST* NOTICES - Case No. 20STCV00033

1  SHELDON EISENBERG (SBN 100626)
      seisenberg@sullivantriggs.com
2  COURTNEY ELGART (SBN 344360)
      celgart@sullivantriggs.com
3  NAIRI SHIRINIAN (SBN 335909)
      nshirinian@sullivantriggs.com
4  Sullivan & Triggs, LLP
   1230 Montana Avenue, Suite 201
5  Santa Monica, California 90403
   Telephone:     (310) 451-8300
6  Facsimile:     (310) 451-8303

7  Attorneys for Defendant
   BELKIN INTERNATIONAL, INC.

8

9

10                **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

11                        **COUNTY OF LOS ANGELES**

12                        **CENTRAL JUDICIAL DISTRICT**

13

14  LENORE MILEY, individually and on behalf of    ) Case No.: 20STCV00033
    all others similarly situated,                 )
15                                                  ) ASSIGNED FOR ALL PURPOSES TO
                          Plaintiff,                ) HON. CAROLYN B. KUHL, DEPT.:12
16         v.                                       )
                                                    ) **DEFENDANT BELKIN INTERNATIONAL,**
17  BELKIN INTERNATIONAL, INC.,                     ) **INC.'S OPPOSITION TO PLAINTIFF'S**
                                                    ) **MOTION TO COMPEL DISCOVERY**
18                        Defendant.                )
                                                    )
19                                                  )
                                                    )
20                                                  ) Complaint Filed: January 2, 2020
                                                    )
21                                                  ) Hearing Date: April 12, 2023
                                                    ) Hearing Time: 1:45
22                                                  ) Dept.        12
                                                    )
23  _____ )

24  \ \ \

25  \ \ \

26  \ \ \

27

28

SULLIVAN &
TRIGGS, LLP
Attorneys at Law
Santa Monica

Plaintiff's Motion to Compel should be denied for the reasons set forth in Defendant's concurrently filed Opposition to Plaintiff's Motion for Leave to Conduct *Belaire-West* Notices.

Date:  March 15, 2023

Respectfully submitted,
SULLIVAN & TRIGGS, LLP

By: _____
Sheldon Eisenberg
Courtney Elgart
Nairi Shirinian

Attorneys for Defendant
BELKIN INTERNATIONAL, INC.

DEFENDANT BELKIN INTERNATIONAL, INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY - Case No. 20STCV00033

SULLIVAN &
TRIGGS, LLP
Attorneys at Law
Santa Monica

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

      I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is Sullivan & Triggs LLP, 1230 Montana Avenue, Suite 201, Santa Monica, California 90403.

      On **March 15, 2023**, I served the foregoing document described as:  **DEFENDANT BELKIN INTERNATIONAL, INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY** on the interested parties in this action as follows:

  X   **By ELECTRONIC SERVICE** (I electronically served a true and correct copy of the foregoing document using the CASE ANYWHERE System which will send notification of such submission to counsel of record indicated on the attached service list.)

\_\_\_\_  **By PERSONAL SERVICE**

    \_\_\_\_  by personally delivering such envelope to the addressee.

    \_\_\_\_  by causing such envelope to be delivered by messenger to the office of the addressee.

\_\_\_\_  **By UNITED STATES MAIL** (I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.)

\_\_\_\_  **By OVERNIGHT DELIVERY** (by causing such envelope to be delivered to the office of the addressee by overnight delivery via Federal Express or by other similar overnight delivery service.)

  X   (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

\_\_\_\_  (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

      Executed on **March 15, 2023**, at Santa Monica, California.

_____Shella Anderson_____      _____
Name                        Signature

SULLIVAN & TRIGGS, LLP
Attorneys at Law
Santa Monica

Service List

| Nathan M. Smith (Ca. Bar No. 255212) | Attorneys for Plaintiff Lenore Miley |
|---|---|
| Nona Yegazarian (Ca. Bar No. 316458) **BROWN NERI SMITH & KHAN LLP** 11601 Wilshire Boulevard, Suite 2080 Los Angeles, California 90025 Phone: 310-593-9890 Fax: 310-593-9980 Email: nate@bnsklaw.com Email: nona@bnsklaw.com D. Greg Blankinship **FINKELSTEIN, BLANKINSHIP, FREI-PEARSON & GARBER, LLP** 445 Hamilton Ave, Suite 605 White Plains, NY 10601 Phone: 914-298-3290 Email: gblankinship@fbfglaw.com William F. Cash Matthew D. Schultz Brenton J. Goodman **LEVIN, PAPANTONIO, THOMAS, MITCHELL, RAFFERTY & PROCTOR, P.A.** 316 South Baylen Street, Suite 600 Pensacola, FL 32502 Phone: 850-435-7059 Fax: 850-435-7020 Email: bcash@levinlaw.com Email: mschultz@levinlaw.com Email: bgoodman@levinlaw.com | |

