## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

DENNIS GROMOV, individually and on behalf of all other similarly situated,

    Plaintiff,

    v.

BELKIN INTERNATIONAL, INC.,

    Defendant.

)
)
)
)
)
)
)
)
)
)
)

Case No. 1:22-cv-06918

Hon. Franklin U. Valderrama

## DEFENDANT BELKIN INTERNATIONAL, INC.'S
## OBJECTIONS AND RESPONSES TO PLAINTIFF'S REQUESTS FOR PRODUCTION

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant Belkin International, Inc., ("***Belkin***"), by and through its undersigned counsel, hereby answers Plaintiff's First Set of Production Requests.

## GENERAL OBJECTIONS

Belkin makes the following preliminary statement and general objections to each of Plaintiff's Requests for Production (the "***General Objections***"):

1.    For all categories of documents herein that Belkin has agreed to produce, it will do so as within 30 days of service of these written responses and, where appropriate, on a rolling basis and after the entry of a suitable protective order by the Court.

2.    Belkin objects to the Requests for Production and their definitions and instructions to the extent that they purport to impose any obligation on Belkin in excess of the requirements set forth in any statute, rule, or order as may be applicable to this case and Belkin, including but not limited to the Federal Rules of Civil Procedure. Belkin's responses to these

Requests for Production shall not be construed in any way as an admission that any definitions propounded by Plaintiff bind Belkin either factually or legally.

3.      Belkin objects to the Requests for Production to the extent they seek information and/or documents that are not relevant to any claim or defense at issue in this dispute, are not proportional to the needs of the case, or are otherwise irrelevant to the subject matter of this pending action.

4.      Belkin objects to the Requests for Production to the extent that they seek information and/or documents protected by any applicable privilege, immunity, or privacy right, including but not limited to the attorney-client privilege and/or the work product doctrines, and other applicable privacy statutes. Nothing contained in Belkin's responses to the Requests for Production is intended to be, nor should be construed as, a waiver of any protected information in response to the Requests for Production. The production of any such information shall not constitute a waiver or forfeiture of Belkin's rights to assert the applicability of any privilege, immunity or privacy right, and Plaintiff shall immediately return to Belkin's counsel any such information or documents upon discovery of such information or documents, and otherwise comply with the terms of the anticipated protective order.

5.      Belkin objects to the Requests for Production to the extent that they explicitly or implicitly characterize facts, events, circumstances, or issues relating to the subject of this litigation.  For instance, requests that seek information concerning "industry standards, trade association recommendations, competitors' trade practices, or similar factors" shall not imply the existence or absence of such things.

6.      Belkin objects to the Requests for Production to the extent that they require Belkin to provide a response and/or produce documents on behalf of any entity other than

Belkin, the entity sued by Plaintiff in this lawsuit and to which these Requests are directed, including but not limited to any parent, subsidiary, or affiliate entities. Belkin responds to these requests on behalf of Belkin only.

7.     Belkin objects to the Requests for Production to the extent that they ask Belkin to use more than reasonable diligence, or make more than a reasonable inquiry, to locate responsive information and/or documents.

8.     In responding to the Requests for Production, Belkin does not concede the relevancy, competency, materiality, propriety, or admissibility of any of the information sought therein. Belkin's responses to the Requests for Production are made specifically subject to, and without waiver of, Belkin's reservation of rights to object on any grounds to the use at any hearings or at trial any information furnished in response to these Requests for Production, including but not limited to Belkin's objections as to privilege, relevancy, competency, materiality, propriety, and admissibility of Belkin's information and/or documents.

9.     All of the objections and responses contained herein are based only upon information and documents presently available and specifically known to Belkin.

10.     Belkin incorporates each of the foregoing General Objections into each of its specific responses to the Requests for Production set forth below as if fully set forth therein. Responses to the Requests for Production are not intended as and shall not be deemed a waiver of any applicable specific objection or General Objection to a particular Request for Production.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

11.     Belkin objects to the definition of "power bank" on the grounds that it is vague because, among other things, Plaintiff states that this term "can also include the concept of a power bank in the abstract." The definition is also overly broad, unduly burdensome, seeks

information that is not relevant to any claim or defense at issue in this dispute, and is not proportional to the needs of the case, because it encompasses power banks not at issue in this action, including those manufactured by other companies.

12.     Belkin objects to the definition of "Charging statements" on the grounds that it is vague and ambiguous, particularly with respect to the phrase "how the power bank's charge can affect a portable electronic device's charge."   The definition is also overly broad, and unduly burdensome because, among other things, it encompasses "all other statements concerning performance."

