## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

**DENNIS GROMOV,** individually and
on behalf of all others similarly situated,

     Plaintiff,

         *v.*

**BELKIN INTERNATIONAL, INC.,**

     Defendant.

Case No. 1:22-cv-6918

Judge Valderrama

Magistrate Judge Fuentes

## JOINT REPORT OF THE PARTIES

The Court ordered the parties to file a "joint written status report on discovery progress and settlement status." (ECF No. 35.)

## I.   Discovery progress

### A.   Scheduling matters

The most immediate deadline facing the parties is the fact discovery cutoff of October 31, 2023.

Given the open matters below, the parties jointly request an extension of all deadlines by four months, with fact discovery now closing on February 28, 2024.

Further, the parties jointly request a 60-day expert discovery period to occur following the close of fact discovery. The parties would exchange expert witness reports on or before March 29, 2024. Depositions of expert witnesses would be completed by April 29, 2024.

The parties ask the Court to adopt this schedule.

## B.    Changes to counsel

Patricia Mathy, the lead associate and local counsel for Belkin in this matter, left Baker McKenzie in September 2023. Counsel for Belkin has been working to transition the matter to Katelyn VanDoorne who will be serving in these roles going forward.

## C.    Written discovery

The parties have each exchanged at least one round of written discovery.

### *Gromov's position:*

As highlighted for the Court in the parties' June 29 status report, Belkin continues to stall the progress of this suit by delaying written discovery.

Gromov's requests to Belkin were served on April 21, making Belkin's responses due May 21. Gromov granted Belkin an extension to June 5. Belkin produced 38 pages of documents on July 5. Belkin stated it would be producing further documents on a "rolling basis" and only after the entry of a protective order. Belkin did not even move for that protective order until August 17, the Court entered it on August 29. Belkin still has not produced any of the further documents it promised—whether protectible or not.

Belkin's obstruction has made it impossible to conduct a second round of written discovery or to take necessary depositions. Gromov requested today that Belkin make three witnesses available for deposition. Gromov was able to identify these witnesses using documents from Belkin's production in the California state-court case, *Miley v. Belkin*. However, Gromov is entitled to a production of Belkin's documents here before he can be sure that those depositions can be full examinations of what the witnesses know. There is no reason to believe that the *Miley* production will be identical to what Belkin will ultimately produce in this action. Moreover, in

*Miley*, Belkin has sought a protective order that may restrict Gromov's access to these documents (an issue that Miley and Belkin are still attempting to resolve).

Today, Gromov filed a second motion to compel Belkin's answers to RFPs and interrogatories. The basis for this motion was the August 2 motion the Court denied for being overlong. The parties did confer on August 10, using the August 2 motion as a template, but Belkin did not amend any of its responses thereafter. Discovery is stuck.

As another example of obstruction, Gromov's April 28 document request sought exemplars of the battery pack at issue and all others in the Belkin line. Gromov wants to test an exemplar battery. Belkin at first objected in June, saying that any such test would be "moot," then finally on the August 10 call relented and agreed to produce at least one battery. But Belkin still has not produced *any* batteries. This hinders Gromov's ability to prosecute the action by developing expert testimony.

Even if Belkin were to somehow complete its document production *today*, that would leave only six weeks to conduct further discovery until the October 31 fact discovery deadline. For this reason, Gromov seeks the four-month extension of deadlines.

Despite Belkin's lack of a serious document production, Gromov has been diligent in serving subpoenas to major retailers who have sold the Belkin power banks. The purpose is to obtain retail sales data—which Belkin states it does not have—to determine the price premium Belkin received from its misrepresentations. Gromov has conducted several meet-and-confer sessions with retailers, including one with Walmart's counsel yesterday. The retailers have objected to making any production of documents thus far. Gromov anticipates motion practice if

this matter cannot be resolved. This will likely require additional time beyond the current October 31 fact discovery deadline.

Regarding Gromov's own discovery production, Belkin has no open issues. In the June status report, Belkin's only issue was that Gromov did not "verify" his interrogatory responses. This is not required by the Rules, something that the parties discussed on the August 10 call, and Belkin dropped the matter.

***Belkin's position:***

Plaintiff's recitation of the facts is inaccurate and fails to fully represent Belkin's efforts to meet and confer on discovery issues. Between July 5 and August 17, the parties exchanged multiple emails and held multiple calls regarding a potential protective order. Following the Court's hearing on the protective order, after which it ordered the parties to revise the language of the protective order, the parties exchanged additional emails, and, as a result, the protective order was not entered until August 29, 2023. In the approximately two weeks since that time, Belkin has undergone a major staffing transition as the lead associate on this matter left Baker McKenzie. Nevertheless, Belkin anticipates making another production in the next few business days.

Plaintiff also misrepresents the results of the August 10th meeting. During that call, Belkin informed Plaintiff that it needed to conduct further investigation regarding the battery pack at issue. At first, Belkin's position was that the issue was moot because Plaintiff concedes he already conducted testing. Nevertheless, Belkin stated it would have no issues conceptually producing the battery pack and is conducting an inquiry into the matter to confirm whether a battery pack is available, given the product is no longer in distribution. Nevertheless, Plaintiff made no efforts to

speak to Belkin about this issue following the August 10 meeting. Instead, Plaintiff continues to rush to the court as evidenced by prior motions.

