IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DENNIS GROMOV, individually and on behalf of all other similarly situated, | ) ) ) |
| Plaintiff, | ) ) Case No. 1:22-cv-06918 |
| v. | ) ) Hon. Franklin U. Valderrama |
| BELKIN INTERNATIONAL, INC., | ) ) Magistrate Judge Gabriel A. Fuentes |
| Defendant. | ) ) ) |

**DEFENDANT BELKIN INTERNATIONAL, INC.'S
RESPONSE TO PLAINTIFF'S MOTION TO COMPEL**

Defendant Belkin International, Inc. ("Belkin") files this Response to the Motion to Compel Belkin's Answers to Gromov's Discovery Requests (the "Motion") filed by Plaintiff Dennis Gromov ("Plaintiff"), and states as follows:

**I.  INTRODUCTION**

Plaintiff, who purchased only one particular model of the many different types of portable power sources ("Power Banks") sold by Belkin, is seeking an order compelling Belkin to produce documents and information in this action related to *every Power Bank that Belkin has marketed, distributed, or sold* before the Court has even ruled on whether Plaintiff has Article III standing to bring claims based on Power Banks he did not buy. Rather than await the Court's ruling on this threshold matter, Plaintiff re-raises his arguments on standing in his Motion, in an attempt to circumvent the pending motion to dismiss, secure a premature ruling in this matter, and obtain voluminous amounts of irrelevant data to which he is not presently entitled. Plaintiff's mistaken belief that he is entitled to discovery on every Power Bank that Belkin has ever sold, rather than just the Belkin Power Pocket 10K that he purchased, underlies many of the purported "issues" raised in his Motion. The Court should decline Plaintiff's invitation to prematurely rule on whether he has Article III standing and deny Plaintiff's motion to the extent it seeks an order

compelling Belkin to produce any documents or information related to any Power Bank other than the Power Pocket 10K that Plaintiff purchased.

After setting aside Plaintiff's requests to compel overbroad and irrelevant discovery regarding other Power Banks, Plaintiff's Motion is reduced to a limited number of issues that: (i) have been mooted by Belkin's recent production of 144 additional documents[1] and service of a privilege log, (ii) have already been answered by Belkin; or (iii) seek discovery that does not meet the requirements of Federal Rule Civil Procedure ("FRCP") 26. Indeed, the need to raise many of these issues to the Court could have been obviated, if Plaintiff's counsel had raised them with Belkin in the two weeks between the entry of the Protective Order and Plaintiff's filing of this Motion. (Indeed, Belkin had already informed Plaintiff that it would complete its production following the entry of a protective order.) Despite the fact that Belkin underwent a major staffing transition during that time, it nonetheless engaged in significant efforts to complete its production and narrow the issues now before the Court.

Belkin asserted timely objections to Plaintiff's discovery requests, including that many of the requests are overbroad, unduly burdensome, and/or seek privileged information. Plaintiff has no legitimate basis to ask this Court to ignore those objections and order total compliance with its demands.

Consequently, the Motion should be denied in its entirety. Moreover, sanctions are certainly not warranted even if the Court orders some (or all) of the discovery at issue since Belkin has responded to Plaintiff's expansive discovery requests in good faith.

## II. RELEVANT BACKGROUND

Plaintiff's recitation of the procedural history of this matter is inaccurate and fails to properly recount the ongoing efforts to meet and confer on discovery issues in this case. From the start, Belkin has timely, and reasonably, met its discovery obligations. For example, Belkin timely responded to Plaintiff's sweeping discovery requests on June 5 and, consistent with FRCP 34, explained that it would produce

---

[1] Belkin produced an additional 141 documents on September 19, 2023 and another three additional documents on September 22, 2023.

