## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DENNIS GROMOV, individually and on behalf of all other similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 1:22-cv-06918 |
| v. | ) ) | Hon. Franklin U. Valderrama |
| BELKIN INTERNATIONAL, INC., | ) ) | |
| Defendant. | ) ) | |

### DEFENDANT BELKIN INTERNATIONAL, INC.'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFF'S INTERROGATORIES

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant Belkin International, Inc., ("**Belkin**"), by and through its undersigned counsel, hereby supplements its answers to Plaintiff's First Set of Interrogatories (the "**Requests**"), which entails changes to Interrogatory No. 1. For convenience, Belkin reinstates its original answer to Interrogatory No 1, followed by Belkin's supplemental response.

### GENERAL OBJECTIONS

Belkin makes the following preliminary statement and general objections to each of Plaintiff's Requests (the "**General Objections**"):

1.      Belkin objects to the Requests and their definitions and instructions to the extent that they purport to impose any obligation on Belkin in excess of the requirements set forth in any statute, rule, or order as may be applicable to this case and Belkin, including but not limited to the Federal Rules of Civil Procedure. Belkin's responses to these Requests shall not be construed in any way as an admission that any definitions propounded by Plaintiff binds Belkin either factually or legally.

2.      Belkin objects to the Requests to the extent they seek information and/or documents that are not relevant to any claim or defense at issue in this dispute, are not proportional to the needs of the

case, or are otherwise irrelevant to the subject matter of this pending action.

3.      Belkin objects to the Requests to the extent that they seek information and/or documents protected by any applicable privilege, immunity, or privacy right, including but not limited to the attorney-client privilege and/or the work product doctrines, and other applicable privacy statutes. Nothing contained in Belkin's responses to the Requests is intended to be, nor should be construed as, a waiver of any protected information in response to the Requests.

4.      Belkin objects to the Requests to the extent that they explicitly or implicitly characterize facts, events, circumstances, or issues relating to the subject of this litigation.  For instance, requests that seek information concerning "industry standards, trade association recommendations, competitors' trade practices, or similar factors" shall not imply the existence or absence of such things.

5.      Belkin objects to the Requests to the extent that they require Belkin to provide a response and/or produce documents on behalf of any entity other than Belkin, the entity sued by Plaintiff in this lawsuit and to which these Requests are directed, including but not limited to any parent, subsidiary, or affiliate entities. Belkin responds to these requests on behalf of Belkin only.

6.      Belkin objects to the Requests to the extent that they ask Belkin to use more than reasonable diligence, or make more than a reasonable inquiry, to locate responsive information and/or documents.

7.      In responding to the Requests, Belkin does not concede the relevancy, competency, materiality, propriety, or admissibility of any of the information sought therein. Belkin's responses to the Requests are made specifically subject to, and without waiver of, Belkin's reservation of rights to object on any grounds to the use at any hearings or at trial any information furnished in response to these Requests, including but not limited to Belkin's objections as to privilege, relevancy, competency, materiality, propriety, and admissibility of Belkin's information and/or documents.

8.      All of the objections and responses contained herein are based only upon information and

documents presently available and specifically known to Belkin.

9.      Belkin incorporates each of the foregoing General Objections into each of its specific responses to the Requests set forth below as if fully set forth therein. Responses to the Requests are not intended as and shall not be deemed a waiver of any applicable specific objection or General Objection to a particular Request for Production.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

10.     Belkin objects to the definition of "power bank" on the grounds that it is vague and ambiguous because, among other things, Plaintiff states that this term "can also include the concept of a power bank in the abstract." The definition is also overly broad, unduly burdensome, seeks information that is not relevant to any claim or defense at issue in this dispute, and is not proportional to the needs of the case, because it encompasses power banks not at issue in this action, including those manufactured by other companies.

