UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DENNIS GROMOV, | ) | |
| | ) | Case No. 22 C 6918 |
| Plaintiff, | ) | |
| | ) | District Judge Franklin U. Valderrama |
| v. | ) | Magistrate Judge Gabriel A. Fuentes |
| | ) | |
| BELKIN INTERNATIONAL, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

In this matter before the Court on a referral including discovery supervision (D.E. 28), Plaintiff Dennis Gromov ("Plaintiff") and Defendant Belkin International, Inc. ("Defendant" or "Belkin") have filed separate discovery motions in this matter in which Plaintiff seeks to represent a class of persons who purchased any of Belkin's power banks ("power banks") that connect to and charge portable electronic devices.

I. **Introduction and Background**

Plaintiff alleges that the packaging of each of Belkin's power banks contains a milliampere ("mAh") rating that misrepresents the actual amount of mAh that consumers can obtain from the power bank when charging electronic devices. Further, plaintiff alleges that all Belkin power banks deliver less mAh to charge electronic devices than is represented on product packaging. Belkin denies the allegations. In the two discovery motions addressed in this Order, Plaintiff has filed a Motion to Compel (D.E. 43) raises 13 issues with Defendant's discovery responses, and Defendant has filed a Motion for Protective Order (D.E. 49) seeking to block Plaintiff from obtaining sales information from five third-party retailers concerning various power

1

bank products that Plaintiff did not buy but contends are substantially similar enough to be relevant and necessary for analysis for Plaintiff's damages expert.

II.     **Analysis**

We begin with Defendant's Motion for Protective Order because our resolution of it spills over to our resolution of Plaintiff's Motion to Compel.  he Court decides these motions within its substantial discretion to manage discovery, *Jones v. City of Elkhart, Ind.,* 737 F.3d 1107, 1115 (7th Cir. 2013), and amid the need to promote the just, speedy and inexpensive determination of this matter.  Fed. R. Civ. P. 1. The parties have cited various case law in support of their respective positions in these motions to the effect that the discovery sought by the other party is overbroad or not relevant; the touchstone for discovery relevancy remains Rule 26(b)(1) relevance and proportionality, as is this Court has held before, discovery relevancy is generally broad, and a finding that material is relevant enough for discovery under Rule 26(b)(1) does not preclude a later finding by the trial court on whether the discovered material is admissible.  *See Coleman v. Illinois*, No. 19 C 3789, 2020 WL 5752149, at *3-4 (N.D. Ill. Sept. 2020); Fed. R. Civ. P. 26(b)(1).

A.      **Defendant's Motion for Protective Order**

The state of Local Rule 37.2 compliance on this motion is poor because, as is evident from the Motion for Protective Order, Defendant filed it on September 22, the date set for compliance with the five challenged third-party subpoenas, and this filing took place after a rushed attempt to confer with Plaintiff's counsel over two days during which several Plaintiff's counsel were not available or were marginally available. Motion for Protective Order at 2 n.2.  Rather than deny the motion, the Court noted from the briefing that the parties genuinely are at issue over the five subpoenas seeking retailer sales data.  For the sake of efficiency, the Court exercises its discretion

in favor of deciding that discovery dispute now. *See In re Fluidmaster, Inc., Water Connector Components Prod. Liab. Litig.*, No. 14 C 5696, 2018 WL 505089, at *3 (N.D. Ill. Jan. 22, 2018) (internal citations and quotations omitted); *Munive v. Town of Cicero*, No. 12 C 5481, 2016 WL 8673072, at *1 (N.D. Ill. Oct. 14, 2016), report and recommendation adopted *sub nom. Colon v. Town of Cicero*, No. 12 C 5481, 2017 WL 164377 (N.D. Ill. Jan. 17, 2017). Perhaps not coincidentally, the Motion for Protective Order followed Plaintiff's Motion to Compel by eight days. The idea that "if you are going to put a discovery motion before the Court, I'm going to put one there too" may well have driven the attempt to generate the Motion for Protective Order so quickly, or it may not have. Needless to say, retaliatory motions do not make the initial, provocative motions and more or less likely to be denied, and nor will the Court look dismissively at retaliatory motions. Each motion is decided on its merits. For the Court's part at least, the Court sees no advantage gained by any party who files a retaliatory motion. The Court trusts the parties to be responsible stewards of their resources.

