UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **DENNIS GROMOV,** individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> **BELKIN INTERNATIONAL, INC.,** <br><br> Defendant. | Case No. 1:22-cv-6918 <br><br><br> Judge Valderrama <br><br> Magistrate Judge Fuentes |

### PLAINTIFF'S MOTION FOR AN ORDER, SANCTIONS, AND A STATUS CONFERENCE REGARDING SETTING DEPOSITIONS

Belkin continues its obstructive conduct. Using stall tactics, Belkin has prevented Gromov from setting the depositions of three Belkin witnesses for over a month. Gromov has directly requested deposition dates at least six times for each witness—in one case, about ten times. Belkin has yet to make all three of its witnesses available.

Belkin either employs each witness directly or has represented its ability "to produce" each witness following their employment with Belkin. (Ex. A at 7.) Belkin's lawyers intend to "represent" each witness (they face no individual liability).

Belkin has had direct contact with all three witnesses, but has ignored all of Gromov's requests for their contact information. This leaves Gromov with no ability to arrange deposition dates himself.

Belkin has raised no objection to deposing any of these specific witnesses, two of whom Belkin itself nominated as "persons most qualified" to testify under California's version of Rule

1

30(b)(6) in the *Miley v. Belkin* action. All of the witnesses appear to be located in the Los Angeles region.

Gromov seeks depositions of a few hours apiece. Half-days would be fine so long as the parties observe the usual professional courtesies.

Belkin has discovery obligations like any other party and its lawyers have a professional obligation to participate in discovery. This circumstance has gone on for a month now, wasting Gromov's time and stalling the gathering of evidence exactly in the way Belkin stalled on completing its document production.

So Gromov now seeks the Court's intervention. Five days after the Court ordered that "'rolling productions' should become 'completed productions,'" Belkin made a production. It now appears clear that Belkin needs another reminder of its obligations.

The parties have conferred *ad nauseum*. Even today, Belkin's attorney did not answer the phone to confer on depositions or to confer on the relief sought in this motion, and did not provide a time at which she would be available. (Ex. B at 1–2.) Further attempts at conferral would be futile.

Discovery cannot continue like this (and Gromov dreads trying to arrange Belkin's deposition under Rule 30(b)(6)). It is not fair for a party to stonewall in this manner.

**I.     Procedural history.**

Four weeks ago, on September 14, Gromov requested the depositions of three Belkin employees: Norbert Von Boode, Jen Warren Wei, and Nick Kalra. (Ex. A at 12–13.)

Belkin did not reply at all, so Gromov followed up on the request on September 21. (Ex. A at 12.) Belkin thereafter did start replying to e-mails but did not come forward with any available

deposition dates, despite Gromov's writing again on September 22, September 25, October 2, October 4, and October 5. (Ex. A at 6–12.) The parties continued to trade mainly fruitless e-mails up till today. (Ex. A at 1–6.)

Belkin's situation with respect to each witness is different.

### A. Norbert Von Boode.

Gromov first requested a date for his deposition on September 14. (Ex. A at 12–13.)

It took Belkin eight days to state that Von Boode is no longer a Belkin employee. *Id.* at 11. Gromov has repeatedly requested contact information for Von Boode. *Id.* at 9, 11. Belkin has ignored these requests.

On October 4—20 days after the first request for a date—Belkin first stated that Von Boode is "currently abroad due to the death of a parent." *Id.* at 7. Belkin stated: "Belkin agrees to produce Mr. Von Boode for a deposition once he has returned to the United States." *Id.*

Belkin ignored Gromov's request for more information about when the death occurred. *Id.* at 6–7. After repeat requests, Belkin stated that Mr. Von Boode would be back in the United States "next week," which means as early as October 16. *Id.* at 6.

Despite Gromov's seventh request on October 10—and unilateral proffer of an open date—Belkin has still not provided a date certain for Von Boode's deposition. *Id.* at 4.

