**Bill Cash**

| | |
|---|---|
| **From:** | Bill Cash |
| **Sent:** | Thursday, October 19, 2023 3:54 PM |
| **To:** | 'VanDoorne, Katelyn'; Totino, Edward; Sims, Nancy |
| **Cc:** | Scott Warrick (swarrick@levinlaw.com); Tracy Gilbert; Jason Ibey; Bradley Silverman (BSilverman@fbfglaw.com); Greg Blankinship (gblankinship@FBFGLaw.com) |
| **Subject:** | Gromov v. Belkin - M&C tomorrow |

Katelyn,

I'm looking forward to tomorrow's call. These are the agenda items we have for you:

1. Deposition dates for Kalra, Wei, and Von Boode.

2. Identity of Belkin's 30(b)(6) witnesses. We also will discuss with you the (b)(6) topics we have in mind.

3. Deposition date for Gromov: Nov. 9.

4. Digesting the Court's order on Gromov's motion to compel. The Court granted the motion in a number of areas. We were ordered to confer on several topics. Some of those are pulled out in the bullet points below. I would like to discuss:

> a. **Belkin's product line and the "sampling".** The Court clearly overruled Belkin's objection to discovery only as to a single product, while also not permitting "full" discovery into each and every product. This in our view charts a middle ground, and we need to confer on it ("changes the landscape of Defendant's discovery responses significantly, and the parties now will need to confer further to develop a limited use of power bank products, other than the Pocket Power 10K, as to which Defendant must respond in discovery"). We were also told: the "parties may confer and reach agreement on a representative sampling of power banks." Finally, Belkin was ordered to answer interrogatory 2, discussing which of Belkin's power banks aren't "substantially similar" to the others.
>
> We want to know, which power banks is Belkin nominating now as a "representative sampling" of its entire line? In order to assure us that those banks are actually representative, we think Belkin should describe all of the power banks and explain why those are necessarily "representative" of the whole line. Belkin has stated in papers filed in this case that there are "over two dozen" models. We would like you to tell us what those over two dozen models are, so we can confer as to what's representative.

b. **Production of sales data.** Belkin was ordered to produce it. There is a footnote that says we should treat that data as "attorneys' eyes only" and we should confer on how that can be protected. Please bring your proposal.

c. **Belkin's further supplementation.** Belkin was ordered to supplement its responses. (E.g., "Defendant's response that it looked for responsive information only as to the Pocket Power 10K and found none is too facile. Defendant is ordered to produce responsive documents across its array of power banks.") We would like your commitment to a date by which all supplementation will be done.

5. Setting follow-up call with Belkin. Please come with your availability for Oct. 26 or 27 so that we can get everyone's calendars in synch.

- "Broadening permissible discovery past the single Pocket Power 10K product changes the landscape of Defendant's discovery responses significantly, and the parties now will need to confer further to develop a limited use of power bank products, other than the Pocket Power 10K, as to which Defendant must respond in discovery. Counsel may have much to discuss, and the conferrals will have to be more in-depth and meaningful than they have been so far." Order at 6-7.

- "Defendant must complete its production, and Plaintiff may then present, after conferral, whatever issues it may have on motion practice with the sufficiency of these responses." Order at 7.

- "The parties may confer and reach agreement on a representative sampling of power banks including those other than the "Pocket Power 10K" that Plaintiff says he purchased, but the Court does not agree that these discovery requests must be limited only to that single product. Requests No. 20-22 warrant further discussion, as these are the requests directed at sales and pricing data for multiple power banks. The Court disagrees that Defendant should have to produce this data exhaustively for all power banks it sold. The parties must discuss and confer on a reasonable time frame and a reasonable sampling of products. If they cannot come to an agreement, then the Court will have to resolve the dispute and cannot guarantee that the result will be pleasing to all parties or as pleasing as a result they might have agreed upon." Order at 7-8.

- "As a result, any sales- or pricing-related documents produced in compliance with this order are hereby directed to be treated as "attorneys'-eyes-only," with the parties conferring further as to the scope and contours of that provision, but with the Court's intent being to shield the information from the eyes of persons from Defendant's competitors by limiting review only to attorneys and to experts as necessary, with experts executing a form of

2

agreement that they will not share or use the information outside of the litigation. The competitive sensitivity of such data is not, as Defendant has contended, a reason to withhold it from production." Order at 8, n.2.

- "Granted as to Request Nos. 2, 6-10, 16, 18, 19, 23, and Interrogatory Nos. 4-7 and 14: These requests seek more general categories of information, such as what information or communications Defendant had about the representations it was making about 'stated capacity' as compared to 'output energy' of its products, or about consumer focus group information it had gathered about those issues. Defendant's response that it looked for responsive information only as to the Pocket Power 10K and found none is too facile. Defendant is ordered to produce responsive documents across its array of power banks. The Court also rejects Defendant's effort to narrow the production by saying that certain responsive materials were previously produced to Plaintiff in other litigation (i.e, Request No. 16); Defendant must produce what it has, and if it previously produced responsive material in other litigation, that ought to be a blessing, because the task of re-production entails less effort than the task of gathering it all over again, and competent parties and counsel can be expected to have retained the files they produced in other litigation. As to the foregoing interrogatories and document requests concerning industry standards, Defendant says it recently supplemented its production. To the extent it has additional responsive materials or interrogatory answers (to Interrogatory Nos. 4, 5 and 7, for example, and this is 'Issue 9,' Pl. MTC Reply at 8) it has yet to supplement in the industry standards issue, supplementation is ordered." Order at 8.

- "Denied in part as to Request No. 17, seeking all litigation initiated against Defendant on the issues in this case anywhere in the world with no time limitation. The Motion to Compel is granted as to this request but only as to litigation within the United States and only going back to five years before filing of the initial complaint in this matter." Order at 9.

- "As to 'Issues' 5, 6, 7 and 8 (Pl. MTC Reply at 6-7), the Court will order Defendant to respond but only as to the sampling of products the parties select. The analysis of the interrogatories and document requests covered by these issues is duplicative of those addressed above where the motion is being denied subject to further conference about sampling." Order at 9.

- "(3) there are relevant, proportional issues that span different power banks (consumer complaints, or internal documents about charging statements or stated capacity, for example), and discovery must be provided on those issues without limitation to particular power bank products." Order at 10.

3

**Bill Cash III**
*Of Counsel*
Levin, Papantonio, Rafferty, Proctor, Buchanan, O'Brien, Barr, & Mougey, P.A.
316 South Baylen Street, Suite 600, Pensacola, Florida 32502
Phone: 850-435-7059
www.levinlaw.com