UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **DENNIS GROMOV,** individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**BELKIN INTERNATIONAL, INC.,**<br><br>Defendant. | Case No. 1:22-cv-6918<br><br>Judge Valderrama<br><br>Magistrate Judge Fuentes |

### GROMOV'S RESPONSE TO BELKIN'S STATEMENT REGARDING STATUS REPORT (ECF No. 61)

The Court permitted Gromov to file this response to Belkin's status report dated November 8. (ECF Nos. 62, 61.)

To answer the Court's question directly: The discovery disputes between the parties are not "moot," and none of these disputes have been resolved by the parties. Despite lawyers from both sides being in the same room yesterday during the Plaintiff's deposition, Belkin's counsel did not contact Gromov about their latest report before filing it.

**"Rolling production" by December 8.**

Gromov opposes Belkin's offer to start its "rolling production of documents . . . if any," on November 17 and end it by December 8, 2023. The parties have already been down the "rolling production" road once. Belkin has never produced any discovery in this case earlier than the very last day, so we assume that will happen again. Given the history here, Belkin will likely tell Gromov that the documents ("if any"), don't exist on December 8. If that is the case, we will have wasted another month and gotten nowhere.

1

Belkin's holding open these lengthy productions is interfering with Gromov's ability to take depositions. The Court will recall that Gromov first sought deposition dates from Belkin back on September 14 and followed up over six times. Belkin finally agreed to make one witness, Norbert Von Boode, available on November 27. If Belkin's additional documents ("if any") don't arrive until December 8, and if they are relevant to that witness, then Gromov will have to move that deposition into December, or go ahead and take it without having all the documents. Having had a duty to look for and produce documents back in April when Gromov's requests for production were served, December 8 is not a reasonable deadline.

The Court should order Belkin to complete its document productions by November 17.

**The three discovery topics.**

Gromov welcomes Belkin's production of new responses by tomorrow, particularly since Gromov already won his motion to compel once. Without seeing the responses, it is not possible to know if they will be sufficient. Gromov would propose to notify the Court again to advise the Court as to their sufficiency, and would propose to do that by Monday, November 13.

As to the three "topics" on the joint report, Gromov's position is as follows:

- **Industry standards.** In our two phone conferences, Belkin refused to do anything further to identify the industry standards it claims it followed. Belkin now apparently has agreed to answer an interrogatory and produce any new documents. Gromov will review the sufficiency of the responses when they arrive.

- **Other litigation.** Belkin agreed to do this during the two phone conferences. It has yet to do so. Gromov will review the sufficiency of the responses when they arrive.

- **Marketing data.** Belkin's current proposal is to "confirm that its prior searches would have captured responsive documents regarding retail pricing, should they even exist." Gromov disagrees that that is the standard and therefore disagrees that this offer "moots" the dispute.

    Gromov does not seek reassurance as to Belkin's "prior searches." Gromov just seeks the actual documents requested: information about retail pricing.

2

The testimony of Nick Kalra now confirms that Belkin—like any manufacturer anywhere—monitored its products' retail prices and their position in the market. Belkin's "prior searches" have been pretty inadequate to date.

Gromov would like to remind the Court that Belkin previously stated that, after a "reasonable search," Belkin could find no responsive documents to several of Gromov's RFPs. Belkin served that response even after Gromov served a thousand pages of Belkin's own documents from the California *Miley v. Belkin* action on Belkin. Since the very beginning of this Northern District of Illinois action, *Gromov*, Belkin has produced only a handful of documents that were not already produced in the California case.

Finally, Gromov can report that the parties have made no progress at all on the "representative sampling" issue. Belkin has not responded to any of Gromov's inquiries about the location of a list of Belkin's power bank models.

Respectfully submitted,

Date: November 9, 2023

/s/ William F. Cash III

William F. Cash III (Ill. Bar No. 6330856)
bcash@levinlaw.com
Matthew D. Schultz (*pro hac vice*)
mschultz@levinlaw.com
Scott Warrick (*pro hac vice*)
swarrick@levinlaw.com
**LEVIN, PAPANTONIO, RAFFERTY, PROCTOR, BUCHANAN, O'BRIEN, BARR & MOUGEY, P.A.**
316 South Baylen Street, Suite 600
Pensacola, FL 32502
Phone: 850-435-7059

Seyed Abbas Kazerounian (Ill. Bar No. 6316129)
ak@kazlg.com
**KAZEROUNI LAW GROUP, APC**
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Phone: 800-400-6808

Jason A. Ibey (Bar. No. 16691)
jason@kazlg.com
**KAZEROUNI LAW GROUP, APC**
321 N. Mall Drive, Suite R108
St. George, Utah 84790
Phone: 800-400-6808

D. Greg Blankinship (*pro hac vice*)
gblankinship@fbfglaw.com
Bradley F. Silverman (*pro hac vice*)
bsilverman@fbfglaw.com
**FINKELSTEIN, BLANKINSHIP,
FREI-PEARSON & GARBER, LLP**
1 North Broadway, Suite 900
White Plains, NY 10601
Phone: 914-298-3290

*Attorneys for Plaintiff Dennis Gromov*