IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DENNIS GROMOV, individually and on behalf of all other similarly situated, ) ) ) Plaintiff, ) ) v. ) ) BELKIN INTERNATIONAL, INC., ) ) Defendant. ) ) | Case No. 1:22-cv-06918 <br><br> Hon. Franklin U. Valderrama <br><br> Magistrate Judge Gabriel A. Fuentes |

**JOINT STATUS REPORT**

Pursuant to the Court's Order dated December 18, 2023 (Dkt. 68), plaintiff Dennis Gromov ("Plaintiff" or "Gromov") and defendant Belkin International, Inc. ("Defendant" or "Belkin") submit thus joint status report.

**Plaintiff's Position:**

Plaintiff alleges that all of Defendant's power bank models are deceptively labeled and warranted to deliver a certain amount of power (measured in milliampere-hours or "mAh") when, in fact, they are incapable of delivering that much mAh to charge electronic devices. Plaintiff's class claims encompass sales of all power banks that are "substantially similar" because they are labeled and warranted as capable of delivering an amount of mAh that they cannot deliver. Defendant, however takes the position that only power bank models that are physically identical to the model purchased by Plaintiff are "substantially similar."  Defendant takes the position that if a model includes a different type of connector port (*i.e.*, USB-A, USB-C, Apple lightning, etc.) or contains a non-identical internal component, the model is not substantially similar -- even if the model is represented and warranted to deliver an amount of mAh that it cannot deliver, just as the

1

model purchased by Plaintiff. Plaintiff is entitled to evidence on whether those models are truly dissimilar for purposes of the claims asserted in this action.

In its Orders dated November 17, 2023 (ECF No. 65) and December 18, 2023 (ECF No. 68), the Court directed that the parties meet and confer regarding a representative sample of Defendant's power bank models on which discovery should be produced. Defendant has finally produced a list of power banks that includes models that are not physically identical to the model purchased by Plaintiff. However, Defendant proposed a representative sample that would only include models that are no longer on the market. That proposal also included multiple versions of some models that merely had different colors. For purposes of this action, what matters is whether a model is capable of delivering the amount of mAh represented and warranted on its packaging. Color is irrelevant.

Below, Defendant asserts its proposed sample was so limited because only the included models contained the phrase "Charges iPhone 7 (running iOS) up to 3 times on a single charge in internal testing" on their packaging. However, while this statement is misleading, it is not the sole basis for Plaintiff's claims. Rather, the model that Plaintiff purchased -- and **all** of Defendant's other models -- include a representation and warranty that they will deliver a certain amount of mAh, which they are incapable of delivering. Therefore, there is no reason to limit a representative sample to just models referencing the number of times they can charge an iPhone. Moreover, to the extent Defendant disputes how a reasonable consumer would interpret mAh representations, that is a question of fact that should not preclude discovery.

In response to Defendant's proposed sampling, Plaintiff has counter-proposed a broader representative sample that includes models currently on the market and excludes additional versions of a given model that are different colors. Defendant is presently considering that counter-

proposal. It is Plaintiff's hope that the parties will reach agreement on an appropriate representative sample.

Additionally, it should be noted that Plaintiff will not be able to conduct a further Rule 30(b)(6) deposition without the discovery on the representative models.

Finally, although Defendant has produced a list of its power bank models, the Court had ordered that the list include "a statement of any reason why the product is not substantially similar to the [power bank model purchased by Plaintiff]." *See* ECF No. 65 at 4. The statements on the list are, at best, vague. Each model is listed as not substantially similar because it either has "Different USB ports and internal components" or has a "Different battery type and internal structure." However, Defendant fails to identify what is different about the internal components, battery type, or internal structure." To the extent Defendant claims these models are not substantially similar, Plaintiff is entitled to know exactly what is dissimilar and why such a dissimilarity renders a power bank not "substantially similar" for purposes of the types of claims asserted in this action.

To that end, below, Defendant claims that "USB ports (eg., USB-A vs. USB-C), battery cells, battery structure, and the other internal power bank components can impact the amount of power output from the device and this demonstrates why these products are not substantially similar to the power bank that Mr. Gromov used." However, Defendant does not, and cannot, argue that these differences allow power banks to deliver the amount of mAh listed on their packaging. Indeed, it is a scientific fact that a 5,000 mAh internal cell cannot deliver 5,000 mAh to charge electronic devices. Regardless, again, Defendant merely raises questions of fact that should not preclude discovery on Plaintiff's claims, as alleged in the complaint.

Also, below, Defendant claims this is the first time that Plaintiff is raising the issue of the insufficiency of the information Defendant provided regarding why its power banks are not substantially similar. In fact, it was raised during a meet and confer between the parties held on December 21, 2023.

