## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DENNIS GROMOV, individually and on behalf of all others similarly situated, | ) ) ) | Case No. 1:22-cv-06918 |
| Plaintiff, | ) ) | Hon. Franklin U. Valderrama |
| v. | ) ) | Magistrate Judge Gabriel A. Fuentes |
| BELKIN INTERNATIONAL, INC., | ) ) | |
| Defendant. | ) | |

### PLAINTIFF'S MOTION TO COMPEL DISCOVERY

Plaintiff Dennis Gromov ("Plaintiff") respectfully submits this motion to compel. Plaintiff has repeatedly made good faith efforts to obtain discovery from defendant Belkin International, Inc. ("Defendant" or "Belkin") regarding Defendant's power bank models, including efforts to obtain an agreement on a representative sampling of power bank models regarding which Defendant must produce documents and information. However, Defendant has continued to put up roadblock after roadblock as part of a continuing effort to stymie the discovery process. Plaintiff has repeatedly apprised the Court of these ongoing discovery issues and the Court has repeatedly directed Defendant to comply with its discovery obligations in a timely and efficient manner. Nevertheless, Defendant continues to withhold the same materials that have been the subject of numerous submissions to the Court. As a result, in accordance with the Court's Minute Entry dated January 24, 2024 (ECF. No. 74), Plaintiff is now forced to bring this motion to compel.

Since Plaintiff first served discovery demands ten months ago, Defendant has ignored the letter and spirit of this Court's Orders relating to the production of materials regarding power bank models, including a refusal to agree upon a meaningful representative sampling of models

on which discovery would be produced.  Plaintiff has repeatedly apprised the Court of Defendant's failure to abide by its discovery obligations or meaningfully engage in any process to agree on any representative sampling that includes more than an insufficient, minimal number of Defendant's power bank models.  *See* ECF Nos. 36, 43, 44, 57, 59, 63, 66, 70.  As a result, the Court has repeatedly directed Defendant to meaningfully engage in the process.  *See* ECF Nos. 56, 65.  Because of Defendant's continuing conduct, the parties still have not reached agreement on a representative sampling, and Defendant has not produced the bulk of the materials to which the Court has already determined Plaintiff is entitled.

Indeed, Defendant refuses to include any power banks models in the representative sampling that have wireless charging capabilities - - even though a third of the models that Defendant advertises on its website have wireless charging capabilities.  This is a large segment of Defendant's power bank business, and such models should be included in the representative sampling. As Defendant is aware, without these discovery materials, Plaintiff is unable to take depositions of Defendant's personnel, including an important Rule 30(b)(6) deposition.

Moreover, Defendant is attempting to put up yet another roadblock to the production of materials by demanding that the Court first enter a second confidentiality order to protect produced materials - - even though a Confidentiality Order is already in place that is more than sufficient to protect against the dissemination of sensitive information.  *See* ECF No. 42.

For these reasons, Plaintiff now asks that the Court issue an Order that the representative sampling consist of all power bank models listed in Exhibit A to the concurrently filed Declaration of Bradley F. Silverman ("Silverman Decl.") that are colored green or blue. Alternatively, the Court should direct Defendant to produce materials relating to ***all*** its power bank models.

In accordance with Local Rule 37.2, on February 8, 2024, counsel for Plaintiff telephonically met and conferred with counsel for Defendant in good faith, but the parties' differences could not be resolved, and such lack of success was due to no fault of Plaintiff's counsel, resulting in an impasse memorialized by email on January 12, 2024. *See* Silverman Decl. ¶ 3.

## RELEVANT FACTS AND PROCEDURAL HISTORY

### A. Plaintiff's Allegations Pertaining To All Of Defendant's Power Bank Models

In his Complaint, Plaintiff alleges that all power bank models sold by Defendant include a representation on their labels as to the amount of milliampere-hours or "mAh" they can deliver to charge electronic devices. ECF No. 1 ¶ 6. Plaintiff further alleges that all of Defendant's power bank models are incapable of delivering the represented amount of mAh. *Id*. ¶¶ 13, 43. "[T]he misrepresentations (overstating the amount of mAh) are substantively identical across all the [power bank models] and mislead consumers in the same way regardless of which [power bank model] is purchased." *Id*. ¶ 12. As a result, all of Defendant's power bank models are falsely and deceptively labeled in a *substantially similar* manner. *Id*. ¶¶12, 49 (emphasis added). For these reasons, Plaintiff alleges claims on behalf of himself and all purchasers of *any* of Defendant's power bank models in Illinois and in certain other states. *Id*. ¶ 77.

