**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|  |  |
|---|---|
| **DENNIS GROMOV,** individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>*v.*<br><br>**BELKIN INTERNATIONAL, INC.**,<br><br>Defendant. | Case No. 1:22-cv-6918<br><br><br>Judge Valderrama<br><br>Magistrate Judge Fuentes |

## PLAINTIFF'S MOTION TO EXTEND CASE DEADLINES [ECF NOS. 55 and 56]

Plaintiff respectfully moves the Court, for good cause, to extend certain case deadlines in the Court's Order on October 10, 2023 ("Order") by 60 days, for the purpose of affording Plaintiff sufficient time to conduct necessary discovery, including the Rule 30(b)(6) deposition of Defendant, a sampling of information relating to Defendants' power banks that is the subject of a pending motion to compel, and two individual depositions of past or present employees of Defendant who have knowledge relating to its power banks.

Plaintiff orally met and conferred with Defendant concerning extending case deadlines by 60 days (two months) on February 8, 2024. Declaration of Jason A. Ibey ("Ibey Decl."), ¶ 5, filed herewith. Plaintiff sent a follow-up email to Defendant on February 12, 2024. *Id*. It was not until February 14, 2024, at approximately 6:26 p.m. Central, that Defendant responded, and stated, "Belkin will not stipulate to an extension of the discovery cutoff, but does not intend to oppose your motion to extend the discovery deadline. In the event that the discovery cutoff in this case is extended, it should be extended for both parties." *Id*. at ¶ 6; Exhibit 4 thereto. Therefore, it is

Plaintiff's understanding that Defendant does not stipulate to this motion but does not intend to oppose the motion.

The Court set certain initial case deadlines on February 27, 2023 by Minute Order (ECF No. 29), including a fact discovery cut-off of October 31, 2023, but deferring expert discovery until nearer to the close of fact discovery (*id.*). The Court then extended, at the request of the Parties, the fact discovery cut-off for the first time on October 10, 2023 (ECF No. 55), extending the fact discovery cut-off to February 28, 2024, and also setting expert discovery deadlines (*id.*).[1] Thus, this is the second requested extension of the fact discovery cut-off and expert discovery deadlines. That one or more prior extensions of certain case deadlines has been afforded does not preclude a further and brief extension here, particularly where there is good cause. *See generally, United Auto. Ins. Co. v. Wiley*, No. 2:16-CV-386, 2019 U.S. Dist. LEXIS 1614, at *24 (N.D. Ind. Jan. 4, 2019) (granting a "third" agreed motion to extend case deadlines). No trial date has been set.

This motion is made pursuant to Fed. R. Civ. P. 16(b)(4), which provides that "A schedule may be modified only for good cause and with the judge's consent." The good cause standard focuses on the diligence of the party seeking the extension. *Smith v. Howe Military Sch*., No. 3:96-CV-790RM, 1997 U.S. Dist. LEXIS 16787, 1997 WL 662506, at *1 (N.D. Ind. Oct. 20, 1997); *Tschantz v. McCann*, 160 F.R.D. 568, 571 (N.D. Ind. 1995). In other words, to demonstrate good cause, a party must show that despite its diligence, the time table could not reasonably have been met. *Smith*, 1997 U.S. Dist. LEXIS 16787, 1997 WL 662506 at *1; *Tschantz*, 160 F.R.D. at 571.

Moreover, this motion is filed promptly after the Parties reached an impasse as to an important discovery dispute concerning a sampling of Belkin's power banks, which impasse

---

[1] On September 14, 2023, the Court's Minute order stated in part, "The status report also contained a request for a four-month extension of the 10/31/23 fact discovery cutoff. Any request for an extension will be taken up upon the resolution of the pending motion to compel." ECF No. 45.

occurred on January 12, 2023. Ibey Decl., ¶ 7. Such impasse follows numerous written communications between the Parties, including, for example, on January 9, 2024, January 24, 2024, January 26, 2024, January 30, 2024, and February 9, 2024. Ibey Decl., ¶ 8.

The current discovery-related deadlines are governed by the Court's Order on October 10, 2023 (ECF No. 55). Those deadlines include, as is relevant here, a fact discovery cut-off of February 28, 2024, a deadline for Rule 26(a)(2) reports to be exchanged by 5 p.m. on March 29, 2024, and all experts deposed no later than April 29, 2024, the final closure date for all discovery in this matter. *Id*. While Plaintiff acknowledges that the Order indicated that such deadlines as the February 28, 2024 fact discovery cut-off were declared to be final, Plaintiff believes there is nevertheless good and sufficient case to further extend those deadlines by 60 days, as explained below.

