IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DENNIS GROMOV, individually and on behalf of all other similarly situated, | ) ) ) |
| Plaintiff, | ) ) Case No. 1:22-cv-06918 |
| v. | ) ) Hon. Franklin U. Valderrama |
| BELKIN INTERNATIONAL, INC., | ) ) Magistrate Judge Gabriel A. Fuentes |
| Defendant. | ) ) ) |

**DEFENDANT BELKIN INTERNATIONAL, INC.'S MOTION TO COMPEL PRODUCTION OF PLAINTIFF'S POWER BANK AND CELL PHONE, AND FOR ENTRY OF AN ATTORNEYS' EYES ONLY CONFIDENTIALITY ORDER**

Defendant Belkin International, Inc. ("***Belkin***"), by and through its undersigned attorneys, respectfully moves the Court for entry of an order compelling Plaintiff Dennis Gromov ("***Mr. Gromov***" or "***Plaintiff***") to produce devices responsive to Belkin's Second Set of Requests for the Production of Documents (the "***Requests***"). Belkin also requests that the Court enter the revised Confidentiality Order provided by Belkin which contemplates the production of attorneys' eyes only materials, as ordered by this Court on October 10, 2023.

I. **BACKGROUND**

On June 9, 2023, Belkin's counsel served the Requests on Plaintiff, which sought production of the Belkin Pocket Power 10000 that Plaintiff alleges in the complaint that he purchased ("***Pocket Power***") and the Samsung Galaxy S6 Edge that Plaintiff identified in his responses to Belkin's First Set of Interrogatories as the device he used with the Pocket Power ("***Samsung Edge***") (together with the "Pocket Power," the "***Devices***").[1] Plaintiff served his written responses and

---

[1] *See* Exhibit A, Belkin's Second Set of Requests for the Production of Documents. Belkin later requested the production of the charging cables Plaintiff used but Plaintiff has not yet responded to that

1

objections to Belkin's discovery on July 10, 2023, and stated that he was willing to produce the Pocket Power for inspection and testing, provided the parties entered into an inspection protocol to safeguard the device.[2] Plaintiff refused, however, to produce his Samsung Edge, and claimed it was irrelevant to the parties' claims and defenses. (*Id*.) Plaintiff further claimed that producing the Samsung Edge would be unduly burdensome because he used the phone daily. (*Id.*)

In the months that followed, Belkin focused its efforts on other discovery in this matter including collecting and producing documents in response to Plaintiff's discovery requests, responding to a motion to compel brought by Plaintiff, taking and defending depositions, and working to comply with this Court's Order dated October 10, 2023 which ordered the production of certain documents across all of Belkin's power banks, and production of certain documents only as to a representative sampling.[3] In its October 10, 2023 Order, the Court noted that Belkin raised "a valid concern as to the competitive sensitivity associated with [its sales and pricing] data."[4] As a result, the Court ordered any Belkin's sales and pricing data produced in compliance with the order be "treated as 'attorneys'-eyes-only,' with the parties conferring further as to the scope and contours of that provision."[5] Consistent with the Court's directive, Belkin's counsel submitted a revised confidentiality order which contemplated the production of attorneys' eyes only documents to Plaintiff on October 31, 2023.[6] Plaintiff's counsel never responded.

On January 26, 2024, Belkin's counsel provided Plaintiff's counsel with an inspection protocol

---

request.

[2] *See* Exhibit B, Plaintiff's Objections to Belkin's Second Set of Requests for the Production of Documents.

[3] *See* Dkt. No. 56.

[4] *Id*. at p. 8, FN 2.

[5] *Id*.

[6] *See* Exhibit C, Email Chain titled "Belkin / Gromov - Revised Confidentiality Order."

2

regarding the Devices, and proposed, if the parties could not reach an agreement on the protocol, a meet and confer conference.[7] Plaintiff's counsel responded the same day stating that Plaintiff was willing to produce the Pocket Power and would review the inspection protocol.[8] Plaintiff's counsel reiterated his belief that the Samsung Edge was irrelevant and burdensome, but did not expound on his reasoning.[9]

