| | |
|---|---|
| **From:** | Bradley Silverman <BSilverman@fbfglaw.com> |
| **Sent:** | Monday, February 12, 2024 6:29 PM |
| **To:** | VanDoorne, Katelyn; Bill Cash |
| **Cc:** | Totino, Edward; Sims, Nancy; Matt Schultz; Tracy Gilbert; Abbas Kazerounian, Esq. (ak@kazlg.com); Jason Ibey; Greg Blankinship |
| **Subject:** | [EXTERNAL] RE: Gromov v. Belkin (Case 1:22-cv-06918): Inspection Protocol |

Katelyn:

The following is a response to your e-mail. Several points you raise are inaccurate or do include significant aspects of our discussion last Friday.

**1.      Representative Sample**

As we have repeatedly stated, Plaintiff alleges that all of Belkin's power banks are falsely and deceptively labeled because their labels misrepresent the amount of mAh that a consumer can obtain from the product to charge electronic devices. Therefore, any and all Belkin power banks that are incapable of providing the represented amount of mAh are relevant and substantially similar to the power bank purchased by Plaintiff. You have arbitrarily limited your proposed representative sample based on certain components included in various Belkin power banks. However, the inclusion of these components does not alter the relevant fact that these power banks are incapable of providing the amount of mAh represented on their labels. Nor do these components render these power banks not substantially similar for purposes of this litigation.

Moreover, it is impossible to determine if a given model is not substantially similar without the production of documents regarding its structure and capabilities. For this reason, we believe any representative sampling should include the additional small number of models that we have proposed. Thus, Plaintiff will need to proceed with filing a motion to compel by the deadline this week.

**2.      Production of Certain Data Under Attorney's Eyes Only**

We have no issue with designating certain data as "confidential" and would treat such as such. However, we do not understand why there is a need for a heightened standard for certain data. Based on previous experience in similar cases, there should be nothing that requires information like sales data to be held to a higher standard, other than to make it more difficult for Plaintiff to use such data in litigation. Given our assurances that any relevant data will be treated as "confidential," you have failed to articulate a need for additional measures to be taken.

**3.      Production of Mr. Gromov's Phone and Cables and**
**4.      Inspection Protocol for Mr. Gromov's Power bank, Phone, and Cables**

Plaintiff will respond to these requests for productions as required under the Federal Rules. Further, it is my understanding that our client is currently traveling outside the country. Thus, we are unable to provide a response by your arbitrary deadline of one business day since our call last Friday. Defendant's decision to delay in serving its third set of inspection requests does not mean that Plaintiff is somehow required to respond to such discovery before the deadline provided by the Federal Rules. Nevertheless, during our call, we did, in fact, discuss this discovery request and protocols for any inspection of Plaintiff's phone and cables. As we made clear, we have serious concerns regarding any inspection of Plaintiff's phone. It certainly contains personal information that is not relevant. You have not suggested any means of alleviating those concerns. Indeed, although you provided a "protocol," that protocol says little more than that unspecified tests will be conducted by unspecified persons in unspecified manners.

1

5.      **Depositions**

As we discussed during the call, topics for a 30(b)(6) deposition have been provided. Please provide the earliest dates when a witness or witnesses can be produced to provide testimony. Moreover, it is impossible to cover all relevant areas during a deposition without the data that you have not produced. You have erected barrier after barrier to such production.

6.      **Extending case deadlines**

Per our discussion last Friday, unless Defendant will agree today to stipulate to extend the current deadlines by 60 days (two months), Plaintiff will proceed to draft a motion to extend those deadlines so that Plaintiff is afforded a reasonable amount of time to obtain further discovery from Defendant.

