# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DENNIS GROMOV, individually and on behalf of all other similarly situated, | ) ) ) |
| Plaintiff, | ) ) Case No. 1:22-cv-06918 |
| v. | ) ) Hon. Franklin U. Valderrama |
| BELKIN INTERNATIONAL, INC., | ) ) Magistrate Judge Gabriel A. Fuentes |
| Defendant. | ) ) ) |

**DEFENDANT BELKIN INTERNATIONAL, INC.'S
MOTION FOR ENTRY OF PROTECTIVE ORDER
PERMITTING ATTORNEYS'-EYES-ONLY DESIGNATION**

Defendant Belkin International, Inc. ("Belkin"), by and through its undersigned counsel and pursuant to Fed. R. Civ. P. 26(c) and 45(c) and the Court's prior orders (Dkt. Nos. 56 and 85), hereby moves this Court to enter an amended confidentiality order as previously directed by the Court.[1]

## I. INTRODUCTION AND FACTUAL BACKGROUND

In response to Belkin's objection that certain information sought in discovery by Plaintiff Dennis Gromov ("Plaintiff") constituted "sensitive, proprietary or confidential business information or trade secrets" (Dkt. 51 at 7), the Court found that Belkin "raise[d] a valid concern as the competitive sensitivity associated with this data." (Dkt. 56 at 8, fn 2.) Accordingly, the Court directed that:

> any sales- or pricing-related documents produced in compliance with this order are hereby directed to be treated as "attorneys'-eyes-only," with the parties conferring further as to the scope and contours of that provision, but with the Court's intent being to shield the information from the eyes of persons from Defendant's competitors by limiting review only to attorneys and to experts as necessary, with experts executing a form of agreement that they will not share or use the information outside of the litigation. The competitive sensitivity of such data is not, as Defendant has contended, a reason to withhold it from production. (*Id.*)

In response, on October 31, 2023, Belkin promptly served Plaintiff with an amended confidentiality order that provided for attorneys'-eyes-only designations. (*See* Dkt No. 80-3 at 2, Ex. C). Plaintiff did not respond to that request. (*Id.*). The Court then reiterated in its February 28 order that heightened confidentiality designations were appropriate. (Dkt. No. 85 at 4.) Specifically, the Court "officially order[ed] the parties to have a discussion about this provision . . . and if those discussions do not resolve how the foregoing information ought to be treated per

---

[1] Consistent with this Court's Order dated February 28, 2024 (Dkt. No. 85), and Local Rule 37.2, Belkin participated in a meet and confer conference with Plaintiff's counsel regarding this issue on March 6, 2024. Despite Belkin's good faith attempts to resolve the parties' differences during that conference and in written correspondence thereafter, the parties were unable to reach an accord.

the confidentiality order, either party may bring a motion, and the Court will resolve that dispute as well." (*Id.*) Unfortunately, Plaintiff has continued to object to the necessary and reasonable protections sought by Belkin and the Court's intervention is once again necessary.

## II. BELKIN'S PROPOSED SUPPLEMENTAL CONFIDENTIALITY ORDER IS REASONABLE, NECESSARY AND ALREADY ORDERED BY THE COURT

As approved by the Court, Belkin seeks the ability to properly designate its sensitive commercial information as attorneys'-eyes-only ("AEO") such that it can be properly shielded from competitors. Specifically, Belkin seeks to define "Confidential Information" in this case to include the following, in addition to referring to documents designated "Confidential" under the existing protective order:

> "'Confidential Information' also means information designated as 'ATTORNEYS' EYES ONLY-SUBJECT TO PROTECTIVE ORDER' by the producing party that the producing party reasonably believes requires additional protection from disclosure, including sales, pricing or other information related to business strategies or operations that could result in competitive harm if disclosed." (Declaration of Katelyn VanDoorne, Exhibit A at Ex. 2, ¶2(b).)

