# Exhibit A

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DENNIS GROMOV, individually and on behalf of all other similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 1:22-cv-06918 |
| v. | ) ) | Hon. Franklin U. Valderrama |
| BELKIN INTERNATIONAL, INC., | ) ) | Magistrate Judge Gabriel A. Fuentes |
| Defendant. | ) ) | |

**DECLARATION OF KATELYN VANDOORNE IN SUPPORT OF
BELKIN'S MOTION FOR ENTRY OF A PROTECTIVE ORDER**

I, Katelyn VanDoorne, declare as follows:

1. I am an associate with the law firm of Baker & McKenzie LLP, counsel of record for Defendant, Belkin International Inc. I make this Declaration in support of Belkin's Motion for Entry of a Protective Order. I have personal knowledge of the facts set forth in this Declaration and, if called upon to do so, I could and would testify competently thereto.

2. On October 10, 2023, this Court entered an order directing that "any sales- or pricing-related documents produced in compliance with th[e] order . . . be treated as "attorneys'-eyes-only," with the parties conferring further as to the scope and contours of that provision, but with the Court's intent being to shield the information from the eyes of persons from Defendant's competitors by limiting review only to attorneys and to experts as necessary, with experts executing a form of agreement that they will not share or use the information outside of the litigation." (Dkt. 56 at 8, fn 2).

3. On October 31, 2023, Belkin's counsel promptly served Plaintiff's counsel with an

1

amended confidentiality order that provided for attorneys'-eyes-only designations. (*See* Dkt No. 80-3 at 2, Ex. C). Plaintiff's counsel did not respond to that request.

4. On February 28, 2024 this Court "officially order[ed] the parties to have a discussion about [the scope of an additional] provision . . . and if those discussions do not resolve how the foregoing information ought to be treated per the confidentiality order, either party may bring a motion, and the Court will resolve that dispute as well." (Dkt. No. 85 at 4.)

5. On March 6, 2024, Nancy Sims, Michael Boardman, and I, counsel for Belkin, participated in a telephonic meet and confer conference with William Cash, Jason Ibey, and Bradley Silverman, counsel for Plaintiff. Minutes before the call began, Plaintiff's counsel sent proposed revisions to the Confidentiality Order. During the call, Belkin's counsel stated that we would review the proposal and respond.

6. Belkin's counsel responded via email to Plaintiff's counsel on March 11, 2024, a true and correct copy of which is attached hereto as **Exhibit 1**, pg. 3, stating that Belkin would accept Plaintiff's counsel's edits to the stipulated order with the following change to paragraph 2(b):

> (b) As used in this Order, "Confidential Information" also means information designated as "ATTORNEYS' EYES ONLY-SUBJECT TO PROTECTIVE ORDER" by the producing party that the producing party reasonably believes requires additional protection from disclosure, including sales, pricing or other information related to business strategies or operations that could result in competitive harm if disclosed.

7. Plaintiff's counsel responded via email on March 12, 2024, rejecting Belkin's counsel's proposal. (**Exhibit 1**, pg. 1).

8. A true and correct, clean copy of Belkin's proposed changes to the Confidentiality Order is attached hereto as **Exhibit 2**.

9. A true and correct copy of the proposed Confidentiality Order that Plaintiff's counsel sent Belkin's counsel via email on March 11, 2024, with additional revisions to Section 2(b) implemented by Belkin, is attached hereto as **Exhibit 3**.

I declare under penalty of perjury that the foregoing is true and correct. Executed in Chicago, Illinois on March 13, 2024.

                                                              Katelyn VanDoorne
                                                           /s/ Katelyn VanDoorne