# Exhibit 1

| | |
|---|---|
| **From:** | Bill Cash <bcash@levinlaw.com> |
| **Sent:** | Tuesday, March 12, 2024 11:35 AM |
| **To:** | Boardman, Michael; VanDoorne, Katelyn; Sims, Nancy; Totino, Edward |
| **Cc:** | Bradley Silverman (BSilverman@fbfglaw.com); Jason Ibey |
| **Subject:** | [EXTERNAL] RE: Following up from Tuesday |

Michael,

Thanks for writing back.

On the confidentiality order, unfortunately we cannot agree. This leaves open the possibility that Belkin could designate anything at all as attorney eyes only. Belkin already abused the good-faith process by designating as confidential even material that it published to the world (on packaging). And the availability of a procedure putting the burden on us to challenge these overdesignations is not helpful to us, it actually just creates work. If you actually had some *specific* documents in mind here and want to talk about that, the door is open. We will not just agree to an open-ended order, though.

On the inspection protocol, it's been a full week since our call and longer since you have been pressing the issue. When will we get an answer? At this point, there's been nothing at all in writing and our call did not give any hard details. Specifically, we want to know who will do the test; what will be tested; why the phone actually needs to be unlocked; if software is supposed to be installed or not; if the hardware would be opened or not; what happens if the test damages the phone; whether you agreed with our having an observer present. We just have no details here.

The proposal to wipe the phone still gives us pause. It is destructive to do that. Android phones require the use of a Google account to get access to the Google software store (to get necessary updates), so there is no real way to completely guarantee the absence of personal information even after a "wipe." And then, wiping the phone leaves the software status unclear—which version of Android would be running and which updates? Phone updates frequently are designed to address battery matters—Apple paid out at least $310M in battery performance litigation after claims that its OS updates wore out the batteries and led people to buy new phones. *In re Apple Inc. Device Performance Litig.* (N.D. Cal*.*). If you ask us to wipe out the software, who's to know whether this affects the performance during the test or afterward, and without knowing what you actually want to test or why, that could leave us disadvantaged, potentially permanently. We're not saying no, but Belkin hasn't put any meat on the bones here.

On the model scope, thanks.

1

On the document production, we still need to know when Belkin will complete the production of the documents. These are requests for production dating back to April 2023. Can you give us information about when we will get them? Also, when will Belkin amend or supplement its other discovery responses?

As to a discovery extension, we do agree that it is warranted in light of the upcoming new discovery responses and the at least three depositions we're seeking ((b)(6), Tecson, Von Boode). But I can't tell you if April 26 is a good enough date without knowing when you will produce these new documents and amend the other discovery. When will that be?

We also have had some difficulty dealing with Belkin's deposition dates—particularly Von Boode, who Belkin "represents" but also claims it can't control. Belkin refuses to give us Von Boode's contact information (I would ask for that yet again), so how do we know he's even available? We would like you to give us dates for these three depositions that fit within the proposed window and are not conflicted out by one side or the other. Can you do that?

Regarding the status report, I guess both sides have things to say. Could you send us a first draft today so that we are not assembling the report and comments at the last minute? Not to cast blame on either side (and we both have been less than perfect about it) but I would not like us to be trading drafts at 11:55am again on the day it is due. Less stress is better for all of us.

**Bill Cash III**
*Of Counsel*

Levin, Papantonio, Rafferty, Proctor, Buchanan, O'Brien, Barr, & Mougey, P.A.
316 South Baylen Street, Suite 600, Pensacola, Florida 32502
Phone: 850-435-7059
www.levinlaw.com

---

**From:** Boardman, Michael <Michael.Boardman@bakermckenzie.com>
**Sent:** Monday, March 11, 2024 8:25 PM
**To:** Bill Cash <bcash@levinlaw.com>; VanDoorne, Katelyn <Katelyn.Vandoorne@bakermckenzie.com>; Sims, Nancy <Nancy.Sims@bakermckenzie.com>; Totino, Edward <Edward.Totino@bakermckenzie.com>
**Cc:** Bradley Silverman (BSilverman@fbfglaw.com) <BSilverman@fbfglaw.com>; Jason Ibey <jason@kazlg.com>
**Subject:** RE: Following up from Tuesday

2

**CAUTION:** This email message is **EXTERNAL.**

Bill:

Thank you for your emails. Our updates are below.

