IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DENNIS GROMOV, individually and on behalf of all other similarly situated, | ) ) ) |
| Plaintiff, | ) ) Case No. 1:22-cv-06918 |
| v. | ) ) Hon. Franklin U. Valderrama |
| BELKIN INTERNATIONAL, INC., | ) ) Magistrate Judge Gabriel A. Fuentes |
| Defendant. | ) ) ) |

**JOINT STATUS REPORT**

Pursuant to the Court's February 28, 2024 Order (Dkt. No. 85), Plaintiff Dennis Gromov ("Plaintiff") and Defendant Belkin International, Inc. ("Belkin"), by and through their undersigned counsel, hereby submit the following Joint Status Report.

**I.     BELKIN'S AMENDED DISCOVERY RESPONSES**

**Gromov's position:**

The Court granted Gromov's motion to compel on February 28—15 days ago. Today Belkin proposes that it needs 45 more days—60 total, or until about April 30, 2024—to respond to that order. This is to locate and produce information that Belkin should have been maintaining on a litigation hold for years.

Belkin says it has discussed with Gromov the information that will be presented in rolling "tranches." That's not the case, nor is any detail like that present below. In the past, Belkin's "rolling productions" have come in one single dump in the nighttime hours of the last possible day. Absent any actual detail, Belkin's timeframe for compliance should be shortened considerably because these discovery requests are coming up on their first anniversary.

No matter what, however, the Court should ensure that Gromov has at least a few weeks to review all of the discovery and take the depositions of at least the three Belkin witnesses

1

Gromov has been seeking, along with any new persons who may appear in the documents or interrogatories.

**Belkin's position:**

Belkin is dismayed by the fact that Plaintiff's counsel has used this status report as an opportunity to make unsupported incendiary accusations that neither reflect the true status of discovery, nor help to advance that process. Belkin initially presented Plaintiff's counsel with a simple and straightforward report that would inform the Court of the current status of discovery and proposed a schedule for necessary modifications to the scheduling order, as the parties were ordered to do. Belkin would have much rather filed that type of document, noting any objections as to the proposed schedule for the Court to resolve. But, given the many misrepresentations made by Plaintiff's counsel in its portions of the "joint" report, Belkin is compelled to briefly respond.

Contrary to Plaintiff's counsel's representations, Belkin has been diligently working to collect and produce the responsive information required by the Court's February 28 order. That order significantly expanded the scope of the "representative sample" at issue from a proposed 36 devices to 113. Given this tripling of the scope of the "representative sampling" discovery, Belkin intends to make a rolling production of documents and expects to be able to complete its production, and to supplement any interrogatory responses as appropriate, within 45 days.[1] To the extent sufficient physical copies of power bank devices within the "representative sample" can be located in response to Request for Production No. 1, Belkin will make such physical

---

[1] Contrary to Plaintiff's counsel's representations, this process is intended to get documents to Plaintiff's counsel to review as soon as possible, *instead* of making a production on the deadline. And Plaintiff's counsel's statements about document "dumps" are incorrect. Belkin's prior production was made on a rolling basis and completed *three weeks early*.

devices available for inspection and non-destructive testing, subject to the parties' agreement on an appropriate protocol.

Unsatisfied with that proposal for reasons that are not clear, Plaintiff's counsel demands that Belkin complete its production of documents to multiple requests for production as to 113 products and communications about those products and supplement multiple interrogatory responses about those products within the next two weeks. This demand is not reasonable. Belkin has repeatedly informed Plaintiff's counsel that more time is required to complete its production based on this expanded scope, but that it would advance the process in good faith by producing documents in tranches as they are collected and reviewed. Belkin also offered to extend the discovery cutoff beyond its original proposal to allow Plaintiff's counsel sufficient time to review the documents and prepare for depositions. But Plaintiff's counsel refused to respond to that effort to compromise and instead stands on its baseless accusations of malintent to generate a dispute where there is no reasonable basis for one. The reality is that Belkin is working as quickly as possible to complete discovery in light of the materially expanded scope. Given the fact that there is no impending trial date, there is no harm to Plaintiff from allowing that process to move forward on a reasonable timeline and, tellingly, Plaintiff's counsel does not even allege any such harm.

