UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **DENNIS GROMOV,** individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> **BELKIN INTERNATIONAL, INC.**, <br><br> Defendant. | Case No. 1:22-cv-6918 <br><br><br> Judge Valderrama <br><br> Magistrate Judge Fuentes |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO
DEFENDANT BELKIN INTERNATIONAL, INC.'S MOTION FOR ENTRY OF
PROTECTIVE ORDER PERMITTING ATTORNEYS'-EYES-ONLY DESIGNATIONS**

Defendant Belkin International, Inc. moves to modify the existing confidentiality protective order (ECF No. 42) to add a broadly defined attorneys'-eyes-only designation. Plaintiff Gromov opposes that motion to the extent Belkin seeks approval of an attorneys'-eyes-only ("AEO") provision that goes *beyond* the category of "sales or pricing-related information." Tellingly, Belkin is unable to articulate what additional and particular categories beyond sales and pricing-related information should potentially merit an attorneys'-eyes-only designation.

When Belkin originally approached Gromov with the desire to modify the confidential protective order to add an AEO designation on October 31, 2023, Belkin's proposed revisions added sub-section (h) to Section 2 to include the category of "sales- or pricing-related information" but no other express category. *See* **Exhibit A** to Declaration of Jason A. Ibey ("Ibey Decl."), ¶ 7. In fact, the Court's February 28, 2024 Order acknowledges that Belkin desired to add an AEO designation "to ensure that it covered certain sales and pricing related documents."

1

ECF No. 85, p. 4. Presently, however, Belkin's proposed revisions in its motion would allow it to essentially designate *any* category of documents (or at least many types of documents) as attorneys-eyes-only, even categories of documents that Belkin has not explained are deserving of such heightened protection.

It was not until recently that Belkin proposed to limit an attorneys'-eyes-only designation to "that [which] the producing party reasonably believes requires additional protection from disclosure, including sales, pricing or other information related to business strategies or operations that could result in competitive harm if disclosed." ECF No. 86-3. That is still problematic for a few reasons. First, Belkin has not identified any documents or data that might fall into its proposed vaguely-defined category of "other-related information related to business strategies or operations that could result in competitive harm if disclosed."

Second, as drafted, Belkin's proposed Section 2(b) is not limited in any meaningful way, given the word "including" (meaning here not exhaustive), and the vague qualifier of "that the producing party reasonably believes requires additional protection from disclosure." In other words, Belkin's ability to designate documents as attorneys'-eyes-only would not be limited to only "sales, pricing or other information related to business strategies or operations that could result in competitive harm if disclosed."

An attorneys'-eyes-only designation should be reserved for cases based on need[1] to protect extremely sensitive information, especially due to the real risk of over-designation of documents as AEO. *See e.g.*, *Callsome Solutions Inc. v. Google Inc.*, 2018 N.Y. Misc. LEXIS 4852, *10-19 (N.Y. Sup. Ct. Oct. 18, 2018) (chastising Google for initially overbroad blanket designations).

---

[1] Gromov notes that several third-party retailers who Gromov subpoenaed have produced sales data to Gromov pursuant to the *current* confidentiality protective order, without the need for any AEO designation. Ibey Decl., ¶ 6.

Similarly, in *Team Play, Inc. v. Boyer Sky Boy Productions, Inc.*, Case No. 03 C 7240, 2005 U.S. Dist. LEXIS 3968 (N.D. Ill. 2005), a party marked more than 4,000 out of 6,000 documents as "highly confidential attorneys' eyes only," thereby restricting opposing counsel from sharing the documents with the client. The court ordered removal of the "highly confidential attorneys' eyes only" designation from documents, but conditioned removal of the designation only after it ordered that the opposing party sign a sworn affidavit confirming his non-involvement in the competing industry and lack of intention to re-enter the field. Also, in *Star Scientific, Inc. v. Carter*, 204 F.R.D. 410, 416 (S.D. Ind. 2001), the court found that a regular "confidential" designation was sufficient for even trade secret information. Finally, in *Ventrassist Pty, Ltd. v. Heartware, Inc.*, 377 F. Supp. 2d 1278, 1289 n.12 (S.D. Fla. 2005), the court noted that concerns about a competitive advantage were illusory because of the protective order under which the defendant could designate documents as "confidential."

Gromov is concerned that Belkin will improperly designate documents as attorneys'-eyes-only, thus imposing unnecessary limitations on who may see such discovery in this matter, and increasing litigation costs to challenge such designations. Belkin's motion seeks to inject a lack of clarity into the confidentiality protective order and give it the ability to designate as attorneys'-eyes-only basically anything under the sun that Belkin subjectively believes could cause it competitive harm. Belkin has already demonstrated a history of improperly designating discovery materials as "confidential" when it designated a mere list of its products as confidential (ECF Nos. 79, 83). At least some of Belkin's pricing information for the power bank products does not even warrant a lower confidentiality protection, as the prices for its products are publicly available on Belkin's own website (*see* www.belkin.com), for example. As it concerns any non-public sales information, that information would be sufficiently protected by a

lower confidentiality protection already made available under the current confidentiality protective order. We are not dealing with propriety lines of software code, or the formula to Coca-Cola.

