**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| DENNIS GROMOV, individually and on behalf of all other similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 1:22-cv-06918 |
| v. | ) ) | Hon. Franklin U. Valderrama |
| BELKIN INTERNATIONAL, INC., | ) ) | Magistrate Judge Gabriel A. Fuentes |
| Defendant. | ) ) | |

**<u>UNOPPOSED MOTION TO EXTEND THE INSPECTION PROTOCOL DEADLINE</u>**

Defendant Belkin International, Inc. ("Belkin"), by and through its undersigned counsel, hereby moves the Court to extend the deadline to move to compel a protocol for the inspection of Plaintiff's Samsung Galaxy phone by one week. Plaintiff Dennis Gromov ("Plaintiff") does not oppose this motion and, in fact, has agreed to the extension requested.

1.      On February 28, 2024, the Court ordered that Plaintiff make his phone and the Pocket Power 10K device he purchased available for inspection by Belkin. (Dkt. 85 at 3.) Pursuant to that Order, the parties met and conferred regarding an inspection protocol but could not immediately reach an agreement.

2.      At the discovery conference on Friday, March 22, 2024, the Court ordered the parties to meet and confer further regarding the proposed protocol by close of business Tuesday, March 26, 2024 and to file an agreed or contested motion as to that protocol by 5 p.m. on March 29, 2024. (*Accord* Dkt. 95.)

3.      Immediately following the discovery conference, counsel for the parties conferred outside the courtroom and agreed that Plaintiff would provide a list of questions that he had about the protocol as a next step in the meet-and-confer process.

4.      On Monday, March 25, Belkin's counsel contacted Plaintiff's counsel to follow up on Plaintiff's list of questions.

5.      On Tuesday, March 26, Plaintiff responded with the list of questions.  In that same communication, he requested that Belkin respond to the questions in writing prior to any meet and confer and further communicated that, due to travel, he would not be able to meet and confer until Wednesday afternoon at the earliest.

6.      Given the deadlines set by the Court, Belkin suggested, and Plaintiff agreed, that the deadline related to the testing protocol should be continued by one week to allow the parties time to meaningfully meet and confer and hopefully reach agreement without the need for further Court intervention.

7.      Consistent with the parties' agreement, Belkin provided Plaintiff with a draft motion to extend the foregoing deadline on the morning of March 28, 2024, but Plaintiff refused to finalize the joint motion for filing until the parties had set a time for their meet-and-confer call – a condition that was not raised previously when the parties agreed to continue the deadline due to the inability of Plaintiff's counsel to meet and confer prior to the Court's original deadline.

8.      Notwithstanding the belated addition of this new condition, Belkin promptly responded agreeing to schedule a meet and confer call for April 1, 2024 at 1 pm.

9.      Despite Belkin's agreement, Plaintiff still refused to sign off on the joint motion for filing.  Instead, he imposed yet a further condition, requiring that Belkin respond in writing to his list of questions prior to the April 1 meet and confer call.  Again, Belkin acquiesced and agreed to provide a written response.

10.     Even though Belkin agreed to multiple additional terms that were not part of the original extension agreement, Plaintiff refused to provide any feedback on the joint motion or

2

approve the joint motion for filing.[1]  This resulted in Belkin incurring additional time and attorneys' fees preparing this unopposed motion to file with the Court (after having already spent time and fees to prepare a joint motion and despite the parties' inability to meet the Court's original deadline being due to Plaintiff's counsel's unavailability).

11.     A copy of the foregoing correspondence, including Plaintiff's agreement to the requested extension, is attached to this motion as Exhibit A.

12.     To be clear, Plaintiff has agreed to the requested one-week extension.  However, he has refused to respond to Belkin's repeated requests to finalize the parties' joint motion.  In light of the Court's looming deadline tomorrow, Belkin brings this unopposed motion alone.

Based on the foregoing, Belkin respectfully requests that the Court continue the deadline to bring any contested or agreed motion concerning the protocol for testing Plaintiff's mobile phone by one week to April 5, 2024.

Dated:  March 28, 2024

Respectfully submitted,

/s/ Laura A. Kelly
Laura A. Kelly
BAKER & MCKENZIE LLP
300 East Randolph Street, Suite 5000
Chicago, IL 60601
Telephone: (312) 861-8000
laura.kelly@bakermckenzie.com

Edward Totino (admitted *pro hac vice*)
Nancy Nguyen Sims (admitted *pro hac vice*)
Michael Boardman (admitted *pro hac vice*)
BAKER & MCKENZIE LLP
10250 Constellation Blvd., Ste. 1850
Los Angeles, CA 90067
Telephone: (310) 210-4725
edward.totino@bakermckenzie.com
nancy.sims@bakermckenzie.com

---

[1] At the time the parties initially agreed to a continuance on March 26, 2024, Plaintiff was the party who needed the extension because the inability to comply with the Court's meet-and-confer deadline was due to his counsel's unavailability.