IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DENNIS GROMOV, individually and on behalf of all other similarly situated, | )<br>)<br>) |
| Plaintiff, | ) Case No. 1:22-cv-06918 |
| v. | ) Hon. Franklin U. Valderrama |
| BELKIN INTERNATIONAL, INC., | ) Magistrate Judge Gabriel A. Fuentes |
| Defendant. | ) |

**RESPONSE TO PLAINTIFF'S NON-OPPOSITION
TO MOTION TO CONTINUE DEADLINE**

Defendant Belkin International, Inc. ("Belkin") appreciates Plaintiff Dennis Gromov's non-opposition to its motion to continue the deadline to file a motion adopting an inspection protocol for Plaintiff's phone and this Court's granting of the same, but Belkin regrettably must respond briefly to address false accusations contained in Plaintiff's non-opposition in order to correct the record. (Dkt. 99.)

Based on the parties' agreement that a continuance of today's deadline is necessary, Belkin sent Plaintiff a draft of a joint motion to continue the deadline yesterday at 10:33 a.m. CT and asked for comments. Given the impending deadline and having received no comments on the draft or approval to file after multiple requests, Belkin ultimately told Plaintiff's counsel that it would be forced to proceed with filing an unopposed motion for a continuance if no response was provided by 6:30 p.m. CT. A copy of the parties' email exchange was attached as Exhibit A to Belkin's unopposed motion. (*See* Dkt. 98-1.) Notably, Plaintiff had corresponded with Belkin multiple times during the day (to impose his belated conditions on the extension, as noted in Belkin's Unopposed Motion (*see* Dkt. 98 at 2-3 & Ex. A)), but simply refused to provide comments on the joint motion or approve it for filing (even after Belkin agreed to his additional conditions).

Belkin received no response by the 6:30 p.m. deadline (or in the hours that followed) and therefore prepared a motion for filing. The unopposed motion was finalized and sent to Belkin counsel's administrative support team (who was forced to stay late as a result of Plaintiff's delays) to complete the filing. When Belkin's counsel subsequently logged off for the day around 8 p.m. CT, Plaintiff had still provided no comments on the draft joint motion. At 8:37 p.m. CT, just minutes before Belkin's filing went through, Plaintiff's counsel sent the email referred to in its filing. Plaintiff's Response to the Court (Dkt. 99) omits these critical facts and, as a result, provides a misleading account of the situation. Belkin did not "knowingly file[] a document that misrepresents facts," nor has it done so in the past. To the contrary, Belkin submitted a motion that was accurate at the time it was finalized and sent to administrative support for filing.[1]

---

[1] Plaintiff's Response is also misleading in another respect. Plaintiff stated that "Belkin has provided Gromov with no new information about the protocol since the hearing a week ago. If Belkin needs more time, that is fine with Gromov." (Dkt. 99.) To be clear: the need for an extension of the deadline at issue is due to the fact that Plaintiff's counsel was unavailable to meet and confer by the Court's deadline. (Dkt. 98 at ¶¶ 5-7.) Again, Plaintiff provides an incomplete and mischaracterized recitation of the situation. When Plaintiff's counsel relayed his unavailability to meet and confer before the Court's deadline, Belkin took no issue with the delay because scheduling conflicts sometimes happen, and promptly offered to accommodate Plaintiff's counsel's schedule through an extension. However, the ball was in Plaintiff's court on the meet and confer. Outside the courtroom after the Friday, March 22 hearing, Plaintiff agreed to provide Belkin with a list of questions related to the protocol. (*Id.* at ¶ 3.) Belkin followed up for this list on Monday, March 25. (*Id.* at ¶ 4.) Plaintiff did not respond or provide this list until Tuesday, March 26 (the same day as the Court's meet and confer deadline) and was not available to meet and confer until at least Wednesday afternoon. (*Id.* at ¶ 5.) For these reasons, an extension became necessary. Again, Belkin regrets that it is even necessary to raise these issues to the Court, but failing to correct the record risks leaving the Court with an understanding that would be untrue and unfair.

Dated:  March 29, 2024                         Respectfully submitted,

                */s/ Laura A. Kelly*
                Laura A. Kelly
                BAKER & MCKENZIE LLP
                300 East Randolph Street, Suite 5000
                Chicago, IL 60601
                Telephone: (312) 861-8000
                laura.kelly@bakermckenzie.com

                Edward Totino (admitted *pro hac vice*)
                Nancy Nguyen Sims (admitted *pro hac vice*)
                Michael T. Boardman (admitted *pro hac vice*)
                BAKER & MCKENZIE LLP
                10250 Constellation Blvd., Ste. 1850
                Los Angeles, CA 90067
                Telephone: (310) 210-4725
                edward.totino@bakermckenzie.com
                nancy.sims@bakermckenzie.com

                *Counsel for Defendant Belkin International, Inc.*