**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

DENNIS GROMOV, individually and on
behalf of all other similarly situated,

   Plaintiff,

  v.

BELKIN INTERNATIONAL, INC.,

   Defendant.

)
)
)
)
)
)
)
)
)
)
)
)

Case No. 1:22-cv-06918

Hon. Franklin U. Valderrama

Magistrate Judge Gabriel A. Fuentes

**DECLARATION OF MICHAEL T. BOARDMAN IN SUPPORT OF**
**BELKIN'S MOTION FOR ENTRY OF ORDER RE: TESTING OF PLAINTIFF'S**
**SAMSUNG GALAXY S6 PHONE**

I, Michael T. Boardman, declare as follows:

  1.  I am an associate with the law firm of Baker & McKenzie LLP, counsel of record for Defendant, Belkin International Inc. I make this Declaration in support of Belkin's Motion for Entry Of Order Re: Testing Of Plaintiff's Samsung Galaxy S6 Phone.  I have personal knowledge of the facts set forth in this Declaration and, if called upon to do so, I could and would testify competently thereto.

  2.  Attached hereto as Exhibit 1 is a true and correct copy of the protocol proposed by Belkin for the testing of Plaintiff's Samsung Galaxy S6 phone, as the Court ordered on February 28.

  3.  Attached hereto as Exhibit 2 is a true and correct copy of excerpts from the transcript of Plaintiff Dennis Gromov's deposition, taken in this matter on November 8, 2023.

  4.  Attached hereto as Exhibit 3 is a true and correct copy of an email that I sent to Plaintiff's counsel on March 21, 2024.

5.      Attached hereto as Exhibit 4 is a true and correct copy of excerpts of the transcript from the Status Conference held in this matter on March 22, 2024.

6.      I have participated in multiple phone discussions and email exchanges with Plaintiff's counsel regarding testing of Plaintiff's Samsung Galaxy S6 phone, following the Court's February 28 order that the phone be provided for inspection.  Attached hereto as Exhibits 5, 6, 7, 8 and 9 are true and correct copies of the parties' email exchanges on this topic.

7.      In those emails and during the parties' phone calls, Plaintiff's counsel has repeatedly objected to testing Plaintiff's Samsung phone because of concerns over privacy of personal data stored on the phone.  Plaintiff has never identified any specific information that needs to be protected, however.

8.      In response to Plaintiff's privacy concerns, Belkin first suggested that Plaintiff "wipe" the device by restoring it to factory settings.  Plaintiff objected to this and the parties then discussed the possibility of providing the phone in its password-protected condition, such that only the standard locked screen would be visible.  Plaintiff's counsel objected to this approach, too, contending on an April 3 meet and confer phone call that he still could not agree to that process because he had read a news story about an Israeli company that had developed technology that could forcibly unlock a phone without knowing the phone's passcode, and that this technology was used at the request of government prosecutors to "hack" into a criminal defendant's phone to obtain evidence.  This Israeli firm's abilities in accessing the contents of locked phones apparently exceeded that of the U.S. Government and the phone's manufacturers, both of whom could not access locked devices without the owner's passcode.  Belkin assured Plaintiff's counsel that it would not seek to "hack" the phone or otherwise attempt to unlock the phone or access data stored on it.  Belkin has confirmed this in writing multiple times, for example in Exhibit 5.

9.      Plaintiff's counsel has also repeatedly demanded to know the identity of Belkin's proposed expert.  During the parties' April 3, 2024 meet and confer call, Plaintiff's counsel explained that this request was made to ensure that testing would not be done by "someone with a jumper cable in a garage."  Belkin assured Plaintiff that this would not occur and that it would engage a qualified expert.

10.      Also during the April 3, 2024 call, Plaintiff's counsel requested that Belkin conduct its testing in a "Faraday cage," because they were concerned about potential contamination from stray airborne electrical signals.

I declare under penalty of perjury that the foregoing is true and correct.  Executed in Los Angeles, California on April 26, 2024.

Michael T. Boardman

_/s/ Michael T. Boardman_____