# EXHIBIT 3

| | |
|---|---|
| **From:** | Boardman, Michael |
| **Sent:** | Thursday, March 21, 2024 7:54 PM |
| **To:** | Bill Cash; Sims, Nancy |
| **Cc:** | Totino, Edward; Kelly, Laura |
| **Subject:** | RE: 2024-03-21 Joint report |

Bill:

The information we have provided is sufficient for all purposes relevant to this stage of the litigation. Your efforts to prematurely obtain expert discovery and delve into our attorney work product and strategy are inappropriate. Expert disclosures are not yet due, and we are under no obligation to disclose our litigation strategies to you. Your efforts to jump that deadline and obtain early expert discovery are transparent and not well-taken. The Court has already ordered that your client's cell phone be inspected, and that is what will happen.

The only relevant concerns from your client's perspective (indeed, the only ones you have ever raised) are:
    (1) whether the device will be affected by the test, and
    (2) whether private information on the device will be adequately protected.

As to the first issue, we have clearly explained that the testing will be non-destructive. All that would be done to the phone in this test is to plug in a charging cable. As to the second issue, we have provided you with the option of either restoring the device to its factory settings or providing access to the device so that all background apps and processes can be disabled. Please choose one of those options, and then we can have a conversation about the logistics of any potential privacy concerns that might somehow remain. Like your demands for immediate deposition dates that you do not even want, your list of questions here does not move the process forward in any meaningful way.

---

**From:** Bill Cash <bcash@levinlaw.com>
**Sent:** Thursday, March 21, 2024 5:14 PM
**To:** Boardman, Michael <Michael.Boardman@bakermckenzie.com>; Sims, Nancy <Nancy.Sims@bakermckenzie.com>
**Cc:** Totino, Edward <Edward.Totino@bakermckenzie.com>; Kelly, Laura <Laura.Kelly@bakermckenzie.com>
**Subject:** [EXTERNAL] RE: 2024-03-21 Joint report

Thanks for the information. We need more.

We still don't know the identity of your expert. Who is it?

We have asked if we can have an observer present. You have not answered this.

How would you accomplish step #2, "completely discharging the phone"?

What is a "data logger"?

Are you promising not to actually read data that is stored the device?

What is the purpose of doing this test?

**Bill Cash III**
*Of Counsel*

Levin, Papantonio, Rafferty, Proctor, Buchanan, O'Brien, Barr, & Mougey, P.A.
316 South Baylen Street, Suite 600, Pensacola, Florida 32502
Phone: 850-435-7059
www.levinlaw.com

---

**From:** Boardman, Michael <Michael.Boardman@bakermckenzie.com>
**Sent:** Thursday, March 21, 2024 7:08 PM
**To:** Bill Cash <bcash@levinlaw.com>; Sims, Nancy <Nancy.Sims@bakermckenzie.com>
**Cc:** Totino, Edward <Edward.Totino@bakermckenzie.com>; Kelly, Laura <Laura.Kelly@bakermckenzie.com>
**Subject:** RE: 2024-03-21 Joint report

Bill,

Further to our discussions regarding a testing protocol for Plaintiff's phone, Belkin intends to test the battery capacity of Plaintiff's device, including its ability to charge and discharge. The preliminary test process consists of:

1. fully charging the power bank using standard charger
2. completely discharging the phone
3. connecting a USB-C cable or micro-USB cable between the power bank and the phone
4. using a USB-C or micro-USB male to female adapter board with exposed terminals to connect a current probe to measure the current and a voltage probe to measure the voltage
5. using a data logger to calculate the capacity and watt-hours placed into the phone

This test does not involve removing the phone battery, removing the case or otherwise modifying the device.

Assuming there is a read out on the device that shows the percentage battery level while it is locked, the test would not require unlocking the phone. However, we still request that the device be restored to factory settings prior to it being tested in order to ensure that the testing is accurate. If the phone is not restored so as to eliminate all background apps and operations, the phone would then need to be unlocked so that all such background applications could be identified and disabled prior to charging.

Thank you,
Michael

---

**From:** Bill Cash <bcash@levinlaw.com>
**Sent:** Thursday, March 21, 2024 9:11 AM
**To:** Boardman, Michael <Michael.Boardman@bakermckenzie.com>; Sims, Nancy <Nancy.Sims@bakermckenzie.com>
**Cc:** Totino, Edward <Edward.Totino@bakermckenzie.com>; Kelly, Laura <Laura.Kelly@bakermckenzie.com>
**Subject:** [EXTERNAL] RE: 2024-03-21 Joint report

Looks good, you can file it.

-Bill

**From:** Boardman, Michael <Michael.Boardman@bakermckenzie.com>
**Sent:** Thursday, March 21, 2024 11:00 AM
**To:** Bill Cash <bcash@levinlaw.com>; Sims, Nancy <Nancy.Sims@bakermckenzie.com>
**Cc:** Totino, Edward <Edward.Totino@bakermckenzie.com>; Kelly, Laura <Laura.Kelly@bakermckenzie.com>
**Subject:** RE: 2024-03-21 Joint report

**CAUTION:** This email message is **EXTERNAL.**

Bill,

We combined the two into one topic about the scope of the order.  Please let us know if we are approved to file the attached.

This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message. Please visit www.bakermckenzie.com/disclaimers for other important information concerning this message.

**From:** Bill Cash <bcash@levinlaw.com>
**Sent:** Thursday, March 21, 2024 8:32 AM
**To:** Sims, Nancy <Nancy.Sims@bakermckenzie.com>; Boardman, Michael <Michael.Boardman@bakermckenzie.com>
**Subject:** [EXTERNAL] 2024-03-21 Joint report

Features new item #3—the one I think you asked for on the call.

3