# EXHIBIT 7

| | |
|---|---|
| **From:** | Boardman, Michael |
| **Sent:** | Friday, April 19, 2024 2:09 PM |
| **To:** | Bill Cash |
| **Cc:** | Sims, Nancy; Totino, Edward; Bradley Silverman (BSilverman@fbfglaw.com); Jason Ibey; Gil Melili |
| **Subject:** | RE: Gromov v. Belkin -- Phone Test |

Bill:

Thank you for the email, but it does not move this process forward. The Court has ordered that a test of Plaintiff's mobile phone go forward and for the parties to meet and confer regarding the logistics of that test because you have raised various concerns about privacy (and more recently spoliation), not to engage in a back-and-forth regarding the sufficiency of the proposed test or for Plaintiff to comment on its design. To that end, we have provided you with the details of what will be done to the device, including the process for charging/discharging, the type of cables to be used and the model number of the data logger. We are still not clear, however, what Plaintiff is willing to do. The following are open questions to which we have received no clear answers:

1. Are you going to be providing the device restored to factory settings or not?
2. If not, will you be able to certify by video that all apps and security updates have been disabled as we have requested?
3. Is the battery percentage indicator visible from the device's locked screen?
4. What OS is currently running on the device?
5. What OS was used at the time that Plaintiff used the powerbank as alleged in the complaint?
6. Which "security updates" related to battery performance had been installed at the time that Plaintiff used the powerbank as alleged in the complaint?
7. Have additional updates been installed since that time? If so, which ones?
8. What "background applications" cannot be disabled and cause you concern?
9. What information about battery degradation are you relying upon?
10. How many times has the battery on the device been completely discharged?

We also cannot provide the exact number of charges and discharges at this time without having access to the device first, but it will not exceed 10 and more than likely not exceed 5. We can discuss these issues on Monday if necessary, but a response in writing first would be helpful to guide that discussion so that we do not continue to speak in generalities about your concerns.

Thank you,
Michael

---

**From:** Bill Cash <bcash@levinlaw.com>
**Sent:** Wednesday, April 17, 2024 12:52 PM
**To:** Boardman, Michael <Michael.Boardman@bakermckenzie.com>
**Cc:** Sims, Nancy <Nancy.Sims@bakermckenzie.com>; Totino, Edward <Edward.Totino@bakermckenzie.com>; Bradley Silverman (BSilverman@fbfglaw.com) <BSilverman@fbfglaw.com>; Jason Ibey <jason@kazlg.com>; Gil Melili <gil@kazlg.com>
**Subject:** [EXTERNAL] RE: Gromov v. Belkin -- Phone Test

Hello,

Thanks for the sentiments and the e-mail. I'm back at work for the most part.

1

Our feelings on this are that we still don't have sufficient information regarding the test. We still do not have anything at all from Belkin the way of a written protocol. I assume you will want to submit one to the court for joint approval. When will we get it? We have asked for this a few times.

The number of discharges, which is brand new information, is concerning. We have brought this up repeatedly, including on the April 3 call. My information is that a battery cell can handle only 200-300 discharges before its performance degrades significantly. Your ciient—an expert in the field—knows this better than most. You have now told us "less than 10," but no hard number. (Again, a written protocol would clearly state the number and no good expert would conduct a test without writing up his planned test protocol first—so why can't we see this?) 10 discharges out of 200 or 300 available for the lifetime of the device is material. That means that the test Belkin wants to conduct will have permanent effects on the device, and again, that means we would not have the ability to conduct our own rebuttal test on the same phone as it exists today: your test will have altered the device.

This might yet be workable if Belkin actually explained why this kind of testing is necessary and what Belkin thinks it will accomplish. Then at least we could discuss whether the clear fact of spoliation matters to us or not. Perhaps we won't care to do a rebuttal test because we think your test isn't relevant to an issue in the case—but you have to go first and tell us. Or perhaps there is a way to devise a joint test so that the spoliation problem affects both sides equally. But Belkin refuses to explain what it wants to do and why, and we still do not understand Belkin's choice to hold that information back. You have called it "attorney work product" or a premature disclosure of expert work product, but I think practicality prevails here.

There remain other issues that we have brought out and simply not gotten a response or one that we can work with. I am happy to go through those with you again.

I am available all morning tomorrow (CDT) to discuss further.

**Bill Cash III**
*Of Counsel*

Levin, Papantonio, Rafferty, Proctor, Buchanan, O'Brien, Barr, & Mougey, P.A.
316 South Baylen Street, Suite 600, Pensacola, Florida 32502
Phone: 850-435-7059
www.levinlaw.com

**From:** Boardman, Michael <Michael.Boardman@bakermckenzie.com>
**Sent:** Tuesday, April 16, 2024 4:17 PM
**To:** Bill Cash <bcash@levinlaw.com>
**Cc:** Sims, Nancy <Nancy.Sims@bakermckenzie.com>; Totino, Edward <Edward.Totino@bakermckenzie.com>; Bradley Silverman (BSilverman@fbfglaw.com) <BSilverman@fbfglaw.com>; Jason Ibey <jason@kazlg.com>; Gil Melili <gil@kazlg.com>
**Subject:** Gromov v. Belkin -- Phone Test

**CAUTION:** This email message is **EXTERNAL.**

Bill:

As you likely saw, the Court granted our request for an extension of the deadline to file a motion regarding Belkin's inspection of Plaintiff's phone. We previously provided the information you requested, but your last communication on this issue indicated that you had additional questions that you wished to raise or discuss. We are sensitive to your family issues, but want to wrap up this process. Please let us know what, if any, additional issues need to be discussed and when we can have that conversation.

Thank you.

**Michael Boardman**
Associate
10250 Constellation Blvd
Suite 1850
Los Angeles, CA 90067
Tel: +1 310 201 4728
Fax: +1 310 201 4721
michael.boardman@bakermckenzie.com



bakermckenzie.com | Facebook | LinkedIn | Twitter

This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message. Please visit www.bakermckenzie.com/disclaimers for other important information concerning this message.