UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **DENNIS GROMOV,** individually and on behalf of all others similarly situated, | Case No. 1:22-cv-6918 |
| Plaintiff, | |
| v. | Judge Valderrama |
| **BELKIN INTERNATIONAL, INC.**, | Magistrate Judge Fuentes |
| Defendant. | |

## GROMOV'S STATUS REPORT

Gromov provides the Court with a status report on two matters.

**I. Belkin has not made the rolling production it promised, nor has it even conferred with Gromov despite the Court's order and multiple followups from Gromov.**

The Court overruled Belkin's objections to discovery on the basis of "substantially similar models." As the Court may recall from the status conference on March 22, 2024, Belkin then informed the Court that it was in possession of "57 gigabytes" of responsive materials to produce. Belkin promised the Court that, this time, its "rolling production" would truly roll, and not constitute a data dump on the last possible day. Belkin represented that it needed until May 14, 2024 to make this production. The Court ordered the parties to meet and confer on a schedule for Belkin's production. (ECF No. 95.)

Five days later, Belkin produced 161 pages of documents—not anywhere close to 57 gigabytes of information. Since then, Belkin has produced nothing further. Nor has it amended any of its interrogatories, which were subject to the same overruled objection.

1

It's been six more weeks now, and Belkin has still proposed no schedule for its production to Gromov. On May 1, 2024, Gromov e-mailed Belkin about meeting and conferring about its document production. Belkin ignored that e-mail. On May 3, 2024, Gromov followed up again ("Did I miss a response from Belkin?"). Belkin still has not replied or agreed to meet and confer with Gromov.

That is in violation of the Court's order, as well as basic professionalism. And it is evident that, despite what Belkin promised the Court, this production *will* likely be a document dump at the last possible moment. Once again, this is evidence of Belkin's dilatory discovery tactics. It also means the case schedule is hanging open without clear dates because of one party's inaction. And finally, it means Gromov still has been hindered from taking a Rule 30(b)(6) deposition, the other depositions he has long sought, or any other deposition that may arise from the new documents or depositions. (Belkin was ordered to tender deposition dates to Gromov by May 24, but nothing stops Belkin from doing that earlier, and it hasn't happened either.)

Gromov requests no specific sanction, but wants the Court to be aware of Belkin's noncompliance and continued non-responsiveness.

II. **The California court has certified a class, opened full merits discovery, and ordered the parties to explore federal-state cooperation.**

At a hearing on April 19, 2024, the California Superior Court hearing *Miley v. Belkin* certified a class of all California purchasers of any Belkin power bank, from 2016 to present. Today, that court approved plaintiff's class notice plan, and notices will begin going out in June, along with a campaign involving millions of ads. Because discovery had been bifurcated, merits discovery in that case has been deferred and has just been opened. Trial has been set for December 3, 2024.

Today, Judge Kuhl ordered Belkin to consult with the plaintiff there, and Gromov, the plaintiff here, on ways to promote discovery efficiency. She specifically asked Belkin to consider further depositions to be captioned in both cases so witnesses aren't deposed twice.

The allegations, documents, witnesses, experts, science, and counsel overlap greatly between the two cases. It would appear that with California merits discovery now open, Belkin yet to have produced the bulk of its discovery here in *Gromov*, and expert discovery yet to occur, the two cases are to an extent at the same starting line. Both cases also involve open subpoenas to retailers, and there could be efficiencies there.

Gromov will endeavor to coordinate with Belkin on these matters, and will report back to the Court about the possibility of federal-state cooperation.

Respectfully submitted,

Date: May 6, 2024

/s/ William F. Cash III

William F. Cash III (Ill. Bar No. 6330856)
bcash@levinlaw.com
Matthew D. Schultz (*pro hac vice*)
mschultz@levinlaw.com
Scott Warrick (*pro hac vice*)
swarrick@levinlaw.com
**LEVIN, PAPANTONIO, RAFFERTY, PROCTOR, BUCHANAN, O'BRIEN, BARR & MOUGEY, P.A.**
316 South Baylen Street, Suite 600
Pensacola, FL 32502
Phone: 850-435-7059

Seyed Abbas Kazerounian (Ill. Bar No. 6316129)
ak@kazlg.com
**KAZEROUNI LAW GROUP, APC**
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Phone: 800-400-6808

3

Jason A. Ibey (Bar. No. 16691)
jason@kazlg.com
**KAZEROUNI LAW GROUP, APC**
321 N. Mall Drive, Suite R108
St. George, Utah 84790
Phone: 800-400-6808

D. Greg Blankinship (*pro hac vice*)
gblankinship@fbfglaw.com
Bradley F. Silverman (*pro hac vice*)
bsilverman@fbfglaw.com
**FINKELSTEIN, BLANKINSHIP,
FREI-PEARSON & GARBER, LLP**
1 North Broadway, Suite 900
White Plains, NY 10601
Phone: 914-298-3290

*Attorneys for Plaintiff Dennis Gromov*