IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DENNIS GROMOV, individually and on behalf of all other similarly situated,<br><br>  Plaintiff,<br><br>v.<br><br>BELKIN INTERNATIONAL, INC.,<br><br>  Defendant. | Case No. 1:22-cv-06918<br><br>Hon. Franklin U. Valderrama<br><br>Magistrate Judge Gabriel A. Fuentes |

## RESPONSE TO PLAINTIFF'S STATUS REPORT

Once again, Plaintiff Dennis Gromov ("Gromov") has made multiple inaccurate statements to the Court in his recent and unnecessary "Status Report" (Dkt. 113.) While it would prefer not to burden the Court with more filings, Belkin regrettably must respond to clarify the record.

  A.  **Gromov's Accusations of Belkin's "Noncompliance" Are Baseless**

Gromov materially misstates the record with respect to the state of Belkin's discovery responses. Following the Court's February 28 order, the parties engaged in multiple discussions, including with the Court at the March 22 status conference, regarding the timing of Belkin's supplemental document productions and written discovery responses. Following that hearing, the Court ordered that "the parties will confer and submit an agreed or contested motion concerning the contours and timing of a rolling production that the parties agreed in principle would be completed on 5/14/24." (Dkt. 95.) The parties did that and submitted an agreed motion (Dkt. 101), pursuant to which the Court ordered on April 1 that "Belkin [is] to complete its rolling production of documents and serve supplemental responses, as appropriate, to written discovery requests covered by the Court's February 28, 2024 Order no later than 5/14/24." (Dkt. 103) The Court further ordered, again pursuant to the parties' agreed motion, that Belkin was to provide deposition dates for its 30(b)(6) witnesses no later than May 24. (*Id.*)

Gromov's claim in its status report that Belkin has not complied with the Court's order is false. Following the Court's March 22 order, Belkin made a supplemental production of documents, and Belkin has been diligently reviewing and preparing additional documents for production ever since. As has been the plan since last week, a second batch of documents is queued for production this week, and the remainder will be produced by May 14, as agreed.

With respect to deposition dates, Gromov again makes baseless accusations against Belkin. As the parties agreed and the Court ordered, the deadline to provide deposition dates is May 24 – nearly three weeks from now. (Dkt. 103). Gromov complains that Belkin has not complied early, but fails to mention that the deadline was set at the end of May ***specifically because Gromov had rejected earlier deposition dates provided by Belkin*** and demanded that depositions be delayed until after Belkin completed its document productions. Given Gromov's own demands, offering deposition dates now would only lead to more disputes.

In short, there is simply no "non-compliance" or "non-responsiveness"[1] on the part of Belkin. Contrary to Gromov's accusations, Belkin is in fact following the schedule agreed-upon by the parties and ordered by the Court.

### B. Gromov's Representations about the Miley Case Are Inaccurate

Gromov represents to the Court that in *Miley v. Belkin*, the Los Angeles Superior Court recently "certified a class of all California purchasers of any Belkin power bank, from 2016 to present" and requested that the parties explore coordination in discovery (Dkt. 113 at 2-3.) Gromov's representation to this Court notably omits the critical fact that the Court in *Miley* **denied** certification for all claims other than a single claim for breach of an express warranty, including as to the plaintiff's claims alleging that Belkin's packaging deceived consumers. Belkin of course

---

[1] Gromov's complaint about responsiveness is apparently based on Belkin responding to an email three business days later.

welcomes efficiencies in discovery and will coordinate with Gromov and counsel in the *Miley* action to the extent appropriate, but allegations of consumer deception make up the bulk of Gromov's claims here and certification of those claims should similarly be denied, assuming the Court does not grant Belkin's motion to dismiss that has been pending since January 27, 2023 (*see* Dkt. 22) before any hearing on class certification.

**C.     Gromov Has Not Provided His Power Bank for Inspection**

Gromov's allegations of discovery delays are also not well-taken given that Gromov filed this action in December 2022 but has still not turned over the power bank that allegedly gave rise to his claims. That power bank should be turned over for testing immediately, in connection with Belkin's testing of Gromov's old mobile phone that he used with the Power Bank. (*See* Dkt. 109.) In addition, in ruling on the pending motion regarding the protocol for testing of the phone, the Court should make it clear that the power bank and phone may be tested together.

Dated: May 7, 2024                                     Respectfully submitted,

                                                                        By: */s/ Laura Kelly*
                                                                               Laura Kelly
                                                                               BAKER & MCKENZIE LLP
                                                                               300 East Randolph Street, Suite 5000
                                                                               Chicago, IL 60601
                                                                               Telephone: (312) 861-3700
                                                                               laura.kelly@bakermckenzie.com

                                                                               Edward Totino (admitted *pro hac vice*)
                                                                               Nancy Nguyen Sims (admitted *pro hac vice*)
                                                                               Michael T. Boardman (admitted *pro hac vice*)
                                                                               BAKER & MCKENZIE LLP
                                                                               10250 Constellation Blvd., Ste. 1850
                                                                               Los Angeles, CA 90067
                                                                               Telephone: (310) 210-4725
                                                                               edward.totino@bakermckenzie.com
                                                                               nancy.sims@bakermckenzie.com

                                                                               *Counsel for Defendant Belkin International, Inc.*