UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DENNIS GROMOV, | ) | |
| | ) | Case No. 22 C 6918 |
| Plaintiff, | ) | |
| | ) | District Judge Franklin U. Valderrama |
| v. | ) | Magistrate Judge Gabriel A. Fuentes |
| | ) | |
| BELKIN INTERNATIONAL, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

On February 28, 2024, this Court ordered Plaintiff to make his cell phone available to Defendant for testing. (D.E. 85). At a hearing on March 22, 2024, Defendant explained the method by which it intended to test, which involved (1) fully charging the power bank using a standard charger; (2) completely discharging the phone; (3) connecting a USB-C or micro-USB cable between the power bank and the phone; (4) using a USB-C or micro-USB male to female adapter board with exposed terminals to connect a current probe to measure the current and a voltage probe to measure the voltage; and (5) using a data logger to calculate the capacity and watt-hours placed into the phone. (D.E. 109: Def. Mot. Regarding Testing of Plaintiff's Samsung Galaxy S6 Edge Phone, at 1). After the status conference, the Court ordered the parties to meet and confer regarding a testing protocol and to submit either a join or contested motion to the Court. (D.E. 95).

Although the parties have made some progress on a final protocol for testing of Plaintiff's cell phone, they were unable to come to complete agreement, and Defendant filed the instant motion, seeking an order regarding the outstanding issues regarding a testing protocol. Specifically, there are three issues on which the parties still do not agree: privacy concerns, battery degradation, and identification of the expert who will test the phone.

1. With respect to accessing the phone so that Defendant's experts may measure the amount of output, the parties have agreed that "Plaintiff will provide the phone as-is, after disabling applications that can be disabled, switching of wi-fi and powering down the phone," as described in Exhibit 1. (Def. Mot. at 7). While Plaintiff acknowledges that this procedure "is not capable of 'hacking into,' 'reading,' or 'getting into'" the data on the phone (D.E. 112: Pl. Resp. to Def. Mot. Regarding Testing of Plaintiff's Phone, at 2), the Court agrees to modify the testing protocol to include the following language:

- Belkin's expert shall not, and shall not attempt to, read any of the files or stored data on the phone.
- Belkin's expert shall not unlock or attempt to unlock the phone.
- Belkin's expert shall provide to Gromov's counsel a sworn declaration verifying that he or she has complied with these provisions.

In ordering Plaintiff to turn over his cell phone for testing consistent with Exhibit 1, we deny his request that "Belkin's expert shall maintain a complete video record—from the moment the phone is unsealed from its shipping package until the phone is sealed back into a new package—sufficient to prove that the Hioki data logger is the only device ever connected to the phone," (Pl. Resp. at 2), as unnecessary. While that requirement may be part of the testing protocol in the *Miley* matter in California, Plaintiff has offered no evidence other than base speculation that Defendant will take any actions other than to undertake testing of the cell phone as represented in Exhibit 1, and nothing else.

2. With respect to Plaintiff's request that the protocol include language estopping Belkin from denying that its testing of his cell phone will or is likely to affect the battery's performance or that its testing involves direct, permanent, manipulation of the battery cell, and its concurrent request that "Gromov may inform the jury that Belkin's test affected the battery" (Pl. Resp. at 5), we find the request is both premature and not adequately supported by Plaintiff's arguments. While it may be true as a general (or even provable) proposition that some amount of use of a cellular phone affects battery life (and we make no determination to that effect), Plaintiff has offered no evidence to support a specific finding that Defendant's testing will have any significant or measurable effect on the battery life of Plaintiff's cell phone. Plaintiff offers a chart from an organization called "batteryuniversity.com" as its "proof" that charge/discharge cycles of a battery degrades its capacity by some amount over time, but admits "there is no hard number to gauge the severity of the issue." (Pl. Resp. at 4).

Defendant proposes to fully discharge Plaintiff's cell phone up to three times during its testing. (Def. Mot., Exh. 1). We have no evidence concerning the current status or strength of Plaintiff's cell phone battery, how may hours he has used it up until this time, or how "degraded" the battery currently may be. Plaintiff himself admits that "no one knows how many times Gromov himself has already discharged his phone." (Pl. Resp. at 4). Any decisions concerning what a jury may or may not be told about the effect Belkin's testing may or may not have on the battery life of Plaintiff's phone cannot be made absent the exchange of considerably more information (and possibly expert analysis), which is better suited to a motion in limine in advance of trial.

3. Finally, we grant Plaintiff's request that Belkin disclose the name and credentials of its expert. Although Defendant does not raise this issue in its motion, pursuant to our discretion to manage discovery, *Jones v. City of Elkhart,* 737 F.3d 1107, 1115 (7th Cir. 2013), we agree with Plaintiff that it is entitled to the identity and credentials of the expert Defendant plans to use to test the cell phone, prior to such testing taking place, and thus adjust the deadline for Defendant to make such a disclosure. At this time, Defendant does not have to produce any other information about its expert other than its name and credentials.

   Therefore, we order that by May 22, 2024, Defendant shall provide Plaintiff with the name and CV or other credentials of the expert who will test Plaintiff's cellular phone in accordance with the Exh. 1 protocol with the modifications described above. Barring any reasonable objection to the identity of the expert, Plaintiff shall produce his cellular phone to Defendant for testing by May 28, 2024.

**SO ORDERED.**

            ENTER:

            _____
            **GABRIEL A. FUENTES**
            **U.S. Magistrate Judge**

**Dated: May 17, 2024**