UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DENNIS GROMOV, | ) | |
| | ) | Case No. 22 C 6918 |
| Plaintiff, | ) | |
| | ) | District Judge Franklin U. Valderrama |
| v. | ) | Magistrate Judge Gabriel A. Fuentes |
| | ) | |
| BELKIN INTERNATIONAL, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is a joint status report (D.E. 128), which the parties filed on 8/30/24 as ordered by the Court on 7/31/24 (D.E. 124) to include "the parties' views on whether additional discovery is warranted based on the completed depositions and whether the parties are interested in a settlement conference with the magistrate judge." At the time of the Court's previous order, the parties represented that they had agreed to take the Rule 30(b)(6) deposition of Belkin (by representative deponent Melody Tecson) on 8/15/24, and one of Defendant's former employees, Norbert von Boode, on 8/30/24. Disappointingly, those two depositions did not take place as scheduled. Discovery in this case closed on schedule on September 6, 2024, and the expert discovery schedule (as previously ordered on 7/31/24 (D.E. 124) stands and remains set to close on 1/29/25. The Court below considers the need for any additional discovery based on the 8/30/24 status report.

Rather than fix blame on one party or the other for the highly disfavored last-minute cancellation of the two depositions, the Court will simply grant the parties leave to complete them no later than 10/15/24, without regard to whether they will be or have been taken in the *Miley* case, as the Court before fact discovery close was presented with no motion or other request to manage

their depositions in any particular way relative to *Miley*. At this point it is time to complete all fact discovery in this case, period. The Court appreciates Belkin's position that Gromov cancelled these depositions without good cause so that the depositions may not be taken now, and the Court has its doubts about whether the 8/13/24 supplemental document production by Belkin justified the postponement of these depositions, but in the interest of promoting the efficient, final and just conclusion of fact discovery, the Court in its broad discretion is permitting these depositions to be completed by 10/15/24. *See Jones v. City of Elkhart, Ind.,* 737 F.3d 1107, 1115 (7th Cir. 2013); Fed. R. Civ. P. 1. Fact discovery in this case, like all good things, must come to an end. *See* Geoffrey Chaucer, Troilus and Criseyde, Book III, Verse 88 (ca. 1380), reprinted in Mortimer Adler, Great Books of the Western World, Vol. 22 at 66 (Encyclopaedia Britannica 1952) ("at the laste, as every thing hath ende, She took hir leve, and nedes wolde wende").

Given the need for fact discovery to conclude in this case, and the need to minimize its extension occasioned by the injection of last-minute issue or problems that needed to be resolved or presented earlier in the discovery period, the outstanding written discovery disputes referenced in the status report will not be resolved now, and fact discovery is closed as to those disputes. The Court's intention in ordering the 8/30/24 report was to obtain a report on how discovery was wrapping up a week before the closure date, and not to provide the parties with a vehicle to introduce new issues or to litigate old ones that needed to be presented much earlier in order for them to be resolved in time for the 9/6/24 discovery close.

The next status report on the conclusion of the supplemental discovery permitted in this order, and on settlement status, is due at noon on 10/17/24.

**SO ORDERED.**

          **ENTER:**

          _____

          **Gabriel A. Fuentes**

          **U.S. Magistrate Judge**

**DATED:  September 12, 2024**