UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **DENNIS GROMOV,** individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> *v.* <br><br> **BELKIN INTERNATIONAL, INC.,** <br><br> Defendant. | Case No. 1:22-cv-6918 <br><br><br> Judge Valderrama <br><br> Magistrate Judge Fuentes |

## GROMOV'S MOTION TO STAY PENDING
## ORDER ON MOTION TO DISMISS

Gromov now moves for a stay of all deadlines in this action until such time as the Court rules on Belkin's pending motion to dismiss. Belkin opposes a stay until all expert discovery is complete and has no objection to a stay thereafter.

On January 27, 2023, Belkin filed a motion to dismiss this action, and Gromov opposed it. The parties then went on to conduct contested discovery and exchanged initial expert disclosures. No expert has been deposed yet, and no trial date has been set.

The motion to dismiss, meanwhile, remains pending. Gromov has interpreted the Court's silence on that motion as a denial—for now—but Belkin's motion might yet be granted in whole or in part.

While the parties disagree on the merits of that motion, further litigation beyond this point runs the risk of wasting the time and resources of the parties and the Court. A decision on Belkin's motion to dismiss will conserve those resources, and will aid the parties in understanding the scope of this putative class action. Gromov also assumes that, at the very least, the motion

1

will have to be decided before trial is held. Gromov now asks the Court to stay further activity until the motion to dismiss can be decided.

Belkin's motion raised several arguments for the Court's consideration. Without rearguing the motion or its lack of merit, Gromov would like to point out that resolution of Belkin's motion would aid both parties in understanding the scope of the claims. Here are some key points still undecided:

- Belkin argues that each of the counts in Gromov's complaint fails for substantive reasons having to do with the necessary elements of proof under Illinois law. (Belkin's MTD, ECF No. 22, at 4–8.) If the Court were to adopt all of these arguments, the action would be terminated entirely.

- This is a class action whose proposed class definition includes consumers of ten states—Illinois being one, and the other nine being states that Gromov claims have laws similar enough to Illinois that Gromov can represent their citizens, too. Belkin disagrees, asserting that as a matter of standing, Gromov cannot represent a class containing citizens of those other states. (MTD at 11–12.) Were the Court to agree with Belkin, it would shrink the class definition by approximately 90% (assuming consumers are evenly distributed by population). This ruling would be material.

- There are approximately 100 different Belkin power bank models, from various lines and sub-lines, and different sizes of the same general type (e.g., "Pocket Power" 5K/10K/15K). Gromov defined his class to include purchasers of all these models, including models that are substantially similar to his, on the theory that all of them are marketed in the same allegedly deceptive way. Belkin argued that as a matter of standing, Gromov cannot represent anyone other than a buyer of his *specific* model. (MTD at 12–14.)

    The Magistrate Judge limited discovery in the action to power banks other than those with wireless capabilities. (ECF No. 85 at 2–3.) However, formally, Gromov's entire class definition is at issue until the Court rules on this argument of Belkin's. Were the Court to agree with Belkin, it would shrink the class definition by perhaps 99% (eliminating all but 1 of the 100 or so models).

If the action isn't dismissed outright, the scope of the ultimate class definition might end up dramatically different from how Gromov defined it in his complaint. From that ten-state, all-models class, the Court could conceivably narrow the scope down to an Illinois-only class of a

single model, cutting the number of transactions at issue by something like 99.9%. That would obviously have a significant impact on the amount of money at issue for both sides.

The Court's decision on the motion to dismiss affects the work presently being done by all six of the parties' experts, because each expert opines on some or all of: the technical characteristics of all models, the damages owed to purchasers of all models, and the damages owed to consumers in all 10 states.

In the next few weeks, the parties will conduct six expert depositions and are likely to serve a rebuttal report from every expert as well. The joint cost of doing so—in terms of expert work, expert witness fees, travel, transcripts, and lawyer hours—could easily exceed $200,000. But if the Court is about to substantially narrow the scope of the class, this money and time might be wasted. Both parties would benefit from a ruling on the motion to dismiss before doing this further work.

There are other good reasons to stay activity until the motion to dismiss is decided. First, Gromov points out that Belkin has never filed an answer to the complaint; Gromov has never seen Belkin's affirmative defenses. Potentially, there is something that will require discovery or further litigation which Belkin has not yet raised. Both sides would benefit from Belkin filing its answer. Second, eventually Gromov will have the evidence in hand necessary to move for class certification. Without knowing the Court's ruling on the motion to dismiss, Gromov does not yet know the scope of the claims and the class that could be certified. Third, although Judge Fuentes did not allow discovery into wireless power banks (ECF 85 at 2–3), if the Court ultimately denies Belkin's motion to dismiss and rules that every Belkin power bank could be part of a class definition, then Gromov will likely seek additional fact discovery on the wireless power banks. For

all these reasons, it does not make sense for the train to get much further down the tracks until the Court decides the motion to dismiss.

Finally, the absence of a ruling on the motion to dismiss has made this case difficult to value and potentially resolve. Without knowing how the Court will rule, Gromov has pressed ahead with a maximalist strategy, while Belkin has clearly continued to hope that the entire action might be dismissed at any time. Neither side has the full information to settle the case with confidence, which has possibly protracted this litigation.

In conclusion, Gromov respectfully requests the Court to enter an order as follows:

- Staying all deadlines and all activity in the action until such time after the Court decides Belkin's pending motion to dismiss dated January 27, 2023.
- Granting the parties relief to establish a new case schedule—including class certification motion deadlines—14 days after the Court rules on the motion to dismiss.

Gromov appreciates the Court's consideration.

Respectfully submitted,

Date: January 31, 2025

/s/ William F. Cash III

William F. Cash III (Ill. Bar No. 6330856)
bcash@levinlaw.com
Matthew D. Schultz (*pro hac vice*)
mschultz@levinlaw.com
**LEVIN, PAPANTONIO, RAFFERTY, PROCTOR, BUCHANAN, O'BRIEN, BARR & MOUGEY, P.A.**
316 South Baylen Street, Suite 600
Pensacola, FL 32502
Phone: 850-435-7059

Seyed Abbas Kazerounian (Ill. Bar No. 6316129)
ak@kazlg.com
**KAZEROUNI LAW GROUP, APC**
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Phone: 800-400-6808

Jason A. Ibey (Bar. No. 16691)
jason@kazlg.com
**KAZEROUNI LAW GROUP, APC**
321 N. Mall Drive, Suite R108
St. George, Utah 84790
Phone: 800-400-6808

D. Greg Blankinship (*pro hac vice*)
gblankinship@fbfglaw.com
Bradley F. Silverman (*pro hac vice*)
bsilverman@fbfglaw.com
**FINKELSTEIN, BLANKINSHIP,**
**FREI-PEARSON & GARBER, LLP**
1 North Broadway, Suite 900
White Plains, NY 10601
Phone: 914-298-3290

*Attorneys for Plaintiff Dennis Gromov*

**CERTIFICATE UNDER LOCAL RULE 37.2**

The parties conferred by e-mail only. Belkin did not respond to multiple requests for a phone call. Belkin opposes the stay sought here. It has no objection to a stay thereafter.

/s/ William F. Cash III