IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DENNIS GROMOV, individually and on behalf of all other similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BELKIN INTERNATIONAL, INC.,<br><br>Defendant. | Case No. 1:22-cv-06918<br><br>Hon. Franklin U. Valderrama<br><br>Magistrate Judge Gabriel A. Fuentes |

**BELKIN'S RESPONSE TO PLAINTIFF'S MOTION TO STAY**

In advance of the hearing on February 6, Belkin submits the following response to Plaintiff's motion to stay the entire case including the remaining expert discovery deadlines (Dkt. 139).

**I.　INTRODUCTION**

Belkin believes that Plaintiff's complaint has been meritless from the start and of course wants the Court to rule on its motion to dismiss, but a stay of expert discovery would not create any efficiencies at this point. The parties and their experts have already completed fact discovery, served opening expert reports and have put significant work in to prepare for expert depositions and complete rebuttal reports. Indeed, expert depositions are set to commence next week. Indefinitely staying the last month of expert discovery would not result in a more streamlined process; it would result in double-work as the experts (and parties) would need to pause work on a case in which they are immersed only to resume again at some later time, causing additional time and expense to refamiliarize themselves with the facts and issues presented in the case. The most efficient path forward at this point is simply to follow the existing plan and complete the work that has already begun. Pausing the remainder of expert discovery indefinitely would also unfairly reward Plaintiff for its inexcusable failure to meet the Court's existing deadlines.

While couched as seeking efficiency, the real reason that Plaintiff has moved for a stay is to seek cover for its failure to serve a timely expert report for its consumer survey expert. Despite expert disclosure deadlines being repeatedly extended, Plaintiff originally served his consumer survey expert report on December 5, 2024, but that report did not include a survey of any of the potential class members in this case. Instead, it included only a survey on consumers in California that Plaintiff's counsel had from another case that alleges a California-only class. Then, a few days ago on Friday, January 31, Plaintiff served a new opening expert survey report, *8 weeks after the deadline*. There is no excuse for Plaintiff's failure to meet the Court's deadline for expert reports and the Court should not reward Plaintiff by issuing an indefinite stay of the remaining deadlines, so that Plaintiff could argue that its untimely expert disclosure caused no prejudice to Belkin. In fact, Plaintiff's failure to comply with the Court's deadline has *already* caused prejudice, as Belkin's consumer survey expert has been working on a rebuttal report for weeks. The Court should deny Plaintiff's request for a stay and allow expert discovery to conclude, as the parties have already agreed and the Court has already ordered.

**II.     FACTUAL BACKGROUND**

Plaintiff filed this case in December 2022 and Belkin moved to dismiss under Rule 12(b)(6) for failure to state a claim. (Dkt. 22.) Although that motion was fully briefed as of March 22, 2023, the Court has not yet ruled on the motion. In the meantime, the case has proceeded through fact and expert discovery, with the Court granting serial extensions of time along the way.

Fact discovery was initially set to close on October 31, 2023. (Dkt. 29.) The Court extended that deadline to February 28, 2024 and then, at Plaintiff's request, extended the fact discovery deadline again to April 29, 2024, setting June 28, 2024 as the close of expert discovery. (Dkt. 78, 79.) The Court later extended those deadlines again so that fact discovery would close on July 18, 2024, expert disclosures would be due on August 15, 2024 and expert discovery would

2

close on October 10, 2024. (Dkt. 103.) In July 2024, the Court extended those deadlines for a fifth time, setting September 6, 2024, as the close of fact discovery and continuing expert dates by approximately another 90 days. (Dkt. 124.)

On August 30, Plaintiff sought a further extension of all of these deadlines yet again. (Dkt. 128.) The Court rejected that request, except to permit two depositions that had previously been planned but had not gone forward. (Dkt. 130.) On October 18, 2024, the Court set December 5, 2024 as the deadline to serve expert disclosures and January 29, 2025 as the deadline to complete expert discovery. (Dkt. 133.) The Court also said that "[w]ith respect to summary judgment and class certification schedules, the Court leaves those matters to resolve in the district court in consideration of the pending Rule 12 motion." (Dkt. 133.) Because the extension did not include a deadline to serve rebuttal reports, the Court later ordered that rebuttal reports would be due on February 20, 2025 and the deadline to complete expert discovery was extended to March 14, 2025. (Dkt. 135.) Plaintiff did not seek a stay at that time and the parties served opening expert reports on December 5, 2024. The parties and their experts have been working on rebuttal reports to meet the February 20 deadline.

On Wednesday, January 29, 2025, Plaintiff requested that Belkin agree to stay the case pending a resolution of Belkin's motion to dismiss. Belkin's counsel responded that he needed to confer with Belkin regarding Plaintiff's request. Plaintiff then filed a motion to stay, which the Court rejected because it did not contain Belkin's position. (Dkt. 138.) Belkin responded that day to report that it opposes a stay before expert discovery is completed (and all discovery is therefore closed), but has no objection to a stay after that point, given that the experts' work had nearly been completed and staying the case before expert discovery concluded would lead to inefficiencies.

