**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

|  |  |  |
|---|---|---|
| DENNIS GROMOV, individually and on behalf of all other similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 1:22-cv-06918 |
| v. | ) ) | Hon. Franklin U. Valderrama |
| BELKIN INTERNATIONAL, INC., | ) ) | Magistrate Judge Gabriel A. Fuentes |
| Defendant. | ) ) | |

**DEFENDANT BELKIN INTERNATIONAL, INC'S**
**ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT**

Defendant Belkin International, Inc. ("Belkin" or "Defendant") hereby responds to the class action Complaint filed by Plaintiff Dennis Gromov ("Gromov" or "Plaintiff") as follows:

The Complaint contravenes the Federal Rules of Civil Procedure by improperly combining factual allegations with legal conclusions and argument. Many of the Complaint's allegations are overly broad, vague, conclusory, and/or contain terms that are undefined and susceptible to different meanings. Accordingly, by way of general response, all allegations in the Complaint are denied unless expressly and specifically admitted. Any factual allegation admitted below is admitted only as to the specific facts and not as to any conclusions, characterizations, implications, or speculation contained in the allegation or the Complaint as a whole.

Defendant further states that the headings and sub-headings throughout the Complaint do not constitute well-pled allegations of fact and therefore require no response. To the extent a response is deemed required, Defendant denies the allegations contained in the headings and subheadings of the Complaint. To the extent Defendant uses terms in this Answer defined in the Complaint, that use is not an acknowledgement or admission of any characterization Plaintiff may ascribe to the defined terms.

Except as explicitly admitted herein, Defendant denies each and every allegation of the Complaint. The comments and objections in this Introductory Statement are incorporated into each numbered paragraph of this Answer. Defendant further answers the numbered paragraphs in the Complaint as follows:

1.      Defendant admits that it sells power banks.  Defendant denies all remaining allegations in Paragraph 1.

2.      This paragraph contains legal arguments, conclusions, and characterizations and therefore no response is required.  To the extent there are any allegations of fact to which a response from Defendant is required, Defendant admits that many consumers use portable electronic devices.  Defendant denies any remaining allegations in Paragraph 2.

3.      This paragraph contains legal arguments, conclusions, and characterizations and therefore no response is required.  To the extent there are any allegations of fact to which a response from Defendant is required, Defendant admits that portable electronic devices require power to be used and must be periodically recharged.  Defendant denies any remaining allegations in Paragraph 3.

4.      This paragraph contains legal arguments, conclusions, and characterizations and therefore no response is required.  To the extent there are any allegations of fact to which a response from Defendant is required, Defendant admits that it markets and sells power banks. Defendant denies any remaining allegations in Paragraph 4.

5.      This paragraph contains legal arguments, conclusions, and characterizations and therefore no response is required.  To the extent there are any allegations of fact to which a response from Defendant is required, Defendant admits that power banks can connect to portable electronic devices for the purpose of charging those devices and can be charged at home. Defendant denies any remaining allegations in Paragraph 5.

6.      Defendant denies the allegations in Paragraph 6.

7.      This paragraph contains legal arguments, conclusions, and characterizations and therefore no response is required.  To the extent there are any allegations of fact to which a

response from Defendant is required, Defendant denies the allegations in Paragraph 7.

8.     Defendant denies the allegations in Paragraph 8.

9.     Defendant denies the allegations in Paragraph 9.

10.     This paragraph contains legal arguments, conclusions, and characterizations and therefore no response is required. To the extent there are any allegations of fact to which a response from Defendant is required, Defendant denies the allegations in Paragraph 10.

11.     Defendant lacks knowledge as to what "technology companies" are aware of and the term "this" is vague and ambiguous. Defendant is therefore unable to admit or deny the allegations in the first sentence of Paragraph 11. Defendant admits that it sells multiple models of power banks, but denies that any product other than the model purchased by Plaintiff is relevant to this action in light of the Court's order on Defendant's motion to dismiss.

12.     Defendant denies the allegations in Paragraph 12 and objects to the definition of "Products" in light of the Court's order on Defendant's motion to dismiss.

13.     Defendant denies the allegations in Paragraph 13 and objects to the definition of "Products" in light of the Court's order on Defendant's motion to dismiss.

14.     Defendant lacks knowledge as to what a "key player" means, what Plaintiff means by the "industry," and the truth of the allegations regarding the sales figures for the "industry" and therefore denies the allegations in Paragraph 14.

15.     Defendant denies the allegations in Paragraph 15.

16.     This paragraph contains legal arguments, conclusions, and characterizations and therefore no response is required. To the extent there are any allegations of fact to which a response from Defendant is required, Defendant denies the allegations in Paragraph 16.

17.     Defendant denies the allegations in Paragraph 17.

18.     Defendant lacks knowledge as to the truth or falsity of the allegations in Paragraph 18 and therefore denies those allegations.

