UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **DENNIS GROMOV,** individually and on behalf of all others similarly situated, | Case No. 1:22-cv-6918 |
| Plaintiff, | |
| v. | Judge Valderrama |
| **BELKIN INTERNATIONAL, INC.**, | Magistrate Judge Fuentes |
| Defendant. | |

**GROMOV'S MOTION TO CERTIFY
THE COURT'S ORDER ON MOTION TO DISMISS
FOR INTERLOCUTORY APPEAL**

Plaintiff Gromov now moves for certification of the Court's order on motion to dismiss, ECF No. 145, for interlocutory appeal. The issue Gromov would seek to appeal is the standing question, whether Gromov has Article III standing to pursue class claims on behalf of purchasers of models other than his exact model. In its order, the Court determined that he lacks that standing, and dismissed approximately 99% of the members of the proposed class, leaving only purchasers of Gromov's exact model to be eligible to be class members. With all respect to the Court, Gromov believes that decision to have been erroneous and would seek leave to appeal now.

Certification of this order for interlocutory review would permit the Court of Appeals to finally provide appellate guidance on a question it has never ruled on. As the Court has acknowledged, there is a substantial difference of opinion among the Judges of this Court as to whether a product purchaser like Gromov has standing to represent purchasers of other slightly different, but "substantially similar," products made by the same company. This case provides a

1

unique vehicle for certification in that the action is nearly fully litigated, both parties are deeply invested in their positions, and the factual record is developed. The number of persons affected by the order is substantial—well over a million. An appeal now would benefit the interests of justice.

Certification of this order meets all of the requirements of 28 U.S.C. § 1292(b). And if the Seventh Circuit agrees to hear the appeal, that would provide guidance on an important issue to all class-action litigants in this busy forum.

## I. Factual and procedural history

This action was filed in 2023, alleging statutory and common-law claims sounding in warranty and consumer fraud. Gromov alleged that he was the purchaser of a Belkin Pocket Power 10K model, and that Belkin misled him with a false value for the model's capacity to charge devices. Specifically, he alleged that the 10,000 milliAmpere-hour (mAh) representation referred to the power bank's internal battery cell only, and not to the actual power that the power bank can deliver. At this stage in the litigation, the Court has upheld these claims on motion to dismiss, following the decision of another Judge of this Court in *Geske v. PNY*.

Gromov also asserted that there is a class of similarly situated purchasers of this model—and dozens of others—such that class action treatment is warranted. Gromov asserted that all purchasers of all Belkin power banks have been deceived in the same way, because Belkin labels and markets all of them in the same misleading way. Gromov alleged that all Belkin models are "substantially similar" for class treatment purposes.

Gromov conducted discovery later, which bore out that he is correct. While the discovery is not part of the motion to dismiss record, it revealed that *all* Belkin model names incorporate a

mAh representation in the name, and that that representation always means the battery cell capacity (not the product's output capacity). There are dozens of Belkin power banks marketed in this way, including the Pocket Power 5K and 15K models, which were developed at the same time as, by same employees as, and in the same offices and factories as the Pocket Power 10K. Discovery also revealed dozens of consumer complaints, and complaints from retailers, to Belkin regarding the misleading mAh figures.

Belkin moved to dismiss the complaint. (ECF No. 22.) As relevant here, Belkin argued that Gromov lacked the Article III standing necessary to pursue claims for anyone other than purchasers of the specific model he bought: the Pocket Power 10K. This argument includes models as similar as the Pocket Power 5K and 15K, as well as newer models with different functionality. Belkin's argument expressly contemplated the dismissal of claims for all of its other models, even though the misleading mAh number appears on all of them.

In determining Belkin's motion to dismiss, the Court acknowledged that there is a difference of opinion among Judges in this District—including a difference of opinion with Judge Seeger, the author of *Geske v. PNY*—on the "substantial similarity" standing question. Ultimately, the Court followed its own precedent, and granted this aspect of Belkin's motion. In doing so, the Court dismissed the bulk of Gromov's class claims—approximately 99% of the putative class.