SULLIVAN &
TRIGGS, LLP
Attorneys at Law
Santa Monica

SHELDON EISENBERG (SBN 100626)
  seisenberg@sullivantriggs.com
COURTNEY ELGART (SBN 344360)
  celgart@sullivantriggs.com
NAIRI SHIRINIAN (SBN 335909)
  nshirinian@sullivantriggs.com
Sullivan & Triggs, LLP
1230 Montana Avenue, Suite 201
Santa Monica, California 90403
Telephone:     (310) 451-8300
Facsimile:     (310) 451-8303

Attorneys for Defendant
BELKIN INTERNATIONAL, INC.

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES

## CENTRAL JUDICIAL DISTRICT

| | |
|---|---|
| LENORE MILEY, individually and on behalf of all others similarly situated, | Case No.: 20STCV00033 |
| Plaintiff, | ASSIGNED FOR ALL PURPOSES TO HON. CAROLYN B. KUHL, DEPT.:12 |
| v. | **DEFENDANT BELKIN INTERNATIONAL, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO CONDUCT *BELAIRE-WEST* NOTICES** |
| BELKIN INTERNATIONAL, INC., | |
| Defendant. | [*Filed concurrently herewith: Declaration of Nairi Shirinian*] |
| | Complaint Filed:  January 2, 2020 |
| | Hearing Date:  April 12, 2023 |
| | Hearing Time: 1:45 |
| | Dept.        12 |

\ \ \

\ \ \

\ \ \

---

1

DEFENDANT BELKIN INTERNATIONAL, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO
CONDUCT *BELAIRE-WEST* NOTICES - Case No. 20STCV00033

SULLIVAN & TRIGGS, LLP
Attorneys at Law
Santa Monica

<div align="center">

**MEMORANDUM OF POINTS AND AUTHORITIES**

</div>

## I.    Introduction

   Over three years into this case, Plaintiff Miley and her attorneys again ask to postpone their obligation to move for class certification by seeking leave to conduct discovery aimed at obtaining the names and contact information for potential class members for the purpose of finding a new plaintiff (referred to here as "precertification discovery"). They do so in unprecedented circumstances. They do not concede that Miley lacks standing in this matter or that she is an inadequate class representative. Instead, they are simply looking for a "better" plaintiff, someone without the baggage Miley disclosed in her deposition in December 2021. But precertification discovery is not a matter of right given its potential for abuse, and it has never been allowed by an appellate court where, as here, there has been no adjudication that the current class representative cannot serve in that role. Given that the potential for abuse here far outweighs the interests of the real parties, Defendant Belkin opposes Miley's Motion for Leave and corresponding Motion to Compel and respectfully requests that they be denied.

## II.   Plaintiff Miley is not entitled to precertification discovery under the facts of this case.

   As the Court knows well, class actions carry the potential for injustice and misuse when benefits to the class members are nominal and symbolic and persons other than class members are the chief beneficiaries. *Howard Gunty Profit Sharing Plan v. Superior Court*, 88 Cal. App. 4th 572, 579 (2001). As such, "it is the court's authority and duty to exercise control over the class action to protect the rights of all parties, and to prevent abuses which might undermine the proper administration of justice." *Id.* at 581.

### A.    Precertification discovery has properly never been allowed before a finding that the class representative is inadequate or lacks standing.

   "[C]ourts have allowed plaintiffs the opportunity . . . to add new individual plaintiffs . . . in order to establish a suitable representative, when the <u>named plaintiff has been found inadequate</u>." *Howard Gunty Profit Sharing Plan*, 88 Cal. 4th at 578 (emphasis added). However, precertification discovery is not a matter of right because of its potential for abuse of the class action procedure. *CVS Pharmacy, Inc. v. Superior Court*, 241 Cal. App. 4th 300, 307–08 (2015.) Instead, its allowance or denial is vested in the discretion of the trial court. *Payton v. CSI Electrical Contractors, Inc.*, 27 Cal. App. 5th

<div align="center">2</div>

SULLIVAN &
TRIGGS, LLP
Attorneys at Law
Santa Monica

832 at 840 (2018) ("Because trial courts are ideally situated to evaluate the efficiencies and practicalities of permitting group action, they are afforded great discretion in granting or denying certification."); *Safeco Ins. Co. of Am. v. Superior Court*, 173 Cal. App. 4th 814, 833 (2009) ("[W]e leave it to the sound discretion of the trial court to determine whether the potential for abuse outweighs the rights of the parties in the particular circumstances of each case.").