13.     Belkin objects to the definition of "Output energy" on the grounds that it is vague and ambiguous, overly broad, unduly burdensome, and is not proportionate to the needs of the case, because it is defined as the "energy . . . that a portable electronic device can withdraw from a fully charged power bank." In addition, this definition makes the interrogatories difficult to answer because various factors relevant to "output energy" are unknown, including, but not limited to, the type and model of the portable electronic device being used, the age and condition of that device, and external conditions, such as temperature at the time of use.

14.     Belkin objects to the definition of "Stated capacity" on the grounds that it is vague and ambiguous, particularly with respect to the phrase "via any representation."

15.     Belkin objects to the definition of "Labeling" on the grounds that is vague and ambiguous, including the terms "associated with a power bank" and "created or distributed in any way."

## SPECIFIC OBJECTIONS AND RESPONSES

1.     *For physical inspection and testing*:   An exemplar of every **power bank** identified in response to interrogatory no. 1.

**RESPONSE:** Belkin incorporates by reference the General Objections set forth above. In addition, Belkin objects to this Request because it is overbroad and unduly burdensome. This Request also seeks information that is neither relevant to the claims or defenses of any party, nor proportional to the needs of the case. Plaintiff alleges that he purchased one Belkin battery pack, the Pocket Power 10000. He therefore lacks standing to assert claims based on any other Belkin battery pack (of which there are over two dozen), and discovery as to these other unpurchased products would be improper. Belkin further objects to this Request because it seeks materials that are equally available to, and already in the possession of, Plaintiff. Specifically, Plaintiff's Complaint alleges that Plaintiff purchased a Pocket Power 10000 and, in fact, has already conducted testing on this model. (ECF No. 1, ¶ 52.) Therefore, Plaintiff already has access to the relevant device needed for inspection and testing, and demanding production of an additional device would not be appropriate and proportional to the needs of the case. Subject to and without waiving the foregoing objections, Belkin responds as follows: While Belkin would be willing to produce an exemplar of the Pocket Power 10K, which is the power bank that Plaintiff alleges he purchased, for inspection and testing, Plaintiff has already confirmed that he has conducted such testing. Therefore, this Request is moot and presently not proportional to the needs of the case.

2. Organizational charts that identify the Belkin departments and employees who have responsibility for labeling, marketing, designing, testing, and manufacturing of **power banks**.

**RESPONSE**: Belkin incorporates by reference the General Objections set forth above. In addition, Belkin objects to this Request because it is overbroad and unduly burdensome. This Request also seeks information that is neither relevant to the claims or defenses of any party, nor proportional to the needs of the case. Plaintiff alleges that he purchased one Belkin battery pack,

the Pocket Power 10000. He therefore lacks standing to assert claims based on any other Belkin battery pack (of which there are over two dozen), and discovery as to these other unpurchased products would be improper. Subject to and without waiving the General Objections above, Belkin responds as follows: Belkin agrees to produce organizational charts responsive to this Request, which can be located through a reasonable search.

3. Documents sufficient to establish the name, model number, SKU number, and product characteristics of all power bank models that have been put out by Belkin since January 1, 2018.

**RESPONSE:** Belkin incorporates by reference the General Objections set forth above. In addition, Belkin objects to this Request because it is overbroad and unduly burdensome. This Request also seeks information that is neither relevant to the claims or defenses of any party, nor proportional to the needs of the case. Plaintiff alleges that he purchased one Belkin battery pack, the Pocket Power 10000. He therefore lacks standing to assert claims based on any other Belkin battery pack (of which there are over two dozen), and discovery as to these other unpurchased products would be improper. Belkin further objects that this Request is vague and ambiguous, particularly as to the term, "product characteristic." Subject to and without waiving the foregoing objections and the General Objections above, Belkin responds as follows: Belkin agrees to produce documents that can be located through a reasonable search sufficient to establish the name, model number, SKU number, and other product information relating to the Pocket Power 10K that Plaintiff alleges in the Complaint that he purchased.

4. Design specifications and drawings, including parts lists, for each Belkin **power bank.**

**RESPONSE**: Belkin incorporates by reference the General Objections set forth above. In addition, Belkin objects to this Request because it is overbroad and unduly burdensome. This

Request also seeks information that is neither relevant to the claims or defenses of any party, nor proportional to the needs of the case. Plaintiff alleges that he purchased one Belkin battery pack, the Pocket Power 10000.  He therefore lacks standing to assert claims based on any other Belkin battery pack (of which there are over two dozen), and discovery as to these other unpurchased products would be improper.  Moreover, Plaintiff's claims in this case relate to the representations on the labels/packaging and advertisement.  It is unclear how the battery pack's design specifications, drawings, and parts list relate to these issues.