Plaintiff also misrepresents that Belkin "dropped" Plaintiff's failure to verify his interrogatory responses. Again, Plaintiff has made no effort to speak with Belkin about these issues, which Belkin still hopes to resolve without court intervention.

### D. Belkin's privilege log

To date, Belkin still has not produced a privilege log. Belkin has asserted various privileges throughout its discovery responses.

*Gromov's position:*

Those responses were served, pursuant to an agreed extension, on June 5. There was no log. Gromov sought it in a meet-and-confer call on June 9, by followup writings, in the denied motion to compel on August 2, and in another call on August 10. There is still no privilege log.

The Court should now deem all of Belkin's privileges waived. Gromov asks for this in his motion to compel. Barring that, Belkin should explain why it still has not served a privilege log to support the assertions of privilege it has made.

Even if Belkin produced a privilege log today, that would leave only six weeks to litigate the matter until the present fact discovery cutoff of October 31. This is a reason Gromov supports the four-month extension of deadlines.

*Belkin's position:*

During the parties' meet and confer, Belkin informed Plaintiff's counsel that it would produce a privilege log after it substantially completed its production. As mentioned above,

Belkin anticipates it will substantially complete its production in the next few business days and then will be in a position to produce a privilege log.

**E.    Depositions**

On June 9, Belkin unilaterally selected a deposition date for Gromov's deposition and served a notice for this deposition. The next business day, Gromov notified Belkin that this date is not available. Belkin agreed to come forward with a new proposed date. This has not happened yet.

Today, Gromov identified three Belkin employees he wishes to depose and has asked for dates in the first half of October.

*Gromov's position:*

Gromov cannot depose Belkin under Rule 30(b)(6) yet, as much as he would like to, due to Belkin's still holding back its document production. Belkin's written response is not sufficient to prepare or take a Rule 30(b)(6) deposition, given that Belkin has produced only 38 pages of documents.

Gromov expects that the 30(b)(6) deposition will yield the names of other potential witnesses. Further, the depositions of the three fact witnesses may lead to other witnesses. Finally, it is possible that either side will seek depositions of the retailers who will provide pricing data.

Unless Belkin moves with a speed it has not yet displayed, further time to complete these depositions will be needed.

*Belkin's position:*

Plaintiff's recitation of the facts is misleading. For example, during this time period, Plaintiff fails to mention that the parties exchanged several emails on this matter and that the

6

Court did not enter the parties' amended version of the protective order until August 29, 2023, just over two weeks ago. As another example, Plaintiff fails to explain Belkin's position during the August 10 meet and confer was initially that the issue was moot because Plaintiff concedes he already conducted testing on the battery pack at issue. Nevertheless, Belkin stated it would have no issues conceptually producing the battery pack and is conducting an inquiry into the matter to confirm whether a battery pack is available, given the product is no longer in distribution.

## II.    Settlement status

Prior to the filing of this action, the parties conducted a mediation, which resulted in impasse. Communicating further details of that session would violate the confidentiality each side agreed to.

There has been no further discussion as to settlement. It is premature to do so given that discovery is not complete.

Date: September 14, 2023                  /s/ William F. Cash III

William F. Cash III (Ill. Bar No. 6330856)
bcash@levinlaw.com
Matthew D. Schultz (*pro hac vice*)
mschultz@levinlaw.com
Scott Warrick (*pro hac vice*)
swarrick@levinlaw.com
**LEVIN, PAPANTONIO, RAFFERTY,
PROCTOR, BUCHANAN, O'BRIEN, BARR
& MOUGEY, P.A.**
316 South Baylen Street, Suite 600
Pensacola, FL 32502
Phone: 850-435-7059

Seyed Abbas Kazerounian (Ill. Bar No. 6316129)
ak@kazlg.com
**KAZEROUNI LAW GROUP, APC**
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Phone: 800-400-6808

Jason A. Ibey (Bar. No. 16691)
jason@kazlg.com
**KAZEROUNI LAW GROUP, APC**
321 N. Mall Drive, Suite R108
St. George, Utah 84790
Phone: 800-400-6808

D. Greg Blankinship (*pro hac vice*)
gblankinship@fbfglaw.com
Bradley F. Silverman (*pro hac vice*)
bsilverman@fbfglaw.com
**FINKELSTEIN, BLANKINSHIP,
FREI-PEARSON & GARBER, LLP**
1 North Broadway, Suite 900
White Plains, NY 10601
Phone: 914-298-3290

*Attorneys for Plaintiff Dennis Gromov*

/s/ *Nancy Sims*

Edward Totino (admitted pro hac vice)
Nancy Nguyen Sims (admitted pro hac vice)
**BAKER & MCKENZIE LLP**
10250 Constellation Blvd., Ste. 1850
Los Angeles, CA 90067
Telephone: (310) 210-4725
edward.totino@bakermckenzie.com
nancy.sims@bakermckenzie.com

*Counsel for Defendant Belkin International, Inc.*