certain of the agreed-to documents within 30 days of its responses. Belkin also explained that its production would be conducted on a rolling basis with the confidential materials produced after the entry of a suitable protective order. Following Belkin's timely production of the non-confidential documents on July 5, the parties exchanged multiple emails and held multiple calls regarding a potential protective order.[2] As this Court knows, the parties thereafter engaged in several meet and confers because Plaintiff would not agree to the language of the protective order, which Belkin modeled off the Court's standard order. It became necessary for Belkin to file a motion. At the Court's hearing on the protective order, the Court ordered the parties to revise the language of the protective order. Belkin subsequently revised the draft, and the parties met and conferred about the updated language before it was submitted to the Court for review and consideration. The protective order was entered on August 29, 2023. Shortly thereafter, Belkin underwent a major staffing transition as the lead associate on this matter left Baker McKenzie. Nevertheless, Belkin made another production a few weeks later on September 19, 2023, and a supplementary production on September 22, 2023 a few days after that.

Plaintiff made no efforts to speak to Belkin about the issues raised in his Motion following the entry of the protective order. Instead, consistent with history, Plaintiff continues to rush to the Court as evidenced by prior motions and the fact that Plaintiff's Motion contains alleged "issues" and explanations not previously raised with Belkin during the parties' various meet and confer conferences. For example,

---

[2] Plaintiff insists that Belkin's production was untimely because the documents were not served on the same day as the discovery responses, and no extension was obtained to produce the documents later. However, as Belkin explained to Plaintiff during the meet and confer process: "[N]o further extension was necessary for the document production. It is not uncommon for documents to be produced after the written responses. In fact, the federal rules contemplate this scenario. FRCP 34 states, in relevant part: 'The production must then be completed no later than the time for inspection specified in the request ***or another reasonable time specified in the response***.' (Emphasis added.) Here, Belkin's responses specify that it will produce 'within 30 days of service of these written responses and, where appropriate, on a rolling basis and after the entry of a suitable protective order by the Court.' This response is consistent with the applicable rule."

Plaintiff's Motion now claims he is entitled to the design specifications sought in RFP No. 4[3] "because Belkin has made that information the basis of its product labeling decisions." Motion, p. 7. The Motion goes on to explain the roles of the parts and why Plaintiff believes this information is relevant. *Id.* However, Plaintiff never provided similar explanations during the parties' meet and confer discussions, sufficient for Belkin to understand Plaintiff's position and confer with its client regarding the potential relevance of this information. Plaintiff's Motion attempts to miscast Belkin's good-faith participation in discovery, and for the reasons provided herein, should be denied.

### III.     LEGAL STANDARD

"In ruling on a motion to compel, the discovery standard set forth in Rule 26(b) applies." *Mendez v. City of Chi.*, 18-cv-6313, 2020 WL 4736399, at *3 (N.D. Ill. Aug. 14, 2020). Pursuant to Federal Rule of Civil Procedure 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is ***relevant to any party's claim or defense and proportional to the needs of the case***, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1) (emphasis added). Permissible discovery is not without limitations, and discovery should not serve as a fishing expedition. *BankDirect Capital Fin., LLC v. Capital Premium Fin., Inc.*, 2018 WL 946396, at *4 (N.D. Ill. Feb. 20, 2018). Unless the requesting party can demonstrate the relevancy of the materials sought, judges "should not hesitate to exercise appropriate control over the discovery process . . .

---

[3] The alleged issues raised in Plaintiff's Motion apply to both his Requests for Production and Interrogatories. For clarity, Belkin refers to Plaintiff's Requests For Production as "RFPs" and his Interrogatories as "ROGs."

4

'fishing expeditions' in discovery are prohibited because the information being sought is ultimately not 'relevant.'" *BankDirect Capital Fin., LLC*, 2018 WL 946396 at *4.

**IV.    Plaintiff Is Not Entitled To Discovery On Power Banks Other Than The Power Pocket 10K He Purchased**

Pending before this Court is a fully-briefed Motion to Dismiss that will resolve whether there is subject matter jurisdiction over claims concerning products Plaintiff did not purchase. Rather than wait for the Court to decide this critical, threshold matter, Plaintiff's Motion attempts to secure a premature ruling on his standing in this matter, and asks the Court to compel voluminous information on products Plaintiff did not purchase, to which he is not presently entitled.