11.     Belkin objects to the definition of "Output energy" on the grounds that it is vague and ambiguous, overly broad, unduly burdensome, and is not proportionate to the needs of the case, because it is defined as the "energy . . . that a portable electronic device can withdraw from a fully charged power bank." In addition, this definition makes the interrogatories difficult to answer because various factors relevant to "output energy" are unknown, including, but not limited to, the type and model of the portable electronic device being used, the age and condition of that device, and external conditions, such as temperature at the time of use.

12.     Belkin objects to the definition of "Stated capacity" on the grounds that it is vague and ambiguous, particularly with respect to the phrase "via any representation."

## SPECIFIC OBJECTIONS AND INTERROGATORY RESPONSES

1.      Identify **all power banks** put out by Belkin since January 1, 2018, including their: name,

model number, SKU number, basic characteristics including **stated capacity** and **output energy**, and the first and last month in which the model was distributed to anyone by Belkin.

**ORIGINAL RESPONSE:** Belkin incorporates by reference the General Objections set forth above.  In addition, Belkin objects to this Request because it is overbroad and unduly burdensome.  This Request also seeks information that is neither relevant to the claims or defenses of any party, nor proportional to the needs of the case.  Plaintiff alleges that he purchased one Belkin battery pack, the Pocket Power 10K.  He therefore lacks standing to assert claims based on any other Belkin battery pack (of which there are over two dozen), and discovery as to these other unpurchased products would be improper.  Belkin further objects to this Request because it vague and ambiguous as to the term "basic characteristics."  Subject to and without waiving the foregoing objections, Belkin responds as follows:  The Complaint alleges that Plaintiff purchased a Pocket Power 10K.  (ECF No. 1, ¶ 52.)  The model number of this item is F7U020 and the SKU is F7U020btBLK.  Relying on the terms as defined by Plaintiff in his Requests, the "output energy" can vary based on multiple factors, such as the type of device being charged, the condition of the battery in that device, the ages of both the device and the Pocket Power 10K, the surrounding temperature, and the cables utilized for charging.  This model of power bank originally went on the market in approximately October 2017.  Although it may still available for purchase through retailers, Belkin no longer has this item in stock.

**SUPPLEMENTAL RESPONSE:** Belkin incorporates by reference the General Objections set forth above.  In addition, Belkin objects to this Request because it is overbroad and unduly burdensome.  This Request also seeks information that is neither relevant to the claims or defenses of any party, nor proportional to the needs of the case.  Plaintiff alleges that he purchased one Belkin battery pack, the Pocket Power 10K.  He therefore lacks standing to assert claims based on any other Belkin battery pack (of which there are over two dozen), and discovery as to these other unpurchased products would be

improper.  Belkin further objects to this Request because it vague and ambiguous as to the term "basic characteristics."  Subject to and without waiving the foregoing objections, Belkin responds as follows: The Complaint alleges that Plaintiff purchased a Pocket Power 10K.  (ECF No. 1, ¶ 52.)  The model number of this item is F7U020 and the SKU is F7U020btBLK.  Relying on the terms as defined by Plaintiff in his Requests, the "output energy" can vary based on multiple factors, such as the type of device being charged, the condition of the battery in that device, the ages of both the device and the Pocket Power 10K, the surrounding temperature, and the cables utilized for charging.  This model of power bank originally went on the market in approximately October 2017. Belkin has not distributed the Power Pocket 10K since April 2022. Although it may still available for purchase through retailers, Belkin no longer has this item in stock.

Dated:  September 28, 2023            Respectfully submitted,

By: */s/ Katelyn VanDoorne*

Katelyn VanDoorne
BAKER & MCKENZIE LLP
300 East Randolph Street, Suite 5000
Chicago, IL 60601
Telephone: (312) 861-3700
katelyn.vandoorne@bakermckenzie.com

Edward Totino (admitted *pro hac vice*)
Nancy Nguyen Sims (admitted *pro hac vice*)
BAKER & MCKENZIE LLP
10250 Constellation Blvd., Ste. 1850
Los Angeles, CA 90067
Telephone: (310) 210-4725
edward.totino@bakermckenzie.com
nancy.sims@bakermckenzie.com

*Counsel for Defendant Belkin International, Inc.*