The Court is denying the Motion for Protective Order on its merits.[1] Defendant makes a variety of objections to the five retailer subpoenas, and mainly Defendant claims that its pending motion to dismiss (D.E. 22), fully briefed since March 22, 2023 (D.E. 32), seeks dismissal of allegations concerning power products that competitors (and not Belkin) sold and that Plaintiff

---

[1] We exercise our discretion not to reach Plaintiff's argument that Defendant has no standing to challenge five third-party subpoenas directed at retailers who have not themselves challenged the subpoenas. We note in any event that we found the argument for Defendant's standing to be weak. Defendants complains about the confidentiality of the sales data from these subpoenas, yet there was no obvious alignment between that interest (which the third parties could assert if they wished) and Defendant's interest. The interest of Defendant's competitor manufacturers in the confidentiality of sales data compiled by the five retailers for the other manufacturers' products is even more attenuated from Defendant's interest. Finally, the Court found unpersuasive Defendant's claim that the five subpoenas place an undue burden on Defendant by forcing it to review voluminous sales data. Plaintiff will work out with the five retailers what level of production is proportionate enough to head off motions to quash by the retailers, so whether Defendant will be overwhelmed by sales data is not at all clear. Nonetheless, we will assume Defendant has standing to seek a protective order against these subpoenas under Rule 26, as we move on to the merits of the Motion for Protective Order.

did buy. The Court agrees that this argument has a certain logical appeal, but it assumes that such sales data categorically has no discovery relevance to this case, and the Court will not indulge it that assumption. But Plaintiff articulates a bare minimum level of relevancy for this discovery. *See* Plaintiff's Response in Opposition to Motion for Protective Order ("Pl. MPO Resp."; D.E. 52) at 8-9. (arguing that sales data about competitor-manufactured power banks and those not purchased by Plaintiff is relevant to Plaintiff's expert's efforts to create a "price premium" analysis that will take account of what competitors charge for power banks that are not "mislabeled" as Plaintiff says Defendant's power banks are); Fed. R. Evid. 703 (allowing use by experts of the kinds of facts or data on which experts in the particular field would reasonably rely, regardless of the admissibility of such facts or data). The Court was not persuaded by Defendant's rejoinder that the necessity of the pricing data to Plaintiff's expert's "price premium" analysis is illusory because all power banks on the market are mislabeled "according to Plaintiff's theory of the case unless they contain some additional disclaimer." Defendant's Reply in Support of Its Motion for Protective Order ("Def. MPO Reply"; D.E. 54) at 8-9. Defendant is saying that Plaintiff's contemplated "price premium" analysis is specious, and it may or may not turn out to be, but that assertion is not a basis to deny Plaintiff the third-party discovery claimed to be necessary to conduct the analysis.

Plaintiff also argues that all of Defendant's power banks contain or "suffer from" the same misrepresentations. Pl. MPO Resp. at 8. This discovery relevancy argument is more susceptible to Defendant's attack based on the pendency of its motion to dismiss those very allegations from the complaint. But the Court is disinclined to bar this brand of discovery from non-objecting third party retailers at this late stage of discovery, indeed, with less than a month to go in fact discovery. Practically speaking, if it was so important to block this discovery, Defendant could have rushed

4

its Motion for Protective Order into court in late August, having received notice of the subpoena on August 24, 2023. Defendant did not do so. More generally, even aside from the practical considerations, the scope of discovery relevancy is broad. *Coleman*, 2020 WL 5752149, at *3-4. Barring Plaintiff from discovery of the third-party sales data on power banks that Plaintiff did not buy or that Defendant's competitors sold, due to the pendency of Defendant's motion to dismiss, is analogous to staying discovery in deference to the motion to dismiss. But the practical considerations in play here, including the timing of this discovery, its connection to expert theories, and the uncertainty over how the motion to dismiss will be decided and when, weigh against staying this particular brand of discovery during the pendency of the dismissal motion. *See New England Carpenters Health & Welfare Fund v. Abbott Labs.*, No. 12 C 1662, 2013 WL 690613, at *2 (N.D. Ill. Feb. 20, 2013) (denying motion to stay discovery during pendency of Rule 12 motion to dismiss and noting that "asking this Court to make a preliminary finding on the likelihood of success on the merits circumvents the usual procedures for ruling on the motion").

The several reasons – some of them practical – to deny the Motion for Protective Order outweigh the reasons to grant it. The Court denies the Motion for Protective Order and lifts its temporary bar on service and production in connection with the subpoenas, as that bar was entered only to allow the Court to decide the motion.

    **B.**    **Plaintiff's Motion to Compel**

That gets us to the Motion to Compel. Many of Defendant's objections to certain documents requests and interrogatories go to the pendency of the motion to dismiss. Those objections are overruled for the reasons stated above. But other responses to the Motion to Dismiss cite recently produced documents or supplemented interrogatory answers.