### B. Nick Kalra.

Gromov first requested a date for his deposition on September 14. (Ex. A at 12–13.) As outlined above, Gromov then asked five more times for deposition dates over a course of weeks. *Id.* at 6–12. Belkin did not state that Kalra is not a Belkin employee until September 24. *Id.* at 10.

3

On October 9, Belkin finally gave a single date for Kalra's deposition: October 24. *Id.* at 5. Gromov immediately accepted. *Id.* at 4.

Gromov will retain this date if absolutely necessary, but it is not efficient to have to make three separate trips to Los Angeles.

### C. Jen Warren Wei.

Gromov first requested a date for her deposition on September 14. (Ex. A at 12–13.) As outlined above, Gromov then asked five more times for deposition dates over a course of weeks. *Id.* at 6–12.

On October 10, Gromov proposed setting Wei's deposition on either October 23, 24, or 25—adjacent to Mr. Kalra's, so that both can be done on the same trip to Los Angeles. *Id.* at 4.

Gromov then followed up two more times: on October 10 and October 11. *Id.* at 3, 2.

On October 12, Belkin stated that none of those dates work. *Id.* at 2.

Despite the approximately ten times Gromov has asked, Belkin still has offered no date at all for this deposition.

## II. Conclusion and relief sought.

Gromov would like the Court's involvement in the following manner:

- A status conference to discuss these matters, but only if the Court finds that necessary.

- An order directing Belkin to make all three witnesses available during a consecutive 2- or 3-day period in the next few weeks. Any of these dates can work: October 23–26, November 1–3, November 6–10. The location can be Belkin's choice; its counsel's office in Los Angeles is fine.

- An order admonishing Belkin for its dilatory conduct.

- An order directing Belkin or its counsel to pay a monetary sanction or penalty sufficient to deter future conduct and to cover the cost of the attorney time that Gromov has been forced to waste on this matter. For purposes of this motion, Gromov

would stipulate that he has spent 1.0 hour on wasted e-mails and 1.0 hour writing this motion. (Billing records are available and would show higher amounts.)

Respectfully submitted,

Date: October 12, 2023 /s/ William F. Cash III

William F. Cash III (Ill. Bar No. 6330856)
bcash@levinlaw.com
Matthew D. Schultz (*pro hac vice*)
mschultz@levinlaw.com
Scott Warrick (*pro hac vice*)
swarrick@levinlaw.com
**LEVIN, PAPANTONIO, RAFFERTY, PROCTOR, BUCHANAN, O'BRIEN, BARR & MOUGEY, P.A.**
316 South Baylen Street, Suite 600
Pensacola, FL 32502
Phone: 850-435-7059

Seyed Abbas Kazerounian (Ill. Bar No. 6316129)
ak@kazlg.com
**KAZEROUNI LAW GROUP, APC**
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Phone: 800-400-6808

Jason A. Ibey (Bar. No. 16691)
jason@kazlg.com
**KAZEROUNI LAW GROUP, APC**
321 N. Mall Drive, Suite R108
St. George, Utah 84790
Phone: 800-400-6808

> D. Greg Blankinship (*pro hac vice*)
> gblankinship@fbfglaw.com
> Bradley F. Silverman (*pro hac vice*)
> bsilverman@fbfglaw.com
> **FINKELSTEIN, BLANKINSHIP,**
> **FREI-PEARSON & GARBER, LLP**
> 1 North Broadway, Suite 900
> White Plains, NY 10601
> Phone: 914-298-3290
>
> *Attorneys for Plaintiff Dennis Gromov*

## CERTIFICATE UNDER LOCAL RULE 37.2

The e-mail chains attached as Ex. A and B show that Gromov has pursued this matter fruitlessly for a month.

Gromov attempted to have a phone call with Belkin before filing this motion. Ex. B at 1–2. Belkin's counsel did not respond to the request for a set time to confer. As of now, Belkin apparently continues to resist conferring. Thus, Gromov has not been able to have a face-to-face or telephone conference regarding the relief sought.

/s/ William F. Cash III