**Defendant's Position:**

Consistent with this Court's Order on December 18, 2023 (Dkt. No. 68), the parties met and conferred on December 21, 2023 to discuss the "representative sampling." During that call, Belkin proposed that the representative sampling in this case include the Pocket Power 5K, Pocket Power 10K, Pocket Power 15K, as well as the Power Pack 6600 and Power RockStar 6600, based on the position that the sampling should be limited to products which contain a statement similar to "Charges iPhone 7 (running iOS) up to 3 times on a single charge in internal testing," as the product Mr. Gromov purchased contained this language. None of Belkin's power banks that are currently on the market as of this status report contain a similar statement, except for one product which is designed to charge an Apple watch, which the parties agree is not representative. Belkin also explained that its proposed sample covered various product lines and mAh capacities across Belkin's line of power banks. During the parties' meet and confer call, Belkin agreed that the sampling would not be limited by color, such that inclusion of the Pocket Power 15K would include each color of the Pocket Power 15K power bank. It is unclear what Plaintiff's counsel is referring to in their statement that,"[Belkin's] proposal also included multiple versions of some models that merely had different colors." To the contrary, Belkin proposed a sampling of five distinct power banks, without limitation as to color. In any event, Plaintiff's counsel rejected Belkin's proposal.

Having heard nothing from Plaintiff's side since the December 21 meet and confer call, Belkin followed up on Tuesday, January 9 regarding the status of the promised and still outstanding information. That afternoon (effectively 1.5 business day before the deadline of this status report), Plaintiff's counsel provided a counter proposal, which, according to Plaintiff's counsel, covered 39 models. The majority of the power banks proposed by Plaintiff's counsel are presently on the market and do not contain charging statements on their packaging similar to the product that Mr. Gromov bought. Belkin's counsel is conferring with its client and it is anticipated that the parties will reach an agreement about the representative sampling without the need for assistance by the Court.

Plaintiff's counsel asserts supposed deficiencies with the statements provided by Belkin as to why certain power banks are not substantially similar to the power bank Mr. Gromov purchased. Plaintiff's counsel received this information on December 19, 2023, which was before the parties' meet and confer call and on that call, Defendant's counsel pointed Plaintiff's counsel to its prior response to Interrogatory No. 2, which further explained Defendant's position. Defendant's counsel asked Plaintiff's counsel to follow up on the issue if necessary; yet, they did not raise the issue to Belkin until this status report. It is Belkin's hope the parties can further discuss this issue and resolve it on their own.

In any event, it is Belkin's counsel's understanding that variances in the USB ports (eg., USB-A vs. USB-C), battery cells, battery structure, and the other internal power bank components can impact the amount of power output from the device and this demonstrates why these products are not substantially similar to the power bank that Mr. Gromov used.

Plaintiff's counsel also claims that Belkin "labeled and warranted to deliver a certain amount of power." This is untrue. Belkin does not represent or warrant the amount of power that

will be delivered, and the mAh figure represents the capacity of the product's battery. The only representations related to power delivery are the "Charges . . . up to 3 times" statement which is why Belkin believes that models with that statement should be included in the representative sampling.

Date: January 11, 2024 /s/ *William F. Cash III*

William F. Cash III (Ill. Bar No. 6330856)
bcash@levinlaw.com
Matthew D. Schultz (*pro hac vice*)
mschultz@levinlaw.com
Scott Warrick (*pro hac vice*)
swarrick@levinlaw.com
**LEVIN, PAPANTONIO, RAFFERTY, PROCTOR, BUCHANAN, O'BRIEN, BARR & MOUGEY, P.A.**
316 South Baylen Street, Suite 600
Pensacola, FL 32502
Phone: 850-435-7059

Seyed Abbas Kazerounian (Ill. Bar No. 6316129)
ak@kazlg.com
**KAZEROUNI LAW GROUP, APC**
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Phone: 800-400-6808

Jason A. Ibey (Bar. No. 16691)
jason@kazlg.com
**KAZEROUNI LAW GROUP, APC**
321 N. Mall Drive, Suite R108
St. George, Utah 84790
Phone: 800-400-6808

D. Greg Blankinship (*pro hac vice*)
gblankinship@fbfglaw.com
Bradley F. Silverman (*pro hac vice*)
bsilverman@fbfglaw.com
**FINKELSTEIN, BLANKINSHIP,
FREI-PEARSON & GARBER, LLP**
1 North Broadway, Suite 900
White Plains, NY 10601
Phone: 914-298-3290

*Attorneys for Plaintiff Dennis Gromov*

/s/ *Katelyn VanDoorne*

Katelyn VanDoorne
**BAKER & MCKENZIE LLP**
300 E. Randolph St., Suite 5000
Chicago, IL 60601
Telephone: (312) 861-8000
katelyn.vandoorne@bakermckenzie.com


Edward Totino (admitted pro hac vice)
Nancy Nguyen Sims (admitted pro hac vice)
**BAKER & MCKENZIE LLP**
10250 Constellation Blvd., Ste. 1850
Los Angeles, CA 90067
Telephone: (310) 210-4725
edward.totino@bakermckenzie.com
nancy.sims@bakermckenzie.com

*Counsel for Defendant Belkin International, Inc.*