### B. Defendant's Initial Failure To Produce Discovery
### Relating To Its Power Banks And The October 10, 2023 Order

Plaintiff first served discovery demands on April 21, 2023. *See* ECF No. 43-1. In those demands, Plaintiff sought information pertaining to all of Defendant's power bank models. *Id*. Defendant failed to produce the requested discovery. Defendant argued, *inter alia*, that it was only obligated to produce materials relating to the specific power bank model that Plaintiff purchased and no other power bank models. This resulted in a motion to compel brought by

Plaintiff.  *See* ECF No. 43.

During the pendency of that motion to compel, on September 22, 2023, Defendant sought a protective order to limit the scope of subpoenas served by Plaintiff on non-party retailers.  *See* ECF No. 49.  Defendant specifically requested that discovery be limited to information pertaining to only the exact power bank model purchased by Plaintiff, and not any other power bank models that are alleged to be falsely and deceptively labeled in the same manner as Plaintiff's power bank model.  *Id*. at 7-8.

By Order dated October 10, 2023 (ECF No. 56), this Court rejected Defendant's arguments, partially granted Plaintiff's motion to compel, and denied Defendant's motion for the protective order.  *See* ECF No. 56 at 8 ("Defendant is ordered to produce responsive documents across its array of power banks."); *id*. at 10 ("[T]here are relevant, proportional issues that span different power banks (consumer complaints, or internal documents about charging statements or stated capacity, for example), and discovery must be provided on those issues without limitation to particular power bank products").  The Court further Ordered that the parties meet and confer regarding a "representative sampling" of Defendant's power bank models on which discovery would be produced.  *Id*. at 7.

### C.    Defendant's Continued Failure To Produce Discovery Relating To Its Power Banks And The November 17, 2023 Order

Throughout October 2023 and into November 2023, Plaintiff's counsel attempted to resolve the representative sampling issue, but to no avail.  *See, e.g*., ECF No. 59-1 (email chain between counsel).  Defendant repeatedly delayed the process and ultimately refused to produce information regarding any power bank models other than the model purchased by Plaintiff and two other models from the same line that are virtually identical to the model purchased by Plaintiff (except for their capacity).  These issues were reported to the Court in a joint report

dated November 2, 2023. *See* ECF No. 59.

This Court recognized Defendant's failure to comply with the October 10, 2023 Order and, by separate Order dated November 17, 2023 (ECF No. 65), the Court stated:

> We ordered the parties instead to meet and confer about defining a representative sample, specifically noting that we did not agree that discovery must be limited only to the single product that Plaintiff purchased. But it appears that Defendant has tried to do just that, by informing Plaintiff that the only two power banks it will provide additional discovery for are the Pocket Power 5K and 15K, which appear to be identical to the Pocket Power 10K Plaintiff purchased (other than having a different storage capacity).

ECF No. 65 at 2. This Court held:

> We agree with Plaintiff that the information Defendant has provided so far is insufficient as a representative sample of its power bank product, and that this information does not allow Plaintiff to make an informed argument about why other power banks beyond the Pocket Power 5K and 15K should be included in such a sample. Defendant appears to argue that it should be required to produce discovery on only its two power banks that are nearly identical to the Pocket Power 10K, but we agree with Plaintiff that Plaintiff is entitled to a wider range of discovery as part of its allegations that putative class members purchased power banks that were substantially similar to the one Plaintiff purchased and that they were thus also hurt by the allegedly misleading and incorrect charging information stated on the packaging.
>
> *        *        *
>
> Having given Defendant an ample opportunity to develop a reasonable representative sample of Defendant's products, Court will simply order Defendant to produce the entire list of two dozen power bank products for determination – through further conferral by the parties *or, if necessary, by order of Court* – which ones properly belong in a representative sample.