**First**, there is a pending discovery motion to compel filed by Plaintiff in which the Parties disagree as to which power bank models should be included in a sampling, although Defendant does not dispute that at least <u>some</u> of the power banks should be included in a sampling and produced to Plaintiff in discovery.

The Court is familiar with Plaintiff's diligent efforts over the last several months to obtain a sampling of information and documents relating to Belkin's power banks so that, at minimum, Plaintiff may make a case for why they are "substantially similar" to the power bank purchased by Plaintiff. For instance, the Court issued an order on October 10, 2023, requiring a status report on the "progress on the product sampling issues and a timetable for defendant's further compliance …" (ECF No. 55), the order on November 17, 2023 (ECF No. 65), as well as an order on January 24, 2024 setting a noon deadline on February 15, 2024 for a motion to compel (ECF No. 74).

Discovery as to Belkin's various power bank models, which Plaintiff has sought since at least September of 2023 (*see* ECF No. 43[2]), including through the recently and timely-filed motion to compel discovery (ECF No. 75), is relevant to merits. More immediately, however, it is also relevant to an anticipated motion for class certification by Plaintiff, to satisfy commonality and typicality, for example, concerning the several models of power banks sold by Defendant, some of which can charge wirelessly while others require use of a cord to charge portable devices.

Other courts have extended case deadlines under similar circumstances. *See e.g.*, *Hills v. At&T Mobility Servs., LLC*, No. 3:17-CV-556-JD-MGG, 2021 U.S. Dist. LEXIS 136680, at *32 (N.D. Ind. July 22, 2021) (court granted "one more, brief extension of the expert disclosure deadlines" after plaintiff timely filed a discovery-related motion to compel and a motion to extend the expert disclosure deadline, where the discovery sought would be relevant to the case deadline); *see also Marinov v. United Auto Worker*, No. 4:18-CV-59-JTM-JEM, 2020 U.S. Dist. LEXIS 54288, at *9 (N.D. Ind. Mar. 27, 2020) ("Because the parties are still exchanging written discovery, the Court finds good cause to extend the discovery deadlines."); *Price Waicukauski & Riley, LLC v. Murray*, No. 1:10-cv-1065-WTL-TAB, 2013 U.S. Dist. LEXIS 18505, at *3 (S.D. Ind. Feb. 12, 2013) (granting a 30-day extension of expert report deadline due to delays in production of discovery by the opposing party).

**Second**, Plaintiff reasonably needs additional documents from Defendant and the discovery from Defendant as to the sampling of power banks to inform and prepare to take a Rule 30(b)(6) deposition of Defendant as to several topics relating to, for example, the marketing, sale, testing, labeling, and various components of Defendant's power banks. Without that important information

---

[2] Plaintiff brought a discovery motion to compel on September 14, 2023, seeking information relating to the issue of *substantially similar* power banks. ECF No. 43.

as to several of Defendant's power banks models, Plaintiff would be at a significant and unfair disadvantage in taking the Rule 30(b)(6) deposition of Defendant's representative(s), including in asking questions about the various different power bank models if details about those models are not produced beforehand by Defendant.

Notably, Defendant has been on notice for month of Plaintiff's intention to take a Rule 30(b)(6) deposition of Defendant, and of Plaintiff's position that Defendant needs to complete its document production in order for Plaintiff to be in a proper position to take that important deposition. For instance, in an email on September 14, 2023, Plaintiff told Defendant that "We are also going to ask for a 30(b)(6) deposition. However, as Belkin still hasn't concluded its document production, we are not able to do that yet. When will you finish the production?" Ibey Decl., ¶ 9; Exhibit 1 thereto.

More recently, in an email from Plaintiff to Defendant on January 2, 2024, Plaintiff reiterated that "We are going to want a 30(b)(6) deposition or two and want the ability to use these documents at that deposition. We assume the documents may also lead to the identity of new witnesses (or, indeed, new RFPs, RFAs, or interrogatories we could have served). We want your agreement that you will work within the discovery cutoff—shortening the 30-day response time if need be—or that you will support an appropriate stipulation to extend discovery so we have time to meaningfully deal with the information you will tender (which, again, we did seek close to nine months ago). Can you agree to that?" Ibey Decl., ¶ 10; Exhibit 2 thereto.