On January 30, 2024, Belkin's counsel responded to Plaintiff's counsel, and explained, as it has several times previously, that there are several factors which can impact the output of a power bank device including, but not limited to, the type and model of the portable electronic device being used in connection with the device, as well as the age and condition of that device,[10] such that the device that Plaintiff specifically used in connection with the Pocket Power is relevant and should be produced for inspection and testing in accordance with the inspection protocol.[11] Belkin's counsel also stated that it was unclear what additional burden Plaintiff will incur by producing the Samsung Edge at the same time that he produces the Pocket Power.[12] As Belkin's counsel stated, Plaintiff testified at deposition that he no longer uses the Samsung Edge, so there appears to be no burden to Plaintiff in allowing the phone to be out of his possession while it is being inspected and tested.[13] Belkin's counsel ended the email by again offering to meet and confer. Having heard nothing from Plaintiff's counsel, Belkin's counsel followed up with Plaintiff's counsel on February 1, 2024, reiterating its availability to meet and confer. Having again

---

[7] *See* Exhibit D, Email Chain titled "Gromov v. Belkin (Case 1:22-cv-06918): Inspection Protocol."
[8] *Id*.
[9] *Id*.
[10] *Id*.
[11] *Id*.
[12] *Id*.
[13] *Id*.

heard nothing, Belkin's counsel followed up once more on February 5, 2024.[14] Only after this third follow-up did Plaintiff's counsel respond, and the parties met and conferred telephonically on February 8, 2024.

Despite the fact that Belkin's counsel provided the inspection protocol two weeks earlier, Plaintiff's counsel raised privacy concerns related to the Samsung Edge for the first time during the meeting and confer. Belkin's counsel was understanding of those concerns and stated that Belkin would be willing to consider an inspection protocol which addressed Plaintiff's counsel's purported privacy issues and asked Plaintiff's counsel to send a proposal. Despite raising these purported concerns, Plaintiff's counsel has not provided any revisions to the inspection protocol that Belkin's counsel sent nearly three weeks ago.

During the meet and confer, Belkin's counsel also raised the Court's order regarding the production of sales and pricing data as attorneys' eyes only, and Plaintiff's counsel's failure to respond to the proposed confidentiality order for months. Plaintiff's counsel followed up in writing after the call stating that they would treat the data as "confidential" and given those assurances, claimed Belkin failed to "articulate a need for additional measures."[15]

## II. LEGAL STANDARD

Rule 26 of the Federal Rules of Civil Procedure allows parties to obtain discovery regarding any non-privileged matter relevant to a claim or defense of any party. Discovery requests need only be reasonably calculated to lead to the discovery of admissible evidence. *See* Fed. R. Civ. P. 26. If a party does not adequately respond to a reasonable discovery request, the other party may

---

[14] *Id.*

[15] *Id.*

then ask the court to compel a response. *See* Fed. R. Civ. P. 37(a).

**III.  PLAINTIFF SHOULD BE COMPELLED TO PRODUCE HIS POCKET POWER FOR INSPECTION AND TESTING**

While Plaintiff's counsel agreed to produce Plaintiff's Pocket Power, their promises have become mere rhetoric. Although the parties have exchanged a number of emails and engaged in a meet and confer over the last three weeks, Plaintiff's counsel still has not produced the Pocket Power, let alone provided a substantive response to Belkin's proposed inspection protocol, all despite stating in their responses seven months ago to Belkin's Requests that Plaintiff would produce the Pocket Power.

Plaintiff's counsel's refusal to meaningful engage with Belkin's counsel regarding the inspection protocol is all the more troubling in light of the fact that Plaintiff's counsel entered into a substantially similar inspection protocol in a similar case against Belkin pending in state court in California.[16] Plaintiff's counsel has provided no explanation why a similar inspection protocol would not be suitable in this case, and as a result, have failed to comply with their basic obligations under Fed. R. Civ. P. 26 to produce the Pocket Power.

Belkin respectfully requests that the Court compel Plaintiff to produce Plaintiff's Pocket Power within seven calendar days.  This deadline gives Plaintiff ample time to respond, considering he agreed to produce the Pocket Power seven months ago. In the alternative, Belkin respectfully requests that the Court compel Plaintiff's counsel to substantively respond to the inspection protocol with proposed revisions, if any, within five calendar days. This deadline also gives Plaintiff ample time to respond, as Belkin provided Plaintiff's counsel with the proposed

---

[16] *See Miley v. Belkin International, Inc.*, Superior Court of the State of California for the County of Los Angeles (Case No. 20STCV00033).

inspection protocol nearly three weeks ago.