Thank you,

Brad

---

**From:** VanDoorne, Katelyn <Katelyn.Vandoorne@bakermckenzie.com>
**Sent:** Friday, February 9, 2024 4:38 PM
**To:** Bradley Silverman <BSilverman@fbfglaw.com>; Bill Cash <bcash@levinlaw.com>
**Cc:** Totino, Edward <Edward.Totino@bakermckenzie.com>; Sims, Nancy <Nancy.Sims@bakermckenzie.com>; Matt Schultz <mschultz@levinlaw.com>; Tracy Gilbert <tgilbert@levinlaw.com>; Abbas Kazerounian, Esq. (ak@kazlg.com) <ak@kazlg.com>; Jason Ibey <jason@kazlg.com>; Greg Blankinship <gblankinship@FBFGLaw.com>
**Subject:** RE: Gromov v. Belkin (Case 1:22-cv-06918): Inspection Protocol

Brad and Jason,

Thanks for your time yesterday. Below please find a summary of our conversation.

1.  **Representative Sample**

As I mentioned, Belkin believes the representative sample should be more limited; but, in the interest of conserving the Court's and parties' time, Belkin is willing to agree to the sampling that includes all the models you counter proposed, except for the wireless chargers. You are unwilling to accept this proposal. As stated in my January 24, 2024 email, if an agreement is not reached and the issue is submitted to the Court, Belkin reserves the right to propose a more limited sampling. We believe this sampling is larger than appropriate, but are willing to compromise for the purpose of reaching a resolution.

2.  **Production of Certain Data Under Attorney's Eyes Only**

Per the Court's October 10 Order, Belkin's sales data should be treated as Attorney's Eyes Only. Nearly four months ago, we provided you with a proposed confidentiality order which accounts for Attorney's Eyes Only production, but you have yet to provide a response. I have reattached our proposal to this email. Belkin will not produce sales data until an agreement is in place.

3.  **Production of Mr. Gromov's Phone and Cables**

As we discussed, Mr. Gromov's phone and cables are relevant because there are several factors that can impact the output of a power bank device including, but not limited to, the type and model of the portable electronic device being used, as well as the age and condition of that device. Although we set forth our position to you in writing over a week ago, you did not come to the call with a response. Instead, you stated that you have not determined whether you will produce these items. Please provide your position on production by Monday, February 12, 2024. As I mentioned, Belkin is willing

to further discuss an inspection protocol to the extent we have privacy concerns with respect to these devices. If you send a proposed protocol, we will take it under advisement.

**4.   Inspection Protocol for Mr. Gromov's Power bank, Phone, and Cables**

We did not discuss this topic on yesterday's call.  However, as you know, we sent you a proposed protocol for Mr. Gromov's power bank, phone, and cables two weeks ago.  You responded stating that you would review, yet we have not heard from you on the protocol for two weeks. Please provide your response to our proposal by Monday, February 12, 2024.

**5.   Depositions**

We reiterated that we have asked for the 30(b)(6) topics since October of last year. You said that you hope to send these by the end of the week.


Best,
Katelyn

**Katelyn VanDoorne**
Associate, Litigation & Government Enforcement
Baker & McKenzie LLP
300 East Randolph Street, Suite 5000
Chicago, IL 60601 United States
Tel: +1 312 861 3700
Fax: +1 312 698 2878
Cell: +1 816 244 4709
katelyn.vandoorne@bakermckenzie.com



bakermckenzie.com | Facebook | LinkedIn | Twitter

---

**From:** VanDoorne, Katelyn <Katelyn.Vandoorne@bakermckenzie.com>
**Sent:** Tuesday, February 6, 2024 4:29 PM
**To:** Bradley Silverman <BSilverman@fbfglaw.com>; Bill Cash <bcash@levinlaw.com>
**Cc:** Totino, Edward <Edward.Totino@bakermckenzie.com>; Sims, Nancy <Nancy.Sims@bakermckenzie.com>; Matt Schultz <mschultz@levinlaw.com>; Tracy Gilbert <tgilbert@levinlaw.com>; Abbas Kazerounian, Esq. (ak@kazlg.com) <ak@kazlg.com>; Jason Ibey <jason@kazlg.com>; Greg Blankinship <gblankinship@FBFGLaw.com>
**Subject:** RE: Gromov v. Belkin (Case 1:22-cv-06918): Inspection Protocol

Brad,

I am available on Thursday between 1:00 and 4:00 p.m. CT.