Plaintiff refuses to agree with this language because he claims that it "leaves open the possibility that Belkin could designate anything at all as attorney eyes only." (VanDoorne Decl., Exhibit A at Ex. 1, pg. 1.) This is false. The language proposed by Belkin itself states that the designation can only be applied to information the "producing party reasonably believes requires additional protection from disclosure." (*Id.* at pg. 3.) Moreover, as Belkin explained when proposing the above language, it does not currently anticipate designating any documents or information AEO other than its sales and pricing information and it does not intend to overuse the designation. (*Id.*) The simple fact is that the Court's February 28 order expanded the scope of discovery substantially, requiring production of information related to more than 100 additional products. Belkin is currently working on collecting documents for its forthcoming production and has not yet completed that process, but expects to do so in the coming weeks.

423065723-v1\NA_DMS

Accordingly, Belkin does not at this time know exactly which documents may be identified as responsive to some of Plaintiff's expansive discovery requests and it is concerned that a protective order tailored only to specific sales and pricing information identified to date could be prejudicial and inconsistent with the Court's orders. For example, Plaintiff is seeking all design schematics for essentially all of Belkin's power banks[2] (RFP No. 4), which may include trade secret material. If disclosed, this highly confidential information would harm Belkin's competitive standing in the marketplace. *See, e.g., In re Dealer Mgmt. Sys. Antitrust Litig.*, No. 18-CV-864, 2019 WL 11583408, at *1 (N.D. Ill. Apr. 25, 2019) (finding that AEO designation is appropriate to avoid disclosure to anyone involved in "competitive decision-making," including with respect to "product design."). Tellingly, Plaintiff has objected to the application of this well-established law but identified no reason at all why Mr. Gromov would be prejudiced in his prosecution of this case if he were not provided access to competitively-sensitive information that his counsel had full access to.

Belkin therefore respectfully requests that the Court enter the proposed order attached to the Declaration of Katelyn VanDoorne as Exhibit 2, which contains the amended language referenced above, and not limit in advance, based on an undeveloped record, the universe of potential AEO information only to sales and pricing information. (*See* Fed. R. Civ. P. 26(c)(1)(G) ("the court may, for good cause shown, issue an order ... requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way....").) Alternatively, if the Court is inclined to limit the order to only certain types of competitively sensitive information, Belkin respectfully requests an

---

[2] The Court previously ordered that a "representative sampling" of power banks be used for discovery purposes but, as explained in the February 28 order, that sample has been determined to be all non-wireless power banks. (Dkt. No. 85 at 4.) As such, the February 28 order expands the scope of discovery in this case from 1 to 113 products.

opportunity to revisit or amend such an order to the extent additional documents that require heightened confidentiality designations are identified in discovery, prior to such documents being produced.

### III. CONCLUSION

The Court was clear in its prior orders that Belkin's competitively sensitive information is to be protected beyond what exists in the current confidentiality order, but Plaintiff refuses to agree to reasonable terms for that protection. Plaintiff's only basis for its refusal is unfounded speculation that Belkin will over-designate documents under the order in bad faith. To the contrary, Belkin has consistently maintained that an AEO designation will be used sparingly and appropriately, consistent with the Court's directives and applicable law. In fact, an AEO designation of information other than pricing and sales data may not even be necessary at all. But as of today, Belkin is not in a position to agree, once-and-for-all, to limit its rights given the recent substantial expansion of the scope of discovery. Accordingly, the Court should enter a supplemental confidentiality order that provides appropriate flexibility.

423065723-v1\NA_DMS

Dated: March 13, 2024

Respectfully submitted,

By: */s/ Katelyn VanDoorne*

    Katelyn VanDoorne
    BAKER & MCKENZIE LLP
    300 East Randolph Street, Suite 5000
    Chicago, IL 60601
    Telephone: (312) 861-3700
    katelyn.vandoorne@bakermckenzie.com

    Edward Totino (admitted *pro hac vice*)
    Nancy Nguyen Sims (admitted *pro hac vice*)
    BAKER & MCKENZIE LLP
    10250 Constellation Blvd., Ste. 1850
    Los Angeles, CA 90067
    Telephone: (310) 210-4725
    edward.totino@bakermckenzie.com
    nancy.sims@bakermckenzie.com

    *Counsel for Defendant Belkin International, Inc.*

423065723-v1\NA_DMS