Confidentiality Order

We can accept your edits to the stipulated order with the following change to paragraph 2(b):

> (b) As used in this Order, "Confidential Information" also means information designated as "ATTORNEYS' EYES ONLY-SUBJECT TO PROTECTIVE ORDER" by the producing party that the producing party reasonably believes requires additional protection from disclosure, including sales, pricing or other information related to business strategies or operations that could result in competitive harm if disclosed.

While we do not at this time anticipate needing to designate anything other than pricing and sales information AEO, we do not want to necessarily limit Belkin's ability to do so should circumstances change. Based on our discussion last week, we do not see why permitting the possibility of good faith designations would be problematic and hope that it is not controversial, especially in light of the order's procedure for challenging designations should Plaintiff feel that any are overly restrictive. Please let us know by 2 pm CT tomorrow if you will not agree to this language so that we can raise the issue with the Court if necessary by the noon CT on Wednesday deadline.

Cell Phone Inspection

We have connected with our potential expert, who is providing further details regarding the protocol. We will get you a proposal as soon as possible.

List of Power Banks

We agree that only wireless power banks are excluded from the scope of the Court's order. Those are Model Nos: BPD001btBK, BPD001btWH, BPD001BTBK-TL, BPD002btBK, BPD002btWH, BPD002BTBK-TL, BPA002btBK-WM, BPA002btWH-WM, BPD004btBK, BPD004btWT, BBC010-PK, BBC010-PU and BPD005btBK.

Upcoming Status Report and Discovery Cutoff

The parties have to submit a status report to the Court on Thursday by noon CT. Given the expanded scope of discovery based on the Court's February 28, 2024 order, we propose the parties stipulate to a continuance of all discovery deadlines, including a continuance of fact discovery by approximately 60 days to April 26. We also propose extending the expert discovery schedule so that opening expert reports are due on May 27, 2027, rebuttal reports are due on June 28 and expert depositions are completed no later than July 19, 2024.

Thank you,
Michael

This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message. Please visit www.bakermckenzie.com/disclaimers for other important information concerning this message.

---

**From:** Bill Cash <bcash@levinlaw.com>
**Sent:** Monday, March 11, 2024 9:06 AM
**To:** Boardman, Michael <Michael.Boardman@bakermckenzie.com>; VanDoorne, Katelyn <Katelyn.Vandoorne@bakermckenzie.com>; Sims, Nancy <Nancy.Sims@bakermckenzie.com>; Totino, Edward <Edward.Totino@bakermckenzie.com>
**Cc:** Bradley Silverman (BSilverman@fbfglaw.com) <BSilverman@fbfglaw.com>; Jason Ibey <jason@kazlg.com>
**Subject:** [EXTERNAL] RE: Following up from Tuesday

3

Following up again. It has been six days since our call—no contact from you.


**Bill Cash III**
*Of Counsel*

Levin, Papantonio, Rafferty, Proctor, Buchanan, O'Brien, Barr, & Mougey, P.A.
316 South Baylen Street, Suite 600, Pensacola, Florida 32502
Phone: 850-435-7059
www.levinlaw.com

---

**From:** Bill Cash
**Sent:** Friday, March 8, 2024 1:05 PM
**To:** Boardman, Michael <Michael.Boardman@bakermckenzie.com>; 'VanDoorne, Katelyn' <Katelyn.Vandoorne@bakermckenzie.com>; Sims, Nancy <Nancy.Sims@bakermckenzie.com>
**Cc:** Bradley Silverman (BSilverman@fbfglaw.com) <BSilverman@fbfglaw.com>; Jason Ibey <jason@kazlg.com>
**Subject:** Following up from Tuesday

Dear colleagues,

We had a call Tuesday and there were some things you were going to get back to us on. My list shows:

1. A response to our suggestion on the confidentiality order.
2. Details of what your expert specifically intends to do with our client's cell phone. We would intend that this be part of the protocol agreed to between the parties.
3. Identity of the expert.
4. Your answer to whether you agree that each model on the list you provided us—excepting wireless models—is in the scope. If not, why not.
5. A production schedule for the documents that are now in scope.

This information is needed before we can:

- Agree on confidentiality.
- Agree on a cell phone inspection protocol.
- Tell you whether our client is willing to wipe his phone.
- Get deposition dates from you as to the (b)(6) witnesses and Mr. Von Boode and Ms. Tecson.

Can you update me on any of these items? Thank you.

**Bill Cash III**
*Of Counsel*

Levin, Papantonio, Rafferty, Proctor, Buchanan, O'Brien, Barr, & Mougey, P.A.
316 South Baylen Street, Suite 600, Pensacola, Florida 32502
Phone: 850-435-7059
www.levinlaw.com