## II.   DEPOSITION DATES OF BELKIN WITNESSES

**Gromov's position:**

There are three depositions Gromov seeks now. One is Norbert Von Boode, the former Belkin employee Belkin "represents." The next is Melody Tecson, whose identity was disclosed to Gromov relatively recently (past few months). The third is a Rule 30(b)(6) designee or designees. The Court will recall the dispute about Von Boode's availability goes back to September 2023. (ECF No. 57, Gromov's motion to compel.)

Belkin continues to stonewall on all of these depositions and has disregarded multiple *recent* requests to provide any availability. As to Tecson and Von Boode, we sought dates on a phone call on February 8 and followed up numerous times including last week and this week. So it's been six weeks. As to the 30(b)(6) designee(s), a similar pattern. Belkin has not provided *any* deposition dates for these witnesses this year and certainly has none below.

Gromov needs dates in a time period *after* Belkin supplements its production. Otherwise, how can Gromov depose the witnesses on the new information?

Gromov may also seek more depositions than this and would have a right to do so. One of the purposes of the 30(b)(6) deposition is to learn the identity of witnesses with relevant information. If new witnesses, or new information about old witnesses, comes to light at an upcoming deposition—or in documents yet to be produced—Gromov may seek more than just the three depositions here.

Gromov is entitled to reasonable dates—at least two per witness—and a fair schedule that works for both sides. Gromov cannot agree on a new fact discovery cutoff without having some agreeable deposition dates.

**Belkin's position:**

Plaintiff's counsel again misrepresents both the current state of the record and the historical facts for no apparent reason. The reality is that Plaintiff has identified three depositions it wishes to take in this matter: Melody Tecson, Norbert von Boode, and a corporate designee of Belkin pursuant to Rule 30(b)(6). Contrary to Plaintiff's counsel's misrepresentation, Belkin has not "stonewalled" with respect to these depositions. Nor is it true that Belkin is refusing to make witnesses available. Indeed, Belkin previously offered several dates for Mr. von Boode's deposition, but Plaintiff's counsel refused to accept any of those dates, instead taking the deposition off calendar because they wished to defer until after the parties'

reached an agreement on the "representative sampling" and the documents were produced. Belkin has also confirmed that it would make a 30(b)(6) witness available, but had to wait months for Plaintiff's counsel to circulate proposed deposition topics.[2] When Plaintiff's counsel finally complied, they did so in a deposition notice that included vastly overbroad topics, but made no efforts to meet and confer about them as required by Federal Rule 30, forcing Belkin to serve objections and demand a meet and confer. With respect to Ms. Tecson, Plaintiff's counsel is demonstrably wrong that her identity was only recently disclosed in the "past few months," as they claim herein. In fact, Ms. Tecson was identified on Belkin's initial disclosures in March 2023.[3] As represented to Plaintiff's counsel, Belkin is committed to ensuring that these depositions will go forward on a reasonable timeline. The problem is, Plaintiff's counsel has not been clear on what timeline they want. Belkin is currently conferring with the witnesses as to their availability in April, but now understands that Plaintiff's counsel does not actually want to conduct the depositions until May or June. Once Plaintiff's counsel makes clear what target time period it would like to pursue, the parties can meet and confer in good faith to complete the depositions prior to the extended fact discovery cutoff.

### III. INSPECTION OF PLAINTIFF'S PHONE

**Gromov's position:**

The Court ordered the parties to use the *Miley* protocol (from the California action) as to the testing of Gromov's power bank and cell phone.

The Court may not be aware that the *Miley* protocol was for a power bank only. Thus, there is no prior protocol between the parties regarding inspection of a cell phone, and Gromov is

---

[2] Belkin originally asked Plaintiff to send over a list of proposed topics in October 2023.
[3] Belkin served its Rule 26(a)(1) disclosures on Plaintiff in March 2023. Belkin would be happy to provide a copy of those disclosures at the Court's request.

attempting to negotiate one. Gromov did propose adopting the Miley protocol to the extent it includes routine matters (the use of a carrier like FedEx, tracking evidence handling), but also proposed other limits when it comes to protecting the cell phone data—such as not "unlocking" the phone, not plugging any data cables into it, and the presence of a physical observer from Gromov's team. Thus far, Belkin has given no meaningful response.