Third, with respect to the category of sales and pricing-related information specifically, Gromov still does not understand why Belkin needs to designate such materials as AEO. Belkin could *already* produce such materials pursuant to the existing confidentiality protective order, in light of the categories of "commercial or financial information that the party has maintained as confidential" and "trade secrets" (*see* ECF No. 42, pp. 1-2). For instance, Belkin has articulated no basis for any supposed concern that Gromov (as a party to this suit) might improperly disclose Belkin's sales and pricing information for its power bank products if such information were made available to Gromov in discovery.

Indeed, before the entry of the existing Confidentiality Order (ECF No. 42), on June 29, 2023, Belkin advised the Court that such a confidentiality protective order based on the Court's model protective order would be sufficient to protect Belkin's sales data. *See* ECF No. 34 at 4 ("[A] protective order is necessary for certain sales data that Belkin intends to produce in response to Gromov's discovery requests. As conveyed to Gromov, Belkin proposed using the Court's model protective order, which is not likely to be deemed controversial by either side."). Belkin has never articulated why the original Confidentiality Order ceased to be sufficient to protect its sales and pricing-related information. Nor has Belkin articulated why a new confidentiality order is now necessary to protect its sales and pricing-related information.

Fourth, Belkin's proposed revisions expressly go beyond the Court's February 28, 2024 Order that required the parties to confer in order "to ensure [the confidentiality order] covers Defendant's *confidential sales and pricing data*." ECF No. 85, p. 4 (emphasis added). Belkin's

4

motion asks the Court to "not limit" an AEO designation to "only to sales and pricing information." ECF No. 86, p. 3. Belkin's rationale for this is that it is still collecting information; however, Belkin has already been aware for months of the type of information that it still needs to produce to Gromov, including as it concerns its power bank products (initially a sampling, and then more recently all non-wireless power banks).

It is simply not credible for Belkin to suggest that the discovery it has been ordered to produce might, theoretically, require an additional AEO designation beyond the category of sales and pricing-related information. If there were a legitimate need for additional AEO categories, Belkin should have articulated such need, but its motion fails to do so. The fact that Belkin cannot articulate any AEO category apart from sales and pricing-relating information is telling and warrants denial of the motion, at least in part, especially when Belkin already has Gromov's written discovery requests and a draft Rule 30(b)(6) deposition notice.

Should the Court find that adding an AEO designation to the confidentiality protective order is appropriate here, that designation should be limited to the express category of sales or pricing-related information only. Belkin has not shown any need to designate other categories of information or documents with a higher level of protection, much less its overly-broad proposed Section 2(b). *See* ECF No. 86-3. In other words, if the Court permits an attorneys'-eyes-only designation for sales or pricing-related information, then Belkin will be getting what it initially asked for, *i.e.*, the ability to designate as AEO documents or data falling within the category of "sales or pricing-related information" (*see* **Exhibit A**). Such reasonable limitation would help avoid an over-designation by Belkin of categories of documents as AEO, including for discovery that it was recently ordered to produce. *See* ECF No. 85.

In sum, Gromov requests that Belkin's motion be denied to the extent it seeks to permit an AEO designation for information beyond the particular category identified by Belkin in terms of its "sales or pricing-related information". The Court should instead approve the draft as proposed by Gromov with respect to the narrowly-tailored language in Section 2(a) and (b), *see* **Exhibit B** to Ibey Decl., ¶ 8.

Respectfully submitted,

Date: March 19, 2024

/s/ Jason A. Ibey

Jason A. Ibey (Bar. No. 16691)
jason@kazlg.com
**KAZEROUNI LAW GROUP, APC**
321 N. Mall Drive, Suite R108
St. George, Utah 84790
Phone: 800-400-6808

Seyed Abbas Kazerounian (Ill. Bar No. 6316129)
ak@kazlg.com
**KAZEROUNI LAW GROUP, APC**
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Phone: 800-400-6808

William F. Cash III (Ill. Bar No. 6330856)
bcash@levinlaw.com
Matthew D. Schultz (*pro hac vice*)
mschultz@levinlaw.com
Scott Warrick (*pro hac vice*)
swarrick@levinlaw.com
**LEVIN, PAPANTONIO, RAFFERTY, PROCTOR, BUCHANAN, O'BRIEN, BARR & MOUGEY, P.A.**
316 South Baylen Street, Suite 600
Pensacola, FL 32502
Phone: 850-435-7059

        D. Greg Blankinship (*pro hac vice*)
gblankinship@fbfglaw.com
Bradley F. Silverman (*pro hac vice*)
bsilverman@fbfglaw.com
**FINKELSTEIN, BLANKINSHIP,**
**FREI-PEARSON & GARBER, LLP**
1 North Broadway, Suite 900
White Plains, NY 10601
Phone: 914-298-3290

*Attorneys for Plaintiff Dennis Gromov*