3

In the late afternoon on Friday, January 31, 2025, Plaintiff served a new Expert Report of Itamar Simonson (Plaintiff's consumer survey expert) dated January 30, 2025. This report is directed to Plaintiff's burden of establishing liability in this case and was due eight weeks earlier, on December 5.

### III. ARGUMENT

As the movant on the motion to stay, Plaintiff has "the burden to show that good cause exists for a stay." *CFPB v. Townstone Financial, Inc.*, 2022 WL 22896877, *4 (N.D. Ill. Dec. 12, 2022) (Fuentes, J.). Plaintiff has made no effort to make this showing.

"In determining whether good cause exists to stay discovery during the pendency of a motion to dismiss, courts consider the following factors: (1) whether a stay will prejudice the non-moving party; (2) whether a stay will simplify the issues in the case; and (3) whether a stay will reduce the burden of litigation for the parties or the court." *Id.* Here, Plaintiff's motion to stay follows on serial requests to extend deadlines and demonstrates that Plaintiff is still unable to meet its obligations to prosecute the case that it filed in 2022. While couched as seeking efficiency, Plaintiff's motion is in fact an attempt to mitigate the prejudice caused by its recent untimely expert disclosure.

On December 5, 2024, the deadline to serve expert disclosures, Plaintiff served a report from Dr. Itamar Simonson that reflected a survey of California consumers, despite California not being part of any proposed class in this case.[1] Plaintiff then served a second report from Dr. Simonson eight weeks later, on January 31, which purports to address the relevant consumers in this action. There is no excuse for this untimely disclosure and it has already caused prejudice to Belkin, which has actively been working on rebuttal expert reports, including one to the original

---

[1] This report was presumably prepared in connection with *Miley v. Belkin*, which is concurrently being prosecuted by the same plaintiff's counsel in Los Angeles Superior Court.

4

Simonson report, and preparing for depositions. Pausing that process indefinitely now would force Belkin to bear the unnecessary expense of having its experts refamiliarize themselves with the case at some later time. It would also provide unjustified cover for Plaintiff's failure to comply with the Court's deadlines. Therefore, a stay will prejudice Belkin by causing it to incur additional fees and expenses and potentially allowing Plaintiff to avoid the consequences of its untimely expert disclosure. The first factor weighs against a stay.

The second and third factors also weigh against a stay. Fact discovery has concluded and expert discovery is almost finished. Therefore, it is too late for a stay to simplify the issues in the case or to reduce the burden of litigation for the parties or the court.

Indeed, courts often deny discovery stays when they are sought after the initial stages of the action. For example, in *Townstone*, the Court in denying a stay noted that "discovery is hardly in its infancy, and neither is this action." *Id.*, *5. Similarly, in *Berkeley*IEOR v. Teradata Operations, Inc.*, 2023 WL 2390518, *6 (N.D. Ill. Mar. 7, 2023), the court denied a motion to stay expert discovery where expert discovery was near completion. The Court should similarly deny Plaintiff's motion to stay here.

Belkin therefore respectfully requests that the Court maintain its existing discovery schedule and that the parties submit a request to Judge Valderrama to set additional case deadlines after the close of discovery.

**IV.     CONCLUSION**

Belkin agrees that the Court should issue a ruling on Belkin's pending motion to dismiss prior to the parties seeking class certification, moving for summary judgment or moving forward with trial, but staying what little is left of expert discovery now would only create more (and likely duplicative) work, impose additional expense on Belkin, and reward Plaintiff for his failure to meet the deadline to serve expert disclosures. With only a month remaining in expert discovery, there

5

are no efficiencies to be gained by stopping (and later potentially restarting) expert work. If Plaintiff is unprepared to prosecute its lawsuit at this point, he should simply dismiss the complaint.

Dated: February 4, 2025          Respectfully submitted,

        /s/ Edward Totino

Edward Totino (admitted *pro hac vice*)
Nancy Nguyen Sims (admitted *pro hac vice*)
Michael T. Boardman (admitted *pro hac vice*)
BAKER & MCKENZIE LLP
10250 Constellation Blvd., Ste. 1850
Los Angeles, CA 90067
Telephone: (310) 210-4725
edward.totino@bakermckenzie.com
nancy.sims@bakermckenzie.com
michael.boardman@bakermckenzie.com

Laura A. Kelly
BAKER & MCKENZIE LLP
300 East Randolph Street, Suite 5000
Chicago, IL 60601
Telephone: (312) 861-8000
laura.kelly@bakermckenzie.com

*Counsel for Defendant Belkin International, Inc.*