19.     This paragraph contains legal arguments, conclusions, and characterizations and therefore no response is required. Indeed, allegations about "other consumers'" experience with

products other than the Pocket Power 10k are irrelevant to the Complaint in light of the Court's order on Defendant's motion to dismiss. To the extent there are any allegations of fact to which a response from Defendant is required, Defendant denies the allegations in Paragraph 19.

20.     Defendant admits that Plaintiff purports to bring a class action claim against Defendant. Defendant denies that Plaintiff's claims have merit.

21.     Defendant admits that Plaintiff was a citizen and resident of Illinois.

22.     Defendant admits that it is a Delaware Corporation with its principal place of business in El Segundo, California. Defendant objects to the term "Products" as it encompasses products that are not at issue in this litigation.

23.     Defendant admits that this Court has subject matter jurisdiction over Plaintiff's claims. Defendant otherwise denies the allegations in Paragraph 23.

24.     Defendant admits that venue in this Court is proper for Plaintiff's claims. Defendant otherwise denies the allegations in Paragraph 24.

25.     Defendant admits that this Court has personal jurisdiction over Defendant for purposes of Plaintiff's claims. Defendant otherwise denies the allegations in Paragraph 25.

26.     Defendant admits that it was founded in 1983 and has offices in the United States and other countries. Defendant further admits that it is a subsidiary or affiliate of Foxconn Interconnect Technology Limited in 2018, but denies that Foxconn Interconnect Technology Limited is one of the largest companies in the world.

27.     Defendant states that the allegations in paragraph 27 are vague and ambiguous and denies the allegations in that paragraph.

28.     Defendant admits that it markets power banks that are sold in multiple states, but denies that facts related to product models other than the Pocket Power 10k are relevant to this action.

29.     Defendant denies the allegations in Paragraph 29.

30.     Defendant denies the allegations in Paragraph 30.

31.     Defendant does not understand the allegations in Paragraph 31 and therefore

denies them.

32.     Defendant denies the allegations in Paragraph 32.

33.     Defendant objects to the allegations in Paragraph 33 as nonsensical as mAh is not delivered to portable electronic devices, energy is, and denies the allegations on that basis.

34.     Defendant denies the allegations in Paragraph 34.

35.     Defendant denies the allegations in Paragraph 35.

36.     Defendant denies the allegations in Paragraph 36.

37.     This paragraph contains legal arguments, conclusions, and characterizations and therefore no response is required.  To the extent there are any allegations of fact to which a response from Defendant is required, Defendant denies the allegations in Paragraph 37.

38.     Defendant denies the allegations in Paragraph 38 and objects to allegations related to products other than the Pocket Power 10k.

39.     Defendant does not understand what is being alleged in Paragraph 39 and therefore denies the allegations.

40.     This paragraph contains legal arguments, conclusions, and characterizations and therefore no response is required.  To the extent there are any allegations of fact to which a response from Defendant is required, Defendant denies the allegations in Paragraph 40.

41.     This paragraph contains legal arguments, conclusions, and characterizations and therefore no response is required.  To the extent there are any allegations of fact to which a response from Defendant is required, Defendant denies the allegations in Paragraph 41.

42.     Defendant denies the allegations in Paragraph 42 and objects to allegations related to products other than the Pocket Power 10k.

43.     Defendant denies the allegations in Paragraph 43 and objects to allegations related to products other than the Pocket Power 10k.

44.     Defendant admits that the Pocket Power 10k contains, among other things, an internal battery cell and circuit board which, among other things, can regulate voltage. Defendant objects to the allegations in paragraph 44 as to any other product.

45.     Defendant denies the allegations in Paragraph 45 and objects to allegations related to products other than the Pocket Power 10k.

46.     Defendant denies the allegations in Paragraph 46 and objects to allegations related to products other than the Pocket Power 10k.

47.     Defendant denies the allegations in Paragraph 47 and objects to allegations related to products other than the Pocket Power 10k.

48.     Defendant denies the allegations in Paragraph 48.

49.     Defendant denies the allegations in Paragraph 49.

50.     This paragraph contains legal arguments, conclusions, and characterizations and therefore no response is required.  To the extent there are any allegations of fact to which a response from Defendant is required, Defendant denies the allegations in Paragraph 50.

51.     This paragraph contains legal arguments, conclusions, and characterizations and therefore no response is required.  To the extent there are any allegations of fact to which a response from Defendant is required, Defendant denies the allegations in Paragraph 51.

52.     This paragraph contains legal arguments, conclusions, and characterizations and therefore no response is required.  Defendant is also unable to admit or deny the factual allegations in Paragraph 52 because it is unclear what is being communicated about any particular product and Defendant objects to the allegations to the extent they involve any products other than the Pocket Power 10k.  To the extent there are any allegations of fact to which a response from Defendant is required, Defendant denies the allegations in Paragraph 52.