In 2024, in other litigation where the plaintiff and Belkin are represented by the same lawyers as here, and where the claims are highly similar, a California state court applying California procedural law certified a class of purchasers that includes all the models the Court dismissed.

3

## II. Legal standard

Section 1292(b) of the Judicial Code grants the Court of Appeals jurisdiction to hear interlocutory appeals from orders where the District Judge has found "a controlling question of law as to which there is substantial ground for difference of opinion," and finds that "an immediate appeal from the order may materially advance the ultimate termination of the litigation." As the Seventh Circuit has reformulated the statute, "there must be a question of *law*, it must be *controlling*, it must be *contestable*, and its resolution must promise to *speed up* the litigation." *Ahrenholz v. Bd. of Trustees of Univ. of Illinois*, 219 F.3d 674, 675 (7th Cir. 2000) (emphasis in original).

The purpose of Section 1292(b) is to prevent wasted activity in the District Courts, where an answer from the Court of Appeals would materially aid resolution of an important question. One traditional goal of Section 1292(b) is the reduction of the "total burden" of litigation on parties. Wright & Miller, 16 Fed. Prac. & Proc. § 3930 (3d ed.). But Section 1292(b) also "might serve the additional purposes of avoiding hardship that does not result from the length of the proceedings alone, or of providing a vehicle for appellate review of issues that characteristically evade review on appeal from a final judgment." This case, with its fully-developed factual record, is such a vehicle, particularly in light of the absence of Seventh Circuit guidance.

## III. Argument

### A. The Court's decision presents a controlling question of law.

Indisputably, the Court's decision on standing presented a controlling question of law. Article III standing is "one of the clearest examples of a controlling question of law." *Beazer East, Inc. v. The Mead Corp.*, No. 91-cv-408, 2006 U.S. Dist. LEXIS 74743, at *2 (W.D. Pa. Oct. 12,

2006). Without standing, Gromov cannot represent the other 99% of the class that did not purchase a Pocket Power 10K—even purchasers of the almost-identical Pocket Power 5K and 10K models.

The Court's decision that Gromov lacks standing to proceed with this class action as drawn is plainly controlling, and this element of Section 1292(b) is met.

### B. There are grounds for a substantial difference of opinion on that question of law.

As the Court wrote, "[c]ourts in this district are yet again split as to whether the issue . . . is one of Rule 23 class certification or one of standing." (MTD Order at 20.) Our District embraces no uniform clear position on the issue, and that is because the Seventh Circuit has not weighed in on the question either. (As the Court wrote, "the Court is unaware of [] existing Seventh Circuit law directly on point." *Id.* at 20–21.) The fact that the Judges of this District are divided is good evidence that there are ample grounds for a difference of opinion.

Courts in other Circuits also would have decided the question at issue differently from this Court. *E.g.*, *Kandel v. Dr. Dennis Gross Skincare, LLC*, 721 F. Supp. 3d 291, 307–08 (S.D.N.Y. 2024) ("class action plaintiffs may bring claims for products they did not purchase themselves so long as . . . they are substantially similar to the products the plaintiff did purchase"); *In re Hard Disk Drive Litig.*, No. 19-md-2918, 2021 WL 4306018, at *4–6 (N.D. Cal. Sept. 22, 2021). Some of those courts which would side with Gromov did so even as they acknowledged division among decisions of their own Districts. *E.g.*, *Helems v. Nutrabio Labs., Inc.*, No. 3:22-cv-870, 2023 WL 2731726, at *2–3 (S.D. Cal. Jan. 11, 2023). Where courts find that named plaintiffs have standing, "substantial similarity" or a similar label is the factor analyzed to determine whom they may represent, and it is used later—at the Rule 23 stage.