This is not a situation in which the Court should exercise its discretion in favor of precertification discovery. No appellate decision has permitted precertification discovery based only on counsel's preference for a new class representative in advance of any adjudication that the current class representative cannot serve in that role. In each case where precertification discovery has been permitted, the court had already decided that the plaintiff was without standing or inadequate to act as the class representative. *See e.g. Cashcall, Inc. v. Superior Court*, 159 Cal. App. 4th 273, 299 (2008) (finding trial court did not abuse its discretion in granting precertification discovery after it was discovered that plaintiffs lacked standing); *Best Buy Stores, L.P. v. Superior Court*, 137 Cal. App. 4th 772, 779 (2006) (finding trial court did not abuse its discretion in granting precertification discovery after the trial court found that a conflict of interest prevented the class representative from serving both as the class representative and as counsel for the class); *Safeco Ins. Co. of Am.*, 173 Cal. App. 4th at 834–36 (finding trial court did not abuse its discretion in permitting precertification discovery after the court found that the class representative's claim was not typical).

And none of the other cases Miley cites support her request for such discovery under these circumstances. *See Jones v. Farmers Ins. Exchange*, 221 Cal. App. 4th 986 (2013) (case does not concern precertification discovery); *La Sala v. Am. Sav. & Loan Assn.*, 5 Cal. 3d 864 (1971) (case does not concern precertification discovery); *Williams v. Superior Court*, 3 Cal. 5th 531 (2017) (Private Attorneys General Act class action case not concerning discovery to find new class representative); *In re Ins. Installment Fee Cases*, 211 Cal. App. 4th 1395 (2012) (precertification discovery granted for purposes of identifying potential class members, not for the purpose of finding a new class representative).

Here, Miley has not been found to be without standing or otherwise inadequate. In fact, Miley maintains that challenges to her adequacy are "without merit, and do not preclude certification." Mot. for Leave at 12. In other words, Miley's counsel wants to utilize precertification discovery simply to find

DEFENDANT BELKIN INTERNATIONAL, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO CONDUCT *BELAIRE-WEST* NOTICES - Case No. 20STCV00033

SULLIVAN & TRIGGS, LLP
Attorneys at Law
Santa Monica

a potentially more appealing class representative. This cake and eat it too approach to precertification discovery has never been endorsed by an appellate court in California.

There is good reason for this. Permitting precertification discovery for the purpose of simply finding a more appealing class representative absent a finding that the current class representative is inadequate allows class counsel to search for their optimal class representative for an indefinite period of time (with defendant's compelled assistance) all while maintaining the benefit of the tolling of the statute of limitations on class claims to which they would not be entitled upon the denial of class certification. *See Fierro v. Landry's Restaurant Inc.*, 32 Cal. App. 5th 276, 297 (2019) ("In the event a plaintiff class is not certified, the pendency of the putative class's claim does not toll the applicable statute of limitations to the same class claim alleged in a later action.").

Plaintiff's counsel should not be provided the option of preserving the tolling afforded by class action procedure when they themselves no longer believe in the adequacy of their class representative. Either plaintiff's counsel should acknowledge the inadequacy of their class representative or litigate the propriety of class certification with the original class representative without precertification discovery. But Plaintiff's proposed "heads I win, tails you lose" precertification discovery in this case is the type of abusive conduct that should not be countenanced since it forces a defendant to endure the burden of defending against what should be time-barred class claims years beyond the relevant events and likely years beyond the employment of multiple witnesses.

By not allowing precertification before an adjudication of the named class member's inadequacy, the courts have maintained an appropriate balance and control over a process subject to this kind of abuse where the interests of the class start to pale in comparison to the interests of class counsel *See Best Buy Stores, L.P. v. Superior Court*, 137 Cal. App. 4th 772 (2006) ("[I]t is the responsibility of the trial court in ruling on class certification to determine whether the purported class action representative is lending his name to a suit controlled entirely by the class attorney." (internal quotations omitted)). Therefore, unless and until the Court denies class certification with Miley as the class representative, Plaintiff should not be allowed to conduct precertification discovery.

\ \ \

\ \ \

SULLIVAN & TRIGGS, LLP
Attorneys at Law
Santa Monica

4

**B. Plaintiff's counsel's desire to find a "better" class representative is not grounds for granting precertification discovery.**

Besides the procedural prematurity of Plaintiff's counsel's request for precertification discovery, the substantive justification for such discovery is not present in this case. Precertification discovery has been permitted for a specific purpose: to protect the rights of the class where the class representative originally had, but lost standing through intervening developments of law or facts, or where the class representative is found to be unqualified to serve as the class representative. *See CVS Pharmacy, Inc. v. Superior Court*, 241 Cal. App. 4th at 307–08; *see also CashCall*, 159 Cal. App. 4th at 299.