5.    All documents—including, but not limited to, test designs, test protocols, raw test data, test results, communications about tests or test results, communications about whether or not to perform tests, meeting agendas and minutes about tests, presentations / Power Points / reports about tests, and all billing or accounting documents—relating to actual or proposed tests of Belkin **power banks**, where a variable measured in the test is anything related to **charging statements** or **output energy**.

**RESPONSE**:  Belkin incorporates by reference the General Objections set forth above. In addition, Belkin objects to this Request because it is overbroad and unduly burdensome. This Request also seeks information that is neither relevant to the claims or defenses of any party, nor proportional to the needs of the case. Plaintiff alleges that he purchased one Belkin battery pack, the Pocket Power 10000.  He therefore lacks standing to assert claims based on any other Belkin battery pack (of which there are over two dozen), and discovery as to these other unpurchased products would be improper.   Furthermore, this Request is compound because it seek information regarding "charging statements or output energy" which, according to Plaintiff's own definitions, are two different things, and thus should be the subject of separate requests. Belkin further objects to this Request to the extent the term, "[a]ll documents," seeks to elicit

information subject to and protected by the attorney-client privilege and/or the attorney work-product doctrine and/or other applicable privilege.  Subject to and without waiving the foregoing objections and the General Objections above, Belkin responds as follows: Belkin agrees to produce non-privileged documents responsive to this Request in its possession, custody, or control and located through a reasonable search, which relate to the Pocket Power 10K that Plaintiff alleges he purchased.

6.     All documents showing that Belkin relied on any industry standards, trade association recommendations, competitors' trade practices, or similar factors outside of Belkin, when Belkin determined to publish **stated capacity** rather than **output energy** with respect to any **power bank**.

**RESPONSE**:  Belkin incorporates by reference the General Objections set forth above. In addition, Belkin objects to this Request because it is overbroad and unduly burdensome. This Request also seeks information that is neither relevant to the claims or defenses of any party, nor proportional to the needs of the case. Plaintiff alleges that he purchased one Belkin battery pack, the Pocket Power 10000.  He therefore lacks standing to assert claims based on any other Belkin battery pack (of which there are over two dozen), and discovery as to these other unpurchased products would be improper.  Belkin further objects to this Request to the extent the term, "[a]ll documents," seeks to elicit information subject to and protected by the attorney-client privilege and/or the attorney work-product doctrine and/or other applicable privilege.  Finally, this Request is subject to objection because it seeks materials that are equally available to Plaintiff. Subject to and without waiving the foregoing objections and the General Objections above, Belkin responds as follows: The International Air Transport Association ("IATA") publishes guidelines on the labeling of power banks using lithium battery cells, which are accessible at the

IATA's website.  Aside from these materials, Belkin does not have any other, non-privileged responsive documents in its possession, custody, or control that could be located pursuant to a reasonable search.

7.      Any document, including a communication, where Belkin considered changing its **charging statements**, or the basis for those statements, even if the change was not actually made.

**RESPONSE**:  Belkin incorporates by reference the General Objections set forth above. In addition, To the extent this Request seeks information concerning any product other than the Pocket Power 10K, Belkin objects to this Request because it is overbroad and unduly burdensome. This Request also seeks information that is neither relevant to the claims or defenses of any party, nor proportional to the needs of the case. Plaintiff alleges that he purchased one Belkin battery pack, the Pocket Power 10000.  He therefore lacks standing to assert claims based on any other Belkin battery pack (of which there are over two dozen), and discovery as to these other unpurchased products would be improper.  Belkin further objects to this Request to the extent the term, "[a]ll documents," seeks to elicit information subject to and protected by the attorney-client privilege and/or the attorney work-product doctrine and/or other applicable privilege.  Subject to and without waiving the foregoing objections and the General Objections above, Belkin responds as follows:  With respect to the Pocket Power 10K that Plaintiff alleges he purchased, Belkin was unable to locate any non-privileged responsive documents in its possession, custody, or control following a reasonable search.

8.      Any document, including a communication, where Belkin considered changing its **stated capacity**, or the basis for representing that value to consumers, even if the change was not actually made.