Given that a number of courts in this district have held that a plaintiff "lacks standing to assert claims over any Products that they *did not* actually purchase," permitting discovery on such products at this juncture would be premature and tax Belkin's resources before any determination is made regarding the relevance of the information being sought. *See Willard v. Tropicana Mfg. Co.*, 577 F. Supp. 3d 814, 823 (N.D. Ill. 2021); *Pearson v. Target Corp.,* 2012 WL 7761986, at *1 (N.D. Ill. Nov. 9, 2012) (concluding that plaintiff could not "possibly have been injured by representations made on a product he did not buy"); *Cowen v. Lenny & Larry's, Inc.*, No. 17-cv-1530, 2017 WL 4572201, at *3 (N.D. Ill. Oct. 12, 2017) (dismissing claims as to products plaintiffs did not purchase for lack of standing). Even where this Court has compelled production—and it should not in this case—the order was not entered until after issues regarding standing had been adjudicated. *See e.g.*, *Geske v. PNY*, No. l:19-cv-5170, Doc. 81 (N.D. Ill. March 5, 2023).

For these reasons, Plaintiff's Motion should be denied to the extent it seeks to compel any documents related to Power Banks other than the Power Pocket 10K he purchased. This finding applies to **Issues 2, 3, 4, 5, 7, 8** and **11**.

V.   **Certain Items Raised In Plaintiff's Motion Are Moot, Has Already Been Answered, Or Seek Discovery That Does Not Meet The Requirements Of FRCP 26**

The majority of the remainder of Plaintiff's Motion should be denied because it is either moot, seeks to compel information that has already been provided, or seeks discovery that does not meet the requirements of FRCP 26. The following issues have been mooted:

- **Issue 1**: Belkin completed its production on September 22, 2023.

- **Issue 2**: Belkin produced documents responsive to RFP Nos. 7, 10, 12, and 16, limited to the Power Pocket 10K that Plaintiff purchased, to the extent they could be located upon a reasonable search.

- **Issue 5**: Belkin produced documents sufficient to establish the material specifications of the Pocket Power 10K that Plaintiff alleges in the Complaint that he purchased.

- **Issue 6**: Plaintiff is not entitled to merely receive production of a power bank, particularly given that Plaintiff never specified a reasonable time, place, or manner for the inspection of the Power Pocket 10K, as required by the Federal rules. *See* Fed. R. Civ. P. 34(b)(1)(B). Nevertheless, Belkin served a revised response to RFP No. 1 on September 28, 2023, explaining that Belkin no longer distributes the Power Pocket 10K, therefore Belkin does not have an exemplar in its possession to produce to Plaintiff.

- **Issue 7**: Belkin served a revised answer to ROG No. 1 on September 28, 2023, explaining that Belkin last distributed the Power Pocket 10K that Plaintiff purchased on or around April 2022.

- **Issue 8**: Belkin produced certain sales data responsive to RFP No. 20 on September 22, 2023, following the entry of the Protective Order, in accordance with its discovery responses.

- **Issue 9**: Belkin produced the International Air Transport Association guidelines referenced in its responses on September 19, 2023, despite the fact that they are publicly available.

- **Issue 12**: Belkin produced a privilege log on September 28, 2023.

In **Issue 7**, Plaintiff also seeks to compel information regarding the Power Pocket 10K's energy output that Belkin already provided. As Belkin explained, relying on the terms as defined by Plaintiff in his requests, the "output energy" can vary based on multiple factors, such as the type of device being charged, the condition of the battery in that device, the ages of both the device and the Pocket Power 10K, the surrounding temperature, and the cables utilized for charging. Plaintiff has never provided clarification to this request or met and conferred with Belkin regarding the definition.