On that latter point, we deny the Motion to Compel as it concerns requests for us to order compelled supplementation of document request or interrogatory responses that Defendants supplemented only days ago, prompting Plaintiff to profess a lack of knowledge as the sufficiency of the supplementation. *See* Pl. MTC Reply at 2 ("Gromov intends to take depositions … to confirm whether Belkin's production is complete. *Gromov does not know that Belkin has omitted documents under the objections Belkin asserted ....*") (emphasis added). In other instances, Plaintiff insists that Defendant is falsely denying that it cannot produce certain discovery, such as exemplars of non-Pocket Power 10K power banks, so that "Belkin should be ordered to search for and produce an exemplar of every model." *Id.* at 6. We discuss that issue further below, but the Court is not compelling Defendant to search for additional materials based on Plaintiff's suspicions that Defendant is holding out on Plaintiff. If Defendant is doing so, and doing it wrongfully, that would be at Defendant's peril, and as Plaintiff has pointed out, Plaintiff retains the ability to test Defendant's representation during further discovery, including in a Rule 30(b)(6) deposition. *Id.* at 2.

The thrust of Plaintiff's Motion to Compel, though, grounded not so much in suspicions of discovery misconduct as it is in Defendant's effort to limit its document production and interrogatory responses, in many instances to just the Pocket Power 10K. As explained further below, the Court is rejecting Defendant's attempt to limit discovery in this manner. In addition, today's ruling clarifies that pendency of the motion to dismiss is no longer a valid ground on which to resist discovery. Broadening permissible discovery past the single Pocket Power 10K product changes the landscape of Defendant's discovery responses significantly, and the parties now will need to confer further to develop a limited use of power bank products, other than the Pocket Power 10K, as to which Defendant must respond in discovery. Counsel may have much

6

to discuss, and the conferrals will have to be more in-depth and meaningful than they have been so far.

Accordingly, as to Plaintiff's Motion to Compel, the requests to compel production or supplementation are:

- Denied as to Document Request Nos. 2, 3, 5, 13, 14, 18, 20 and 24 ("Issue 1" in the motion, *see* Plaintiff's Reply in Support of Its Motion to Compel ("Pl. MTC Reply"; D.E. 43) at 2, on the ground that Defendant's "rolling" production has resulted in supplementation that Plaintiff has yet to assess fully. Defendant must complete its production, and Plaintiff may then present, after conferral, whatever issues it may have on motion practice with the sufficiency of these responses.

- Denied as to Document Request Nos. 7, 10, 12 and 16 ("Issue 2," Pl. MTC Reply at 2-3). Again, Plaintiff acknowledges that Defendant now has produced documents; Plaintiff's speculation that Defendant must have more documents is an insufficient basis to compel supplemental production, as we stated above.

- Partially denied and partially granted as to the document requests and interrogatories encompassing "Issue 3" (Pl. MTC Reply at 3), as follows:

    o As to Document Request Nos. 1, 3-5, 13, 14, 20-22, and Interrogatory Nos. 1, 3, 9-11, the demand for information as to *all* of Defendant's power banks is too broad and disproportionate to the needs of the case. The parties may confer and reach agreement on a representative sampling of power banks including those other than the "Pocket Power 10K" that Plaintiff says he purchased, but the Court does not agree that these discovery requests must be limited only to that single product. Requests No. 20-22 warrant further discussion, as these are the requests directed at sales and pricing data for multiple power banks. The Court disagrees that Defendant should have to produce this data exhaustively for all power banks it sold. The parties must discuss and confer on a reasonable time frame and a reasonable sampling of products. If they cannot come to an agreement, then the Court will have to resolve the dispute and cannot guarantee that the result will be

pleasing to all parties or as pleasing as a result they might have agreed upon.[2]

- o Granted as to Interrogatory No. 2 ("Issue 4," Pl. MTC Reply at 3-5): The Court views Defendant's assertions as to which power banks are *not* substantially similar to the Pocket Power 10K as helpful (even if it may not be determinative) in guiding the parties toward selection of a sample set for purposes of responding to the other document requests and interrogatories as to which sampling is ordered. Defendant appears not to have responded in opposing the Motion to Compel as to this issue.

- o Granted as to Request Nos. 2, 6-10, 16, 18, 19, 23, and Interrogatory Nos. 4-7 and 14: These requests seek more general categories of information, such as what information or communications Defendant had about the representations it was making about "stated capacity" as compared to "output energy" of its products, or about consumer focus group information it had gathered about those issues. Defendant's response that it looked for responsive information only as to the Pocket Power 10K and found none is too facile. Defendant is ordered to produce responsive documents across its array of power banks. The Court also rejects Defendant's effort to narrow the production by saying that certain responsive materials were previously produced to Plaintiff in other litigation (i.e, Request No. 16); Defendant must produce what it has, and if it previously produced responsive material in other litigation, that ought to be a blessing, because the task of re-production entails less effort than the task of gathering it all over again, and competent parties and counsel can be expected to have retained the files they produced in other litigation. As to the foregoing interrogatories and document requests concerning industry standards, Defendant says it recently supplemented its production. To the extent it has additional responsive materials or interrogatory answers (to Interrogatory Nos. 4, 5 and 7, for example, and this is "Issue 9," Pl. MTC Reply at 8) it has yet to supplement in the industry standards issue, supplementation is ordered.