*Id*. at 4 (emphasis added). The Court further directed that, with respect to each model, Defendant must provide the SKU number, product name, brand family, model number, mAh capacity, "a statement of how the mAh figure on the product packaging was computed," whether the model contained an additional false and deceptive representation to the effect that it charges phones up to a certain number of times, a copy of the exterior of the packaging, and "a statement of any reason why the product is not substantially similar to the [model purchased by Plaintiff]." *Id*.

Still further, the Court directed that Defendant comply with its discovery obligations by December 9, 2023. *Id.* at 5.

### D. Defendant's Still Continuing Failure To Produce Discovery Relating To Its Power Banks

In a joint status report dated December 14, 2023 (ECF No. 66), the Court was told that Defendant failed to comply with the November 17, 2023 Order or the Court-imposed deadline of December 9, 2023 to produce discovery. By email dated December 11, 2023 (after the deadline), counsel for Defendant notified counsel for Plaintiff that Defendant "is still working diligently to compile the full list," and, instead would produce an incomplete list that failed to provide the types of information required in the November 17, 2023 Order. *See* ECF No. 66-1.

Notably, in its portion of that joint status report, Defendant stated that, "Belkin did not interpret the Court's Order to impose the same [December 9, 2023] deadline with respect to the list of power banks." *See* ECF No. 66 at 7. It should not have been so difficult for Defendant to simply provide a list of the products that it sells. Defendant then went on to state that, despite having failed to produce a list necessary for the parties to come to an agreement on a representative sampling, "Belkin deemed its production complete until there was agreement on the representative sampling, an issue which the parties were to discuss after the list of power banks was completed." *Id.* at 5. In other words, because Defendant prevented any agreement on a representative sampling, Defendant deemed its own discovery obligations to be satisfied.[1]

By Minute Entry dated December 18, 2023 (ECF No. 68), the Court directed the parties

---

[1] Moreover, Defendant's failure to produce documents has also prevented Plaintiff from taking depositions. Defendant has been on notice since September 14, 2023 that Plaintiff intends to take the deposition of Belkin employee Norbert Von Boode, as well as a deposition pursuant to Rule 30(b)(6). See ECG No. 57-1 at 12-13 (email chain between counsel). However, neither deposition can be conducted without the documents that Defendant has failed to produce.

to meet and confer on the discovery matters at issue. The parties did so, however, by Defendant's own admission, it would only agree to a representative sampling consisting of a few power bank models that are no longer on the market, which had specifically contained the representation "Charges iPhone 7 (running iOS) up to 3 times on a single charge in internal testing" on their packaging. *See* Joint Status report dated January 11, 2024 (ECF No. 70) at 4. Defendant took this position despite the fact that Plaintiff's allegations focused on the mAh representations that are on ***all*** of Defendant's power bank models, and despite the Court's Orders directing a broader representative sampling. Plaintiff has, and continues to, propose an appropriately broader sampling in order to better achieve a representative sampling.

Moreover, Defendant took the position that the vast majority of its power bank models are not substantially similar for purposes of this litigation because they have different "USB ports (e.g., USB-A vs. USB-C), battery cells, battery structure, and the other internal power bank components" that are distinct from those on the model purchased by Plaintiff. *Id*. at 5. However, Defendant does not, and cannot, argue that these differences allow power banks to deliver the amount of mAh listed on their packaging. That is a scientific impossibility.

By Minute Entry dated January 24, 2024 (ECF No. 74), the Court directed that, "[i]f the parties are unable to resolve their differences, a motion to compel is due by noon on 2/15/24."

### E. <u>The Current Disputes</u>

#### 1. The Scope Of The Representative Sampling

Plaintiff has proposed a broader representative sampling than the one previously proposed by Defendant. Defendant is now (apparently) willing to include most power bank models in the representative sampling that Plaintiff proposes, but is unwilling to include any models that have wireless charging capability. *See* Silverman Decl. Exhibit B at 2 (email chain

in which counsel for Defendant states that: "Belkin is willing to agree to the sampling that includes all the models you counter proposed, except for the wireless chargers."). Significantly, a third of the power banks that Defendant advertises on its own website have wireless charging capability.[2] Power banks with wireless charging capability represent a large portion of Defendant's power bank business and such power banks should be included in the representative sample.