Further still, in an email from Defendant on January 30, 2024, Defendant acknowledged needing to produce some documents to Plaintiff and taking the position that it could not do so "…until the parties' agree on a representative sample …"; and also stating that "without the benefit of the agreed-upon sampling, our best estimate is that we can complete the production of

these responsive, non-privileged documents within 30 days of the parties' agreement on the representative sampling." Ibey Decl., ¶ 11; Exhibit 3 thereto. Thus, by Defendant's own admission, production of additional relevant documents to Plaintiff is contingent on resolution of the sampling issue.

**Third**, similar to the need for the sampling information to prepare for a Rule 30(b)(6) deposition of Defendant, it would also be helpful and informative to have the sampling data (and additional documents promised by Defendant) in advance of taking two individual depositions of former or current employees of Defendant, namely, Melody Tecson (who is believed to have information relating to at least some of the technical aspects of the power banks) and Norbert Von Boode[3] (who is believed to have information relating to at least some of the marketing and/or labeling of the power banks).

**Fourth**, Plaintiff's expert(s) will need information from Defendant relating to, for example, its sampling of power banks in order to opine on whether they are substantially similar and in terms of proposing reasonable methodologies to calculate damages based on how Defendant marketed, labeled and sold its various power banks models. There is presently a deadline of March 29, 2024 to exchange expert disclosures (ECF No. 56).

**Fifth,** Judge Valderrama has not yet ruled on Defendant's motion to dismiss that was filed on January 27, 2023 (ECF No. 22). Thus, Defendant has not yet filed an Answer indicating its affirmative defenses. Consequently, Plaintiff has not been made aware of the affirmative defenses that Defendants wishes to assert to the claims in the operative Complaint (ECF No. 1). A further extension of case deadlines by 60 days would afford additional time for Judge Valderrama to rule

---

[3] Belkin was put on notice as early as September 2023 of Plaintiff's desire to take the deposition of Norbert Von Boode (Ibey Decl., ¶ 9; Exhibit 1 thereto), but Defendant has not completed it document production.

on the motion to dismiss. But at the very least, the fact discovery cut-off should be extended through a reasonable time after a ruling on the motion to dismiss and the filing of an Answer by Defendant, such that Plaintiff make take oral and written discovery as to any affirmative defenses that may be asserted by Defendant after seeing what defenses Belkin wishes to assert. Otherwise, Plaintiff would be unfairly prejudiced in discovery in terms of evidence of affirmative defenses. Plaintiff should not have to blindly take a Rule 30(b)(6) deposition without knowing what affirmative defenses Belkin may assert in any Answer.

Therefore, Plaintiff respectfully requests that the Court extend the active case deadlines identified in the Court's October 10, 2023 Order by approximately 60 days, with new deadlines as follows:

| Nature of Deadline | Current Deadline | Proposed New Deadline |
|---|---|---|
| Fact Discovery Cut-Off | February 28, 2024 (Wed.) | April 29, 2024 (Mon.) |
| Rule 26(a)(2) Expert Disclosures | March 29, 2024 (Fri.) | May 28, 2024 (Tues.) |
| Expert Discovery Cut-Off | April 29, 2024 (Mon.) | June 28, 2024 (Fri.) |

Respectfully submitted,

Date: February 14, 2024

/s/ Jason A. Ibey

Jason A. Ibey (Bar. No. 16691)
jason@kazlg.com
**KAZEROUNI LAW GROUP, APC**
321 N. Mall Drive, Suite R108
St. George, Utah 84790
Phone: 800-400-6808

Seyed Abbas Kazerounian (Ill. Bar No. 6316129)
ak@kazlg.com
**KAZEROUNI LAW GROUP, APC**
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Phone: 800-400-6808

William F. Cash III (Ill. Bar No. 6330856)
bcash@levinlaw.com
Matthew D. Schultz (*pro hac vice*)
mschultz@levinlaw.com
Scott Warrick (*pro hac vice*)
swarrick@levinlaw.com
**LEVIN, PAPANTONIO, RAFFERTY,
PROCTOR, BUCHANAN, O'BRIEN, BARR
& MOUGEY, P.A.**
316 South Baylen Street, Suite 600
Pensacola, FL 32502
Phone: 850-435-7059

D. Greg Blankinship (*pro hac vice*)
gblankinship@fbfglaw.com
Bradley F. Silverman (*pro hac vice*)
bsilverman@fbfglaw.com
**FINKELSTEIN, BLANKINSHIP,
FREI-PEARSON & GARBER, LLP**
1 North Broadway, Suite 900
White Plains, NY 10601
Phone: 914-298-3290

*Attorneys for Plaintiff, Dennis Gromov*