### IV. PLAINTIFF SHOULD BE COMPELLED TO PRODUCE HIS SAMSUNG EDGE FOR INSPECTION AND TESTING

As Belkin explained in its discovery responses, and to Plaintiff's counsel during the parties' meet and confer, there are several factors that can impact the output of a power bank device including, but not limited to, the type and model of the portable electronic device being used with the device, as well as the age and condition of that device. Thus, the device that Plaintiff used in connection with the Pocket Power is relevant, given Plaintiff's allegations that he was not able to charge his Samsung Edge as he desired using the Pocket Power he purchased. *Allstate Ins. Co. v. Electrolux Home Prods. Inc.*, No. 16-CV-4161, 2017 WL 5478297, at *4 (N.D. Ill. Nov. 15, 2017) ("A party seeking such discovery should point to something that demonstrates that the requested documents are both relevant and proportional to the needs of the case, as Rule 26 dictates.") Plaintiff's counsel has not provided a persuasive reason why Belkin is not entitled to this relevant discovery. *Doe v. Loyola Univ. Chicago*, No. 18 CV 7335, 2020 WL 406771, at *2 (N.D. Ill. Jan. 24, 2020) ("If discovery appears relevant, the burden is on the party objecting to a discovery request to establish the request is improper.")

In July 2023, Plaintiff's counsel claimed that producing the Samsung Edge would be unduly burdensome because Plaintiff used that phone daily. Yet, during his deposition in November 2023, Plaintiff testified that he has used a Samsung Galaxy Note 20 Ultra since 2020 or 2021. Setting aside the clear discrepancy between Plaintiff's interrogatory responses and his sworn testimony, it is clear that Plaintiff no longer uses the Samsung Edge that he used in connection with the Pocket Power, such that there is no burden to Plaintiff in allowing the phone to be out of his possession while it is being inspected and tested.

Belkin respectfully requests that the Court compel Plaintiff to produce Plaintiff's Samsung

Edge within seven calendar days. This deadline gives Plaintiff ample time to respond, considering Belkin sought this discovery in July and Plaintiff's counsel has not articulated a compelling reason why Belkin is not entitled to Plaintiff's Samsung Edge. In the alternative, Belkin respectfully requests that the Court compel Plaintiff to substantively respond to the inspection protocol with proposed revisions, if any, within five calendar days. This deadline also gives Plaintiff ample time to respond, as Belkin's counsel provided Plaintiff's counsel with the proposed inspection protocol nearly three weeks ago, and Plaintiff's counsel articulated their purported privacy concerns over a week ago.

## V. THE REVISED PROPOSED CONFIDENTIALITY ORDER SHOULD BE ENTERED

The Court's October 10, 2023 Order is clear that Belkin's sales- and pricing- data should be produced as attorneys' eyes only. Plaintiff's counsel not only ignored Belkin's proposal for a revised confidentiality order for over three months, but now takes the position that an attorneys' eyes only designation is not necessary in light of their assurances to keep the information "confidential." This is in flagrant violation of the Court's directive. Belkin respectfully requests that the Court enter the proposed revised order Belkin provided to Plaintiff's counsel three and a half months ago.[17]

## VI. CONCLUSION

For the foregoing reasons, Defendant, Belkin International Inc., respectfully requests that this Court enter an order compelling Plaintiff to produce the Pocket Power and Samsung Edge for inspection and testing, or in the alternative, compel Plaintiff to substantively respond to the

---

[17] *See* Exhibit C.

inspection protocol with proposed revisions, if any, within five calendar days. Belkin also respectfully requests that this Court enter the proposed confidentiality order provided by Belkin, and for any other such relief the court deems fair and just.

Dated: February 15, 2024          Respectfully submitted,

By: /s/ Katelyn VanDoorne

Katelyn VanDoorne
BAKER & MCKENZIE LLP
300 East Randolph Street, Suite 5000
Chicago, IL 60601
Telephone: (312) 861-3700
katelyn.vandoorne@bakermckenzie.com

Edward Totino (*admitted pro hac vice*)
Nancy Nguyen Sims (*admitted pro hac vice*)
BAKER & MCKENZIE LLP
10250 Constellation Blvd., Ste. 1850
Los Angeles, CA 90067
Telephone: (310) 210-4725
edward.totino@bakermckenzie.com
nancy.sims@bakermckenzie.com

*Counsel for Defendant Belkin International, Inc.*