Thanks,
Katelyn

**Katelyn VanDoorne**
Associate, Litigation & Government Enforcement
Baker & McKenzie LLP
300 East Randolph Street, Suite 5000
Chicago, IL 60601 United States
Tel: +1 312 861 3700
Fax: +1 312 698 2878
Cell: +1 816 244 4709
katelyn.vandoorne@bakermckenzie.com



bakermckenzie.com | Facebook | LinkedIn | Twitter

**From:** Bradley Silverman <BSilverman@fbfglaw.com>
**Sent:** Tuesday, February 6, 2024 3:54 PM
**To:** VanDoorne, Katelyn <Katelyn.Vandoorne@bakermckenzie.com>; Bill Cash <bcash@levinlaw.com>
**Cc:** Totino, Edward <Edward.Totino@bakermckenzie.com>; Sims, Nancy <Nancy.Sims@bakermckenzie.com>; Matt Schultz <mschultz@levinlaw.com>; Tracy Gilbert <tgilbert@levinlaw.com>; Abbas Kazerounian, Esq. (ak@kazlg.com) <ak@kazlg.com>; Jason Ibey <jason@kazlg.com>; Greg Blankinship <gblankinship@FBFGLaw.com>
**Subject:** [EXTERNAL] Re: Gromov v. Belkin (Case 1:22-cv-06918): Inspection Protocol

Katelyn,

Are you available to speak on Thursday or another day this week?

Thank you,
Brad

Bradley F. Silverman
Finkelstein, Blankinship, Frei-Pearson & Garber, LLP
One North Broadway, Suite 900
White Plains, New York 10601
Tel: 914-298-3282 | Fax: 914-298-3282
bsilverman@fbfglaw.com

**From:** VanDoorne, Katelyn <Katelyn.Vandoorne@bakermckenzie.com>
**Sent:** Monday, February 5, 2024 7:44:33 PM
**To:** Bill Cash <bcash@levinlaw.com>
**Cc:** Totino, Edward <Edward.Totino@bakermckenzie.com>; Sims, Nancy <Nancy.Sims@bakermckenzie.com>; Matt Schultz <mschultz@levinlaw.com>; Tracy Gilbert <tgilbert@levinlaw.com>; Abbas Kazerounian, Esq. (ak@kazlg.com) <ak@kazlg.com>; Jason Ibey <jason@kazlg.com>; Greg Blankinship <gblankinship@FBFGLaw.com>; Bradley Silverman <BSilverman@fbfglaw.com>
**Subject:** RE: Gromov v. Belkin (Case 1:22-cv-06918): Inspection Protocol

Hi Bill,

Please let me know if you'd like to discuss. I have some availability tomorrow afternoon. I could also speak with another member of your team if you are unavailable.

Katelyn

**Katelyn VanDoorne**
Associate, Litigation & Government Enforcement
Baker & McKenzie LLP
300 East Randolph Street, Suite 5000
Chicago, IL 60601 United States
Tel: +1 312 861 3700
Fax: +1 312 698 2878
Cell: +1 816 244 4709
katelyn.vandoorne@bakermckenzie.com



bakermckenzie.com | Facebook | LinkedIn | Twitter

**From:** VanDoorne, Katelyn
**Sent:** Thursday, February 1, 2024 3:04 PM
**To:** Bill Cash <bcash@levinlaw.com>
**Cc:** Totino, Edward <Edward.Totino@bakermckenzie.com>; Sims, Nancy <Nancy.Sims@bakermckenzie.com>; Matt Schultz <mschultz@levinlaw.com>; Tracy Gilbert <tgilbert@levinlaw.com>; Abbas Kazerounian, Esq. (ak@kazlg.com) <ak@kazlg.com>; Jason Ibey <jason@kazlg.com>; Greg Blankinship (gblankinship@FBFGLaw.com) <gblankinship@FBFGLaw.com>; Bradley Silverman (BSilverman@fbfglaw.com) <BSilverman@fbfglaw.com>
**Subject:** RE: Gromov v. Belkin (Case 1:22-cv-06918): Inspection Protocol

Bill,

I am following up on my emails from Tuesday. Please let us know your thoughts. Are you available this afternoon to discuss?