The parties conferred by phone on March 5. Gromov asked Belkin exactly what is planned for the inspection of his phone. Belkin gave no details at all and since then has refused to state in writing what it plans to have its expert test. Belkin has also refused to disclose the identity of its expert. Belkin did say it was calling its expert that very day. So it's been nine days since—no new information.

Belkin acknowledges the potential for serious invasion of privacy in examining a person's cell phone. It remains true that the phone currently contains information—such as Gromov's Google account, which is a necessary element of operating an Android phone—which would grant Belkin extremely wide-ranging and unsupervised access to Gromov's entire digital life, far beyond the scope of discovery.

To that end, Belkin suggested that Gromov just "wipe" the entire phone. Belkin suggests that Gromov should back up, and then restore, all of the data before and after the test. This is not a perfect solution. It destroys data and is a destructive process. Gromov is entitled to maintain his phone in the state that it's in, without having Belkin order him to delete data. And without explaining why or what is proposed to be done to the phone, or by whom, Belkin provides no justification for asking him to do so.

Moreover, even if the phone is wiped, it will then be missing necessary security updates as well as updates that could affect battery life. To fix that, a Google account must be used again.

6

Belkin gives no explanation how it would safeguard Gromov's privacy and no explanation why this test is needed.

The Court should now deny Belkin's motion to inspect Gromov's phone. Why? Because it's been two weeks since the Court ordered the parties to discuss the "details" of the process, and one week since the parties got on the phone, and Belkin still fails to give even the barest information about what a test would involve. Certainly, there are none below. For example, Belkin refuses to say whether it would install any software onto the phone, whether it would change any settings, or even whether Belkin wants to take a screwdriver to the phone and remove pieces. "Potentially, yes," was the answer on the March 5 call. That is not sufficient to counter the serious privacy interests at issue.

**Belkin's position:**

The Court has ordered Plaintiff to produce his phone for inspection and testing. Plaintiff's counsel's request via a discovery status report for the Court to reconsider its order that Mr. Gromov's cell phone is subject to testing is wholly unsupported and should be rejected out of hand. Again, Plaintiff's counsel grossly misstates the facts. It is not true that Belkin has provided "no details at all" about the testing it wishes to have performed or "refused to state in writing" what the tests will include. To the contrary, Belkin has informed Plaintiff's counsel that its expert intends to test the battery capacity of the device, including its ability to charge and discharge. Plaintiff demanded more details, claiming that this information is insufficient. Although Belkin disagrees that the level of specificity it provided Plaintiff was inadequate, Belkin agreed to confer further with its expert to obtain more information regarding the testing plan. Belkin has spoken with its expert, who is in the process of providing more details about the testing. Belkin expects to have more information next week.

Other than expressing impatience, the only specific concern raised by Plaintiff's counsel is that Mr. Gromov's phone may contain private data. To assuage this concern, Belkin has suggested that Mr. Gromov backup his data contained on the phone and then restore the device to its factory settings prior to turning it over for inspection. Belkin believes that its proposal is reasonable, given that Plaintiff admitted at deposition that he has not used the device in question for many years, and it appears as though the device has been maintained solely based on its relevance to this litigation. Testing will also be performed pursuant to the confidentiality order, which would protect any personal data on the device from disclosure, to the extent it would somehow remain after a factory reset is performed.

In response, Plaintiff's counsel has not explicitly rejected Belkin's proposal but has also not accepted it based on speculation about how certain software may still somehow be on the phone and vague allegations about "security updates," that could somehow affect the phone's battery. If Mr. Gromov does not want to restore his phone to factory settings prior to it being tested, that is up to him, but that does not mean that he can refuse to comply with the Court's inspection order.

## IV.     EXTENSION OF DEADLINES

**Gromov's position:**

An extension of deadlines to complete fact and expert discovery is warranted and would be appreciated.