53.     This paragraph contains legal arguments, conclusions, and characterizations and therefore no response is required.  Defendant is also unable to admit or deny the factual allegations in Paragraph 53 because it is unclear what is being communicated about any particular product and Defendant objects to the allegations to the extent they involve any products other than the Pocket Power 10k.  To the extent there are any allegations of fact to which a response from Defendant is required, Defendant denies the allegations in Paragraph 53.

54.     This paragraph contains legal arguments, conclusions, and characterizations and

therefore no response is required. To the extent there are any allegations of fact to which a response from Defendant is required, Defendant lacks knowledge as to the truth or falsity of the allegations in Paragraph 54 and therefore denies those allegations.

55. Defendant admits that the package for the Pocket Power 10K says "10000 mAh on it. Defendant denies the remaining allegations in Paragraph 55.

56. This paragraph contains legal arguments, conclusions, and characterizations and therefore no response is required. To the extent there are any allegations of fact to which a response from Defendant is required, Defendant lacks knowledge as to the truth or falsity of the allegations in Paragraph 56 and therefore denies those allegations.

57. This paragraph contains legal arguments, conclusions, and characterizations and therefore no response is required. To the extent there are any allegations of fact to which a response from Defendant is required, Defendant lacks knowledge as to the truth or falsity of the allegations in Paragraph 57 and therefore denies those allegations.

58. This paragraph contains legal arguments, conclusions, and characterizations and therefore no response is required. Defendant also objects that the allegations in this paragraph are nonsensical as mAh are not delivered, energy is. To the extent there are any allegations of fact to which a response from Defendant is required, Defendant lacks knowledge as to the truth or falsity of the allegations in Paragraph 58 and therefore denies those allegations.

59. Defendant denies the allegations in Paragraph 59 and objects to the extent they relate to products other than the Pocket Power 10k.

60. This paragraph contains legal arguments, conclusions, and characterizations and therefore no response is required. To the extent there are any allegations of fact to which a response from Defendant is required, Defendant denies those allegations.

61. This paragraph contains legal arguments, conclusions, and characterizations and therefore no response is required. To the extent there are any allegations of fact to which a response from Defendant is required, Defendant denies those allegations and objects to the extent the allegations relate to any products other than the Pocket Power 10k.

62. This paragraph contains legal arguments, conclusions, and characterizations and therefore no response is required. To the extent there are any allegations of fact to which a response from Defendant is required, Defendant denies those allegations.

63. This paragraph contains legal arguments, conclusions, and characterizations and therefore no response is required. To the extent there are any allegations of fact to which a response from Defendant is required, Defendant denies those allegations.

64. This paragraph contains legal arguments, conclusions, and characterizations and therefore no response is required. To the extent there are any allegations of fact to which a response from Defendant is required, Defendant denies those allegations.

65. This paragraph contains legal arguments, conclusions, and characterizations and therefore no response is required. To the extent there are any allegations of fact to which a response from Defendant is required, Defendant denies those allegations.

66. Defendant denies the allegations in Paragraph 66.

67. Defendant denies the allegations in Paragraph 67 and objects to the extent the allegations relate to products other than the Pocket Power 10k.

68. Defendant denies the allegations in Paragraph 68 and objects to the extent the allegations relate to products other than the Pocket Power 10k.

69. Defendant denies the allegations in Paragraph 69 and objects to the extent the allegations relate to products other than the Pocket Power 10k.

70. Defendant denies the allegations in Paragraph 70 and objects to the extent the allegations relate to products other than the Pocket Power 10k.

71. Defendant denies the allegations in Paragraph 71 and objects to the extent the allegations relate to products other than the Pocket Power 10k.

72. This paragraph contains legal arguments, conclusions, and characterizations and therefore no response is required. To the extent there are any allegations of fact to which a response from Defendant is required, Defendant denies those allegations.

73. Defendant denies the allegations in Paragraph 73 and objects to the extent the

allegations relate to products other than the Pocket Power 10k.

74.     This paragraph contains legal arguments, conclusions, and characterizations and therefore no response is required.  To the extent there are any allegations of fact to which a response from Defendant is required, Defendant denies those allegations.

75.     Defendant denies that it has engaged in any deceptive acts, as Plaintiff contends that it alleged in a May 3, 2022 letter.

76.     This paragraph contains legal arguments, conclusions, and characterizations and therefore no response is required.  To the extent there are any allegations of fact to which a response from Defendant is required, Defendant denies those allegations.

77.     Defendant admits that Plaintiff purports to bring claims on behalf of an Illinois class and a multistate class.  Defendant denies that Plaintiff is entitled to the requested relief.