5

All of these cases are attempting to apply uniform federal law: Article III and Rule 23. So the fact that they have come out differently is a good basis to conclude that there are substantial grounds for a difference of opinion on this question of law. This element of Section 1292(b) is met.

### C. Resolution of this question of law would materially advance the termination of this litigation.

The third element to establish is whether answering this question would materially advance the termination of this litigation. Or as the Seventh Circuit put it, this element is met if answering the question at issue will "*speed up* the litigation." *Ahrenholz,* 219 F.3d at 675.

This element is probably the closest call of the three. And an argument can be made that a side trip to the Seventh Circuit would only delay the date on which this lawsuit is finally over. But here is why that is incorrect:

This action is now much smaller than it appeared a few months ago. But unless there is a settlement, Gromov will have to push forward with litigating it regardless. That's because he is invested in the outcome of this litigation, and after having dedicated years of work and hundreds of thousands of dollars prosecuting his claims, he does not intend to walk away from that sunk cost.

It is worth considering what is likely to happen if the Court's order is *not* reviewed on an interlocutory basis. First, this case is a natural one for class treatment, so Gromov believes the Court will ultimately certify a class of purchasers, even if it's one much smaller than the one Gromov sought. The Court would ultimately hold a trial on this much smaller class. Both sides would put on a full evidentiary presentation to the jury, which would not be materially streamlined despite the much smaller class scope.

6

Then, regardless of the outcome of that trial, Gromov would seek an appeal, and would seek reversal of the motion-to-dismiss order in question. If successful at the Seventh Circuit, the Court would see this case again, and would likely have to hold a second trial on the full class as originally plead. All this can be expected to take several years.

Whereas, if the Court *does* certify its order for interlocutory appeal, Gromov would pursue that avenue first. Hopefully, the Seventh Circuit would finally weigh in on this important, controlling question of law (incidentally benefiting litigants around the Circuit). No matter the outcome, the Court would likely have to hold only one trial, not two.

In fact, the Court might not have to hold a trial at all. Gromov can candidly state that if the Court of Appeals affirms—on an interlocutory basis—this Court's order dismissing 99% of the class claims, Gromov would take a serious look at whether to pursue this litigation further. That would be a decision made in light of the dramatically smaller potential outcome. An appellate answer today would give Gromov the guidance necessary to determine whether to proceed or not. Without that answer, as stated above, Gromov will *have* to proceed; too much has been invested in the prosecution of this action.

### IV. Conclusion

Gromov respectfully suggests that the elements of Section 1292(b) are met and that therefore the Court should certify its decision for interlocutory appeal to the Court of Appeals.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Date: March 31, 2025 | /s/ William F. Cash III |

William F. Cash III (Ill. Bar No. 6330856)
bcash@levinlaw.com
Matthew D. Schultz (*pro hac vice*)
mschultz@levinlaw.com
**LEVIN, PAPANTONIO, PROCTOR, BUCHANAN, O'BRIEN, BARR & MOUGEY, P.A.**
316 South Baylen Street, Suite 600
Pensacola, FL 32502
Phone: 850-435-7059

Seyed Abbas Kazerounian (Ill. Bar No. 6316129)
ak@kazlg.com
**KAZEROUNI LAW GROUP, APC**
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Phone: 800-400-6808

Jason A. Ibey (Bar. No. 16691)
jason@kazlg.com
**KAZEROUNI LAW GROUP, APC**
321 N. Mall Drive, Suite R108
St. George, Utah 84790
Phone: 800-400-6808

D. Greg Blankinship (*pro hac vice*)
gblankinship@fbfglaw.com
Bradley F. Silverman (*pro hac vice*)
bsilverman@fbfglaw.com
**FINKELSTEIN, BLANKINSHIP, FREI-PEARSON & GARBER, LLP**
1 North Broadway, Suite 900
White Plains, NY 10601
Phone: 914-298-3290

*Attorneys for Plaintiff Dennis Gromov*