Despite Miley's insistence that she remains an adequate Plaintiff, and despite the lack of a finding by the court that Miley is, in fact, an inadequate class representative, Plaintiff seeks leave to conduct precertification discovery for the sole purpose of finding a new class representative.[1] But, according to Plaintiff, the class is not at risk with Miley as its representative. *See* Mot. for Leave at 12 (maintaining that challenges to Miley's adequacy are "without merit, and do not preclude certification."). As a result, there is no recognized substantive basis for permitting precertification here.

**III. Even if there were already a finding that Miley cannot adequately represent the class, Plaintiff's motion should be denied because the potential for abuse of the class action procedure here far outweighs the interests of the real parties.**

"In deciding whether to order precertification discovery of the identities of potential class members, a trial court must ... expressly identify any potential abuses of the class action procedure that may be created if the discovery is permitted, and weigh the danger of such abuses against the rights of the parties under the circumstances." *CashCall, Inc.*, 159 Cal. App. 4th at 284 (2008) (quoting *Parris v. Superior Court*, 109 Cal. App. 4th 285, 300-301 (2003) (internal quotations omitted)). Courts have considered factors including the necessity of precertification discovery to identify class members and

---

[1] Miley argues in passing that she is entitled to precertification discovery in the alternative because class members often qualify as percipient witnesses. Mot. to Compel at 12. But notably, Miley offers no explanation as to how class members would be used as percipient witnesses in a packaging case where there is no dispute as to what the purported class saw and when testimony on reliance would introduce a plethora of individual issues not suited for class resolution. In any event, it is clear from Miley's briefing that the reason Miley is seeking precertification discovery is for the sole purpose of finding a new class representative, not to find percipient witnesses. *See* Mot. for Leave at 8–9; Mot. to Compel at 7 ("While Plaintiff disputes that she is inadequate, in an abundance of caution, Plaintiff seeks this discovery in order to find additional named plaintiffs who could be added to the Complaint before a motion for class certification is filed.").

5

SULLIVAN & TRIGGS, LLP
Attorneys at Law
Santa Monica

preclusion of other remedies. *See CashCall, Inc.*, 159 Cal. App. 4th at 298–299; *Safeco Ins. Co. of Am.*, 173 Cal. App. 4th at 833–35. But "[o]nce the trial court has identified a potential abuse, it has both the duty and the broad authority to exercise control over a class action and to enter appropriate orders governing the conduct of counsel. *Howard Gunty Profit Sharing Plan*, 88 Cal. App. 4th at 579. (citing *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 100 (1981) (internal quotations omitted)).

### A. Miley's unreasonable delay in litigating this matter weighs against granting precertification discovery.

A trial court can properly rely on the age of a case in denying a request to find a new class representative. *Payton*, 27 Cal. App. 5th at 849. Specifically, courts have found that unreasonable delay in moving for class certification weighs against granting precertification discovery for the purpose of finding a new class representative. *See id.; Starbucks Corp. v. Superior Court*, 194 Cal. App. 4th 820, 826 (2011) (denying precertification discovery, in part, because plaintiff has been litigating for five years and in that time had not found a single aggrieved individual fitting within the criteria of the class).

This case was filed on January 2, 2020. Assuming Plaintiff's counsel did no due diligence on their class representative prior to filing the suit, Plaintiff's counsel has still known that Miley was potentially inadequate for at least over a year, since her deposition in December 2021, where she lied about but eventually disclosed multiple criminal convictions. In *Payton*, remarkably similar to this action, the action was filed three years before plaintiff filed his motion for class certification, and plaintiff's counsel had known about plaintiff's criminal convictions for at least a year before filing the motion. 27 Cal. App. 5th at 850. The court found this to be an unreasonable delay weighing against permitting precertification discovery. *Id.*

As in *Payton*, counsel's more than one year delay in seeking a new class representative has unfairly prejudiced Defendant. This action has been pending for three years, and Miley's counsel has known for over a year that Miley's criminal record and dishonesty could be problematic. Rather than moving diligently to find a new class representative, Miley continued to litigate the matter on the merits and obtained continuances of her class certification deadline twice while failing to find a suitable class representative. As the Court knows, Miley filed an untimely motion to compel discovery and then a subsequent unsuccessful motion for relief well after her December 2021 deposition. Declaration of Nairi

6

SULLIVAN & TRIGGS, LLP
Attorneys at Law
Santa Monica

Shirinian ("Shirinian Decl.") ¶ 2. Miley's conduct thus serves as an appropriate basis for denying the leave sought here. *See id.* at 849 ("Prejudice can include the time and expense associated with opposing a legal theory that a plaintiff belatedly seeks to change."); *see also Safeco*, 173 Cal. App. 4th at 833. ("[The trial court] stated that [plaintiffs' class representative] had abused the discovery process by continuing to pursue discovery on the merits of her claims even after she knew that she had no standing with respect to the allegations in the complaint, and acknowledged the defendants' argument that to allow discovery for the purpose of identifying a substitute plaintiff would sanction that abuse.").