**RESPONSE**:  Belkin incorporates by reference the General Objections set forth above.

In addition, To the extent this Request seeks information concerning any product other than the Pocket Power 10K, Belkin objects to this Request because it is overbroad and unduly burdensome. This Request also seeks information that is neither relevant to the claims or defenses of any party, nor proportional to the needs of the case. Plaintiff alleges that he purchased one Belkin battery pack, the Pocket Power 10000.  He therefore lacks standing to assert claims based on any other Belkin battery pack (of which there are over two dozen), and discovery as to these other unpurchased products would be improper.  Belkin further objects to this Request to the extent the term, "[a]ll documents," seeks to elicit information subject to and protected by the attorney-client privilege and/or the attorney work-product doctrine and/or other applicable privilege.  Subject to and without waiving the foregoing objections and the General Objections above, Belkin responds as follows:  With respect to the Pocket Power 10K that Plaintiff alleges he purchased, Belkin was unable to locate any non-privileged responsive documents in its possession, custody, or control following a reasonable search.

9.      Any document, including a communication, where Belkin, its employees, its representatives, and/or any contractor discussed and/or compared **stated capacity** versus or in relation to **output energy**.

**RESPONSE**:

Belkin incorporates by reference the General Objections set forth above.  In addition, To the extent this Request seeks information concerning any product other than the Pocket Power 10K, Belkin objects to this Request because it is overbroad and unduly burdensome. This Request also seeks information that is neither relevant to the claims or defenses of any party, nor proportional to the needs of the case. Plaintiff alleges that he purchased one Belkin battery pack, the Pocket Power 10000.  He therefore lacks standing to assert claims based on any other Belkin battery

pack (of which there are over two dozen), and discovery as to these other unpurchased products would be improper. Belkin further objects to this Request to the extent the term, "[a]ll documents," seeks to elicit information subject to and protected by the attorney-client privilege and/or the attorney work-product doctrine and/or other applicable privilege. Subject to and without waiving the foregoing objections and the General Objections above, Belkin responds as follows: With respect to the Pocket Power 10K that Plaintiff alleges he purchased, Belkin was unable to locate any non-privileged responsive documents in its possession, custody, or control following a reasonable search.

10. All documents, including reports from focus groups, consumer surveys, or other market research, concerning consumers' understanding or confusion about **stated capacity** or **charging statements**, with respect to any Belkin **power bank**.

**RESPONSE**: Belkin incorporates by reference the General Objections set forth above. In addition, To the extent this Request seeks information concerning any product other than the Pocket Power 10K, Belkin objects to this Request because it is overbroad and unduly burdensome. This Request also seeks information that is neither relevant to the claims or defenses of any party, nor proportional to the needs of the case. Plaintiff alleges that he purchased one Belkin battery pack, the Pocket Power 10000. He therefore lacks standing to assert claims based on any other Belkin battery pack (of which there are over two dozen), and discovery as to these other unpurchased products would be improper. Belkin further objects to this Request to the extent the term, "[a]ll documents," seeks to elicit information subject to and protected by the attorney-client privilege and/or the attorney work-product doctrine and/or other applicable privilege. Furthermore, this Request is compound because it seek information regarding "charging statements or output energy" which, according to Plaintiff's own definitions,

are two different things, and thus should be the subject of separate requests. Belkin also objects that this Request is vague and ambiguous, particularly as to the reference to "consumers' understanding or confusion." Subject to and without waiving the foregoing objections and the General Objections above, Belkin responds as follows: With respect to the Pocket Power 10K that Plaintiff alleges he purchased, Belkin was unable to locate any non-privileged responsive documents in its possession, custody, or control following a reasonable search.

11.     All documents, including reports from focus groups, consumer surveys, or other market research, concerning the value consumers place on **output energy** or **stated capacity**.

**RESPONSE**: Belkin incorporates by reference the General Objections set forth above. In addition, To the extent this Request seeks information concerning any product other than the Pocket Power 10K, Belkin objects to this Request because it is overbroad and unduly burdensome. This Request also seeks information that is neither relevant to the claims or defenses of any party, nor proportional to the needs of the case. Plaintiff alleges that he purchased one Belkin battery pack, the Pocket Power 10000. He therefore lacks standing to assert claims based on any other Belkin battery pack (of which there are over two dozen), and discovery as to these other unpurchased products would be improper. Belkin further objects to this Request to the extent the term, "[a]ll documents," seeks to elicit information subject to and protected by the attorney-client privilege and/or the attorney work-product doctrine and/or other applicable privilege. Furthermore, this Request is compound because it seek information regarding "charging statements or output energy" which, according to Plaintiff's own definitions, are two different things, and thus should be the subject of separate requests. Belkin also objects that this Request is vague and ambiguous, particularly as to the reference to "the value consumers place on output energy or stated capacity." Subject to and without waiving the

foregoing objections and the General Objections above, Belkin responds as follows: With respect to the Pocket Power 10K that Plaintiff alleges he purchased, Belkin was unable to locate any non-privileged responsive documents in its possession, custody, or control following a reasonable search.