In **Issue 8**, Plaintiff also seeks to compel "sales data created by third parties (RFP 21), financial reports and other sales information about Belkin power banks (RFP 22), and information about retailers' names and sales volumes (RFP 23)." *See* Motion, p. 9. Aside from the fact that Plaintiff is not presently entitled to discovery on any Power Bank other than the Power Pocket 10K that he purchased, the Court should deny these requests because they seek information equally available to Plaintiff (RFP 21); are wholly disproportionate to the needs of this case, particularly when this action is not nationwide and limited only to certain states (RFP 22); and seek disclosure of sensitive, proprietary or confidential business information or trade secrets in the form of financial data and sales information that are not proportionate to the needs of the case (RFPs 22 and 23).

For these reasons, Plaintiff's request to compel on each of these issues should be denied.

## VI. Belkin's Objections Are Proper

The remainder of Plaintiff's Motion takes issue with Belkin's well-founded objections to Plaintiff's requests. As an initial matter, **Issues 10, 11, 12**, and **14**[4] of Plaintiff's Motion should be denied because Plaintiff never raised these alleged issues with Belkin in the parties' various meet and confers prior to filing his Motion. But, even if the Court is inclined to consider Plaintiff's arguments, they should be denied.

**Issue 10**: First, Plaintiff takes issue with Belkin's answers which start with "subject to and without waiving" based on Plaintiff's flawed argument that a party is not allowed to both object and answer a discovery request. This position is contradicted by the Federal Rules themselves which provide, for example, "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." *See* Fed. R. Civ. P. 33(b)(3). The comments to the Rule explain this means a party is permitted to both object and answer and provide the following example: "if a interrogatory seeking

---

[4] Plaintiff does not cite to an "Issue 13" in his Motion.

information about numerous . . . products is deemed objectionable, but an interrogatory seeking information about a lesser number of . . . products would not have been objectionable, then the interrogatory should be answered with respect to the latter even though an objection is raised as to the balance of the facilities or products." *See* Fed. R. Civ. P. 33, *Note to Subdivision (b)*; *see also* Fed. R. Civ. P. 34(2)(C) ("An objection to part of a request must specify the part and permit inspection of the rest.") This is exactly the scenario here. Belkin set forth its objections, narrowed the discovery request—for example to the Power Pocket 10K so that they were not objectionable—then answered. There is no basis to compel Belkin to respond differently. In fact, had Belkin responded differently, it is likely Plaintiff would argue that Belkin failed to meet its discovery obligations by standing on its objections alone.[5]

**Issue 11**: Plaintiff takes issue with Belkin's objection that Plaintiff's requests are overly broad and unduly burdensome. As demonstrated above, Plaintiff's requests seek voluminous discovery on Power Banks that Plaintiff did not purchase, and on which the Court has not determined whether Plaintiff has standing to sue. Plaintiff simply cannot demonstrate how discovery on dozen of Power Banks which Plaintiff did not purchase is relevant at this stage. Belkin pointed out as much in its responses, explaining that discovery as to unpurchased products would be improper. Moreover, the burden on Belkin to search for and produce the information requested for each of its Power Banks, no matter how tangential, is outweighed by any theoretical benefit to Defendant, if any, particularly given Plaintiff has not established standing to bring claims for those products. Plaintiff seemingly argues that there is no undue burden based on the belief that Belkin sells millions of Power Banks. Even if Plaintiff is correct about the sales volume, whether Belkin's sales of the product are "substantial" has no bearing on whether the requests are unduly

---

[5] The authority cited by Plaintiff is inapposite as it is outside this circuit, and the accepted practice in this jurisdiction is for parties to use their best efforts to respond where possible, despite their objections. *See e.g., Thermapure, Inc. v. Giertsen Co. of Ill.*, Inc., No. 10-cv-4724, 2013 WL 1222330, at *2 (N.D. Ill Mar. 25, 2013) (explaining that an argument that a party must answer or object "failed to account for the 1993 amendment to Rule 33, which expressly allowed both objections and answers").

burdensome. Plaintiff also misconstrues Belkin's arguments regarding relevance. Belkin never states that testing data request in RFP No. 5 is irrelevant, but rather, any data related to Power Banks other than the one Plaintiff purchased is irrelevant at this stage.