- o Denied as to Request No. 12: This blunderbuss request for "consumer market research" information and including 11 subparts is too vague and overbroad to require supplementation.

- o Denied as to Request No. 15 asking for photographs of labels on power banks: The Court agrees that this request is duplicative of Nos. 13 and 14, which asks for

---

[2] Defendant raises a valid concern as to the competitive sensitivity associated with this data. *See* Defendant's Response to Plaintiff's Motion to Compel ("Def. MTC Resp."; D.E. 51) at 7. As a result, any sales- or pricing-related documents produced in compliance with this order are hereby directed to be treated as "attorneys'-eyes-only," with the parties conferring further as to the scope and contours of that provision, but with the Court's intent being to shield the information from the eyes of persons from Defendant's competitors by limiting review only to attorneys and to experts as necessary, with experts executing a form of agreement that they will not share or use the information outside of the litigation. The competitive sensitivity of such data is not, as Defendant has contended, a reason to withhold it from production.

   the labels.

   o Denied in part as to Request No. 17, seeking all litigation initiated against Defendant on the issues in this case anywhere in the world with no time limitation. The Motion to Compel is granted as to this request but only as to litigation within the United States and only going back to five years before filing of the initial complaint in this matter.

   o Denied as to Interrogatory Nos. 12 and 13: The Court sees these as hopelessly vague and calling for Defendant's speculation as to what a consumer "could compute."

   o Denied as to Interrogatory Nos. 16 and 17. Asking for an identification of all persons with responsibility for charging statements and stated capacity of Belkin power banks, and for descriptions of all documents Defendant "relies on" for the basis of its charging statements and stated capacity is too vague, overbroad, and disproportionate to warrant compelled supplementation.

- As to "Issues" 5, 6, 7 and 8 (Pl. MTC Reply at 6-7), the Court will order Defendant to respond but only as to the sampling of products the parties select. The analysis of the interrogatories and document requests covered by these issues is duplicative of those addressed above where the motion is being denied subject to further conference about sampling.

- "Issues" 10, 11, 14 [there was no 13]: These are generalized quarrels with the use of certain "boilerplate" language in written discovery responses, and although the objections may have merit, resolution of them does not affect how or whether Defendant will have to provide compelled supplementation to the interrogatories or document requests discussed in this Order. The Court therefore does not reach these issues, except to say that these questionable objections provide no basis at all to limit Defendant's supplementation in compliance with this Order, and Defendant should not be withholding. In that sense, the Motion to Compel is granted in part on these issues.

- "Issue 12" (Pl. MTC Reply at 9): Plaintiff said it withdrew this issue for now after

9

Defendant produced a privilege log, so no compelled supplementation is ordered. Had Plaintiff worked harder at resolving this issue with defense counsel ahead of filing a motion, there would have been no need to move on it.

### III. Conclusion

In short, Plaintiff's Motion to Compel presented a dizzying array of issues (12 in all, considering that one was withdrawn) encompassing a large number of discovery requests that the Court has not bothered to tally. Nonetheless, the ruling here is intended to be reasonably clear: (1) there can be no refusal to provide discovery on power banks other than the single product that Plaintiff says he purchased; (2) there cannot be overbroad discovery into *every* power bank that Defendant sold, and the parties need to come up with a representative sampling; (3) there are relevant, proportional issues that span different power banks (consumer complaints, or internal documents about charging statements or stated capacity, for example), and discovery must be provided on those issues without limitation to particular power bank products; and (4) discovery requests that are overbroad, hopelessly vague, and overloaded with multiple subparts are burdensome, disproportionate, and do not warrant supplementation. The Court is concerned that the resolution of these discovery disputes came so late in the discovery period.

In any event, the Motion to Compel is partially granted and partially denied as set forth above, and the Motion for Protective Order is denied. Interrogatory No. 2 must be answered by 5 p.m. on October 26, 2023. The parties are ordered to confer promptly after October 26 over the scope and sampling issues on the Motion to Compel, so that they may file a discovery progress status report by noon on November 2, 2023, with a timetable for compliance with this Order. Further, the parties previously have requested a four-month fact discovery extension to February

28, 2024 (9/14/23 Joint Report of the Parties, D.E. 44) and a 60-day expert discovery period thereafter. Those requests, for which good cause is established in view of today's order, are granted, with Rule 26(a)(2) expert disclosures to be exchanged no later than 5 p.m. on March 29, 2024, and all experts to be deposed no later than April 29, 2024.

**SO ORDERED.**

                              **ENTER:**

_____
**GABRIEL A. FUENTES**
**U.S. Magistrate Judge**

**DATED:**     **October 10, 2023**