Attached as Exhibit A to the Silverman Declaration is a spreadsheet showing Defendant's most recent proposal for a representative sampling that excludes power bank models with wireless charging capabilities. Defendant has identified 126 power bank models that it has sold, despite previously and vaguely representing that it has "over two dozen" models. *See* ECF 43-4, at Interrogatory No. 1; ECF 59 at 8. In this proposal, Defendant has agreed to include in the representative sampling the 36 models where the first column is colored blue. However, many of these models appear identical to others except for differences in color.[3] None of those models have wireless charging capabilities. For that reason, Plaintiff reasonably seeks to include the 7 additional models with wireless charging capabilities where the first column is colored green (which are actually only 3 physically distinct models with color variations).

Those wireless charging models include the same type of false and deceptive mAh representatives on their labeling that appeared on the labeling of the model purchased by Plaintiff. Defendant has failed to articulate why these models should not be excluded from the

---

[2] *See* https://www.belkin.com/products/chargers/portable-chargers-power-banks/?prefn1=excludeFromSearch&prefv1=false&start=0&sz=12 (a printout of which is annexed as Silverman Decl. Exhibit C).

[3] Based on model numbers, it appears that, at most, Defendant's proposal includes 18 potentially physical distinct models (and likely less given the similarity of several model numbers).

representative sampling. Moreover, Defendant cannot assert that wireless charging capabilities somehow allow those models to provide the represented amount of mAh to charge electronic devices.[4]

### 2. Defendant's Supposed Need For A Second Confidentiality Order

Defendant has erected yet another barrier to the production of materials first requested *ten months ago*. On August 29, 2023, the Court entered a Confidentiality Order (ECF No. 42) that, *inter alia*, allows the parties to designate certain materials as "Confidential" and provides protections against the dissemination of such materials. The provisions of this Order should protect any sensitive information produced by Defendant. Yet, Defendant now demands that a second confidentiality order must be entered before it will produce certain materials relating to its power bank models. *See* Silverman Decl. Exhibit B at 2 ("Belkin will not produce sales data until an agreement is in place.").

In the Court's October 10, 2023 Order, it stated that: "any sales- or pricing-related documents produced in compliance with this order are hereby directed to be treated as "attorneys'-eyes-only," with the parties conferring further as to the scope and contours of that provision, but with the Court's intent being to shield the information from the eyes of persons from Defendant's competitors by limiting review only to attorneys and to experts as necessary, with experts executing a form of agreement that they will not share or use the information outside of the litigation." ECF No. 56 at 8 n.2. However, the existing Confidentiality Order should be adequate to so protect information that Defendant produces. Defendant has never

---

[4] Additionally, Defendant's counsel has stated that, if Plaintiff does not agree to a representative sampling without models with wireless charging capabilities, "Belkin reserves the right to propose a more limited sampling." Silverman Decl. Exhibit B at 2. That is nothing less than overt gamesmanship.

articulated why another order is needed to satisfy the Court's stated intent. Rather, Defendant's insistence on another protective order seems designed to further delay any production of documents. Notably, Defendant has never brought a motion seeking the issuance of another or revised confidentiality protective order.

## **ARGUMENT**

In ruling on a motion to compel, the discovery standard set forth in Rule 26(b) applies. Rule 26(b)(1) allows "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "The party requesting discovery bears the initial burden of establishing its relevancy." *CenturyLink Commc'ns LLC v. Peerless Network, Inc.*, 2020 U.S. Dist. LEXIS 259328, at *15 (N.D. Ill. Sep. 18, 2020) (Fuentes, J.) "'If the discovery appears relevant, the party objecting to the discovery request bears the burden of showing why that request is improper.'" *Id*. (quoting *Trading Technologies Int'l., Inc. v. eSpeed, Inc*., 2005 U.S. Dist. LEXIS 10686, 2005 WL 1300778, at *1 (N.D. Ill. Apr. 28, 2005)).