Thanks,
Katelyn

**Katelyn VanDoorne**
Associate, Litigation & Government Enforcement
Baker & McKenzie LLP
300 East Randolph Street, Suite 5000
Chicago, IL 60601 United States
Tel: +1 312 861 3700
Fax: +1 312 698 2878
Cell: +1 816 244 4709
katelyn.vandoorne@bakermckenzie.com



bakermckenzie.com | Facebook | LinkedIn | Twitter

**From:** VanDoorne, Katelyn <Katelyn.Vandoorne@bakermckenzie.com>
**Sent:** Tuesday, January 30, 2024 4:02 PM
**To:** Bill Cash <bcash@levinlaw.com>
**Cc:** Totino, Edward <Edward.Totino@bakermckenzie.com>; Sims, Nancy <Nancy.Sims@bakermckenzie.com>; Matt Schultz <mschultz@levinlaw.com>; Tracy Gilbert <tgilbert@levinlaw.com>; Abbas Kazerounian, Esq. (ak@kazlg.com) <ak@kazlg.com>; Jason Ibey <jason@kazlg.com>; Greg Blankinship (gblankinship@FBFGLaw.com) <gblankinship@FBFGLaw.com>; Bradley Silverman (BSilverman@fbfglaw.com) <BSilverman@fbfglaw.com>
**Subject:** RE: Gromov v. Belkin (Case 1:22-cv-06918): Inspection Protocol

Bill,

Below you state that you do not intend to produce Mr. Gromov's phone for testing and inspection because you do not see the relevance and because production, you claim, would be burdensome. We respond to each of your points below in turn:

- **Mr. Gromov's phone is relevant**: As you know, Mr. Gromov alleges that he was not able to charge his phone as he desired using the power bank he purchased. As Belkin has explained, there are several factors which can impact the output of a power bank device including, but not limited to, the type and model of the portable electronic device being used, as well as the age and condition of that device. Thus, the device that Mr. Gromov

specifically used in connection with the power bank he purchased is relevant and should be produced for inspection and testing in accordance with the inspection protocol we circulated.

- **Production of Mr. Gromov's phone would not be burdensome**: As stated in your email, you are willing to produce Mr. Gromov's power bank. It is unclear what additional burden Mr. Gromov will incur by producing his phone at the same time that he produces the power bank. Further, and as you know, Mr. Gromov testified that he no longer uses the phone that he used in connection with the power bank he purchased, so there appears to be no burden to Mr. Gromov in allowing the phone to be out of his possession while it is being inspected and tested.

You also state that you do not see the relevance of testing the cables.

- **The cables used with Mr. Gromov's device are relevant**. As stated above, there are several factors which can impact the output of a power bank device including external factors. Belkin is entitled to inspect and test the various external factors that may impact the output of Mr. Gromov's device, which includes the cords he used in connection with the device, as well as the age and condition of those cords.

Please let us know if you will be producing Mr. Gromov's phone and cables when you produce his power bank, and whether you agree to the proposed inspection protocol. If you would like to discuss, I am generally available this afternoon or tomorrow morning.