Any new deadlines should take into account the time needed for Belkin to supplement its discovery (following the recent order to compel), afford Gromov time for *meaningful* review of that discovery, for Belkin to make its witnesses available, and allow Gromov to develop expert testimony from what's known. Gromov proposes the following schedule:

8

- March 15: Belkin to provide two distinct deposition dates apiece for Tecson, Von Boode, and the (b)(6) designees during the period April 15–May 3.

- March 28: Belkin to complete supplementing its discovery production.

- May 17: End of fact discovery. This would permit any further depositions, based on new information that Belkin has not yet disclosed, to take place.

- June 21: Expert reports due from each side.

- July 21: Rebuttal reports due.

- August 10: End of expert depositions.

Candidly, the parties' schedules are not that far apart now (Gromov only received Belkin's proposal at 10am on the day this report was due). The main sticking point is how long Belkin truly needs to produce its "rolling" discovery.

**Belkin's position:**

Belkin initially proposed that fact discovery cutoff be extended by approximately 75 days (slightly more than the amount of time sought by Plaintiff in its motion to compel) to May 10 in order to comply with the Court's Order, and that opening expert reports would be due on June 7, 2024, rebuttal reports due on July 12, 2024, and expert depositions completed no later than July 31, 2024. As stated above, and as previously expressed to Plaintiff's counsel (again, contrary to Plaintiff's counsel's insinuation), Belkin is amenable to extending the deadlines further if Plaintiff's counsel feels it needs more time to review documents, but Belkin cannot reasonably be expected to complete its document production and written discovery supplementation by March 28, given that the scope of the remaining discovery has tripled. Belkin therefore proposes the following schedule:

- April 30: Belkin to complete supplementing its discovery and document production.

- June 14: End of fact discovery.

9

- July 21: Opening expert reports due from each side.

- August 16: Rebuttal expert reports due.

- August 30: Expert discovery cutoff.

As explained above, Belkin will meet in confer in good faith to find dates during the window of time between when its production is complete and the end of fact discovery that work for the witnesses requested for deposition and all parties.

Dated: March 14, 2024						Respectfully submitted,


   /s/ William F. Cash III

William F. Cash III (Ill. Bar No. 6330856)
bcash@levinlaw.com
Matthew D. Schultz (*pro hac vice*)
mschultz@levinlaw.com
Scott Warrick (*pro hac vice*)
swarrick@levinlaw.com
**LEVIN, PAPANTONIO, RAFFERTY, PROCTOR, BUCHANAN, O'BRIEN, BARR & MOUGEY, P.A.**
316 South Baylen Street, Suite 600
Pensacola, FL 32502
Phone: 850-435-7059

Seyed Abbas Kazerounian (Ill. Bar No. 6316129)
ak@kazlg.com
**KAZEROUNI LAW GROUP, APC**
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Phone: 800-400-6808

Jason A. Ibey (Bar. No. 16691)
jason@kazlg.com
**KAZEROUNI LAW GROUP, APC**
321 N. Mall Drive, Suite R108
St. George, Utah 84790
Phone: 800-400-6808

D. Greg Blankinship (*pro hac vice*)
gblankinship@fbfglaw.com
Bradley F. Silverman (*pro hac vice*)
bsilverman@fbfglaw.com
**FINKELSTEIN, BLANKINSHIP,
FREI-PEARSON & GARBER, LLP**
1 North Broadway, Suite 900
White Plains, NY 10601
Phone: 914-298-3290

*Attorneys for Plaintiff Dennis Gromov*

 /s/ Katelyn vanDoorne

Katelyn VanDoorne
**BAKER & MCKENZIE LLP**
300 E. Randolph St., Suite 5000
Chicago, IL 60601
Telephone: (312) 861-8000
katelyn.vandoorne@bakermckenzie.com


Edward Totino (admitted pro hac vice)
Nancy Nguyen Sims (admitted pro hac vice)
**BAKER & MCKENZIE LLP**
10250 Constellation Blvd., Ste. 1850
Los Angeles, CA 90067
Telephone: (310) 210-4725
edward.totino@bakermckenzie.com
nancy.sims@bakermckenzie.com

*Counsel for Defendant Belkin International, Inc.*