78.     This paragraph describes a defined term used in the Complaint and therefore no response is required.  To the extent there are any allegations of fact to which a response from Defendant is required, Defendant admits that "Class" as used in the Complaint refers to both the Illinois and Multistate Classes unless expressly distinguished.  Defendant denies that any class could be certified.

79.     This paragraph contains a legal conclusion regarding the scope of the class that Plaintiff seeks to certify and therefore no response is required.  To the extent there are any allegations of fact to which a response from Defendant is required, Defendant denies those allegations, including that that any class could be certified.

80.     This paragraph contains legal conclusions regarding the class that Plaintiff seeks to certify and therefore no response is required.  To the extent there are any allegations of fact to which a response from Defendant is required, Defendant denies those allegations, including that that any class could be certified.

81.     This paragraph contains legal conclusions regarding the class that Plaintiff seeks to certify and therefore no response is required.  To the extent there are any allegations of fact to which a response from Defendant is required, Defendant denies those allegations, including that

that any class could be certified.

82.     This paragraph contains legal conclusions regarding the class that Plaintiff seeks to certify and therefore no response is required.  To the extent there are any allegations of fact to which a response from Defendant is required, Defendant denies those allegations, including that that any class could be certified and objects to the extent the allegations relate to products other than the Pocket Power 10k.

83.     Defendant admits that it is a global consumer electronics leader and published the press release linked in fn. 4.  To the extent that Paragraph 83 alleges compliance with Fed. R. Civ. P. 23(a)(1), such allegations are legal conclusions and therefore no response is required, however Defendant denies that Plaintiff has met the standard for numerosity.

84.     This paragraph contains legal conclusions regarding the class that Plaintiff seeks to certify and therefore no response is required.  To the extent there are any allegations of fact to which a response from Defendant is required, Defendant denies those allegations, including that that any class could be certified.

85.     This paragraph contains legal conclusions regarding the class that Plaintiff seeks to certify and therefore no response is required.  To the extent there are any allegations of fact to which a response from Defendant is required, Defendant denies those allegations, including that that any class could be certified.

86.     This paragraph contains legal conclusions regarding the class that Plaintiff seeks to certify and therefore no response is required.  To the extent there are any allegations of fact to which a response from Defendant is required, Defendant denies those allegations, including that that any class could be certified and objects to the extent the allegations relate to products other than the Pocket Power 10k.

87.     Defendant denies the allegations in Paragraph 87.

88.     This paragraph contains legal conclusions regarding the class that Plaintiff seeks to certify and therefore no response is required.  To the extent there are any allegations of fact to which a response from Defendant is required, Defendant denies those allegations, including that

that any class could be certified and objects to the extent the allegations relate to products other than the Pocket Power 10k.

89.     Defendant denies the allegations in Paragraph 89.

90.     This paragraph contains legal conclusions regarding the class that Plaintiff seeks to certify and therefore no response is required.  To the extent there are any allegations of fact to which a response from Defendant is required, Defendant denies those allegations, including that that any class could be certified and objects to the extent the allegations relate to products other than the Pocket Power 10k.

91.     This paragraph contains a legal conclusion regarding the class that Plaintiff seeks to certify and therefore no response is required.  To the extent there are any allegations of fact to which a response from Defendant is required, Defendant denies those allegations, including that that any class could be certified and objects to the extent the allegations relate to products other than the Pocket Power 10k.

92.     This paragraph contains legal conclusions regarding the class that Plaintiff seeks to certify and therefore no response is required.  To the extent there are any allegations of fact to which a response from Defendant is required, Defendant denies those allegations, including that that any class could be certified and objects to the extent the allegations relate to products other than the Pocket Power 10k.

93.     This paragraph contains legal conclusions regarding the class that Plaintiff seeks to certify and therefore no response is required.  To the extent there are any allegations of fact to which a response from Defendant is required, Defendant denies those allegations, including that that any class could be certified and objects to the extent the allegations relate to products other than the Pocket Power 10k.

94.     This paragraph contains legal conclusions regarding the class that Plaintiff seeks to certify and therefore no response is required.  To the extent there are any allegations of fact to which a response from Defendant is required, Defendant denies those allegations, including that that any class could be certified and objects to the extent the allegations relate to products other

than the Pocket Power 10k.

95.     This paragraph contains legal conclusions and therefore no response is required. To the extent there are any allegations of fact to which a response from Defendant is required, Defendant denies those allegations, including that that any class could be certified.

96.     This paragraph contains legal conclusions and therefore no response is required. To the extent there are any allegations of fact to which a response from Defendant is required, Defendant denies those allegations, including that that any class could be certified.

97.     This paragraph contains legal conclusions and therefore no response is required. To the extent there are any allegations of fact to which a response from Defendant is required, Defendant denies those allegations, including that that any class could be certified.