Further, Plaintiff's counsel has had at least three years to find a suitable class representative (and more before the filing of the case), and in that time has been unable to find a single "aggrieved" purchaser of a Belkin power bank other than Miley. Instead, Plaintiff's counsel wants Belkin to do the work of finding a suitable plaintiff for them. *See Starbucks Corp.*, 194 Cal. App. 4th at 826 ("Here, despite some five years of litigation, plaintiffs admittedly have made no showing that any of some 135,000 Starbucks applicants have been "aggrieved" as a result of the job application form. . . . Instead, plaintiffs want Starbucks to do this work for them, to actually search through its job applications precisely for the purpose of identifying applicants with marijuana convictions.").

The fact is that Plaintiff's counsel has never prosecuted this matter with diligence. They made little to no effort to file a motion for class certification in all the time the matter has been pending. Indeed, they specifically sought to delay that deadline twice, once based on their representation that they would be filing a "nationwide" class action that might resolve this matter. Shirinian Decl. ¶ 5, Ex. C. They further lost the right to seek discovery based on their nine months long delay in filing a motion to compel. Shirinian Decl. ¶ 2. This continuing pattern of dilatory inaction should not be permitted to extend this litigation further.

**B.  The fact that the class will not be denied an opportunity for relief in the event the class is not certified weighs against granting precertification discovery.**

The availability of other avenues for relief for members of the class in the event the class is not certified weighs against granting precertification discovery. *See First Am. Title Ins. Co.*, 146 Cal. App. 4th at 1577 (finding that failure to offer reason why class members might be denied relief if the current action is unable to proceed on their behalf weighs against granting precertification discovery). Thus, in

7

SULLIVAN & TRIGGS, LLP
Attorneys at Law
Santa Monica

weighing the potential of abuse with precertification discovery, courts will consider whether members of the class will be denied relief in the event that the class is not certified. *See Safeco*, 173 Cal. App. 4th at 824–25; *CashCall*, 159 Cal. App. 4th at 293; *First Am. Title Ins. Co. v. Superior Court*, 146 Cal. App. 4th 1564, 1577.

Truly aggrieved purchasers of a Belkin power bank, if any, are not foreclosed from relief in the event precertification discovery is not allowed or in the event the class is not certified. Purchasers of a Belkin power bank have the ability to return the product if they are dissatisfied. For example, Miley purchased the product from Target, which she acknowledged would have accepted a return of the product. Deposition of Lenore Miley ("Miley Dep.") at 91: 3–92:2. In fact, Belkin itself offered Miley a refund on the product outside of the product warranty period before the litigation, an offer she refused. Shirinian Decl. ¶ 7, Ex. D.

As a result, the class members' interests in precertification discovery are minimal because Miley has not shown and cannot show that maintenance of the class action is the class members' only avenue for relief. *See Cryoport Sys. v. CAN Ins. Cos.*, 149 Cal. App. 4th 627, 634 (2007) (finding that potential class members' interests in the lawsuit were minimal because plaintiff failed to offer any reason why the class members might be denied relief if current action was unable to proceed). Unlike in *Safeco Insurance Company of America* and *CashCall, Inc.*, where the courts were concerned that class members' individual claims would be time-barred, there is no such concern here because the four-year statute of limitations was tolled for individual claims for the last three years. *See Safeco*, 173 Cal. App. 4th at 824–25; *CashCall*, 159 Cal. App. 4th at 291–92 (explaining that because of the applicable one-year statute of limitations, absent precertification discovery class members would have no knowledge that their rights were violated and "presumably would not file an independent action within that statute of limitations"). In the event the class were not certified, class members could still bring individual claims. Alternatively, Plaintiff's counsel has not shown why they could not add the California class Miley purports to represent to its other pending multi-state class action lawsuit in the Northern District of Illinois.

\ \ \

\ \ \

SULLIVAN &
TRIGGS, LLP
Attorneys at Law
Santa Monica

DEFENDANT BELKIN INTERNATIONAL, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO CONDUCT *BELAIRE-WEST* NOTICES - Case No. 20STCV00033

**C. Precertification discovery will provide minimal benefit to Miley's search for a new class representative, and minimal benefit to the development of the class claims.**

Courts will also consider whether precertification discovery is necessary to obtain the information sought. *See CashCall, Inc.*, 159 Cal. App. 4th at 298; *Safeco Ins. Co. of Am.*, 173 Cal. App. 4th at 834. When precertification discovery is not necessary to identify class members and potential class representatives, this factor weighs against granting precertification discovery. *See CVS Pharmacy, Inc.*, 241 Cal. App 4th at 313 (finding that precertification discovery impinged on the privacy rights of potential class members because "CVS employee know whether or not they were terminated and the circumstances surrounding their terminations"); *Starbucks Corp.*, 194 Cal. App. 4th at 829 (finding that precertification discovery not necessary to identify class because "Starbucks's job applicants who had marijuana convictions know about their own previous convictions and about the fact that they had applied for a job at Starbucks").