12.     All documents concerning consumer market research—including conjoint analyses or willingness-to-pay analyses—conducted by Belkin or anyone on Belkin's behalf, relating to Belkin power banks, including—for each study or research project—documents concerning:

    a.    proposals as to whether or how the study should be performed;

    b.    meeting agendas and minutes pertaining to the study;

    c.    study enrollment and participant demographics;

    d.    study methodology including survey methods;

    e.    surveys or other study instruments;

    f.    raw data generated in connection with the study including raw survey data;

    g     interim and final study or survey results;

    h.    study or survey reports or summaries;

    i.    all analyses and presentations of data for each and every such study, including analyses and presentations relating to surveys or survey results/data;

    j.    contracts or other agreements with any third-party to participate in or conduct the study; and

    k.    documents reflecting any incentives, inducements, or other consideration provided to study participants.

**RESPONSE**: Belkin incorporates by reference the General Objections set forth above. In addition, Belkin objects to this Request because it is overbroad and unduly burdensome. This

Request also seeks information that is neither relevant to the claims or defenses of any party, nor proportional to the needs of the case. Plaintiff alleges that he purchased one Belkin battery pack, the Pocket Power 10000.  He therefore lacks standing to assert claims based on any other Belkin battery pack (of which there are over two dozen), and discovery as to these other unpurchased products would be improper.  Furthermore, the sub-categories of documents sought as part of this Request similarly are overbroad, unduly burdensome, and disproportional to the needs of the case because they go far beyond seeking the findings, but instead would require Belkin to provide all underlying materials. Belkin further objects to this Request to the extent the term, "[a]ll documents," seeks to elicit information subject to and protected by the attorney-client privilege and/or the attorney work-product doctrine and/or other applicable privilege. Furthermore, this Request is compound because it seek information regarding "charging statements or output energy" which, according to Plaintiff's own definitions, are two different things, and thus should be the subject of separate requests.  Belkin also objects that this Request is vague and ambiguous, particularly as to the reference to "the value consumers place on output energy or stated capacity." Subject to and without waiving the foregoing objections and the General Objections above, Belkin responds as follows:  With respect to the Pocket Power 10K that Plaintiff alleges he purchased, Belkin was unable to locate any non-privileged responsive documents in its possession, custody, or control following a reasonable search.

13.     All **labeling,** for each Belkin **power bank**, that includes the **stated capacity** or **charging statements**.  If changes were made to **labeling** during the marketing life of a **power bank**, provide each version of the labeling.

**RESPONSE**:  Belkin incorporates by reference the General Objections set forth above. In addition, Belkin objects to this Request because it is overbroad and unduly burdensome. This

Request also seeks information that is neither relevant to the claims or defenses of any party, nor proportional to the needs of the case. Plaintiff alleges that he purchased one Belkin battery pack, the Pocket Power 10000. He therefore lacks standing to assert claims based on any other Belkin battery pack (of which there are over two dozen), and discovery as to these other unpurchased products would be improper. Furthermore, this Request is compound because it seek information regarding "charging statements or output energy" which, according to Plaintiff's own definitions, are two different things, and thus should be the subject of separate requests. Subject to and without waiving the foregoing objections and the General Objections above, Belkin responds as follows: Belkin agrees to produce non-privileged documents responsive to this Request in its possession, custody, or control and located pursuant to a reasonable search, which relate to the Pocket Power 10K that Plaintiff alleges he purchased.

14. A copy of the **label** for each Belkin **power bank.** If the **label** changed during the marketing life of a **power bank**, provide each version of the document.

**RESPONSE:** Belkin incorporates by reference the General Objections set forth above. In addition, Belkin objects to this Request because it is overbroad and unduly burdensome. This Request also seeks information that is neither relevant to the claims or defenses of any party, nor proportional to the needs of the case. Plaintiff alleges that he purchased one Belkin battery pack, the Pocket Power 10000. He therefore lacks standing to assert claims based on any other Belkin battery pack (of which there are over two dozen), and discovery as to these other unpurchased products would be improper. Subject to and without waiving the foregoing objections and the General Objections above, Belkin responds as follows: Belkin agrees to produce non-privileged documents responsive to this Request in its possession, custody, or control and located pursuant to a reasonable search, which relate to the Pocket Power 10K that Plaintiff alleges he purchased.