There is no basis to overrule Belkin's overbroad and unduly burdensome objections, especially where Belkin has provided documents for the Power Pocket 10K that Plaintiff purchased.

**Issue 12**: Plaintiff's arguments regarding privilege have been mooted by Belkin's production of a privilege log. Nevertheless, Belkin properly raised objections based on privilege. Plaintiff claims that RFP No. 6[6] asked "about external factors, such as industry standards," thus a privilege objection was not necessary. But RFP No. 6 requests, "[a]ll documents showing that Belkin relied on any industry standards, trade association recommendations, competitors' trade practices, or similar factors outside of Belkin, when Belkin determined to publish stated capacity rather than output energy with respect to any power bank." Such a request is not limited to external documents, and clearly contemplates internal Belkin communications, if any, related to this request, such that a privilege objection is proper.

**Issue 14**: Finally, Plaintiff argues that the Court should overrule Belkin's objections to certain of Plaintiff's defined terms. The entirety of Plaintiff's argument is that these terms are not vague or ambiguous. Yet, as Belkin indicated in its discovery responses:

- Plaintiff's definition of "power bank" is vague because Plaintiff states that this term "can also include the concept of a power bank in the abstract."

- Plaintiff's definition of "charging statements" is vague and ambiguous because it is defined to mean any representation about "how the power bank's charge can affect a portable electronic device's charge."

- Plaintiff's definition of "output energy" is vague and ambiguous because it is defined as the "energy . . . that a portable electronic device can withdraw from a fully charged power bank."

---

[6] Plaintiff mistakenly refers to RFP No. 5 in his Motion.

- Plaintiff's definition of "stated capacity" is vague and ambiguous because it is includes "via any representation."

Plaintiff has made no attempt to clarify this language and his motion to compel responses to discovery requests which employ these vague definitions should be denied.

As a sub-point, Plaintiff argues the Court should overrule all of Belkin's general objections, claiming that the Court ruled similarly in *Geske*. But the *Geske* court simply stated that it would "not consider general objections to written discovery requests if the court must address and rule on written discovery disputes." *Geske*, No. l:19-cv-5170 at Doc. 104. This is not akin to overruling a party's general objections in its discovery responses. In any event, Plaintiff has not cited any persuasive evidence supporting his argument that the Court should strike Belkin's well-founded general objections, which were narrowly tailored to Plaintiff's discovery requests, and require Belkin to answer interrogatories and RFPs that relied on such general objections.

### VII. CONCLUSION

WHEREFORE, Belkin respectfully requests that the Court deny Plaintiff's to Compel Belkin's Answers to Gromov's Discovery Requests.

Dated: September 28, 2023    Respectfully submitted,

                                            By: */s/Katelyn VanDoorne*

                                            Katelyn VanDoorne
                                            BAKER & MCKENZIE LLP
                                            300 East Randolph Street, Suite 5000
                                            Chicago, IL 60601
                                            Telephone: (312) 861-3700
                                            katelyn.vandoorne@bakermckenzie.com

                                            Edward Totino (admitted *pro hac vice*)
                                            Nancy Nguyen Sims (admitted *pro hac vice*)
                                            BAKER & MCKENZIE LLP
                                            10250 Constellation Blvd., Ste. 1850
                                            Los Angeles, CA 90067
                                            Telephone: (310) 210-4725
                                            edward.totino@bakermckenzie.com
                                            nancy.sims@bakermckenzie.com

                                            *Counsel for Defendant Belkin International, Inc.*