This Court has already ruled that Plaintiff is entitled to discovery on Defendant's power bank models. The October 10, 2023 Order stated that "Defendant is ordered to produce responsive documents across its array of power banks." *See* ECF No. 56 at 8. Further, "there are relevant, proportional issues that span different power banks (consumer complaints, or internal documents about charging statements or stated capacity, for example), and discovery must be provided on those issues without limitation to particular power bank products." *Id*. at 10. The Court also ruled that the parties must meet and confer in good faith regarding a "representative sampling" of Defendant's power bank models on which discovery was to be produced. *Id*. at 7.

In the November 17, 2023 Order, this Court then held that Defendant failed to comply

with the October 10, 2023 Order. *See* ECF No. 65 at 2-4 ("We agree with Plaintiff that the information Defendant has provided so far is insufficient as a representative sample of its power bank product . . . . Plaintiff is entitled to a wider range of discovery as part of its allegations that putative class members purchased power banks that were substantially similar to the one Plaintiff purchased and that they were thus also hurt by the allegedly misleading and incorrect charging information stated on the packaging.").

Defendant continues to frustrate Plaintiff's efforts to reach agreement on a representative sampling and to obtain discovery first sought ten months ago. Plaintiff has repeatedly and diligently apprised the Court of these discovery issues. *See* ECF Nos. 36, 43, 44, 57, 59, 63, 66, 70. The Court has repeatedly directed Defendant to engage in the Ordered discovery process in good faith. *See* ECF Nos. 56, 65. However, Defendant has continuously dug in its heels. It has refused to reach agreement on a representative sampling (relying on conclusory assertions that certain power bank models are not substantially similar), and has refused to produce the discovery it is obligated to produce. This has, in turn, prevented Plaintiff from taking important depositions of some of Defendant's employees, as well as its corporate representative pursuant to Rule 30(b)(6).

This Court previously stated that, "[h]aving given Defendant an ample opportunity to develop a reasonable representative sample of Defendant's products, Court will simply order Defendant to produce the entire list of two dozen power bank products for determination – through further conferral by the parties ***or, if necessary, by order of Court*** – which ones properly belong in a representative sample." ECF No. 56 at 4 (emphasis added). It is now necessary for the Court to determine what models should be included in the representative sampling and to direct Defendant to immediately produce discovery relating to those models. Further, to the

extent Defendant insists on a second confidentiality order, such a ploy to further delay discovery should be rejected.

Specially, the Court should direct that all power bank models selected by Plaintiff (all models listed in the spreadsheet marked in blue or green) should be included in the representative sampling and that Defendant should immediately produce discovery on all such models. Alternatively, given Defendant's recalcitrance, the Court should simply direct Defendant to produce discovery on all its power bank models.

## **CONCLUSION**

For all the foregoing reasons, Plaintiff respectfully requests that the Court grant this motion and grant such other and further relief as the Court deems just and proper.

Date: February 14, 2024    Respectfully submitted,

*/s/ Bradley F. Silverman*
D. Greg Blankinship (*pro hac vice*)
gblankinship@fbfglaw.com
Bradley F. Silverman (*pro hac vice*)
bsilverman@fbfglaw.com
**FINKELSTEIN, BLANKINSHIP,**
**FREI-PEARSON & GARBER, LLP**
1 North Broadway, Suite 900
White Plains, NY 10601
Phone: 914-298-3290

Jason A. Ibey (Bar. No. 16691)
jason@kazlg.com
**KAZEROUNI LAW GROUP, APC**
321 N. Mall Drive, Suite R108
St. George, Utah 84790
Phone: 800-400-6808

Seyed Abbas Kazerounian (Ill. Bar No. 6316129)
ak@kazlg.com
**KAZEROUNI LAW GROUP, APC**
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Phone: 800-400-6808

William F. Cash III (Ill. Bar No. 6330856)
bcash@levinlaw.com
Matthew D. Schultz (*pro hac vice*)
mschultz@levinlaw.com
**LEVIN, PAPANTONIO, RAFFERTY,**
**PROCTOR, BUCHANAN, O'BRIEN, BARR &**
**MOUGEY, P.A.**
316 South Baylen Street, Suite 600
Pensacola, FL 32502
Phone: 850-435-7059

*Attorneys for Plaintiff Dennis Gromov*

13