Best,
Katelyn

**Katelyn VanDoorne**
Associate, Litigation & Government Enforcement
Baker & McKenzie LLP
300 East Randolph Street, Suite 5000
Chicago, IL 60601 United States
Tel: +1 312 861 3700
Fax: +1 312 698 2878
Cell: +1 816 244 4709
katelyn.vandoorne@bakermckenzie.com



bakermckenzie.com | Facebook | LinkedIn | Twitter

**From:** Bill Cash <bcash@levinlaw.com>
**Sent:** Friday, January 26, 2024 4:26 PM
**To:** VanDoorne, Katelyn <Katelyn.Vandoorne@bakermckenzie.com>
**Cc:** Totino, Edward <Edward.Totino@bakermckenzie.com>; Sims, Nancy <Nancy.Sims@bakermckenzie.com>; Matt Schultz <mschultz@levinlaw.com>; Tracy Gilbert <tgilbert@levinlaw.com>; Abbas Kazerounian, Esq. (ak@kazlg.com) <ak@kazlg.com>; Jason Ibey <jason@kazlg.com>; Greg Blankinship (gblankinship@FBFGLaw.com) <gblankinship@FBFGLaw.com>; Bradley Silverman (BSilverman@fbfglaw.com) <BSilverman@fbfglaw.com>
**Subject:** [EXTERNAL] RE: Gromov v. Belkin (Case 1:22-cv-06918): Inspection Protocol

I will respond as to this, too.

We are willing to produce the power bank, and always have been. We asked for your inspection protocol last summer. Please let me get it to our expert to review and discuss.

Regarding Gromov's cell phone, we objected to producing that last summer. We don't see the relevance and it is burdensome on him to make the production. We offered to confer with you further, but never heard back. That offer stands open.

Regarding his power cables, we aren't sure if we will consent or object. It seems to me personally that our claim is relative to the power bank and its misrepresentations and its performance. You can test that in isolation (and both sides have done such things). So I don't, personally, understand the need to test the cables. It would be different for me if Belkin had made some warranty or representation like "produces X amount of performance but only if you use gold-tipped special cables" and then you want to test whether Gromov's cables meet the standard. Before we just object to it, we could use some more help as to why this is relevant.

In any event, we're still thinking about the request for the cables here. More information would help us.

You proposed some time to talk. I can be available Monday but I don't know about my group. Let me throw out 1pm CST and see if people are free.

**Bill Cash III**
*Of Counsel*
Levin, Papantonio, Rafferty, Proctor, Buchanan, O'Brien, Barr, & Mougey, P.A.
316 South Baylen Street, Suite 600, Pensacola, Florida 32502
Phone: 850-435-7059
www.levinlaw.com

---

**From:** VanDoorne, Katelyn <Katelyn.Vandoorne@bakermckenzie.com>
**Sent:** Friday, January 26, 2024 3:58 PM
**To:** Bill Cash <bcash@levinlaw.com>
**Cc:** Totino, Edward <Edward.Totino@bakermckenzie.com>; Sims, Nancy <Nancy.Sims@bakermckenzie.com>; Matt Schultz <mschultz@levinlaw.com>; Tracy Gilbert <tgilbert@levinlaw.com>; Abbas Kazerounian, Esq. (ak@kazlg.com) <ak@kazlg.com>; Jason Ibey <jason@kazlg.com>; Greg Blankinship (gblankinship@FBFGLaw.com) <gblankinship@FBFGLaw.com>; Bradley Silverman (BSilverman@fbfglaw.com) <BSilverman@fbfglaw.com>
**Subject:** Gromov v. Belkin (Case 1:22-cv-06918): Inspection Protocol

**CAUTION:** This email message is **EXTERNAL.**

Counsel,

Please see the attached correspondence and proposed inspection protocol.

Kind regards,
Katelyn

**Katelyn VanDoorne**
Associate, Litigation & Government Enforcement
Baker & McKenzie LLP
300 East Randolph Street, Suite 5000
Chicago, IL 60601 United States
Tel: +1 312 861 3700
Fax: +1 312 698 2878
Cell: +1 816 244 4709
katelyn.vandoorne@bakermckenzie.com



bakermckenzie.com | Facebook | LinkedIn | Twitter

This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message. Please visit www.bakermckenzie.com/disclaimers for other important information concerning this message.

This message has originated from an **External Source**. Please use proper judgment and caution when opening attachments, clicking links, or responding to this email.

This message has originated from an **External Source**. Please use proper judgment and caution when opening attachments, clicking links, or responding to this email.