98.     This paragraph contains legal conclusions and therefore no response is required. To the extent there are any allegations of fact to which a response from Defendant is required, Defendant denies those allegations, including that that any class could be certified.

99.     This paragraph contains legal conclusions and therefore no response is required. To the extent there are any allegations of fact to which a response from Defendant is required, Defendant denies those allegations, including that that any class could be certified.

100.    This paragraph contains legal conclusions and therefore no response is required. To the extent there are any allegations of fact to which a response from Defendant is required, Defendant denies those allegations, including that that any class could be certified.  In addition, the Court has dismissed Plaintiff's claim for injunctive relief.

101.    This paragraph contains legal conclusions and therefore no response is required. To the extent there are any allegations of fact to which a response from Defendant is required, Defendant denies those allegations, including that that any class could be certified.  In addition, the Court has dismissed Plaintiff's claim for injunctive relief.

102.    This paragraph contains legal conclusions and therefore no response is required. To the extent there are any allegations of fact to which a response from Defendant is required, Defendant denies those allegations, including that that any class could be certified.

103.    This paragraph purports to incorporate by reference all preceding paragraphs and therefore no response is required but Defendant incorporates and restates herein its responses to those paragraphs.

104.    This paragraph contains legal conclusions and therefore no response is required. Defendant admits that it or independent retailers sold the Pocket Power 10k to some consumers in Illinois.  Defendant objects to the allegations to the extent they relate to products other than the Pocket Power 10k.

105.    This paragraph contains legal conclusions and therefore no response is required. To the extent there are any allegations of fact to which a response from Defendant is required, Defendant denies those allegations.

106.    Defendant denies the allegations in Paragraph 106.

107.    Defendant denies the allegations in Paragraph 107.

108.    Defendant denies the allegations in Paragraph 108.

109.    Defendant denies the allegations in Paragraph 109.

110.    Defendant denies the allegations in Paragraph 110 and objects to the extent the allegations relate to products other than the Pocket Power 10k.

111.    Defendant denies the allegations in Paragraph 111 and objects to the extent the allegations relate to products other than the Pocket Power 10k.

112.    Defendant denies the allegations in Paragraph 112 and objects to the extent the allegations relate to products other than the Pocket Power 10k.

113.    This paragraph contains legal conclusions and therefore no response is required. To the extent there are any allegations of fact to which a response from Defendant is required, Defendant denies those allegations.

114.    This paragraph contains legal conclusions and therefore no response is required. To the extent there are any allegations of fact to which a response from Defendant is required, Defendant denies those allegations.

115.    This paragraph contains legal conclusions and therefore no response is required.

To the extent there are any allegations of fact to which a response from Defendant is required, Defendant denies those allegations.

116.     This paragraph purports to incorporate by reference paragraphs 1-102 of the Complaint and therefore no response is required but Defendant incorporates and restates herein its responses to those paragraphs.

117.     Defendant admits that it or independent retailers have sold the Pocket Power 10k to some consumers.  Defendant denies the remaining allegations and that any class should be certified in this action.

118.     This paragraph contains legal conclusions and therefore no response is required. To the extent there are any allegations of fact to which a response from Defendant is required, Defendant denies those allegations and objects to the extent they relate to products other than the Pocket Power 10k.

119.     Defendant denies the allegations in Paragraph 119 and objects to the extent they relate to products other than the Pocket Power 10k.

120.     Defendant denies the allegations in Paragraph 120 and objects to the extent they relate to products other than the Pocket Power 10k.

121.     Defendant denies the allegations in Paragraph 121 and objects to the extent they relate to products other than the Pocket Power 10k.

122.     This paragraph contains legal conclusions and therefore no response is required. To the extent there are any allegations of fact to which a response from Defendant is required, Defendant denies those allegations and objects to the extent they relate to products other than the Pocket Power 10k.

123.     Defendant denies the allegations in Paragraph 123 and objects to the extent they relate to products other than the Pocket Power 10k.

124.     This paragraph contains legal conclusions and therefore no response is required. To the extent there are any allegations of fact to which a response from Defendant is required, Defendant denies those allegations and objects to the extent they relate to products other than the

Pocket Power 10k.

125.    Defendant denies the allegations in Paragraph 125 and objects to the extent they relate to products other than the Pocket Power 10k.

126.    Defendant denies the allegations in Paragraph 126 and objects to the extent they relate to products other than the Pocket Power 10k.

127.    Defendant admits that Plaintiff purports to seek relief on his Complaint. Defendant denies that Plaintiff is entitled to any such relief.

128.    This paragraph purports to incorporate by reference paragraphs 1-102 of the Complaint and therefore no response is required but Defendant incorporates and restates herein its responses to those paragraphs.

129.    Defendant admits that Plaintiff purports to bring claims under multiple state laws. Defendant denies that any such claims have merit.