This is not a case where precertification discovery is necessary because class members do not know whether they have a claim. Unlike the class members in *CashCall, Inc.* or *Safeco Insurance*, who had no means of knowing whether they were class members without precertification discovery, the class members in this case know whether they bought a Belkin power bank or not and know whether they were dissatisfied with their purchase. *See CashCall, Inc.*, 159 Cal. App. 4th at 298 (finding that precertification discovery was necessary to identify the class and potential class representatives because only the Defendant had knowledge of whose calls it secretly monitored); *Safeco Ins. Co. of Am.*, 173 Cal. App. 4th at 834 (finding that without a detailed breakdown of charges from defendant, there was no way for an insured to know that a coverage gap resulted in a premium surcharge). In other words, much like the class members in *CVS Pharmacy, Inc.* and *Starbucks Corp.*, the class members here can identify themselves without precertification discovery from Belkin. *See CVS Pharmacy, Inc.*, 241 Cal. App 4th at 313; *Starbucks Corp.*, 194 Cal. App. 4th at 829.

Further, denying precertification here would not unfairly advantage Defendant because the vast majority of Belkin power banks are sold through authorized retailers, not Belkin. As such, Belkin does not possess the contact information for the majority of the potential class members. *See Pioneer Electronics (USA), Inc. v. Superior Court*, 40 Cal. 4th 360, 374 (finding that if precertification discovery were denied defendant would possess a significant advantage by retaining for its own exclusive use and

9

benefit the contact information of those customers who complained regarding its product). In any event, Belkin long ago already produced the names, email addresses, and phone numbers of any customers who registered any kind of complaint directly to Belkin regarding Belkin's power banks. Shirinian Decl. ¶ 8, Ex. E.

## IV. Alternatively, and only in the event the Court grants Miley's requested precertification discovery, Plaintiff should be responsible for the costs of sending *Belaire-West* notices.

The general rule is that "[w]hen a party demands discovery involving significant special attendant costs beyond those typically involved in responding to routine discovery, the demanding party should bear those costs." *In re Ins. Installment Fee Cases*, 211 Cal. App. 4th 1395, 1431 (2012) (quoting *San Diego Unified Port Dist. V. Douglas E. Barnhart, Inc.*, 95 Cal. App. 4th 1400, 1405 (2002) (internal quotations omitted)). It is now established that the costs of precertification opt-in or opt-out notices are such special attendant costs because the notice procedure is required to protect the privacy interests of the class. *Id.* As such, in the event the court grants Miley's requested leave to submit Belaire notices, Miley should bear the costs of the notice procedure. *See id.* (finding that the trial court abused its discretion in ordering defendant to bear the costs of notice procedure).

## V. Conclusion

For all the foregoing reasons, Plaintiff's motion should be denied in its entirety.

Date:  March 15, 2023

Respectfully submitted,
SULLIVAN & TRIGGS, LLP

By: _____
Sheldon Eisenberg
Courtney Elgart
Nairi Shirinian

Attorneys for Defendant
BELKIN INTERNATIONAL, INC.

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

      I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Sullivan & Triggs LLP, 1230 Montana Avenue, Suite 201, Santa Monica, California 90403.

      On **March 15, 2023**, I served the foregoing document described as: **DEFENDANT BELKIN INTERNATIONAL, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO CONDUCT *BELAIRE-WEST* NOTICES** on the interested parties in this action as follows:

  X   **By ELECTRONIC SERVICE** (I electronically served a true and correct copy of the foregoing document using the CASE ANYWHERE System which will send notification of such submission to counsel of record indicated on the attached service list.)

_____  **By PERSONAL SERVICE**

    _____  by personally delivering such envelope to the addressee.

    _____  by causing such envelope to be delivered by messenger to the office of the addressee.

_____  **By UNITED STATES MAIL** (I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.)

_____  **By OVERNIGHT DELIVERY** (by causing such envelope to be delivered to the office of the addressee by overnight delivery via Federal Express or by other similar overnight delivery service.)

  X   (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_____  (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

      Executed on **March 15, 2023**, at Santa Monica, California.