15.     A clear photo or document showing what is printed on each iteration of each Belkin **power bank** label as each appeared in the marketplace.

**RESPONSE:**  Belkin incorporates by reference the General Objections set forth above. In addition, Belkin objects to this Request because it is overbroad and unduly burdensome. This Request also seeks information that is neither relevant to the claims or defenses of any party, nor proportional to the needs of the case. Plaintiff alleges that he purchased one Belkin battery pack, the Pocket Power 10000.  He therefore lacks standing to assert claims based on any other Belkin battery pack (of which there are over two dozen), and discovery as to these other unpurchased products would be improper.  Belkin also objects that this Request is vague, ambiguous, and appears to be duplicative of Request Nos. 13 and 14. Subject to and without waiving the foregoing objections and the General Objections above, Belkin responds as follows: Belkin believes that its responses to Request Nos. 13 and 14 should address this Request.  However, Belkin is amenable to meeting and conferring, if there is something additional that Plaintiff seeks through this Request beyond those materials encompassed under Nos. 13 and 14.

16.     All complaints (formal and informal) that Belkin has received from anyone concerning any **power bank's stated capacity, charging statements**, or **output energy**.

**RESPONSE:**  Belkin incorporates by reference the General Objections set forth above. In addition, Belkin objects to this Request because it is overbroad and unduly burdensome. This Request also seeks information that is neither relevant to the claims or defenses of any party, nor proportional to the needs of the case. Plaintiff alleges that he purchased one Belkin battery pack, the Pocket Power 10000.  He therefore lacks standing to assert claims based on any other Belkin battery pack (of which there are over two dozen), and discovery as to these other unpurchased products would be improper.   Furthermore, this Request is compound because it seek

information regarding "stated capacity, charging statements, or output energy" which, according to Plaintiff's own definitions, are different things, and thus should be the subject of separate requests. Finally, this Request is objectionable because it seeks materials that are equally available to Plaintiff because he shares the same counsel as Lenore Miley, the plaintiff in the California action against Belkin. Subject to and without waiving the foregoing objections and the General Objections above, Belkin responds as follows: Aside from any documents related to Lenore Miley and/or produced in the lawsuit brought by her, which are already in the possession of Plaintiff's counsel, Belkin agrees to produce any non-privileged documents responsive to this Request that are in its possession, custody, or control and located pursuant to a reasonable search, which relate to the Pocket Power 10K that Plaintiff alleges he purchased.

17. All litigation complaints filed against Belkin anywhere in the world where the plaintiff's claim included an allegation that Belkin's **labeling** of a **power bank's stated capacity**, **charging statement,** or **output energy** is not fully accurate.

**RESPONSE:** Belkin incorporates by reference the General Objections set forth above. In addition, Belkin objects to this Request because it is overbroad and unduly burdensome. This Request also seeks information that is neither relevant to the claims or defenses of any party, nor proportional to the needs of the case. Plaintiff alleges that he purchased one Belkin battery pack, the Pocket Power 10000. He therefore lacks standing to assert claims based on any other Belkin battery pack (of which there are over two dozen), and discovery as to these other unpurchased products would be improper. Moreover, Plaintiff's request for complaints "filed against Belkin anywhere in the world" is also subject to the aforementioned objections because this action is pending in Illinois, so the international scope of this Request is inappropriate. Furthermore, this Request is compound because it seek information regarding "stated capacity, charging statements, or output energy" which, according to Plaintiff's own definitions, are different

things, and thus should be the subject of separate requests. Finally, this Request is subject to objection because it seeks public materials that are equally available to Plaintiff. Subject to and without waiving the foregoing objections and the General Objections above, Belkin responds as follows: Aside from documents related to Lenore Miley, which are already in the possession of Plaintiff's counsel, Belkin has not located any non-privileged documents responsive to this Request in its possession, custody, or control, following a reasonable search, which relate to the Pocket Power 10K that Plaintiff alleges he purchased.

18.    All documents that describe or reflect Belkin's response to each of the complaints in the previous document requests. Include both internal communications and memos within Belkin as well as any response communicated back to the complaint externally.