130.    Defendant admits that Plaintiff purports to bring claims under multiple state laws. Defendant denies that any such claims have merit.

131.    Defendant denies the allegations in Paragraph 131 and objects to the extent they relate to products other than the Pocket Power 10k.

132.    Defendant admits that it or independent retailers sold some Pocket Power 10k in states included as part of Plaintiff's alleged multi-state class.

133.    This paragraph contains legal conclusions and therefore no response is required. To the extent there are any allegations of fact to which a response from Defendant is required, Defendant denies those allegations.

134.    Defendant denies the allegations in Paragraph 134.

135.    Defendant denies the allegations in Paragraph 135.

136.    Defendant denies the allegations in Paragraph 136.

137.    Defendant denies the allegations in Paragraph 137.

138.    Defendant denies the allegations in Paragraph 138 and objects to the extent the allegations relate to products other than the Pocket Power 10k.

139.    Defendant denies the allegations in Paragraph 139 and objects to the extent the allegations relate to products other than the Pocket Power 10k.

140.    Defendant denies the allegations in Paragraph 140 and objects to the extent the allegations relate to products other than the Pocket Power 10k.

141.    Defendant denies the allegations in Paragraph 141 and objects to the extent the allegations relate to products other than the Pocket Power 10k.

142.    Defendant denies the allegations in Paragraph 142 and objects to the extent the allegations relate to products other than the Pocket Power 10k.

143.    This paragraph contains legal conclusions and therefore no response is required. To the extent there are any allegations of fact to which a response from Defendant is required, Defendant denies those allegations.

144.    Defendant admits that Plaintiff purports to seek relief on his Complaint. Defendant denies that Plaintiff is entitled to any such relief.

145.    This paragraph purports to incorporate by reference paragraphs 1-102 of the Complaint and therefore no response is required but Defendant incorporates and restates herein its responses to those paragraphs.

146.    Defendant admits that Plaintiff purports to bring claims under multiple state laws. Defendant denies that any such claims have merit.

147.    Defendant admits that Plaintiff purports to bring claims under multiple state laws. Defendant denies that any such claims have merit.

148.    Defendant admits that it or independent retailers sold some Pocket Power 10k in Florida, Massachusetts, Missouri, New Jersey, New York, North Carolina, Ohio, Washington, and Wisconsin and that the Pocket Power 10k is a good.

149.    This paragraph contains legal conclusions and therefore no response is required. To the extent there are any allegations of fact to which a response from Defendant is required, Defendant denies those allegations and objects to the extent they relate to products other than the Pocket Power 10k.

150.    Defendant denies the allegations in Paragraph 150 and objects to the extent they relate to products other than the Pocket Power 10k.

151.    Defendant denies the allegations in Paragraph 151 and objects to the extent they relate to products other than the Pocket Power 10k.

152.    Defendant denies the allegations in Paragraph 152 and objects to the extent they relate to products other than the Pocket Power 10k.

153.    This paragraph contains legal conclusions and therefore no response is required. To the extent there are any allegations of fact to which a response from Defendant is required, Defendant denies those allegations and objects to the extent they relate to products other than the Pocket Power 10k.

154.    Defendant denies the allegations in Paragraph 154 and objects to the extent they relate to products other than the Pocket Power 10k.

155.    This paragraph contains legal conclusions and therefore no response is required. To the extent there are any allegations of fact to which a response from Defendant is required, Defendant denies those allegations and objects to the extent they relate to products other than the Pocket Power 10k.

156.    Defendant denies the allegations in Paragraph 156 and objects to the extent they relate to products other than the Pocket Power 10k.

157.    Defendant denies the allegations in Paragraph 157 and objects to the extent they relate to products other than the Pocket Power 10k.

158.    Defendant admits that Plaintiff purports to seek relief on his Complaint. Defendant denies that Plaintiff is entitled to any such relief.

159.    This paragraph purports to incorporate by reference paragraphs 1-102 of the Complaint and therefore no response is required but Defendant incorporates and restates herein its responses to those paragraphs.

160.    Defendant admits that Plaintiff purports to bring claims under multiple state laws. Defendant denies that any such claims have merit.

161.    Defendant admits that Plaintiff purports to bring claims in the alternative. Defendant denies that any such claim has merit.

162.    Defendant denies the allegations in Paragraph 162 and objects to the extent they relate to products other than the Pocket Power 10k.

163.    Defendant denies the allegations in Paragraph 163 and objects to the extent they relate to products other than the Pocket Power 10k.

164.    Defendant denies the allegations in Paragraph 164 and objects to the extent they relate to products other than the Pocket Power 10k.

165.    Defendant denies the allegations in Paragraph 165 and objects to the extent they relate to products other than the Pocket Power 10k.