_____Shella Anderson_____       _____
Name                                   Signature

SULLIVAN &
TRIGGS, LLP
Attorneys at Law
Santa Monica

DEFENDANT BELKIN INTERNATIONAL, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO CONDUCT *BELAIRE-WEST* NOTICES - Case No. 20STCV00033

Service List

| Nathan M. Smith (Ca. Bar No. 255212)<br>Nona Yegazarian (Ca. Bar No. 316458)<br>**BROWN NERI SMITH & KHAN LLP**<br>11601 Wilshire Boulevard, Suite 2080<br>Los Angeles, California 90025<br>Phone: 310-593-9890<br>Fax: 310-593-9980<br>Email: nate@bnsklaw.com<br>Email: nona@bnsklaw.com<br><br>D. Greg Blankinship<br>**FINKELSTEIN, BLANKINSHIP,<br>   FREI-PEARSON & GARBER, LLP**<br>445 Hamilton Ave, Suite 605<br>White Plains, NY 10601<br>Phone: 914-298-3290<br>Email: gblankinship@fbfglaw.com<br><br>William F. Cash<br>Matthew D. Schultz<br>Brenton J. Goodman<br>**LEVIN, PAPANTONIO, THOMAS,<br>   MITCHELL, RAFFERTY &<br>PROCTOR, P.A.**<br>316 South Baylen Street, Suite 600<br>Pensacola, FL 32502<br>Phone: 850-435-7059<br>Fax: 850-435-7020<br>Email: bcash@levinlaw.com<br>Email: mschultz@levinlaw.com<br>Email: bgoodman@levinlaw.com | Attorneys for Plaintiff Lenore Miley |

SULLIVAN &
TRIGGS, LLP
Attorneys at Law
Santa Monica

**From:** service@caseanywhere.com
**To:** Tracy Gilbert
**Subject:** 170967 - Miley, Lenore: Message Posted in Miley, et al. v. Belkin International, Inc. , Case No. 20STCV00033
**Date:** Wednesday, April 19, 2023 8:54:47 AM

**CAUTION:** This email message is **EXTERNAL.**



The following message has been posted in **Miley, et al. v. Belkin International, Inc.** , 20STCV00033:

**Message Title:** Belaire-West Notice
**To:** Court and All Counsel
**Posted By:** Sheldon Eisenberg, Esq. of Sullivan & Triggs, LLP
**Representing:** Belkin International, Inc.
**Posting Date:** 4/19/23
**Time of Posting:** 6:51 AM

**Message:**
Your Honor,

Pursuant the Court's April 12, 2013 Order Granting Motion to Compel and Motion for Leave to Conduct Belaire-West Notice, Belkin informed Plaintiff's counsel yesterday that it has elected to proceed by way of a Belaire-West notice and pay half the costs of the notice. The parties will confer regarding the language of the notice and on the selection of the third party administrator.

Sheldon Eisenberg
Sullivan & Triggs LLP
Attorneys for Defendant Belkin International, Inc.

**To reply to this message online, please click here.** This message will also be saved as part of the case file. You will be directed to the Case Anywhere log in page. After entering your username and password, you will be taken to the requested message thread. If you have saved your log in information by selecting the "Remember me at this computer" option, you will be automatically logged in and directed to this posting.

If your organization is no longer involved in the above-referenced matter, or if there is any other reason your organization's subscription should be terminated or billing should be modified, please contact us immediately. It is your organization's responsibility to request removal from the case site and conclusion of your subscription for this matter. If your organization is being billed for this matter, it will continue to be billed until we are notified of any such change.

Please contact us by phone at (800) 884-3163 or (818) 650-1040 or by email at support@caseanywhere.com if you have any questions.

E-Served: Oct 27 2021 10:43AM PDT Via Case Anywhere

1  SHELDON EISENBERG (SBN 100626)
   seisenberg@sullivantriggs.com
2  GILLIAN KUHLMANN (SBN 316241)
   gkuhlmann@sullivantriggs.com
3  NAIRI SHIRINIAN (SBN 335909)
   nshirinian@sullivantriggs.com
4  Sullivan & Triggs, LLP
   1230 Montana Avenue, Suite 201
5  Santa Monica, California 90403
   Telephone:    (310) 451-8300
6  Facsimile:    (310) 451-8303

7  Attorneys for Defendant
   BELKIN INTERNATIONAL, INC.

8

9                 **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10                    **FOR THE COUNTY OF LOS ANGELES**

11

12

13  LENORE MILEY, individually and on behalf     Case No. 20STCV00033
    of all others similarly situated,
14                                                **ASSIGNED FOR ALL PURPOSES TO**
                  Plaintiff,                      **HON. CAROLYN B. KUHL, DEPT. 12**
15
         v.                                       **DEFENDANT BELKIN**
16                                                **INTERNATIONAL, INC.'S NOTICE OF**
    BELKIN INTERNATIONAL, INC.,                   **DEPOSITION OF PLAINTIFF LENORE**
17                                                **MILEY**
                  Defendant.
18
                                                  Date:   December 2, 2021
19                                                Time:   10:00 am
                                                  Place:  Regus Offices
20                                                        730 Arizona Avenue
                                                          Santa Monica, CA 90401
21
                                                  Complaint Filed: January 2, 2020
22