**RESPONSE:** Belkin incorporates by reference the General Objections set forth above. In addition, Belkin objects to this Request because it is overbroad and unduly burdensome. This Request also seeks information that is neither relevant to the claims or defenses of any party, nor proportional to the needs of the case. Plaintiff alleges that he purchased one Belkin battery pack, the Pocket Power 10000. He therefore lacks standing to assert claims based on any other Belkin battery pack (of which there are over two dozen), and discovery as to these other unpurchased products would be improper. Belkin further objects to this Request to the extent the term, "[a]ll documents," seeks to elicit information subject to and protected by the attorney-client privilege and/or the attorney work-product doctrine and/or other applicable privilege. Subject to and without waiving the foregoing objections and the General Objections above, Belkin responds as follows: Aside from any documents related to Lenore Miley, which are already in the possession of Plaintiff's counsel, to the extent they exist, Belkin agrees to produce any non-privileged documents responsive to this Request that are in its possession, custody, or control and located pursuant to a reasonable search, which relate to the Pocket Power 10K that Plaintiff alleges he

18

purchased.

19.     All documents reflecting an inquiry from a government entity (e.g., Federal Trade Commission, state attorney general) concerning any Belkin power bank **labeling** or regarding any **power bank's stated capacity**, **charging statements**, or **output energy**.

**RESPONSE:**  Belkin incorporates by reference the General Objections set forth above.  In addition, Belkin objects to this Request because it is overbroad and unduly burdensome. This Request also seeks information that is neither relevant to the claims or defenses of any party, nor proportional to the needs of the case. Plaintiff alleges that he purchased one Belkin battery pack, the Pocket Power 10000.  He therefore lacks standing to assert claims based on any other Belkin battery pack (of which there are over two dozen), and discovery as to these other unpurchased products would be improper.   Furthermore, this Request is compound because it seek information regarding "stated capacity, charging statements, or output energy" which, according to Plaintiff's own definitions, are different things, and thus should be the subject of separate requests.  Belkin further objects to this Request to the extent the term, "[a]ll documents," seeks to elicit information subject to and protected by the attorney-client privilege and/or the attorney work-product doctrine and/or other applicable privilege. Subject to and without waiving the foregoing objections and the General Objections above, Belkin responds as follows: Belkin has been unable to locate any responsive documents in its possession, custody, or control, pursuant to a reasonable search, which relate to the Pocket Power 10K that Plaintiff alleges he purchased.

20.     Documents that would show monthly or quarterly sales volume, by units, of each power bank Belkin has sold since January 1, 2018, and the income generated by those sales, for each of the states in the proposed class: CA, FL, IL, MA, MO, NJ, NY, NC, OH, WA, and WI.

**RESPONSE:**  Belkin incorporates by reference the General Objections set forth above.  In

addition, Belkin objects to this Request because it is overbroad and unduly burdensome. This Request also seeks information that is neither relevant to the claims or defenses of any party, nor proportional to the needs of the case. Plaintiff alleges that he purchased one Belkin battery pack, the Pocket Power 10000.  He therefore lacks standing to assert claims based on any other Belkin battery pack (of which there are over two dozen), and discovery as to these other unpurchased products would be improper.  Moreover, the portion of the Request seeking "the income generated by those sales" is improper on the same grounds.  The term "income" in this Request is also vague and ambiguous.  Further, Belkin objects to this Request because it seeks disclosure of sensitive, proprietary or confidential business information or trade secrets in the form of sales and revenue/income data. Subject to and without waiving the foregoing objections and the General Objections above, Belkin responds as follows: Belkin agrees to produce non-privileged responsive documents that are in its possession, custody, or control that are located pursuant to a reasonable search, which relate to the Pocket Power 10K that Plaintiff alleges he purchased, following the entry of a suitable protective order.

21.    Any documents created by a third party (including, but not limited to IRI and Nielsen) that shows sales or price data for any all **power bank** models.

**RESPONSE:**  Belkin incorporates by reference the General Objections set forth above.  In addition, Belkin objects to this Request because it is overbroad and unduly burdensome. This Request also seeks information that is neither relevant to the claims or defenses of any party, nor proportional to the needs of the case. Plaintiff alleges that he purchased one Belkin battery pack, the Pocket Power 10000.  He therefore lacks standing to assert claims based on any other Belkin battery pack (of which there are over two dozen), and discovery as to these other unpurchased products would be improper.  Moreover, Belkin objects to this Request because it seeks

information equally available to Plaintiff.

22.     All financial statements, reports, summaries, graphs, tables, spreadsheets, analyses, and other finance documents relating to Belkin's sales and distribution of **power banks,** including, at a minimum, documents that alone or together will demonstrate the following since January 1, 2018, broken down by SKU or other similar product identifier:

a.  Total dollar sales revenue generated from power banks, broken down by distribution channel, including (i) wholesalers, (ii) distributors, (iii) brick-and-mortar retailers, and (iv) online retailers;

b.  Total dollar sales revenue generated from power banks, broken down by store (retailer or wholesaler), area, region, district, and state, broken down by distribution channel;

c.  Total unit sales of power banks, broken down by store (retailer or wholesaler), area, region, district, and state, broken down by distribution channel;

d.  unit price;

e.  unit cost;

f.  cost of goods sold;

g.  profit margin;

h.  MSRP (Belkin's suggested retail price); and

i.  average retail price collected by retailers.