166.    Defendant denies the allegations in Paragraph 166 and objects to the extent they relate to products other than the Pocket Power 10k.

167.    This paragraph contains legal conclusions and therefore no response is required. To the extent there are any allegations of fact to which a response from Defendant is required, Defendant denies those allegations and objects to the extent they relate to products other than the Pocket Power 10k.

168.    Defendant denies the allegations in Paragraph 168 and objects to the extent they relate to products other than the Pocket Power 10k.

169.    Defendant denies the allegations in Paragraph 169 and objects to the extent they relate to products other than the Pocket Power 10k.

170.    Defendant denies the allegations in Paragraph 170 and objects to the extent they relate to products other than the Pocket Power 10k.

171.    Defendant admits that Plaintiff purports to seek relief on his Complaint. Defendant denies that Plaintiff is entitled to any such relief.

## <u>Plaintiff's Prayer For Relief</u>

Defendant denies the propriety of each and every request or prayer for relief, including subsections a-i. Defendant requests that the Court deny the requested relief. Defendant further

requests its reasonable costs and expenses incurred in this action, including counsel fees and expert fees.

### Demand for Jury Trial

Defendant demands a jury trial on all issues so triable.

### Affirmative Defenses

Without admitting any wrongful conduct, and without admitting that Plaintiff or the members of the putative class have suffered any loss, damage, or injury, Defendant alleges the following affirmative and/or other defenses to the allegations set forth in the Complaint. By designating the following defenses, Defendant does not in any way waive or limit any defenses raised by the denials, allegations, and averments set forth elsewhere in this Answer. Defendant also does not, by alleging any such defenses, assume the burden of proof for any issue as to which applicable law places the burden upon Plaintiff. These defenses are pleaded in the alternative, are raised to preserve Defendant's right to assert such defenses, and are without prejudice to Defendant's ability to raise other and further defenses.

### First Defense

### (Failure to State a Claim for Relief)

Plaintiff's claims for relief are barred, in whole or in part, because he fails to state a claim against Defendant upon which relief may be granted.

### Second Defense

### (Standing)

The Complaint, and each and every cause of action contained therein, is barred, in whole or in part, because some or all of the putative class members do not have standing to bring the causes of action alleged in the Complaint under Article III or other applicable statutes or common law.

### Third Defense

### (No False Statement)

Defendant is not liable on the claims alleged in the Complaint because no actionable

false or misleading statements or omissions were made by or can be attributed to Defendant.

### Fourth Defense

**(Unjust Enrichment)**

Plaintiff's claims for relief are barred, in whole or in part, because Plaintiff would be unjustly enriched if he were granted the relief sought.

### Fifth Defense

**(Estoppel)**

Plaintiff's claims for relief are barred, in whole or in part, under equitable doctrines, including, without limitation, estoppel.

### Sixth Defense

**(Failure to Use Due Care)**

Plaintiff's claims for relief are barred, in whole or in part, under equitable doctrines, including, without limitation, the failure to use due care.

### Seventh Defense

**(Waiver)**

Plaintiff's claims for relief are barred, in whole or in part, because Plaintiff, by acts, omissions and/or conduct, have waived, in whole or in part, his right to obtain relief sought in the Complaint.

### Eighth Defense

**(Good Faith)**

Plaintiff's claims for relief are barred, in whole or in part, because at all times mentioned in the Complaint and with respect to all matters contained therein, Defendant acted in good faith and exercised reasonable care and diligence and did not know, and in the exercise of reasonable care could not have known, of any alleged misconduct, untruth, omission, or any other action in the Complaint that allegedly give rise to liability.

## Ninth Defense

### (Actual or Constructive Knowledge)

Plaintiff's claims for relief are barred, in whole or in part, because Defendant is not liable to Plaintiff for any claims based on alleged misrepresentations or omissions for which Plaintiff and/or their agents had, in whole or part, actual or constructive knowledge.

## Tenth Defense

### (No Reasonable Reliance)

Plaintiff's claims for relief are barred, in whole or in part, because at all relevant times Plaintiff and/or their purported agents did not reasonably rely on any material misrepresentations or omissions in purchasing Defendant products.

## Eleventh Defense

### (No Loss)

Plaintiff's claims for relief are barred, in whole or in part, because Plaintiff cannot show loss or damages.

## Twelfth Defense

### (No Causation of Damages)

Plaintiff's claims for relief are barred, in whole or in part, because Defendant did not directly or proximately cause or contribute to any alleged damage, loss, or injury sustained by Plaintiff.

## Thirteenth Defense

### (No Punitive Damages)

The Complaint is barred, in whole or in part, because Plaintiff has failed to state a claim against Defendant that would allow for an award of punitive damages, because no act or omission by Defendant was malicious, willful, wanton, reckless, or grossly negligent. Further, an award of punitive damages, if granted, would violate Defendant's state and federal constitutional rights.