23  \ \ \

24  \ \ \

25  \ \ \

26

27

28

SULLIVAN &
TRIGGS, LLP
ATTORNEYS AT LAW
SANTA MONICA

1   **TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

2      **PLEASE TAKE NOTICE THAT** pursuant to California Code of Civil Procedure section

3   2025.010 *et seq.* and California Rules of Court Rule 3.1010, Defendant Belkin International, Inc.,

4   by and through its attorneys of record, will take the deposition, on oral examination of Plaintiff

5   **LENORE MILEY**, on December 2, 2021 commencing at 10:00 a.m.  The deposition will be taken

6   at Regus Offices located at 730 Arizona Avenue, Santa Monica, CA 90401; and before a notary

7   public or other authorized officer qualified to administer oaths.  The deposition will continue from

8   day to day, Saturdays, Sundays and legal holidays excluded, until completed, or until any time

9   limitation imposed by statute or agreed upon by the parties is reached.

10     **PLEASE TAKE FURTHER NOTICE** that under California Code of Civil Procedure

11  sections 2025.220 and 2025.330(c), the deposition testimony will be recorded by audio and video

12  technology, in addition to the recording of testimony by stenographic method.  The deposing party

13  specifically reserves the right to use the videotaped testimony at the time of trial or other hearing.

14  Date: October 27, 2021                                   Respectfully submitted,

15

16                                                           SULLIVAN & TRIGGS, LLP

17                                      By:

18

19                                                           Sheldon Eisenberg
                                                             Gillian Kuhlmann
20                                                           Nairi Shirinian

21                                                           Attorneys for Defendant
                                                             BELKIN INTERNATIONAL, INC.

22

23

24

25

26

27

28

SULLIVAN &
TRIGGS, LLP
ATTORNEYS AT LAW
SANTA MONICA

BELKIN'S NOTICE OF DEPOSITION OF PLAINTIFF L. MILEY
Case No. 20STCV00033

1

**PROOF OF SERVICE**

2

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

3

4

       I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Sullivan & Triggs, LLP, 1230 Montana Avenue, Suite 201, Santa Monica, California 90403.

5

6

       On **October 27, 2021**, I served the foregoing document described as **DEFENDANT BELKIN INTERNATIONAL, INC.'S NOTICE OF DEPOSITION OF PLAINTIFF LENORE MILEY** on the interested parties in this action by transmitting a copy as follows:

7

8

 X    **By ELECTRONIC SERVICE** (I electronically served the foregoing with the Case Anywhere system which will send notification of such filing to counsel denoted on the attached Service List.)

9

10

     **By PERSONAL SERVICE**

11

         by personally delivering such envelope to the addressee.

12

         by causing such envelope to be delivered by messenger to the office of the addressee.

13

14

15

16

     **By UNITED STATES MAIL** (I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.)

17

18

     **By OVERNIGHT DELIVERY** (by causing such envelope to be delivered to the office of the addressee by overnight delivery via Federal Express or by other similar overnight delivery service.)

19

     **By FAX TRANSMISSION**

20

 X    (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

21

22

     (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

23

     Executed on **October 27, 2021**, at Santa Monica, California.

24

25

26

Yeva Papayan Yeganyan              *Yeva Papayan Yeganyan*

Name                           Signature

27

28

1

Service List

| 2 | | |
|---|---|---|
| | Nathan M. Smith (Ca. Bar No. 255212) | Attorneys for Plaintiff Lenore Miley |

3

Nona Yegazarian (Ca. Bar No. 316458)
**BROWN NERI SMITH & KHAN LLP**

4

11601 Wilshire Boulevard, Suite 2080
Los Angeles, California 90025

5

Phone: 310-593-9890
Fax: 310-593-9980

6

Email: nate@bnsklaw.com
Email: nona@bnsklaw.com

7

8

D. Greg Blankinship
**FINKELSTEIN, BLANKINSHIP,**

9

 **FREI-PEARSON & GARBER, LLP**

10

445 Hamilton Ave, Suite 605
White Plains, NY 10601

11

Phone: 914-298-3290
Email: gblankinship@fbfglaw.com

12

13

William F. Cash
Matthew D. Schultz

14

Brenton J. Goodman
**LEVIN, PAPANTONIO, THOMAS,**

15

 **MITCHELL, RAFFERTY & PROCTOR,
P.A.**

16

316 South Baylen Street, Suite 600
Pensacola, FL 32502

17

Phone: 850-435-7059
Fax: 850-435-7020

18

Email: bcash@levinlaw.com
Email: mschultz@levinlaw.com

19

Email: bgoodman@levinlaw.com

20

21

22

23

24

25

26

27

28

SULLIVAN &
TRIGGS, LLP
ATTORNEYS AT LAW
SANTA MONICA

BELKIN'S NOTICE OF DEPOSITION OF PLAINTIFF L. MILEY
Case No. 20STCV00033