**RESPONSE:** Belkin incorporates by reference the General Objections set forth above.  In addition, Belkin objects to this Request because it is overbroad and unduly burdensome. This Request also seeks information that is neither relevant to the claims or defenses of any party, nor proportional to the needs of the case. Plaintiff alleges that he purchased one Belkin battery pack, the Pocket Power 10000.  He therefore lacks standing to assert claims based on any other Belkin battery pack (of which there are over two dozen), and discovery as to these other unpurchased products would be improper.  Moreover, the sub-categories sought herein, which asks for things

like profit margin, information revenue broken down by store/region/state, are wholly disproportionate to the needs of this case, particularly when this action is not nationwide and limited only to certain states. Further, Belkin objects to this Request because it seeks disclosure of sensitive, proprietary or confidential business information or trade secrets in the form of financial data and sales information.

23.     Documents sufficient to identify all retailers who sold Belkin's **power banks** in the multi-state area in the proposed class, including their names, locations, and sales volume since January 1, 2018, broken down by model of each **power bank.**

**RESPONSE:** Belkin incorporates by reference the General Objections set forth above. In addition, Belkin objects to this Request because it is overbroad and unduly burdensome. This Request also seeks information that is neither relevant to the claims or defenses of any party, nor proportional to the needs of the case. Plaintiff alleges that he purchased one Belkin battery pack, the Pocket Power 10000. He therefore lacks standing to assert claims based on any other Belkin battery pack (of which there are over two dozen), and discovery as to these other unpurchased products would be improper. Moreover, the sales volume information sought is also disproportionate to the needs of the case because it is not determinative of sales to consumers. Among other reasons, this fact renders the Request for retailers' identities irrelevant and improper. Further, Belkin objects to this Request because it seeks disclosure of sensitive, proprietary or confidential business information or trade secrets in the form of sales data and competitive information.

24.     All documents Belkin contends are relevant to Plaintiff's suitability to serve as a class representative.

**RESPONSE:** Belkin incorporates by reference the General Objections set forth above. In

addition, Belkin objects to this Request because it calls for a legal conclusions and/or legal theories. Belkin further objects to this Request to the extent the term, "[a]ll documents," seeks to elicit information subject to and protected by the attorney-client privilege and/or the attorney work-product doctrine and/or other applicable privilege. This Request is also premature because discovery is continuing, and Plaintiff has yet to be deposed. Subject to and without waiving the foregoing objections and the General Objections above, Belkin responds as follows: To the extent they exist, Belkin agrees to produce non-privileged responsive documents in its possession, custody, or control that can be located pursuant to a reasonable search.

25.     All documents in Belkin's possession that refer to lawsuits against competitors over their **power banks** and the representations made on their **labeling**, including Belkin's own plans and positions relating to charging statements and stated capacity.

**<u>RESPONSE</u>:** Belkin incorporates by reference the General Objections set forth above. In addition, Belkin objects to this Request to the extent it seeks to elicit information subject to and protected by the attorney-client privilege and/or the attorney work-product doctrine and/or other applicable privilege. This Request is also vague and ambiguous, particularly with respect to the phrase, "Belkin's own plans and positions relating to charging statements and stated capacity." Subject to and without waiving the foregoing objections and the General Objections above, Belkin responds as follows: Belkin has been unable to locate any non-privileged documents in its possession, custody, or control following a reasonable search that are responsive to this Request.

Dated:  June 5, 2023                        Respectfully submitted,

By: */s/ Patricia Mathy*             
Patricia Mathy
BAKER & MCKENZIE LLP
300 East Randolph Street, Suite 5000
Chicago, IL 60601
Telephone: (312) 861-2885
patricia.mathy@bakermckenzie.com

Edward Totino (*admitted pro hac vice*)
Nancy Nguyen Sims (*admitted pro hac vice*)
BAKER & MCKENZIE LLP
10250 Constellation Blvd., Ste. 1850
Los Angeles, CA 90067
Telephone: (310) 210-4725
edward.totino@bakermckenzie.com
nancy.sims@bakermckenzie.com

*Counsel for Defendant Belkin International, Inc.*