## Fourteenth Defense

### (Conduct of Third Parties)

Defendant is not liable for the claims alleged in the Complaint because Plaintiff's harms, if any, resulted from the acts or omissions of third parties over whom Defendant had no control. The acts of such third parties constitute intervening or superseding causes of the losses, if any, suffered by Plaintiff, thereby barring such claims for loss or requiring reduction in the amount of damages to the degree to which they were the result of such intervening or superseding causes.

## Fifteenth Defense

### (Speculative Damages)

The claims alleged in the Complaint are barred, in whole or in part, because the damages allegedly sustained by Plaintiff and members of the putative class are speculative.

## Sixteenth Defense

### (No Equitable Remedies)

Any claim for equitable relief, including any claim for injunctive relief, is barred because Plaintiff and members of the putative class have an adequate remedy at law.

## Seventeenth Defense

### (No Costs or Expenses)

Plaintiff and members of the putative class are not entitled to recover the costs and expenses of this litigation, including attorneys' fees, accountants' fees, experts' fees, and other costs and disbursements.

## Eighteenth Defense

### (Failure to Mitigate Damages)

Any damage, loss, or liability sustained by Plaintiff (which Defendant denies) must be reduced, diminished, and/or barred in proportion to Plaintiff's failure to mitigate, reduce, or otherwise avoid any alleged damages.

## **Nineteenth Defense**

### **(Duplicative Recovery)**

Any damage, loss, or liability sustained by Plaintiff (which Defendant denies) must be reduced, diminished and/or barred to the extent Plaintiff seeks an overlapping or duplicative recovery pursuant to the various claims against Defendant.

## **Twentieth Defense**

### **(Improper Class Action)**

Pursuant to Federal Rule of Civil Procedure 23, this action may not properly be maintained as a class action, for reasons including but not limited to the fact that Plaintiff's claims include questions of law and fact that are not common to the class.

## **Twenty-First Defense**

### **(Truth)**

Plaintiff cannot recover because the references to mAh on the Pocket Power 10K were true.

## **Twenty-Second Defense**

### **(No Warranty)**

The references to mAh on the Pocket Power 10K did not create a warranty on what would be delivered to a portable electronic device.

## **Twenty-Third Defense**

### **(Dismissed Claims)**

The claims alleged by Plaintiff are barred, in whole or in part, to the extent the claims were dismissed by the Court in its March 7, 2024 order granting in part and denying in part Defendant's motion to dismiss the Complaint. (Dkt. No. 145).

## **Twenty-Fourth Defense**

### **(Pre-Judgment Interest)**

Defendant denies that Plaintiff is entitled to pre-judgment interest.

### Twenty-Fifth Defense

### (Statute of Limitations)

Plaintiff's claims for relief are barred, in whole or in part, by the applicable statutes of limitation, including 815 ILCS 505/10a(e) and related statutes in other states, as appropriate.

### Twenty-Sixth Defense

### (Statutes of Repose)

Plaintiff's claims for relief are barred, in whole or in part, by the applicable statutes of repose.

### Twenty-Seventh Defense

### (Doctrine of Laches)

Plaintiff's claims for relief are barred, in whole or in part, by the doctrine of laches.

### Twenty-Eighth Defense

### (Additional Defenses, Cross-Claims and Third-Party Claims)

Defendant hereby reserves and reasserts all affirmative defenses available under any applicable federal and/or state law. Defendant reserves the right to assert and pursue any additional defenses, cross-claims, and third-party claims not asserted herein of which it may become aware through discovery or other investigation.

### Prayer for Relief

WHEREFORE, Defendant prays that this Court:

1.      Dismiss with prejudice all claims asserted against it;

2.      Enter judgment against Plaintiff and in favor of Defendant on the Complaint;

3.      Award the costs of defending this action, including such reasonable attorneys' fees, costs, and disbursements as may by authorized by applicable law; and

4.      Grant such other and further relief as this Court may deem just and proper.

24

Dated:  March 21, 2025                    Respectfully submitted,


/s/ Michael T. Boardman
Edward Totino (admitted *pro hac vice*)
Nancy Nguyen Sims (admitted *pro hac vice*)
Michael T. Boardman (admitted *pro hac vice*)
BAKER & MCKENZIE LLP
10250 Constellation Blvd., Ste. 1850
Los Angeles, CA 90067
Telephone: (310) 210-4725
edward.totino@bakermckenzie.com
nancy.sims@bakermckenzie.com
michael.boardman@bakermckenzie.com

Laura A. Kelly
BAKER & MCKENZIE LLP
300 East Randolph Street, Suite 5000
Chicago, IL 60601
Telephone: (312) 861-8000
laura.kelly@bakermckenzie.com

*Counsel for Defendant Belkin International, Inc.*